| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| <u>Eastern</u>  District of <u>Missouri</u><br>(State) |
| Case number (*If known*): _____  Chapter <u>11</u> |

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy       06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**

   23andMe Holding Co.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   VG Acquisition Corp.

3. **Debtor's federal Employer Identification Number** (EIN)

   8 7 - 1 2 4 0 3 4 4

4. **Debtor's address**

   **Principal place of business**

   870 Market Street, Room 415
   Number    Street

   _____

   San Francisco,    CA    94102
   City              State    ZIP Code

   San Francisco County
   County

   **Mailing address, if different from principal place of business**

   _____
   Number    Street

   _____
   P.O. Box

   _____
   City              State    ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number    Street

   _____

   _____
   City              State    ZIP Code

5. **Debtor's website** (URL)    https://www.23andme.com/

Debtor ___23andMe Holding Co._____     Case number (*if known*)_____
          Name

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

7. **Describe debtor's business**

    A. *Check one:*

    ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

    ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

    ☐ Railroad (as defined in 11 U.S.C. § 101(44))

    ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

    ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

    ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

    ☒ None of the above

    B. *Check all that apply:*

    ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

    ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

    ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

    C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

    _6_ _2_ _1_ _5_

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

    *Check one:*

    ☐ Chapter 7

    ☐ Chapter 9

    ☒ Chapter 11. *Check **all** that apply*:

        ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

        ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

        ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

        ☐ A plan is being filed with this petition.

        ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

        ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

        ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

    ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

    If more than 2 cases, attach a separate list.

    ☒ No

    ☐ Yes.   District _____   When _____   Case number _____
                                                                 MM / DD / YYYY

                   District _____   When _____   Case number _____
                                                                 MM / DD / YYYY

Official Form 201                               Voluntary Petition for Non-Individuals Filing for Bankruptcy                        page **2**

Debtor  23andMe Holding Co.
        Name                                                      Case number (if known)

---

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No
    ☒ Yes.   Debtor   See Schedule 1                   Relationship   Affiliate
             District  Eastern District of Missouri    When   _____
             Case number, if known  _____              MM / DD / YYYY

11. **Why is the case filed in *this district*?**

    Check all that apply:

    ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                              Number    Street
                              _____
                              _____    ____  _____
                              City                              State ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes. Insurance agency  _____
           Contact name      _____
           Phone             _____

---

### Statistical and administrative information

13. **Debtor's estimation of available funds**

    Check one:
    ☒ Funds will be available for distribution to unsecured creditors.
    ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

14. **Estimated number of creditors**[1]

    ☐ 1-49            ☐ 1,000-5,000       ☐ 25,001-50,000
    ☐ 50-99           ☐ 5,001-10,000      ☐ 50,001-100,000
    ☐ 100-199         ☐ 10,001-25,000     ☒ More than 100,000
    ☐ 200-999

---

[1] The Debtors' Estimated Number of Creditors is provided on a consolidated basis.

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 3

Debtor __23andMe Holding Co._____   Case number (if known)_____
         Name

| | | | |
|---|---|---|---|
| **15. Estimated assets**[2] | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities**[3] | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __03/23/2025__
              MM / DD / YYYY

✖ _/s/ Matthew E. Kvarda_____     __Matthew E. Kvarda_____
Signature of authorized representative of debtor     Printed name

Title __Chief Restructuring Officer_____

**18. Signature of attorney**

✖ _/s/ Thomas H. Riske_____     Date __03/23/2025__
Signature of attorney for debtor                              MM / DD / YYYY

Thomas H. Riske
Printed name

Carmody MacDonald P.C.
Firm name

120 S. Central Avenue, Suite 1800
Number     Street

St. Louis                                   MO        63105
City                                        State     ZIP Code

(314) 854-8600                              thr@carmodymacdonald.com
Contact phone                               Email address

61838                                       MO
Bar number                                  State

---

[2] The Debtors' estimated assets are provided on a consolidated basis.
[3] The Debtors' estimated liabilities are provided on a consolidated basis.

Official Form 201         Voluntary Petition for Non-Individuals Filing for Bankruptcy         page **4**

**Schedule 1**

**Affiliated Entities**

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, §§ 101 *et seq*. in the United States Bankruptcy Court for the Eastern District of Missouri. The Debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| | DEBTOR NAME | EIN NUMBER |
|---|---|---|
| 1. | 23andMe Holding Co. | 87-1240344 |
| 2. | 23andMe, Inc. | 20-4857371 |
| 3. | 23andMe Pharmacy Holdings, Inc. | 93-3084690 |
| 4. | Lemonaid Community Pharmacy, Inc. | 85-1117330 |
| 5. | Lemonaid Health, Inc. | 87-4006739 |
| 6. | Lemonaid Pharmacy Holdings Inc. | 87-1286500 |
| 7. | LPharm CS LLC | 87-1381125 |
| 8. | LPharm INS LLC | 87-1429800 |
| 9. | LPharm RX LLC | 87-1397746 |
| 10. | LPRXOne LLC | 87-1453447 |
| 11. | LPRXThree LLC | 87-1483852 |
| 12. | LPRXTwo LLC | 87-1471595 |

Official Form 201A (12/15)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In re:

23ANDME HOLDING CO., *et al.*,

    Debtor.

Chapter 11

Case No.: 25-_____

# Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is  0001804591  .

2. The following financial data is the latest available information and refers to the debtor's condition on December 31, 2024  .

    a. Total assets      $ 277,422,000.00

    b. Total debts (including debts listed in 2.c., below)      $ 214,702,000.00

    c. Debt securities held by more than 500 holders

| | | | | Approximate number of holders: |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |

    d. Number of shares of preferred stock

    e. Number of shares common stock[1]

                                                                                              e.1. 20,340,344 (Class A)

                                                                                              e.2. 7,099,035 (Class B)

Comments, if any: _____

3. Brief description of debtor's business:  The debtor is a genomics and biotechnology company that provides direct-to-consumer DNA testing and telehealth services.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
(i) ABeeC 2.0, LLC / Anne Wojcicki; (ii) GSK plc; and (iii) Zentree Investments Limited.

---

[1] The number of shares of common stock reflects the Debtor's outstanding common stock as of March 14, 2025.

Official Form 201A      Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>23ANDME HOLDING CO.,<br><br>Debtor. | Chapter 11<br><br>Case No.: 25-_____ |

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to rule 1007(a) of the Federal Rules of Bankruptcy Procedure, the debtor respectfully represents that the below chart identifies the holders of the debtor's equity interests and sets forth the nature and percentage of such interests held as of the filing of the debtor's chapter 11 petition:

| Equity Holders | Percentage of Equity Held[1] | Mailing Address of Equity Holder |
|---|---|---|
| ABeeC 2.0, LLC / Anne Wojcicki | 18.66% | 71 Main Street, Suite 259<br>Los Altos, CA 94022 |
| Zentree Investments Limited | 9.6% | 18 Robinson Road<br>Level 15-01<br>Singapore 048547 |
| GSK plc | 7.23% | 980 Great West Road<br>Brentford, Middlesex, TW8 9GS<br>United Kingdom |

---

[1] This list reflects holders of five percent or more of the debtor's common stock. The debtor does not and cannot know the precise holdings or identity of the holders of its publicly held common stock. Thus, by separate motion filed contemporaneously herewith, the debtors are requesting a waiver of the requirement under rule 1007 to file a list of all its equity security holders.

Fill in this information to identify the case:
Debtor name:  23andMe Holding Co.
United States Bankruptcy Court for the: Eastern District of Missouri
Case number (If known): _____

¨ Check if this is an amended filing

Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | NGI LABCORP (NATIONAL GENETICS INSTITUTE)<br>2440 S SEPULVEDA BLVD<br>SUITE 100<br>LOS ANGELES, CA 90064<br>UNITED STATES | ADAM SCHECHTER<br>CEO<br>EMAIL - SCHECHA@LABCORP.COM<br>PHONE - (800) 343-4407 | TRADE CLAIM | | | | $ 1,193,437 |
| 2 | JELLYFISH US LIMITED<br>1201 WILLS ST., SUITE 600<br>BALTIMORE, MD 21231<br>UNITED STATES | NICK EMERY<br>CEO<br>EMAIL - NICK.EMERY@JELLYFISH.COM<br>PHONE - +44 20 3970 0248 | TRADE CLAIM | | | | $ 382,544 |
| 3 | BLUE SHIELD OF CALIFORNIA<br>PO BOX 749415<br>LOS ANGELES, CA 90074-9415<br>UNITED STATES | LOIS QUAM<br>CEO<br>PHONE - (844) 831-4133 | TRADE CLAIM | | | | $ 339,925 |
| 4 | KAISER FOUNDATION HEALTH PLAN NORTHERN CA<br>FILE 5915<br>LOS ANGELES, CA 90074-5915<br>UNITED STATES | DREW ALTMAN<br>PRESIDENT & CEO<br>EMAIL - DALTMAN@KFF.ORG<br>PHONE - (650) 854-9400 | TRADE CLAIM | | | | $ 205,155 |
| 5 | POWER DIGITAL MARKETING, INC.<br>2251 SAN DIEGO AVENUE, SUITE A250<br>SAN DIEGO, CA 92110<br>UNITED STATES | JOHN TAUMOEPEAU<br>COO<br>EMAIL - JOHN@POWERDIGITALMARKETING.COM<br>PHONE - (503) 484-0548 | TRADE CLAIM | | | | $ 194,506 |
| 6 | ALOM TECHNOLOGIES CORPORATION<br>PO BOX 5040<br>SAN JOSE, CA 95150-5040<br>UNITED STATES | HANNAH KAIN<br>PRESIDENT & CEO<br>EMAIL - HKAIN@ALOM.COM<br>PHONE - (510) 360-3694 | TRADE CLAIM | | | | $ 183,507 |
| 7 | KATIE COURIC MEDIA, LLC<br>100 CROSBY ST<br>SUITE 301<br>NEW YORK, NY 10012<br>UNITED STATES | COURTNEY LITZ<br>EVP<br>EMAIL - COURTNEY@KATIECOURIC.COM<br>PHONE - (212) 253-9493 | TRADE CLAIM | | | | $ 175,000 |
| 8 | DATASITE LLC<br>733 S MARQUETTE AVE<br>SUITE 600<br>MINNEAPOLIS, MN 55402<br>UNITED STATES | RUSTY WILEY<br>CEO<br>EMAIL - RUSTY.WILEY@DATASITE.COM<br>PHONE - (407) 352-2732 | TRADE CLAIM | | | | $ 167,650 |
| 9 | RIGHT SIDE UP LLC<br>9901 BRODIE LANE SUITE 160, PMB 515<br>AUSTIN, TX 78748<br>UNITED STATES | TYLER ELLISTON<br>CEO<br>EMAIL - TYLER@RIGHTSIDEUP.COM<br>PHONE - (415) 882-7765 | TRADE CLAIM | | | | $ 84,645 |
| 10 | WILSON SONSINI GOODRICH & ROSATI, PROFESSIONAL CORPORATION<br>P.O.BOX 742866<br>LOS ANGELES, CA 90074-2866<br>UNITED STATES | ARIELA TANNENBAUM<br>CFO<br>EMAIL - ATANNENBAUM@WSGR.COM<br>PHONE - (650) 493-9300 | TRADE CLAIM | | | | $ 60,441 |

| # | Creditor | Contact | Claim Type | Status | | | Amount |
|---|---|---|---|---|---|---|---|
| 11 | ADVANCED CHEMICAL TRANSPORT<br>967 MABURY RD<br>SAN JOSE, CA 95133<br>UNITED STATES | WALTER SINGER<br>CEO<br>EMAIL - WSINGER@ACTENVIRO.COM<br>PHONE - (408) 548-5050 | TRADE CLAIM | | | | $ 58,149 |
| 12 | 221 N MATHILDA, LLC<br>ONE MARKET PLAZA, SPEAR TOWER, SUITE 4125<br>SAN FRANCISCO, CA 94105<br>UNITED STATES | DAVE PICKERING<br>CFO<br>EMAIL - DPICKERING@SPEARSTREETCAPITAL.COM<br>PHONE - (415) 222-7420 | CONTRACT REJECTION | CONTINGENT, UNLIQUIDATED, DISPUTED | | | UNDETERMINED |
| 13 | AGANITHA AI INC.<br>777 FIRST ST., #519<br>GILROY, CA 95020-4918<br>UNITED STATES | VIKRAM DUVVOORI<br>CEO<br>EMAIL - VIKRAMD@AGANITHA.AI<br>PHONE - (408) 523-8406 | TRADE CLAIM | UNLIQUIDATED | | | UNDETERMINED |
| 14 | ALLIED UNIVERSAL SECURITY SERVICES<br>P.O. BOX 828854<br>PHILADELPHIA, PA 19182-8854<br>UNITED STATES | TIM BRANDT<br>CFO<br>EMAIL - TIM.BRANDT@AUS.COM<br>PHONE - (949) 713-6316 | TRADE CLAIM | UNLIQUIDATED | | | UNDETERMINED |
| 15 | BRAINTREE<br>2211 NORTH FIRST STREET<br>SAN JOSE, CA 95131<br>UNITED STATES | JAMIE MILLER<br>CFO & COO<br>EMAIL - JMILLER@PAYPAL.COM<br>PHONE - (408) 967-1000 | TRADE CLAIM | UNLIQUIDATED | | | UNDETERMINED |
| 16 | CONVERGE TECHNOLOGY SOLUTIONS US, LLC<br>P.O. BOX 23623<br>NEW YORK, NY 10087-3623<br>UNITED STATES | GREG BERARD<br>CEO<br>EMAIL - GBERARD@CONVERGETP.COM<br>PHONE - (678) 250-7123 | TRADE CLAIM | UNLIQUIDATED | | | UNDETERMINED |
| 17 | COREWEAVE, INC.<br>101 EISENHOWER PARKWAY<br>SUITE 106<br>ROSELAND, NJ 07068<br>UNITED STATES | NITIN AGRAWAL<br>CFO<br>EMAIL - NITINAGRAWAL@COREWEAVE.COM<br>PHONE - (917)-373-3740 | CONTRACT REJECTION | CONTINGENT, UNLIQUIDATED, DISPUTED | | | UNDETERMINED |
| 18 | DELTA DENTAL OF CALIFORNIA<br>PO BOX 44460<br>SAN FRANCISCO, CA 94144-0460<br>UNITED STATES | SARAH CHAVARRIA<br>CEO<br>EMAIL - SCHAVARRIA@DELTA.ORG<br>PHONE - (800) 632-8555 | TRADE CLAIM | UNLIQUIDATED | | | UNDETERMINED |
| 19 | FULGENT THERAPEUTICS, LLC<br>P.O. BOX 748677<br>LOS ANGELES, CA 90074-8677<br>UNITED STATES | MING HSIEH<br>CEO<br>EMAIL - MINGHSIEH@FULGENTGENETICS.COM<br>PHONE - (503) 999-5576 | TRADE CLAIM | UNLIQUIDATED | | | UNDETERMINED |
| 20 | GOOGLE, INC. - ADWORDS<br>P.O. BOX 883654<br>LOS ANGELES, CA 90088-3654<br>UNITED STATES | SUNDAR PICHAI<br>CEO<br>EMAIL - SUNDAR@GOOGLE.COM<br>PHONE - (650) 253-0000 | TRADE CLAIM | UNLIQUIDATED | | | UNDETERMINED |
| 21 | JUICE MEDIA, INC.<br>4094 GLENCOE AVE<br>MARINA DEL REY, CA 90292<br>UNITED STATES | MARK ZAMUNER<br>CEO<br>EMAIL - MARK@JUICEMEDIA.IO<br>PHONE - (310) 439-5515 | TRADE CLAIM | UNLIQUIDATED | | | UNDETERMINED |
| 22 | KR OP TECH, LLC<br>12200 WEST OLYMPIC BLVD., SUITE 200<br>LOS ANGELES, CA 90064<br>UNITED STATES | ANGELA AMAN<br>CEO<br>EMAIL - AAMAN@KILROYREALTY.COM<br>PHONE - (415) 808-6011 | CONTRACT REJECTION | CONTINGENT, UNLIQUIDATED, DISPUTED | | | UNDETERMINED |
| 23 | LINKEDIN CORPORATION<br>62228 COLLECTIONS CENTER DRIVE<br>CHICAGO, IL 60693-0622<br>UNITED STATES | RYAN ROSLANSKY<br>CEO<br>EMAIL - RROSLANSKY@LINKEDIN.COM<br>PHONE - (866) 533-4332 | TRADE CLAIM | UNLIQUIDATED | | | UNDETERMINED |
| 24 | META PLATFORMS, INC.<br>15161 COLLECTIONS CENTER DRIVE<br>CHICAGO, IL 60693<br>UNITED STATES | MARK ZUCKERBURG<br>CEO<br>EMAIL - MARKZUCKERBURG@FB.COM<br>PHONE - (650) 543-4800 | TRADE CLAIM | UNLIQUIDATED | | | UNDETERMINED |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 25 | MOVIANTO<br>KELTENWEG 70<br>OSS,  5342 LP OSS<br>NETHERLANDS | THOMAS CREUZBERGER<br>CEO<br>EMAIL - THOMAS.CREUZBERGER@MOVIANTO.COM<br>PHONE - (31041) 240-6420 | TRADE CLAIM | UNLIQUIDATED | | | UNDETERMINED |
| 26 | MIGLIACCIO & RATHOD LLP<br>412 H ST. NE<br>WASHINGTON, DC 20002<br>UNITED STATES;<br>201 SPEAR ST<br>UNIT 1100<br>SAN FRANCISCO, CA 94105<br>UNITED STATES | NICHOLAS MIGLIACCIO, JASON RATHOD<br>EMAIL - NMIGLIACCIO@CLASSLAWDC.COM, JRATHOD@CLASSLAWDC.COM<br>PHONE - (202) 470-3510 | PIXEL LITIGATION | CONTINGENT,<br>UNLIQUIDATED,<br>DISPUTED | | | UNDETERMINED |
| 27 | SUREFOX NORTH AMERICAN<br>P.O. BOX 610028<br>DALLAS, TX 75261<br>UNITED STATES | JOSHUA SZOTT<br>CEO<br>EMAIL - JOSHUA.SZOTT@SUREFOX.COM<br>PHONE - (888) 767-7665 | TRADE CLAIM | UNLIQUIDATED | | | UNDETERMINED |
| 28 | TELUS INTERNATIONAL SERVICES LIMITED<br>VOXPRO HOUSE POINT VILLAGE EAST WALL ROAD<br>DUBLIN,  1 D01X7H6 CO.<br>IRELAND | MICHAEL RINGMAN<br>CIO<br>EMAIL - MICHAEL.RINGMAN@TELUSINTERNATIONAL.COM<br>PHONE - (604) 327-2371 | TRADE CLAIM | UNLIQUIDATED | | | UNDETERMINED |
| 29 | WOOT SERVICES LLC<br>4121 INTERNATIONAL PARKWAY<br>SUITE 900<br>CARROLLTON, TX 75007<br>UNITED STATES | KENT STEWART<br>CEO<br>EMAIL - KSTEWART@WOOT.COM<br>PHONE - (214) 445-2848 | TRADE CLAIM | UNLIQUIDATED | | | UNDETERMINED |
| 30 | WORKDAY, INC<br>P.O. BOX 886106<br>LOS ANGELES, CA 90088-6106<br>UNITED STATES | CARL ESCHENBACK<br>CEO<br>EMAIL - CARL.ESCHENBACH@WORKDAY.COM<br>PHONE - (925) 951-9522 | TRADE CLAIM | UNLIQUIDATED | | | UNDETERMINED |

**Fill in this information to identify the case and this filing:**

Debtor Name: 23andMe Holding Co.

United States Bankruptcy Court for the: Eastern District of Missouri
(State)

Case number (*If known*): _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration: List of Equity Security Holders, Corporate Ownership Statement, and List of Creditors Who Have the 30 Largest Unsecured Claims.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 03/23/2025
MM / DD / YYYY

✗ /s/ Matthew E. Kvarda
Signature of individual signing on behalf of debtor

Matthew E. Kvarda
Printed name

Chief Restructuring Officer
Position or relationship to debtor

Official Form 202    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>23ANDME HOLDING CO.,<br><br>Debtor. | Chapter 11<br><br>Case No.: 25-_____ |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the debtor's equity interests:

| Shareholder | Approximate Percentage of Shares Held[1] |
|---|---|
| ABeeC 2.0, LLC / Anne Wojcicki | 18.66% |
| Zentree Investments Limited | 9.6% |
| GSK plc | 7.23% |

---

[1] This list reflects holders of five percent or more of the debtor's common stock. The debtor does not and cannot know the precise holdings or identity of the holders of its publicly held common stock. Thus, by separate motion filed contemporaneously herewith, the debtors are requesting a waiver of the requirement under rule 1007 to file a list of all its equity security holders.

# Omnibus Resolutions of

## The Special Committee of the Board of Directors of 23andMe Holding Co.

### -and-

## the Respective Governing Bodies of the 23andMe Group Companies

### March 21, 2025

**WHEREAS**, (i) 23andMe Holding Co. (the "TopCo") is a Delaware corporation managed by a board of directors (the "TopCo Board"), (ii) each of 23andMe, Inc., Lemonaid Health, Inc., 23andMe Pharmacy Holdings, Inc., and Lemonaid Pharmacy Holdings Inc. (collectively, the "Delaware Corporations") is a Delaware corporation managed by a board of directors (collectively, the "Delaware Boards"), (iii) each of LPharm RX LLC, LPharm INS LLC, and LPharm CS LLC (collectively, the "Delaware LLCs") is a Delaware limited liability company managed by its sole manager (collectively, the "Delaware Managers"), (iv) Lemonaid Community Pharmacy, Inc. ("Lemonaid Community Pharmacy") is a Missouri corporation managed by a board of directors (the "Missouri Board"), and (v) each of LPRXOne LLC, LPRXTwo LLC, and LPRXThree LLC (collectively, the "Missouri LLCs") is a Missouri limited liability company managed by its sole manager (the "Missouri Managers");

**WHEREAS**, the TopCo, the Delaware Corporations, the Delaware LLCs, Lemonaid Community Pharmacy, and the Missouri LLCs are referred to herein collectively as the "23andMe Group Companies" and each individually as a "23andMe Group Company," and the Delaware Boards, Delaware Managers, Missouri Board, and Missouri Managers are referred to herein collectively as the "Governing Bodies" and each individually as the "Governing Body" in respect of its applicable 23andMe Group Company;

**WHEREAS**, on March 28, 2024, the TopCo Board adopted resolutions (the "Special Committee Resolutions") establishing a special committee of the TopCo Board (the "Special Committee") and designating three independent and disinterested directors of the TopCo Board to serve as the members of the Special Committee (the "Initial Special Committee Members");

**WHEREAS**, on September 17, 2024, all of the non-employee directors of the TopCo Board, including the Initial Special Committee Members, resigned from the TopCo Board;

**WHEREAS**, on October 28, 2024, each of Andre Fernandez, Jim Frankola, and Mark Jensen were appointed as independent directors of the TopCo Board;

**WHEREAS**, on November 2, 2024, the TopCo Board adopted resolutions designating each of Andre Fernandez, Jim Frankola, and Mark Jensen as members of the Special Committee and confirming that the Special Committee has and shall continue to have the authority, duties, and power delegated to it in the Special Committee Resolutions;

**WHEREAS**, pursuant to the TopCo Board's Resolutions, dated March 7, 2025 (the "March Resolutions"), the TopCo Board delegated to the Special Committee, to the fullest extent

permitted by law, among other things, the power and authority of the TopCo Board to (i) authorize the commencement of a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on behalf of the TopCo, (ii) take actions with respect to any Restructuring Matter (as defined in the March Resolutions), (iii) engage professionals for the TopCo and/or the Special Committee in connection with any Restructuring Matter, and (iv) take actions as the Special Committee in its sole discretion deems necessary, advisable, or appropriate in connection therewith;

WHEREAS, the Special Committee has determined that the matters the Special Committee is approving and authorizing herein, including (which word, for all purposes of these resolutions, shall be interpreted to be followed by the words, "without limitation") (i) the commencement of the Bankruptcy Cases (as defined below) by the TopCo, (ii) the filing of the Bidding Procedures Motion (as defined below), (iii) the conducting of the Marketing Process (as defined below), (iv) the recommendation to the TopCo Board of the appointment of the Chief Restructuring Officer (as defined below) and the entry into the CRO Agreement (as defined below), and (v) the recommendation to the TopCo Board of the appointment of the New Director (as defined below) to the TopCo Board and the Special Committee, in each case, constitute a Restructuring Matter;

WHEREAS, the Special Committee and each Governing Body has reviewed and considered the financial and operational condition of their respective 23andMe Group Company and of the 23andMe Group Companies as a whole, including the historical performance of the 23andMe Group Companies, the assets of the 23andMe Group Companies, the current and long-term liabilities of the 23andMe Group Companies, and relevant industry and market conditions, and have considered various alternatives in respect of such matters;

WHEREAS, the Special Committee and each Governing Body has had an opportunity to consult with the management and the legal, financial, and other outside professional advisors of the 23andMe Group Companies to fully consider each of the strategic alternatives available to the 23andMe Group Companies;

WHEREAS, the Special Committee and each Governing Body has received, reviewed, and considered the recommendations of, and the materials presented by, the senior management of its applicable 23andMe Group Company and such 23andMe Group Company's legal, financial, and other outside professional advisors as to the financial condition of its applicable 23andMe Group Company and the 23andMe Group Companies and the relative risks and benefits of pursuing a case under the provisions of chapter 11 of the Bankruptcy Code;

WHEREAS, the Special Committee and each Governing Body reasonably believes that its applicable 23andMe Group Company's pursuing a case under the Bankruptcy Code on a coordinated basis with the other 23andMe Group Companies is expected to preserve more value for such 23andMe Group Company and its stakeholders than any other available alternative;

WHEREAS, the intention of the Special Committee and each Governing Body with respect to its applicable 23andMe Group Company is to use the Bankruptcy Code to conduct a sale process for all or substantially all of the 23andMe Group Companies' assets;

2

**WHEREAS**, the Special Committee has determined that it is desirable and in the best interests of the TopCo and its stakeholders to (i) recommend that the TopCo Board appoint Mr. Matthew Kvarda to the office of the Chief Restructuring Officer of the TopCo and (ii) authorize the TopCo to enter into an agreement (the "CRO Agreement"), on behalf of itself and its subsidiaries, with Alvarez & Marsal North America, LLC ("A&M") in order for A&M to make its personnel available to provide certain management services to the 23andMe Group Companies;

**WHEREAS**, the Special Committee has determined that it is desirable and in the best interests of the TopCo and its stakeholders to recommend that the TopCo Board appoint Mr. Thomas Walper (the "New Director") to the TopCo Board and designate the New Director as a member of the Special Committee;

**WHEREAS**, the Special Committee and the Governing Bodies have reviewed and considered the need for Authorized Persons (as defined below) to take further actions to carry out the intent and purpose of the following resolutions, perform the obligations of each 23andMe Group Company under the Bankruptcy Code, and pay fees and expenses in connection with the transactions contemplated by the below resolutions; and

**WHEREAS**, the Special Committee and the Governing Bodies have reviewed and considered certain actions that may have previously been taken by any director, officer, employee, or agent of the TopCo or any director, officer, employee, manager, member, stockholder, general partner, or agent of any other 23andMe Group Company in connection with or related to the matter set forth in the below resolutions.

**NOW, THEREFORE, BE IT:**

1. **New Director Matters**

**RESOLVED**, that the Special Committee hereby recommends to the TopCo Board the appointment of the New Director to the TopCo Board and designation of the New Director to the Special Committee; and be it further

2. **Appointment of Chief Restructuring Officer**

**RESOLVED**, that the Special Committee hereby recommends to the TopCo Board the appointment of Mr. Kvarda to the office of Chief Restructuring Officer of the TopCo, consistent with the terms of the CRO Agreement; and be it further

**RESOLVED**, that, upon the appointment of Mr. Kvarda as Chief Restructuring Officer by the TopCo Board, the TopCo is authorized and directed to enter into the CRO Agreement and to take any and all actions to advance the 23andMe Group Companies' rights and obligations in connection therewith, and any such prior actions are hereby ratified in their entirety; and be it further

**RESOLVED**, that the Special Committee and each Governing Body, acting with respect to its applicable 23andMe Group Company hereby authorizes A&M to assign additional personnel to support the Chief Restructuring Officer and the 23andMe Group Companies, to serve

3

in various capacities with the 23andMe Group Companies and to perform other services required of A&M pursuant to the CRO Agreement; and be it further

### 3. Bankruptcy Resolutions

#### a. Chapter 11 Filings

**RESOLVED**, that the Special Committee and each Governing Body, acting with respect to its applicable 23andMe Group Company, hereby determines that it is desirable and in the best interests of such 23andMe Group Company, its equity holders, its creditors, and other parties in interest that such 23andMe Group Company file a voluntary petition for relief (the "Petition" and, together with the similar petitions by all other 23andMe Group Companies, the "Petitions") and commence a case (collectively, the "Bankruptcy Cases") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Missouri (the "Bankruptcy Court"); and be it further

**RESOLVED**, that the Special Committee and each Governing Body, acting with respect to its applicable 23andMe Group Company, hereby authorizes, directs, and empowers any officer or other authorized person of any of the 23andMe Group Companies, including the Chief Restructuring Officer (each, an "Authorized Person"), acting in the name and on behalf of such 23andMe Group Company, to (i) execute and verify the Petition as well as all other ancillary documents, and to cause the Petition to be filed with the Bankruptcy Court, and to make or cause to be made prior to the execution thereof, any modifications to the Petition or ancillary documents, and to (ii) execute, verify, and file or cause to be filed all of the petitions, schedules, lists, and other motions, objections, replies, applications, and other papers or documents advisable, appropriate, convenient, desirable, or necessary in connection with the foregoing; and be it further

**RESOLVED**, that in connection with the filing of the Petitions, the Special Committee and each Governing Body, acting with respect to its applicable 23andMe Group Company, hereby (i) authorizes and directs the Authorized Persons, in the name and on behalf of such 23andMe Group Company, to engage in discussions and negotiations with all stakeholders in order to prosecute the Bankruptcy Cases, (ii) authorizes, adopts, and approves the form, terms, and provisions of, and is hereby authorized and empowered to file with the Bankruptcy Court any motions, pleadings, and any other documents to be performed or agreed to by such 23andMe Group Company that are reasonably necessary for prosecution of and in connection with the proceedings of the Bankruptcy Cases (collectively, the "Ancillary Documents"), and (iii) authorizes and directs the Authorized Persons, in the name and on behalf of such 23andMe Group Company, to execute and deliver (with such changes, additions, and modifications thereto as the Authorized Persons executing the same shall approve, such approval to be conclusively evidenced by such Authorized Persons' execution and delivery thereof) each of the Ancillary Documents to which such 23andMe Group Company is a party and, upon the execution and delivery thereof by each of the other parties thereto, cause such 23andMe Group Company to perform its obligations thereunder; and be it further

4

### b. Bidding Procedures Motion and Marketing Process

**RESOLVED**, that in the judgment of the Special Committee and each Governing Body, with respect to its applicable 23andMe Group Company, it is desirable and in the best interests of each 23andMe Group Company, its creditors, and other parties in interest, that such 23andMe Group Company shall be, and hereby is, authorized to file with the Bankruptcy Court a motion seeking approval of, among other things, (a) a sale of all or substantially all of the 23andMe Group Company' assets and (b) the proposed bidding and auction procedures pursuant to which the 23andMe Group Companies will market their assets (the "Bidding Procedures Motion"); and be it further

**RESOLVED**, that in the judgment of the Special Committee and each Governing Body, with respect to its applicable 23andMe Group Company, it is desirable and in the best interests of each 23andMe Group Company, its creditors, and other parties in interest, that such 23andMe Group Company shall be, and hereby is, authorized to engage, under the direction of the Special Committee, in a marketing process for the 23andMe Group Companies' assets to identify the highest or otherwise best offer for the 23andMe Group Companies' assets (the "Marketing Process"); and be it further

**RESOLVED**, that each of the Authorized Persons be, and hereby is, authorized and empowered to file the Bidding Procedures Motion, on behalf of each 23andMe Group Company, and to pursue the Marketing Process under the direction of the Special Committee, and to take any and all actions necessary or advisable to advance each 23andMe Group Company's rights and obligations thereunder, including filing of additional pleadings; and in connection therewith, each Authorized Person, with power of delegation, is hereby authorized and directed to take all necessary actions in furtherance of the foregoing resolutions; and be it further

### c. Retention of Professionals

**RESOLVED**, that the Special Committee and each Governing Body, acting with respect to its applicable 23andMe Group Company, hereby authorizes and directs each Authorized Person, in the name and on behalf of such 23andMe Group Company, to employ certain individuals and/or firms as counsel, professionals, consultants, accountants, restructuring advisors, or financial advisors to such 23andMe Group Company as such Authorized Person, or any one of them, may deem advisable, appropriate, convenient, desirable, or necessary to represent and assist such 23andMe Group Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Authorized Persons be, and each of them hereby is, authorized and directed, in the name and on behalf of such 23andMe Group Company, to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Petition, and to cause to be filed appropriate applications for authority to retain the services of such individuals and firms; and be it further

**RESOLVED**, that the Special Committee and each Governing Body, acting with respect to its applicable 23andMe Group Company, hereby authorizes and directs each Authorized Person, in the name and on behalf of such 23andMe Group Company, to employ the law firms of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss") and Carmody MacDonald P.C. ("Carmody MacDonald") to represent such 23andMe Group Company as chapter 11 counsel and

5

to represent and assist such 23andMe Group Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such 23andMe Group Company's rights, including the preparation of pleadings and filings in the Bankruptcy Cases; and in connection therewith, the Authorized Persons be, and each of them hereby is, authorized and directed, in the name and on behalf of such 23andMe Group Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Petition, and to cause to be filed an appropriate application for authority to retain the services of Paul, Weiss and Carmody MacDonald; provided, that any prior actions taken in connection therewith are hereby ratified in their entirety; and be it further

**RESOLVED**, that the Special Committee hereby authorizes and directs each Authorized Person to employ the law firms of Goodwin Procter LLP ("Goodwin") and Lewis Rice LLC ("Lewis Rice") as special counsel to represent and assist the Special Committee, on behalf of the TopCo, in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the TopCo's rights; and in connection therewith, the Authorized Persons be, and each of them hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Petition, and to cause to be filed an appropriate application for authority to retain the services of Goodwin and Lewis Rice; provided, that any prior actions taken in connection therewith are hereby ratified in their entirety; and be it further

**RESOLVED**, that the Special Committee and each Governing Body, acting with respect to its applicable 23andMe Group Company, hereby authorizes and directs each Authorized Person, in the name and on behalf of such 23andMe Group Company, to employ Moelis & Company LLC (the "Investment Banker") to act as financial advisor, capital markets advisor, and investment banker for the Special Committee or such 23andMe Group Company and, in such capacities, to provide certain financial advisory and investment banking services to the 23andMe Group Companies with regard to the Bankruptcy Cases, effective immediately prior to the filing of the Bankruptcy Cases at which time the Investment Banker's prior engagement as advisor solely to the Special Committee shall be terminated; and in connection therewith, the Authorized Persons be, and each of them hereby is, authorized and directed, in the name and on behalf of such 23andMe Group Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Petition, and to cause to be filed an appropriate application for authority to retain the services of the Investment Banker; provided, that any prior actions taken in connection therewith are hereby ratified in their entirety; and be it further

**RESOLVED**, that the Special Committee and each Governing Body, acting with respect to its applicable 23andMe Group Company, hereby authorizes and directs each Authorized Person, in the name and on behalf of such 23andMe Group Company, to employ A&M to make (i) the Chief Restructuring Officer and (ii) certain A&M personnel available to provide certain management services to the 23andMe Group Companies; and in connection therewith, the Authorized Persons be, and each of them hereby is, authorized and directed, in the name and on behalf of such 23andMe Group Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Petition, and to cause to be filed an appropriate application for authority to retain A&M's services; provided, that any prior actions taken in connection therewith are hereby ratified in their entirety; and be it further

**RESOLVED**, that the Special Committee and each Governing Body, acting with respect to its applicable 23andMe Group Company, hereby authorizes and directs each Authorized Person, in the name and on behalf of such 23andMe Group Company, to employ Kroll Restructuring Administration Services LLC (the "Claims Agent") to represent such 23andMe Group Company and provide notice and claims agent services to such 23andMe Group Company with regard to the Bankruptcy Cases; and in connection therewith, the Authorized Persons be, and each of them hereby is, authorized and directed, in the name and on behalf of such 23andMe Group Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Petition, and to cause to be filed an appropriate application for authority to retain the services of the Claims Agent; provided, that any prior actions taken in connection therewith are hereby ratified in their entirety; and be it further

4. **General**

**RESOLVED**, that each of the Authorized Persons be, and each of them individually hereby is, authorized, directed, and empowered from time to time in the name and on behalf of each 23andMe Group Company, to (i) take such further actions and execute and deliver such certificates, instruments, guaranties, notices, and documents as may be required or as such Authorized Person or any one of them may deem advisable, appropriate, convenient, desirable, or necessary to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements, and the like, (ii) perform the obligations of each 23andMe Group Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, and the performance or execution thereof by such Authorized Person shall be conclusive evidence of the approval thereof by such Authorized Person and by such 23andMe Group Company, and (iii) pay fees and expenses in connection with the transactions contemplated by the foregoing resolutions; and be it further

**RESOLVED**, that all actions previously taken by any director, officer, employee, or agent of the TopCo or any director, officer, employee, manager, member, stockholder, general partner, or agent of any other 23andMe Group Company in connection with or related to the matters set forth in or reasonably contemplated or implied by the foregoing resolutions be, and each of them hereby is, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of such 23andMe Group Company.

[*Remainder of Page Intentionally Blank*]