UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>23ANDME HOLDING CO.,<br><br>　　　　Debtor.<br>Tax ID No. 87-1240344 | Chapter 11<br><br>Case No. 25-40976<br><br>(Joint Administration Requested) |
| In re:<br><br>23ANDME, INC.,<br><br>　　　　Debtor.<br>Tax ID No. 20-4857371 | Chapter 11<br><br>Case No. 25-40977<br><br>(Joint Administration Requested) |
| In re:<br><br>23ANDME PHARMACY HOLDINGS, INC.,<br><br>　　　　Debtor.<br>Tax ID No. 93-3084690 | Chapter 11<br><br>Case No. 25-40978<br><br>(Joint Administration Requested) |
| In re:<br><br>LEMONAID COMMUNITY PHARMACY, INC.,<br><br>　　　　Debtor.<br>Tax ID No. 85-1117330 | Chapter 11<br><br>Case No. 25-40979<br><br>(Joint Administration Requested) |
| In re:<br><br>LEMONAID HEALTH, INC.,<br><br>　　　　Debtor.<br>Tax ID No. 87-4006739 | Chapter 11<br><br>Case No. 25-40980<br><br>(Joint Administration Requested) |

| | |
|---|---|
| In re:<br><br>LEMONAID PHARMACY HOLDINGS INC.,<br><br>          Debtor.<br>Tax ID No. 87-1286500 | Chapter 11<br><br>Case No. 25-40981<br><br>(Joint Administration Requested) |
| In re:<br><br>LPHARM CS LLC,<br><br>          Debtor.<br>Tax ID No. 87-1381125 | Chapter 11<br><br>Case No. 25-40982<br><br>(Joint Administration Requested) |
| In re:<br><br>LPHARM INS LLC,<br><br>          Debtor.<br>Tax ID No. 87-1429800 | Chapter 11<br><br>Case No. 25-40983<br><br>(Joint Administration Requested) |
| In re:<br><br>LPHARM RX LLC,<br><br>          Debtor.<br>Tax ID No. 87-1397746 | Chapter 11<br><br>Case No. 25-40984<br><br>(Joint Administration Requested) |
| In re:<br><br>LPRXONE LLC,<br><br>          Debtor.<br>Tax ID No. 87-1453447 | Chapter 11<br><br>Case No. 25-40975<br><br>(Joint Administration Requested) |

| | |
|---|---|
| In re: | Chapter 11 |
| LPRXTHREE LLC, | Case No. 25-40985 |
|                 Debtor. | (Joint Administration Requested) |
| Tax ID No. 87-1483852 | |

| | |
|---|---|
| In re: | Chapter 11 |
| LPRXTWO LLC, | Case No. 25-40986 |
|                 Debtor. | (Joint Administration Requested) |
| Tax ID No. 87-1471595 | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) DIRECTING THE JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion:

**Relief Requested**[1]

1. The Debtors seek entry of an order (the "Proposed Order")[2] (a) directing the joint administration of these chapter 11 cases and (b) granting related relief. The Debtors request that the Clerk of the Court maintain one file and one docket for all of the Debtors' chapter 11 cases under the case of 23andMe Holding Co., and that the cases be administered under a consolidated caption, as follows:

---

[1] Capitalized terms used but not defined in this section have the meanings ascribed to such terms elsewhere in this motion.

[2] Copies of the Proposed Order will be made available on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe.

3

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| 23ANDME HOLDING CO., *et al.*,[1] | Case No. 25-40976 |
| Debtors. | Jointly Administered |

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/23andMe. The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

2.  The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

3.  The Debtors also seek the Court's direction that a separate docket entry be entered on the docket of each of the Debtors' chapter 11 cases (except that of 23andMe Holding Co.) substantially as follows:

> An order has been entered in this case directing the joint administration of the chapter 11 cases of 23andMe Holding Co., 23andMe, Inc., 23andMe Pharmacy Holdings, Inc., Lemonaid Community Pharmacy, Inc., Lemonaid Health, Inc., Lemonaid Pharmacy Holdings Inc., LPharm CS LLC, LPharm INS LLC, LPharm RX LLC, LPRXOne LLC, LPRXThree LLC, and LPRXTwo LLC. **The docket in the chapter 11 case of 23andMe Holding Co., Case No. 25-40976**, should be consulted for all matters affecting these cases.

4.  Finally, the Debtors seek authorization to file the monthly operating reports as may be arranged and agreed to between the Debtors and the Office of the United Sates Trustee for Region 13 (the "U.S. Trustee"), on a consolidated basis; *provided*, the Debtors' proposed

consolidated monthly operating reports will identify disbursements, receipts, and payment of postpetition debts on a Debtor-by-Debtor basis.

## Jurisdiction and Venue

5. The United States Bankruptcy Court for the Eastern District of Missouri (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and rule 9.01(B) of the Local Rules of the United States District Court for the Eastern District of Missouri. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors consent to a final order with respect to this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The bases for the relief requested herein are sections 105(a) and 342(c) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1015(B) of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Eastern District of Missouri (the "Local Rules").

## Background

8. 23andMe Holding Co. (collectively with its Debtor subsidiaries and non-Debtor affiliates,[3] the "Company") is a leading human genetics and telehealth company with a mission to help people access, understand, and benefit from the human genome. The Company pioneered direct access to genetic information as the only company with multiple FDA clearances for genetic health reports. Further, through its Lemonaid Health telehealth platform, the Company operates

---

[3] Non-Debtor affiliates exclude any controlling shareholder of 23andMe Holding Co.

5

as a national online doctor's office that provides medical care, pharmacy fulfillment, and laboratory testing services.

9. On March 23, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

10. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated at this time.

11. A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew Kvarda in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed substantially contemporaneously herewith and incorporated herein by reference.[4]

**Basis for Relief**

12. Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "[t]he court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Local Rule 1015(B) similarly provides that "[t]he debtor or a party in interest may request by motion that cases in this Court regarding a debtor and its affiliate(s) be jointly administered." E.D.Mo. Bank. L.R. 1015(B). In these chapter 11 cases, the Debtors are "affiliates," as the term is defined in section 101(2) of the Bankruptcy Code. In addition, section 105(a) of the Bankruptcy Code provides the Court with the power to grant the

---

[4] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

13. The First Day Declaration establishes that the joint administration of the Debtors' respective estates is warranted and will ease the administrative burden on the Court and all parties in interest in these chapter 11 cases. Joint administration will also permit the Clerk of the Court to utilize a single docket for all of the chapter 11 cases and to combine notices to creditors and other parties in interest in the Debtors' respective cases. Because there will likely be numerous motions, applications, and other pleadings filed in these cases that will affect all of the Debtors, joint administration will permit counsel for all parties in interest to include all of the Debtors' chapter 11 cases in a single caption for the numerous documents that are likely to be filed and served in these cases. Joint administration will also enable parties in interest in all of the Debtors' chapter 11 cases to stay apprised of all of the various matters before the court by monitoring a single docket.

14. Joint administration of these chapter 11 cases will not prejudice or adversely affect the rights of the Debtors' creditors because the relief sought herein is purely procedural and is not intended to affect substantive rights. Joint administration will also significantly reduce the volume of paper that otherwise would be filed with the Clerk of the Court, render the completion of various administrative tasks less costly, and minimize the number of unnecessary delays. Moreover, the relief requested by this motion will also simplify the supervision of the administrative aspects of these chapter 11 cases by the U.S. Trustee.

15. The Debtors submit that the circumstances of these chapter 11 cases warrant granting the requested relief, and that doing so is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest, and should therefore be granted. Accordingly, the

7

Debtors respectfully request that the Court enter an order directing the joint administration of these chapter 11 cases.

### Notice

16. The Debtors will provide notice of this motion to the following parties: (a) the Office of the United States Trustee for the Eastern District of Missouri; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the law firms representing claimants who have filed or asserted claims arising out of the Cyber Security Incident as of the Petition Date; (d) the agent/lender under any proposed postpetition financing facility and its counsel, if applicable; (e) the United States Attorney's Office for the Eastern District of Missouri; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; (h) the Federal Trade Commission; (i) the state attorneys general in all 50 states; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). Notice of this motion and any order entered hereon will be served in accordance with Local Rule 9013-3(A)(1). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

17. A copy of this motion is available on (a) PACER at https://pacer.uscourts.gov/ and (b) the website maintained by the Debtors' proposed claims and noticing agent, Kroll Restructuring Administration LLC, at https://restructuring.ra.kroll.com/23andMe.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order and grant such other relief as the Court deems appropriate under the circumstances.

Dated: March 23, 2025  
St. Louis, Missouri

Respectfully submitted,

**Carmody MacDonald P.C.**
*/s/ Thomas H. Riske*
Thomas H. Riske #61838MO
Nathan R. Wallace #74890MO
Jackson J. Gilkey #73716MO
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 854-8600
Facsimile: (314) 854-8660
Email: thr@carmodymacdonald.com
nrw@carmodymacdonald.com
jjg@carmodymacdonald.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Paul M. Basta (*pro hac vice* pending)
Christopher Hopkins (*pro hac vice* pending)
Jessica I. Choi (*pro hac vice* pending)
Grace C. Hotz (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: pbasta@paulweiss.com
chopkins@paulweiss.com
jchoi@paulweiss.com
ghotz@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in Possession*