**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| In re: <br><br> 23ANDME HOLDING CO., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 25-40976 <br><br> (Joint Administration Requested) <br><br> Objection Deadline: TBD[2] <br> Hearing Date: TBD <br> Hearing Time: TBD <br> Hearing Location: TBD |

**DEBTORS' MOTION FOR ENTRY
OF AN ORDER (I) AUTHORIZING (A) REJECTION
OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES
AND (B) ABANDONMENT OF CERTAIN PERSONAL PROPERTY, IF ANY, EACH
EFFECTIVE AS OF THE PETITION DATE AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion:

**Relief Requested**[3]

1. The Debtors seek entry of an order (the "Proposed Order")[4] (a) authorizing the Debtors to (i) reject certain executory contracts and unexpired leases for non-residential real property located at the premises (collectively, the "Premises") set forth on **Exhibit A**, in each case,

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe. The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

[2] The Debtors will file a notice stating the date, time, and location of the hearing on this motion, as well as the objection deadline (which will be at least seven days in advance of the hearing date), once this information becomes available.

[3] Capitalized terms used but not defined in this section have the meanings ascribed to such terms elsewhere in this motion.

[4] A copy of the Proposed Order will be made available on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe.

including any guaranties thereof and any amendments, modifications, or subleases thereto, as applicable (each, a "Lease" or a "Contract," as applicable) and (ii) abandon certain equipment, fixtures, furniture, or other personal property (the "Personal Property") that may be located at the Premises, each effective as of the Petition Date and (b) granting related relief.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Eastern District of Missouri (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and rule 9.01(B) of the Local Rules of the United States District Court for the Eastern District of Missouri. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors consent to a final order with respect to this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 365(a) and 554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and rules 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

5. 23andMe Holding Co. (collectively with its Debtor subsidiaries and non-Debtor affiliates,[5] the "Company") is a leading human genetics and telehealth company with a mission to help people access, understand, and benefit from the human genome. The Company pioneered direct access to genetic information as the only company with multiple FDA clearances for genetic health reports. Further, through its Lemonaid Health telehealth platform, the Company operates

---

[5] Non-Debtor affiliates exclude any controlling shareholder of 23andMe Holding Co.

2

as a national online doctor's office that provides medical care, pharmacy fulfillment, and laboratory testing services.

6. On March 23, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

7. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors have filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) substantially contemporaneously herewith. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated at this time.

8. A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew Kvarda in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed substantially contemporaneously herewith and incorporated herein by reference.[6]

## Leases and Contracts to Be Rejected

9. Prior to the Petition Date, the Debtors (in consultation with their advisors) began a review of their executory contracts and unexpired leases and considered ways to alleviate onerous obligations thereunder. As a result of this analysis, the Debtors determined, in their business judgment, that certain of their contracts and leases were not necessary to, and would impose substantial burdens on, their ongoing business operations and restructuring efforts. Accordingly,

---

[6] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

3

in order to maximize the value of their estates, the Debtors seek to reject the following Contracts and Leases, which are also are identified and described on **Exhibit A** hereto:

    a.    Leases

        1. *Sunnyvale Office Lease*. Debtor 23andMe, Inc. is party to an office lease agreement (the "Sunnyvale Office Lease") with 221 N Mathilda, LLC, a Delaware limited liability company, as landlord (the "Sunnyvale Landlord"), under which 23andMe, Inc. leases office space in Sunnyvale, California. Prior to the Petition Date, 23andMe, Inc. determined, in its business judgment, that it was no longer necessary or desirable to occupy the Premises related to the Sunnyvale Office Lease and engaged in discussions with the Sunnyvale Landlord to terminate the Sunnyvale Office Lease, which did not culminate in any agreement. Prior to the Petition Date, 23andMe, Inc. vacated the Sunnyvale Office Lease Premises. Accordingly, the Debtors now seek to reject the Sunnyvale Office Lease.

        2. *Sunnyvale Office Sublease*. Debtor 23andMe, Inc. is party to a sublease agreement with CoreWeave, Inc., under which 23andMe, Inc. subleases a portion of office space that it rents pursuant to the Sunnyvale Office Lease to CoreWeave, Inc., as subtenant. The Debtors seek to reject the sublease in connection with the proposed rejection of the Sunnyvale Office Lease.

        3. *Oyster Point Tech Center Lease*. Debtor 23andMe, Inc. is party to a lease agreement with KR OP TECH, LLC, as landlord, pursuant to which it leases office space that was formerly utilized by the Debtors' therapeutics business (the "Oyster Point Tech Center Lease"). In November 2024, the Debtors determined to cease its therapeutics division as part of a broader restructuring to focus on the long-term success of their core customer business and research partnerships. As a result, prior to the Petition Date, the Debtors vacated the Premises associated with the Oyster Point Tech Center Lease. Prior to the Petition Date, the Debtors were engaged with the landlord regarding termination of the lease, which did not culminate in any agreement. Accordingly, the Debtors have determined to reject the lease at the outset of these chapter 11 cases.

    b.    Contracts

        1. *Contracts Related to the Leases to be Rejected*. The Debtors are party to several contracts related to their operation of the Premises associated with the Sunnyvale Office Lease and the Oyster Point Tech Center Lease that they seek to reject as described above. Among other things, these contracts govern provision of security, maintenance, cleaning,

4

    HVAC, and similar services for such Premises.  The Debtors no longer require the services rendered under such Contracts since they no longer occupy the Premises and seek to reject such Leases under this motion.  Accordingly, the Debtors seek to reject such related Contracts at the outset of these chapter 11 cases.

  2. *Miscellaneous Contracts.*  The Debtors also seek to reject certain other Contracts that, in their business judgment, are not necessary or are burdensome to their estates, including certain software and information technology Contracts.

  10. By rejecting the Contracts and Leases at the outset of their chapter 11 cases, the Debtors will shed the related financial burdens and avoid postpetition expenses that are not reasonably likely to provide a tangible benefit to their estates.  Absent rejection, the Debtors would be obligated to pay rent under the Leases and will no longer be in possession of the Premises to which the Leases pertain.  The Debtors likewise would be obligated to pay their proportionate share of common area expenses, real property taxes, utility costs, insurance, and other related charges associated with certain of the Leases.  In addition, the Debtors have reviewed the market value of the Leases and determined, in their business judgment, that marketing the Leases for assignment or sublease to a third party would not generate any significant value for the estates, especially compared to the continued costs associated with maintaining the Premises.  Relatedly, with respect to the Contracts, the Debtors have determined, in their business judgment that such contracts (a) are no longer required to operate the Debtors' business, (b) do not provide any value to the Debtors' estates, and/or (c) may give rise to additional claims against the Debtors without any corresponding benefit to the estates if they are not rejected as of the Petition Date.

  11. In addition, during the ordinary course of business, the Debtors accumulated certain miscellaneous assets at the Premises, including certain furniture and office equipment, of limited value.  The Debtors have determined, in the exercise of their business judgment, that certain of these assets would be difficult or expensive to remove or store, or, in the Debtors' estimation, is

5

of limited value, and therefore, the Debtors will not realize any economic benefit by retaining the Personal Property. Accordingly, the Debtors request authority to reject the Contracts and Leases and, with respect to the Leases, abandon any remaining Personal Property, each effective as of the Petition Date.

## Basis for Relief

A.  **Rejection of the Contracts and Leases Effective as of the Petition Date Is Appropriate and Provides the Debtors with Significant Cost Savings**

12. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). A debtor's ability to reject a burdensome agreement is a "fundamentally important component of bankruptcy law." *In re Noranda Aluminum, Inc.*, 549 B.R. 725, 727 (Bankr. E.D. Mo. 2016); *see also Nat'l Labor Relations Bd.* v. *Bildisco & Bildisco*, 465 U.S. 513, 528 (1984), superseded by statute as recognized in *Am. Flint Glass Workers Union* v. *Anchor Resolution Corp.*, 197 F.3d 76, 82 (3d Cir. 1999), ("[T]he authority to reject an executory contract is vital to the basic purpose to a Chapter 11 reorganization, because rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization.").

13. The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the debtor. *Noranda*, 549 B.R. at 728 (citing *Four B. Corp.* v *Food Barn Stores, Inc.*, 107 F.3d 558, 567 n.16 (8th Cir. 1997); *Crystalin, L.L.C.* v. *Selma Props., Inc.*, 293 B.R. 455, 463-64 (B.A.P. 8th Cir. 2003)); *see also In re Steaks To Go, Inc.*, 226 B.R. 35, 37 (Bankr. E.D. Mo. 1998) ("Generally, a Bankruptcy Court is to review a decision by a debtor in possession or a trustee to reject an executory contract, and order rejection if the rejection is based on the debtor or trustee's best business judgment in the circumstances."). The business judgment

6

test "is not an onerous one and does not require the bankruptcy court to place itself in the position of the trustee or debtor-in-possession and determining whether assuming the [lease] would be a good business decision or a bad one." *Noranda*, 549 B.R. at 728 (quoting *Crystalin*, 293 B.R. at 464) (internal quotations omitted).

14. In the Eighth Circuit, under the business judgment standard, the decision to reject an agreement must be in the "exercise of sound business judgment showing benefit to the estate." *Noranda*, 549 B.R. at 728 (quoting *Crystalin*, 293 B.R. at 464) (internal quotations omitted). Further, the bankruptcy court "should not interfere with the trustee or debtor-in-possession's business judgment except on a finding of bad faith or gross abuse of their business discretion." *Noranda*, 549 B.R. at 728 (citing *Crystalin*, 293 B.R. at 464) (internal quotations omitted). If a debtor's request to reject an executory contract or unexpired lease "is not manifestly unreasonable or made in bad faith, the court should normally grant approval as long as the proposed action appears to enhance the debtor's estate." *Noranda*, 549 B.R. at 728 (citing *Food Barn*, 107 F.3d at 567 n.16 (internal quotations omitted)).

15. Rejection of the Contracts and Leases is well within the Debtors' business judgment and is in the best interest of their estates. The Debtors seek to reject the Contracts and Leases, which they believe are unlikely to provide a net benefit to their estates, in order to avoid the incurrence of any additional, unnecessary expenses related to the Contracts and Leases and the maintenance of the related Premises. Absent rejection, the Contracts and Leases will continue to burden the Debtors' estates with significant administrative expenses, without sufficient marginal revenue to justify the incurrence of such costs. Rejecting the Contracts and Leases will help increase the Debtors' liquidity and otherwise facilitate the efficient administration of the Debtors' estates. Additionally, the Debtors have also determined that there is no net benefit likely to be

7

realized from efforts to market the Contracts and Leases for potential assignment or sublease. Accordingly, to relieve the Debtors of burdensome obligations that would drain resources from their estates, the Debtors seek to reject the Contracts and Leases effective as of the Petition Date.

**B.    The Court Should Deem the Contracts and Leases Rejected as of the Petition Date**

16.    Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from applying rejection retroactively. *See, e.g.*, *Pac. Shores Dev., LLC* v. *At Home Corp.* (*In re At Home Corp.*), 392 F.3d 1064, 1065–71 (9th Cir. 2004) (affirming bankruptcy court's approval of retroactive rejection), *cert. denied*, 546 U.S. 814 (2005); *Thinking Machs. Corp.* v. *Mellon Fin. Servs. Corp. (In re Thinking Machs. Corp.)*, 67 F.3d 1021, 1029 (1st Cir. 1995) (indicating "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively" to the motion filing date); *Constant Ltd. P'ship* v. *Jamesway Corp. (In re Jamesway Corp.)*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (section 365 "does not state that rejection cannot be applied retroactively, or that there are restrictions as to the manner in which the court can approve rejection"); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) ("[T]he court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a).").

17.    Here, the balance of equities favors rejection of the Contracts and Leases effective as of the Petition Date.  Without such relief, the Debtors will potentially incur unnecessary administrative expenses related to the Contracts and Leases—agreements that provide no benefit to the Debtors' estates in light of the obligations the Debtors are obligated to pay thereunder. *See* 11 U.S.C. § 365(d)(3).  The counterparties to the Contracts and Leases will not be unduly prejudiced if the rejection is deemed effective as of the Petition Date.  Further, the Contract and

Lease counterparties (and, where applicable, their respective counsel) are receiving notice of the Debtors' intention to reject the Contracts and Leases by service of this motion.

18. The Debtors have sought the relief requested at the earliest possible moment in these chapter 11 cases and do not seek to reject the Leases and Contracts effective as of the Petition Date due to any undue delay on their own part. Based on this factual record, no party can assert that the Debtors seek to write any "revisionist history." *Roman Cath. Archdiocese of San Juan, P.R.* v. *Acevedo Feliciano*, 140 S. Ct. 696, 701 (2020) ("Federal courts may issue *nunc pro tunc* orders, or 'now for then' orders, . . . to 'reflect the reality' of what has already occurred" but not as a "vehicle for . . . creating 'facts' that never occurred") (internal citations omitted). Accordingly, the Debtors respectfully request that the Court deem the Contracts and Leases identified on **Exhibit A** rejected effective as of the Petition Date.

C. **The Abandonment of Personal Property Is Appropriate**

19. The abandonment of the Personal Property is appropriate and authorized by the Bankruptcy Code. *See* 11 U.S.C. § 554(a). Section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Courts generally give great deference to a debtor in possession's decision to abandon property. *See, e.g.*, *In re Vel Rey Props., Inc.*, 174 B.R. 859, 867 (Bankr. D.D.C. 1994) ("Clearly, the court should give deference to the trustee's judgment in such matters."). Unless certain property is harmful to the public, once a debtor has shown that it is burdensome or of inconsequential value to the estate, a court should approve the abandonment. *See id.*

20. Before deciding to abandon the Personal Property (if any), the Debtors determined that it was of inconsequential value to their estates and the costs of removing or storing the Personal

9

Property would exceed any realistic economic benefit that may be realized by retaining it. Further, any efforts by the Debtors to move or market the Personal Property could unnecessarily delay the Debtors' surrender of the Premises and the rejection of the leases. Accordingly, it is in the best interests of the Debtors and their estates for the Debtors to abandon Personal Property located on the Premises.

### Waiver of Bankruptcy Rules 6004(a) and 6004(h)

21. Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property (other than cash collateral) is stayed for 14 days after the order is entered." Fed. R. Bankr. P. 6004(h). As described above, the relief that the Debtors seek in this motion is necessary for the Debtors to operate their business without interruption and to preserve value for their estates through these chapter 11 cases. Accordingly, to the extent any aspect of the relief sought herein constitutes a use of property under section 363(b) of the Bankruptcy Code, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### Reservation of Rights

22. Except as expressly set forth herein, nothing contained herein or any actions taken pursuant to such relief requested is intended to be or should be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion or any order granting the relief requested by this motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) other than with respect to the Contracts

10

and Leases, a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (h) a waiver of the obligation of any party in interest to file a proof of claim; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection of, or seek avoidance of, all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

## Notice

23.     The Debtors will provide notice of this motion to the following parties:  (a) the Office of the United States Trustee for the Eastern District of Missouri; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the law firms representing claimants who have filed or asserted claims arising out of the Cyber Security Incident as of the Petition Date; (d) the agent/lender under any proposed postpetition financing facility and its counsel, if applicable; (e) the Contract and Lease counterparties; (f) the United States Attorney's Office for the Eastern District of Missouri; (g) the Internal Revenue Service; (h) the Securities and Exchange Commission; (i) the Federal Trade Commission; (j) the state attorneys general in all 50 states; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "<u>Notice Parties</u>").  Notice of this motion and any order entered hereon will be served in accordance with rule 9013-3(A)(1) of the Local Rules of Bankruptcy Procedure for the Eastern

District of Missouri (the "<u>Local Rules</u>").  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

24. A copy of this motion is available on (a) PACER at https://pacer.uscourts.gov/ and (b) the website maintained by the Debtors' proposed claims and noticing agent, Kroll Restructuring Administration LLC, at https://restructuring.ra.kroll.com/23andMe.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order and grant such other relief as the Court deems appropriate under the circumstances.

Dated: March 23, 2025  
St. Louis, Missouri

Respectfully submitted,

**Carmody MacDonald P.C.**
*/s/ Thomas H. Riske*
Thomas H. Riske #61838MO
Nathan R. Wallace #74890MO
Jackson J. Gilkey #73716MO
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
Telephone:   (314) 854-8600
Facsimile:   (314) 854-8660
Email:   thr@carmodymacdonald.com
          nrw@carmodymacdonald.com
          jjg@carmodymacdonald.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Paul M. Basta (*pro hac vice* pending)
Christopher Hopkins (*pro hac vice* pending)
Jessica I. Choi (*pro hac vice* pending)
Grace C. Hotz (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone:   (212) 373-3000
Facsimile:   (212) 757-3990
Email:   pbasta@paulweiss.com
          chopkins@paulweiss.com
          jchoi@paulweiss.com
          ghotz@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## Exhibit A

**The Contracts and Leases**

## Lease Contract Rejection Exhibit

| # | Counterparty Name | Debtor Counterparty | Description of Contract[1] | Property Address | Description of Abandoned property | Rejection Effective Date |
|---|---|---|---|---|---|---|
| 1 | 221 N MATHILDA, LLC / SCG Grove 221, LLC | 23ANDME, INC. | LEASE AGREEMENT SUNNYVALE OFFICE, DATED 01/24/2019 | 223 N. MATHILDA AVENUE, SUNNYVALE, CA 94086 | Furniture and fixtures | 3/23/2025 |
| 2 | COREWEAVE, INC. | 23ANDME, INC. | SUBLEASE AGREEMENT SUNNYVALE OFFICE, DATED 08/15/2024 | 223 N. MATHILDA AVENUE, SUNNYVALE, CA 94086 | -- | 3/23/2025 |
| 3 | KR OP TECH, LLC / Kilroy Realty Corporation | 23ANDME, INC. | LEASE AGREEMENT SOUTH SAN FRANCISCO OFFICE, DATED 02/28/2023 | 349 OYSTER POINT BOULEVARD, SOUTH SAN FRANCISCO, CA 94080 | Furniture and fixtures | 3/23/2025 |

**Notes**
[1] The agreements referenced herein include any amendments or modifications thereto

**Other Contract Rejection Exhibit**

| # | Counterparty Name | Debtor Counterparty | Description of Contract[1] | Counterparty Address | Rejection Effective Date |
|---|---|---|---|---|---|
| 1 | ABM INDUSTRY GROUPS, LLC | 23ANDME, INC. | ADDENDUM NO. 1 TO THE MASTER SERVICES AGREEMENT DATED 11/09/2020 | 14141 SOUTHWEST FREEWAY, SUITE 477 SUGAR LAND, TX 77478 | 3/23/2025 |
| 2 | ABM INDUSTRY GROUPS, LLC | 23ANDME, INC. | EXHIBIT A STATEMENT OF WORK #4 DATED 08/22/2022 | 14141 SOUTHWEST FREEWAY, SUITE 477 SUGAR LAND, TX 77478 | 3/23/2025 |
| 3 | ABM INDUSTRY GROUPS, LLC | 23ANDME, INC. | STATEMENT OF WORK #3 DATED 04/18/2022 | 14141 SOUTHWEST FREEWAY, SUITE 477 SUGAR LAND, TX 77478 | 3/23/2025 |
| 4 | ACCO ENGINEERED SYSTEMS | 23ANDME, INC. | MAINTENANCE SERVICE AGREEMENT DATED 10/07/2019 | 300 BROADWAY STREET SUITE 20 SAN FRANCISCO, CA 94133-4529 | 3/23/2025 |
| 5 | ADVANCED CHEMICAL TRANSPORT, INC. | 23ANDME, INC. | MASTER SERVICES AGREEMENT DATED 01/22/2025 | 967 MABURY ROAD SAN JOSE, CA 95133 | 3/23/2025 |
| 6 | ADVANCED CHEMICAL TRANSPORT, INC. | 23ANDME, INC. | LETTER AGREEMENT DATED 04/27/2020 | 967 MABURY ROAD SAN JOSE, CA 95133 | 3/23/2025 |
| 7 | ALLIED UNIVERSAL SECURITY SERVICES | 23ANDME, INC. | TERMINATION LETTER FOR THE STATEMENT OF WORK #4 DATED 10/09/2024 | 229 N FIRST STREET SAN JOSE, CA 95132 | 3/23/2025 |
| 8 | AUTOMATED BUILDING CONTROL SOLUTIONS | 23ANDME, INC. | TERMS AND CONDITIONS DATED 12/20/2021 | 330 MATHEW STREET SANTA CLARA, CA 95050 | 3/23/2025 |
| 9 | BENCHLING, INC. | 23ANDME, INC. | SALES ORDER DATED 06/24/2024 | 555 MONTGOMERY STREET #1700 SAN FRANCISCO, CA 94111 | 3/23/2025 |
| 10 | BENCHLING, INC. | 23ANDME, INC. | SALES ORDER DATED 06/24/2024 | 555 MONTGOMERY STREET #1700 SAN FRANCISCO, CA 94111 | 3/23/2025 |
| 11 | BENCHLING, INC., | 23ANDME, INC. | CUSTOMER AGREEMENT DATED 04/30/2021 | 555 MONTGOMERY STREET #1700 SAN FRANCISCO, CA 94111 | 3/23/2025 |
| 12 | BRAVOSOLUTION UK LTD | 23ANDME, INC. | USER AGREEMENT DATED (None entered) | 3020 CARRINGTON MILL BLVD SUITE 100 MORRISVILLE, NC 27560 | 3/23/2025 |
| 13 | CINTAS CORPORATION NO. 2 | 23ANDME, INC. | DATED 10/08/2019 | 6800 CINTAS BLVD. CINCINNATI, OH 45262-5737 | 3/23/2025 |

## Other Contract Rejection Exhibit

| # | Counterparty Name | Debtor Counterparty | Description of Contract[1] | Counterparty Address | Rejection Effective Date |
|---|---|---|---|---|---|
| 14 | CONTROLLED CONTAMINATION SERVICES, LLC | 23ANDME, INC. | JANITORIAL CLEANING PROPOSAL DATED 01/01/2020 | 6150 LUSK BLVD SUITE 205B<br>SAN DIEGO, CA 92121 | 3/23/2025 |
| 15 | EGNYTE, INC. | 23ANDME, INC. | RENEWAL ORDER FORM DATED 05/26/2024 | 1350 W. MIDDLEFIELD RD<br>MOUNTAIN VIEW, CA 94043 | 3/23/2025 |
| 16 | EGNYTE, INC. | 23ANDME, INC. | RENEWAL ORDER FORM DATED 05/26/2024 | 1350 W. MIDDLEFIELD RD<br>MOUNTAIN VIEW, CA 94043 | 3/23/2025 |
| 17 | EGNYTE, INC. | 23ANDME, INC. | ORDER FORM DATED 05/21/2021 | 1350 W. MIDDLEFIELD RD<br>MOUNTAIN VIEW, CA 94043 | 3/23/2025 |
| 18 | ENVOY, INC. | 23ANDME, INC. | NOTICE OF THE NON-RENEWAL OF THE ORDER FORM DATED 05/04/2024 | 410 TOWNSEND STREET<br>4TH FLOOR<br>SAN FRANCISCO, CA 94107 | 3/23/2025 |
| 19 | ENVOY, INC. | 23ANDME, INC. | SAAS AGREEMENT DATED 05/04/2024 | 410 TOWNSEND STREET<br>4TH FLOOR<br>SAN FRANCISCO, CA 94107 | 3/23/2025 |
| 20 | JAGGAER, LLC | 23ANDME, INC. | ORDER FORM DATED 09/09/2023 | 3020 CARRINGTON MILL BLVD<br>SUITE 100<br>MORRISVILLE, NC 27560 | 3/23/2025 |
| 21 | JAGGAER, LLC | 23ANDME, INC. | ORDER FORM DATED 09/09/2022 | 3020 CARRINGTON MILL BLVD<br>SUITE 100<br>MORRISVILLE, NC 27560 | 3/23/2025 |
| 22 | LINKEDIN CORPORATION | 23ANDME, INC. | TALENT TRANSFORMATION CONFERENCE DATED 03/13/2020 | 1000 W. MAUDE AVENUE<br>SUNNYVALE, CA 94085 | 3/23/2025 |
| 23 | LINKEDIN CORPORATION | 23ANDME, INC. | ORDER FORM DATED 09/14/2023 | 1000 W. MAUDE AVENUE<br>SUNNYVALE, CA 94085 | 3/23/2025 |
| 24 | O'SULLIVAN VENDING & COFFEE SERVICES | 23ANDME, INC. | TERMINATION OF THE STATEMENT OF WORK DATED 09/25/2022 | 3536 ARDEN RD.<br>HAYWARD, CA 94545 | 3/23/2025 |
| 25 | OFFICE SPACE | 23ANDME, INC. | SERVICES AGREEMENT<br>DATED (None entered) | 228 PARK AVENUE S.<br>SUITE 39903<br>NEW YORK, NY 10003 | 3/23/2025 |
| 26 | OFFICESPACE SOFTWARE INC. | 23ANDME, INC. | SERVICES ORDER FORM DATED 12/01/2019 | 228 PARK AVENUE S.<br>SUITE 39903<br>NEW YORK, NY 10003 | 3/23/2025 |
| 27 | OFFICESPACE SOFTWARE INC. | 23ANDME, INC. | ATA PROCESSING ADDENDUM DATED 06/01/2022 | 30000 MILL CREEK AVENUE<br>SUITE 300<br>ALPHARETTA, GA 30022 | 3/23/2025 |
| 28 | OKTA, INC. | 23ANDME, INC. | ORDER FORM DATED 01/19/2024 | 100 1ST STREET<br>SAN FRANCISCO, CA 94105 | 3/23/2025 |
| 29 | PACIFIC GAS AND ELECTRIC COMPANY | 23ANDME, INC. | INTERCONNECTION AGREEMENT DATED 05/28/2020 | 245 MARKET STREET<br>MAIL CODE N7L<br>SAN FRANCISCO, CA 94105-1702 | 3/23/2025 |

## Other Contract Rejection Exhibit

| # | Counterparty Name | Debtor Counterparty | Description of Contract[1] | Counterparty Address | Rejection Effective Date |
|---|---|---|---|---|---|
| 30 | SHARP ELECTRONICS CORPORATION DBA SHARP BUSINESS SYSTEMS | 23ANDME, INC. | VALUE LEASE SUPPLEMENT DATED 12/03/2019 | 100 PARAGON DRIVE MONTVALE, NJ 07645 | 3/23/2025 |
| 31 | SHARP ELECTRONICS CORPORATION DBA SHARP BUSINESS SYSTEMS | 23ANDME, INC. | LEASE APPLICATION DATED 03/18/2022 | 100 PARAGON DRIVE MONTVALE, NJ 07645 | 3/23/2025 |
| 32 | SILICON VALLEY MECHANICAL, INC. | 23ANDME, INC. | STATEMENT OF WORK #2 DATED 03/01/2024 | 2115 RINGWOOD AVE. SAN JOSE, CA 95131 | 3/23/2025 |
| 33 | SILICON VALLEY MECHANICAL, INC. | 23ANDME, INC. | MASTER SERVICES AGREEMENT DATED 02/01/2023 | 2115 RINGWOOD AVE. SAN JOSE, CA 95131 | 3/23/2025 |
| 34 | SILICON VALLEY MECHANICAL, INC. | 23ANDME, INC. | STATEMENT OF WORK #3 DATED 09/12/2024 | 2115 RINGWOOD AVE. SAN JOSE, CA 95131 | 3/23/2025 |
| 35 | SIMPLE BUT NEEDED, INC. | 23ANDME, INC. | PRIVACY AND SECURITY ADDENDUM DATED 03/15/2021 | 2425 CHANNING WAY BERKELEY, CA 94704 | 3/23/2025 |
| 36 | SIMPLE BUT NEEDED, INC. | 23ANDME, INC. | MASTER SERVICES AGREEMENT DATED 03/15/2021 | 2425 CHANNING WAY BERKELEY, CA 94704 | 3/23/2025 |
| 37 | TWILIO, INC. | 23ANDME, INC. | PLATFORM AGREEMENT (SEGMENT) DATED 08/01/2024 | 101 SPEAR STREET, 5TH FLOOR SAN FRANCISCO, CA 94105 | 3/23/2025 |
| 38 | UNIVERSAL PROTECTION SERVICE, LP DBA ALLIED UNIVERSAL SECURITY SERVICES | 23ANDME, INC. | STATEMENT OF WORK #2 DATED 05/25/2022 | 229 N FIRST STREET SAN JOSE, CA 95132 | 3/23/2025 |
| 39 | VERISK 3E | 23ANDME, INC. | VERISK 3E ORDER FORM – 3E PROTECT DATED 09/29/2020 | 3207 GREY HAWK CT. SUITE 200 CARLSBAD, CA 92010 | 3/23/2025 |
| 40 | VIVREAU USA LP | 23ANDME, INC. | RENTAL AGREEMENT DATED 10/03/2019 | 131 WEST 35TH STREET 8TH FLOOR NEW YORK, NY 10001 | 3/23/2025 |
| 41 | VIVREAU USA LP | 23ANDME, INC. | RENTAL AGREEMENT DATED 11/01/2019 | 14 MADISON ROAD, UNIT D FAIRFIELD, NJ 07004 | 3/23/2025 |

**Notes**
[1] The agreements referenced herein include any amendments or modifications thereto