# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| 23ANDME HOLDING CO., *et al.*,[1] | Case No. 25-40976 |
| Debtors. | (Joint Administration Requested) |
| | Hearing Date:  TBD[2]<br>Hearing Time:  TBD<br>Hearing Location:  TBD |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion:

### Relief Requested[3]

1.      The Debtors seek entry of an order (the "Proposed Order")[4] (a) implementing certain notice, case management, and administrative procedures (the "Procedures") in connection with the administration of these chapter 11 cases, and (b) granting related relief.  The Debtors request that, if the Procedures conflict with the Bankruptcy Rules, the Local Rules, or the

---

[1]     A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe.  The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco CA 94102.

[2]     The Debtors will file a notice stating the date, time, and location of the first day hearing once this information becomes available.

[3]     Capitalized terms used but not defined in this section have the meanings ascribed to such terms elsewhere in this motion.

[4]     Copies of the Proposed Order will be made available on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe.

*Procedures Manual Accompanying the Local Rules* (the "Procedures Manual"), the Procedures govern and supersede such rules for the Debtors' chapter 11 cases.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Eastern District of Missouri (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and rule 9.01(B) of the Local Rules of the United States District Court for the Eastern District of Missouri.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  The Debtors consent to a final order with respect to this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rule 2002(m) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9013-1 and 9013-3 of the Local Rules of Bankruptcy Procedure for the Eastern District of Missouri (the "Local Rules").

## Background

5.      23andMe Holding Co. (collectively with its Debtor subsidiaries and non-Debtor affiliates,[5] the "Company") is a leading human genetics and telehealth company with a mission to help people access, understand, and benefit from the human genome.  The Company pioneered direct access to genetic information as the only company with multiple FDA clearances for genetic health reports.  Further, through its Lemonaid Health telehealth platform, the Company operates

---

[5]     Non-Debtor affiliates exclude any controlling shareholder of 23andMe Holding Co.

as a national online doctor's office that provides medical care, pharmacy fulfillment and laboratory testing services.

6. On March 23, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

7. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors have filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) substantially contemporaneously herewith. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated at this time.

8. A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew Kvarda in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed substantially contemporaneously herewith and incorporated herein by reference.[6]

## The Procedures

9. The proposed Procedures, among other things: (a) establish requirements for the filing and service of Court filings, (b) delineate standards for notices of hearing and agendas, (c) articulate mandatory guidelines for the scheduling of hearings and objection deadlines, (d) limit matters that are required to be heard by the Court, and (e) authorize the Debtors to (i) schedule, in cooperation with the Court, periodic omnibus hearing dates, (ii) serve documents by email on

---

[6] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

certain parties in interest, (iii) establish a website (the "Case Information Website") to provide interested parties with access to certain documents filed in these chapter 11 cases, and (iv) use a claims and noticing agent to maintain and distribute documents.

10.     Given the size and complexity of these chapter 11 cases, the Debtors believe that implementing the Procedures will maximize efficiency and promote judicial economy.  Granting the relief requested will also limit the administrative burdens and costs associated with preparing for hearings and serving documents.  In addition, the Procedures will assist the Debtors and their personnel and professionals in organizing and prioritizing the numerous tasks attendant to these cases.  The Debtors estimate that implementing the Procedures will yield significant savings to the Debtors' estates and will also avoid unnecessary costs and delays.

11.     The proposed Procedures are set forth below.

**A.     Filing Court Documents**

12.     In accordance with Local Rule 5005(A), all (a) motions, applications, and other matters (collectively, the "Motions for Relief") that require notice and/or a hearing, (b) objections and responses to Motions for Relief (collectively, the "Objections"), (c) replies to Objections (the "Replies"), and (d) other documents filed with the Court (collectively with the Motions for Relief, the Objections, and the Replies, the "Court Documents") by parties represented by an attorney shall be filed electronically with the Court by registered users of the Court's Electronic Case Files system (the "ECF System").[7]

**B.     Service of Court Documents**

13.     Except as otherwise expressly provided for herein, all parties in interest (other than Non-ECF Parties, Core Parties, and Particularized Interest Parties (each as defined below)),

---

[7]     Information on the ECF System, including how to obtain a login and password, can be found at https://www.moeb.uscourts.gov/cmecf-login-and-password-information.

whether or not they have filed or file subsequent to the date hereof a notice of appearance or request for service of papers under Bankruptcy Rule 2002, shall be deemed to receive electronic notice through the ECF System of each Court Document, effective as of the date the relevant Court Document is posted on the Court's ECF System, and therefore do not need to be separately served with such Court Document.

14.     Any party in interest who files a notice of appearance or request for service of papers by means other than through the ECF System (each, a "Non-ECF Party") shall be served each Court Document by U.S. mail or email (if an email address has been provided) unless the Non-ECF Party agrees that such service shall not be required.

15.     Each Court Document shall separately be served (in addition to service via the ECF System) on (a) proposed counsel to the Debtors, (i) Paul, Weiss, Rifkind, Wharton & Garrison LLP and (ii) Carmody MacDonald P.C.; (b) the Debtors' authorized claims and noticing agent, Kroll Restructuring Administration LLC (the "Claims and Noticing Agent"); (c) the Office of the United States Trustee for the Eastern District of Missouri (the "U.S. Trustee"); (d) counsel to any official committee appointed in these cases; (e) the agent/lender under any proposed postpetition financing facility and its counsel, if applicable; (f) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (g) the law firms representing claimants who have filed or asserted claims arising out of the Cyber Security Incident as of the Petition Date (the "Cyber Security Incident List"); (h) the United States Attorney's Office for the Eastern District of Missouri; (i) the Internal Revenue Service; (j) the Federal Trade Commission; (k) Securities and Exchange Commission; and (l) the state attorneys general in all 50 states (collectively, the "Core Parties").  The Debtors shall maintain a service list of the Core Parties (the "Core Parties List"), which shall replace the Master Service and Master Notice List required

under Local Rule 9013-3(D).  The Core Parties List will be available from the Claims and Noticing Agent by request.

16.    Each Court Document shall also be separately served (in addition to service via the ECF System) on each person, entity, and governmental agency with a particularized interest in such Court Document (each, a "Particularized Interest Party").  Core Parties (and no other parties) shall be authorized to serve all Court Documents by email on any relevant Particularized Interest Party or counsel thereto.  All other parties shall serve Court Documents on the Particularized Interest Parties in accordance with judicial order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

17.    All Court Documents served by a party via email (other than through the ECF System) shall include one or more attachments containing the entire Court Document, including the proposed form of order and any exhibits and attachments thereto, in PDF format or, in the case of the Debtors, a hyperlink copy of such Court Document on the Case Information Website. Notwithstanding the foregoing, if a Court Document cannot be attached to an email (because of size, technical difficulties, or otherwise) and, in the case of the Debtors, cannot be made available on the Case Information Website, the serving party may, in its sole discretion, (a) serve the entire Court Document by U.S. mail, hand delivery, overnight delivery, or facsimile, including the proposed form of order and any exhibits, attachments, and other relevant materials, or (b) serve a notice by email stating that the Court Document cannot be attached but is available on the Court's ECF System or the Case Information Website (the "Alternate Notice") and will be mailed only if requested by the party receiving the notice.

18.    Service of a Court Document through the ECF System shall be effective as of the date such Court Document is posted on the Court's ECF System.  Service on a party by email

(other than through the ECF System) shall be effective as of the date the Court Document or Alternate Notice is transmitted by email to the address provided by such party.

19.     Upon the filing of any Court Document, other than a Motion for Relief seeking emergency or expedited relief, the filing party shall file with the Court a certificate of service ("Proof of Service") in accordance with the Local Rules and the Procedures within three business days of the related Court Document being filed.  In the case of a Motion for Relief seeking emergency or expedited relief, a Proof of Service must be filed within 24 hours of the related Motion for Relief being filed.  Proofs of Service need not be served on any party.

20.     Notice and service accomplished in accordance with the provisions set forth in the Proposed Order shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

1.   **Service of Court Documents to the Cyber Security Incident Claimants**

21.     As detailed more fully in the First Day Declaration, the Company is subject to various lawsuits, arbitrations, and other government investigations concerning claims arising from or relating to the Cyber Security Incident.  As of the Petition Date, over 50 class action and state court lawsuits have been filed against the Company to date, and approximately 35,000 claimants have initiated, filed or threatened to commence arbitration claims against the Company (the "Cyber Security Incident Claims" and, holders of such claims, the "Cyber Security Incident Claimants").  Thus, the Debtors estimate that the overwhelming majority of claims against them in these chapter 11 cases originate from the Cyber Security Incident.

(a)     Represented Cyber Security Incident Claimants

22.     The Debtors typically conduct communications regarding the Cyber Security Incident Claims through the counsel and/or law firm of record for the Cyber Incident Claimants, and keep records of such counsel or law firm's address information to the extent such Cyber

Security Incident Claimants are represented by counsel (the "Represented Cyber Security Incident Claimants").  Moreover, since the Cyber Incident Claimants are or were customers of the Debtors, the Debtors may have records of the names and email addresses, but not the mailing addresses for all of the Cyber Security Incident Claimants.[8]

23.     The Debtors wish to continue the practice of conducting all communications with the Represented Cyber Security Incident Claimants through their respective counsels.  As provided above, throughout the course of the chapter 11 cases, various Court Documents, notices, mailings, and other related communications will need to be sent to the Cyber Security Incident List and may be sent to additional Represented Cyber Security Incident Claimants.

24.     In order to ensure that the Represented Cyber Security Incident Claimants receive proper and timely notice of filings and critical events in these chapter 11 cases, the Debtors request authority to implement the following notice procedures, in their sole discretion, as they relate to any Represented Cyber Security Incident Claimants (the "Represented Cyber Security Incident Claimants Notice Procedures"), except as may otherwise be ordered by the Court:

a.      send (or direct the Claims and Noticing Agent to send) Court Documents, notices, mailings, and other related communications to the counsel of record for the Represented Cyber Security Incident Claimants, in the manner required pursuant to these Procedures; *provided* that the Debtors will (or direct the Claims and Noticing Agent to) send Court Documents, notices, mailings, and other communications directly to any Represented Cyber Security Incident Claimants who so request such direct notice from the Debtors in writing or who file a request for notice under Bankruptcy Rule 2002; and

b.      for counsel representing multiple Represented Cyber Security Incident Claimants, serve each document only a single time on such

---

[8]     The Company typically communicates with customers via email, and while it has mailing addresses for customers who purchased testing kits directly from the Company, it does not have mailing addresses for customers who purchased testing kits from third parties, such as Amazon or Walmart.

counsel (at each relevant address or email address) on behalf of all of such counsel's clients.

25.     Except as provided by subsequent order of this Court, the Debtors are not required to provide further notice to the Represented Cyber Security Incident Claimants beyond the Represented Cyber Security Incident Claimants Notice Procedures set forth herein.

26.     The Debtors submit that permitting the Debtors to serve Court Documents, notices, mailings, and other related communications on the counsel of record for the Represented Cyber Security Incident Claimants is reasonable and satisfies due process, as doing so is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane* v. *Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (describing notice required to satisfy due process).  The Represented Cyber Security Incident Claimants are represented by numerous law firms, which firms will have the most current knowledge of their clients' contact information and are likely better positioned to receive communications on behalf of the Represented Cyber Security Incident Claimants.  Further, the contact information of such law firms is more likely to remain unchanged over time.  More importantly, using the mailing or emailing addresses, as applicable, of counsel to the Represented Cyber Security Incident Claimants will dramatically ease the administrative burden on the Debtors and help minimize cost at this critical juncture.  Listing and sending communication to such counsel also may be a more effective means of updating the Represented Cyber Security Incident Claimants as such claimants are likely to rely on their counsel to take actions in response to such communications.

27.     Courts in various districts presiding over cases that involve mass litigation have held that due process was satisfied where notice had been provided to the counsel of record for claimants engaged in litigation with the noticing party.  *See, e.g.*, *In re Garlock Sealing Techs.*,

*LLC*, 2017 WL 2539412, at *15, 33 (W.D.N.C. June 12, 2017) (finding all asbestos claimants had been afforded due process when debtors provided notice of their proposed plan of reorganization and confirmation hearing to asbestos claimants' counsel, rather than to asbestos claimants); *In re Residential Capital, LLC*, 2015 WL 2256683, at *7 (Bankr. S.D.N.Y. May 11, 2015) (finding notice to a creditor's attorney was proper where the attorney represented the creditor in a state court action with a sufficient nexus to the bankruptcy case); *In re Muralo Co., Inc.*, 295 B.R. 512, 525 (Bankr. D. N.J. 2003) ("In a mass tort case such as this . . . this court believes that service on counsel could well be 'better' in substantive terms (not just 'administratively') than certain other individualized service alternatives."); *see also In re Schicke*, 290 B.R. 792, 805-06 (B.A.P. 10th Cir. 2003) (finding notices of chapter 7 proceedings sent to attorney representing a judgment creditor in non-bankruptcy litigation was the best notice possible where the debtor did not know the creditor's contact information), *aff'd*, 97 F. App'x 249 (10th Cir. 2004).

> (b)     Cyber Security Incident Claimants Not Represented by Counsel

28.     For Cyber Security Incident Claimants who, in their individual capacity and without representation by counsel, have asserted Cyber Security Incident Claims against the Debtors as of the Petition Date and throughout the pendency of these chapter 11 cases, the Debtors propose sending Court Documents, notices, mailings, and other related communications directly to such Cyber Security Incident Claimants but only to the extent that the Debtors have reasonable access to such Cyber Security Incident Claimants' contact information (*i.e.*, mailing address or email).

## C.     Scheduling of Hearings and Deadlines for Filing Court Documents

29.     The Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings ("Omnibus Hearings") at which Motions for Relief and other requests shall be heard.  At least two days before any Omnibus Hearing, the Debtors shall file with the Court an

agenda that sets forth each matter to be heard at such Omnibus Hearing. The Debtors may update or amend that agenda from time to time thereafter to the extent necessary. The matters listed on the agenda shall be limited to matters of substance and shall not include administrative filings, such as notices of appearance and Proofs of Service.

30.     Unless otherwise ordered by the Court, the following guidelines shall apply to all Omnibus Hearings:

a.   Motions for Relief shall not be considered by the Court unless filed and served in accordance with these Procedures at least 14 days before the next available Omnibus Hearing.

b.   Hearings in connection with claims objections, pre-trial conferences, trials related to adversary proceedings, and Motions for Relief on an expedited basis may be scheduled for dates other than the regular Omnibus Hearing dates. However, initial pre-trial conferences scheduled in connection with adversary proceedings shall be set on the next available Omnibus Hearing date that is at least 45 days after the filing of the complaint, except as otherwise ordered by the Court.

c.   Unless the Court directs otherwise, if a Court Document purports to set a hearing date that is inconsistent with the Procedures, the hearing shall be scheduled, without the necessity of Court order, for the next available Omnibus Hearing date in accordance with these Procedures, and the Debtors shall provide the movant with notice of these Procedures.

d.   Subject to Local Rules 9013-2(C) and (D), if a non-Debtor movant or applicant intends to seek emergency or expedited relief, the non-Debtor movant or applicant shall be required to provide the Debtors' attorneys three business days' notice prior to seeking such emergency or expedited relief.

31.     The three-day extension for additional time after service by mail as set forth in Bankruptcy Rule 9006(f) shall not apply to parties duly served by email, the ECF System, or other electronic transmission.

32.     Notwithstanding any Local Rule, unless otherwise ordered by the Court, the deadline for any party to file an Objection (the "Objection Deadline") to any Motion for Relief, other than a motion seeking relief from the automatic stay filed by a non-Debtor party, shall be by

4:00 p.m. (prevailing Central Time) on the date that is seven days before the date of the hearing on such Motion for Relief. The Objection Deadline may be extended with the consent of the movant or applicant without further order of the Court. No Objection shall be considered timely unless filed with the Court and served on or before the applicable Objection Deadline. All parties filing an Objection shall include their telephone number and email address in the signature block on the last page of the Objection.

33.     A Motion for Relief may be granted without a hearing, provided that the Motion for Relief is noticed in accordance with Local Rule 9061(c), and, after the passage of the Objection Deadline, an attorney for the entity who filed the Motion for Relief files a declaration pursuant to 28 U.S.C. § 1746 indicating that no Objection has been filed or served in accordance with these Procedures.

34.     If an Objection is filed, then, unless otherwise ordered by the Court, any Reply shall be filed with the Court and served in accordance with these Procedures on or before 11:59 p.m. (prevailing Central Time) on the date that is one day before the date of the applicable hearing.

35.     The Debtors are permitted to file omnibus responses to Objections.

36.     If a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the scheduled hearing, the parties may announce the settlement at the scheduled hearing. If the Court determines that the notice of the dispute and the hearing is an adequate notice of the effects of the settlement (*i.e.*, that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.

37.     Unless otherwise ordered by the Court, these Procedures shall not supersede the requirements for notice of the proceedings described in Bankruptcy Rules 2002(a)(1), (a)(4)–(a)(5) and (a)(7)-(a)(8), 2002(b), 2002(d), and 2002(f).

**D.     Motions for Relief from the Automatic Stay**

38.     In accordance with Local Rule 4001-1(B), notwithstanding anything contained herein, unless otherwise ordered by the Court, a motion for relief from the automatic stay (a "<u>Stay Relief Motion</u>") filed by any party other than the Debtors pursuant to section 362 of the Bankruptcy Code shall ordinarily be set for an Omnibus Hearing giving a minimum of 21 days' notice, and the Objection Deadline for such Stay Relief Motion shall be seven days before the scheduled hearing.

39.     Notwithstanding section 362(e) of the Bankruptcy Code, if a hearing on a Stay Relief Motion filed by a party other than the Debtors under section 362(d) of the Bankruptcy Code is scheduled for a date that is more than 30 days from the date of such Stay Relief Motion, or if such Stay Relief Motion is adjourned upon the consent of the Debtors and the moving party to a date that is more than 30 days from the date of such Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

**E.     Form of Court Documents**

40.     Notwithstanding    section    342(c)    of    the    Bankruptcy    Code    and Bankruptcy Rule 2002(n), notices given by the Debtors shall not be required to contain the address and taxpayer identification numbers of the Debtors.

41.     The page limitation set forth in Local Rule 9004(C) shall not apply to Court Documents filed in these cases.

42.     Nothing in these Procedures shall prejudice the right of any party to move the Court to order relief under (a) section 107(b) of the Bankruptcy Code or Bankruptcy Rule 9018 to protect any entity with respect to a trade secret or confidential research, development, or commercial information or to protect a person with respect to scandalous or defamatory matter contained in a Court Document filed in these cases, or (b) section 107(c) of the Bankruptcy Code to protect any individual with respect to disclosure of any information contained in a Court Document filed in these cases that would create an undue risk of identity theft or other unlawful injury to the individual or such individual's property.  If the Debtors seek approval of or authorization from the Court to assume, reject, enter into, approve, honor, or assign any agreement, including contracts, leases, financing agreements, settlement agreements, consent orders, and any other arrangement or instrument of any kind, or if the Debtors are otherwise required to refer to the terms or provisions of any such instrument in a Court Document, and such instrument contains confidential or proprietary information or information that if disclosed would create an undue risk of harm with respect to an individual or such individual's property, the Debtors need not file such instrument with the Court unless requested to do so by the Court or a party in interest, and the Debtors shall be entitled at the time of such request, and before filing such instruments, to seek relief under sections 107(b) or 107(c) of the Bankruptcy Code or Bankruptcy Rule 9018 with respect to such instrument.

**F.     Proposed Orders**

43.     A proposed order relating to any Court Document shall be emailed to 23andMeTeam@ra.kroll.com immediately after the filing of the applicable Court Document for posting on the Debtors' Case Information Website.  The email shall (a) attach the proposed order and the as-filed Court Document in PDF format, and (b) include the title and ECF docket number of the applicable Court Document.  The subject line of the email message shall state "Proposed

14

Order for posting to 23andMe Case Website." The applicable Court Document that seeks entry of such proposed order shall include the following (or a substantially similar) statement: "Copies of the proposed order granting the relief requested herein will be made available on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/23andMe." Proposed orders that have been properly submitted in accordance herewith will be posted on the Debtors' Case Information Website at https://restructuring.ra.kroll.com/23andMe.

44.     If such proposed order is not provided to the Debtors' Claims and Noticing Agent for posting on the Case Information Website within two business days of the filing of the applicable Court Document as provided for herein, the Debtors may contact the applicable party requesting such party provide the proposed order as soon as practicable in accordance with the Proposed Order.

45.     Proposed orders shall not be filed on the Court's docket but parties shall email a final version of the proposed order to the Court as provided in the Court's Procedure Manual.[9] The title of any proposed order shall describe the Court Document to which it relates by title and shall indicate whether the order grants or denies the requested relief. The text of the proposed order shall (a) be sufficiently descriptive to clearly state the relief granted or denied, including a description of any property subject to the order, and (b) contain the name and address of the person who prepared the proposed order. Serving a proposed order in accordance with these Procedures will be deemed to satisfy the requirements of Local Rule 9050. Final orders entered in these cases shall be served on Core Parties and Particularized Interest Parties in accordance with these Procedures by the party submitting the proposed order.

---

[9]    The Court's Procedures Manual is available at https://www.moeb.uscourts.gov/sites/moeb/files/USBC%20EDMO%20Procedures%20Manual%20Rev%20120123.pdf.

15

### G.   Video Conference Appearances

46.    If any party wishes to appear by video conference they may do so by following the procedures on the Court's website at: https://www.moeb.uscourts.gov/sites/moeb/files/ EDMO%20Video%20Conference%20Procedures.pdf.

### H.   Noticing and Case Information Website

47.    The Debtors, in cooperation with the Claims and Noticing Agent, are hereby authorized to create and maintain an independent Case Information Website for the posting of certain information regarding the Debtors' chapter 11 cases, including, in the Debtors' sole discretion, certain orders, decisions, or other Court Documents. The Court's website, www.moeb.uscourts.gov, may include a link to the Case Information Website.

48.    The Case Information Website shall display a disclaimer substantially similar to the following:

> This website is created and maintained by Kroll Restructuring Administration LLC ("Kroll"), the claims and noticing agent for 23andMe Holding Co. and its Debtor subsidiaries (collectively, the "Debtors"). The information contained on this website is provided for informational purposes only and should not be construed as legal, financial, or other professional advice or, unless expressly stated, as the Debtors' or Kroll's official position on any subject matter. Users of this website should not take or should refrain from taking any action based upon content included in the website without seeking legal counsel on the particular facts and circumstances at issue from a licensed attorney.
>
> The Debtors and Kroll do not guarantee or warrant the accuracy, completeness, or currency of the information that is provided herein, and shall not be liable to you for any loss or injury arising out of, or caused in whole or in part by, the acts, errors, or omissions of the Debtors or Kroll, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained on this website. The Debtors and Kroll expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify you or any third party, should the information be updated, modified, revised, or recategorized. In no event shall the Debtors or Kroll be liable to you or any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors, or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however

16

caused, even if the Debtors or Kroll are advised of the possibility of such damages. This website should not be relied on as a substitute for financial, legal, or other professional advice.

It is your sole obligation to maintain accurate records of the documents filed in the chapter 11 cases, based on the Court's dockets relating to the chapter 11 cases, which can be accessed through the Court's website at www.moeb.uscourts.gov (a PACER login and password are needed to view these documents and can be obtained at http://pacer.psc.uscourts.gov).  The Debtors' website is being made available merely as a convenience to interested parties and the public.

Electronic mail or other communications through this website, or otherwise, to the Debtors, their counsel, or Kroll in connection with these or other matters will not be treated as privileged or confidential.  Transmission and receipt of the information in this website and/or communication with the Debtors or Debtors' counsel via email is not intended to solicit or create, and does not create, an attorney-client relationship between Debtors' counsel and any person or entity.  The Debtors and Kroll do not endorse or warrant, and are not responsible for, any third-party content that may be accessed from this website.

The Debtors and Kroll make no claim to original U.S. Government works.  None of the Debtors, or any of their respective directors, officers, employees, members, attorneys, consultants, advisors, or agents (acting in such capacity), including Kroll (collectively, the "Exculpated Parties"), shall have or incur any liability to any entity (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code) for any act taken or omitted to be taken in connection with the preparation, dissemination, or implementation of this website; *provided,* however, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph that otherwise would result from any such act or omission to the extent that such act or omission is determined in a final, non-appealable order to have constituted a breach of fiduciary duty, gross negligence, or willful misconduct, including fraud and criminal misconduct, or the breach of any confidential agreement or order.  Without limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

49.     The Claims and Noticing Agent shall maintain a master list containing the name and address of each creditor of the Debtors (the "Creditor Matrix").  The Debtors shall file with the Court the Creditor Matrix and, on a periodic basis, any amendments thereto.

## I.    Amendments and Notice of Order

50.    The Debtors may seek to amend the Procedures occasionally throughout the chapter 11 cases and shall present such amendments to the Court by a Motion for Relief in accordance with the Proposed Order.

51.    The Debtors shall make the Proposed Order available on the Case Information Website, and, within three days after its entry, serve it by U.S. mail, hand delivery, facsimile, or email on the Core Parties and all parties that, prior to the date of the entry of the Proposed Order, have requested notice pursuant to Bankruptcy Rule 2002.

## J.    Time

52.    Any time period prescribed or allowed by these Procedures shall be computed in accordance with Bankruptcy Rule 9006.  Nothing in these Procedures shall prejudice the right of any party to move the Court to request an enlargement or reduction of any time period under Bankruptcy Rules 2002(m), 9006(b), or 9006(c).

### Basis for Relief

53.    The Bankruptcy Code, the Bankruptcy Rules, and the Local Rules provide the Court with authority to approve notice, case management, and administrative procedures. Specifically, Bankruptcy Rule 2002(m) states that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."  Fed. R. Bankr. P. 2002(m); *see also* Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

54.    The Local Rules also allow the Court to set appropriate notice requirements and objection deadlines in connection with the facts and circumstances of these chapter 11 cases.  *See*

L.R. 9013-1, 9013-3.  Moreover, section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

55.      In light of the above, the Procedures are appropriate in these chapter 11 cases and should be approved.  The Procedures will promote the efficiency and orderly administration of these chapter 11 cases by, among other things, (a) limiting service of Court filings to those parties that have an interest in the subject matter thereof, (b) authorizing electronic service, and (c) establishing guidelines for the scheduling of hearings and objection deadlines.  The omnibus hearings and electronic notice requirements as provided in the Procedures will alleviate any notice or hearing burdens that may arise in these chapter 11 cases whenever possible by establishing set hearings and briefing schedules.  Parties will then also be able to seek emergency relief as is necessary as provided by the Procedures. This process will reduce the estates' administrative burdens and costs associated with hearing preparation and attendance and will minimize the burden on the Court.  By authorizing the Debtors to maintain a Case Information Website and retain the Claims and Noticing Agent, the Procedures will also preserve the Debtors' goodwill by providing easy and affordable access to information to keep interested parties, including their customers and employees, informed of developments in the restructuring process.

56.      The Debtors anticipate that thousands of interested parties may request service of Court Documents in these chapter 11 cases.  Consequently, service by email by the Core Parties is the most efficient and cost-effective method of service.  Serving the Debtors' thousands of creditors with each Court Document could easily cost the Debtors tens of thousands of dollars in printing, mailing, and service costs for each Court Document.  In comparison, the cost of email service is *de minimis*. Considering the substantial number of Court Documents that are likely to

be filed and served in these cases, the Procedures proposed herein will save the Debtors' estates significant amounts of money.

57.     The Debtors also anticipate that certain parties may seek relief from the automatic stay and that the Debtors' personnel and professionals will be involved in negotiations with respect to each of these requests.  In light of the magnitude and complexity of these cases, the time period set forth in section 362(e) of the Bankruptcy Code places an undue time constraint on the Debtors' efforts to resolve these issues and is therefore unduly burdensome to the Debtors' estates. Accordingly, the Debtors submit that, notwithstanding section 362(e), if a scheduled Motion for Relief under section 362(d) of the Bankruptcy Code is, upon the consent of the Debtors and the moving party, adjourned to a date that is on or after the 30th day following the date of the moving party's request for relief, the moving party shall be deemed to have (a) consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and (b) waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

58.     Additionally, the Debtors submit that in many instances, given the complex nature of the Debtors' operations and these chapter 11 cases, parties will be unable to adequately describe the relief requested, the basis for relief, the nature of any objection, or the response to any objection, as applicable, in a Court Document that does not exceed 15 pages.  Moreover, it would be unduly burdensome and lead to unnecessary cost and delay to require parties to seek relief to exceed the page limitation set forth in Local Rule 9004(C) on a per Court Document basis.   It is accordingly appropriate to grant parties leave to exceed the page limitation set forth in Local Rule 9004(C).

59. For the reasons stated herein, the Debtors believe the Procedures are appropriate and should be approved and implemented in these chapter 11 cases.

**<u>Notice</u>**

60. The Debtors will provide notice of this motion to the following parties: (a) the Office of the United States Trustee for the Eastern District of Missouri; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the law firms representing claimants who have filed or asserted claims arising out of the Cyber Security Incident as of the Petition Date; (d) the agent/lender under any proposed postpetition financing facility and its counsel, if applicable; (e) the United States Attorney's Office for the Eastern District of Missouri; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; (h) the Federal Trade Commission; (i) the state attorneys general in all 50 states; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "<u>Notice Parties</u>"). Notice of this motion and any order entered hereon will be served in accordance with Local Rule 9013-3(A)(1). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

61. A copy of this motion is available on (a) PACER at https://pacer.uscourts.gov/ and (b) the website maintained by the Debtors' proposed claims and noticing agent, Kroll Restructuring Administration LLC, at https://restructuring.ra.kroll.com/23andMe.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order and grant such other relief as the Court deems appropriate under the circumstances.

Dated: March 24, 2025
St. Louis, Missouri

Respectfully submitted,

**Carmody MacDonald P.C.**
*/s/ Thomas H Riske*
Thomas H. Riske #61838MO
Nathan R. Wallace #74890MO
Jackson J. Gilkey #73716MO
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
Telephone:     (314) 854-8600
Facsimile:     (314) 854-8660
Email:         thr@carmodymacdonald.com
               nrw@carmodymacdonald.com
               jjg@carmodymacdonald.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Paul M. Basta (*pro hac vice* pending)
Christopher Hopkins (*pro hac vice* pending)
Jessica I. Choi (*pro hac vice* pending)
Grace C. Hotz (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone:     (212) 373-3000
Facsimile:     (212) 757-3990
Email:         pbasta@paulweiss.com
               chopkins@paulweiss.com
               jchoi@paulweiss.com
               ghotz@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in Possession*