**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| 23ANDME HOLDING CO., *et al.*,[1] | Case No. 25-40976 |
| Debtors. | (Joint Administration Requested) |
| | Hearing Date: TBD[2] |
| | Hearing Time: TBD |
| | Hearing Location: TBD |

**DEBTORS' MOTION FOR ENTRY OF INTERIM**
**AND FINAL ORDERS (I) AUTHORIZING THE PAYMENT OF**
**CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")
respectfully state as follows in support of this motion:

**Relief Requested**[3]

1.      The Debtors seek entry of an interim order (the "Interim Order") and a final order
(the "Final Order" and, together with the Interim Order, the "Proposed Orders")[4] (a) authorizing
the Debtors to remit or pay (or use tax credits or other attributes to offset or otherwise satisfy)
certain Taxes and Fees due and owing to various federal, state, local, foreign, and other applicable
Authorities that arose prior to the Petition Date (including any Assessment determined by Audit

---

[1]      A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe. The Debtors' service address
for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

[2]      The Debtors will file a notice stating the date, time, and location of the first day hearing once this information
becomes available.

[3]      Capitalized terms used but not defined in this section have the meanings ascribed to such terms elsewhere in this
motion.

[4]      Copies of the Proposed Orders will be made available on the website of the Debtors' proposed claims and noticing
agent at https://restructuring.ra.kroll.com/23andMe.

or otherwise determined to be owed for periods prior to the Petition Date), and (b) granting related relief, all as more fully set forth in the motion.  In addition, the Debtors request that the Court schedule a final hearing to consider approval of this motion on a final basis.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Eastern District of Missouri (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and rule 9.01(B) of the Local Rules of the United States District Court for the Eastern District of Missouri (the "Local Rules").  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  The Debtors consent to a final order with respect to this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 363(b), 507(a)(8), and 541 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

5.      23andMe Holding Co. (collectively with its Debtor subsidiaries and non-Debtor affiliates,[5] the "Company") is a leading human genetics and telehealth company with a mission to help people access, understand, and benefit from the human genome.  The Company pioneered direct access to genetic information as the only company with multiple FDA clearances for genetic health reports.  Further, through its Lemonaid Health telehealth platform, the Company operates

---

[5]     Non-Debtor affiliates exclude any controlling shareholder of 23andMe Holding Co.

as a national online doctor's office that provides medical care, pharmacy fulfillment and laboratory testing services.

6.      On March 23, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

7.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors have filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) substantially contemporaneously herewith.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated at this time.

8.      A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew Kvarda in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed substantially contemporaneously herewith and incorporated herein by reference.[6]

## Taxes and Fees Overview

9.      In the ordinary course of business, the Debtors collect, incur, remit, withhold, and pay taxes, fees, and assessments related to, among others, sales and use, property (real or personal), franchise, business, excise, income, gross receipts, customs and import duties, operations, third-party services, licenses (including business, pharmacy and medical), permitting, employees,[7]

---

[6]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

[7]     Other than with respect to any potential unknown Audits or Assessments, the Debtors do not seek authority to pay prepetition amounts related to employment taxes and payroll withholding taxes under this motion, but rather request such authority as part of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Certain Prepetition Employee Wages and Benefits and (B) Continue Employee Benefits*

value added tax and similar foreign jurisdiction transaction-based taxes, and various other governmental charges, fees, and assessments (together with any penalty, interest, or similar charges in respect of such amounts, collectively, "Taxes and Fees").

10.     The Debtors pay and remit, as applicable, Taxes and Fees on a periodic basis, typically remitting them monthly, quarterly, annually, or on other terms to the federal government, various state and local governments, and other applicable taxing authorities and related inspectors, vendors, and agents (collectively, the "Authorities"), depending on the nature and incurrence of a particular Tax or Fee and as required by applicable laws and regulations.  A schedule identifying the Authorities is attached hereto as **Exhibit A**.[8]  Taxes and Fees typically (but not exclusively) are remitted and paid by the Debtors through checks and electronic transfers that are processed through their banks and other financial institutions or service providers.  From time to time, the Debtors also receive tax credits for overpayments or refunds in respect of Taxes or Fees.  The Debtors use these credits in the ordinary course of business to offset against future Taxes or Fees or for other general corporate purposes, or have the amount of such credits refunded to the Debtors.

11.     The Debtors estimate that no more than approximately $481,700 in Taxes and Fees have accrued as of the Petition Date or otherwise relate to the prepetition period and will become due and owing to Authorities after the Petition Date (the "Final Amount"), of which approximately $110,150 (the "Interim Amount") will become due to Authorities on or before the date on which a hearing is scheduled to consider approval of this motion on a final basis (the "Interim Period").

---

*Programs and Pay Related Obligations and (II) Granting Related Relief*, filed substantially contemporaneously herewith.

[8]   Although **Exhibit A** is intended to be comprehensive, the Debtors may have inadvertently omitted Authorities from **Exhibit A**.  The Debtors request relief with respect to Taxes and Fees payable to all Authorities, regardless of whether such Authority is specifically identified in **Exhibit A**.

By this motion, the Debtors seek the authority to pay the Interim Amount upon entry of the Interim Order, and the Final Amount upon entry of the Final Order.

### A. Income and Franchise Taxes and Fees

12.    In the ordinary course of business, the Debtors incur and are required to pay (a) taxes imposed on the Debtors' income ("Income Taxes") and (b) various state and local franchise taxes and related taxes and fees (the "Franchise Taxes and Fees" and, collectively with the Income Taxes, the "Income and Franchise Taxes and Fees").

13.    The Income Taxes include taxes on profits for federal, state, and local authorities. The Debtors typically pay Income Taxes on a monthly, quarterly, or annual basis, depending on the nature and incurrence of particular Income Taxes as required by applicable laws and regulations. Additionally, in certain jurisdictions, customers are required to withhold and remit Income Taxes to the relevant Authority on behalf of the Debtors. In other jurisdictions, the Debtors remit estimated amounts in respect of Income Taxes, resulting in tax credits or overpayments which may be setoff against future Income Taxes, or in certain circumstances may be refunded to the Debtors.

14.    The Franchise Taxes and Fees include state and local franchise taxes, business taxes, gross receipt taxes, and business registration and related fees for the privilege of doing business within such jurisdictions. The Debtors generally remit Franchise Taxes on a monthly, quarterly, semi-annual or annual basis.

15.    In fiscal year 2024, the Debtors remitted approximately $114,000 in Income and Franchise Taxes and Fees to the applicable Authorities. As of the Petition Date, the Debtors estimate that they owe approximately $114,000 on account of prepetition Income and Franchise Taxes and Fees to the applicable Authorities.

### B. Sales and Use Taxes

16.     In connection with the Debtors' operations, the Debtors incur, collect, and remit taxes on goods or services that are used, consumed, or sold, with such taxes assessed based on the value of those goods and services (including interest and penalties on any late payments, collectively, "Sales and Use Taxes").  Sales and Use Taxes essentially are general consumption taxes charged at either the point of purchase for goods and services or the point of sale of goods and services, which are usually set by an Authority as a percentage of the retail price of the good or service purchased or sold.  The process by which the Debtors remit Sales and Use Taxes varies depending on the Authority.  Generally, the Debtors remit Sales and Use Taxes on a monthly basis, depending on the nature and incurrence of the particular Sales and Use Taxes as required by applicable laws and regulations.

17.     In fiscal year 2024, the Debtors remitted approximately $120,000 in Sales and Use Taxes to the applicable Authorities.  As of the Petition Date, the Debtors estimate that they owe approximately $24,000 on account of prepetition Sales and Use Taxes to the applicable Authorities.

### C.     Property Taxes

18.     The Debtors remit Property Taxes directly to the Authorities relating to certain properties that the Debtors lease and use in the operation of their business (the "Real Property Taxes").  The timeline for paying Property Taxes depends on the nature and incurrence of the particular Property Tax as required by applicable laws and regulations.

19.     Moreover, state and local laws in the jurisdictions where the Debtors operate generally grant Authorities the power to levy property taxes against the Debtors' personal property ("Personal Property Taxes" and, together with Real Property Taxes, "Property Taxes").  To avoid the imposition of statutory liens on their personal property, the Debtors pay Personal Property

Taxes as they come due in the ordinary course of business, generally on a semi-annual or annual basis, depending on the applicable Authority.

20.     In fiscal year 2024, the Debtors remitted approximately $529,700 in Property Taxes to the applicable Authorities.  As of the Petition Date, the Debtors estimate that they owe approximately $212,000 on account of prepetition Property Taxes to the applicable Authorities.

### D.    Foreign Taxes

21.     Because part of the Debtors' business is conducted outside of the United States, the Debtors incur various income and value-added taxes from foreign jurisdictions (collectively, "Foreign Taxes").  The Debtors generally remit Foreign Taxes on a monthly or quarterly basis, depending on the applicable Authority.

22.     In fiscal year 2024, the Debtors remitted approximately $417,300 in Foreign Taxes to the applicable Authorities.  As of the Petition Date, the Debtors estimate that they owe approximately $105,000 on account of prepetition Foreign Taxes to the applicable Authorities.

### E.    Regulatory and Other Taxes and Fees

23.     In the ordinary course of business, the Debtors incur certain reporting fees, intellectual property fees, licensing and accreditation fees, Nasdaq listing fees, regulatory fees, and similar requirements, as well as certain tax-related obligations arising from their MSAs with the non-debtor PMCs (collectively, "Regulatory and Other Taxes and Fees").  The Debtors typically remit Regulatory and Other Taxes and Fees to the relevant Authorities on a semi-annual or annual basis, as they come due, depending on the specific Taxes and Fees.

24.     In fiscal year 2024, the Debtors remitted approximately $87,770 in Regulatory and Other Taxes and Fees to the applicable Authorities.  As of the Petition Date, the Debtors estimate that they owe approximately $26,700 on account of prepetition Regulatory and Other Taxes and Fees to the applicable Authorities.

7

F.    **Audits**

25.    The Debtors may be subject to investigations and audits on account of tax returns and/or obligations from current or prior years (collectively, the "Audits"). The Audits may result in the imposition of additional prepetition Taxes and Fees against the Debtors, including interest on late payment of taxes, penalties, and fees (such additional Taxes and Fees, collectively, "Assessments"). In addition, there may be amounts that may need to be posted as collateral to contest asserted Assessment amounts. Taxes and Fees relating to the prepetition period may become due and owing as a result of such Audits and Assessments, including in connection with settlements with the applicable Authority, after the Petition Date. Nothing in this motion or any related order constitutes or should be construed as an admission of liability by the Debtors with respect to any Audit or Assessment. The Debtors expressly reserve all rights with respect to any Audit. Furthermore, the Debtors reserve the right to contest any Assessment claimed to be due as a result of the Audits.

## Basis for Relief

A.    **Payment of Taxes and Fees as Provided Herein Is a Sound Exercise of the Debtors' Business Judgment and Is Necessary to Protect and Preserve the Estates**

26.    Courts have recognized that it is appropriate to authorize the payment of prepetition obligations where necessary to protect and preserve the estate, including an operating business's going-concern value. *See, e.g.*, *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) ("The ability of a Bankruptcy Court to authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept."). In doing so, these courts

acknowledge that several legal theories rooted in sections 105(a) and 363(b) of the Bankruptcy Code support the payment of prepetition claims as provided herein.[9]

27.     Section 363(b) of the Bankruptcy Code permits a debtor, subject to court approval, to pay prepetition obligations where a sound business purpose exists for doing so.  *See Ionosphere Clubs*, 98 B.R. at 175 (noting that section 363(b) provides "broad flexibility" to authorize a debtor to honor prepetition claims where supported by an appropriate business justification).   Indeed, courts have recognized that there are instances when a debtor's fiduciary duty can "only be fulfilled by the pre-plan satisfaction of a prepetition claim."  *In re CoServ, L.L.C.*, 273 B.R. at 499.  The business judgment rule is highly deferential to debtors and may be satisfied "'as long as the proposed action appears to enhance the debtor's estate.'"  *In re Crystalin, LLC*, 293 B.R. 455, 463–64 (B.A.P. 8th Cir. 2003) (*quoting In re Food Barn Stores, Inc*., 107 F.3d 558, 566 n.16 (8th Cir. 1997)); *see also In re Farmland Indus. Inc*., 294 B.R. 903, 913 (Bankr. W.D. Mo. 2003) ("Under the business judgment standard, the question is whether the [proposed action] is in the Debtors' best economic interests, based on the best business judgment in those circumstances.").

28.     Section 105(a) of the Bankruptcy Code and the "doctrine of necessity" permit the bankruptcy court to exercise its broad grant of equitable powers to authorize the payment of prepetition obligations when "such payments are necessary to the continued operation of the Debtor." *See, e.g.*, *In re Wehrenberg, Inc.*, 260 B.R. 468, 469 (Bankr. E.D. Mo. 2001) (citing *In re Just for Feet, Inc.*, 242 B.R. 821, 824–25 (Bankr. D. Del. 1999) (holding that debtors may pay prepetition claims that are essential to continued operation of business)); *Bird* v. *Crown*

---

[9]     Because the Debtors pay Taxes and Fees on a regular basis and such transactions are common among enterprises similar to the Debtors, the Debtors believe that payments of the Taxes and Fees are ordinary course transactions within the meaning of section 363(c)(1) of the Bankruptcy Code and, thus, do not require the Court's approval. Nonetheless, out of an abundance of caution, the Debtors are seeking express authority to engage in such transactions on a postpetition basis.  The continued payment of the ordinary course Taxes and Fees is integral to ensuring the Debtors' ability to operate their businesses.

*Convenience* (*In re NWFX, Inc.*), 864 F.2d 588, 590 (8th Cir. 1988) ("The overriding consideration in bankruptcy, however, is that equitable principles govern . . ."); *In re Payless Cashways, Inc.*, 268 B.R. 543, 546 (Bankr. W.D. Mo. 2001) (explaining that courts have long justified the payment of certain pre-petition creditors under the "doctrine of necessity" when "payment of those claims was necessary to keep the debtor in business," and "was necessary to effectuate a successful reorganization . . .").

29.     The above-referenced sections of the Bankruptcy Code empower the Court to authorize the postpetition payment of prepetition claims when the payments are critical to preserving the going-concern value of the debtor's estate, as is the case here.  *See, e.g.*, *In re Just for Feet*, 242 B.R. at 826 (finding that payment of prepetition claims of certain trade vendors was "essential to the survival of the debtor during the chapter 11 reorganization");  *In re CoServ, L.L.C.*, 273 B.R. at 497 ("[I]t is only logical that the bankruptcy court be able to use [s]ection 105(a) of the [Bankruptcy] Code to authorize satisfaction of the pre-petition claim in aid of preservation or enhancement of the estate.").

30.     For the reasons outlined herein and in the First Day Declaration, the Debtors submit that payment of the Interim Amount in the Interim Period and the Final Amount upon entry of a Final Order is necessary to the Debtors' continued and uninterrupted operations during these chapter 11 cases.  The Debtors seek to pay the Taxes and Fees to, among other things, prevent the Authorities from taking actions that may interfere with the Debtors' continued business operations. Nonpayment of these obligations may cause Authorities to take precipitous action including, but not limited to, asserting liens or seeking to lift the automatic stay, imposing civil and/or criminal penalties, or modifying, suspending, or revoking licenses that are necessary to the Debtors' continued operations.  Such actions could materially disrupt the Debtors' day-to-day operations

and impose significant costs on the Debtors' estates. Failure to satisfy certain of the prepetition Taxes or Fees may jeopardize the Debtors' maintenance of good standing to operate in the jurisdictions in which they do business.

31.     The Debtors' ability to pay Taxes and Fees is critical to their continued and uninterrupted operations. If certain Taxes and Fees remain unpaid, the Authorities may seek to recover such amounts directly from the Debtors' directors, officers, or employees, thereby distracting such key personnel from the administration of these chapter 11 cases. *See, e.g.*, *Schmehl* v. *Helton*, 662 S.E.2d 697, 707 (W. Va. 2008) (noting that corporate officers may be held responsible for payment of certain corporate taxes); *In re Am. Motor Club, Inc.*, 139 B.R. 578, 581–83 (Bankr. E.D.N.Y. 1992) (stating "[i]f the employer fails to pay over the trust fund taxes, the IRS may collect an equivalent amount directly from officers or employees of the employer who are responsible for collecting the tax" and finding director personally liable for unpaid taxes) (citing *United States* v. *Energy Res. Co.*, 495 U.S. 545, 547 (1990)). Any collection action on account of such claims, and any potential ensuing liability, would distract the Debtors and their personnel to the detriment of all parties in interest. The dedicated and active participation of the Debtors' officers and employees is integral to the Debtors' continued operations and essential to the orderly administration and, ultimately, the success of these chapter 11 cases.

32.     Furthermore, the Debtors' liability to pay Taxes and Fees may ultimately result in increased tax liability for the Debtors if interest, penalties, and other fees accrue on Taxes and Fees, which amounts also may be entitled to priority treatment. Such a result would be contrary to the best interests of the Debtors' estates and all stakeholders. As noted below, many Taxes and Fees may be entitled to priority status pursuant to section 507(a)(8)(C) of the Bankruptcy Code. As priority claims, these obligations must be paid in full before any general unsecured obligations

11

of the Debtors may be satisfied.  To the extent that the Debtors are not able to timely pay the prepetition Taxes and Fees, they may ultimately be required to pay those amounts with additional interest, penalties, and fees.  The Debtors' failure to pay the prepetition Taxes and Fees as they come due may thus ultimately increase the amount of priority claims held by the Authorities against the Debtors' estates to the detriment of the Debtors' general unsecured creditors and other stakeholders.  Accordingly, the Debtors submit that the Court should grant the Debtors the authority to pay the prepetition Taxes and Fees on the terms set forth in the Proposed Orders.

**B.      Certain Taxes and Fees May Not Be Property of the Debtors' Estates**

33.      Section 541(d) of the Bankruptcy Code provides, in relevant part, that "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtors' legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold."  11 U.S.C. § 541(d).  Certain Taxes and Fees are collected or withheld by the Debtors on behalf of the applicable Authorities and are held in trust by the Debtors.  *See, e.g.*, *Begier* v. *Internal Revenue Serv.*, 496 U.S. 53, 57–60 (1990) (holding that certain taxes are property held by the debtor in trust for another and, as such, do not constitute property of the estate); *City of Farrell* v. *Sharon Steel Corp.* (*In re Sharon Steel Corp.*), 41 F.3d 92, 98–103 (3d Cir. 1994) (finding that funds withheld from employees' paychecks may be subject to a trust, and thus not property of a debtor's estate, even where such funds were commingled with the debtor's other property); *In re Am. Int'l Airways, Inc.*, 70 B.R. 102, 103 (Bankr. E.D. Pa. 1987) (finding that funds held in trust for federal excise taxes are not property of a debtor's estate and, therefore, are not available for distribution to creditors); *In re Shank*, 792 F.2d 829, 833 (9th Cir. 1986) (finding that sales tax required by state law to be collected by sellers from their customers is a "trust fund" tax and not released by bankruptcy discharge); *DeChiaro* v. *N.Y. State Tax*

*Comm'n*, 760 F.2d 432, 435–36 (2d Cir. 1985) (same). Because the Debtors may not have an equitable interest in funds held on account of such "trust fund" taxes, the Debtors should be permitted to pay those funds to the Authorities as they become due.[10]

## C. Certain Taxes and Fees May Be Secured or Priority Claims Entitled to Special Treatment under the Bankruptcy Code

34.     Claims for certain Taxes and Fees are or may be priority claims entitled to payment before general unsecured claims. *See* 11 U.S.C. § 507(a)(8) (describing taxes entitled to priority treatment). Moreover, to the extent that such amounts are entitled to priority treatment under the Bankruptcy Code, Authorities may attempt to assess interest and penalties if such amounts are not paid. *See* 11 U.S.C. § 507(a)(8)(G) (granting priority status to "a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss"). Claims entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code must be paid in full under a confirmable plan pursuant to section 1129(a)(9)(C) of the Bankruptcy Code. Therefore, payment of certain Taxes and Fees at this time only affects the timing of the payment for the amounts at issue and will not unduly prejudice the rights and recoveries of junior creditors. Payment of such Taxes and Fees will likely give Authorities no more than that to which they otherwise would be entitled under a chapter 11 plan of reorganization and will save the Debtors the potential interest expense, legal expense, penalties, and other fees that might otherwise accrue on Taxes and Fees during these chapter 11 cases.

## Processing of Checks and Electronic Funds Transfers Should Be Authorized

35.     In connection with the foregoing, the Debtors respectfully request that the Court (a) authorize the Debtors' banks and other financial institutions (the "Banks") to receive, process,

---

[10]   For the avoidance of doubt, the Debtors hereby request authority to pay Taxes and Fees as provided herein regardless of whether such Taxes and Fees constitute trust fund obligations.

honor, and pay all checks and transfers issued by the Debtors in accordance with this motion, without regard to whether any checks or transfers were issued before or after the Petition Date; (b) provide that all Banks may rely on the Debtors' representations with respect to whether any check or transfer issued made by the Debtors before the Petition Date should be honored pursuant to this motion (such banks and other financial institutions having no liability to any party for relying on such representations by the Debtors provided for herein); and (c) authorize the Debtors to issue replacement checks or transfers to the extent any checks or transfers that are issued and authorized to be paid in accordance with this motion are dishonored or rejected by the Banks.

### Immediate Relief Is Necessary

36.     Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case if "relief is needed to avoid immediate and irreparable harm." For the reasons discussed herein and in the First Day Declaration, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. Failure to obtain the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture and imperil the Debtors' restructuring efforts. The relief requested herein is necessary for the Debtors to operate their business in the ordinary course and preserve the value of their estates for the benefit of stakeholders. Accordingly, the Debtors respectfully submit that Bankruptcy Rule 6003 has been satisfied.

### Waiver of Bankruptcy Rules 6004(a) and 6004(h)

37.     Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property (other than cash collateral) is stayed for 14 days after the order is entered." Fed. R. Bankr. P. 6004(h). As described above, the relief that the Debtors seek in this motion is

necessary for the Debtors to operate their business without interruption and to preserve value for their estates through these chapter 11 cases.  Accordingly, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## Reservation of Rights

38.     Nothing contained herein or any actions taken pursuant to such relief requested is intended to be or should be construed as:  (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion or any order granting the relief requested by this motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (h) a waiver of the obligation of any party in interest to file a proof of claim; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection of, or seek avoidance of, all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not

15

intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

## **Notice**

39.     The Debtors will provide notice of this motion to the following parties:  (a) the Office of the United States Trustee for the Eastern District of Missouri; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c)  the law firms representing claimants who have filed or asserted claims arising out of the Cyber Security Incident as of the Petition Date; (d) agent/lender under any proposed postpetition financing facility and its counsel if applicable; (e) the Authorities; (f) the United States Attorney's Office for the Eastern District of Missouri;  (g) the Internal Revenue Service;  (h) the Securities and Exchange Commission; (i) the Federal Trade Commission; (j) the state attorneys general in all 50 states; (k) regulatory agencies having a regulatory or statutory interest in these cases; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). Notice of this motion and any order entered hereon will be served in accordance with rule 9013-3(A)(1) of the Local Rules.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

40.     A copy of this motion is available on (a) PACER at https://pacer.uscourts.gov/ and (b) the website maintained by the Debtors' proposed claims and noticing agent, Kroll Restructuring Administration LLC, at https://restructuring.ra.kroll.com/23andMe .

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Orders

and grant such other relief as the Court deems appropriate under the circumstances.

Dated: March 24, 2025     Respectfully submitted,
St. Louis, Missouri

         **Carmody MacDonald P.C.**
         */s/ Thomas H. Riske*
         Thomas H. Riske #61838MO
         Nathan R. Wallace #74890MO
         Jackson J. Gilkey #73716MO
         120 S. Central Avenue, Suite 1800
         St. Louis, Missouri 63105
         Telephone: (314) 854-8600
         Facsimile: (314) 854-8660
         Email:  thr@carmodymacdonald.com
             nrw@carmodymacdonald.com
             jjg@carmodymacdonald.com

         - and -

         **PAUL, WEISS, RIFKIND, WHARTON &**
         **GARRISON LLP**
         Paul M. Basta (*pro hac vice* pending)
         Christopher Hopkins (*pro hac vice* pending)
         Jessica I. Choi (*pro hac vice* pending)
         Grace C. Hotz (*pro hac vice* pending)
         1285 Avenue of the Americas
         New York, New York 10019
         Telephone: (212) 373-3000
         Facsimile: (212) 757-3990
         Email:  pbasta@paulweiss.com
             chopkins@paulweiss.com
             jchoi@paulweiss.com
             ghotz@paulweiss.com

         *Proposed Counsel to the Debtors and Debtors in*
         *Possession*

**<u>Exhibit A</u>**

**Authorities**

| Tax Authority | Type | Address |
|---|---|---|
| ALABAMA BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 111 VILLAGE STREET BIRMINGHAM, AL 35242 UNITED STATES |
| ALABAMA DEPARTMENT OF REVENUE | Income and Franchise Taxes and Fees, Regulatory and Other Taxes and Fees | 375 SOUTH RIPLEY STREET MONTGOMERY, AL 36104 UNITED STATES |
| ALAMANCE COUNTY TAX COLLECTOR | Property Taxes | 124 W ELM STREET GRAHAM, NC 27253-2802 UNITED STATES |
| ALASKA BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 333 WILLOUGHBY AVE 9TH FL STATE OFFICE BUILDING JUNEAU, AK 99801-1770 UNITED STATES |
| AMERICAN BOARD OF FAMILY MEDICINE | Regulatory and Other Taxes and Fees | 1648 MCGRATHIANA PARKWAY SUITE 550 LEXINGTON, KY 40511-1247 UNITED STATES |
| ARIZONA BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | P.O. BOX 18520 PHOENIX, AZ 85005 UNITED STATES |
| ARIZONA DEPARTMENT OF REVENUE | Regulatory and Other Taxes and Fees | 1600 WEST MONROE STREET PHOENIX, AZ 85007 UNITED STATES |
| ARIZONA DEPT OF HEALTH SERVICES | Regulatory and Other Taxes and Fees | 150 NORTH 18TH AVENUE PHOENIX, AZ 85007 UNITED STATES |
| ARIZONA MEDICAL BOARD | Regulatory and Other Taxes and Fees | 1740 W ADAMS SUITE 4000 PHOENIX, AZ 85007 UNITED STATES |
| ARKANSAS STATE BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 322 S. MAIN STREET SUITE 600 LITTLE ROCK, AR 72201 UNITED STATES |
| ARKANSAS STATE MEDICAL BOARD | Regulatory and Other Taxes and Fees | 1401 W CAPITOL AVENUE SUITE 340 LITTLE ROCK, AR 72201 UNITED STATES |

| Tax Authority | Type | Address |
|---|---|---|
| AUSTRALIAN TAXATION OFFICE | Foreign Taxes | GPO BOX 9845<br>SYDNEY NSW, 2001<br>AUSTRALIA |
| BD PHARMACY | Regulatory and Other Taxes and Fees | 1 BECTON DRIVE<br>FRANKLIN LAKES, NJ 07417<br>UNITED STATES |
| BRITISH COLUMBIA PROVINCIAL SALES TAX | Foreign Taxes | 9755 KING GEORGE HIGHWAYSURREY BC, V3T 5E6 CANADA |
| CALIFORNIA DEPARTMENT OF JUSTICE | Regulatory and Other Taxes and Fees | 1300 "I" STREET<br>SACRAMENTO, CA 95814-2919<br>UNITED STATES |
| CALIFORNIA DEPARTMENT OF PUBLIC HEALTH | Regulatory and Other Taxes and Fees | 850 MARINA BAY PARKWAY<br>BLDG. P<br>RICHMOND, CA 94804<br>UNITED STATES |
| CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION | Income and Franchise Taxes and Fees | MAY LEE STATE OFFICE COMPLEX<br>651 BANNON STREET, SUITE 100<br>SACRAMENTO, CA 95811-0299<br>UNITED STATES |
| CALIFORNIA FRANCHISE TAX BOARD | Income and Franchise Taxes and Fees | 300 SOUTH SPRING STREET, SUITE 5704<br>LOS ANGELES, CA 90013-1233<br>UNITED STATES |
| CALIFORNIA STATE BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 2720 GATEWAY OAKS DR.<br>STE 100<br>SACRAMENTO, CA 95833<br>UNITED STATES |
| CANADA FEDERAL GST/HST | Foreign Taxes | CONNAUGHT BUILDING<br>555 MACKENZIE AVENUE<br>OTTAWA ON, K1N 1K4<br>CANADA |
| CITY OF BURLINGTON TAX COLLECTOR | Property Taxes | 200 SPIELMAN HIGHWAY<br>BURLINGTON, CA 06013<br>UNITED STATES |

| Tax Authority | Type | Address |
|---|---|---|
| COLORADO STATE BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | STATE BOARD OF PHARMACY 1560 BROADWAY, SUITE 1350 DENVER, CO 80202 UNITED STATES |
| COMPTROLLER OF MARYLAND, REVENUE ADMINISTRATION DIVISION | Income and Franchise Taxes and Fees | 110 CARROLL ST ANNAPOLIS, MD 21411 UNITED STATES |
| CONNECTICUT COMMISSION OF PHARMACY | Regulatory and Other Taxes and Fees | 450 COLUMBUS BLVD. SUITE 901 HARTFORD, CT 06103 UNITED STATES |
| CPP ARIZONA BOARD OF OSTEOPATHIC | Regulatory and Other Taxes and Fees | 1740 W ADAMS SUITE 2410 PHOENIX, AZ 85007 UNITED STATES |
| DC OFFICE OF TAX AND REVENUE | Income and Franchise Taxes and Fees | 1101 4TH STREET, SW, SUITE 270 WEST WASHINGTON, DC 20024 UNITED STATES |
| DC TREASURER | Income and Franchise Taxes and Fees | 899 NORTH CAPITOL STREET, NE 1ST FLOOR WASHINGTON, DC 20002 UNITED STATES |
| DCCA HAWAII | Regulatory and Other Taxes and Fees | 335 MERCHANT STREET HONOLULU, HI 96813 UNITED STATES |
| DELAWARE BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | CANNON BUILDING, SUITE 203 861 SILVER LAKE BLVD. DOVER, DE 19904 UNITED STATES |
| DELAWARE SECRETARY OF STATE | Income and Franchise Taxes and Fees | JOHN G. TOWNSEND BLDG. 401 FEDERAL ST., SUITE 3 DOVER, DE 19901 UNITED STATES |
| DEPARTMENT OF HEALTH | Regulatory and Other Taxes and Fees | PO BOX 1099 OLYMPIA, WA 98507 UNITED STATES |

| Tax Authority | Type | Address |
|---|---|---|
| FEDERATION OF STATE MEDICAL BOARD | Regulatory and Other Taxes and Fees | 1775 EYE STREET NW SUITE 410 WASHINGTON, DC 20006 UNITED STATES |
| FLORIDA BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 4052 BALD CYPRESS WAY BIN C-04 TALLAHASSEE, FL 32399-3258 UNITED STATES |
| FOOD AND DRUG ADMINISTRATION | Regulatory and Other Taxes and Fees | P.O. BOX 979108 ST. LOUIS, MO 63197-9000 UNITED STATES |
| GEORGIA BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 2 MARTIN LUTHER KING JR. DRIVE SE 11TH FLOOR - EAST TOWER ATLANTA, GA 30334 UNITED STATES |
| GEORGIA DEPARTMENT OF REVENUE | Income and Franchise Taxes and Fees | 2595 CENTURY PARKWAY, NE ATLANTA, GA 30345 UNITED STATES |
| GREGORY F.X. DALY COLLECTOR OF REVENUE | Property Taxes | CITY HALL 1200 MARKET ST RM 111 ST. LOUIS, MO 63103 UNITED STATES |
| HAWAII BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | HRH KING KALAKAUA BUILDING 335 MERCHANT STREET, RM. 301 HONOLULU, HI 96813 UNITED STATES |
| IDAHO BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 11341 W. CHINDEN BLVD. BOISE, ID 83714 UNITED STATES |
| IL PROFESSIONAL LICENSE | Regulatory and Other Taxes and Fees | 320 WEST WASHINGTON STREET 3RD FLOOR SPRINGFIELD, IL 62786 UNITED STATES |

4

| Tax Authority | Type | Address |
|---|---|---|
| ILLINOIS BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 555 WEST MONROE STREET<br>5TH FLOOR<br>CHICAGO, IL 60661<br>UNITED STATES |
| ILLINOIS DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION | Regulatory and Other Taxes and Fees | 555 WEST MONROE STREET<br>5TH FLOOR<br>CHICAGO, IL 60661<br>UNITED STATES |
| ILLINOIS DEPARTMENT OF REVENUE | Sales and Use Taxes | PO BOX 19035<br>SPRINGFIELD, IL 62794-9035<br>UNITED STATES |
| IMLCC | Regulatory and Other Taxes and Fees | 7921 SOUTHPARK PLAZA UNIT 109<br>LITTLETON, CO 80120<br>UNITED STATES |
| INDIANA BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | INDIANA GOVERNMENT CENTER SOUTH, ROOM W072<br>402 WEST WASHINGTON STREET<br>INDIANAPOLIS, IN 46204<br>UNITED STATES |
| INLAND REVENUE AUTHORITY OF SINGAPORE | Foreign Taxes | 55 NEWTON RD.<br>REVENUE HOUSE 307987<br>SINGAPORE |
| IOWA BOARD OF MEDICINE | Regulatory and Other Taxes and Fees | 6200 PARK AVENUE SUITE 100<br>DES MOINES, IA 50321<br>UNITED STATES |
| IOWA BOARD OF NURSING | Regulatory and Other Taxes and Fees | 400 SW 8TH STREET<br>DES MOINES, IA 50309<br>UNITED STATES |
| IOWA BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 400 SW 8TH ST<br>SUITE E<br>DES MOINES, IA 50309<br>UNITED STATES |
| IOWA DEPARTMENT OF REVENUE | Income and Franchise Taxes and Fees | HOOVER STATE OFFICE BUILDING - 1ST FLOOR<br>1305 E. WALNUT ST<br>DES MOINES, IA 50319<br>UNITED STATES |

| Tax Authority | Type | Address |
|---|---|---|
| KANSAS BOARD OF HEALING | Regulatory and Other Taxes and Fees | 800 SW JACKSON, LOWER LEVEL - SUITE A TOPEKA, KS 66612 UNITED STATES |
| KANSAS STATE BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 800 SW JACKSON SUITE 1414 TOPEKA, KS 66612 UNITED STATES |
| KENTUCKY BOARD NURSING | Regulatory and Other Taxes and Fees | 312 WHITTINGTON PKWY #300LOUISVILLE, KY 40222 UNITED STATES |
| KENTUCKY PHARMACY | Regulatory and Other Taxes and Fees | STATE OFFICE BUILDING ANNEX, STE 300 125 HOLMES STREET FRANKFORT, KY 40601 UNITED STATES |
| LOS ANGELES COUNTY TAX COLLECTOR | Property Taxes | 500 W TEMPLE STREET LOS ANGELES, CA 90012 UNITED STATES |
| LOUISIANA DEPARTMENT OF HEALTH | Regulatory and Other Taxes and Fees | 628 N. 4TH STREET BATON ROUGE, LA 70802 UNITED STATES |
| LOUISIANA DEPARTMENT OF REVENUE | Income and Franchise Taxes and Fees | PO BOX 91011 BATON ROUGE, LA 70821-9011 UNITED STATES |
| LOUISIANA PHARMACY BOARD | Regulatory and Other Taxes and Fees | 3388 BRENTWOOD DRIVE BATON ROUGE, LA 70809-1700 UNITED STATES |
| LOUISIANA STATE BOARD | Regulatory and Other Taxes and Fees | 3388 BRENTWOOD DRIVE BATON ROUGE, LA 70809-1700 UNITED STATES |
| LOUISIANA STATE BOARD OF NURSING | Regulatory and Other Taxes and Fees | 17373 PERKINS ROAD BATON ROUGE, LA 70810 UNITED STATES |
| MA BOARD OF MEDICINE | Regulatory and Other Taxes and Fees | 1 SOUTH STATION BOSTON, MA 02110 UNITED STATES |
| MA DHPL LICENSE | Regulatory and Other Taxes and Fees | 100 CAMBRIDGE ST, SUITE 500 BOSTON, MA 02114 UNITED STATES |

| Tax Authority | Type | Address |
|---|---|---|
| MAINE BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 35 STATE HOUSE STATION AUGUSTA, ME 04333-0035 UNITED STATES |
| MANITOBA PROVINCIAL SALES TAX | Foreign Taxes | 101-401 YORK AVENUE WINNIPEG MB, R3C 0P8 CANADA |
| MARYLAND BOARD OF NURSING | Regulatory and Other Taxes and Fees | 4143 PATTERSON AVE BALTIMORE, MD 21215 UNITED STATES |
| MARYLAND BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 4201 PATTERSON AVENUE BALTIMORE, MD 21215 UNITED STATES |
| MARYLAND BOARD OF PHYSICIANS | Regulatory and Other Taxes and Fees | 4201 PATTERSON AVENUE BALTIMORE, MD 21215 UNITED STATES |
| MASSACHUSETTS BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 250 WASHINGTON STREET BOSTON, MA 02108 UNITED STATES |
| MICHIGAN BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | PO BOX 30670 LANSING, MI 48909 UNITED STATES |
| MINNESOTA BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 335 RANDOLPH AVE SUITE 230 SAINT PAUL, MN 55102 UNITED STATES |
| MINNESOTA NURSING HOME BOARD | Regulatory and Other Taxes and Fees | 1210 NORTHLAND DRIVE SUITE 120 MENDOTA HEIGHTS, MN 55120 UNITED STATES |
| MISSISSIPPI BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 6311 RIDGEWOOD ROAD SUITE E 401 JACKSON, MS 39211 UNITED STATES |
| MISSOURI BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 3605 MO BLVD. JEFFERSON CITY, MO 65109 UNITED STATES |

| Tax Authority | Type | Address |
|---|---|---|
| MISSOURI SECRETARY OF STATE | Regulatory and Other Taxes and Fees | 600 WEST MAIN STREET JEFFERSON CITY, MO 65101 UNITED STATES |
| MISSOURI STATE BOARD OF NURSING | Regulatory and Other Taxes and Fees | 3607 MISSOURI BOULEVARD JEFFERSON CITY, MO 65109 UNITED STATES |
| MONTANA BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 301 S. PARK AVENUE 4TH FLOOR HELENA, MT 59620 UNITED STATES |
| MONTANA DEPARTMENT OF REVENUE | Income and Franchise Taxes and Fees | PO BOX 8021 HELENA, MT 59604 UNITED STATES |
| NATIONAL ASSOCIATION OF BOARDS OF PHARMACY | Regulatory and Other Taxes and Fees | 1600 FEEHANVILLE DRIVE MOUNT PROSPECT, IL 60056 UNITED STATES |
| NE STATE PAYPORT | Regulatory and Other Taxes and Fees | PO BOX 3395 OMAHA, NE 68103 UNITED STATES |
| NEBRASKA BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 301 CENTENNIAL MALL SOUTH 14TH & M STREETS, 3RD FLOOR LINCOLN, NE 68508 UNITED STATES |
| NEVADA BOARD MEDICAL EXAMINERS | Regulatory and Other Taxes and Fees | 9600 GATEWAY DRIVE RENO, NV 89521 UNITED STATES |
| NEVADA STATE BOARD OF NURSING | Regulatory and Other Taxes and Fees | 4220 S MARYLAND PKWY #300 LAS VEGAS, NV 89119 UNITED STATES |
| NEVADA STATE BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 985 DAMONTE RANCH PARKWAY RENO, NV 89521 UNITED STATES |
| NEW HAMPSHIRE BOARD NURSING | Regulatory and Other Taxes and Fees | 7 EAGLE SQUARE CONCORD, NH 03301 UNITED STATES |

| Tax Authority | Type | Address |
|---|---|---|
| NEW HAMPSHIRE BOARD OF MEDICINE | Regulatory and Other Taxes and Fees | 7 EAGLE SQUARE CONCORD, NH 03301 UNITED STATES |
| NEW HAMPSHIRE BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 7 EAGLE SQUARE CONCORD, NH 03301 UNITED STATES |
| NEW JERSEY BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 124 HALSEY STREET NEWARK, NJ 07102 UNITED STATES |
| NEW JERSEY DEPARTMENT OF REVENUE | Income and Franchise Taxes and Fees | DIVISION OF TAXATION PO BOX 281 TRENTON, NJ 08695-0281 UNITED STATES |
| NEW JERSEY PROF LICENSE FEE | Regulatory and Other Taxes and Fees | PO BOX 420, MAILCODE 401-04 401 EAST STATE STREET, 4TH FLOOR-EAST WING TRENTON, NJ 08625-0420 UNITED STATES |
| NEW MEXICO BOARD OF NURSING | Regulatory and Other Taxes and Fees | 6301 INDIAN SCHOOL RD ALBUQUERQUE, NM 87110 UNITED STATES |
| NEW MEXICO BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 2550 CERRILLOS ROAD SANTA FE, NM 87505 UNITED STATES |
| NEW MEXICO MEDICAL BOARD | Regulatory and Other Taxes and Fees | 2055 S. PACHECO STBLDG 400 SANTA FE, NM 87505 UNITED STATES |
| NEW MEXICO TAXATION AND REVENUE DEPARTMENT | Sales and Use Taxes | 1200 SOUTH ST. FRANCIS DRIVE SANTE FE, NM 87505 UNITED STATES |
| NEW YORK BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 89 WASHINGTON AVENUE ALBANY, NY 12234-1000 UNITED STATES |
| NEW YORK CITY DEPARTMENT OF FINANCE | Income and Franchise Taxes and Fees | CORRESPONDENCE UNIT 1 CENTRE STREET, 22ND FLOOR NEW YORK, NY 10007 UNITED STATES |

| Tax Authority | Type | Address |
|---|---|---|
| NEW YORK STATE DEPARTMENT OF HEALTH | Regulatory and Other Taxes and Fees | 33 CENTURY HILL DRIVE C/O LUTZ, SELIG & ZERONDA, L.L.P. LATHAM, NY 12110 UNITED STATES |
| NEW YORK STATE DEPARTMENT OF TAXATION & FINANCE | Income and Franchise Taxes and Fees | BANKRUPTCY SECTION PO BOX 5300 ALBANY, NY 12205-0300 UNITED STATES |
| NEW YORK STATE EDUCATION DEPARTMENT | Regulatory and Other Taxes and Fees | 89 WASHINGTON AVENUE ALBANY, NY 12234 UNITED STATES |
| NORTH CAROLINA BOARD OF OCCUPATIONAL THERAPY | Regulatory and Other Taxes and Fees | 4140 PARKLAKE AVE SUITE 100 RALEIGH, NC 27612 UNITED STATES |
| NORTH CAROLINA BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 6015 FARRINGTON ROAD SUITE 201 CHAPEL HILL, NC 27517 UNITED STATES |
| NORTH CAROLINA DEPARTMENT OF REVENUE | Income and Franchise Taxes and Fees | PO BOX 25000 RALEIGH, NC 27640 UNITED STATES |
| NORTH CAROLINA MEDICAL BOARD | Regulatory and Other Taxes and Fees | 3127 SMOKETREE COURT RALEIGH, NC 27604 UNITED STATES |
| NORTH DAKOTA BOARD OF MEDICINE | Regulatory and Other Taxes and Fees | 4204 BOULDER RIDGE RD SUITE 260 BISMARCK, ND 58503-6162 UNITED STATES |
| NORTH DAKOTA BOARD OF NURSING | Regulatory and Other Taxes and Fees | 919 S. 7TH ST BISMARCK, ND 58504 UNITED STATES |
| NORTH DAKOTA BOARD PHARMACY | Regulatory and Other Taxes and Fees | 1838 E INTERSTATE AVE SUITE D BISMARCK, ND 58503UNITED STATES |
| OHIO BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 77 SOUTH HIGH STREET 17TH FLOOR COLUMBUS, OH 43215 UNITED STATES |

| Tax Authority | Type | Address |
|---|---|---|
| OKLAHOMA BOARD OF NURSING | Regulatory and Other Taxes and Fees | 2501 N LINCOLN BLVD SUITE 207 OKLAHOMA CITY, OK 73105 UNITED STATES |
| OKLAHOMA MEDICAL BOARD | Regulatory and Other Taxes and Fees | 101 NE 51ST ST OKLAHOMA CITY, OK 73105-1821 UNITED STATES |
| OKLAHOMA STATE CME DEPARTMENT | Regulatory and Other Taxes and Fees | 1111 W. 17TH STREET TULSA, OK 74107 UNITED STATES |
| OKLAHOMA STATE DEPARTMENT OF HEALTH | Regulatory and Other Taxes and Fees | 123 ROBERT S. KERR AVE. SUITE 1702 OKLAHOMA CITY, OK 73102-6406 UNITED STATES |
| OKLAHOMA STATE PHARMACY BOARD | Regulatory and Other Taxes and Fees | 2920 N LINCOLN BLVD, STE A OKLAHOMA CITY, OK 73105 UNITED STATES |
| OKLAHOMA TAX COMMISSION | Income and Franchise Taxes and Fees | PO BOX 269027 OKLAHOMA CITY, OK 73126 UNITED STATES |
| OREGON MEDICAL BOARD | Regulatory and Other Taxes and Fees | 1500 SW 1ST AVE., SUITE 620 PORTLAND OR, 97201-5847 UNITED STATES |
| OREGON STATE BOARD OF NURSING | Regulatory and Other Taxes and Fees | 652 KERR ADMINISTRATION BUILDING CORVALLIS, OR 97331-8655 UNITED STATES |
| OREGON STATE BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 800 NE OREGON ST., SUITE 150 PORTLAND, OR 97232 UNITED STATES |

| Tax Authority | Type | Address |
|---|---|---|
| PENNSYLVANIA BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 2525 N 7TH STREET HARRISBURG, PA 17110 UNITED STATES |
| PENNSYLVANIA BPOA PRO LICENSE | Regulatory and Other Taxes and Fees | 2525 NORTH 7TH STREET HARRISBURG, PA 17110 UNITED STATES |
| PENNSYLVANIA DEPARTMENT OF REVENUE | Income and Franchise Taxes and Fees | 1131 STRAWBERRY SQUARE HARRISBURG, PA 17128 UNITED STATES |
| QUEBEC PROVINCIAL SALES TAX | Foreign Taxes | 3800, RUE DE MARLY C.P 25555, SUCCURSALE TERMINUS QUEBEC QC, G1A 1B9 CANADA |
| RHODE ISLAND BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 3 CAPITOL HILL PROVIDENCE, RI 02908 UNITED STATES |
| RHODE ISLAND DEPARTMENT OF HEALTH | Regulatory and Other Taxes and Fees | DATA ENTRY UNIT, ROOM 103, 3 CAPITOL HILL PROVIDENCE, RI 02908-5034 UNITED STATES |
| RHODE ISLAND DIVISION OF TAXATION | Income and Franchise Taxes and Fees | ONE CAPITOL HILL PROVIDENCE, RI 02908-5800 UNITED STATES |
| RHODE ISLAND GENERAL TREASURER | Regulatory and Other Taxes and Fees | 3 CAPITOL HILL ROOM 103 PROVIDENCE, RI 02908-5034 UNITED STATES |
| SAN FRANCISCO TAX COLLECTOR | Income and Franchise Taxes and Fees, Property Taxes | 1 DR CARLTON B GOODLETT PL # 140 SAN FRANCISCO, CA 94102 UNITED STATES |
| SAN MATEO COUNTY TAX COLLECTOR | Property Taxes | 555 COUNTY CENTER - FLOOR 1 REDWOOD CITY, CA 94063 UNITED STATES |

| Tax Authority | Type | Address |
|---|---|---|
| SANTA CLARA COUNTY TAX COLLECTOR | Property Taxes | 70 WEST HEDDING STREET<br>SAN JOSE, CA 95110-1767<br>UNITED STATES |
| SASKATCHEWAN PROVINCIAL SALES TAX | Foreign Taxes | PO BOX 200<br>REGINA SK, S4P 2Z6<br>CANADA |
| SOUTH CAROLINA DEPARTMENT OF REVENUE | Income and Franchise Taxes and Fees | 300A OUTLET POINTE BOULEVARD<br>COLUMBIA, SC 29210<br>UNITED STATES |
| SOUTH CAROLINA MEDICAL BOARD | Regulatory and Other Taxes and Fees | 110 CENTERVIEW DR.<br>COLUMBIA, SC 29210<br>UNITED STATES |
| SOUTH CAROLINA PHARMACY BOARD | Regulatory and Other Taxes and Fees | 110 CENTERVIEW DR.<br>COLUMBIA, SC 29210<br>UNITED STATES |
| SOUTH DAKOTA BOARD MEDICAL AND OSTEOPATHIC EXAMINERS | Regulatory and Other Taxes and Fees | 101 N. MAIN AVENUE, SUITE 301 SIOUX FALLS, SD 57104 UNITED STATES |
| SOUTH DAKOTA BOARD OF NURSING | Regulatory and Other Taxes and Fees | 4305 S. LOUISE AVE<br>SIOUX FALLS, SD 57106<br>UNITED STATES |
| SOUTH DAKOTA BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 4001 W. VALHALLA BLVD.<br>SUITE 106<br>SIOUX FALLS, SD 57106<br>UNITED STATES |
| SOUTH DAKOTA DEPARTMENT OF REVENUE | Sales and Use Taxes | 445 EAST CAPITOL AVENUE<br>PIERRE, SD 57501-3185<br>UNITED STATES |
| SOUTH DAKOTA STATE BOARD OF LABOR & REGULATION | Regulatory and Other Taxes and Fees | 2330 N. MAPLE AVE., SUITE 1<br>RAPID CITY, SD 57701-7898<br>UNITED STATES |
| ST LOUIS CITY HALL LICENSE | Regulatory and Other Taxes and Fees | 1200 MARKET STREET<br>CITY HALL ROOM 102-104<br>ST. LOUIS, MO 63103<br>UNITED STATES |

| Tax Authority | Type | Address |
|---|---|---|
| STATE OF ALABAMA | Regulatory and Other Taxes and Fees | STATE CAPITOL BUILDING - SUITE S-105 600 DEXTER AVENUE MONTGOMERY, AL 36130 UNITED STATES |
| STATE OF ALASKA | Regulatory and Other Taxes and Fees | 2221 E. NORTHERN LIGHTS, ROOM 128 ANCHORAGE, AK 99508-4149 UNITED STATES |
| STATE OF CALIFORNIA DEPARTMENT OF MOTOR VEHICLES | Regulatory and Other Taxes and Fees | 2415 1ST AVE., MAIL STATION F101 SACRAMENTO, CA 95818-2606 UNITED STATES |
| STATE OF CONNECTICUT | Regulatory and Other Taxes and Fees | 60 STATE ST. WETHERSFIELD, CT 06161 UNITED STATES |
| STATE OF HAWAII - DEPARTMENT OF TAXATION | Sales and Use Taxes | PRINCESS RUTH KEELIKOLANI BUILDING 830 PUNCHBOWL STREET HONOLULU, HI 96813-5094 UNITED STATES |
| STATE OF MICHIGAN | Regulatory and Other Taxes and Fees | 430 W. ALLEGAN ST. RICHARD H. AUSTIN BUILDING - 4TH FLOOR LANSING MI, 48918 UNITED STATES |
| STATE OF NEW JERSEY, BOARD OF MEDICAL EXAMINERS | Regulatory and Other Taxes and Fees | 140 EAST FRONT STREET TRENTON, NJ 08608 UNITED STATES |
| STATE OF WASHINGTON DEPARTMENT OF REVENUE | Income and Franchise Taxes and Fees | 444 NORTH CAPITOL ST. NW SUITE 425 WASHINGTON, DC 20001 UNITED STATES |
| TENNESSEE DEPARTMENT OF REVENUE | Income and Franchise Taxes and Fees | ANDREW JACKSON ST. OFFICE BLDG. 500 DEADERICK ST. NASHVILLE, TN 37242 UNITED STATES |

| Tax Authority | Type | Address |
|---|---|---|
| TEXAS BOARD OF NURSING | Regulatory and Other Taxes and Fees | GEORGE H. W. BUSH STATE OFFICE BUILDING 1801 CONGRESS AVENUE AUSTIN, TX 78701 UNITED STATES |
| TEXAS BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | GEORGE H. W. BUSH STATE OFFICE BUILDING 1801 CONGRESS AVENUE AUSTIN TX, 78701-1319 UNITED STATES |
| TEXAS COMPTROLLER OF PUBLIC ACCOUNTS | Income and Franchise Taxes and Fees | LBJ STATE OFFICE BUILDING 111 E. 17TH ST. AUSTIN, TX 78711-1440 UNITED STATES |
| TN DEPARTMENT OF REVENUE | Regulatory and Other Taxes and Fees | 500 DEADERICK STREET NASHVILLE, TN 37242 UNITED STATES |
| TN PHARMACY BOARD | Regulatory and Other Taxes and Fees | 710 JAMES ROBERTSON PARKWAY NASHVILLE, TN 37243 UNITED STATES |
| TREASURER OF VIRGINIA | Regulatory and Other Taxes and Fees | 9960 MAYLAND DRIVE SUITE 300 HENRICO, VA 23233 UNITED STATES |
| TREASURER STATE OF OHIO | Income and Franchise Taxes and Fees | 1560 STATE ROUTE 56 SW LONDON, OH 43140 UNITED STATES |
| TREASURER, STATE OF NEW HAMPSHIRE | Regulatory and Other Taxes and Fees | 7 EAGLE SQUARE CONCORD, NH 03301-4980 UNITED STATES |
| UNITED STATES DEPARTMENT OF TREASURY | Income and Franchise Taxes and Fees | 1500 PENNSYLVANIA AVE., NW WASHINGTON, DC 20220 UNITED STATES |
| UNITED STATES TREASURY | Income and Franchise Taxes and Fees | IRS OGDEN, UT 84201-0009 UNITED STATES |
| UTAH BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 160 EAST 300 SOUTH SALT LAKE CITY, UT 84111 UNITED STATES |

| Tax Authority | Type | Address |
|---|---|---|
| VERMONT BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 89 MAIN STREET MONTPELIER, VT 05602 UNITED STATES |
| VERMONT DEPARTMENT OF TAXES | Income and Franchise Taxes and Fees | 133 STATE STREET, 1ST FLOOR MONTPELIER, VT 05633-1401 UNITED STATES |
| VERMONT SECRETARY OF STATE | Regulatory and Other Taxes and Fees | 128 STATE STREET MONTPELIER, VT 05633 UNITED STATES |
| VIRGINIA BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | PERIMETER CENTER 9960 MAYLAND DRIVE, SUITE 300 HENRICO, VA 23233-1463 UNITED STATES |
| WASHINGTON BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | TOWN CENTER 2 111 ISRAEL RD. S.E. TUMWATER, WA 98501 UNITED STATES |
| WASHINGTON DC BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 2201 SHANNON PLACE SE WASHINGTON, DC 20020 UNITED STATES |
| WASHINGTON DEPARTMENT OF REVENUE | Income and Franchise Taxes and Fees | ATTN: BANKRUPTCY UNIT 2101 4TH AVE, SUITE 1400 SEATTLE WA, 98121 UNITED STATES |
| WASHINGTON DEPT OF HEALTH (HSQA) | Regulatory and Other Taxes and Fees | 111 ISRAEL RD. S.E. TUMWATER, WA 98501 UNITED STATES |
| WASHINGTON STATE DEPARTMENT OF HEALTH | Regulatory and Other Taxes and Fees | TOWN CENTER 2 111 ISRAEL RD. S.E. TUMWATER, WA 98501 UNITED STATES |
| WASHINGTON STATE DEPARTMENT OF LABOR & INDUSTRIES | Income and Franchise Taxes and Fees | 7273 LINDERSON WAY SW TUMWATER, WA 98501-5414 UNITED STATES |
| WEST VIRGINIA BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 1207 QUARRIER STREET 4TH FLOOR CHARLESTON, WV 25301 UNITED STATES |

16

| Tax Authority | Type | Address |
|---|---|---|
| WEST VIRGINIA STATE TAX DEPARTMENT | Sales and Use Taxes | 1001 LEE STREET EAST CHARLESTON, WV 25301 UNITED STATES |
| WISCONSIN BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 4822 MADISON YARDS WAY MADISON, WI 53705 UNITED STATES |
| WV REGISTERED NURSES BOARD | Regulatory and Other Taxes and Fees | 5001 MACCORKLE AVE. SW SOUTH CHARLESTON, WV 25309 UNITED STATES |
| WYOMING BOARD OF MEDICINE | Regulatory and Other Taxes and Fees | 130 HOBBS AVENUE, SUITE A CHEYENNE, WY 82002 UNITED STATES |
| WYOMING BOARD OF PHARMACY | Regulatory and Other Taxes and Fees | 1712 CAREY AVE STE 200 CHEYENNE, WY 82002 UNITED STATES |
| WYOMING STATE BOARD OF NURSING | Regulatory and Other Taxes and Fees | 130 HOBBS AVENUE, SUITE B CHEYENNE, WY 82002 UNITED STATES |