**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>23ANDME HOLDING CO., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-40976<br><br>(Joint Administration Requested)<br><br>Hearing Date:  TBD[2]<br>Hearing Time:  TBD<br>Hearing Location:  TBD |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) EXTENDING THE TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES OF CURRENT INCOME AND EXPENDITURES, SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND STATEMENTS OF FINANCIAL AFFAIRS, (II) EXTENDING THE TIME TO SCHEDULE THE  MEETING OF CREDITORS,  (III) WAIVING THE REQUIREMENT TO FILE EQUITY LISTS AND PROVIDE NOTICE TO EQUITY SECURITY HOLDERS, (IV) AUTHORIZING THE DEBTORS TO FILE (A) A CONSOLIDATED LIST OF COUNSEL REPRESENTING CYBER SECURITY INCIDENT CLAIMANTS AND (B) A CONSOLIDATED LIST OF OTHER UNSECURED CREDITORS OF THE DEBTORS, (V) AUTHORIZING THE DEBTORS TO PREPARE A CONSOLIDATED AND REDACTED LIST OF CREDITORS IN LIEU OF SUBMITTING SEPARATE AND REFORMATTED CREDITOR MATRICES FOR EACH DEBTOR, (VI) APPROVING THE MANNER OF NOTIFYING CREDITORS OF THE COMMENCEMENT OF THESE CHAPTER 11 CASES, AND (VII) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state as follows in support of this motion:

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe.  The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

[2] The Debtors will file a notice stating the date, time, and location of the first day hearing once this information becomes available.

**Relief Requested**[3]

1. The Debtors seek entry of an order (the "Proposed Order")[4] (a) extending the 14-day period to file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired lease and statements of financial affairs (collectively, the "Schedules and Statements") by an additional 22 days, without prejudice to the Debtors' ability to request additional extensions for cause shown; (b) authorizing the Office of the United States Trustee for the Eastern District of Missouri (the "U.S. Trustee") to schedule the meeting of creditors after the 40-day deadline imposed by Bankruptcy Rule 2003(a); (c) waiving the requirements to file a list of equity security holders (the "Equity List") and to give notice of the order for relief to all equity security holders for 23andMe Holding Co.; (d) authorizing the Debtors to file a consolidated list of counsel representing Cyber Security Incident Claimants; (e) authorizing the Debtors to file a consolidated list of other unsecured creditors of the Debtors; (f) authorizing the Debtors to (i) file a consolidated list of creditors in lieu of submitting separate and reformatted creditor matrices for each Debtor and (ii) redact or withhold certain confidential information of customers and personal information of individuals; (g) authorizing the Debtors to implement certain procedures for mailing the notice announcing the commencement of these chapter 11 cases and the meeting of creditors (the "Notice of Commencement"); and (h) granting related relief.

---

[3] Capitalized terms used but not defined in this section have the meanings ascribed to such terms elsewhere in this motion.

[4] Copies of the Proposed Order will be made available on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Eastern District of Missouri (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and rule 9.01(B) of the Local Rules of the United States District Court for the Eastern District of Missouri. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors consent to a final order with respect to this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 107 and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and rules 1007(c), 2002, 9006(b), 9007, and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 1002(C), 1007-6(A), 1007-7, 2002-1, and 2002-2 of the Local Rules of Bankruptcy Procedure for the Eastern District of Missouri (the "Local Rules").

**Background**

5. 23andMe Holding Co. (collectively with its Debtor subsidiaries and non-Debtor affiliates,[5] the "Company") is a leading human genetics and telehealth company with a mission to help people access, understand, and benefit from the human genome. The Company pioneered direct access to genetic information as the only company with multiple FDA clearances for genetic health reports. Further, through its Lemonaid Health telehealth platform, the Company operates as a national online doctor's office that provides medical care, pharmacy fulfillment, and laboratory testing services.

---

[5] Non-Debtor affiliates exclude any controlling shareholder of 23andMe Holding Co.

3

6.  On March 24, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

7.  The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors have filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) substantially contemporaneously herewith. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated at this time.

8.  A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew Kvarda in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed substantially contemporaneously herewith and incorporated herein by reference.[6]

## Basis for Relief

**A.  The Court Should Extend the Time for the Debtors to File the Schedules and Statements and for the U.S. Trustee to Hold the Section 341 Meeting**

9.  Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) ordinarily require debtors to file their Schedules and Statements within 14 days after their petition date. However, the Court has authority to extend the time required for filing of the Schedules and Statements "for cause." Fed. R. Bankr. P. 1007(c) and 9006(b). Similarly, Local Rule 1007-6(A) provides for extending the filing deadline for Schedules and Statements.

---

[6] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

4

10. Good cause exists for granting an extension of the time to file Schedules and Statements. To prepare the Schedules and Statements, the Debtors must compile information from books, records, and documents relating to the claims of the Debtors' numerous creditors, as well as the Debtors' many assets and agreements. This information is voluminous and collecting it requires an enormous expenditure of time and effort on the part of the Debtors, their employees, and their professional advisors in the near term.

11. Notably, in the days leading up to the Petition Date, the Debtors' management, key personnel, and professionals have been diligently preparing for the commencement of these chapter 11 cases. Focusing the attention of the Debtors' key personnel on critical operational and chapter 11 compliance issues at the outset of these chapter 11 cases—rather than preparing the Schedules and Statements—will facilitate and enable the Debtors' smooth transition into chapter 11 and preserve value for the Debtors' estates, creditors, and other parties in interest. Moreover, an extension will not harm creditors or other parties in interest because, even under the extended deadline, the Debtors will file the Schedules and Statements in advance of any deadline for filing proofs of claim in these chapter 11 cases.

12. Due to the quantity of work necessary to complete the Schedules and Statements and the competing demands upon the Debtors' employees and professionals to assist in efforts to stabilize business operations during this critical time, the Debtors will not be able to properly and accurately complete the Schedules and Statements within the required 14-day period. The Debtors anticipate that they will require at least 22 additional days to complete their Schedules and Statements. The Debtors therefore request that the Court extend the 14-day time period for an additional 22 days, through and including April 28, 2025, without prejudice to the Debtors' right to seek further extensions.

13. In addition, Bankruptcy Rule 2003(a) provides that in a chapter 11 case the U.S. Trustee "shall call a meeting of creditors to be held no fewer than 21 and no more than 40 days after the order for relief" (the "Section 341 Meeting"). Fed. R. Bankr. P. 2003(a). However, Local Rule 1007-6(A) allows the U.S. Trustee to reschedule the Section 341 Meeting if the Court extends the time for filing the Schedules and Statements to a date that is less than ten days before the scheduled Section 341 Meeting. To the extent the U.S. Trustee wishes to schedule the Section 341 Meeting on a date that is more than 40 days after the Petition Date, the Debtors also request that the Court authorize the U.S. Trustee to do so.

**B.     The Court Should Waive the Equity List and Equity Notice Requirements**

14. Bankruptcy Rule 1007(a)(3) requires a debtor to file, within 14 days after the petition date, a list of the debtor's equity security holders (the "Equity List"). *See* Fed. R. Bankr. P. 1007(a)(3). Bankruptcy Rule 2002(d), in turn, requires that equity security holders be provided notice of, among other things, the commencement of the bankruptcy case and the confirmation hearing. *See* Fed. R. Bankr. P. 2002(d). Bankruptcy courts have authority to modify or waive the requirements under both rules. *See* Fed. R. Bankr. P. 1007(a)(3) ("[U]nless the court orders otherwise, the debtor shall file . . . a list of the debtor's equity security holders . . . ."); Fed. R. Bankr. P. 2002(d) ("[U]nless the court orders otherwise, the clerk . . . shall in the manner and form directed by the court . . . give notice to all equity security holders . . . ."); *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

15. The Debtors submit that the requirements to file a list of, and to provide notice directly to, equity security holders should be modified as to Debtor 23andMe Holding Co.

6

("HoldCo") in these chapter 11 cases. As an initial matter, each of the Debtors, aside from HoldCo, has disclosed all of its equity security holders in the Equity Lists filed with their respective petitions. HoldCo, however, is a publicly traded company with approximately 26.8 million shares of common stock outstanding as of the Petition Date. Accordingly, preparing and submitting such a list with last known addresses for each such equity security holder and sending notices to all such parties with respect to HoldCo will be expensive and time consuming.

16. In lieu of filing a list of, and providing notice directly to, all such equity security holders of HoldCo, the Debtors will file an 8-K with the U.S. Securities and Exchange Commission on or around the Petition Date, which will notify equity security holders of HoldCo of the commencement of these cases and provide a link to the website relating to the chapter 11 cases set up by Kroll Restructuring Administration LLC, the Debtors' proposed claims and noticing agent (the "Claims and Noticing Agent"). In addition, the Debtors (a) filed with the HoldCo petition a list of holders of five percent or more of its common stock and (b) as soon as it is practicable following the date hereof, will cause the notices required under Bankruptcy Rule 2002(d) to be served on registered record holders of HoldCo's common stock. Under these circumstances, the Debtors respectfully request that the requirements to file a list of and to provide notice directly to HoldCo's equity security holders should be modified.

C. **The Court Should Allow the Debtors to File a Consolidated List of the Cyber Security Incident Counsel List and a General Unsecured Creditors List**

17. Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders" (the "Top 20 List"). Fed. R. Bankr. P. 1007(d). The Top 20 List is primarily used by the Office of the U.S. Trustee to evaluate the types and amounts of unsecured claims against a debtor and thus identify potential candidates to serve on an official committee of unsecured creditors that may

7

be appointed in the debtor's case under section 1102 of the Bankruptcy Code. *See, e.g.*, *In re Dandy Doughboy Donuts, Inc.*, 66 B.R. 457, 458 (Bankr. S.D. Fla. 1986) ("The purpose of the separate list of 20 largest creditors required by this provision in the rules is to enable the clerk to identify members and the court to appoint immediately an unsecured creditors' committee in compliance with 11 U.S.C. § 1102(a)(1)."); *see also* 9 COLLIER ON BANKRUPTCY ¶ 1007.04 (16th ed. 2025) ("[T]he larger [unsecured creditor] list and information about the claims of the creditors on the list enables the United States Trustee to determine the different types of claims existing in order to assure that a fully representative committee is appointed.").

### 1. Cyber Security Incident Counsel List

18. As detailed more fully in the First Day Declaration, the Company is currently subject to various lawsuits and arbitration proceedings related to the Cyber Security Incident that was reported by the Company in October 2023.[7]  Over 50 class action and state court lawsuits have been filed against the Company to date, and approximately 35,000 claimants have initiated, filed or threatened to commence arbitration claims against the Company.  Thus, the overwhelming majority of claims against the Debtors in these chapter 11 cases originate from the Cyber Security Incident.  Because all of the claimants holding claims arising from the Cyber Security Incident (the "Cyber Security Incident Claims" and, holders of such claims, the "Cyber Security Incident Claimants") hold unliquidated, contingent claims against the Debtors, it is impossible for the Debtors to determine, for purposes of filing the Top 20 List pursuant to Bankruptcy Rule 1007(d),

---

[7] In early October 2023, the Company reported that a threat actor accessed a select number of individual 23andMe accounts through a process called "credential stuffing," which allowed the threat actor to access less than 0.1%, or roughly 14,000 user accounts.  However, the threat actor was able to use these compromised accounts to access information that other customers connected to such compromised accounts consented to share through 23andMe's DNA Relatives or Connections features.  The Company determined that as a result of the Cyber Security Incident, the threat actor accessed, without authorization, personal information relating to approximately 7 million customer accounts.

8

which Cyber Security Incident Claimants hold the "largest" unsecured claims in these chapter 11 cases.

19. The Debtors believe that filing a list of all law firms representing plaintiffs who have filed or asserted claims arising out of the Cyber Security Incident as of the Petition Date (the "Cyber Security Incident Counsel List") in lieu of a Top 20 List, will allow the Debtors to provide the most accurate disclosure of information required by Bankruptcy Rule 1007(d) in light of the unliquidated nature of the Cyber Security Incident Claims. Accordingly, the Debtors are seeking authority to file the Cyber Security Incident Counsel List in lieu of a Top 20 List that includes individual holders of Cyber Security Incident Claims. In addition, the Debtors will file a consolidated list of their largest unsecured claims, other than Cyber Security Incident Claims, as described below.

2. **List of 30 Largest Unsecured Claims Other than Cyber Security Incident Claims**

20. Because a large number of creditors may be shared among the Debtors, the Debtors request authority to file a single, consolidated list of their 30 largest general unsecured creditors (the "Top 30 List"). The Top 30 List will help alleviate administrative burdens, costs, and the possibility of duplicative service.

21. The Debtors anticipate the U.S. Trustee will appoint an official committee of unsecured creditors (the "Committee") in these chapter 11 cases. As such, the Debtors believe that filing a consolidated list of the Debtors' largest creditors will better represent the Debtors' most significant unsecured creditors and aid the U.S. Trustee in its efforts to communicate with these creditors.

22. Under section 105(a) of the Bankruptcy Code, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

9

11 U.S.C. § 105(a). Based on the foregoing, the Debtors submit that ample cause exists to authorize the Debtors to file a consolidated list of their largest unsecured creditors.

**D.    The Court Should Authorize the Debtors to File a Consolidated List of Creditors in Lieu of Filing Reformatted Creditor Matrices**

23.    Section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), and Local Rules 1002(C) and 1007-7 require a debtor in a voluntary chapter 11 case to file a list containing the name and complete address of each creditor. Additionally, Local Rule 1007-7(A), the Procedures Manual accompanying the Local Rules, the CM/ECF Administrative Procedures, and the Court's *Instructions for CM/ECF Matrix* (collectively, the "Creditor Matrix Procedures") instruct debtors to follow specific formatting requirements for electronically filed creditor matrices.

24.    The Debtors, working together with the Claims and Noticing Agent, already have prepared a single, consolidated list of all the Debtors' creditors (the "Creditor Matrix") in electronic format. In lieu of filing individual and reformatted creditor matrices for each Debtor in accordance with the Creditor Matrix Procedures, the Debtors are prepared to submit to the Clerk of the Court and the U.S. Trustee a redacted and unredacted Creditor Matrix in electronic format in accordance with the Procedures as defined and described below. In addition, for Represented Cyber Security Incident Claimants (as defined below), the Debtors propose listing the mailing address for each such claimant's counsel of record, in lieu of the mailing address or email address associated with each Represented Cyber Security Incident Claimant.

25.    Reformatting the existing Creditor Matrix in accordance with the Creditor Matrix Procedures would be time-consuming and, more importantly, would greatly increase the risk of error. As such, the Debtors believe their request to file the Creditor Matrix, as it is currently formatted, is reasonable and warranted under the circumstances.

10

**E.      The Court Should Authorize the Debtors to Redact Personal Information**

26.     The Debtors request authority to redact from any paper filed or to be filed with the Court in these chapter 11 cases, including, but not limited to, the Creditor Matrix, the Top 30 List, the Schedules and Statements, and any related affidavits of service, the names, home addresses, and email addresses ("Personal Information") of natural persons—including, but not limited to, the Debtors' employees, customers, individual equity holders and Cyber Security Incident Claimants (but excluding, for the avoidance of doubt, the names of counsel representing Cyber Security Incident Claimants as well as the mailing addresses associated with such counsel).

27.     Section 107(b)(1) of the Bankruptcy Code requires bankruptcy courts, on request of a party in interest, to "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1). Pursuant to Bankruptcy Rule 9018, upon motion, "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

28.     Moreover, Section 107(c) of the Bankruptcy Code provides that the Court:

[F]or cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:

(A)     [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under [the Bankruptcy Code].

(B)     [o]ther information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

29.     Cause exists pursuant to sections 107(b)(1) and 107(c) of the Bankruptcy Code to authorize the Debtors to redact Personal Information from any paper filed or to be filed with the Court or otherwise made public in these chapter 11 cases, including the Creditor Matrix, the Top

11

30 List, and the Schedules and Statements, because (a) certain Personal Information is commercially sensitive, as competitive genetic testing companies may try to contact current customers; (b) such Personal Information may also be subject to data protection laws regulating the collection, storage, sharing, use, disclosure, processing, transferring, and protection of personal information, including, but not limited to, the California Consumer Privacy Act (as amended by the California Privacy Rights Act) and Section 5 of the Federal Trade Commission Act; (c) there are disclosure risks associated with violating the Canadian Personal Information Protection and Electronic Documents Act, the United Kingdom General Data Protection Regulation ("UK GDPR"), the European General Data Protection Regulation ("EU GDPR"), and other similar laws, exposing the Debtors to potential civil liability and significant financial penalties; and (d) the Debtors have a duty to their customers and other stakeholders to maintain the confidentiality of their Personal Information.

30. Moreover, redaction is necessary to protect information that may create "undue risk of identity theft or other unlawful injury to the individual or the individual's property." 11 U.S.C. § 107(c)(1). The risk in relation to 11 U.S.C. § 107(c)(1) is not merely speculative. In at least one recent chapter 11 case, the abusive former partner of a debtor's employee used publicly accessible creditor and employee information filed in the chapter 11 case to track the employee at her new address that had not been publicly available until then, forcing the employee to change her address again.[8] More recently, in a chapter 11 case in the Southern District of New York, at least 13 phishing scams have been uncovered,[9] including instances where scammers posed as associates of

---

[8] The incident, which took place during the first Charming Charlie chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *Charming Charlie Holdings Inc.*, No. 19-11534 (MFW) (Bankr. D. Del. Jul. 11, 2019), ECF No. 4.

[9] *See In re Celsius Network, LLC*, No. 22-10964 (MG), Docket Nos. 1527, 1904, 1992, 2082, 2896, 3121, 3251, 3422, 3722, 3932, 4070, 7729, and 7886.

debtor's counsel using fake email accounts purportedly from debtor's counsel, posed as the debtor's claims agent, falsified a court order to provide for purported "filing fees" and "tax fees," called individual creditors from a number formerly associated with the debtor's now defunct customer center, or manipulated the automatic reply function of the debtor's customer support email system to send emails containing phishing URLs in the subject line to approximately 144,000 email addresses associated with individual creditors of the debtors, all designed to obtain individual creditors' personally identifiable information, account information, or to gain access to their financial assets.

31. These events suggest that disclosure of Personal Information would run the risk of violating certain data privacy laws, such as the requirement under the UK GDPR and EU GDPR that any processing (including disclosure) of personal information must be necessary in relation to its purpose. Here, disclosure of the unredacted names, home addresses and email addresses of individual creditors on the public docket is not necessary for the purpose of reviewing the claim amounts of individual creditors in connection with a plan of reorganization or administering the chapter 11 cases, and the proposed redaction would be a less intrusive way of achieving this purpose. The right of individual creditors not to have their unredacted names, home addresses and email addresses disclosed on the public docket overrides the legitimate interest of disclosing such information to facilitate these chapter 11 cases.

32. For these reasons, the Debtors respectfully propose that the Court approve the following filing procedures (the "<u>Procedures</u>") with respect to the Creditor Matrix (as well as any other document filed in these chapter 11 cases that contains Personal Information). The Debtors have conferred with the Clerk of the Court and have been instructed that the Procedures, if approved by the Court, would be appropriate: (a) the Debtors will file a redacted copy of the

13

Creditor Matrix on the Petition Date; (b) within two days after the entry of the Proposed Order, the Debtors shall provide an unredacted version of the Creditor Matrix to the Clerk of the Court and provide copies to the U.S. Trustee and any official committee appointed in these chapter 11 cases and such unredacted Creditor Matrix shall not be filed or otherwise uploaded to the Court's docket; (c) the Clerk of the Court or, if requested by the Clerk of the Court, the Debtors shall provide the unredacted version of the Creditor Matrix to any party appropriately requesting such unredacted Creditor Matrix for the purpose of noticing parties in these chapter 11 cases (a "Requesting Party") within 36 hours of such Requesting Party or the Clerk of the Court, as the case may be, providing notice of the request to counsel to the Debtors, with copies to the U.S. Trustee, the Clerk of the Court and counsel to the Committee, if any, *provided* that nothing herein shall prejudice the rights of the Debtors, the U.S. Trustee, the Clerk of the Court or the Committee, if any, to object to such request; and (d) for each amended Creditor Matrix, if any, the Debtors shall provide both a redacted and an unredacted electronic copy of the amended Creditor Matrix to the Clerk of the Court, the U.S. Trustee, and the Committee, if any, within two days thereafter.

33. Absent such relief, the Debtors (a) would run the risk of violating applicable data privacy laws, thereby exposing them to severe monetary penalties that could threaten the value of the Debtors' estates during this sensitive stage of their restructuring, (b) would unnecessarily render individuals more susceptible to identity theft and phishing scams, and (c) could jeopardize the safety of the Debtors' employees, customers, and other individual creditors (including Cyber Security Incident Claimants) by publishing their home and email addresses without any advance notice or opportunity to opt out or take protective measures.

**F.     The Court Should Approve the Manner of Notifying Creditors of the Commencement of These Chapter 11 Cases**

34.    Pursuant to Local Rule 2002-2(A), the Court may designate a debtor in possession or other party to provide notice where the interests of justice and efficiency are served.  L.R. 2002-2(A).  Moreover, Bankruptcy Rule 2002(a)(1) provides that the clerk (or other person as directed by the court) must give the debtor, the trustee, all creditors, and any indenture trustee at least 21 days' notice by mail of the meeting of creditors under section 341 of the Bankruptcy Code.  Bankruptcy Rules 2002(m) and 9007 empower the Court with the general authority to regulate the manner in which notices required under the Bankruptcy Rules are provided.  Specifically, Bankruptcy Rule 2002(m) provides that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules." Fed. R. Bankr. P. 2002(m).  Furthermore, the Bankruptcy Court has authority under Bankruptcy Rule 2002(l) to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(l).  Bankruptcy Rule 9007 provides that "[w]hen notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given." Fed. R. Bankr. P. 9007.  Section 105(a) of the Bankruptcy Code adds that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C § 105(a).

35.    The Debtors seek authority to have the Claims and Noticing Agent to serve the Notice of Commencement by regular, first-class mail, postage prepaid, or electronic mail on those entities entitled to receive notice pursuant to Bankruptcy Rule 2002(a) and Local Rule 2002-1, with the exception of Cyber Security Incident Claimants, no later than two days after such Notice

15

of Commencement is entered by the Court in these chapter 11 cases, except for Cyber Security Incident Claimants.

36. The Debtors further request authority for the Claims and Noticing Agent to serve, no later than two days after such Notice of Commencement is entered by the Court in these chapter 11 cases, the Notice of Commencement in accordance with the following procedures:

   a. send, by electronic mail, to Cyber Security Incident Claimants for whom the Debtors have sufficient contact information as of the Petition Date and who have: (i) filed lawsuits or arbitration claims against the Debtors on account of Cyber Security Incident Claims; (ii) entered into any settlement agreement with the Debtors relating to a Cyber Security Incident Claim; or (iii) received any payment from the Debtors or any of the Debtors' insurers relating to a Cyber Security Incident Claim; and

   b. if any Cyber Security Incident Claimant has known counsel (each a "Represented Cyber Security Incident Claimant"), the Claims and Noticing Agent shall send the Notice of Commencement to such counsel (by electronic mail and/or regular, first-class mail, postage prepaid), which counsel shall immediately forward the Notice of Commencement to the Represented Cyber Security Incident Claimant; *provided* that for counsel representing multiple Represented Cyber Security Incident Claimants, the Debtors shall serve the Notice of Commencement only a single time on such law firms (at each relevant address and/or electronic mail address) on behalf of all such counsel's clients.

37. The Debtors believe that allowing the Claims and Noticing Agent to assist with providing prompt notice to all applicable parties will ease administrative burdens that otherwise fall on the Court and the U.S. Trustee.

38. The Debtors also propose to publish, as soon as practicable, the Notice of Commencement (a) in *The Wall Street Journal* and (b) on the Case Website (as defined below). Publication of the Notice of Commencement as proposed above is the most practical method by which to notify unknown holders of Cyber Security Incident Claims who do not receive the Notice of Commencement and other parties in interest of the commencement of these chapter 11 cases. Notice by publication will also ensure an efficient use of limited estate resources.

16

39. Moreover, the Debtors, through the Claims and Noticing Agent, have established a dedicated case website at https://restructuring.ra.kroll.com/23andMe (the "Case Website") and email address in connection with these chapter 11 cases. The Case Website and email address will be prominently displayed in all printed notice documents, as well as other relevant information relating to these chapter 11 cases. The Case Website will inform creditors and parties in interest in plain English of important dates and deadlines and afford them the ability to view key documents in this chapter 11 case free of charge, including the Notice of Commencement.

40. For the foregoing reasons, the Debtors submit that approval of the manner of service of the Notice of Commencement, as set forth above, is appropriate in these chapter 11 cases, is well within the Court's equitable powers under section 105 of the Bankruptcy Code and Bankruptcy Rule 9007, and in the best interests of the Debtors, their estates, and all other parties in interest in these cases.

**Immediate Relief Is Necessary**

41. Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case if "relief is needed to avoid immediate and irreparable harm." For the reasons discussed herein and in the First Day Declaration, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. Failure to obtain the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture and imperil the Debtors' restructuring efforts. The relief requested herein is necessary for the Debtors to operate their business in the ordinary course and preserve the value of their estates for the benefit of stakeholders. Accordingly, the Debtors respectfully submit that Bankruptcy Rule 6003 has been satisfied.

**Reservation of Rights**

42.     Nothing contained herein or any actions taken pursuant to such relief requested is intended to be or should be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion or any order granting the relief requested by this motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (h) a waiver of the obligation of any party in interest to file a proof of claim; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection of, or seek avoidance of, all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

**Notice**

43.     The Debtors will provide notice of this motion to the following parties: (a) the Office of the United States Trustee for the Eastern District of Missouri; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the law firms

18

representing claimants who have filed or asserted claims arising out of the Cyber Security Incident as of the Petition Date; (d) the agent/lender under any proposed postpetition financing facility and its counsel, if applicable; (e) the United States Attorney's Office for the Eastern District of Missouri; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; (h) the Federal Trade Commission; (i) the state attorneys general in all 50 states; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). Notice of this motion and any order entered hereon will be served in accordance with Local Rule 9013-3(A)(1). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

44. A copy of this motion is available on (a) PACER at https://pacer.uscourts.gov/ and (b) the website maintained by the Debtors' proposed claims and noticing agent, Kroll Restructuring Administration LLC, at https://restructuring.ra.kroll.com/23andMe.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order and grant such other relief as the Court deems appropriate under the circumstances.

Dated: March 24, 2025  
St. Louis, Missouri

Respectfully submitted,

**Carmody MacDonald P.C.**
*/s/ Thomas H. Riske*
Thomas H. Riske #61838MO
Nathan R. Wallace #74890MO
Jackson J. Gilkey #73716MO
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 854-8600
Facsimile: (314) 854-8660
Email: thr@carmodymacdonald.com
nrw@carmodymacdonald.com
jjg@carmodymacdonald.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Paul M. Basta (*pro hac vice* pending)
Christopher Hopkins (*pro hac vice* pending)
Jessica I. Choi (*pro hac vice* pending)
Grace C. Hotz (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: pbasta@paulweiss.com
chopkins@paulweiss.com
jchoi@paulweiss.com
ghotz@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in Possession*