## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| 23ANDME HOLDING CO., *et al.*,[1] | Case No. 25-40976 |
| Debtors. | (Joint Administration Requested) |
| | Objection Deadline: TBD[2] |
| | Hearing Date: TBD |
| | Hearing Time: TBD |
| | Hearing Location: TBD |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion:

### Relief Requested[3]

1.      The Debtors seek entry of an order (the "Proposed Order")[4] (a) establishing deadlines for filing proofs of claim in these chapter 11 cases and approving the form and manner of notice thereof and (b) granting related relief.

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe. The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

[2]   The Debtors will file a notice stating the date, time, and location of the hearing on this motion, as well as the objection deadline (which will be at least seven days in advance of the hearing date), once this information becomes available.

[3]   Capitalized terms used but not defined in this section have the meanings ascribed to such terms elsewhere in this motion.

[4]   A copy of the Proposed Order will be made available on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe.

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the Eastern District of Missouri (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and rule 9.01(B) of the Local Rules of the United States District Court for the Eastern District of Missouri.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  The Debtors consent to a final order with respect to this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 501, 502, and 1111(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rules 2002 and 3003(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 3001 and 3003 of the Local Rules of Bankruptcy Procedure for the Eastern District of Missouri (the "Local Rules").

**Background**

5.      23andMe Holding Co. (collectively with its Debtor subsidiaries and non-Debtor affiliates,[5] the "Company") is a leading human genetics and telehealth company with a mission to help people access, understand, and benefit from the human genome.  The Company pioneered direct access to genetic information as the only company with multiple FDA clearances for genetic health reports.  Further, through its Lemonaid Health telehealth platform, the Company operates as a national online doctor's office that provides medical care, pharmacy fulfillment, and laboratory testing services.

---

[5]     Non-Debtor affiliates exclude any controlling shareholder of 23andMe Holding Co.

6.      On March 23, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

7.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors have filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) substantially contemporaneously herewith.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated at this time.

8.      A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew Kvarda in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed substantially contemporaneously herewith and incorporated herein by reference.[6]

9.      On the Petition Date, the Debtors filed a motion seeking authority to retain Kroll Restructuring Administration LLC ("Kroll") as their claims and noticing agent and administrative advisor.

## The Bar Dates

10.      Bankruptcy Rule 3003(c)(3) requires that the Court fix a time within which proofs of claim[7] must be filed.  Fed. R. Bankr. P. 3003(c)(3) ("[t]he court shall fix . . . the time within which proofs of claim or interest may be filed.").  Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor who has a claim against the Debtors that arose prior to the Petition Date, and

---

[6]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

[7]      The term "claim" shall have ascribed to it the meaning given under Bankruptcy Code section 101(5).

3

whose claim is not listed on the Debtors' Schedules, or whose claim is listed on the Debtors' Schedules as disputed, contingent, or unliquidated, must file a proof of claim. *See* Fed. R. Bankr. P. 3003(c)(2). Bankruptcy Rule 3003(c)(2) further provides that "any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." *Id.*

11. Bankruptcy Rule 2002(a) requires that parties in interest receive at least 21 days' notice of the "time fixed for filing proofs of claim pursuant to Rule 3003(c)." Fed. R. Bankr. P. 2002(a)(7). Further, section 502(b)(9) of the Bankruptcy Code provides that the "claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide." 11 U.S.C. § 502(b)(9).

12. The Debtors have requested a hearing on this motion for April 22, 2025. Shortly after that hearing, assuming that the proposed Bar Dates (as defined below) are approved and the Proposed Order is entered by the Court, the Debtors will serve: (a) the Bar Date Notices (as defined below), (b) a modified proof of claim form (the "General Proof of Claim"), upon all known entities currently holding potential prepetition claims and Rejection Damages Claims (as defined below) but excluding any entities holding Cyber Security Incident Claims (as defined below); and (c) a customized proof of claim form for the Cyber Security Incident Claims (the "Cyber Security Incident Proof of Claim," and, together with the General Proof of Claim, the "Proofs of Claim"), upon all known entities holding Cyber Security Incident Claims. The Debtors propose that the date on which they actually serve the Bar Date Notice (as defined below) and the Proofs of Claim (the "Service Date") will occur within seven days after the Court enters the Proposed Order (the "Service Deadline").

4

13.     To proceed expeditiously in these chapter 11 cases and be in a position to solicit votes on a chapter 11 plan of reorganization as soon as possible, the Debtors must identify all potential creditors with a right to vote by fixing and sending out notice to potential parties in interest that hold prepetition claims against the Debtors of the Bar Dates (as defined below).  Fixing the Bar Dates will enable the Debtors to receive, process, and analyze creditor claims in a timely and efficient manner, and will expedite the administration of these chapter 11 cases and distributions to claimants.  The analysis of Cyber Security Incident Claims (as defined below) in particular is of critical importance to progress these chapter 11 cases.  Based on the notice procedures discussed herein, the proposed Bar Dates will give such creditors ample opportunity to prepare and timely file proofs of claim.

14.     As set forth in the First Day Declaration, these chapter 11 cases were necessitated by, among other things, a cyber security incident that was discovered by the Debtors in October 2023 (the "Cyber Security Incident"), whereby a threat actor downloaded, without authorization, certain personal information relating to approximately seven million of the Debtors' customers.  Shortly thereafter, over 40 putative class action lawsuits and 35,000 arbitration claims were threatened or filed against the Debtors alleging harms arising from or relating to the Cyber Security Incident.  The number of pending claims arising from or related to the Cyber Security Incident as of the Petition Date (the "Known Cyber Security Incident Claims") and the number of additional Cyber Security Incident Claims that may be asserted (the "Unknown Cyber Security Incident Claims," and together with the Known Cyber Security Incident Claims, the "Cyber Security Incident Claims," and holders of such Cyber Security Incident Claims, the "Cyber Security Incident Claimants") make it clear that the Debtors will require reasonably detailed information relating to such claims that is targeted and tailored to specific facts related to the Cyber Security

5

Incident, so that the Debtors may effectively and efficiently assess the legitimacy of and the potential value of the asserted Cyber Security Incident Claims.

15.     The Debtors have commenced these chapter 11 cases to (a) effectuate a value-maximizing sale and (b) expeditiously confirm a plan to distribute that value to stakeholders and bring these cases to an orderly conclusion.  The Debtors are filing this motion to establish the Bar Dates at the outset of these chapter 11 cases to achieve those objectives for the benefit of all stakeholders.

## A.     The General Bar Date

16.     The Debtors have requested that the Court extend the deadline for the Debtors to file their schedules of assets and liabilities (the "Schedules") through and including April 28, 2025. The Debtors anticipate serving the bar date notice (the "General Bar Date Notice") no later than April 29, 2025, and consequently request that the Court establish May 20, 2025 at either (a) 11:59 p.m. (prevailing Central Time) if submitted electronically or (b) 4:59 p.m. (prevailing Central Time) if submitted by hardcopy—*i.e.*, 22 days after the Debtors' proposed deadline to file their Schedules and 21 days after the Service Deadline—as the deadline for each entity[8] (including individuals, partnerships, corporations, joint ventures and trusts) to file proofs of claim based on prepetition claims, including certain requests for payment under Bankruptcy Code section 503(b)(9), against any of the Debtors (the "General Bar Date"), unless such entity's claims fall within one of the enumerated exceptions set forth below.  **For the avoidance of doubt, any entity holding a Cyber Security Incident Claim shall submit a proof of claim by the Cyber Security Incident Bar Date (as defined below) and in accordance with the proposed procedures for filing a Cyber Security Incident Proof of Claim (as defined and discussed below).**

---

[8]     As used herein, the term "entity" shall have the meaning ascribed to it under Bankruptcy Code section 101(15).

6

17.     The Debtors propose that the filing of a proof of claim form, which substantially conforms to Official Form B 410, be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under Bankruptcy Code section 503(b)(9), if any (which, despite the priority status, are prepetition claims); *provided, however*, that all other administrative claims under Bankruptcy Code section 503(b), other than Rejection Damages Claims (as defined below), must be made by separate filed requests for payment in accordance with Bankruptcy Code section 503(a) and will not be deemed proper if made by a proof of claim.

18.     The General Bar Date, if approved by the Court, would be the date and time by which all entities must file proofs of claim so that such proofs of claim are actually received by the Clerk of the United States Bankruptcy Court for the Eastern District of Missouri (the "Clerk of the Court") or Kroll, unless such entity's claim falls within one of the enumerated exceptions set forth below.  Subject to these exceptions, the General Bar Date would apply to all claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date.

**B.     The Governmental Bar Date**

19.     The Debtors request that the Court establish September 19, 2025 at either (a) 11:59 p.m. (prevailing Central Time) if submitted electronically or (b) 4:59 p.m. (prevailing Central Time) if submitted by hardcopy, as the bar date by which governmental units[9] must file proofs of claim in these chapter 11 cases (the "Governmental Bar Date").  This Governmental Bar date is 180 days from the Petition Date and thus, the Governmental Bar Date complies with section 502(b)(9) of the Bankruptcy Code.

---

[9]     As used herein, the term "governmental unit" shall have the meaning ascribed to it under Bankruptcy Code section 101(27).

7

20.     The Governmental Bar Date would apply to all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party. All governmental units holding such claims against the Debtors would be required to file proofs of claim that are actually received by the Clerk of the Court or Kroll by the Governmental Bar Date.

**C.     The Rejection Bar Date**

21.     Certain entities may assert claims arising from or relating to the rejection of executory contracts or unexpired leases, pursuant to Bankruptcy Code section 365, or claims otherwise related to such rejected agreements (collectively, the "Rejection Damages Claims"). Accordingly, the Debtors request that the Court establish the date by which such entities must file proofs of claim (including administrative claims) relating to the Debtors' rejection of executory contracts or unexpired leases in these cases to be the later of (a) the General Bar Date and (b) the date that is 21 days following entry of the relevant order or deemed effective date of the rejection of such rejected contract or unexpired lease of the Debtors at either (i) 11:59 p.m. (prevailing Central Time) if submitted electronically, or (ii) 4:59 p.m. (prevailing Central Time) if submitted by hardcopy (the "Rejection Bar Date").

22.     For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature relating to the rejection of executory contracts or unexpired leases must be filed by the Rejection Bar Date.  The Debtors propose that the filing of a proof of claim together with an attached detailed statement describing the nature and basis of any portion of a Rejection Damages Claim asserting administrative priority pursuant to Bankruptcy Code section 503(b) (an

"Administrative Claim Supplement"), be deemed to satisfy the procedural requirements for the assertion of a Rejection Damages Claim.  For the avoidance of doubt, any entity asserting a Rejection Damages Claim with an administrative claim component will be required to prepare its own Administrative Claim Supplement, and the Debtor will not provide a form of Administrative Claim Supplement.

**D.    The Amended Schedules Bar Date**

23.    The Debtors retain the right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, priority, classification, or otherwise; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.  As the Debtors may find it necessary to amend their Schedules, the Debtors request that the Court establish the deadline by which claimants holding claims affected by such amendment must file proofs of claim so that such proofs of claim are actually received by the Clerk of the Court or Kroll on the later of (a) the General Bar Date and (b) the date that is 21 days from the date on which the Debtors mail notice of the amendment to the Schedules at either (i) 11:59 p.m. (prevailing Central Time) if submitted electronically or (ii) 4:59 p.m. (prevailing Central Time) if submitted by hardcopy (the "Amended Schedules Bar Date").  If the Debtors amend or supplement their Schedules after the Service Date, the Debtors propose to provide notice of any such amendment or supplement to the holders of claims affected thereby, including notice of the Amended Schedules Bar Date to file proofs of claim in response to the amendment or supplement to the Schedules.

24.    In particular, if a Debtor amends or supplements its Schedules to: (a) reduce the undisputed, noncontingent, and liquidated amount of a claim; (b) change the nature or classification of a claim against the Debtor in a manner adverse to the scheduled creditor; or (c) add

9

a new claim to the Schedules with respect to a party that was not previously served with notice of the Bar Dates, the Debtors propose that the affected claimant be required to file a proof of claim or amend any previously filed proof of claim in respect of the new or amended scheduled claim in accordance with the procedures described herein by the Amended Schedules Bar Date.

**E.      Cyber Security Incident Bar Date**

25.      The Debtors request that the Court establish May 20, 2025 at either (a) 11:59 p.m. (prevailing Central Time) if submitted electronically or (b) 4:59 p.m. (prevailing Central Time) if submitted by hardcopy, as the bar date by which Cyber Security Incident Claimants must file proofs of claim in these chapter 11 cases (the "<u>Cyber Security Incident Bar Date</u>" and, together with the General Bar Date, the Governmental Bar Date, the Rejection Bar Date, and the Amended Schedules Bar Date, the "<u>Bar Dates</u>" and each, a "<u>Bar Date</u>").  For the avoidance of doubt, the Cyber Security Incident Bar Date is the same as the General Bar Date.

<u>**Proposed Procedures for Filing Proofs of Claim**</u>

**A.      Procedures for Filing General Proofs of Claim**

**a.      Parties Required to File General Proofs of Claim**

26.      Except as otherwise set forth herein, the Debtors request that the Court require each of the following entities holding claims against the Debtors arising prior to the Petition Date to file proofs of claim on or before the applicable Bar Date:

a.      any entity (i) whose prepetition claim against a Debtor is (A) not listed in the applicable Debtor's Schedules or (B) listed as contingent, disputed, or unliquidated, and (ii) that desires to participate in these chapter 11 cases or share in any distribution in any of these chapter 11 cases; and

b.      any entity that believes that its prepetition claim is improperly classified in the Schedules, or is listed in an incorrect amount or against an incorrect Debtor, and that desires to have its claim allowed in a classification or amount or against a Debtor other than that identified in the Schedules.

**b. Parties Not Required to File General Proofs of Claim**

27.    The Debtors request that the Court exempt the following entities, to the extent required by the Bankruptcy Code, from any requirement to file a proof of claim prior to the General Bar Date:

a.   any entity holding a Cyber Security Incident Claim, which entity shall submit a proof of claim in accordance with the proposed procedures for filing a Cyber Security Incident Proof of Claim;

b.   any entity that has already properly filed a signed proof of claim against the correct applicable Debtor(s) with either the Clerk of the Court or Kroll in a form substantially similar to Official Form B 410;

c.   any entity whose claim is listed on the Schedules, *provided* that: (i) the claim is **not** scheduled as "disputed", "contingent", or "unliquidated"; (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

d.   any entity whose claim has previously been allowed by order of the Court;

e.   any entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code in accordance with an order of the Court;

f.   any Debtor or non-Debtor affiliate having a claim against another Debtor;

g.   any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

h.   a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business for wages, commission, or benefits; *provided, however*, that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

i.   any holder of a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an expense of administration incurred in the ordinary course; *provided, however*, that any entity asserting a claim entitled to priority under Bankruptcy Code section 503(b)(9) must assert such claims by filing a request for payment or a proof of claim on or prior to the General Bar Date;

j.   any entity holding a claim for which a separate deadline is fixed by the Court;

11

k.      any professionals retained by the Debtors or an official committee of unsecured creditors, if one is appointed, pursuant to orders of the Court that assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330, 331, and 503(b) of the Bankruptcy Code; and

l.      any person or entity who has been exempted from the requirement to file a proof of claim by another order entered in these chapter 11 cases.

28.    Any holder of an equity interest in the Debtors need not file a proof of interest with respect to the ownership of such equity interest at this time; *provided, however*, that any holder of an equity interest who wishes to assert a claim against the Debtors, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the General Bar Date pursuant to the procedures set forth herein.

**c. General Bar Date Package**

29.    Pursuant to Bankruptcy Rule 2002(a)(7), the Debtors propose to serve on all known entities currently holding potential prepetition claims against the Debtors and/or Rejection Damages Claims, other than Cyber Security Incident Claimants, the General Bar Date Notice and a General Proof of Claim, substantially in the form set forth in **Exhibit A** and **Exhibit B**, respectively, attached hereto (the "General Bar Date Package").

30.    The General Proof of Claim will be substantially in the form of Official Form B 410, but the Debtors request that Kroll be authorized to modify it in certain limited respects, subject to the oversight and approval of the Clerk of the Court. The Debtors submit that any alterations to these forms will be appropriately limited to those instances where such modifications (a) are necessary or appropriate to tailor the General Bar Date Notice and Proposed Order for use in these chapter 11 cases, (b) provide additional information for the benefit of potentially interested parties, or (c) are otherwise deemed appropriate by the Clerk of the Court.

31.     The General Bar Date Notice will be consistent with the Official Form B 410 for filing proofs of claim and states, among other things, that proofs of claim must be filed on or before the applicable Bar Date.  On or before the Service Deadline, the Debtors intend to mail the General Bar Date Package via email, facsimile, or first class mail to the following entities (or their respective counsel, if known):

a.      the Office of the United States Trustee for the Eastern District of Missouri;

b.      counsel to the unsecured creditors' committee (the "Committee");

c.      all banking or financial institutions that hold the Debtors' accounts;

d.      all creditors and other known holders of claims against the Debtors, including all entities to be listed in the Schedules as holding claims against the Debtors;

e.      all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of entry of the Proposed Order;

f.      all entities that have filed proofs of claim in these chapter 11 cases as of the date of entry of the Proposed Order;

g.      all parties to executory contracts and unexpired leases with the Debtors that have been identified as of the date of entry of the Proposed Order, including all parties to rejected executory contracts and unexpired leases as of the date of entry of the Proposed Order;

h.      all parties to pending litigation with the Debtors, other than Cyber Security Incident Claimants, that have been identified as of the date of entry of the Proposed Order;

i.      the Internal Revenue Service and all other taxing authorities for the jurisdictions in which the Debtors conducted business as of the Petition Date;

j.      the Federal Trade Commission;

k.      state attorneys general for all 50 states;

l.      the Securities and Exchange Commission; and

m.      such additional entities as deemed appropriate by the Debtors.

13

32.     For holders of potential claims listed in the Schedules, the General Proof of Claim mailed to such entities will indicate how the Debtors have scheduled the creditor's claim in the Schedules, including: (a) the identity of the Debtor against which the entity's claim is scheduled; (b) the amount of the scheduled claim, if any; and (c) whether the claim is scheduled as disputed, contingent, or unliquidated.

33.     The timing of the General Bar Date on (i) 11:59 p.m., prevailing Central Time on May 20, 2025 if submitted electronically, or (ii) 4:59 p.m. prevailing Central Time on May 20, 2025 if submitted by hardcopy, will ensure that potential claimants known to the Debtors as of the Service Date will receive 21 days' notice by mail of the General Bar Date, as required by Bankruptcy Rule 2002(a)(7), and complies with the notice period required by Bankruptcy Rule 2002(p).  The Debtors intend to prioritize service on foreign creditors following the entry of the Proposed Order so as to maximize the amount of time that foreign creditors have to file proofs of claim in these cases.  Further, for orders or notices relating to the rejection of executory contracts or unexpired leases entered or filed after the date of entry of the Proposed Order, the Debtors will include a description of the Rejection Bar Date in the text thereof, thus providing at least 21 days' notice of the Rejection Bar Date.  Similarly, the Debtors will provide parties with at least 21 days' notice of the Amended Schedules Bar Date.

**d.  Requirements for Preparing and Filing General Proofs of Claim**

34.     The General Proof of Claim must (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) specify by name and case number of the Debtor against which the claim is filed; (iv) set forth with specificity the legal and factual basis for the alleged claim; (v) include supporting documentation for the claim or an explanation as to why such

14

documentation is not available; and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant under penalty of perjury.

35.    For any General Proof of Claim to be validly and properly filed, and except as otherwise provided in the Proposed Order, a signed original copy of a completed General Proof of Claim, together with any accompanying documentation required hereunder or by Bankruptcy Rules 3001(c) and 3001(d), must be (a) filed through the CM/ECF system on the Court's website at https://ecf.moeb.uscourts.gov/; (b) filed electronically using the Electronic Proof of Claim (ePOC) Program on the Court's website at https://ecf.moeb.uscourts.gov/cgi-bin/autoFilingClaims.pl; (c) sent by first-class mail or overnight courier to the Clerk of the Court, 111 S. 10th St., 4th Floor, St. Louis, MO 63102; or (d) sent by first-class mail to 23andMe Holding Co. Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163 or overnight courier or hand-delivery to 23andMe Holding Co. Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232. **A General Proof of Claim may NOT be delivered by facsimile or electronic mail transmission**.

36.    A General Proof of Claim will be deemed filed when actually received by the Court or by Kroll by one of the approved methods of delivery.

**B.    Proposed Procedures for Filing Cyber Security Incident Proofs of Claim**

37.    The Debtors intend to implement special noticing and filing procedures for the Cyber Security Incident Claims (the "Cyber Security Incident Claim Procedures"). Cyber Security Incident Claimants will each be served a separate bar date notice (the "Cyber Security Incident Bar Date Notice" and, together with the General Bar Date Notice, the "Bar Date Notices" and

each, a "Bar Date Notice") and a Cyber Security Incident Proof of Claim (as defined below) on April 28, 2025.

38.     The Cyber Security Incident Claim Procedures set forth herein have been formulated to facilitate the submission, confidentiality and evaluation of Cyber Security Incident Claims.  The Cyber Security Incident Bar Date Notice is an abbreviated notice, written in plain English, which provides clear instructions for obtaining and submitting a Cyber Security Incident Proof of Claim by the Cyber Security Incident Bar Date.  This customized notice will be more effective in providing the required notice of the Cyber Security Incident Bar Date, and may also result in substantial cost-savings to the Debtors' estates because of its shortened length.

39.     Given that Cyber Security Incident Claims differ substantively and materially from other claims to be filed against the Debtors, the Debtors request that the Court approve the customized and confidential proof of claim form (the "Cyber Security Incident Proof of Claim") for Cyber Security Incident Claimants.  The Cyber Security Incident Proof of Claim form, based on Official Form 410, has been modified to remove requirements irrelevant to Cyber Security Incident Claims and includes certain relevant additions, including the requirement that the party submitting a Cyber Security Incident Proof of Claim provide certain personally identifying information, including the email address associated with the account that was allegedly breached as a result of the Cyber Security Incident, which information is critical to the Debtors' ability to confirm the legitimacy of the alleged Cyber Security Incident Claim.  Importantly, the specific questions added to the Cyber Security Incident Proof of Claim are substantially similar to the questions that have been approved by the co-lead class counsel appointed in the Cyber Class Action, which litigation has been stayed by the filing of these cases, for purposes of the claim form to be used for putative class members seeking to opt into a proposed settlement with the Company.

16

The Debtors submit that these modifications, among others, will minimize the burden placed on Cyber Security Incident Claimants in filing a proof of claim while also enabling the Debtors to evaluate potentially millions of asserted Cyber Security Incident Claims in the most efficient and expedient manner possible.

40.     As part of the Cyber Security Incident Claim Procedures, the Debtors are also seeking approval of certain specialized confidentiality procedures for the submission and handling of the Cyber Security Incident Proofs of Claim and other sensitive related submissions, which are described in greater detail herein.  Because the Cyber Security Incident Claimants are individuals, and because the nature of the Cyber Security Incident Claims against the Debtors relate to the alleged unauthorized disclosure of their sensitive personal information, the Debtors believe it is of paramount importance to protect the Cyber Security Incident Claimants' personal information throughout these chapter 11 cases.

41.     The Cyber Security Incident Claim Procedures were designed after lengthy and thorough consideration by the Debtors and their advisors.  As discussed in greater detail below, the Debtors submit that such procedures are designed to safeguard Cyber Security Incident Claimants' sensitive information, while simultaneously minimizing the administrative expense to be borne by the Debtors' estate, to the prejudice of all of the Debtors' stakeholders, on account of handling and processing what may be millions of claims asserted on account of the Cyber Security Incident.  Further, the Debtors believe that the Cyber Security Incident Claim Procedures go above and beyond the noticing requirements under the law and provide actual notice of the Bar Dates and other important deadlines and information to Cyber Security Incident Claimants.

17

### a. Parties Required to File Cyber Security Incident Proofs of Claim

42.     Any Cyber Security Incident Claimant who believes that she or he has a Cyber Security Incident Claim, including, but not limited to, holders of Known Cyber Security Incident Claims who have filed lawsuits or asserted claims against the Debtors as of the Petition Date, Cyber Security Incident Claimants who have filed or asserted a claim on or after the Petition Date, and Cyber Security Incident Claimants who have never filed a lawsuit, asserted a claim against the Debtors, entered into a settlement, or reported their claim, must submit the Cyber Security Incident Proof of Claim. For the avoidance of doubt, even if the Cyber Security Incident Claim is time-barred under an applicable statute of limitations, each Cyber Security Incident Claimant is required to file a Cyber Security Incident Claim in order to preserve the right to pursue a Cyber Security Incident Claim in the event of a change in the applicable statute of limitations, or shall be forever barred from doing so. Any Cyber Security Incident Claimant must file the applicable Cyber Security Incident Proof of Claim even if such claimant may be included in, or represented by, another action filed against the Debtors with respect to such claimant's Cyber Security Incident Claim.

### b. Parties Not Required to File Cyber Security Incident Proofs of Claim

43.     The Debtors request that the Court exempt the following entities, to the extent required by the Bankruptcy Code, from any requirement to file a Cyber Security Incident Proof of Claim on or before the Cyber Security Incident Bar Date, solely with respect to the claims described below:

a.      any entity that is not a holder of a Cyber Security Incident Claim;

b.      any holder of a Cyber Security Incident Claim whose claim has been paid in full; *provided, however*, that this subsection does not include Cyber Security Incident Claimants who were paid pursuant to settlement agreements but who believe they

have additional claims against the Debtors beyond what was agreed to in the applicable settlement agreement; and

c.      any holder of a Cyber Security Incident Claim who holds a claim that heretofore has been allowed by order of this Court entered on or before the applicable Cyber Security Incident Bar Date.

   **c. Cyber Security Incident Bar Date Package**

44. Pursuant to Bankruptcy Rule 2002(a)(7), the Debtors propose to serve on all Cyber Security Incident Claimants the Cyber Security Incident Bar Date Notice and the Cyber Security Incident Proof of Claim (collectively, the "<u>Cyber Security Incident Bar Date Package</u>") substantially in the form set forth in **Exhibit C** and **Exhibit D**, respectively, attached hereto.

45. On or before the Service Deadline, the Debtors intend to mail the Cyber Security Incident Bar Date Package via email, facsimile, or first class mail to the following entities (or their respective counsel, if known):

a.      all seven million of the Debtors' customers whose accounts were accessed as part of the Cyber Security Incident;

b.      the Office of the United States Trustee for the Eastern District of Missouri;

c.      counsel to the Committee, if any, as of the Service Deadline;

d.      all holders of Known Cyber Security Incident Claims;

e.      all potential holders of Cyber Security Incident Claims that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of entry of the Proposed Order;

f.      the Federal Trade Commission;

g.      the state attorneys general in all 50 states; and

h.      such additional entities as deemed appropriate by the Debtors.

46. The timing of the Cyber Security Incident Bar Date on (i) 11:59 p.m., prevailing Central Time on May 20, 2025 if submitted electronically, or (ii) 4:59 p.m. prevailing Central Time on May 20, 2025 if submitted by hardcopy will ensure that potential Cyber Security Incident

Claimants, as of the Service Date, will receive 21 days' notice via email of the Cyber Security

Incident Bar Date, as required by Bankruptcy Rule 2002(a)(7), and complies with the notice period

required by Bankruptcy Rule 2002(p).  The Debtors intend to prioritize service on foreign creditors

following the entry of the Proposed Order so as to maximize the amount of time that foreign Cyber

Security Incident Claimants have to file proofs of claim in these cases.

### d. Requirements for Preparing and Filing Cyber Security Incident Proofs of Claim

47.      As discussed in the foregoing, protecting the Cyber Security Incident Claimants'

personal information is of paramount importance.  The information requested on the Cyber

Security Incident Proof of Claim, while necessary for the Debtors to validate whether a potential

Cyber Security Incident Claimant holds a valid Cyber Security Incident Claim against the Debtors,

might be detrimental to potential Cyber Security Incident Claimants if made publicly available

without their consent.    To safeguard this sensitive information while also minimizing

administrative costs associated with the claims resolution process, the Debtors propose special

procedures for preparing and filing Cyber Security Incident Proofs of Claim.

48.      The Debtors propose that for any Cyber Security Incident Proof of Claim to be

validly and properly filed, and except as otherwise provided in the Proposed Order, a signed

original copy of a completed Cyber Security Incident Proof of Claim, together with any

accompanying documentation required hereunder or by Bankruptcy Rules 3001(c) and 3001(d),

must be (a) filed through the CM/ECF system on the Court's website at

https://ecf.moeb.uscourts.gov/; (b) sent by first-class mail or overnight courier to the Clerk of the

Court, 111 S. 10th St., 4th Floor, St. Louis, MO 63102; (c) sent by first-class mail to 23andMe

Holding Co. Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand

Central Station, PO Box 4850, New York, NY 10163 or overnight courier or hand-delivery to

23andMe Holding Co. Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232; or (d) filed electronically through the electronic filing system available on the "Submit a Claim" page on Kroll's website at https://restructuring.ra.kroll.com/23andMe. Additionally, the Cyber Security Incident Proof of Claim must be written in English and denominated in United States currency.  **A Cyber Security Incident Proof of Claim may NOT be delivered by facsimile or electronic mail transmission**.

49.    In addition to the foregoing, the Debtors propose that law firms representing multiple Cyber Security Incident Claimants are, subject to the requirements set forth below, authorized, but not required, to file, amend, modify, and/or supplement one or more bulk Cyber Security Incident Proofs of Claim (the "Cyber Security Incident Bulk Claims") on behalf of all Cyber Security Incident Claimants represented by such law firm who elect to be included in the Cyber Security Incident Bulk Claims (each a "Consenting Cyber Security Incident Bulk Claimant" and collectively, the "Consenting Cyber Security Incident Bulk Claimants").  In order to be accepted, Cyber Security Incident Bulk Claims must:

a.    Attach a completed, signed original copy of the Cyber Security Incident Proof of Claim, in pdf, with corresponding support, as applicable, for each Consenting Cyber Security Incident Bulk Claimant;

b.    Attach a spreadsheet that lists each Consenting Cyber Security Incident Bulk Claimant and provides Consenting Cyber Security Incident Bulk Claimants' names and corresponding file name of the claim form (which must include a unique file name for each claim) (the "Kroll Bulk Filed Claims Index"); and

c.    Prior to submitting a Cyber Security Incident Bulk Claim, such law firm shall send an email to claimteam@ra.kroll.com requesting credentials in order to upload the Cyber Security Incident Bulk Claims and Kroll Bulk Filed Claims Index to a secured website.  Such request for credentials must be sent no later than three business days prior to the Cyber Security Incident Bar Date (May 20, 2025).  Kroll shall provide such credentials within two business days of receipt of such email.

21

50.     Notwithstanding anything to the contrary in this Motion, the Proposed Order, any provision of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any other order of this Court, or any proof of claim form, the Debtors propose that the Cyber Security Incident Bulk Claims shall have the same effect as if each Consenting Cyber Security Incident Bulk Claimant had individually filed its own proof of claim against the Debtors in these chapter 11 cases.  Further, the Debtors propose that no Cyber Security Incident Bulk Claim shall be disallowed, reduced, or expunged solely on the basis that such Cyber Security Incident Bulk Claim is filed collectively by a law firm representing multiple Consenting Cyber Security Incident Bulk Claimants rather than by each Consenting Cyber Security Incident Bulk Claimant individually.  The Debtors submit that by filing a Cyber Security Incident Bulk Claim, the Consenting Cyber Security Incident Bulk Claimants are deemed to have satisfied the applicable Bankruptcy Rules, including, without limitation, Bankruptcy Rule 3001.  The filing of Cyber Security Incident Bulk Claims in this manner is intended solely for the purpose of administrative convenience.  For the avoidance of doubt, Cyber Security Incident Bulk Claims are not intended to be construed, submitted, or allowed as class proofs of claim (or as motions to approve class proofs of claim), nor should any allowance of the filing of Cyber Security Incident Bulk Claims be construed in any way as a determination that any claims in these chapter 11 cases may be submitted as class claims.

51.     The Debtors further propose that all Cyber Security Incident Proofs of Claim shall be subject to the Confidentiality Protocol (as defined and further discussed below), with the exception of Cyber Security Incident Proofs of Claim that are filed through the Court's CM/ECF system.  **For the avoidance of doubt, Cyber Security Incident Proofs of Claim filed through the Court's CM/ECF system will not be kept confidential and therefore, after such Cyber Security Incident Proofs of Claim are filed on the Court's website, certain personal**

22

**information associated with such claimants may be publicly accessible on the Court's website**.

52.     The Debtors submit that providing Cyber Security Incident Claimants the option to file Cyber Security Incident Proofs of Claim through methods that will protect the confidentiality of their personal information is necessary to minimize concerns regarding the unauthorized disclosure of personal information and also to reduce administrative costs and burdens.  Absent this relief, the only alternatives to adequately safeguard Cyber Security Incident Claimants' personal information would be for such claimants to send a physical Cyber Security Incident Proof of Claim through first-class mail, overnight courier, or hand-delivery to Kroll or the Clerk of the Court.  This would require the Clerk of the Court and/or Kroll to have the capacity to manually process potentially millions of Cyber Security Incident Proof of Claims, resulting in hundreds of thousands, if not millions, of dollars of added administrative expense on the Debtors' estates.  The Debtors submit that these added costs would be contrary to their stated goal of maximizing value for all parties in interest, and would be more burdensome for potential Cyber Security Incident Claimants.

53.     A Cyber Security Incident Proof of Claim will be deemed filed when actually received by the Court or by Kroll by one of the approved methods of delivery.

     **e.   Proposed Confidentiality Procedures for Cyber Security Incident Proofs of Claim**

54.     As discussed above, the Cyber Security Incident Claims differ substantively and materially from other claims filed against the Debtors.  Due to the information being requested in the Cyber Security Incident Proof of Claim, the Debtors are seeking approval of the following confidentiality protocol (the "Confidentiality Protocol"):

    a.     Cyber Security Incident Proofs of Claim mailed, hand-delivered to, or filed with Kroll, as well as Cyber Security Incident Proofs of Claim mailed or hand-delivered

to the Clerk of the Court (collectively, the "Confidential Cyber Incident Proofs of Claim"), will not be available to the general public. The Confidentiality Protocol is for the benefit of Cyber Security Incident Claimants. Such claimants may, solely, in their discretion, elect to make public the information contained in their submitted Cyber Security Incident Proof of Claim by choosing to file through the Court's CM/ECF system.Confidential Cyber Security Incident Proofs of Claim shall be held and treated as confidential by Kroll, the Debtors, the Debtors' counsel and retained advisors, and any of the parties listed below (the "Permitted Parties") to the extent such Permitted Party requests access to the Cyber Security Incident Proofs of Claim. Furthermore, each Permitted Party shall execute and return to Debtors' counsel (with a copy to any official committee that may be appointed in these chapter 11 cases to represent holders of Cyber Security Incident Claims) a confidentiality agreement substantially in the form attached hereto as **Exhibit F** (the "Confidentiality Agreement") by which such Permitted Party agrees to keep the information provided in the Cyber Security Incident Proof of Claim confidential.

    c.    The Permitted Parties include:[10]

        i.    The Court (including the bankruptcy judge presiding over these chapter 11 cases, the Clerk of the Court, and/or their designees);

        ii.    counsel and advisors to the Debtors retained pursuant to an order of this court;

        iii.    officers, directors, and employees of the Debtors necessary to assist the Debtors and their counsel in reviewing and analyzing the Cyber Security Incident Claims;

        iv.    Kroll (including any of Kroll's employees, affiliates, agents, contractors, or vendors to the extent necessary or appropriate for Kroll to provide services as Claims and Notice Agent and Administrative Advisor);

        v.    counsel to any official committee appointed by this Court to represent Cyber Security Incident Claimants;

        vi.    the U.S. Trustee;

        vii.    insurance companies (including their successors) that provided insurance related to the claims described in the Cyber Security

---

[10] With the exception of any counsel and/or advisor retained by the Debtors pursuant to Orders of this Court, the Court (including the bankruptcy judge presiding over these chapter 11 cases, the Clerk of the Court and/or their designees), counsel to any official committee appointed to represent Cyber Security Incident Claimants, the U.S. Trustee's attorneys, and Kroll, each Permitted Party requesting and receiving access to the Cyber Security Incident Proof of Claim (or any information aggregated or derived therefrom) must execute the Confidentiality Agreement.

24

                                Incident Proof of Claim, including authorized claims administrators of such insurance companies and their reinsurers and counsel;

viii.      any special arbitrator, mediator, or claims reviewer appointed to review and resolve Cyber Security Incident Claims;

ix.      any trustee, or functional equivalent thereof, appointed to administer payments to Cyber Security Incident Claimants;

x.      any person with the express written consent of the Debtors and any official committee appointed by this Court to represent Cyber Security Incident Claimants upon seven business days' notice to Cyber Security Incident Claimants who have submitted Cyber Security Incident Proofs of Claim against the Debtors as of the date of the request; and

xi.      such other persons as the Court determines should have the information in order to evaluate Cyber Security Incident Claims upon seven business days' notice to Cyber Security Incident Claimants who have submitted Cyber Security Incident Proofs of Claim against the Debtors as of the date of the request.

55.    To comply with Bankruptcy Rule 5003, the Debtors request that only the claim number, claim amount, and the total number of Cyber Security Incident Proofs of Claim be made publicly available on Kroll's website and only such information be included in the publicly available claims register.  For the avoidance of doubt, General Proofs of Claim will be publicly available on Kroll's website (unless Kroll, in its discretion, determines that a Cyber Security Incident Claimant mistakenly filled out a General Proof of Claim) and the Debtors further request that Kroll be under no obligation or duty to advise claimants and/or make determinations as to whether the appropriate proof of claim form was used; *provided, however*, to the extent that a claimant seeks such advice, the Debtors request that Kroll shall refer the claimant to the instructions detailing the proof of claim forms in the Bar Date Notice and to Kroll's website for these chapter 11 cases at https://restructuring.ra.kroll.com/23andMe.  For the avoidance of doubt,

the Debtors and Kroll shall not be liable for any information filed publicly by a Cyber Security Incident Claimant on a General Proof of Claim.

56.     If a Cyber Security Incident Claimant inadvertently files a Cyber Security Incident Proof of Claim on the Court's CM/ECF system, the Debtors request the authority to take reasonable steps to redact any personal information disclosed by such Cyber Security Incident Claimant upon such claimant's written request to the Debtors. Such information could be used to perpetrate identity theft or unlawful injury to an individual and may result in a violation of applicable data privacy law governing the use of information outside of the United States. For the avoidance of doubt, the Debtors and Kroll shall not be liable for any information filed publicly by a Cyber Security Incident Claimant on the Court's CM/ECF system.

## Consequences of Failure to File a Proof of Claim

57.     The Debtors propose that pursuant to Bankruptcy Code sections 105(a) and 503(a) and Bankruptcy Rule 3003(c)(2), and except as otherwise provided in the Proposed Order, any entity who is required to file a proof of claim in these cases pursuant to the Bankruptcy Code, the Bankruptcy Rules, or the Proposed Order sought herein with respect to a particular claim against a Debtor, but fails to do so by the applicable Bar Date, should be forever estopped and enjoined from: (a) asserting any such claim against the Debtors or their estates or against any reorganized Debtor or successor in interest following the effective date of a chapter 11 plan of reorganization in these cases that (i) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such entity as undisputed, noncontingent, and liquidated, or (ii) is of a different nature or classification than any such claim identified in the Schedules on behalf of such entity (any such claim under this subsection (a), an "Unscheduled Claim"); (b) receiving distributions under a chapter 11 plan of reorganization in respect of an Unscheduled Claim; or (c)

with respect to any administrative priority claim component of any Rejection Damages Claim, asserting any such priority claim against the Debtors or their estates or property.

**Filing Proofs of Claim Against Multiple Debtors; Failure to Identify a Debtor**

58.     The Debtors propose that, except as otherwise provided for in the Proposed Order, all entities asserting claims against more than one Debtor be required to file a separate proof of claim with respect to each such Debtor and identify on each proof of claim the particular Debtor against which their claim is asserted.  If any proof of claim does not clearly specify the name of the Debtor against which the claim is asserted (including, if applicable, listing multiple Debtors), that proof of claim shall be administered as though it was filed against 23andMe, Inc. (Case No. 25-40977), unless a single different case number is clearly specified.  Notwithstanding the foregoing, the failure of any entity to file its proof of claim against the correct Debtor shall not constitute cause to expunge the proof of claim.  Rather, the Debtors may seek to reclassify the proof of claim so that the claim is asserted against the proper Debtor on notice to the affected claimant.

**Publication Notice**

59.     In the interest of ensuring that all potential claimants receive adequate notice of the Bar Dates, in addition to providing the Bar Date Notice to known creditors, the Debtors propose to provide notice of the Bar Dates by publication.  Specifically, the Debtors propose to publish the Bar Date Notices in accordance with Bankruptcy Rule 2002(l), modified for publication in substantially the form attached hereto as **Exhibit E** (the "Publication Notice"): (a) once (print versions and online versions, as relevant) in *The Wall Street Journal,* (b) on the Debtors' website and (c) on the case website (https://restructuring.ra.kroll.com/23andMe) established by the Kroll, in each case at least 21 days before the General Bar Date and the Cyber Security Incident Bar Date.

27

60.     The procedures described above provide creditors with sufficient notice and opportunity and a clear process for filing proofs of claim and achieve administrative and judicial efficiency.  Indeed, the proposed procedures, as more fully described herein, will provide comprehensive notice and clear instructions to creditors, on the one hand, and allow these chapter 11 cases to progress quickly with a minimum of administrative expense and delay, on the other hand.  Additionally, the proposed procedures provide clear instructions that will help avoid confusion or uncertainty among creditors that might lead them to file unnecessary protective proofs of claim or multiple proofs of claim that would cause expense and delay in the claims process for all parties.  The proposed procedures are designed to comply with the Bankruptcy Code, Bankruptcy Rules, and Local Rules, and will provide the Debtors with flexibility in case of the need for supplemental bar dates or situations in which a creditor's claim status may change during these chapter 11 cases.

## Basis for Relief

**A.     The Proposed Bar Dates and Procedures Are Reasonably Calculated to Provide Due and Proper Notice**

61.     The Debtors must ensure that creditors and other interested parties receive adequate and appropriate notice of the Bar Dates.  *See In re Hairopoulos*, 118 F.3d 1240, 1245 (8th Cir. 1997) ("The constitutional component of notice is based on a recognition that creditors have a right to adequate notice and the opportunity to participate in a meaningful way in the course of bankruptcy proceedings.").  Notice must be "reasonably calculated, under the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane* v. *Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

28

62.     To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors.  *See In re Peabody Energy Corp.*, 579 B.R. 208, 215 (Bankr. E.D.Mo. 2017) (citing *Chemetron Corp.* v. *Jones* (*In re Chemetron Corp.*), 72 F.3d 341, 345 (3d Cir. 1995)).  As the Third Circuit in *Chemetron* explained, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and claims bar date. For unknown claimants, notification by publication will generally suffice."  *Id*. at 346 (citations omitted).  A "known" creditor is one whose identity is either known or is "reasonably ascertainable but the debtor."  *Id*. (citing *Tulsa Prof'l Collection Serv., Inc.* v. *Pope*, 485 U.S. 478, 490 (1988)). An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]."  *In re Chemetron*, 71 F.3d at 346 (citing *Mullane*, 339 U.S. at 317).

63.     In defining the efforts required to identify "known" creditors, the Third Circuit stated:

> "Precedent demonstrates that what is required is not a vast, open-ended investigation . . . The requisite search instead focuses on the debtor's own books and records.  Efforts beyond a careful examination of these documents are generally not required.  Only those claimants who are identifiable through a diligent search are 'reasonably ascertainable' and hence 'known' creditors."

*Chemetron*, 72 F.3d at 346-47 (citations omitted).   A creditor's identity is "reasonably ascertainable if that creditor can be identified through reasonably diligent efforts."  *In re Peabody Energy*, 579 B.R. at 215 (citing *In re Chemetron*, 72 F.3d at 346) (internal quotation marks omitted).  To be reasonably diligent, a "debtor's efforts do not need to include impracticable and extended searches . . . in the name of due process" and "the specific facts of each case must be analyze."  *Id*. at 215-16.

29

64.     The Debtors submit that the proposed notice procedures respecting the Bar Dates sufficiently satisfy the *Chemetron* standard.  The Debtors have identified those entities that are known to the Debtors to hold claims against them or are especially likely to be potential holders of claims.  The potential claimants were identified following careful review of the Debtors' books and records.

65.     The Publication Notice respecting the Bar Dates has been tailored to provide notice of such bar dates on an extensive basis throughout the United States.  The Debtors believe that such Publication Notice suffices to provide any claimants unknown to the Debtors that may potentially hold claims against the Debtors with adequate notice of the Bar Dates.  In addition, the Debtors believe that the Publication Notice contemplated by this motion constitutes good and sufficient notice to "unknown" creditors, as discussed in the Third Circuit's decision in *Chemetron*.

**B.      The Proposed Procedures for Submitting Proofs of Claim Should Be Approved**

66.     The Debtors have worked to design claims procedures that provide full notice and clear instructions to claimants and also allow these chapter 11 cases to move forward quickly with minimal administrative expense and delay.

67.     The proposed procedures provide easily understandable instructions for submitting proofs of claim.  These procedures will help claimants file clear and correct proofs of claim, which will avoid unnecessary expense and delay in the claims reconciliation process, to the benefit of all parties in interest.  Indeed, the Debtors believe that the General Proof of Claim and the Cyber Security Incident Proof of Claim will result in a claims reconciliation process that is less burdensome, costly, and time-consuming, which will enhance recoveries for all creditors.

68.     Further, the Debtors submit that the proposed Cyber Security Incident Proof of Claim is appropriate under the circumstances of these cases.  It is well established that the Court

has the authority to approve modifications of Official Bankruptcy Forms. *See, e.g.*, *In re A.H. Robins Co.*, 862 F.2d 1092 (4th Cir. 1988); *In re Eagle-Pitcher Indus., Inc.*, 158 B.R. 713, 716 (Bankr. S.D. Ohio 1993). While Bankruptcy Rule 3001(a) provides that "[a] proof of claim shall conform substantially to the appropriate Official Form," Bankruptcy Rule 9009 authorizes appropriate and necessary alterations to the Official Forms.

69.     Separate proof of claim forms, which modify Official Form B 410, have been approved in various mass litigation bankruptcies. *See, e.g.*, *In re HONX, Inc.*, Case No. 22-90035 (MI) (Bankr. S.D.Tex. 2022) [Docket No. 422]; *In re Boy Scouts of America and Delaware BSA, LLC*, Case No. 20-10343 (LSS) (Bankr. D. Del. 2020) [Docket No. 695]; *In re USA Gymnastics*, Case No. 18-09108 (RLM) (Bankr. S.D. Ind. 2019) [Docket No. 301]; *In re Christian Bros.' Institute*, Case No. 11-22830 (RDD) (Bankr. S.D.N.Y. 2012) [Docket No. 244].

70.     Because the Debtors and certain other parties in interest require specific and targeted information to assess the Cyber Security Incident Claims, and such information is not set forth in Official Form B 410, the Debtors seek the Court's approval of the proposed Cyber Security Incident Proof of Claim.

71.     Finally, the Debtors submit that authorizing, but not requiring, the filing of Cyber Security Incident Bulk Claims is appropriate and minimize administrative burdens associated with processing what may be millions of Cyber Security Incident Proofs of Claims. As discussed in the First Day Declaration, the vast majority of plaintiffs and arbitration claimants who have threatened or filed actions or claims as of the Petition Date are represented by law firms. In many cases, such law firms represent many (thousands, in some cases) Cyber Security Incident Claimants. For example, the vast majority of the 35,000 claimants who have asserted or threatened arbitration claims are represented by six independent law firms. Thus, approving the filing of

31

Cyber Security Incident Bulk Claims provides administrative convenience for both the Debtors but also law firms representing Cyber Security Incident Claimants.

**C.     The Confidentiality Protocol Should Be Approved**

72.     Bankruptcy Rule 5003 requires the Clerk of the Court to maintain a list of claims in a publicly available claims register.  The Cyber Security Incident Proof of Claim, as well as supporting documentation, requests personal information such as the potential Cyber Security Incident Claimant's name, mailing address, and email address, as well as other sensitive information regarding the Cyber Security Incident Claim.  Pursuant to section 107(c)(1) of the Bankruptcy Code:

> "the bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A)     Any means of identification . . . contained in a paper filed, or to be filed, in a case under this title.
>
> (B)     Other information contained in a paper described in subparagraph (A)."

73.     Due to the reasons discussed herein, unauthorized public disclosure of Cyber Security Incident Claimants' personal information increases the risk of these claimants falling victim to illegal conduct such as identity theft, as well as experiencing additional injuries.  As discussed in the *Debtors' Motion for Entry of an Order (I) Extending the Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases and Statements of Financial Affairs, (II) Extending the Time to Schedule the Meeting of Creditors, (III) Waiving the Requirement to File Equity Lists and Provide Notice to Equity Security Holders, (IV) Authorizing the Debtors to File (A) A Consolidated List of Counsel Representing Cyber Security Incident Claimants and (B) A Consolidated List of Other*

*Unsecured Creditors of the Debtors, (V) Authorizing the Debtors to Prepare a Consolidated and Redacted List of Creditors in Lieu of Submitting Separate and Reformatted Creditor Matrices for Each Debtor, (VI) Approving the Manner of Notifying Creditors of the Commencement of these Chapter 11 Cases, and (VII) Granting Related Relief* (the "Creditor Matrix Motion"), the risk in relation to section 107(c)(1) is not merely speculative. Instances of abusive individuals tracking a claimant based upon information publicly disclosed on a bankruptcy docket,[11] as well as nefarious actors perpetrating phishing scams to obtain individual creditors' personally identifiable information,[12] demonstrate that publicly disclosing Cyber Security Incident Claimants' information could result in "undue risk of identity theft or other unlawful injury to the induvial or individual's property." 11 U.S.C. § 107(c)(1).

74.    The circumstances of these chapter 11 cases illustrates that the Confidentiality Protocol is necessary and appropriate. As discussed herein, the Debtors are sensitive to the privacy issues that may arise for a Cyber Security Incident Claimant or a representative of a minor asserting a claim against the Debtors' estates. No claimant should have to choose between filing a claim and avoiding potential injury from the disclosure of sensitive personal information. This is especially true in light of the allegations relating to the Cyber Security Incident, which themselves pertain to the disclosure of sensitive personal information. The Debtors are focused on distributing value to Cyber Security Incident Claimants with legitimate claims against the Debtors—as well as other parties in interest—in a fair, equitable, and efficient manner, while also respecting the privacy of those who may be involved in litigation with the Debtors.

---

[11]    The incident, which took place during the first *Charming Charlie* chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *Charming Charlie Holdings Inc.*, No. 19-11534 (MFW) (Bankr. D. Del. Jul. 11, 2019), ECF No. 4.

[12]    *See In re Celsius Network, LLC*, No. 22-10964 (MG), Docket Nos. 1527, 1904, 1992, 2082, 2896, 3121, 3251, 3422, 3722, 3932, 4070, 7729, and 7886.

75.    Accordingly, the Debtors respectfully request that this Court approve the Confidentiality Protocol set forth herein, and that only the claim number, claim amount, and total number of Cyber Security Incident Proofs of Claim be made publicly available on Kroll's website, and that only such information be included in the publicly available claims register.  For the avoidance of doubt, pursuant to section 107(c)(3) of the Bankruptcy Code, the U.S. Trustee shall have full access to all information contained in a Cyber Security Incident Proof of Claim filed in these chapter 11 cases, but shall not disclose information specifically protected by the Court.

76.    Confidentiality procedures similar to the Confidentiality Protocol proposed herein have been approved in prior mass litigation bankruptcy cases.  *See*, *e.g.*, *In re HONX, Inc.*, Case No. 22-90035 (MI) (Bankr. S.D.Tex. 2022) [Docket No. 422]; *In re Boy Scouts of America and Delaware BSA, LLC*, Case No. 20-10343 (LSS) (Bankr. D. Del. 2020) [Docket No. 695].

## Objections to Claims and Reservation of Rights

77.    The Debtors reserve all rights and defenses with respect to any Proofs of Claim, including, among other things, the right to dispute, assert offsets or defenses thereto, or otherwise object to any Proofs of Claim on any grounds.

78.    The Debtors also reserve all rights and defenses to any claim listed in the Schedules, including, among other things, the right to assert any offsets or defenses thereto, dispute or otherwise object to any such claims on any grounds; provided that, if the Debtors dispute any claim listed in the Schedules and such claim is not already listed as disputed, contingent, or unliquidated, the Debtors shall amend their Schedules as appropriate.

79.    Furthermore, the Debtors reserve the right to seek a further order of this Court to fix a deadline by which holders of claims not subject to the Bar Dates must file Proofs of Claim against the Debtors or be forever barred from doing so.

80.     Based on the foregoing, the Debtors submit that the relief requested herein is necessary, appropriate, and in the best interests of the Debtors and their estates.

**Notice**

81.     The Debtors will provide notice of this motion to the following parties:  (a) the Office of the United States Trustee for the Eastern District of Missouri; (b) the holders of the 30-largest unsecured claims against the Debtors (on a consolidated basis); (c)  the law firms representing claimants who have filed or asserted claims arising out of the Cyber Security Incident as of the Petition Date; (d) the agent/lender under any proposed postpetition financing facility and its counsel, if applicable; (e) the United States Attorney's Office for the Eastern District of Missouri; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; (h) the Federal Trade Commission; (i) the state attorneys general for all 50 states; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  Notice of this motion and any order entered hereon will be served in accordance with rule 9013-3(A)(1) of the Local Rules.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

82.     A copy of this motion is available on (a) PACER at https://pacer.uscourts.gov/ and (b) the website maintained by the Debtors' proposed claims and noticing agent, Kroll Restructuring Administration LLC, at https://restructuring.ra.kroll.com/23andMe.


*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order and grant such other relief as the Court deems appropriate under the circumstances.

Dated: March 24, 2025
St. Louis, Missouri

Respectfully submitted,

**Carmody MacDonald P.C.**
*/s/ Thomas H. Riske*
Thomas H. Riske #61838MO
Nathan R. Wallace #74890MO
Jackson J. Gilkey #73716MO
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
Telephone:    (314) 854-8600
Facsimile:    (314) 854-8660
Email:        thr@carmodymacdonald.com
              nrw@carmodymacdonald.com
              jjg@carmodymacdonald.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
Paul M. Basta (*pro hac vice* pending)
Christopher Hopkins (*pro hac vice* pending)
Jessica I. Choi (*pro hac vice* pending)
Grace C. Hotz (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone:    (212) 373-3000
Facsimile:    (212) 757-3990
Email:        pbasta@paulweiss.com
              chopkins@paulweiss.com
              jchoi@paulweiss.com
              ghotz@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in
Possession*

**<u>Exhibit A</u>**

**General Bar Date Notice**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

|  |  |
|---|---|
| In re:<br><br>23ANDME HOLDING CO., *et al.*,[1]<br><br>           Debtors. | Chapter 11<br><br>Case No. 25-40976<br><br>(Jointly Administered)<br><br>**Related Docket No. ___** |

**NOTICE OF DEADLINES FOR FILING OF GENERAL PROOF OF CLAIM**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE
FOLLOWING DEBTOR ENTITIES:**

| Debtor Name | | Debtor's Case Number |
|---|---|---|
| 1. | 23andMe Holding Co. | 25-40976 |
| 2. | 23andMe, Inc. | 25-40977 |
| 3. | 23andMe Pharmacy Holdings, Inc. | 25-40978 |
| 4. | Lemonaid Community Pharmacy, Inc. | 25-40979 |
| 5. | Lemonaid Health, Inc. | 25-40980 |
| 6. | Lemonaid Pharmacy Holdings Inc. | 25-40981 |
| 7. | LPharm CS LLC | 25-40982 |
| 8. | LPharm INS LLC | 25-40983 |
| 9. | LPharm RX LLC | 25-40984 |
| 10. | LPRXOne, LLC | 25-40975 |
| 11. | LPRXThree LLC | 25-40985 |
| 12. | LPRXTwo LLC | 25-40986 |

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe.  The Debtors' service address
for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

On [●], 2025, the United States Bankruptcy Court for the Eastern District of Missouri (the "Court") entered an order [Docket No. __] (the "Bar Date Order")[2] establishing, among other things, certain deadlines for the filing of General Proof of Claim in the chapter 11 cases of the above-listed debtors and debtors-in-possession (collectively, the "Debtors").

By the Bar Date Order, the Court established:  (i) **(May 20, 2025 at either (a) 11:59 p.m. (prevailing Central Time) if submitted electronically or (b) 4:59 p.m. (prevailing Central Time) if submitted by hardcopy** (the "General Bar Date"), as the general deadline for entities currently holding potential claims and Rejection Damages Claims, but excluding any entities currently holding potential Cyber Security Incident Claims, to file General Proofs of Claim in the Debtors' cases for claims against the Debtors that arose or are deemed to have arisen prior to the date on which the Debtors filed their chapter 11 petitions, March 23, 2025 (the "Petition Date"); and (ii) **September 19, 2025 at either (a) 11:59 p.m. (prevailing Central Time) if submitted electronically or (b) 4:59 p.m. (prevailing Central Time) if submitted by hardcopy** (the "Governmental Bar Date"), as the general deadline for governmental units to file General Proofs of Claim in the Debtors' cases for claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date.  As described below, the Bar Date Order also establishes different bar dates for certain categories of claims.

No later than April 28, 2025, each Debtor will have filed its schedule of assets and liabilities and statement of financial affairs (each, a "Schedule" and collectively across all Debtors, the "Schedules"), settling forth, among other things, the amount, nature and classification of all claims outstanding against each Debtor as of the Petition Date.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of title 11 of the United States Code (the "Bankruptcy Code"), and includes all persons, estates, trusts, and the United States Trustee.  As used in this Notice, the terms "person" and "governmental unit" have the meanings given to them in Bankruptcy Code sections 101(41) and 101(27), respectively.

As used in this Notice, the term "claim" means, as to or against any of the Debtors and in accordance with Bankruptcy Code section 101(5):  (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## A.   THE BAR DATES

The Bar Date Order establishes the following bar dates for filing General Proofs of Claim or requests for payment of certain administrative expenses in these cases (collectively, the "Bar Dates"):

---

[2]   All capitalized terms not defined herein shall have the meaning ascribed them in the Bar Date Order.

1.     <u>The General Bar Date</u>. Pursuant to the Bar Date Order, except as described below, all entities holding claims (whether secured, unsecured, priority, or unsecured priority, including section 503(b)(9) claims) against the Debtors that arose or are deemed to have arisen prior to the Petition Date are required to file General Proofs of Claim so that such proofs of claim are actually received by either the Clerk of the Bankruptcy Court for the Eastern District of Missouri (the "<u>Clerk of the Court</u>") or the Debtors' claims and noticing agent and administrative advisor, Kroll Restructuring Administration LLC ("<u>Kroll</u>") **by May 20, 2025 at either (a) 11:59 p.m. (prevailing Central Time) if submitted electronically or (b) 4:59 p.m. (prevailing Central Time) if submitted by hardcopy**.

2.     <u>The Governmental Bar Date</u>. Pursuant to the Bar Date Order, except as described below, all governmental units holding claims against the Debtors that arose or are deemed to have arisen before the Petition Date are required to file General Proofs of Claim so that such proofs of claim are actually received by either the Clerk of the Court or Kroll **by September 19, 2025 at either (a) 11:59 p.m. (prevailing Central Time) if submitted electronically or (b) 4:59 p.m. (prevailing Central Time) if submitted by hardcopy**.

3.     <u>The Rejection Bar Date</u>. Pursuant to the Bar Date Order, any entity asserting claims against the Debtors arising from or relating to the rejection of executory contracts or unexpired leases, in accordance with Bankruptcy Code section 365 and pursuant to a court order or by operating of Bankruptcy Code section 365(d)(4), or claims otherwise related to such rejected agreements, including: (i) secured claims, unsecured priority claims and unsecured nonpriority claims that arose or are deemed to have arisen prior to the Petition Date; and (ii) administrative claims under Bankruptcy Code section 503(b), (collectively, "<u>Rejection Damages Claims</u>") are required to file Generals Proof of Claim so that such proofs of claim are actually received by either the Clerk of the Court or Kroll **by the later of (a) the General Bar Date and (b) the date that is 21 days following entry of the relevant order or deemed effective date of the rejection of such rejected contract or unexpired lease of the Debtors at either (i) 11:59 p.m. (prevailing Central Time) if submitted electronically, or (ii) 4:59 p.m. (prevailing Central Time) if submitted by hardcopy**. The later of these dates is referred to in this Notice as the "<u>Rejection Bar Date</u>." *For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature arising from or relating to rejected executory contracts or unexpired leases must be filed by the Rejection Bar Date*.

4.     <u>The Amended Schedules Bar Date</u>. Pursuant to the Bar Date Order, if, subsequent to the date of this Notice, a Debtor amends or supplements its Schedules to: (i) reduce the undisputed, noncontingent, and liquidated amount of a claim against the Debtor; (ii) change the nature or classification of a claim against the Debtor in a manner adverse to the scheduled creditor; or (iii) add a new claim to the Schedules with respect to a party that was not previously served with notice of the Bar Dates, the affected claimant is required to file a proof of claim or amend any previously filed proof of claim in respect of the new or amended scheduled claim so that such

proof of claim is actually received by either the Clerk of the Court or Kroll **by the later of:  (a) the General Bar Date and (b) the date that is 21 days from the date on which the Debtors mail notice of the amendment to the Schedules at either (i) 11:59 p.m. (prevailing Central Time) if submitted electronically, or (ii) 4:59 p.m. (prevailing Central Time) if submitted by hardcopy**.  The later of these dates is referred to in this Notice as the "Amended Schedules Date."

### B.      WHO MUST FILE A PROOF OF CLAIM

Unless one of the exceptions described in Section E below applies, if you have a claim that arose or is deemed to have arisen prior to the Petition Date, you **MUST** file a General Proof of Claim to vote on a chapter 11 plan or to share in distributions from the Debtors' bankruptcy estates. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

Except where the Governmental Bar Date, Rejection Bar Date, or the Amended Schedules Bar Date apply to establish a different deadline or one of the exceptions described in Section E below applies, the following entities must file General Proofs of Claim on or before the General Bar Date:

1.      any entity (i) whose prepetition claim against a Debtor is (A) not listed in the applicable Debtor's Schedules or (B) listed as contingent, disputed, or unliquidated, and (ii) that desires to participate in these chapter 11 cases or share in any distribution in any of these chapter 11 cases; and

2.      any entity that believes that its prepetition claim is improperly classified in the Schedules, or is listed in an incorrect amount or against an incorrect Debtor, and that desires to have its claim allowed in a classification or amount or against a Debtor other than that identified in the Schedules.

### C.      WHAT TO FILE

The Debtors are enclosing a General Proof of Claim for use in these cases, or you may use another proof of claim form that conforms substantially to the standard proof of claim form, Official Form B 410.  You will receive a different General Proof of Claim for each claim scheduled in your name by the Debtors.  You may utilize the General Proof of Claim provided by the Debtors to file your claim.  Additional General Proof of Claim may be obtained, free of charge, at the following:                         https://restructuring.ra.kroll.com/23andMe                         or https://www.uscourts.gov/forms/bankruptcy-forms.

All General Proof of Claim must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant (electronic signatures are acceptable).  The General Proof of Claim must be written in English and be denominated in United States currency. You should attach to your completed General Proof of Claim any documents upon which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

4

Except as otherwise set forth in the Bar Date Order, all claimants asserting a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and identify on each General Proof of Claim the particular Debtor against which such claim is asserted and the case number for that particular Debtor.  If any General Proof of Claim does not clearly specify the name of the Debtor against which the claim is asserted (including listing multiple Debtors), that General Proof of Claim shall be administered as though it was filed against 23andMe, Inc. (Case No. 25-40977), unless a single different case number is clearly specified. Notwithstanding the foregoing, the failure of any entity to file its proof of claim against the correct Debtor shall not constitute cause to expunge the General Proof of Claim.  Rather, the Debtors may seek to reclassify the General Proof of Claim so that the claim is asserted against the proper Debtor on notice to the affected claimant.

Any entity asserting a Rejection Damages Claim with an administrative claim component must file, along with its proof of claim, a detailed statement describing the nature and basis of any portion of the Rejection Damages Claim asserting an administrative priority under Bankruptcy Code section 503(b) (the "Administrative Claim Supplement").  For the avoidance of doubt, any entity asserting a Rejection Damages Claim with an administrative claim component shall prepare its own Administrative Claim Supplement, and the Debtors will not provide a form of Administrative Claim Supplement.

Under the Bar Date Order, the filing of a proof of claim form, along with an attached Administrative Claim Supplement, if applicable, shall be deemed to satisfy the procedural requirements for the assertion of a Rejection Damages Claim (including any administrative claim included therein).  ***All other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with Bankruptcy Code section 503(a) and shall not be deemed proper if made by proof of claim***.  No deadline has been established for the filing of administrative claims other than (a) claims under Bankruptcy Code section 503(b)(9) and (b) any portion of a Rejection Damages Claim seeking administrative priority, which claims must be filed by the General Bar Date and the Rejection Bar Date, respectively.

## D.   WHEN AND WHERE TO FILE

All General Proof of Claim must be (a) filed using the CM/ECF system on the Court's website at https://ecf.moeb.uscourts.gov/; (b) filed electronically using the Electronic Proof of Claim (ePOC) Program on the Court's website at https://ecf.moeb.uscourts.gov/cgi-bin/autoFilingClaims.pl; (c) sent by first-class mail or overnight courier to the Clerk of the Court 111 S. 10th St., 4th Floor, St. Louis, MO 63102; or (d) sent by first-class mail to **23andMe Holding Co. Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163** or overnight courier or hand-delivery to **23andMe Holding Co. Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232**.  Proofs of claim must be actually received **on or before the applicable Bar Date**.

General Proof of Claim will be deemed filed only when **actually received** by the United States Bankruptcy Court for the Eastern District of Missouri or by Kroll on or before the applicable Bar Date.  **General Proof of Claim may NOT be delivered by facsimile or electronic mail**

5

**transmission**.  Any facsimile or electronic mail submission will not be accepted and will not be deemed filed until submitted by one of the approved methods described above.

General Proof of Claim will be docketed and maintained by the Court with a duplicate claims register, maintained by the Debtors' claims agent, Kroll.  If you wish to receive acknowledgement of the Court's or Kroll's receipt of a proof of claim, you must submit to the Court or Kroll by the applicable Bar Date and concurrently with your General Proof of Claim: (a) a copy of the General Proof of Claim; and (b) a self-addressed, postage prepaid return envelope. Filed General Proof of Claim will be posted on the Court's website, https://www.moeb.uscourts.gov, and Kroll's website, https://restructuring.ra.kroll.com/23andMe, as soon as is practicable after receipt.

## E.    WHO NEED NOT FILE A PROOF OF CLAIM

The Bar Date Order further provides that the following entities need <u>not</u> file General Proof of Claim:

1.    any entity holding a Cyber Security Incident Claim, which entity shall submit a proof of claim in accordance with the proposed procedures for filing a Cyber Security Incident Proof of Claim;

2.    any entity that has already properly filed a signed proof of claim against the correct applicable Debtor(s) with either the Clerk of the Court or Kroll in a form substantially similar to Official Form B 410;

3.    any entity whose claim is listed on the Schedules, *provided* that: (i) the claim is **not** scheduled as "disputed", "contingent", or "unliquidated"; (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

4.    any entity whose claim has previously been allowed by order of the Court;

5.    any entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code in accordance with an order of the Court;

6.    any Debtor or non-Debtor affiliate having a claim against another Debtor;

7.    any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

8.    a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business for wages, commission, or benefits; *provided, however*, that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

9.      any holder of a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an expense of administration incurred in the ordinary course; *provided, however*, that any entity asserting a claim entitled to priority under Bankruptcy Code section 503(b)(9) must assert such claims by filing a request for payment or a proof of claim on or prior to the General Bar Date;

10.     any entity holding a claim for which a separate deadline is fixed by the Court;

11.     any professionals retained by the Debtors or an official committee of unsecured creditors, if one is appointed, pursuant to orders of the Court that assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330, 331, and 503(b) of the Bankruptcy Code; and

12.     any person or entity who has been exempted from the requirement to file a proof of claim by another order entered in these chapter 11 cases.

## F.      EXECUTORY CONTRACTS AND UNEXPIRED LEASES

As described in Section A above, any entity wishing to assert a Rejection Damages Claim must file, by the Rejection Bar Date, a General Proof of Claim for any prepetition or postpetition damages caused by such rejection, or any other prepetition or postpetition claims of any kind or nature whatsoever relating to the rejected agreement.  As further described in Section C above, any entity asserting a Rejection Damages Claim with an administrative claim component must file, along with its General Proof of Claim, an Administrative Claim Supplement.

## G.      CONSEQUENCES OF FAILURE TO FILE A GENERAL PROOF OF CLAIM BY THE APPLICABLE BAR DATE

EXCEPT AS OTHERWISE SET FORTH IN THE BAR DATE ORDER, ANY ENTITY THAT IS REQUIRED TO FILE A GENERAL PROOF OF CLAIM WITH RESPECT TO A PARTICULAR CLAIM AGAINST A DEBTOR BUT THAT FAILS TO DO SO BY THE APPLICABLE BAR DATE DESCRIBED IN THIS NOTICE SHALL BE ESTOPPED AND ENJOINED FROM THE FOLLOWING:  (I) ASSERTING ANY SUCH CLAIM AGAINST THE DEBTORS OR THEIR ESTATES OR AGAINST ANY REORGANIZED DEBTOR OR SUCCESSOR IN INTEREST FOLLOWING THE EFFECTIVE DATE OF A CHAPTER 11 PLAN OF REORGANIZATION IN THESE CASES, OR PROPERTY THAT (A) IS IN AN AMOUNT THAT EXCEEDS THE AMOUNT, IF ANY, THAT IS IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY AS UNDISPUTED, NONCONTINGENT AND LIQUIDATED OR (B) IS OF A DIFFERENT NATURE OR CLASSIFICATION THAN ANY SUCH CLAIM IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY (ANY SUCH CLAIM IN THIS SUBPARAGRAPH BEING REFERRED TO IN THIS NOTICE AS AN "UNSCHEDULED CLAIM"); (II) VOTING UPON, OR RECEIVING DISTRIBUTIONS UNDER, ANY CHAPTER 11 PLAN IN THESE CHAPTER 11 CASES IN RESPECT OF AN UNSCHEDULED CLAIM; OR (III) WITH RESPECT TO ANY ADMINISTRATIVE PRIORITY CLAIM COMPONENT OF ANY REJECTION DAMAGES CLAIM, ASSERTING

ANY SUCH PRIORITY CLAIM AGAINST THE DEBTORS OR THEIR ESTATES OR PROPERTY.

## H.     RESERVATION OF RIGHTS

The Debtors reserve the right to:  (i) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, priority, classification or otherwise; (ii) subsequently designate any scheduled claim as disputed, contingent or unliquidated; and (iii) otherwise amend or supplement the Schedules.  Nothing contained in this Notice shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

## I.     ADDITIONAL INFORMATION

Copies of the Debtors' Schedules, the Bar Date Order, the General Proof of Claim and other information and documents regarding the Debtors' chapter 11 cases are available for inspection and download free of charge on Kroll's website at https://restructuring.ra.kroll.com/23andMe.  Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 8:30 a.m. and 4:30 p.m., prevailing Central Time, Monday through Friday, at the U.S. Bankruptcy Court Eastern District of Missouri, Office of the Clerk of Court, 111 South 10th Street, Fourth Floor, St. Louis, MO 63102.

If you require additional information regarding the filing of a proof of claim, you may contact Kroll at (888) 357-7556 (toll free in the U.S. and Canada) or +1 (646) 891-5055 (international calls).  You also may contact Kroll by writing to:

> 23andMe Holding Co. Claims Processing Center
> c/o Kroll Restructuring Administration LLC
> 850 3rd Avenue, Suite 412
> Brooklyn, NY 11232

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

**<u>Exhibit B</u>**

**General Proof of Claim**

**United States Bankruptcy Court, Eastern District of Missouri**

| Fill in this information to identify the case<br>(Select only one Debtor per claim form; Please see instruction): | |
|---|---|
| 23andMe, Inc.<br>(Case No. 25-XXXXX) | LPharm CS LLC<br>(Case No. 25-XXXXX) |
| 23andMe Holding Co.<br>(Case No. 25-XXXXX) | LPharm INS LLC<br>(Case No. 25-XXXXX) |
| 23andMe Pharmacy Holdings, Inc.<br>(Case No. 25-XXXXX) | LPharm RX LLC<br>(Case No. 25-XXXXX) |
| Lemonaid Community Pharmacy, Inc<br>(Case No. 25-XXXXX) | LPRXOne LLC<br>(Case No. 25-XXXXX) |
| Lemonaid Health, Inc.<br>(Case No. 25-XXXXX) | LPRXThree LLC<br>(Case No. 25-XXXXX) |
| Lemonaid Pharmacy Holdings Inc.<br>(Case No. 25-XXXXX) | LPRXTwo LLC<br>(Case No. 25-XXXXX) |

## Modified Official Form 410

# Proof of Claim

12/24

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.**

**Do not** use this form to assert a claim against the Debtors based on or involving a cyber data breach (the "Cyber Security Incident") that was discovered in October 2023. Instead, file such claims on a Cyber Security Incident Proof of Claim Form.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
|---|---|

| 1. **Who is the current creditor?** | |
|---|---|
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor |

| 2. **Has this claim been acquired from someone else?** | ☐ No<br>☐ Yes. From whom? |
|---|---|

| 3. **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|---|
| | Name | Name |
| | Number       Street | Number       Street |
| | City                    State              ZIP Code | City                    State              ZIP Code |
| | Contact phone | Contact phone |
| | Contact email | Contact email |
| | Uniform claim identifier (if you use one): | |

| 4. **Does this claim amend one already filed?** | ☐ No<br>☐ Yes. Claim number on court claims registry (if known)_____ | Filed on _____<br>MM / DD / YYYY |
|---|---|---|

| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No<br>☐ Yes. Who made the earlier filing? |
|---|---|

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

---

6. **Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ____  ____  ____  ____

---

7. **How much is the claim?**   $_____. **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

---

9. **Is all or part of the claim secured?**

☐ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $_____

**Amount of the claim that is secured:**   $_____

**Amount of the claim that is unsecured:**   $_____  (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

---

10. **Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

---

11. **Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br><br>☐ Yes. *Check one:*<br><br>☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br><br>☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).<br><br>☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).<br><br>☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).<br><br>☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).<br><br>☐ Other. Specify subsection of 11 U.S.C. § 507(a)(    ) that applies.<br><br>* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | **Amount entitled to priority**<br><br>$_____<br><br><br>$_____<br><br><br><br>$_____<br><br><br>$_____<br><br>$_____<br><br>$_____ |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br><br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

---

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                   MM / DD / YYYY

_____
Signature

**Name of the person who is completing and signing this claim:**

Name    _____
         First name           Middle name                    Last name

Title    _____

Company  _____
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
         Number        Street

         _____
         City                              State      ZIP Code

Contact phone  _____    Email  _____

Modified Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                    12/24

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.** The Debtors' chapter 11 cases are jointly administered under 23andMe Holding Co. for procedural purposes only. A significant portion of the Debtors' operations is conducted by 23andMe, Inc.

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.) Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.ra.kroll.com/23andMe.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

### Please send completed Proof(s) of Claim to:

If by first class mail:
23andMe Holding Co. Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

If by overnight courier or hand delivery:
23andMe Holding Co. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

You may also file your claim electronically through the CM/ECF system on the Court's website at
https://ecf.moeb.uscourts.gov/.

## Do not file these instructions with your form.

**<u>Exhibit C</u>**

**Cyber Security Incident Bar Date Notice**

# Notice of Deadline for Filing Cyber Security Incident Proofs of Claims in the 23andMe Bankruptcy Case

## *All Cyber Security Incident Claimants Must File Claims by <u>May 20, 2025</u>*

*This is an official notice approved by the Bankruptcy Court.  This is not a solicitation from a lawyer.*

- On March 23, 2025, 23andMe Holding Co. and its subsidiaries ("<u>23andMe</u>") filed for chapter 11 bankruptcy.

- Please read this notice carefully as it may impact your rights against 23andMe.

- Capitalized terms used but not defined in this notice shall have the meanings given to them in the *Debtors' Motion for Entry of an Order (I) Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief*, which is available on (a) PACER at https://pacer.uscourts.gov/ and (b) the website maintained by the Debtors' proposed claims and noticing agent, Kroll Restructuring Administration LLC ("<u>Kroll</u>"), at https://restructuring.ra.kroll.com/23andMe.

- If you were a 23andMe customer between May 1, 2023 and October 1, 2023, and you received notice from 23andMe that your personal information was compromised in a data breach that was discovered and disclosed by 23andMe in October 2023 (the "<u>Cyber Security Incident</u>"), and you incurred monetary damages or any non-monetary harms related to the Cyber Security Incident, you are referred to in this notice as a Cyber Security Incident Claimant, and you must file a claim to preserve certain rights.

- **If you do not file a Cyber Security Incident Claim by May 20, 2025, you may lose rights against 23andMe, including the right to compensation from 23andMe.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS BANKRUPTCY CASE | |
|---|---|
| **FILE A PROOF OF CLAIM** | The only way to get compensation for any claims you might have arising from the Cyber Security Incident. |
| **DO NOTHING** | Get no compensation.  You will give up your right to bring your Cyber Security Incident claim against 23andMe in the future. |

- You can file a claim using the Cyber Security Incident Proof of Claim approved by the Court in any of the following ways:

  - Use the Court's website at https://ecf.moeb.uscourts.gov/;

  - Complete and submit the enclosed form by first-class mail or overnight courier to the Clerk of the Court, 111 S. 10th St., 4th Floor, St. Louis, MO 63102;

  - Complete and submit the enclosed form by first-class mail to 23andMe Holding Co. Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163;

o   Complete and submit the enclosed form by overnight courier or hand-delivery to 23andMe Holding Co. Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232; or

o   Use the electronic filing system available on the "Submit a Claim" page on Kroll's website at https://restructuring.ra.kroll.com/23andMe.

**If you file a claim with Kroll via mail, overnight courier, hand-delivery, or through Kroll's website at https://restructuring.ra.kroll.com/23andMe, your information will be kept private and confidential (see Question 6 below).**

- Your rights and options – **and the deadline to exercise them by** – are explained in more detail in this notice.

## BASIC INFORMATION

| 1. Why was this notice issued? |
| --- |

23andMe has filed a chapter 11 bankruptcy case.  The Bankruptcy Court has set a deadline for filing claims against 23andMe relating to the Cyber Security Incident.

This case is filed in the United States Bankruptcy Court for the Eastern District of Missouri, and the case is known as *In re 23andMe Holding Co.*, et al., No. 25-40976 (Bankr. E.D.Mo.).

The Bankruptcy Court authorized 23andMe to send out this notice.  You have the right to file a claim in the bankruptcy case if you suffered monetary damages or any non-monetary harms from the data breach that was discovered by 23andMe in October 2023.  Should you choose to file a Cyber Security Proof of Claim, you are required to do so on or before on or before May 20, 2025 at either (a) 11:59 p.m. (prevailing Central Time) if submitted electronically or (b) 4:59 p.m. (prevailing Central Time) if submitted by hardcopy.

## CYBER SECURITY INCIDENT CLAIMS

| 2. What is considered a Cyber Security Incident Claim? |
| --- |

You have a Cyber Security Incident Claim if you (i) were a 23andMe customer between May 1, 2023 and October 1, 2023, (ii) received notice from 23andMe that your personal information was compromised in the Cyber Security Incident, and (iii) incurred monetary damages or non-monetary harms related to the Cyber Security Incident.

| 3. Who should file a Cyber Security Incident Proof of Claim? |
| --- |

You should file a Cyber Security Incident Proof of Claim if you have a Cyber Security Incident Claim as defined above.  You should file a Cyber Security Incident Proof of Claim regardless of whether you:

- Previously filed a lawsuit or asserted legal claims in connection with a Cyber Security Incident Claim;

- Did or did not report a Cyber Security Incident Claim to 23andMe or anyone else;

- Believe the applicable statute of limitations may have run out on your Cyber Security Incident Claim;

- Previously entered into a settlement agreement relating to a Cyber Security Incident Claim; and/or

- Are included in, or represented by, another legal action with respect to your Cyber Security Incident Claim.

Even if the applicable state statute of limitations has run out on your Cyber Security Incident Claim, you should still file your claim. Statutes of limitation are laws passed by a legislative body in each state that sets the maximum time after an event or discovery of an event when a lawsuit may be filed. Statutes of limitation vary by state.

Do not file a Cyber Security Incident Proof of Claim if your claim is based on anything other than the Cyber Security Incident. For all other claims against 23andMe, you should consult the Bar Date Motion and file a General Proof of Claim (largely based on Official Bankruptcy Form 410).

**4.   What if I am still not sure if I have a Cyber Security Incident Claim?**

You should consult with an attorney if you have any questions, including whether you should file a Cyber Security Incident Proof of Claim.

## HOW TO FILE A CYBER SECURITY INCIDENT PROOF OF CLAIM

**5.   How can I file my Cyber Security Incident Proof of Claim?**

If you have not previously submitted a Cyber Security Incident Proof of Claim and would like to submit one, you need to submit on or before May 20, 2025 at either (a) 11:59 p.m. (prevailing Central Time) if submitted electronically or (b) 4:59 p.m. (prevailing Central Time) if submitted by hardcopy. You can use the enclosed form and submit it by mail at any of the addresses below, or you can download one and submit it electronically through the link below. If you have questions, you may contact your attorney or call (888) 357-7556 (toll free in the U.S. and Canada) or +1 (646) 891-5055 (international calls) to speak to Kroll. Kroll can provide information about how to file a claim, but cannot offer any legal advice.

Please file your Cyber Security Incident Proof of Claim to **either the Court or Kroll** through **one** of the following mechanisms:

| TO THE COURT (*NOT SUBJECT TO PRIVACY PROCEDURES) | |
|---|---|
| **THROUGH THE COURT'S WEBSITE** | Go to https://ecf.moeb.uscourts.gov/ |
| **BY FIRST-CLASS MAIL OR OVERNIGHT COURIER** | Clerk of the Court<br>111 S. 10th St., 4th Floor<br>St. Louis, MO 63102 |
| TO KROLL (*SUBJECT TO PRIVACY PROCEDURES) | |
| **THROUGH KROLL'S WEBSITE** | Go to https://restructuring.ra.kroll.com/23andMe |
| **BY FIRST-CLASS MAIL** | 23andMe Holding Co. Claims Processing Center<br>c/o Kroll Restructuring Administration LLC<br>Grand Central Station, PO Box 4850<br>New York, NY 10163 |
| **BY OVERNIGHT COURIER OR HAND-DELIVERY** | 23andMe Holding Co. Claims Processing Center<br>c/o Kroll Restructuring Administration LLC<br>850 3rd Avenue, Suite 412<br>Brooklyn, NY 11232 |

3

## 6.  Will my information be kept confidential?

Yes, subject to the limitations described below.  The Bankruptcy Court has approved a procedure to protect your privacy.  **To protect your privacy, you must file with Kroll according to the directions above or send by first-class mail or overnight courier to the Clerk of the Court.**  Cyber Security Incident Proofs of Claim filed through Kroll or sent by first-class mail or overnight courier to the Clerk of the Court <u>will be kept confidential and will not be in the public record</u>. **If you file your Cyber Security Incident Proof of Claim through the Court's website, your claim <u>will</u> be available to the public**.

Even if your identity and your Cyber Security Incident Proof of Claim will be kept confidential and outside the public record, information about your Cyber Security Incident Proof of Claim will be confidentially provided, pursuant to Bankruptcy Court-approved guidelines, to the following parties:

- Counsel and advisors to 23andMe;

- Officers, directors, and employees of 23andMe necessary to assist 23andMe and their counsel in reviewing and analyzing the Cyber Security Incident Claims;

- Kroll (including any of Kroll's employees, affiliates, agents, contractors or vendors to the extent necessary or appropriate);

- Counsel to any official committee appointed by the Court to represent Cyber Security Incident Claimants;

- The U.S. Trustee;

- Certain insurers of 23andMe, including authorized claims administrators of such insurers and their reinsurers and counsel;

- Any special arbitrator, mediator, or claims reviewer appointed to review and resolve Cyber Security Incident Claims;

- Any trustee, or functional equivalent thereof, appointed to administer payments to Cyber Security Incident Claimants;

- Any person with the express written consent of 23andMe, and any official committee appointed by the Court to represent Cyber Security Incident Claimants upon seven business days' notice to Cyber Security Incident Claimants; and

- Such other persons as the Court determines need the information in order to evaluate Cyber Security Incident Claims.

Please note that information in your Cyber Security Incident Proof of Claim may be disclosed to governmental authorities under mandatory reporting laws in many jurisdictions.

## ADDITIONAL INFORMATION

| **7.   What could be released under the plan of reorganization?** |
|---|

The chapter 11 plan of reorganization may contain broad releases of 23andMe and certain third parties and related injunction provisions.  If approved by the Court, these provisions could release claims you hold against 23andMe and certain third parties, meaning you would no longer be able to pursue legal action against them.  Also, if approved, these provisions would prohibit you from filing lawsuits against 23andMe and certain third parties related to any Cyber Security Incident Claim.  Instead, a proposed chapter 11 plan for 23andMe could channel these claims to a trust for Cyber Security Incident Claimants.  Please note that a chapter 11 plan has not yet been proposed for solicitation or agreed to by any parties in interest in 23andMe's chapter 11 proceeding.  Once it becomes available for solicitation, you should carefully review the full text of the plan of reorganization release, injunction, and related provisions including any applicable release provision.

| **8.   What happens if I do not file a Cyber Security Incident Proof of Claim?** |
|---|

If you fail to submit a complete Cyber Security Incident Proof of Claim through an approved method on or before **May 20, 2025**, you may not be able to:

- Vote on 23andMe's plan of reorganization; or

- Receive any compensation in 23andMe's bankruptcy case for your Cyber Security Incident Proof of Claim.

| **YOU MAY WANT TO CONSULT WITH AN ATTORNEY REGARDING THIS NOTICE AND WHETHER YOU SHOULD FILE A CYBER SECURITY INCIDENT PROOF OF CLAIM.** |
|---|

## Exhibit D

**Cyber Security Incident Proof of Claim**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **23ANDME HOLDING CO.,** *et al.*, | Case No. 25-xxxxx (xxx) |
| Debtors. | (Jointly Administered) |

# Cyber Security Incident Proof of Claim Form

Read the instructions at the end of this document before filling out this form. This form is for any person or entity to assert a general unsecured claim against the Debtors based on or involving a cyber data breach (the "Cyber Security Incident") discovered in October 2023.

NOTE: A Cyber Security Incident Proof of Claim Form **must be filed for each injured party**. If you share an account with your children, a spouse or others, each person impacted by the Cyber Incident must submit a separate Proof of Claim.

**Do not** use this form to assert any other pre-petition claims, including secured claims or claims entitled to priority under 11 U.S.C. § 507(a). Secured claims, claims entitled to priority under 11 U.S.C. § 507(a), and non-Cyber Incident related claims should be filed on a Proof of Claim Form (Modified Form 410).

**You must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim. **Do not send original documents** as they will not be returned, and they may be destroyed after scanning.

**This form should be completed to the best of your ability with the information available to you.** If you are unable to answer certain questions at this time, the absence of an answer, by itself, will not result in the denial of the claim, though you may be asked or required to provide additional information at a later date. You may also amend or supplement the claim after it is filed.

**Do NOT file a fraudulent claim.** A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

| Part 1: | Identify the Claim |
|---|---|

| | | |
|---|---|---|
| 1. | Who is the current creditor? | _____<br>Name of the individual or entity to be paid for this claim. If the creditor is a minor (under 18), please provide only the minor's initials.<br><br>Other names the creditor used with the debtor, including maiden, d/b/a/, or other names used:<br>_____ |
| 2. | Is the creditor listed above the injured party? | ☐ Yes.<br>☐ No. Name of the Injured Party: _____ |
| 3. | If you are submitting a claim on behalf of another party, provide name and relationship to party. | _____<br>Name of individual filing claim<br><br>_____<br>Relationship to creditor or injured party, if different than creditor |
| 4. | What is the email address associated with the injured party's 23andMe account? | _____<br>Email address |
| 5. | What is the month and year of birth, gender, last 4 digits of social security number and state or territory of residence of the creditor (or injured party, if claim is based on personal injury of another)? | Date of Birth: _____ / _____<br>               Month   Year<br><br>Gender:  ☐ Male   ☐ Female   ☐ Non-Binary/Prefer not to answer<br><br>Last 4 Digits of Social Security Number: ____ ____ ____ ____<br><br>State or Territory of Residence: _____ |
| 6. | Has this claim been acquired from someone else or some other entity? | ☐ No<br>☐ Yes. From whom? _____ |

| 7. Where should notices and payments to the creditor be sent? Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|---|
| | Name | Name |
| | Number     Street | Number     Street |
| | City                State        ZIP Code | City                State        ZIP Code |
| | Contact phone _____ | Contact phone _____ |
| | Contact email _____ | Contact email _____ |

| 8. Does this claim amend one already filed? | ☐ No<br>☐ Yes.  Claim number on court claims registry (if known)_____ | Filed on _____<br>MM / DD / YYYY |
|---|---|---|

| 9. Do you know if anyone else has filed a proof of claim for this claim? | ☐ No<br>☐ Yes. Who made the earlier filing? _____ |
|---|---|

| **Part 2:** | **Attorney Information (Optional)** |
|---|---|

| 10. Are you represented by an attorney in this matter?<br><br>You do not need an attorney to file this form. | ☐ No.<br>☐ Yes. If yes, please provide the following information:<br><br>Law Firm Name<br><br>Attorney Name<br><br>Address<br><br>City                          State                          ZIP Code<br><br>Contact phone _____ Contact email _____ |
|---|---|

| 11. Have you signed an engagement agreement with the above attorney listed in Question 10? | ☐ No.<br>☐ Yes. If yes, please provide the date of execution: _____ / _____ / _____ (mm/dd/yyyy) |
|---|---|

| **Part 3:** | **Information About Your Claim** |
|---|---|

| 12. List the state(s) where you (or injured party, if claim is being filed on behalf of another party) resided between May 1, 2023 through October 1, 2023 | _____<br>_____<br>_____<br>_____ |
|---|---|

| 13. Did you receive an email or letter from 23andMe on or after October 13, 2023 and before February 8, 2024, advising you the information in your account was accessed by an unauthorized third party (threat actor)? | ☐ No.<br>☐ Yes. If yes, please provide the date of the email or letter: _____ / _____ / _____ (mm/dd/yyyy) |
|---|---|

| 14. How much is the claim? | $ _____ or<br>☐ Unknown. |
|---|---|

| 15. **What economic damages are you seeking?** | ☐ Costs associated with the purchase of a physical security or monitoring system: |
| | $_____    or    ☐ Unknown |
| | ☐ Unreimbursed costs or expenses associated with seeking professional mental health counseling or treatment that you incurred as a result of the Cyber Incident: |
| | $_____    or    ☐ Unknown |
| | ☐ Other out of pocket expenses associated with mitigating the effects of the data breach. Describe below: |
| | _____ |
| | _____ |
| | _____ |
| | _____ |
| | _____ |
| | _____ |
| | $_____    or    ☐ Unknown |
| 16. **Are you claiming any non-economic damages (e.g., emotional distress, mental suffering)? If so, please describe:** Attach additional sheets if necessary. | _____ |
| | _____ |
| | _____ |
| | _____ |
| | _____ |
| | _____ |
| | _____ |
| | _____ |
| | _____ |
| | _____ |
| | _____ |
| | _____ |
| | _____ |
| | _____ |
| 17. **Provide supporting documentation.** | Provide any documents supporting your claim, including, but not limited to, credit card statements, bank statements, invoices, receipts or other documents substantiating unreimbursed costs, expenses, losses or charges as a direct result of the Cyber Incident. |
| | The Debtors reserve the right to request additional documentation and information related to the claim and damages asserted in connection with the claim. |

| Part 4: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐  I am the creditor.

☐  I am the creditor's attorney or authorized agent.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____  (mm/dd/yyyy)

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name  _____
First name                    Middle name                         Last name

Title  _____

Company  _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
Number        Street

_____
City                                        State        ZIP Code

Contact phone  _____    Email  _____

# Instructions for Cyber Incident Proof of Claim Form

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the bankruptcy case was filed.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because they will not be returned and may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

- **Each question in this proof of claim form should be construed independently, unless otherwise noted. No question should be construed by reference to any other question if the result is a limitation of the scope of the answer to such question.**

- **The questions herein do not seek the discovery of information protected by the attorney-client privilege.**

- **The words "and" and "or" should be construed as necessary to bring within the scope of the request all responses and information that might otherwise be construed to be outside its scope.**

- **After reviewing this form and any supporting documentation submitted with this form, additional information and documentation may be requested.**

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.ra.kroll.com/23andMe .

## Understand the terms used in this form

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**
23andMe Holding Co. Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**
23andMe Holding Co. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also file your claim electronically at**
**https://restructuring.ra.kroll.com/23andMe via the link**
**entitled "Submit a Claim."**

| Do not file these instructions with your form |

**<u>Exhibit E</u>**

**Publication Notice**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| 23ANDME HOLDING CO., *et al.*,[1] | Case No. 25-40976 |
| Debtors. | (Jointly Administered) |

**NOTICE OF DEADLINES REQUIRING**
**FILING PROOFS OF CLAIM ON OR BEFORE THE APPLICABLE BAR DATE**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST 23ANDME HOLDING CO. AND ITS DEBTOR SUBSIDIARIES (THE "DEBTORS"):**

**BAR DATES**

The United States Bankruptcy Court for the Eastern District of Missouri (the "Court") has entered an order (the "Bar Date Order") establishing certain deadlines for filing proofs of claim or requests for payment of certain administrative expenses in these cases (each, a "Bar Date" and collectively, the "Bar Dates")[2]:

The General Bar Date.  Except as described below, all entities holding claims (whether secured, unsecured, priority, or unsecured priority, including section 503(b)(9) claims) against the Debtors that arose or are deemed to have arisen prior to the Petition Date are required to file General Proofs of Claim so that such proofs of claim are actually received by either the Clerk of the Bankruptcy Court for the Eastern District of Missouri (the "Clerk of the Court") or the Debtors' claims and noticing agent and administrative advisor, Kroll Restructuring Administration LLC ("Kroll") **by May 20, 2025 at either (a) 11:59 p.m. (prevailing Central Time) if submitted electronically or (b) 4:59 p.m. (prevailing Central Time) if submitted by hardcopy**.

The Governmental Bar Date.  Except as described below, all governmental units holding claims against the Debtors that arose or are deemed to have arisen before the Petition Date are required to file General Proofs of Claim so that such proofs of claim are actually received by either the Clerk of the Court or Kroll **by September 19, 2025 at either (a) 11:59 p.m. (prevailing**

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe.  The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

[2]   Capitalized terms not otherwise defined herein shall have the meanings given to them in the Bar Date Order.

**Central Time) if submitted electronically or (b) 4:59 p.m. (prevailing Central Time) if submitted by hardcopy**.

The Rejection Bar Date. Any entity asserting claims against the Debtors arising from or relating to the rejection of executory contracts or unexpired leases, in accordance with Bankruptcy Code section 365 and pursuant to a court order or by operating of Bankruptcy Code section 365(d)(4), or claims otherwise related to such rejected agreements, including: (i) secured claims, unsecured priority claims and unsecured nonpriority claims that arose or are deemed to have arisen prior to the Petition Date; and (ii) administrative claims under Bankruptcy Code section 503(b), (collectively, "Rejection Damages Claims") are required to file General Proofs of Claim so that such proofs of claim are actually received by either the Clerk of the Court or Kroll **by the later of (a) the General Bar Date and (b) the date that is 21 days following entry of the relevant order or deemed effective date of the rejection of such rejected contract or unexpired lease of the Debtors at either (i) 11:59 p.m. (prevailing Central Time) if submitted electronically, or (ii) 4:59 p.m. (prevailing Central Time) if submitted by hardcopy**. *For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature arising from or relating to rejected executory contracts or unexpired leases must be filed by the Rejection Bar Date.*

The Amended Schedules Bar Date. With respect to amendments or supplements to the Debtors' schedules of assets and liabilities (the "Schedules") that (i) reduce the undisputed, noncontingent, and liquidated amount of a claim against the Debtor; (ii) change the nature or classification of a claim against the Debtor in a manner adverse to the scheduled creditor; or (iii) add a new claim to the Schedules with respect to a party that was not previously served with notice of the Bar Dates, the affected claimant is required to file a proof of claim or amend any previously filed proof of claim in respect of the new or amended scheduled claim so that such proof of claim is actually received by either the Clerk of the Court or Kroll **by the later of:  (a) the General Bar Date and (b) the date that is 21 days from the date on which the Debtors mail notice of the amendment to the Schedules at either (i) 11:59 p.m. (prevailing Central Time) if submitted electronically, or (ii) 4:59 p.m. (prevailing Central Time) if submitted by hardcopy**.

The Cyber Security Incident Claims Bar Date. Any entity asserting claims against the Debtors arising from or relating to the data breach that was disclosed by the Debtors in October 2023 (the "Cyber Security Incident Claimants") are required to file Cyber Security Incident Proofs of Claim so that such proofs of claim are actually received by either the Clerk of the Court or Kroll **by May 20, 2025 at either (a) 11:59 p.m. (prevailing Central Time) if submitted electronically, or (b) 4:59 p.m. (prevailing Central Time) if submitted by hardcopy**.

## FILING CLAIMS

### 1. WHO MUST FILE A PROOF OF CLAIM

You MUST file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estate if you have a claim that arose before the Petition Date (including any claim arising under section 503(b)(9) of the Bankruptcy Code). Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be

filed on or before the Bar Dates, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means a right to (a) payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## 2. WHAT TO FILE FOR CLAIMS SUBJECT TO THE GENERAL BAR DATE

If you have a claim subject to the General Bar Date ("General Proof of Claim"), your filed proof of claim must conform substantially to Official Form 410. Additional proof of claim forms and instructions may be obtained at (a) the website established by Kroll, located at https://restructuring.ra.kroll.com/23andMe or (b) the Court's website located at https://www.moeb.uscourts.gov.

All General Proofs of Claim must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in U.S. currency. You also should attach to your completed General Proof of Claim any documents on which the claim is based (if voluminous, attach a summary) or explanation as to why the documents are not available.

**If you have a claim arising from or related to the Cyber Security Incident, you must use the Cyber Security Incident Proof of Claim (see below).**

## 3. WHAT TO FILE FOR CYBER SECURITY INCIDENT CLAIMS

You have a Cyber Security Incident Claim if you (i) were a 23andMe customer between May 1, 2023 and October 1, 2023, (ii) received notice from the Debtors that your personal information was compromised in the Cyber Security Incident, and (iii) incurred monetary damages or non-monetary harms related to the Cyber Security Incident.

If you have a Cyber Security Incident Claim, you must file a Cyber Security Incident Proof of Claim Form, which has been served on all Cyber Security Claimants and may be obtained on the website established by Kroll, located at https://restructuring.ra.kroll.com/23andMe.

All Cyber Security Incident Proofs of Claim must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in U.S. currency. You also should attach to your completed Cyber Security Incident Proof of Claim any documents supporting your claim (if voluminous, attach a summary) or explanation as to why the documents are not available.

4.  **WHEN AND WHERE TO FILE**

All proofs of claim must be filed so as to be received on or before the applicable Bar Date as follows:

General Proof of Claim.  All General Proof of Claim must be (a) filed using the CM/ECF system on the Court's website at https://ecf.moeb.uscourts.gov/; (b) filed electronically using the Electronic Proof of Claim (ePOC) Program on the Court's website at https://ecf.moeb.uscourts.gov/cgi-bin/autoFilingClaims.pl; (c) sent by first-class mail or overnight courier to the Clerk of the Court 111 S. 10th St., 4th Floor, St. Louis, MO 63102; or (d) sent by first-class mail to 23andMe Holding Co. Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163 or overnight courier or hand-delivery to 23andMe Holding Co. Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.  General Proofs of claim must be actually received on or before the applicable Bar Date.

Cyber Security Incident Proof of Claim.  All Cyber Security Incident Proof of Claim must be (a) filed through the CM/ECF system on the Court's website at https://ecf.moeb.uscourts.gov/; (b) sent by first-class mail or overnight courier to the Clerk of the Court, 111 S. 10th St., 4th Floor, St. Louis, MO 63102; (c) sent by first-class mail to 23andMe Holding Co. Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163 or overnight courier or hand-delivery to 23andMe Holding Co. Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232; or (d) filed electronically through the electronic filing system available on the "Submit a Claim" page on Kroll's website at https://restructuring.ra.kroll.com/23andMe.  Cyber Security Incident Proofs of Claim must be actually received on or before the applicable Bar Date.  **For the avoidance of doubt, Cyber Security Incident Proofs of Claim filed through the Court's CM/ECF system will not be kept confidential and therefore, after such Cyber Security Incident Proofs of Claim are filed on the Court's website, certain personal information associated with such claimants may be publicly accessible on the Court's website**.

Proofs of claim will be deemed filed only when actually received at the addresses listed above or via the Electronic Filing System on or before the applicable Bar Date.  Proofs of claim may not be delivered by facsimile, telecopy or electronic mail transmission.

5.  **CONFIDENTIALITY PROTOCOL GOVERNING SUBMISSION OF CYBER SECURITY INCIDENT PROOFS OF CLAIM**

The Bar Date Order provides that a confidentiality procedures (the "Confidentiality Protocol") shall govern the submission of Cyber Security Incident Proofs of Claim.

Cyber Security Incident Proofs of Claim mailed, hand-delivered to, or filed with Kroll, as well as Cyber Security Incident Proofs of Claim mailed or hand-delivered to the Clerk of the Court (collectively, the "Confidential Cyber Incident Proofs of Claim"), will not be available to the general public.  The Confidentiality Protocol is for the benefit of Cyber Security Incident Claimants.  Such claimants may, solely, in their discretion, elect to make public the information

contained in their submitted Cyber Security Incident Proof of Claim by choosing to file through the Court's CM/ECF system.

**Cyber Security Incident Proofs of Claim filed through the Court's CM/ECF system will not be kept confidential and therefore, after such Cyber Security Incident Proofs of Claim are filed on the Court's website, certain personal information associated with such claimants may be publicly accessible on the Court's website.**

## 6. CONSEQUENCES OF FAILURE TO FILE A CLAIM

ANY HOLDER OF A CLAIM THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THIS CASE AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASE ON ACCOUNT OF SUCH CLAIM.

## 7. ADDITIONAL INFORMATION

Copies of the Debtors' Schedules, the Bar Date Order, the General Proof of Claim, the Cyber Security Incident Proof of Claim, and other information and documents regarding the Debtors' chapter 11 cases are available for inspection and download free of charge on Kroll's website at https://restructuring.ra.kroll.com/23andMe. Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 8:30 a.m. and 4:30 p.m., prevailing Central Time, Monday through Friday, at the U.S. Bankruptcy Court Eastern District of Missouri, Office of the Clerk of Court, 111 South 10th Street, Fourth Floor, St. Louis, MO 63102.

If you require additional information regarding the filing of a proof of claim, you may contact Kroll at (888) 357-7556 (toll free in the U.S. and Canada) or +1 (646) 891-5055 (international calls). You also may contact Kroll by writing to:

> 23andMe Holding Co. Claims Processing Center
> c/o Kroll Restructuring Administration LLC
> 850 3rd Avenue, Suite 412
> Brooklyn, NY 11232

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

Dated: March 24, 2025
St. Louis, Missouri

**Carmody MacDonald P.C.**
Thomas H. Riske #61838MO
Nathan R. Wallace #74890MO
Jackson J. Gilkey #73716MO
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
Telephone:     (314) 854-8600
Facsimile:     (314) 854-8660
Email:         thr@carmodymacdonald.com
               nrw@carmodymacdonald.com
               jjg@carmodymacdonald.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
Paul M. Basta (*pro hac vice* pending)
Christopher Hopkins (*pro hac vice* pending)
Jessica I. Choi (*pro hac vice* pending)
Grace C. Hotz (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone:     (212) 373-3000
Facsimile:     (212) 757-3990
Email:         pbasta@paulweiss.com
               chopkins@paulweiss.com
               jchoi@paulweiss.com
               ghotz@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in
Possession*

**<u>Exhibit F</u>**

**Confidentiality Agreement**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| 23ANDME HOLDING CO., *et al.*,[1] | Case No. 25-40976 |
| Debtors. | (Jointly Administered) |

**PERMITTED PARTY CONFIDENTIALITY AGREEMENT**

This Confidentiality Agreement (this "Agreement") is entered into as of [●], 2025, by [●] (the "Recipient"), a Permitted Party pursuant to paragraph 29(c) of the *Order (I) Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof and (II) Granting Related Relief* (the "Bar Date Order")[2] [Docket No. [●]] entered by the United States Bankruptcy Court for the Eastern District of Missouri (the "Court") in the above-captioned chapter 11 bankruptcy cases on [●], 2025.

WHEREAS, the Recipient will be granted access to Cyber Security Proofs of Claim in these chapter 11 cases after execution of this Agreement pursuant to and in accordance with the terms of the Bar Date Order;

WHEREAS, Recipient acknowledges that the Cyber Security Proofs of Claim filed by Cyber Security Claimants contain sensitive, non-public information, which is to remain confidential pursuant to the Bar Date Order and the terms of this Agreement; and

WHEREAS, with the exception of the parties identified in paragraph 29(c) of the Bar Date Order, access to the Cyber Security Proofs of Claim extends only to the natural person who executes this Agreement and a separate copy of this Agreement must be signed by each natural person who seeks access to the Cyber Security Proofs of Claim on behalf of a Permitted Party.

NOW THEREFORE, IT IS AGREED AS FOLLOWS:

1.      Recipient agrees that the Cyber Security Proofs of Claim and any Confidential Information (as such term is defined below) contained therein

---

[1]      A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe. The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Order.

shall be kept confidential pursuant to and in accordance with the terms of the Bar Date Order and this Agreement;

2.    For purposes of this Agreement, the term "Confidential Information" means each Cyber Security Proof of Claim itself, and any information contained in a Cyber Security Proof of Claim, except to the extent such information (i) was known to the Recipient prior to being disclosed in a Cyber Security Proof of Claim, (ii) is or becomes generally available to the public through no act or failure on the part of the Recipient, (iii) is obtained from a third party under no obligation to maintain its confidentiality or (iv) is developed by the Recipient independently without reference to any Cyber Security Proof of Claim;

3.    Recipient agrees to not use or distribute any Cyber Security Proof of Claim or Confidential Information in violation of this Agreement;

4.    Recipient may use Cyber Security Proofs of Claim, and any Confidential Information contained therein, only in connection with the evaluation, prosecution, or defense of the claims asserted in such Cyber Security Proof of Claim in the Debtors' chapter 11 cases, any related adversary proceedings, or contested matters in these chapter 11 cases, any related insurance or reinsurance coverage demands, claims, disputes, or litigation, and settlement negotiations or mediations regarding all of the foregoing, and as otherwise required by applicable federal or state laws or regulations (each, a "Permitted Use");

5.    Recipient shall not disclose any Confidential Information to any other person or entity except that Recipient may disclose Confidential Information (i) to any person or entity that is a Permitted Party who may receive such information pursuant to the Bar Date Order and has executed a copy of this Agreement (or who is bound, under the Bar Date Order, by another's execution of this Agreement), (ii) to the Court or any other tribunal of competent jurisdiction so long as such disclosure is made pursuant to a Permitted Use and under seal, or (iii) pursuant to an order of the Court following notice and a hearing;

6.    Recipient consents to the exclusive jurisdiction of the Court to adjudicate any disputes with respect to any terms, condition or alleged violations of this Agreement or the Bar Date Order;

7.    Recipient shall promptly report any disclosure of Confidential Information in violation or breach of this Agreement to the Debtors and the Cyber Security Incident Claimant and shall cooperate with efforts to recover and secure any such Confidential Information and/or to mitigate the effects of any such disclosure;

8.    Nothing in this Agreement precludes Recipient from petitioning the Court in these chapter 11 cases seeking a modification of the Bar Date Order or the terms of this Agreement with respect to any proposed disclosure of Confidential Information contained in the Cyber Security Proofs of Claim;

*provided, however*, that Recipient shall not disclose any Confidential Information in connection with any such petition unless such disclosure is restricted to the Court and any other necessary parties and made under seal; and

9.      This Agreement shall become effective as of the date it is delivered to counsel for the Debtors.


Dated: _____, 2025          By:   _____

                                                    Signature


                                                    _____

                                                    Print Name