**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| 23ANDME HOLDING CO., *et al.*,[1] | Case No. 25-40976 |
| Debtors. | (Joint Administration Requested) |
| | Hearing Date: TBD[2]<br>Hearing Time: TBD<br>Hearing Location: TBD |

**DEBTORS' MOTION FOR ENTRY OF ORDER
(I) AUTHORIZING THE FILING UNDER SEAL OF CONFIDENTIAL
PERSONAL INFORMATION AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion:

**Relief Requested**[3]

1. The Debtors seek entry of an order (the "Proposed Order"),[4] (a) authorizing the Debtors to file under seal portions of the Retention Applications containing or related to certain Personal Information of the Cyber Security Incident Claimants, and (b) granting related relief; *provided* that, the Debtors will provide unredacted versions of the Retention Applications on a strictly confidential basis to (a) the Court; (b) the United States Trustee for the Eastern District of

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe. The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

[2] The Debtors will file a notice stating the date, time, and location of the first day hearing once this information becomes available.

[3] Capitalized terms used but not defined in this section have the meanings ascribed to such terms elsewhere in this motion.

[4] Copies of the Proposed Order will be made available on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe.

Missouri; and (c) any statutory committee appointed in these chapter 11 cases, in each case, under appropriate confidentiality agreements reasonably satisfactory to the Debtors (collectively, the "Limited Notice Parties").

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the Eastern District of Missouri (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and rule 9.01(B) of the Local Rules of the United States District Court for the Eastern District of Missouri. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors consent to a final order with respect to this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a) and 107(c) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9037-1 and 9037-2 of the Local Rules of the United States District Court for the Eastern District of Missouri (the "Local Rules").

## Background

5. 23andMe Holding Co. (collectively with its Debtor subsidiaries and non-Debtor affiliates,[5] the "Company") is a leading human genetics and telehealth company with a mission to help people access, understand, and benefit from the human genome. The Company pioneered direct access to genetic information as the only company with multiple FDA clearances for genetic

---

[5] Non-Debtor affiliates exclude any controlling shareholder of 23andMe Holding Co.

2

health reports. Further, through its Lemonaid Health telehealth platform, the Company operates as a national online doctor's office that provides medical care, pharmacy fulfillment, and laboratory testing services.

6. On March 23, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

7. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors have filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) substantially contemporaneously herewith. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated at this time.

8. A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew Kvarda in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed substantially contemporaneously herewith and incorporated herein by reference. [6]

## Basis for Relief

**A.    The Court Should Authorize the Debtors to Redact Personal Information**

9. The Debtors are seeking leave to file certain confidential personal information (the "Personal Information") of individuals who have threatened or filed lawsuits or arbitration claims against the Debtors for claims arising out of the Cyber Security Incident (as defined below) under seal (collectively, the "Cyber Security Incident Claimants"). Specifically, the Debtors are

---

[6] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

3

seeking relief to file the names of the individual Cyber Security Interest Claimants from the Debtors' Parties in Interest List attached to each application for retention and employment of certain of the Debtors' professionals, each filed substantially contemporaneously herewith (the "Retention Applications").

10. As set forth in the First Day Declaration, these chapter 11 cases were necessitated in principal part by a data breach that the Debtors identified and disclosed in October 2023 (the "Cyber Security Incident"), whereby a threat actor accessed, without authorization, personal information relating to approximately seven million of the Debtors' customers (the "Customers"). The information accessed by the threat actor varied by user account, and generally included ancestry information, and, for a subset of those accounts, health-related information based upon the user's genetics. Accordingly, the protection of the Customers' Personal Information is of heightened importance in these chapter 11 cases.

11. As a result of the Cyber Security Incident, over 50 class action and state court lawsuits have been filed against the Company to date, and approximately 35,000 claimants have initiated, filed, or threatened to commence arbitration claims against the Company asserting claims for various common law torts and statutory claims—including several that allege an entitlement to statutory damages under certain states' laws arising from the alleged unauthorized disclosure of genetic information.

12. Section 107(c) of the Bankruptcy Code enables the Court to protect individuals from potential harm that might result from the disclosure of certain confidential information. 11 U.S.C. § 107(c). Under this section, courts are empowered to protect information to the extent the court finds that disclosure would create an undue risk of identity theft or unlawful injury to an individual or his property. *See In re Barbaran*, 2022 WL 1487066 at *4 (Bankr. D.C. 2022).

4

13. Section 107(c) of the Bankruptcy Code gives courts wide discretion to protect individuals from disclosure of sensitive information. *See In re Motions Seeking Access to 2019 Statements*, 585 B.R. 733, 756 (D. Del. 2018) ("Section 107(c) gives the court broad discretion to protect an individual with respect to any information, including identifying information, in a paper filed or to be filed with the court to the extent the court finds that disclosure of the information would create an undue risk of identity theft or unlawful injury to the individual or the individual's property.")

14. Specifically, Section 107(c) of the Bankruptcy Code provides that the Court:

> [F]or cause, may protect an individual with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> > (A) Any means of identification (as defined in section 1028(d) of title 18) contained in paper filed, or to be filed, in a case under this title.
> >
> > (B) Other information contained in a paper described in subparagraph (A)

11 U.S.C. § 107(c)(1).

15. The Bankruptcy Code defines "means of identification" as:

> . . . [a]ny name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any:
>
> > (A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number

18 U.S.C. § 1028(d)(7).

5

16. In addition, under section 105(a) of the Bankruptcy Code, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).11 U.S.C. § 105(a).

17. Finally, Bankruptcy Rule 9018, which sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal, states, in pertinent part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018. *See also In re Farmland Indus., Inc.*, 290 B.R. 364, 369 (Bankr. W.D. Mo. 2003) (stating that Bankruptcy Rule 9018 authorizes the court to prohibit disclosures as "necessary to protect the bankruptcy estate").

18. Good cause exists pursuant to section 107(c) of the Bankruptcy Code and Bankruptcy Rule 9018 to authorize the Debtors to file the Personal Information in the Retention Applications under seal because (a) the Personal Information falls well within the scope of confidential information that may be protected pursuant to section 107(c)(1) of the Bankruptcy Code, (b) such Personal Information may also be subject to data protection laws regulating the collection, storage, sharing, use, disclosure, processing, transferring and protection of personal information, including the California Consumer Privacy Act (as amended by the California Privacy Rights Act) and Section 5 of the Federal Trade Commission Act, and (c) there are disclosure risks associated with violating the Canadian Personal Information Protection and Electronic Documents Act, the United Kingdom General Data Protection Regulation ("UK GDPR"), the European General Data Protection Regulation ("EU GDPR"), and other similar laws exposing the Debtors to potential civil liability and significant financial penalties. Accordingly, due to the sensitive

6

nature of the Personal Information and the ongoing litigation and arbitration actions arising from the Cyber Security Incident, it is of critical importance to file the Personal Information in the Retention Applications under seal.

### Immediate Relief Is Necessary

19. Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case if "relief is needed to avoid immediate and irreparable harm." For the reasons discussed herein and in the First Day Declaration, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. Failure to obtain the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture and imperil the Debtors' restructuring efforts. The relief requested herein is necessary for the Debtors to operate their business in the ordinary course and preserve the value of their estates for the benefit of stakeholders. Accordingly, the Debtors respectfully submit that Bankruptcy Rule 6003 has been satisfied.

### Reservation of Rights

20. Nothing contained herein or any actions taken pursuant to such relief requested is intended to be or should be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion or any order granting the relief requested by this motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract,

or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (h) a waiver of the obligation of any party in interest to file a proof of claim; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection of, or seek avoidance of, all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

## Notice

21.	The Debtors will provide notice of this motion to the following parties:  (a) the Office of the United States Trustee for the Eastern District of Missouri; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the law firms representing claimants who have filed or asserted claims arising out of the Cyber Security Incident as of the Petition Date; (d) the agent/lender under any proposed postpetition financing facility and its counsel, if applicable; (e) the United States Attorney's Office for the Eastern District of Missouri; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; (h) the Federal Trade Commission; (i) the state attorneys general in all 50 states; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  Notice of this motion and any order entered hereon will be served in accordance with rule 9013-3(A)(1) of the Local Rules.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

22. A copy of this motion is available on (a) PACER at https://pacer.uscourts.gov/ and (b) the website maintained by the Debtors' proposed claims and noticing agent, Kroll Restructuring Administration LLC, at https://restructuring.ra.kroll.com/23andMe.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order and grant such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: March 24, 2025<br>St. Louis, Missouri | Respectfully submitted,<br><br>**Carmody MacDonald P.C.**<br> /s/ *Thomas H. Riske*<br>Thomas H. Riske #61838MO<br>Nathan R. Wallace #74890MO<br>Jackson J. Gilkey #73716MO<br>120 S. Central Avenue, Suite 1800<br>St. Louis, Missouri 63105<br>Telephone:   (314) 854-8600<br>Facsimile:   (314) 854-8660<br>Email:   thr@carmodymacdonald.com<br>            nrw@carmodymacdonald.com<br>             jjg@carmodymacdonald.com<br><br>- and -<br><br>**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**<br>Paul M. Basta (*pro hac vice* pending)<br>Christopher Hopkins (*pro hac vice* pending)<br>Jessica I. Choi (*pro hac vice* pending)<br>Grace C. Hotz (*pro hac vice* pending)<br>1285 Avenue of the Americas<br>New York, New York 10019<br>Telephone:   (212) 373-3000<br>Facsimile:   (212) 757-3990<br>Email:   pbasta@paulweiss.com<br>            chopkins@paulweiss.com<br>            jchoi@paulweiss.com<br>            ghotz@paulweiss.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |