**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| 23ANDME HOLDING CO., *et al.*,[1] | Case No. 25-40976 |
| Debtors. | (Joint Administration Requested) |
| | Hearing Date:  TBD[2] |
| | Hearing Time:  TBD |
| | Hearing Location:  TBD |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE**
**EMPLOYMENT AND RETENTION OF CARMODY MACDONALD P.C. AS**
**BANKRUPTCY CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN**
**POSSESSION EFFECTIVE AS OF THE PETITION DATE**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>")

respectfully state as follows in support of this application (the "<u>Application</u>"):

**<u>Relief Requested</u>**[3]

1.     The Debtors seek entry of an order (the "<u>Proposed Order</u>") authorizing the retention

and employment of Carmody MacDonald P.C. ("<u>Carmody MacDonald</u>" or the "<u>Firm</u>") as co-

counsel for the debtors and debtors in possession banker with respect to these chapter 11 cases,

effective as of the Petition Date (as defined below).  In support of this Application, the Debtors

---

[1]     A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe.  The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

[2]     The Debtors will file a notice stating the date, time, and location of the first day hearing once this information becomes available

[3]     Capitalized terms used but not defined in this section have the meanings ascribed to such terms elsewhere in this Application.

rely upon the declaration of Thomas H. Riske (the "Riske Declaration"), a principal of Carmody MacDonald, attached hereto as **Exhibit A**.   In further support of this Application, the Debtors respectfully state as follows.

### Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Eastern District of Missouri (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and rule 9.01(B) of the Local Rules of the United States District Court for the Eastern District of Missouri. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  The Debtors consent to a final order with respect to this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 327(a), and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014 and 2016 of the Local Rules of Bankruptcy Procedure for the Eastern District of Missouri (the "Local Rules").

### Background

5.      23andMe Holding Co. (collectively with its Debtor subsidiaries and non-Debtor affiliates,[4] the "Company") is a leading human genetics and telehealth company with a mission to help people access, understand, and benefit from the human genome.  The Company pioneered direct access to genetic information as the only company with multiple FDA clearances for genetic

---

[4]      Non-Debtor affiliates exclude any controlling shareholder of 23andMe Holding Co.

health reports.  Further, through its Lemonaid Health telehealth platform, the Company operates as a national online doctor's office that provides medical care, pharmacy fulfillment, and laboratory testing services.

6.      On March 23, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

7.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors have filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) substantially contemporaneously herewith.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated at this time.

8.      A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the [*Declaration of Matthew Kvarda in Support of Chapter 11 Petitions and First Day Motions*] (the "First Day Declaration"), filed substantially contemporaneously herewith and incorporated herein by reference.[5]

**Basis for Relief**

9.      The Debtors have selected Carmody MacDonald as their bankruptcy co-counsel because the Firm is qualified to provide the services necessary to prosecute these chapter 11 cases, as well as to perform all services necessary and desirable in these chapter 11 cases and advise the Debtors in such other matters as may be appropriate.  Carmody MacDonald has experience and

---

[5]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

knowledge in chapter 11 restructurings, as well as bankruptcy litigation, corporate governance, financing transactions, and other complementary areas of law.

10.     The Debtors believe that the employment and retention of Carmody MacDonald is necessary and in the best interests of the Debtors' estates.  The Debtors must be represented in this case by Missouri counsel who have not only restructuring experience, but also expertise in various other specialties.  The legal services to be provided by Carmody MacDonald include, without limitation, the following:

(a)     advising the Debtors with respect to their rights and obligations as debtors in possession and regarding other matters of bankruptcy law;

(b)     assisting in the preparation and filing of any petitions, motions, applications, schedules, statements of financial affairs, plans of reorganization, disclosure statements, and other pleadings and documents that may be required in these chapter 11 cases;

(c)     representing the Debtors at hearings, including with respect to plans of reorganization, disclosure statements, confirmation and related hearings, and any adjourned hearings thereof;

(d)     representing the Debtors in adversary proceedings and other contested matters;

(e)     representing the Debtors in connection with debtor in possession financing arrangements, if any; and

(f)     counseling the Debtors on other matters that may arise in connection with the Debtors' reorganization proceedings and their business operations.

11.     The Debtors have applied, or expect to apply, to the Court to retain Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss") as bankruptcy counsel.  Due to the size and complexity of these chapter 11 cases, the Debtors believe it is appropriate to be represented by Paul, Weiss, as bankruptcy counsel, and, to retain Carmody MacDonald, a St. Louis-based firm, as its bankruptcy co-counsel.  Carmody MacDonald has extensive experience with the local

bankruptcy bar and rules of this Court and is available locally to attend hearings and address issues, especially on an immediate basis.  Carmody MacDonald will work closely with the Debtors, Paul, Weiss, and the Debtors' other retained professionals to clearly delineate each professional's respective duties and to prevent unnecessary duplication of services whenever possible.  Paul, Weiss or another firm will represent the Debtors in connection with any matter in which Carmody MacDonald cannot represent the Debtors because of an actual or potential conflict of interest.

12.     Given the Debtors' liquidity position and the nature of these chapter 11 cases, Carmody MacDonald will work with Paul, Weiss to ensure the Debtors are afforded effective and efficient legal representation throughout these chapter 11 cases.  Carmody MacDonald will take a significant role in the day-to-day administration of these chapter 11 cases and Paul, Weiss will seek to focus its efforts on strategic matters.

13.     In light of the size of these chapter 11 cases and the large amount of complex work that will need to be performed, the services of Carmody MacDonald are necessary and appropriate to ensure that the Debtors' interests are best served.  Combining the resources of Paul, Weiss and Carmody MacDonald will foster the dual goals of efficient and effective representation before this Court and will work to the benefit of the Debtors.

14.     To the best of the Debtors' knowledge, based on and subject to the Riske Declaration, Carmody MacDonald does not hold or represent any interest adverse to the Debtors' estates; Carmody MacDonald is a "disinterested person" as that phrase is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code; and Carmody MacDonald's employment is necessary and in the best interests of the Debtors' estates.

15.     To the best of the Debtors' knowledge, Carmody MacDonald does not have any connection with the Debtors, their creditors, other parties in interest, their respective attorneys and

accountants, the United States Trustee, or any person employed in the office of the United States Trustee, other than as set forth in the Riske Declaration.  As disclosed in the Riske Declaration, Carmody MacDonald represents or has represented certain parties in interest in matters unrelated to these chapter 11 cases.  Carmody MacDonald has informed the Debtors of its ongoing representation of these entities, and the Debtors have consented to Carmody MacDonald's continued representation of these entities in matters unrelated to this case.  The Debtors submit that the information disclosed in the Riske Declaration does not preclude Carmody MacDonald from representing the Debtors under applicable law and ethics rules.

16.     Carmody MacDonald does not and will not represent in these chapter 11 cases any other entity that has an interest adverse to the Debtors' estates.

17.     Carmody MacDonald has indicated its willingness to serve as bankruptcy co-counsel to the Debtors and to receive compensation and reimbursement in accordance with its billing procedures for services rendered and expenses incurred on behalf of the Debtors, in accordance with the provisions of sections 327, 330, and 331 of the Bankruptcy Code, or as otherwise ordered by the Court.

18.     Carmody MacDonald's requested compensation for professional services rendered to the Debtors will be based on the hours actually expended by each assigned professional at that professional's hourly billing rate for this matter, as well as reimbursement for reasonable and necessary expenses that Carmody MacDonald customarily bills to its clients.

19.     The range of hourly billing rates of Carmody MacDonald partners for this matter will be $360 to $650 per hour, associates $285 to $375 per hour, and paralegals/law clerks $200 to $230 per hour.  Carmody MacDonald's hourly billing rates are subject to periodic adjustments to reflect annual increases and economic and other conditions.  Prior to any increases in the rates

set forth herein, Carmody MacDonald will give ten business days' notice to the Debtors, the United States Trustee, any committee appointed in these chapter 11 cases, and as otherwise ordered by the Court, which adjustments will be filed with the Court.

20.     Carmody MacDonald's hourly fees are comparable to, or less than, those charged by attorneys of similar experience and expertise for engagements of similar scope and complexity to these chapter 11 cases. The Debtors have agreed to compensate Carmody MacDonald for professional services at its normal and customary hourly rates for bankruptcy matters.

21.     As of the Petition Date, the Firm has been paid the sum of $107,779.00 for services performed and expenses paid by the Debtors prior to the Petition Date. The Firm is currently holding the sum of $100,000.00 as a deposit or retainer towards post-petition fees and expenses incurred by the Firm.

22.     Further details regarding professional fees and expenses are set forth in the Riske Declaration.

23.     This Application is further supported by the Declaration of Guy Chayoun, Corporate Secretary of 23andMe Holding Co. attached hereto as **Exhibit B**.

24.     Included in this filing is Carmody MacDonald's Disclosure of Compensation of Attorneys for the Debtors pursuant to section 329(a) of the Bankruptcy Code, rule 2016(b) of the Bankruptcy Rules, and rules 1002(C)(10) and 2016-1(A) of the Local Rules.

### Notice

25.     The Debtors will provide notice of this application to the following parties: (a) the Office of the United States Trustee for the Eastern District of Missouri; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the law firms representing claimants who have filed or asserted claims arising out of the Cyber Security Incident

as of the Petition Date; (d)  the agent/lender under any proposed postpetition financing facility and its counsel, if applicable; (e) the United States Attorney's Office for the Eastern District of Missouri; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; (h) the Federal Trade Commission; (i) the state attorneys general in all 50 states; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  Notice of this application and any order entered hereon will be served in accordance with rule 9013-3(A)(1) of the Local Rules.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

26.    A copy of this Application is available on (a) PACER at https://pacer.uscourts.gov/ and (b) the website maintained by the Debtors' proposed claims and noticing agent, Kroll Restructuring Administration LLC, at https://restructuring.ra.kroll.com/23andMe.

*[Page Left Intentionally Blank]*

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order and grant such other relief as the Court deems appropriate under the circumstances.

Dated: March 24, 2025
St. Louis, Missouri

Respectfully submitted,

*s/ Guy Chayoun*
Name: Guy Chayoun
Title:   Corporate Secretary
        23andMe Holding Co.

## Schedule 1

**List of Debtors**

## <u>Exhibit A</u>

**Riske Declaration**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| 23ANDME HOLDING CO., *et al.*,[1] | Case No. 25-40976 |
| Debtors. | (Joint Administration Requested) |

**DECLARATION OF THOMAS H. RISKE IN SUPPORT OF THE
DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE
EMPLOYMENT AND RETENTION OF CARMODY MACDONALD P.C. AS
BANKRUPTCY CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN
POSSESSION EFFECTIVE AS OF THE PETITION DATE**

I, Thomas H. Riske, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that:

1.        I am an attorney at law admitted to practice law in the State of Missouri and am a principal of the law firm of Carmody MacDonald P.C. ("Carmody MacDonald"), which is located at 120 S. Central Ave., Suite 1800, St. Louis, Missouri 63105.  I am familiar with the matters set forth herein and make this declaration (the "Riske Declaration") on behalf of Carmody MacDonald and submit this Declaration in accordance with sections 327(a) and 328(b) of the United States Code, 11 U.S.C. §§ 101 et seq. of the Bankruptcy Code (the "Bankruptcy Code") and rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in connection with the application (the "Application") of the above-captioned debtors (collectively, the "Debtors"), seeking an order approving the retention of Carmody MacDonald as bankruptcy co-counsel pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and effective as of the

---

[1]        A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe.  The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

Petition Date.[2]  The facts set forth in this Declaration are based upon my personal knowledge, upon information and belief, or upon client matter records kept in the ordinary course of business that were reviewed either by me or other attorneys employed by Carmody MacDonald under my supervision and direction.  If called and sworn as a witness, I could and would testify competently to the facts set forth herein.

### Carmody MacDonald's Engagement

2.      Carmody MacDonald was engaged by the Debtors as their co-bankruptcy counsel on or about March 3, 2025.  In that capacity, Carmody MacDonald has advised the Debtors regarding their restructuring and has assisted the Debtors in their preparations for the commencement of these chapter 11 cases.

3.      The engagement agreement between Debtors and Carmody MacDonald contains terms and provisions ordinary and typical for Carmody MacDonald in similar representations and generally within the practice for such significant representations.  A true and correct copy of Carmody MacDonald's engagement letter with the Debtors is attached hereto as **Attachment 1**.

4.      To the extent the Application or the engagement agreement is inconsistent with the terms of an Order of this Court that may be entered approving the Application, the terms of such Order shall govern.  Notwithstanding the provisions of the engagement agreement relating to the termination of the Debtors' engagement of Carmody MacDonald, I understand and acknowledge that leave of this Court is required before Carmody MacDonald may withdraw as counsel to the Debtors.  The Debtors have agreed to engage Carmody MacDonald under a general retainer arrangement.

5.      The range of hourly billing rates of Carmody MacDonald partners for this matter

---

[2]     Capitalized terms used but not otherwise defined herein have the meanings given to them in the Application.

will be $360 to $650 per hour, $285 to $375 per hour for associates, and $200 to $230 per hour for paralegals/law clerks.  In setting its rates for a given matter, Carmody MacDonald considers the complexity, size, and demands of the matter.  The discussions of Carmody MacDonald's rates and billing practices set forth herein are based on rates charged by Carmody MacDonald in bankruptcy and non-bankruptcy matters of similar complexity, size or demand.  Carmody MacDonald's hourly fees for bankruptcy matters such as these are comparable to, or less than, those charged by attorneys of similar experience and expertise for engagements of similar scope and complexity of these chapter 11 cases.

6.     Carmody MacDonald's hourly billing rates are subject to periodic adjustments to reflect annual increases and economic and other conditions.  Prior to any increases in the rates set forth herein, Carmody MacDonald will give ten business days' notice to the Debtors, the United States Trustee, any committee appointed in these chapter 11 cases, and as otherwise ordered by the Court, which adjustments will be filed with the Court.

7.     Carmody MacDonald's hourly billing rates for professionals are not intended to cover out-of-pocket expenses and certain elements of overhead that are typically billed separately. Accordingly, Carmody MacDonald regularly charges for expenses and disbursements incurred in direct connection with clients' cases, including telecommunications, certain postage and packaged delivery charges, court fees, transcript costs, travel expenses, computer-aided research, court costs, transcript costs, and other third party disbursements.  Carmody MacDonald expects to charge for these expenses in a manner and at rates consistent with charges made generally to other clients or as allowed by this Court.

8.     The law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss") is serving as bankruptcy counsel for the Debtors in these chapter 11 cases.  Carmody MacDonald, as

bankruptcy co-counsel for the Debtors, will work closely with Paul, Weiss to ensure that there is no unnecessary duplication of services performed for or charged to the estates.

9.      Given the Debtors' liquidity position and the nature of these chapter 11 cases, Carmody MacDonald will work with Paul, Weiss to ensure the Debtors are afforded effective and efficient legal representation throughout these chapter 11 cases.  Carmody MacDonald will take a significant role in the day-to-day administration of these chapter 11 cases and Paul, Weiss will seek to focus its efforts on strategic matters.

10.     As of the Petition Date, the Firm has been paid the sum of $107,779.00 for services performed and expenses paid by the Debtors prior to the Petition Date. The Firm is currently holding the sum of $100,000.00 as a retainer (the "Retainer") towards post-petition fees and expenses incurred by the Firm.

11.     Any attorneys' fees and expenses incurred after receipt of the executed engagement letter but prior to receipt of the Retainer were waived by Carmody MacDonald in connection with its retention as bankruptcy co-counsel.  All fees and expenses for which Carmody MacDonald has been paid were incurred after receipt of the Retainer.  After receipt of the Retainer but prior to the Petition Date, Carmody MacDonald received payment against any invoices for attorneys' fees and expenses incurred for services rendered or to be rendered in contemplation of or in connection with these chapter 11 cases.

12.     As of the Petition Date, Carmody MacDonald was not owed any amount by the Debtors for attorneys' fees and expenses.  Accordingly, Carmody MacDonald is not a creditor of the Debtors.

13.     In support of the Application, I disclose the following:

> (a)     Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge.

(b)    The facts stated in this Declaration as to the relationship between Carmody MacDonald lawyers and the Debtors, the Debtors' creditors, other parties in interest to these chapter 11 cases, the United States Trustee, and persons employed by the Office of the United States Trustee are stated to the best of my knowledge, information, and belief and are based on the results of the searches and inquiries described in the following paragraphs.

(c)    In preparing this Declaration, I have (i) caused to be conducted a search of Carmody MacDonald's conflict-check system ("Conflict Database") in respect of all of the names listed on **Attachment 2** (the "Conflict Checklist"), which were provided to me; and (ii) caused to be disseminated a written request for information to all of the attorneys of Carmody MacDonald regarding connections to the Debtors and the names listed on the Conflict Checklist ("Potential Parties-In-Interest").

14.    Carmody MacDonald's Conflict Database is comprised of records regularly maintained in the ordinary course of business of the Firm. It is the regular practice of the Firm to make and maintain these records. It reflects entries that are noted in the system at the time the information becomes known by persons whose regular duties include recording and maintaining this information. I regularly use and rely upon the information contained in the system in the performance of my duties with the law firm and in my practice of law.

15.    Matches between the Conflict Database and the list of Potential Parties-In-Interest were identified ("Conflicts Report"). Individuals or entities that were adverse to Carmody MacDonald's clients were deleted. The remaining connections with regard to which Carmody MacDonald had represented the client were compiled and provided to me for purposes of this Declaration.

16.    In addition, a general inquiry to all Carmody MacDonald attorneys was sent by electronic mail to determine if any attorney was aware of any representation or client relationship that would present a conflict of interest with respect to Carmody MacDonald's representation of

the Debtors in these chapter 11 cases.

17.     Based on the Conflicts Report, it appears that Carmody MacDonald (i) does not hold or represent an interest adverse to and has no connection with the Debtors, their creditors, or any Potential Parties-In-Interest in connection with the scope of Carmody MacDonald's retention in these chapter 11 cases, and (ii) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.   In addition, the descriptions of the relationships between the Potential Parties-In-Interest and the Debtors contained herein are based on the descriptions contained in the Conflict Checklist.

18.     The Conflicts Report, searches and request for information described above revealed the following connections:

(a)     Jelly Fish, LLC was identified on the Conflict Checklist as a vendor of one or more of the Debtors.   Carmody MacDonald currently represents or has represented Jelly Fish, LLC and/or certain of its affiliates in connection with certain trademark and intellectual property issues that are unrelated to the Debtors and these chapter 11 cases.

(b)     US Bank NA is identified on the Conflict Checklist.   Carmody MacDonald has represented US Bank N.A. in its capacity as trustee of a certain trust held with US Bank N.A., which is unrelated to the Debtors and these chapter 11 cases.

(c)     One or more of Carmody MacDonald's attorneys were or may have been previously employed by certain law firms and accounting firms listed on the Conflicts Checklist and, during such employment, represented one or more Potential Parties-In-Interest in matters that are unrelated to the Debtors or these chapter 11 cases.

(d)     One or more of the Potential Parties-In-Interest may be suppliers and vendors to Carmody MacDonald, and Carmody MacDonald believes that any such relationship is unrelated to these chapter 11 cases and will have no effect on its representation of the Debtors in these chapter 11 cases.

(e)     Carmody MacDonald represents banks and bank groups in connection with restructuring, bankruptcy and financing matters, all

6

of which are unrelated to these chapter 11 cases. Such groups may include one or more parties listed in the Conflict Checklist or other parties-in-interest that are creditors of or otherwise connected with the Debtors. The Debtors have numerous creditors and other parties-in-interest. In addition, because the Debtors' stock is publicly traded and widely held, some of the beneficial holders of such stock may be clients of Carmody MacDonald, although Carmody MacDonald has not provided advice to such parties related to the Debtors. Carmody MacDonald may have in the past represented, and may presently or in the future represent or be deemed adverse to, creditors or parties-in-interest in addition to those specifically disclosed herein in matters that are unrelated to these chapter 11 cases. Carmody MacDonald believes that its representation of such creditors or other parties in such other matters has not affected and will not affect its representation of the Debtors in these chapter 11 cases.

(f)     One or more clients of Carmody MacDonald may now own or later purchase secured or unsecured claims against the Debtors. Carmody MacDonald believes that its representation of such parties in matters that are unrelated to these chapter 11 cases will have no effect on its representation of the Debtors in these chapter 11 cases.

(g)     Attorneys associated with Carmody MacDonald or their family members (i) may have mortgages, consumer loans, or other banking relationships with the Debtors' banks; and (ii) may own debt or equity securities issued by Potential Parties-In-Interest in amounts that are not material from the issuer's perspective.

(h)     Carmody MacDonald is a full service law firm with active real estate, corporate and litigation practices. As part of its practice, Carmody MacDonald appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers, some of which now or may in the future represent Potential Parties-In-Interest.

(i)     Because of the size of this case and the possibility of trading in claims and equity interests, Carmody MacDonald may represent other entities that have a connection with the Debtors but were not disclosed to Carmody MacDonald or uncovered in my investigation. However, my review indicates that Carmody MacDonald does not represent any such entity in connection with these chapter 11 cases.

(j)     Based upon an email inquiry made of all Carmody MacDonald attorneys and staff, and the lack of any affirmative replies to such inquiry, it is my understanding that no Carmody MacDonald attorney or their respective immediate family members own stock in

23andMe Holding Co. or are creditors of the Debtors. Carmody MacDonald attorneys and staff invest in a broad array of mutual funds and Exchange Traded Funds, some number of which either currently or may in the future own securities of 23andMe Holding Co. or some of its creditors.

19.    If Carmody MacDonald is unable to represent the Debtors in an adversary proceeding or contested matter adverse to the interests of another client of the Firm, Carmody MacDonald will so advise the Debtors, and that proceeding, or the relevant portion thereof, will be handled by other counsel for the Debtors whose retention has been approved by the Court.

20.    Carmody MacDonald submits that none of the foregoing representations or connections constitutes Carmody MacDonald's holding or representing an interest adverse to the Debtors or their estates.

21.    Except for the Debtors, neither I nor Carmody MacDonald will represent any entity in connection with this case, unless otherwise authorized by the Court.

22.    To the best of my knowledge, information, and belief, neither Carmody MacDonald nor any attorney associated with Carmody MacDonald:

(a)    is a creditor, an equity security holder, or an insider of the Debtors;

(b)    is or has been, within two years before the filing of these cases, a director, officer, or employee of the Debtors; or

(c)    has an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason.

23.    The professional fees and costs incurred by Carmody MacDonald in the course of its representation of the Debtors in these cases will be subject in all respects to the application and notice requirements of Sections 327, 330, and 331 of the Bankruptcy Code and rules 2014 and 2016 of the Bankruptcy Rules.

24.     There is no agreement of any nature as to the sharing of any compensation to be paid to Carmody MacDonald, other than sharing among the shareholders, partners, and associates of Carmody MacDonald.  No promises have been received by Carmody MacDonald nor any shareholder, partner or associate thereof as to compensation in connection with these cases, other than in accordance with the provisions of the Bankruptcy Code.

25.     I am not related to, and to the best of my knowledge no other attorney associated with Carmody MacDonald is a relative of, any Bankruptcy Judge in this District, the United States Trustee, or any person employed by the Office of the United States Trustee with the exception of the following: (a) Firm partner, Robert E. Eggmann is a Chapter 7 Panel Trustee for the Southern District of Illinois and (b) my father, Charles W. Riske, is a Chapter 7 Panel Trustee for the Eastern District of Missouri.  Likewise, Robert E. Eggmann and I currently serve as Subchapter V Chapter 11 Trustees in the Central and Southern Districts of Illinois, respectively.  Additionally, in 2025, I agreed to serve as a Subchapter V Chapter 11 Trustee for conflict cases in the Eastern District of Missouri.

26.     Except as disclosed above, I do not believe that there is any other connection (as such term is used in Bankruptcy Rule 2014(a) between Carmody MacDonald and the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed by the Office of the United States Trustee.

27.     Pursuant to Part D-1 of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases, 78 Fed. Reg. 36248 (June 17, 2013) (the "2013 Guidelines"), I make the following disclosures:

            (a)     Carmody MacDonald did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for

this engagement for similar matters.

(b)    None of the professionals included in this engagement vary their rates based on the geographic location of the bankruptcy case.

(c)    The billing rates and material financial terms of Carmody MacDonald's pre-petition engagement by the Debtors have not changed post-petition. There were no material adjustments to the engagement during the 12 months pre-petition, except for the retainer payment described above.

(d)    A proposed budget has been discussed and approved among counsel and the clients.

28.    Pursuant to Part F of the 2013 Guidelines, I disclose that Paul, Weiss is acting as lead counsel in the restructuring aspects of this engagement. Carmody MacDonald will report to the Debtors' management and will work closely with the Debtors and Paul, Weiss to determine which restructuring or other issues may be more efficiently handled by Carmody MacDonald. Such issues will include addressing matters of local practice and customs in this Court and questions arising under the law of Missouri and other states in which Paul, Weiss does not practice. Although no definitive division of responsibility has yet been made with respect to matters that may arise in later stages of these cases, I understand that the Debtors may assign responsibility to Carmody MacDonald for particular matters that Paul, Weiss would normally handle. Further, in light of the Debtors' liquidity position and the requirements of these chapter 11 cases, I understand Carmody MacDonald will take a significant role in the day-to-day administration of these chapter 11 cases and Paul, Weiss will seek to focus its efforts on strategic matters. Carmody MacDonald's rates are reasonable for a matter such as this, and Carmody MacDonald does not expect to incur material travel expenses in connection with the restructuring aspects of this engagement.

29.    In connection with ongoing communications with the United States Trustee for these cases Carmody MacDonald will supply information where available, as requested, including

10

Carmody MacDonald's approved budgetary and staffing plans for these cases, as approved by the Debtors, that will be filed with the Court and otherwise supplied to the United States Trustee.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 24, 2025

Respectfully submitted,

/s/ *Thomas H. Riske*
Thomas H. Riske

11

## **Schedule 1**

**Engagement Letter**

Thomas H. Riske
thr@carmodymacdonald.com
Direct Dial: (314) 854-8716

March 5, 2025

*__Via Email and U.S. mail__*

23andMe Holding Co.
870 Market Street, Room 415
San Francisco, CA 94102

Attention:    Guy Chayoun, Esq.
              Vice President, Interim General Counsel and Corporate Secretary

Re:    **Legal Representation**

Dear Guy Chayoun:

      We are pleased and grateful that 23andMe, Inc. and its affiliates which include but are not limited to those listed on Schedule A desire to retain this firm as its local counsel in connection with potential restructuring matters. We understand that the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP shall serve as lead counsel on these matters, and that we shall take our directions either from you or lead counsel. Further, we understand and agree that lead counsel shall be primarily responsible for these matters and that we will assist, when requested, on local matters and as otherwise requested and agreed to by the Firm. We are very excited at the opportunity to work with you and your colleagues and hope that this marks the beginning of a long and mutually satisfying relationship.

      I write to confirm our acceptance of your engagement of us as local counsel and to provide you with certain information concerning our practices and policies on fees, billing, collection, conflicts, and other material terms of our engagement. The rules governing our professional obligations require that we establish at the outset a common understanding about the terms and conditions of the engagement. We began work on the matter, and the engagement is effective, as of March 5, 2025. The retainer for this engagement is $100,000, which shall be used as prepayment for our services. 23andMe agrees to pay our bills for fees and expenses promptly, but in no event more than thirty (30) days after receipt.

<u>TERMS OF ENGAGEMENT</u>

      The following terms and conditions apply to our engagement as your counsel:

{20310/00000/2864223.DOCX.2}

23andMe, Inc. et. al.
March 5, 2025
Page 2

1. **Scope of Representation and Client Relationship** – We agree to provide you with legal services, as requested by you from time to time, which in our professional judgment are reasonably necessary and appropriate in connection with the matter described above. At this time, our engagement is limited to the matter described above, though we would be pleased to consider representing you in such other matters as you may request. The terms and conditions of our engagement in any such other matter will be those set forth in this letter unless we otherwise mutually agree in writing. In all matters in which we represent you, we will provide services of a strictly legal nature, and you will not be relying on us for business, investment, or accounting advice, nor to assess or vouch for the character or creditworthiness of any third person.

   Unless we otherwise agree or our representation of you otherwise requires, our engagement is solely with the individuals or entities specifically identified on Schedule A. We are not representing any other individuals or entities not named as clients in Schedule A, including your parent, subsidiary or affiliated corporations or businesses.

   The question of whether our fees are covered by some third-party agreement (including an insurance policy) is not within the scope of our representation, unless you specifically request us to consider that question.

2. **Retainer** – It is our policy to obtain a retainer at the outset of each new representation in an amount appropriate to the size and scope of the matter. On occasion, we will also require an increase in a prior retainer owing to unforeseen circumstances, or an advance on substantial expenses we must incur on your behalf. Your payment of the retainer is a prepayment subject to refund, which means that the retainer is the property of this firm upon receipt. Unless we otherwise agree, the retainer will be applied to our final statement rendered to you on the matter. If the amount of the retainer exceeds the sum due and owing in our final statement, we will return the balance to you.

3. **Fees for Legal Services** – Our fees for legal services are based on our assessment of the reasonable value of our services. To assist us in determining that value, we assign hourly rates to each of our lawyers and legal assistants, and require each to maintain a record of the time spent and the services rendered on a particular matter. Time is recorded in tenths of an hour, which is the minimum we charge for any service. Our hourly rates, which are based on seniority, currently range from $510 to $415 per hour for partners, $350 to $310 per hour for associates; and $230 per hour for paraprofessionals. From time to time, we reassess these rates to account for increases in our costs, augmentation of the experience and ability of our legal personnel and other factors, and thus our current rates may change (and be thereafter applied to all unbilled time) during our representation of you. In addition to hourly rates, we may also take account of the types of services involved; the size, scope,

{20310/00000/2864223.DOCX.2}

complexity, and time limitations of the matter; the results obtained; and other relevant circumstances, including any factors that you may wish to call to our attention. We are prepared, consistent with these principles, to adapt our valuation of services in advance of undertaking the representation to address any special needs you may raise with us.

4. **Disbursements & Other Charges** – We obtain other services (or incur other costs) from outside vendors or suppliers for which we charge only the amount billed to us by the vendor or supplier. We may forward the invoices from these outside sources directly to you, in which event you will be responsible to pay the invoices in accordance with their terms. Otherwise, our statements will separately bill you for these disbursements and other charges.

   In the event we are required to respond to a subpoena to other formal request from a third party relating to services we have performed for you, you agree to reimburse us for our time and expense incurred in responding to such request.

5. **Billing** – We want our clients to be satisfied with both the quality of our services and the reasonableness of our bills, and we earnestly invite you to discuss with us any questions or comments you may have about any of our fees and charges or the format of our bills. Our practice is to bill on a monthly basis for the fees, disbursements, and related charges incurred in the preceding month, except that, in certain transactions, we may mutually agree that some or all of the billing will be done on some other basis. While we make every effort to include all disbursements in the statements for the period in which they were incurred, some costs (especially telephone or outside vendor expenses) are not available at the time of billing and must therefore be included in a later statement. Our statements are due and owing upon receipt. In the event that some or all of our fees might be subject to payment by some third party (e.g., an insurance company), we regard our client as responsible for the payment of our fees and, absent a specific agreement to the contrary, we will not look to the third party for payment. We first apply all payments we receive from you to our oldest outstanding statement.

6. **Managing Costs** – We are sensitive to the need to manage and, when possible, to predict legal costs. We are happy to work with you to estimate our likely fees and expenses in connection with our services. You understand, however, that any estimate of projected fees is necessarily only an inexact approximation based on assumptions that may prove unfounded in the unique circumstances of each matter, and that such estimates are not intended as either a maximum or a minimum fee for our legal services.

7. **Outside Experts** – In the course of our representation it may be appropriate, with your advance approval, to retain persons of special training or expertise to assist in the rendition

of legal services (e.g., accountants, economists, investigators). Owing to privileges that may apply to services that an attorney requests from a third party, it will often be advisable for this firm to assume responsibility for hiring such experts. Notwithstanding that the contractual relationship directly to pay the invoices for the fees and expenses incurred by these persons.

8. **Confidentiality** – For our relationship to succeed, it is essential for you to provide us with all factual information reasonably relevant and material to the subject matter of our representation. We regard the lawyer's duty to preserve the confidences and secrets of a client with the utmost seriousness. In instances in which we represent a corporation, partnership, or other legal entity, our attorney-client relationship is with, and this duty of confidentiality is owed only to, the entity, and not to the entity's parent or subsidiary corporations nor its shareholders, officers, directors, founders, managers, employees or partners, unless you instruct us or our representation of you requires otherwise. As a result, the confidences and secrets we obtain in the course of such representations belong to and may be waived by the organization we represent, and not by the employees, officers, or directors of the organization. Of course, in the absence of a conflict, we are free to represent these other persons, but should not be deemed to do so without our express agreement to that effect.

9. **Conflicts of Interest** – We wish to avoid any circumstance in which you would regard our representation of another client to be inconsistent with our duties and understanding with you. Unless we have told you otherwise, we do not now represent another client in the specific matter in which you have retained us. Because we represent a large number of clients in a wide variety of legal matters, however, it is possible that we currently represent, or in the future may be asked to represent, in some other matter unrelated to the specific matter in which you have engaged us, some person or entity whose interest are actually or potentially adverse to your interests in this or other matters, including in negotiations, work-outs, bankruptcy proceedings, or litigation. We agree that we will not undertake any such representation if the subject of the other representation is related to the specific matter in which we currently represent you. If the matters are not related, however, then you hereby agree that we will be free to undertake such an unrelated adverse representation provided that (a) the unrelated representation will not implicate any confidential information we have received from you, and (b) the other client has consented to our continued representation of you. This means that this firm could represent another client against you in an unrelated matter such as a lawsuit, a transaction, or some other matter. Your agreement as set forth in this paragraph represents your acknowledgement that such adverse representations are foreseeable to you, and effects a waiver of your right, if any there be, to object to our representation in

the unrelated matter of another client whose interests are adverse to yours. Further, you hereby agree that we may represent a party against whom you are adverse on matters unrelated to the specific matter in which we currently represent you. Since we understand that you are experienced in retaining counsel, we are relying upon your agreement to the foregoing in undertaking this representation. We urge you to ask us (or other counsel) any questions concerning this paragraph before we undertake to represent you.

Moreover, in the course of representing you, and in order fully to satisfy our professional obligations, we may from time to time need to consult with the lawyers in this firm responsible for advising the firm on ethical issues, including issues that may implicate your interests. You acknowledge and agree that, notwithstanding this potential for conflict in consideration of our professional obligations, the firm is free to consult with its own internal counsel on such matters without your consent and that such consultations are privileged and confidential.

10. **Termination** – We hope and trust that our relationship with you will be a long and fruitful one. Nevertheless, you are free to terminate our representation of you at any time unless judicial approval is required for us to withdraw, in which event we agree not to oppose such withdrawal. Subject always to any applicable rule of court, we may terminate this agreement if you deliberately disregard the terms of this agreement or if, in our professional judgment, we are unable to continue the representation consistent with our ethical obligations. Notwithstanding any such termination, you remain liable to pay all fees and charges incurred up to the date of termination. Upon completion of the matter to which this engagement letter applies or the earlier termination of the representation, our attorney-client relationship will end unless we agree to continue the representation on other matters. We shall have no continuing obligation to advise you on any matter unless we otherwise agree in writing.

11. **Legal Update, Publications and Events** – You agree that we may contact you with legal updates or other publications which we believe may be useful to you (for example, with details of relevant changes in law). In addition, you agree that we may send you invitations to events such as client seminars on various legal topics. We may contact you for these purposes by email, mail or telephone (as appropriate). If you prefer not to be contacted for these purposes, please email me.

12. **Governing Law** – Any controversy, dispute or claim of any kind between us shall be governed by and interpreted in accordance with the laws of the state of Missouri, without regard to any provisions governing conflicts of laws.

23andMe, Inc. et. al.
March 5, 2025
Page 6

13. **Entire Agreement** – These terms set out the entire agreement between you and us concerning our provision of legal services. Any modifications of or amendments to these terms must be in writing and agreed by both parties.

14. **Records Management and Retention** – We will maintain all paper and electronic records related to our representation of you in secure facilities and on secure servers. Those records will include documents such as legal pleadings, transactional documents, substantive correspondence and other documents reasonably necessary to our representation of you in the matter (the "Client File"). The Client File is your property. The records may also include purely internal firm documents prepared for the purpose of facilitating performance of our legal services in the form of research memoranda, outlines, emails, handwritten notes and mark-ups of documents, as well as new matter intake forms and internal conflicts checking records. These records are our property. At the close of a specific matter, we will return to you your original documents, if any related to the matter. At your request, any remaining records in the Client File will be returned to you at your expense. You agree that we may make physical or electronic copies if we choose at our own expense. You agree and understand that any materials left with us after the engagement has terminated may be retained or destroyed at our discretion without further notice to you and in a manner which preserves the confidential and secret nature of their contents. The Firm's current policy is to retain records (other than duplicates and the like) for a period of ten years after the matter has terminated. At the expiration of the relevant retention period, the retained matter records will be destroyed. Please advise us if you have a records retention policy in place with which we will need to comply.

During the course of our representation of you, we may from time to time, when appropriate, communicate with you be e-mail. In view of this, the Missouri Bar Disciplinary Counsel requires that we advise you that: (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from us to you or vice versa; (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or our computers or even another computer unconnected to either of us through which e-mail passes. Your execution of this letter below will reflect your consent to receiving communications from us via e-mail. If, at some time during our representation, you change your mind and would prefer that we not communicate with you via e-mail, please let me know immediately.

\*\*\*

23andMe, Inc. et. al.
March 5, 2025
Page 7

Notwithstanding anything to the contrary contained in these Terms of Engagement, in the event of a bankruptcy proceeding, our engagement and terms thereof may be subject to approval of the Bankruptcy Court. Any such approval shall supersede the terms hereof in the event of any inconsistency.

Our goal is to serve you in an effective and efficient way, and we welcome your views on how we may best do so. We encourage you to discuss with us any questions you might have concerning these matters. Please signify your acceptance of the foregoing Terms of Engagement by signing the enclosed copy of this letter and returning it to me. Please note that your instructing us or continuing to instruct us on the matter discussed above will constitute your full acceptance of the terms set out above.

Again, we are all pleased at the chance to work on this matter and look forward to a successful outcome.

Very truly yours,

CARMODY MacDONALD P.C.

Thomas H. Riske

AGREED:

23andMe Holding Co.

By: _____

Name: Guy Chayoun

Title: Vice President, Interim General Counsel and Corporate Secretary

23andMe, Inc. et. al.
March 5, 2025
Page 8

**Schedule A**

23andMe Holding Co.
23andMe, Inc.
23andMe Pharmacy Holdings, Inc.
Lemonaid Community Pharmacy, Inc.
Lemonaid Health, Inc.
Lemonaid Pharmacy Holdings Inc.
LPharm CS LLC
LPharm INS LLC
LPharm RX LLC
LPRXOne LLC
LPRXThree LLC
LPRXTwo LLC

**<u>Schedule 2</u>**

**List of Potential Parties in Interest**

## POTENTIAL PARTIES IN INTEREST[1]

1. (FINANCIAL ADVISOR TO) POTENTIAL BUYER
   - JPMORGAN SECURITIES LLC
   - TD COWEN
2. (LEGAL COUNSEL TO) POTENTIAL BUYER
   - ROPES & GRAY LLC
   - SKADDEN, ARPS, SLATE, MEAEGHER & FLOM LLP
3. BANKRUPTCY JUDGES/STAFF
   - CATHERINE NORWOOD
   - CHICQUITA GREENE-HESTER
   - CHIEF JUDGE BONNIE L. CLAIR
   - COURTNEY KIRBIS
   - HAYLEY KOONTZ
   - JUDGE BRIAN C. WALSH
   - JUDGE KATHY A. SURRATT-STATES
   - KAILA SPIVEY
   - TAYLOR ROWLAND
4. BANKRUPTCY PROFESSIONALS - RETAINED
   - ALVAREZ AND MARSAL NORTH AMERICA, LLC
   - CARMODY MACDONALD P.C.
   - DELOITTE TAX LLP
   - GOODWIN PROCTER LLP
   - KROLL RESTRUCTURING ADMINISTRATION LLC
   - LEWIS RICE LLC
   - MOELIS & COMPANY LLC
   - PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
5. BANKS/LENDER/UCC LIEN PARTIES/ADMINISTRATIVE AGENTS
   - CARDINAL HEALTH 110 LLC, "AS AGENT"
   - JPMORGAN CHASE BANK N.A.
   - JPMORGAN CHASE BANK N.A. - TORONTO BRANCH
   - SMITH DRUG COMPANY-DIVISION OF JM SMITH CORP.
   - U.S. BANK EQUIPMENT FINANCE
   - U.S. BANK NATIONAL ASSOCIATION
6. COUNSEL REPRESENTING CYBER SECURITY INCIDENT CLAIMANTS
   - ARON LAW FIRM
   - AYLSTOCK, WITKIN, KREIS, & OVERHOLTZ PLLC
   - BARNOW & ASSOCIATES P.C.
   - BERMAN TOBACCO

---

[1]    This list (and the categories contained herein) are for purposes of a conflicts check only and should not be relied upon by any party as a list of creditors or for any other purpose. As listing a party once allows our conflicts specialists to run a check on such party, we have attempted to remove duplicate entries where possible. Accordingly, a party that otherwise may fall under multiple categories is likely to be listed under only one category.

- BONI, ZACK & SNYDER LLC
- BOTTINI & BOTTINI, INC.
- BRADLEY/GROMBACHER LLP
- CLARKSON LAW FIRM
- CLAYEO C. ARNOLD,  PROFESSIONAL LAW CORP.
- COLE & VAN NOTE
- COTCHETT PITRE & MCCARTHY LLP
- CUNEO GILBERT & LADUCA
- DU VERNET STEWART
- EDELSBERG LAW, P.A.
- EMPLOYEE JUSTICE LEGAL GROUP, PC
- FALLS LAW GROUP
- FEDERMAN & SHERWOOD
- FREED KANNER LONDON & MILLEN LLC
- GLANCY PRONGAY & MURRAY LLP
- GUSTAFSON GLUEK  PLLC
- HERMAN JONES LLP
- KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.
- KAPLAN FOX & KILSHEIMER LLP
- KAZEROUNI LAW GROUP
- KLEINE PC
- KOPELITZ OSTROW FERGUSON WEISELBERG GILBERT
- KP LAW LTD. (UK)
- LABATON KELLER
- LAUKAITIS LAW LLC
- LAW OFFICE OF COURTNEY WEINER PLLC
- LAW OFFICES OF PAUL WHALEN, PC
- LEVI & KORSINSKY
- LEVIN SEDRAN & BERMAN LLP
- LEXINGTON LAW GROUP, LLP
- LIEFF CABRASER HEIMANN & BERNSTEIN AND ROBBINS GELLER
- LOCKRIDGE GRINDAL NAUEN P.L.L.P.
- LOFTUS & EISENBERG, LTD.
- LONGMAN LAW, P.C.
- LYNCH CARPENTER LLP
- MASON LLP
- MCSHANE & BRADY, LLC
- MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN
- MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN LLC
- NEAL & HARWELL
- PIERCE GORE LAW FIRM
- POTTER HANDY LLP
- POULIN | WILLEY | ANASTOPOULO, LLC
- REESE LLP

3

- ROBBINS GELLER RUDMAN & DOWD, LLP
- SALTZ, MONGELUZZI & BENDESKY, PC
- SCHUBERT JONCKHEER & KOLBE LLP
- SCOTT+SCOTT ATTORNEYS AT LAW LLP
- SROURIAN LAW FIRM, P.C.
- THE GRANT LAW FIRM, PLLC
- THE MEHDI FIRM LLP
- TOSTRUD LAW GROUP PC
- TYCKO & ZAVAREEI
- TYCKO & ZAVAREEI, LLP
- WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
- WUCETICH & KOROVILAS LLP
- YANNI LAW
- ZINNS LAW, LLC

**7.** CUSTOMERS
- ABBVIE INC.
- AMAZON
- AMAZON : AMAZON CA
- AMAZON : AMAZON UK
- AMAZON : WOOT
- CARDINAL HEALTH, INC.
- COREWEAVE, INC.
- GLAXOSMITHKLINE & GLAXOSMITHKLINE LLC
- GSK
- MICHAEL J FOX FOUNDATION : MJFF PD
- MYHERITAGE
- SANOFI US SERVICES INC.
- WALMART.COM

**8.** DEBTORS
- 23 AND ME
- 23ANDME HOLDING CO.
- 23ANDME INC.
- 23ANDME PHARMACY HOLDINGS, INC.
- LEMONAID COMMUNITY PHARMACY
- LEMONAID HEALTH INC.
- LEMONAID PHARMACY HOLDINGS, INC.
- LPHARM CS LLC
- LPHARM INS LLC
- LPHARM RX LLC
- LPRXONE, LLC
- LPRXTHREE LLC
- LPRXTWO, LLC

**9.** DIRECTOR/OFFICER
- ANDRE FERNANDEZ

4

- AVI FACTOR
- ELAND SIDDLE
- GUY CHAYOUN
- JIM FRANKOLA
- JOE SELSAVAGE
- MARK JENSEN
- THOMAS WALPER

**10.** INSURANCE
- AIG FINANCIAL LINES CLAIMS
- ALLIED WORLD SPECIALTY INSURANCE COMPANY
- ARCH SPECIALTY INSURANCE COMPANY
- AXIS INSURANCE
- BEAZLEY USA SERVICES, INC
- BERKLEY LIFE SCIENCES
- BERKLEY PROFESSIONAL LIABILTY
- CHUBB GROUP
- CHUBB GROUP OF INSURANCE CO
- CNA CLAIMS REPORTING
- COMMERCIAL MANAGEMENT LIABILITY
- GREAT AMERICAN INSURANCE COMPANY
- HCC GLOBAL FINANCIAL PRODUCTS, LLC.
- HISCOX USA
- HUDSON INSURANCE COMPANY
- LLOYD'S AMERICA, INC.
- OLD REPUBLIC PROFESSIONAL LIABILITY, INC.
- RESILIENCE CYBER INSURANCE SOLUTIONS
- THE HARTFORD FINANCIAL LINES
- THE TRAVELERS COMPANIES, INC.
- TRIUM CYBER US SERVICES, INC.
- WOODRUFF SAWYER
- XL PROFESSIONAL INSURANCE

**11.** KNOWN AFFILIATES - JV
- LMND CA
- LMND KS
- LMND NJ
- LMND TX

**12.** LANDLORDS/ SUBTENANTS
- KR OP TECH, LLC
- OYSTER POINT TECH CENTER LLC, A DELEWARE LIMITED LIABILITY COMPANY

**13.** LETTER OF CREDIT- BENEFICIARY
- 221 N MATHILDA, LLC, A DELEWARE LIMITED LIABILITY COMPANY
- PAYPAL, INC.

**14.** LITIGATION

- ADRIANE FARMER
- ALEX VELARDE
- ALEXANDRA HOFFMAN
- ALMEIDA LAW GROUP LLC
- ALYSON HU
- ANDEZ JONES
- ANTOINETTE POWELL
- BONNIE EDEN
- BRANDON MOLINA
- BRIANA DUBE
- BRIANNA SORENSEN
- CAMIE PICHA
- CAROLINE GREENBERG
- CAROLYN ROCK
- CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP
- CHRISTINA SHAW
- CHRISTOPHER DU VERNET CARLIN MCGOOGAN DUVERNET STEWART, BARRISTERS AND SOLICITERS
- CLAIRE PADDY
- DAVID MELVIN
- DAVID TULCHINSKY
- DHAMAN GILL
- EDELSON PC
- ELAINE FRALIX
- ERIK STANFORD
- FALLS LAW GROUP
- HARIS MIRZA
- HAROLD GARRETT
- HAROLD VELEZ
- JOHN DIAZ
- JULIE MACMILLAN
- KATHY VASQUEZ
- KATIANNE NAVARRO
- KELLER ROHRBACK L.L.P.
- KERRY LAMONS
- KND COMPLEX LITIGATION
- KP LAW LIMITED
- KRISTEN RIVERS
- LABATON KELLER SUCHAROW LLP
- LAQUISHA SMITH
- LEENA YOUSEFI YLAW GROUP
- LEVI + KORSINSKY LLP
- LUIS VALLADARES
- MARJORIE MORGENSTERN

6

- MATTHEW A. SMITH
- MATTHEW MARDEN
- MAX ALPERSTEIN
- MCGUIRE LAW, P.C.
- MELANIE BERMAN
- MELISSA RYAN
- MICHAEL SCHUTZ
- MICHELE BACUS
- MICHELLE ANDRIZZI
- MICHELLE IGOE
- MIGLIACCIO & RATHOD LLP
- MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLC
- MONICA SANTANA
- NEIL BENEDICT
- NICHOLAS FURIA
- NICHOLE FRIEND
- PATRICK CAPSTICK
- POLINA IOFFE
- POTTER HANDY, LLP
- RICHARD ROE
- RUDY K. THOMPSON
- SARAH CANTU
- STEPHEN L. SEIKEL
- STEVE SIEGEL HANSON LLP
- THOMAS VICKERY
- TRACY SCOTT
- TRISHA WILKUS
- TYRELL BROWN

**15.** POTENTIAL BUYER
- NEW MOUNTAIN CAPITAL, LLC

**16.** REGULATORS
- AGENCIA ESPAÑOLA DE PROTECCIÓN DE DATOS
- BUREAU OF CONSUMER PROTECTION
- FEDERAL TRADE COMMISSION
- OFFICE OF ATTORNEY GENERAL TODD ROKITA
- OFFICE OF THE ATTORNEY GENERAL - CONNECTICUT
- OFFICE OF THE PRIVACY COMMISSIONER OF CANADA
- UNITED KINGDOM INFORMATION COMMISSIONER'S OFFICE

**17.** SIGNIFICANT EQUITY HOLDERS
- ABEEC 2.0, LLC
- ANNE WOJCICKI
- ZENTREE INVESTMENTS LIMITED

**18.** U.S. TRUSTEE OFFICE
- PAUL RANDOLPH

**19.** VENDORS (TOP 85% OF ACCOUNTS PAYABLE)
- ACCO ENGINEERED SYSTEMS
- AGANITHA AI INC.
- ALIXPARTNERS, LLC
- ALLIED UNIVERSAL SECURITY SERVICES
- ALOM TECHNOLOGIES CORPORATION
- AMAZON WEB SERVICES
- ANDRE JOHN FERNANDEZ
- BDO USA LLP
- BLUE SHIELD OF CALIFORNIA
- BRAINTREE
- CATALENT CTS SINGAPORE PRIVATE LIMITED
- CDW DIRECT LLC
- CLOUDFLARE, INC.
- COALITION FOR GENETIC DATA PROTECTION INC.
- CONSULTING, JW LLC
- CONVERGE TECHNOLOGY SOLUTIONS US, LLC
- DECHERT LLP
- DELOITTE & TOUCHE LLP
- DELOITTE CONSULTING LLP
- DELTA DENTAL OF CALIFORNIA
- DNA GENOTEK INC.
- EGON ZEHNDER INTERNATIONAL, INC
- FEDEX CORP
- FOLK DEVILS LLC
- FOODA, INC.
- FULGENT THERAPEUTICS, LLC
- GLAXOSMITHKLINE INTELLECTUAL PROPERTY LTD.
- GOODWIN PROCTER LLP
- GOOGLE, INC. - ADWORDS
- GREENBERG TRAURIG LLP
- HEALTHLINE MEDIA INC
- IHEARTMEDIA + ENTERTAINMENT
- ILLUMINA, INC.
- INTEGRAL RX
- JELLYFISH US LIMITED
- KAISER FOUNDATION HEALTH PLAN NORTHERN CA
- KATIE COURIC MEDIA, LLC
- KILROY REALTY, LP
- KPMG LLP
- L.E.K. CONSULTING LLC
- LIFEBIT BIOTECH LIMITED
- MARK E. JENSEN
- MEDPACE INC.

- META PLATFORMS, INC.
- METROPOLITAN LIFE INSURANCE COMPANY
- MOELIS & COMPANY, LLC
- MORGAN, LEWIS & BOCKIUS LLP
- MOVIANTO
- NATIONAL GENETICS INSTITUTE
- PACIFIC GAS AND ELECTRIC COMPANY
- PARTNERIZE
- PETER M LEFKOWITZ
- POWER DIGITAL MARKETING, INC.
- PRECISION FOR MEDICINE, INC.
- PRITI PATEL CONSULTING LLC
- RAIN THE GROWTH AGENCY
- RIGHT SIDE UP LLC
- SALESFORCE.COM
- SANTA CLARA COUNTY TAX COLLECTOR
- SCALE STRATEGY OPERATIONS LLC
- SCG GROVE 221, LLC
- STEADYMD, INC.
- SUREFOX NORTH AMERICAN
- TANGO CARD, INC.
- TATARI, INC.
- TCWGLOBAL (WMBE PAYROLLING INC.)
- TELUS INTERNATIONAL SERVICES LIMITED
- UNUM LIFE INSURANCE COMPANY OF AMERICA
- VENTANA MEDICAL SYSTEMS, INC.
- WILSON SONSINI GOODRICH & ROSATI, PROFESSIONAL CORPORATION
- WOODRUFF-SAWYER & CO.
- WOOT SERVICES LLC
- WORLD ARCHIVES
- WUXI BIOLOGICS (HONG KONG) LIMITED
- ZENDESK, INC

## **EXHIBIT B**

**Chayoun Declaration**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| 23ANDME HOLDING CO., *et al.*,[1] | Case No. 25-40975 |
| Debtors. | (Joint Administration Requested) |

**DECLARATION OF [GUY CHAYOUN] IN SUPPORT OF THE**
**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING**
**THE EMPLOYMENT AND RETENTION OF CARMODY MACDONALD P.C.**
**AS BANKRUPTCY CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN**
**POSSESSION EFFECTIVE AS OF THE PETITION DATE**

I, Guy Chayoun, do hereby declare, under penalty of perjury, that:

1.     I serve as the Corporate Secretary of 23andMe Holding Co.

2.     I submit this declaration (the "[●] Declaration") in support of the Application. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

3.     I submit this declaration (the "Declaration") in support of the *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Carmody MacDonald P.C. as Bankruptcy Co-Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date* (the "Application").[2]  This Declaration is provided pursuant to Paragraph D.2 of the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses*

---

[1]     A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe.  The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco CA 94102.

[2]     Capitalized terms used herein, but not otherwise define, have the meaning ascribed to them in the Application.

*Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "Fee Guidelines").  Except as otherwise indicated herein, I have personal knowledge of the matters set forth herein.

## Selection of Carmody MacDonald

4.      The Debtors recognize that a review and assessment process is necessary when selecting and managing restructuring co-counsel to ensure their bankruptcy professionals are subject to the same client-driven market forces, scrutiny, and accountability as professionals in non-bankruptcy engagements.  To that end, the Debtors assessed potential counsel based on their experience and expertise in the relevant legal issues and in similar proceedings, and considering multiple firms to serve as potential restructuring co-counsel for the Debtors in the chapter 11 cases.

5.      The Debtors ultimately retained Carmody MacDonald for the role of bankruptcy co-counsel in light of, among other reasons, Carmody MacDonald's extensive experience in corporate reorganizations and its expertise in areas of law closely aligned with the Debtors' goals and interests in these chapter 11 cases.  In the period leading up to the Petition Date, Carmody MacDonald has become familiar with the Debtors' capital structure and operations, as well as with the key creditors and other stakeholders in these chapter 11 cases.  Therefore, I believe that Carmody MacDonald is well-qualified and well-situated to represent the Debtors in these chapter 11 cases in an efficient and timely manner.

## Rate Structure and Cost Supervision

6.      In connection with the filing of these chapter 11 cases, the Debtors and Carmody MacDonald have agreed upon rates in accordance with Carmody MacDonald's customary rates. Carmody MacDonald has confirmed to the Debtors that the Firm does not vary its billing rates or the material terms of an engagement depending on whether such engagement is a bankruptcy or a

non-bankruptcy engagement.  Carmody MacDonald has further advised the Debtors that its current customary U.S. hourly rates are $360 to $650 per hour for partners, $285 to $375 per hour for associates, and $200 to $230 per hour for paralegals/law clerks.  It is my understanding that Carmody MacDonald typically reviews and adjusts its billing rates annually to ensure that its rates are comparable to the billing rates of its peer firms.  To the extent that there is any disparity in such rates, however, I nevertheless believe that Carmody MacDonald's retention by the Debtors is warranted in these chapter 11 cases.

7.      As bankruptcy co-counsel, Carmody MacDonald will render professional services to the Debtors whenever possible or appropriate that are not duplicative of the services to be performed by Paul, Weiss.  To the extent specific services can be more efficiently handled by Paul, Weiss, Carmody MacDonald will not handle such services unless otherwise directed by the Debtors.

8.      The Debtors understand that Carmody MacDonald's fees and expenses will be subject to periodic review on a monthly, interim, and final basis during the pendency of these chapter 11 cases by various third parties, including the Court, and that such fees and expenses will be subject to the terms of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders of this Court governing the procedures for approval of compensation of professionals retained in these chapter 11 cases, as applicable.

9.      I recognize that it is the Debtors' responsibility to closely monitor the billing practices of their counsel to ensure the fees and expenses paid by the estates remain consistent with the Debtors' expectations and the exigencies of these chapter 11 cases.  The Debtors will continue to review the statements that Carmody MacDonald regularly submits and amend the budget and staffing plans periodically, as the chapter 11 cases develop.  Moreover, Carmody MacDonald has

informed me that the Debtors will be provided with the opportunity to review all invoices and request adjustments to such invoices to the extent that the Debtors determine that such adjustments are necessary and appropriate, and that such requests will be carefully considered by Carmody MacDonald.  As they did prepetition, the Debtors will continue to diligently review counsel fees and expenses and, together with Paul, Weiss, amend such invoices as necessary.

10.    For the reasons set forth above, the Debtors believe that Carmody MacDonald's employment is necessary and in the best interests of the Debtors and their estates.

[*Remainder Of Page Intentionally Left Blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 24, 2025

*/s/ Guy Chayoun*

Name: Guy Chayoun
Title:  Corporate Secretary
        23andMe Holding Co.