THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>23ANDME HOLDING CO., *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 25-40976<br><br>(Joint Administration Requested)<br><br>Hearing Date: TBD[2]<br>Hearing Time TBD<br>Hearing Location: TBD |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER
AUTHORIZING THE EMPLOYMENT AND RETENTION OF
GOODWIN PROCTER LLP AS SPECIAL COUNSEL
ON BEHALF OF AND AT THE SOLE DIRECTION OF THE
SPECIAL COMMITTEE OF THE BOARD OF DIRECTORS OF
23ANDME HOLDING CO., EFFECTIVE AS OF THE PETITION DATE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this application (the "Application"):

**Relief Requested**[3]

The Debtors seek entry of an order (the "Proposed Order")[4] authorizing the employment and retention of Goodwin Procter LLP ("Goodwin Procter") as special counsel on behalf of and at the sole direction of the special committee of the board of directors of 23andMe Holding Co. (the

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe. The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

[2] The Debtors will file a notice stating the date, time, and location of the first day hearing once this information becomes available.

[3] Capitalized terms used but not defined in this section have the meanings ascribed to such terms elsewhere in this Application.

[4] A copy of the Proposed Order will be made available on the Debtors' case information website at: https://restructuring.ra.kroll.com/23andMe.

"Company" and the "Special Committee", respectively), effective as of the Petition Date (as defined herein). In support of this Application, the Debtors submit and rely on the *Declaration of Robert J. Lemons in Support of the Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Goodwin Procter LLP as Special Counsel on Behalf of and at the Sole Direction of the Special Committee of the Board of Directors of 23andMe Holding Co., Effective as of the Petition Date,* attached hereto as **Exhibit A** (the "Lemons Declaration") and the *Declaration of Jim Frankola in Support of the Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Goodwin Procter LLP as Special Counsel on Behalf of and at the Sole Direction of the Special Committee of the Board of Directors of 23andMe Holding Co., Effective as of the Petition Date*, attached hereto as **Exhibit B** (the "Frankola Declaration"). In further support of this Application, the Debtors respectfully state as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the Eastern District of Missouri (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and rule 9.01(B) of the Local Rules of the United States District Court for the Eastern District of Missouri. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors consent to a final order with respect to this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein is section 327(e) of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014 and 2016 of the Local Rules of Bankruptcy Procedure for the Eastern District of Missouri (the "Bankruptcy Local Rules")

2

**Background**

4. 23andMe Holding Co. (collectively with its Debtor subsidiaries and non-Debtor affiliates,[5] the "Company") is a leading human genetics and telehealth company with a mission to help people access, understand, and benefit from the human genome. The Company pioneered direct access to genetic information as the only company with multiple FDA clearances for genetic health reports. Further, through its Lemonaid Health telehealth platform, the Company operates as a national online doctor's office that provides medical care and pharmacy fulfillment services.

5. On March 23, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

6. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors have filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) substantially contemporaneously herewith. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated at this time.

7. A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew Kvarda in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed substantially contemporaneously herewith and incorporated herein by reference.[6]

---

[5] Non-Debtor affiliates exclude any controlling shareholder of 23andMe Holding Co.

[6] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

3

**Goodwin Procter's Qualifications**

8. The Debtors submit that Goodwin Procter is well-qualified to serve as special counsel to the Debtors in these Chapter 11 Cases pursuant to Bankruptcy Code section 327(e). Goodwin Procter is a global law firm with nearly 2,000 attorneys, which maintains offices for the practice of law in 16 locations throughout the globe.  In particular, Goodwin Procter has significant expertise in the fields of debtors' and creditors' rights, business reorganizations—both out of court and under chapter 11 of the Bankruptcy Code—as well as corporate governance, mergers and acquisitions, and litigation. Goodwin Procter and its partners have been actively involved in major restructuring matters over the last decade and have represented both boards of directors and debtors in various chapter 11 cases. *See e.g., In re Ambri Inc et al.,* Case No. 24-10952 (LSS) (Bankr. D. Del.) (debtors' counsel); *In re The RP Co. Liquidating, LLC*, Case No. 23-10774 (BLS) (Bankr. D. Del.) (special counsel to debtors); *In re Party City Holdco Inc.*, Case No. 23-90005 (MI) (Bankr. S.D. Tex.) (special counsel to audit committee); *In re Clarus Therapeutics Holdings, Inc., et al.,* Case No. 22-10845 (MFW) (Bankr. D. Del) (debtors' counsel).

9. The Company's Board of Directors formed the Special Committee in March 2024 to review and evaluate potential strategic transactions with potential acquirers of the Company and the Company's other strategic alternatives.  The Special Committee was comprised of independent directors of the Company.  A major factor in the formation of the Special Committee was the potential interest of Anne Wojcicki, the Company's CEO and the owner (including through her affiliates) of 49% of the voting power of the Company's stock, in purchasing the remaining shares in the Company.  The resolutions forming the Special Committee authorized it to retain professionals, including counsel.  After all independent directors resigned from the Company's Board of Directors in September 2024 (including the members of the Special Committee), the

4

Special Committee was repopulated with its current members in November 2024. Each member of the Special Committee was appointed as an independent director of the Company immediately prior to that time. In March 2025, the Company's Board of Directors approved resolutions expanding the power of the Special Committee to authorize the Company's chapter 11 filing and to make decisions for the Company during its bankruptcy case.

10. Goodwin Procter has represented the Special Committee since November 2024 in connection with matters within the authority of the Special Committee. Professionals and paraprofessionals in Goodwin Procter's corporate, litigation, financial restructuring and other departments, many of whom also have extensive experience in restructuring transactions, have participated in Goodwin Procter's representation of the Special Committee. Over that time, Goodwin Procter has gained familiarity with the Debtors' businesses and financial affairs and developed a unique knowledge of the Special Committee's activities, authorities, and duties. In addition, in the weeks leading up to the Petition Date, Goodwin Procter has worked closely with the Special Committee, including in connection with its determination to commence these Chapter 11 Cases, and with the Debtors' professionals to prepare for the Chapter 11 Cases.

11. Due to Goodwin Procter's working history with the Special Committee and the Debtors' professionals, and its experience and expertise in corporate governance, mergers and acquisitions, and restructuring under chapter 11 of the Bankruptcy Code, Goodwin Procter is well-qualified and uniquely able to provide effective and tailored services as special counsel to the Debtors in these Chapter 11 Cases.

**Services to be Provided**

12. The employment of Goodwin Procter as special counsel to Debtors, by and through the Special Committee, pursuant to the terms of this Application and that certain supplemental engagement letter dated March 12, 2025 (the "Engagement Letter"), a copy of which is attached

5

here to as **Exhibit C**, is appropriate and necessary to represent the Debtors through these Chapter 11 Cases. The Debtors anticipate that Goodwin Procter will, among other things, (a) continue to provide legal counsel to the Special Committee within its delegated authority, including in connection with potential asset sales of the Debtors, (b) conduct investigations with respect to certain pre-petition transactions and actions by certain of the Debtors' directors and officers (other than current members of the Special Committee) and their related parties, and (c) provide advice and representation to the Special Committee regarding any estate claims and causes of action that may be available to the Debtors. To the extent any such claims or causes of action are proposed to be settled or released in connection with any potential sale under Bankruptcy Code section 363 or a chapter 11 plan, Goodwin Procter will provide legal advice to the Special Committee concerning the appropriateness and reasonableness of such releases in connection therewith. In addition, Goodwin Procter will provide any such other services determined by the Special Committee to be appropriate under the circumstances. Goodwin Procter is not acting as the Debtors' general bankruptcy counsel in these Chapter 11 Cases.

13. Because of Goodwin Procter's valuable knowledge of the Special Committee's activities and mandate as independent fiduciaries and its familiarity with potential issues that may arise in connection with the Chapter 11 Cases, the Debtors believe that it is reasonable, efficient and cost-effective to retain historical counsel for the work that will be required of the Special Committee in these Chapter 11 Cases. This will ensure that the Special Committee is being represented by counsel with historical knowledge of the Special Committee and its activities, as necessary and appropriate to protect the Debtors' interests in the Chapter 11 Cases. To engage alternate counsel at this stage of the Debtors' restructuring efforts would be disruptive and costly and would likely adversely affect the Special Committee's ability to carry out its duties.

6

**Applicable Authority**

14. Subject to the requirements of sections 327 and 1107, a debtor in possession is entitled to the counsel of its choosing. *In re Vouzianas*, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel"). The Debtors seek to employ Goodwin Procter pursuant to Bankruptcy Code section 327(e), which provides that the debtor, subject to court approval:

> [M]ay employ, for a specified special purpose, other than to represent the [debtor] in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. §327(e).

15. Bankruptcy Code Section 327(e), thus, authorizes the retention of an attorney who previously represented a debtor prior to the commencement of its bankruptcy case, provided that: (a) such retention is for a special purpose; (b) the purpose of the retention is not to conduct the chapter 11 cases; (c) the retention is in the best interests of the debtor's estate; and (d) the attorney does not hold any interest adverse to the debtor with respect to the subject of its retention. The Debtors submit that each of these factors is satisfied with respect to Goodwin Procter, and therefore, its employment should be approved under section 327(e) of the Bankruptcy Code.

16. Retention of an attorney under section 327(e) does not require the same searching inquiry required for a debtor to retain general bankruptcy counsel under Section 327(a). *See Meespierson Inc. v. Strategic Telecom Inc.*, 202 B.R. 845, 847 (D. Del. 1996) ("[S]pecial counsel employed under Section 327(e) need only avoid possessing a conflict of interest concerning the matter at hand.").

17. Furthermore, Bankruptcy Code Section 1107(b) provides that "a person is not disqualified for employment under section 327(e) of the [Bankruptcy Code] by a debtor in

7

possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

18. Additionally, Bankruptcy Rule 2014(a) requires that an entity seeking to employ a professional under section 327 of the Bankruptcy Code submit an application for retention that includes the following:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

FED. R. BANKR. P. 2014(a). The Debtors refer to the attached Lemons Declaration and Frankola Declaration as satisfying these requirements.

19. For the reasons stated in this Application and in the Declarations, the Debtors submit that the retention and employment of Goodwin Procter as special counsel to the Special Committee is in the best interests of their estates and is necessary to the successful prosecution of the Chapter 11 Cases.

**No Duplication Of Services**

20. The Debtors seek to employ and retain various other restructuring professionals in these Chapter 11 Cases, including Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss") as bankruptcy counsel and Carmody MacDonald P.C. ("Carmody") as bankruptcy co-counsel to the Debtors pursuant to section 327(a) of the Bankruptcy Code. The Debtors may also file further applications to employ additional counsel in the Chapter 11 Cases for particular purposes. The Debtors believe that the services provided by Goodwin Procter as special counsel to the Special Committee will not duplicate the services that other professionals will be providing to the Debtors in the Chapter 11 Cases, and the Debtors will work diligently to ensure that the services to be

8

rendered and performed by Goodwin Procter are not duplicative of work performed by Paul Weiss, Carmody, or any other law firms retained by the Debtors.

### Terms and Conditions of Goodwin Procter's Retention

21. The terms and conditions of Goodwin Procter's retention are set forth in the Engagement Letter. Goodwin Procter intends to charge the Debtors for services on an hourly basis, as applicable, and to submit for reimbursement its out-of-pocket expenses and other charges incurred in the course of providing legal counsel to the Special Committee, all subject to the Court's approval and in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and such procedures or guidelines as may be fixed by order of the Court or otherwise in force in the Chapter 11 Cases.

22. Goodwin Procter intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in the Chapter 11 Cases in accordance with section 330 of the Bankruptcy Code, the applicable provisions of the Bankruptcy Rules and the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court. Goodwin Procter also intends to make reasonable efforts to comply with the United States Trustee for the Eastern District of Missouri's (the "U.S. Trustee") requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "U.S. Trustee Guidelines"), both in connection with the Application and with any fee applications to be filed by Goodwin Procter in the Chapter 11 Cases.

23. Goodwin Procter proposes to provide professional services to the Debtors under its standard rate structure. As of January 1, 2025, Goodwin Procter's standard hourly rate ranges are

9

$1,400 to $2,450 for partners, $1,300 to $2,280 for counsel, $870 to $1,370 for associates, and $380 to $740 for paralegals.

24. The Debtors have been informed that Goodwin Procter sets its hourly rates on an annual basis. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and Goodwin Procter will provide ten (10) business days' notice of any rate increases to the Debtors, the U.S. Trustee, and any official committee appointed in the Chapter 11 Cases.

25. As noted in the Lemons Declaration, Goodwin Procter's rate structure is appropriate and consistent with the rates that Goodwin Procter charges for other representations and is not significantly different from the rates that other comparable counsel would charge to perform substantially similar services.

26. Consistent with Goodwin Procter's policy with respect to its other clients, Goodwin Procter will continue to seek reimbursement for expenses and other charges incurred in the rendition of services, as more particularly described in the Lemons Declaration. It is Goodwin Procter's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also Goodwin Procter's policy to charge its clients only the amount actually incurred by Goodwin Procter in connection with such items. These charges and disbursements include (without limitation) costs for electronic data management services, including scanning and document imaging, travel, travel-related expenses, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials and hearings.

**Professional Compensation**

27. During the ninety days prior to the Petition Date, Goodwin Procter received certain payments from the 23andMe Holding Co. totaling $2,565,232.13 and additional payments totaling

10

approximately $1,000,000 in advance of receiving legal services (the "Advance Payment"). Within the ninety days prior to the Petition Date, Goodwin Procter utilized $997,523.71 of its Advance Payment as a credit against Goodwin Procter's invoices for professional services rendered in the ordinary course prior to the Petition Date.

28. As of the Petition Date, the Debtors did not owe Goodwin Procter any amounts for legal services rendered before the Petition Date. The Debtors respectfully request that Goodwin Procter be authorized to apply any excess Advance Payment to any outstanding, prepetition fees and related expenses incurred for work performed by Goodwin Procter for the benefit of the Special Committee that had not been processed in Goodwin Procter's accounting system as of the Petition Date.

29. Other than as set forth above and in the Lemons Declaration, no arrangement is proposed between the Debtors and Goodwin Procter for compensation to be paid in the Chapter 11 Cases. Except for such sharing arrangements among Goodwin Procter and its members, Goodwin Procter has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under Bankruptcy Code section 504(b)(1).

### Disclosure Concerning No Adverse Representation

30. As noted above, Bankruptcy Code Section 327(e) requires that the attorney proposed to be retained "does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e). To the best of the Debtors' knowledge and except as otherwise set forth in this Application and the accompanying Lemons Declaration, Goodwin Procter's attorneys (a) do not have any connection with the Debtors, their creditors, or any other parties-in-interest, the U.S. Trustee for Region 13, or any person employed in the office of the same, or any judge of the United States Bankruptcy Court for the Eastern District of Missouri, and (b) do not hold or represent any interest adverse to the

11

Debtors or their estates with respect to the matters on which Goodwin Procter is proposed to be employed.

31. As set forth in the Lemons Declaration, Goodwin Procter has in the past represented, currently represents, and may in the future represent certain parties in interest in matters unrelated to the Debtors or the Chapter 11 Cases. Goodwin Procter has confirmed to the Debtors that Goodwin Procter will not represent any such creditors or parties in interest in the Chapter 11 Cases in any matters adverse to the Debtors.

32. Goodwin Procter has also informed the Debtors that throughout the Chapter 11 Cases, Goodwin Procter will continue to conduct periodic conflicts analyses to determine whether it is performing or has performed services for any significant parties in interest in the Chapter 11 Cases and that Goodwin Procter will promptly update the Lemons Declaration to disclose any material developments regarding the Debtors or any other pertinent relationships that come to Goodwin Procter's attention.

### Notice

33. The Debtors will provide notice of this Application to the following parties: (a) the Office of the United States Trustee for the Eastern District of Missouri; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the law firms representing claimants who have filed or asserted claims arising out of the Cyber Security Incident as of the Petition Date; (d) [the administrative agent under the Debtors' proposed postpetition financing facility and counsel thereto]; (e) the United States Attorney's Office for the Eastern District of Missouri; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; (h) the Federal Trade Commission; (i) the state attorneys general in all 50 states; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). Notice of this Application and any order entered hereon will be served in accordance with rule

9013-3(A)(1) of the Bankruptcy Local Rules. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

34. A copy of this Application is available on (a) PACER at https://pacer.uscourts.gov/ and (b) the website maintained by the Debtors' proposed claims and noticing agent, Kroll Restructuring Administration LLC, at https://restructuring.ra.kroll.com/23andMe.

**No Previous Request**

35. The Debtors have not made any prior application for the relief sought in this Application to this Court or any other court.

[*Remainder of the page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order and grant such other relief as the Court deems appropriate under the circumstances.

Dated: March 24, 2025 　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　*/s/ Jim Frankola*
　　　　　　　　　　　　　　　　　　　　　　Name: Jim Frankola
　　　　　　　　　　　　　　　　　　　　　　Title:　Chair of the Special Committee of the Board of Directors of 23andMe Holding Co.

14