## **<u>EXHIBIT A</u>**

**Lemons Declaration**

**THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>23ANDME HOLDING CO., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-40976<br><br>(Joint Administration Requested)<br><br>Hearing Date: TBD[2]<br>Hearing Time TBD<br>Hearing Location: TBD |

**DECLARATION OF ROBERT J. LEMONS IN SUPPORT OF THE DEBTORS'
APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT
AND RETENTION OF GOODWIN PROCTER LLP AS SPECIAL COUNSEL ON
BEHALF OF AND AT THE SOLE DIRECTION OF THE SPECIAL COMMITTEE OF
THE BOARD OF DIRECTORS OF 23ANDME HOLDING CO., EFFECTIVE AS OF
THE PETITION DATE**

I, Robert J. Lemons declare, pursuant to 28 U.S.C. § 1746, that the following is true and correct, to the best of my knowledge and belief, after due inquiry described herein:

1.      I am a partner with Goodwin Procter LLP ("Goodwin Procter"). I am resident in the firm's office located at 620 8th Avenue, New York, NY 10018. I am admitted, practicing, and a member in good standing of the bar of the State of New York. There are no disciplinary proceedings pending against me.

2.      Goodwin Procter is a global law firm with approximately 2,000 attorneys, which maintains offices for the practice of law in 16 locations throughout the globe.

---

[1]     A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe. The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

[2]     The Debtors will file a notice stating the date, time, and location of the first day hearing once this information becomes available.

3.      I submit this Declaration (the "Declaration") in support of the *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Goodwin Procter LLP as Special Counsel on Behalf of and at the Sole Direction of the Special Committee of the Board of Directors of 23andMe Holding Co., Effective as of the Petition Date* (the "Application"),[3] filed contemporaneously herewith. This Declaration is also intended to provide the disclosure of compensation required under section 329 of the Bankruptcy Code and Bankruptcy Rule 2016(b).

4.      I am duly authorized to make this Declaration on behalf of Goodwin Procter and to submit this Declaration in support of the Application. Unless otherwise stated in this Declaration, I have personal knowledge of the facts hereinafter set forth. To the extent any information disclosed herein requires amendment or modification as additional party-in-interest information becomes available to Goodwin Procter, a supplemental declaration will be submitted to this Court reflecting such amended or modified information.

### Qualifications of Goodwin Procter

5.      Goodwin Procter is well qualified to serve as special counsel to the Debtors acting on behalf of and at the sole direction of the Special Committee. I understand that Goodwin Procter has provided legal counsel to the Special Committee since November 2024 in connection with matters within the delegated authority of the Special Committee, including the Special Committee's evaluation of potential sales of the Debtors and other strategic alternatives. Over that time, Goodwin Procter has gained familiarity with the Debtors' businesses and financial affairs and developed a unique knowledge of the Special Committee's activities and its mandate as an independent fiduciary. In the weeks leading up to the Petition Date, Goodwin Procter has worked closely with the Special Committee and its professionals and the Debtors' professionals to prepare

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

for the Chapter 11 Cases. Accordingly, Goodwin Procter already has substantial knowledge regarding the various issues facing the Debtors.

6.      Due to Goodwin Procter's working history with the Special Committee and the Debtors' professionals, and its experience and expertise in corporate governance, mergers and acquisitions, and restructuring under chapter 11 of the Bankruptcy Code, Goodwin Procter is well-qualified and uniquely able to provide effective and tailored services as special counsel to the Debtors in these Chapter 11 Cases.

7.      Goodwin Procter and its partners have been actively involved in major restructuring matters over the last decade and have represented both boards of directors and debtors in various chapter 11 cases. *See e.g., In re Ambri Inc et al.,* Case No. 24-10952 (LSS) (Bankr. D. Del.) (debtors' counsel); *In re The RP Co. Liquidating, LLC*, Case No. 23-10774 (BLS) (Bankr. D. Del.) (special counsel to debtor); *In re Party City Holdco Inc.*, Case No. 23-90005 (MI) (Bankr. S.D. Tex.) (special counsel to audit committee); *In re Clarus Therapeutics Holdings, Inc., et al.,* Case Number: 22-10845 (MFW) (Bankr. D. Del) (debtors' counsel).

8.      Accordingly, subject to this Court's approval of the Application, I believe Goodwin Procter is well-positioned to provide services requested by the Special Committee as the special counsel to the Debtors under Bankruptcy Code section 327(e).

**<u>Scope of Services to be Rendered</u>**

9.      Goodwin Procter will, among other things, (a) continue to provide legal counsel to the Special Committee within its delegated authority, including in connection with potential asset sales of the Debtors, (b) conduct investigations with respect to certain pre-petition transactions and actions by certain of the Debtors' directors and officers (other than current members of the Special Committee) and their related parties, and (c) provide advice and representation to the Special Committee regarding any estate claims and causes of action that may

3

be available to the Debtors. To the extent any such claims or causes of action are proposed to be settled or released in connection with any potential sale under Bankruptcy Code section 363 or a chapter 11 plan, Goodwin Procter will provide legal advice to the Special Committee concerning the appropriateness and reasonableness of such releases in connection therewith. In addition, Goodwin Procter will provide any such other services determined by the Special Committee to be appropriate under the circumstances. Goodwin Procter is not acting as the Debtors' general bankruptcy counsel in these Chapter 11 Cases.

10.    I am aware that the Debtors have sought to retain Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss") and Carmody MacDonald P.C. ("Carmody") as general bankruptcy co-counsel to the Debtors pursuant to separate retention applications filed with this Court. I believe it is, however, reasonable and efficient for the Debtors to retain the Special Committee's historical counsel to ensure that it is being represented by counsel with knowledge of its activities, mandate, and duties, and as necessary and appropriate to fulfill the Special Committee's fiduciary duties in these Chapter 11 Cases and protect the Debtors' interests in the Chapter 11 Cases.

**Goodwin Procter's Conflicts Check**

11.    Goodwin Procter and certain of its partners, senior counsel, and associates may have in the past represented, may currently represent, and likely in the future will represent parties in interest in the Chapter 11 Cases. Except as set forth below, all such representations have been in matters unrelated to the Debtors and the Chapter 11 Cases. Though not relevant to Goodwin Procter's ability to comply with the requirements of Bankruptcy Code Section 327(e), out of an abundance of caution, and to provide full disclosure, Goodwin Procter has searched its electronic database for its connections to the entities listed on Appendix 1 attached hereto (collectively, the

4

"Potential Parties in Interest").[4] The information listed on Appendix 1 may have changed without my knowledge and may change during the pendency of the Chapter 11 Cases. Goodwin Procter will update this Declaration, as described below, when it becomes aware of new material information. The following is a list of the categories of Potential Parties in Interest that Goodwin Procter has searched thus far, including the Potential Parties in Interest identified on Appendix 1 attached hereto:

      (a)      Significant Equity Holders;
      (b)      Debtors;
      (c)      Known Affiliates;
      (d)      Litigation;
      (e)      Directors/Officers;
      (f)      Customers;
      (g)      Landlords/Subtenants;
      (h)      Vendors;
      (i)      Banks/Lenders/UCC Lien Parties/Administrative Agents;
      (j)      Insurance;
      (k)      Utilities;
      (l)      Taxing Authorities/Governmental/Regulatory Agencies;
      (m)      Retained Bankruptcy Professionals;
      (n)      Letter of Credit Beneficiaries
      (o)      Letter of Credit Issuers
      (p)      U.S. Trustee's Office
      (q)      Bankruptcy Judges/Staff;
      (r)      Potential Buyers;
      (s)      Financial Advisors to Potential Buyer;
      (t)      Legal Counsel to Potential Buyer; and
      (u)      Counsel Representing Cyber Security Incident Claimants.

12.    Goodwin Procter entered the names of the Potential Parties in Interest into a computer database containing the names of all clients and conflict information concerning such clients of Goodwin Procter. This inquiry revealed that certain of the Potential Parties in Interest are current, or were former, Goodwin Procter clients. Attached as Appendix 2 to this Declaration is a

---

[4] The list of Potential Parties in Interest (and the categories contained therein) was provided to Goodwin Procter for purposes of a conflicts check only and should not be relied upon by any party as a list of creditors or for any other purpose.

5

list of Potential Parties in Interest that are current or former clients of Goodwin Procter or of Goodwin Procter attorneys while those attorneys were at a prior firm. Through the information generated from this inquiry, and through follow-up inquiries with Goodwin Procter attorneys, as necessary, Goodwin Procter determined that the representation of the Potential Parties in Interest disclosed on Appendix 2 concerned matters in which such clients were not adverse to the Debtors or the Debtors' estates.

13.      Based on the conflicts searches conducted to date by Goodwin Procter and as reported to me, to the best of my knowledge, neither I, nor any partner, counsel, or associate of Goodwin Procter, insofar as I have been able to ascertain, currently represents or has represented within the past three years the parties listed on Appendix 1, except with respect to unrelated matters as disclosed on Appendix 2. To the extent any information disclosed herein requires amendment or modification upon Goodwin Procter's further analysis or as additional information becomes available, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

14.      Without obtaining appropriate waivers where necessary or appropriate, Goodwin Procter will not represent the Special Committee in an adversary proceeding commenced against any client of Goodwin Procter. To the extent that a waiver does not exist or is not obtained from such client, and it is necessary for the Special Committee to commence a cause of action against a client, the Special Committee will employ or retain separate counsel to represent them in that particular matter. In addition, Goodwin Procter will not represent any client on any matter

involving the Special Committee or the Chapter 11 Cases while retained by the Special Committee in the Chapter 11 Cases.

## **Specific Disclosures**

15. As set forth in the attached appendices, Goodwin Procter represents or has represented certain of the Debtors' creditors, equity security holders, professionals, or other Potential Parties in Interest in matters unrelated to the Debtors and the Chapter 11 Cases. None of the representations described herein are adverse to the interests of the Debtors' or the Debtors' estates with respect to the matters Goodwin Procter is to be employed by the Special Committee. Moreover, under Bankruptcy Code Section 327(e), Goodwin Procter is not disqualified from acting as counsel to the Special Committee merely because it represents or has represented the Debtors' creditors, equity security holders, professionals, or other Potential Parties in Interest in matters unrelated to the Special Committee or the Chapter 11 Cases.

16. Of those entities listed on Appendix 2 attached hereto, none accounted for one percent (1%) or more of Goodwin Procter's billings for the 12-month period preceding the Petition Date.

## **Terms and Conditions of Goodwin Procter's Retention**

17. The terms and conditions of Goodwin Procter's retention are set forth in the Engagement Letter, a copy of which is attached hereto as Exhibit C. Goodwin Procter intends to charge the Debtors for services on an hourly basis, and to submit for reimbursement its out-of-pocket expenses and other charges incurred in the course of advising the Special Committee, all subject to the Court's approval and in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and such procedures or guidelines as may be fixed by order of the Court or otherwise in force in the Chapter 11 Cases.

7

18.     Goodwin Procter intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in the Chapter 11 Cases in accordance with section 330 of the Bankruptcy Code, the applicable provisions of the Bankruptcy Rules and the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court. Goodwin Procter also intends to make reasonable efforts to comply with the United States Trustee for the District of Missouri's (the "U.S. Trustee") requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "U.S. Trustee Guidelines"), both in connection with the Application and with any fee applications to be filed by Goodwin Procter in the Chapter 11 Cases.

19.     Goodwin Procter proposes to provide professional services to the Debtors under its standard rate structure. As of January 1, 2025, Goodwin Procter's standard hourly rate ranges are $1,400 to $2,450 for partners, $1,300 to $2,280 for counsel, $870 to $1,370 for associates, and $380 to $740 for paralegals.

20.     These rates are Goodwin Procter's current standard hourly rates for both bankruptcy and non-bankruptcy matters and reflect that restructuring and other complex matters typically are national in scope and involve great complexity, high stakes, and severe time pressures. Goodwin Procter also believes that these rates and this rate structure are comparable to those used in similar circumstances by other similarly skilled professionals. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions and are typically reviewed by Goodwin Procter at the beginning of the calendar year. Goodwin Procter will provide ten (10) business days' notice of any rate increases to the Debtors, the U.S. Trustee, and any official committee appointed in the Chapter 11 Cases.

8

21.     Consistent with Goodwin Procter's policy with respect to its other clients, Goodwin Procter will continue to seek reimbursement for expenses and other charges incurred in the rendition of services. It is Goodwin Procter's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also Goodwin Procter's policy to charge its clients only the amount actually incurred by Goodwin Procter in connection with such items. These charges and disbursements include (without limitation) costs for electronic data management services, including scanning and document imaging, travel, travel-related expenses, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials and hearings.

22.     In accordance with the U.S. Trustee Guidelines, Goodwin Procter and the Debtors will work to develop a prospective budget and staffing plan, which may be amended as necessary to reflect changed circumstances or unanticipated developments. Goodwin Procter also intends to make a reasonable effort to comply with requests for information and additional disclosures from the U.S. Trustee, as set forth in the U.S. Trustee Guidelines, both in connection with this Application and the interim and final fee applications to be filed by Goodwin Procter in the Chapter 11 Cases.

**<u>Professional Compensation</u>**

23.     During the ninety days prior to the Petition Date, Goodwin Procter received certain payments from the 23andMe Holding Co. totaling $2,565,232.13 and additional payments totaling approximately $1,000,000 in advance of receiving legal services (the "<u>Advance Payment</u>"). Within the ninety days prior to the Petition Date, Goodwin Procter utilized $997,523.71 of its Advance

Payment as a credit against Goodwin Procter's invoices for professional services rendered in the ordinary course prior to the Petition Date.

24.    As of the Petition Date, the Debtors did not owe Goodwin Procter any amounts for legal services rendered before the Petition Date. The Debtors respectfully request that Goodwin Procter be authorized to apply any excess Advance Payment to any outstanding, prepetition fees and related expenses incurred by the Special Committee for work performed by Goodwin Procter for the benefit of the Special Committee that had not been processed in Goodwin Procter's accounting system as of the Petition Date.

25.    In accordance with Bankruptcy Code Sections 329 and 504, Bankruptcy Rule 2016(b), and Bankruptcy Local Rule 2016-1, Goodwin Procter has not entered into any agreements, express or implied, with any other party in interest, including the Debtors, the Special Committee, any creditor, or any attorney for such party in interest in the Chapter 11 Cases (a) for the purpose of sharing or fixing fees or other compensation to be paid to any such party in interest or its attorneys for services rendered in connection therewith, (b) for payment of such compensation from the assets of the Debtors' estates in excess of the compensation allowed by this Court pursuant to the applicable provisions of the Bankruptcy Code, or (c) for payment of compensation in connection with the Chapter 11 Cases, in each case other than in accordance with Bankruptcy Code Section 504(b)(1) or applicable law.

**<u>Statement Regarding U.S. Trustee Guidelines</u>**

26.    In response to the following questions under section D(1) of the U.S. Trustee Guidelines, Goodwin Procter hereby provides the following responses:

| Questions required by Section D(1) of the U.S. Trustee Guidelines: | Response |
|---|---|
|  |  |

| | |
|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? | No. |
| Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? | No. The hourly rates used by Goodwin Procter in representing the Debtors are consistent with the rates that Goodwin Procter charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case. |
| If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and reasons for the difference. | Goodwin Procter's standard billing rates are adjusted annually based on a careful and comprehensive review of market conditions and other factors. The material financial terms for the prepetition engagement remained the same, as the engagement was on an hourly basis. During the prepetition engagement, Goodwin Procter's billing rates were between $870 and $2,450. |
| Has your client approved your prospective budget and staffing plan, and, if so, for what budget period? | The Debtors and Goodwin Procter expect to develop a prospective budget and staffing plan for the Chapter 11 Case. In accordance with the U.S. Trustee Guidelines, the budget may be amended as necessary to reflect changed or unanticipated developments. |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: March 24, 2025

GOODWIN PROCTER LLP

*/s/ Robert J. Lemons*

Robert J. Lemons
620 8th Avenue
New York, NY 10018
Telephone: (212) 813-8800
Email: rlemons@goodwinlaw.com

*Proposed Special Counsel to Debtors and Debtors in Possession*