THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>23andMe Holding Co., *et al.*,<br><br>Debtors.¹ | Chapter 11<br><br>Case No. 25-40976<br><br>**(Joint Administration Requested)** |

**DECLARATION OF LARRY E. PARRES IN SUPPORT OF THE APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER TO RETAIN LEWIS RICE LLC AS SPECIAL LOCAL COUNSEL ON BEHALF OF AND AT THE SOLE DIRECTION OF THE SPECIAL COMMITTEE OF THE BOARD OF DIRECTORS OF 23ANDME HOLDING CO., EFFECTIVE AS OF THE PETITION DATE**

I, Larry E. Parres declare, pursuant to 28 U.S.C. § 1746, that the following is true and correct, to the best of my knowledge and belief, after due inquiry described herein:

1. I am a partner with Lewis Rice LLC ("Lewis Rice"). I am resident in the firm's office located at 600 Washington Ave., St. Louis, Missouri 63101. I am admitted, practicing, and a member in good standing of the bar of the State of Missouri. There are no disciplinary proceedings pending against me.

2. I submit this Declaration (the "Declaration") in support of the *Application of the Debtors for Entry of an Order to Retain Lewis Rice as Special Local Counsel on Behalf of and at the Sole Direction of the Special Committee of the Board of Directors of 23andMe Holding Co., Effective as of the Petition Date* (the "Application"),² filed contemporaneously herewith. This

---

¹ A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe. The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

² Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

4931-3460-4074.6

Declaration is also intended to provide the disclosure of compensation required under section 329 of the Bankruptcy Code and Bankruptcy Rule 2016(b).

3. I am duly authorized to make this Declaration on behalf of Lewis Rice and to submit this Declaration in support of the Application. Unless otherwise stated in this Declaration, I have personal knowledge of the facts hereinafter set forth. To the extent any information disclosed herein requires amendment or modification as additional party-in-interest information becomes available to Lewis Rice, a supplemental declaration will be submitted to this Court reflecting such amended or modified information.

## QUALIFICATIONS OF LEWIS RICE

4. Lewis Rice is well qualified to serve as special local counsel to the Debtors acting on behalf of and at the sole direction of the Special Committee. I understand that lead counsel Goodwin Procter has selected Lewis Rice to act as local legal counsel to the Special Committee in connection with matters within the delegated authority of the Special Committee, including the Special Committee's evaluation of potential sales of the Debtors' and other strategic alternatives.

5. Due to Lewis Rice's experience and expertise in corporate governance, mergers and acquisitions, and restructuring under chapter 11 of the Bankruptcy Code, Lewis Rice is well-qualified and able to provide effective and tailored services as special local counsel to the Debtors in these Chapter 11 Cases.

6. Lewis Rice and its partners have been actively involved in major restructuring matters over the last decade and have represented both boards of directors and debtors in various chapter 11 cases.

7. Accordingly, subject to this Court's approval of the Application, I believe Lewis Rice is well-positioned to provide services requested by the Special Committee as the special counsel to the Debtors under Bankruptcy Code section 327(e).

**SCOPE OF SERVICES TO BE RENDERED**

8. Lewis Rice will, among other things, (a) assist Goodwin Procter in providing legal counsel to the Special Committee within its delegated authority, including in connection with potential asset sales of the Debtors, (b) conducting investigations with respect to certain pre-petition transactions and actions by certain of the Debtors' directors and officers (other than current members of the Special Committee) and their related parties, and (c) providing advice and representation to the Special Committee regarding any estate claims and causes of action that may be available to the Debtors. To the extent any such claims or causes of action are proposed to be settled or released in connection with any potential sale under Bankruptcy Code section 363 or a chapter 11 plan, we will provide legal advice to the Special Committee concerning the appropriateness and reasonableness of such releases in connection therewith. In addition, we will provide any such other services determined by the Special Committee to be appropriate under the circumstances. Goodwin Procter nor Lewis Rice are acting as the Debtors' general bankruptcy counsel in these Chapter 11 Cases.

9. I am aware that the Debtors have sought to retain Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss") and Carmody MacDonald P.C. ("Carmody") as general bankruptcy co-counsel to the Debtors pursuant to separate retention applications filed with this Court. I believe it is, however, reasonable and efficient for the Debtors to retain the Special Committee's historical counsel to ensure that it is being represented by counsel with knowledge of its activities, mandate, and duties, and as necessary and appropriate to fulfill the Special Committee's fiduciary duties in these Chapter 11 Cases and protect the Debtors' interests in the Chapter 11 Cases.

**LEWIS RICE'S CONFLICTS CHECK**

10. Lewis Rice and certain of its partner and associates may have in the past represented, may currently represent, and likely in the future will represent parties in interest in the Chapter 11 Cases. Except as set forth below, all such representations have been in matters unrelated to the Debtors and the Chapter 11 Cases. Though not relevant to Lewis Rice's ability to comply with the requirements of Bankruptcy Code Section 327(e), out of an abundance of caution, and to provide full disclosure, Lewis Rice has searched its electronic database for its connections to the parties given to it by the Debtors know as, the "Potential Parties in Interest".[3] Lewis Rice will update this Declaration, as described below, when it becomes aware of new material information.

11. Lewis Rice has determined that, except as described in Appendix 1 attached hereto, the representation of the Potential Parties in Interest in this matter is not adverse to the Debtors or the Debtors' estates. Out of an abundance of caution, we are disclosing certain representations, which are not, to our understanding, disqualifying or problematic under either section 327(e) of the Bankruptcy Code or applicable standards of professional ethics.

12. Based on the conflicts searches conducted to date by Lewis Rice and as reported to me, to the best of my knowledge, neither I, nor any partner or associate of Lewis Rice, insofar as I have been able to ascertain, currently represents or has represented within the past three years any party directly in conflict with the Debtors, except with respect to unrelated matters to those Debtors. To the extent any information disclosed herein requires amendment or modification upon Lewis Rice's further analysis or as additional information becomes available, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

---

[3] The list of Potential Parties in Interest (and the categories contained therein) was provided by the Debtors' bankruptcy counsel, Paul Weiss, to Goodwin Procter who then passed it onto Lewis Rice for purposes of a conflicts check only and should not be relied upon by any party as a list of creditors or for any other purpose.

4

**TERMS AND CONDITIONS OF LEWIS RICE'S RETENTION**

13. The terms and conditions of Lewis Rice's retention are set forth in the Engagement Letter, a copy of which is attached as Exhibit B to the Lewis Rice Application to be Employed. Lewis Rice intends to charge the Debtors for services on an hourly basis, and to submit for reimbursement its out-of-pocket expenses and other charges incurred in the course of advising the Special Committee, all subject to the Court's approval and in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and such procedures or guidelines as may be fixed by order of the Court or otherwise in force in the Chapter 11 Cases.

14. Lewis Rice intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in the Chapter 11 Cases in accordance with section 330 of the Bankruptcy Code, the applicable provisions of the Bankruptcy Rules and the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court. Lewis Rice intends to make reasonable efforts to comply with the United States Trustee for the District of Missouri's (the "U.S. Trustee") requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "U.S. Trustee Guidelines"), both in connection with the Application and with any fee applications to be filed by Lewis Rice in the Chapter 11 Cases.

15. Lewis Rice proposes to provide professional services to the Debtors under its standard rate structure. As of February 1, 2025, Lewis Rice's standard hourly rate ranges are $900 to $600 for partners, $300 to $600 for associates, and $225 to $300 for paralegals.

16. These rates are Lewis Rice's current standard hourly rates for both bankruptcy and non-bankruptcy matters and reflect that restructuring and other complex matters. Lewis Rice also

5

believes that these rates and this rate structure are comparable to those used in similar circumstances by other similarly skilled professionals. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions and are typically reviewed by Lewis Rice in February each year. Lewis Rice will provide ten (10) business days' notice of any rate increases to the Debtors, the U.S. Trustee, and any official committee appointed in the Chapter 11 Cases.

17. Consistent with Lewis Rice's policy with respect to its other clients, Lewis Rice will continue to seek reimbursement for expenses and other charges incurred in the rendition of services. It is Lewis Rice's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also Lewis Rice's policy to charge its clients only the amount actually incurred by Lewis Rice in connection with such items. These charges and disbursements include (without limitation) costs for electronic data management services, including scanning and document imaging, travel, travel-related expenses, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials and hearings.

18. Lewis Rice intends to make a reasonable effort to comply with requests for information and additional disclosures from the U.S. Trustee, as set forth in the U.S. Trustee Guidelines, both in connection with this Application and the interim and final fee applications to be filed by Lewis Rice in the Chapter 11 Cases.

## **PROFESSIONAL COMPENSATION**

19. During the ninety days prior to the Petition Date, Lewis Rice received a retainer of $40,000 on March 20, 2025 (the "Advance Payment"). Within the ninety days prior to the Petition Date, Lewis Rice received no other compensation from Debtor. On March 21, 2025 Lewis Rice

6

paid its only pre-petition invoice due it in the amount of $3,327 leaving a retainer balance of $36,673.

20. As of the Petition Date, the Debtors did not owe Lewis Rice any amounts for legal services rendered before the Petition Date.

21. In accordance with Bankruptcy Code Sections 329 and 504, Bankruptcy Rule 2016(b), and Bankruptcy Local Rule 2016-1, Lewis Rice has not entered into any agreements, express or implied, with any other party in interest, including the Debtors, the Special Committee, any creditor, or any attorney for such party in interest in the Chapter 11 Cases (a) for the purpose of sharing or fixing fees or other compensation to be paid to any such party in interest or its attorneys for services rendered in connection therewith, (b) for payment of such compensation from the assets of the Debtors' estates in excess of the compensation allowed by this Court pursuant to the applicable provisions of the Bankruptcy Code, or (c) for payment of compensation in connection with the Chapter 11 Cases, in each case other than in accordance with Bankruptcy Code Section 504(b)(1) or applicable law.

Dated: March 24, 2025
    St. Louis, Missouri

LEWIS RICE LLC

*/s/ Larry E. Parres*
Larry E. Parres
600 Washington Avenue, Suite 2500
St. Louis, MO 63101
Telephone: (314) 444-7600
Email: lparres@lewisrice.com

*Proposed Special Counsel to Debtors and Debtors in Possession*

<u>**Appendix 1**</u>
**Lewis Rice Relationships with Potential Parties in Interest**

**Amazon** is an active client of the firm on matters not related to this bankruptcy case.

**Cloudflare, Inc.** is an active client of the firm on matters not related to this bankruptcy case.

**Great American Insurance Company** is an active client of the firm on matters not related to this bankruptcy case.

**JP Morgan Chase Bank** is an active client of the firm on matters not related to this bankruptcy case.

**Ropes & Gray LLP** is an active client of the firm on matters not related to this bankruptcy case.

**Travelers Insurance** is an active client of the firm on matters not related to this bankruptcy case.

**US Bank National Association** is an active client of the firm on matters not related to this bankruptcy case.

**Unum** is an active client of the firm on matters not related to this bankruptcy case.

**According to Lewis Rice electronic conflicts database, we do not actively represent any of the other individuals or entities listed in the Potential Parties in Interest spreadsheet provided to Lewis Rice.**