UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>23ANDME HOLDING CO., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-40976<br><br>(Joint Administration Requested)<br><br>Hearing Date:  TBD[2]<br>Hearing Time:  TBD<br>Hearing Location:  TBD |

**MOTION OF DEBTORS FOR LEAVE TO EXCEED
THE PAGE LIMITATIONS IN THEIR FIRST DAY MOTIONS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion:

**Relief Requested**[3]

1. The Debtors seek entry of an order (the "Proposed Order"),[4] authorizing the Debtors to exceed the page limitations set forth in Local Rule 9004(C) for their First Day Motions.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Eastern District of Missouri (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and rule 9.01(B) of the Local Rules of the United States District Court for the Eastern District of Missouri.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe. The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

[2] The Debtors will file a notice stating the date, time, and location of the first day hearing once this information becomes available.

[3] Capitalized terms used but not defined in this section have the meanings ascribed to such terms elsewhere in this motion.

[4] Copies of the Proposed Order will be made available on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe .

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors consent to a final order with respect to this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 363, and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9004(C) of the Local Rules of the United States District Court for the Eastern District of Missouri (the "Local Rules").

**Background**

5. 23andMe Holding Co. (collectively with its Debtor subsidiaries and non-Debtor affiliates,[5] the "Company") is a leading human genetics and telehealth company with a mission to help people access, understand, and benefit from the human genome. The Company pioneered direct access to genetic information as the only company with multiple FDA clearances for genetic health reports. Further, through its Lemonaid Health telehealth platform, the Company operates as a national online doctor's office that provides medical care, pharmacy fulfillment, and laboratory testing services.

6. On March 23, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

7. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors have filed

---

[5] Non-Debtor affiliates exclude any controlling shareholder of 23andMe Holding Co.

2

a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) substantially contemporaneously herewith. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated at this time.

8. A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew Kvarda in Support of Chapter 11 Petitions and First Day Motions* (the "<u>First Day Declaration</u>"), filed substantially contemporaneously herewith and incorporated herein by reference.[6]

## Basis for Relief

9. Local Rule 9004(C) requires that "[w]ithout leave of Court, no motion, memorandum or brief is to exceed fifteen (15) pages exclusive of the signature page, certificate of service and attachments." The Debtors believe it is necessary to exceed the page limitation in the First Day Motions (as defined below) in order to present the Court with all of the facts, law, and analysis needed to fully advise the Court on such motions.

10. Due to the complexity and size of the Debtors' chapter 11 cases, the Debtors submit that an extension of the page limitation is warranted. Specifically, the following pleadings (the "<u>First Day Motions</u>") may exceed the page limitations imposed by Local Rule 9004(C):

 a. *Debtors' Motion for Entry of Interim and Final Orders (I) Establishing Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock of 23andMe Holding Co. Against Debtors and (II) Granting Related Relief* [Docket No. 6];

 b. *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Maintain and Administer Their Customer Programs and Honor Certain*

---

[6] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

3

   *Prepetition Obligations Related Thereto and (II) Granting Related Relief* [Docket No. 9];

c. *Debtors' Motion for Entry of an Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 10];

d. *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Certain Prepetition Employee Wages and Benefits and (B) Continue Employee Benefits Programs and Pay Related Obligations and (II) Granting Related Relief* [Docket No. 11];

e. *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing (A) Continued Use of Cash Management System, (B) Maintenance of Bank Accounts and Business Forms, (C) Performance of Intercompany Transactions, and (D) Certain Prepetition Obligations to be Honored; (II) Granting Administrative Expense Priority Status to Postpetition Intercompany Claims Against the Debtors; (III) Waiving Strict Compliance with 11 U.S.C. § 345(B) and Certain Operating Guidelines, as Applicable; and (IV) Granting Related Relief* [Docket No. 12];

f. *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief* [Docket No. 14];

g. *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay Prepetition Claims of (A) Certain Critical Vendors, (B) Lien Claimants, (C) 503(B)(9) Claimants, and (D) Foreign Vendors, (II) Granting Administrative Expense Priority to and Authorizing the Payment of Certain Outstanding Orders, and (III) Granting Related Relief* [Docket No. 15];

h. *Debtors' Motion for Entry of an Order (I) Extending the Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases and Statements of Financial Affairs, (II) Extending the Time to Schedule the Meeting of Creditors, (III) Waiving the Requirement to File Equity Lists and Provide Notice to Equity Security Holders, (IV) Authorizing the Debtors to File (A) A Consolidated List of Counsel Representing Cyber Security Incident Claimants and (B) A Consolidated List of Other Unsecured Creditors of the Debtors, (V) Authorizing the Debtors to Prepare A Consolidated and Redacted List of Creditors in Lieu of Submitting Separate and Reformatted Creditor Matrices for Each Debtor, (VI) Approving the Manner of Notifying Creditors of the Commencement of these Chapter 11 Cases, and (VII) Granting Related Relief* [Docket No. 16];

i. *Debtors' Motion for Entry of Interim and Final Orders (I) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Utility Services, (II) Deeming Utility Companies to Have Adequate Assurance of Future Payment, (III)*

4

    *Establishing Procedures for Determining Adequate Assurance of Payment, and (IV) Granting Related Relief* [Docket No. 25];

j. *Debtors' Motion for Entry of (I) an Order Authorizing (A) Entry into and Performance Under the Binding DIP Term Sheet, Including Payment of the Commitment Fee and Work Fee Thereunder, and (B) Granting Related Relief and (II) an Order (A) Authorizing the Debtors to Obtain Postpetition Financing, Grant Liens, and Provide Superpriority Administrative Expense Claims, (B) Modifying the Automatic Stay, and (C) Granting Related Relief* [Docket No. 28];

k. *Debtors' Application for Entry of Interim and Final Orders Authorizing the Employment and Retention of Moelis & Company LLC as Investment Banker for the Debtors and Debtors in Possession Effective as of the Petition Date* [Docket No. 29];

l. *Debtors' Motion for Entry of an Order (I) Approving Bidding Procedures for the Sale of the Debtors' Assets, (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of the Notice Thereof, (IV) Approving Procedures Regarding Entry Into Stalking Horse Agreement(s), if any, (V) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (VI) Authorizing the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (VII) Approving Procedures for the Sale, Transfer, or Abandonment of De Minimis Assets, and (VIII) Granting Related Relief* [Docket No. 30];

m. *Debtor's Application for Entry of Interim and Final Orders (I) Authorizing the Employment and Retention of Alvarez & Marsal North America, LLC and (II) Designating Matthew E. Kvarda as Chief Restructuring Officer of the Debtors and Certain Additional Personnel, in Each Case, Effective as of the Petition Date* [Docket No. 34].

11. Further, Bankruptcy Code section 105(a) states that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Debtors submit that it is appropriate for the Court to use its equitable power to grant the relief requested herein.

12. The Debtors believe that additional pages are necessary to adequately and fully provide the Court with all the necessary facts and supporting legal arguments in the First Day Motions.

5

13. Courts in this District have granted motions to file pleadings in excess of the page limitation specified by the Local Rules where, as here, the issues addressed are significant and complex. *See*, *e.g.*, *In re Briggs & Stratton Corporation*, No. 20-43597-399 (Bankr. E.D. Mo. July 22, 2020) (Docket No. 140) (order granting debtors' request to waive page limitation in Local Rule 9004(C)); *In re Noranda Aluminum, Inc.*, No. 16-10082 (Bankr. E.D. Mo. Feb. 12, 2016) (Docket No. 123) (same); *In re Arch Coal, Inc.*, No. 16-40120 (Bankr. E.D. Mo. Jan. 21, 2016) (Docket No. 155) (same); *In re Peabody Energy Corporation*, No. 16-42529 (Bankr. E.D. Mo. Apr. 13, 2016) (Docket No. 44) (same); *In re Foresight Energy LP*, No. 20-41308 (Bankr. E.D. Mo. March 13, 2020) (Docket No. 125) (same).

**Notice**

14. The Debtors will provide notice of this motion to the following parties: (a) the Office of the United States Trustee for the Eastern District of Missouri; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the law firms representing claimants who have filed or asserted claims arising out of the Cyber Security Incident as of the Petition Date; (d) the agent/lender under any proposed postpetition financing facility and its counsel, if applicable; (e) the United States Attorney's Office for the Eastern District of Missouri; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; (h) the Federal Trade Commission; (i) the state attorneys general in all 50 states; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). Notice of this motion and any order entered hereon will be served in accordance with rule 9013-3(A)(1) of the Local Rules. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

15. A copy of this motion is available on (a) PACER at https://pacer.uscourts.gov/ and (b) the website maintained by the Debtors' proposed claims and noticing agent, Kroll Restructuring Administration LLC, at https://restructuring.ra.kroll.com/23andMe.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order and grant such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: March 24, 2025<br>St. Louis, Missouri | Respectfully submitted,<br><br>**Carmody MacDonald P.C.**<br> /s/ Thomas H. Riske<br>Thomas H. Riske #61838MO<br>Nathan R. Wallace #74890MO<br>Jackson J. Gilkey #73716MO<br>120 S. Central Avenue, Suite 1800<br>St. Louis, Missouri 63105<br>Telephone:	(314) 854-8600<br>Facsimile:	(314) 854-8660<br>Email:	thr@carmodymacdonald.com<br>	nrw@carmodymacdonald.com<br>	jjg@carmodymacdonald.com<br><br>- and -<br><br>**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**<br>Paul M. Basta (*pro hac vice* pending)<br>Christopher Hopkins (*pro hac vice* pending)<br>Jessica I. Choi (*pro hac vice* pending)<br>Grace C. Hotz (*pro hac vice* pending)<br>1285 Avenue of the Americas<br>New York, New York 10019<br>Telephone:	(212) 373-3000<br>Facsimile:	(212) 757-3990<br>Email:	pbasta@paulweiss.com<br>	chopkins@paulweiss.com<br>	jchoi@paulweiss.com<br>	ghotz@paulweiss.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |