UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| 23ANDME HOLDING CO., *et al.*,[1] | Case No. 25-40976 |
| Debtors. | (Joint Administration Requested) |
| | **Hearing Date:  March 26, 2025**<br>**Hearing Time:  12:00 p.m. CDT**<br>**Hearing Location:  Courtroom 5 North** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) SCHEDULING EXPEDITED HEARINGS ON CERTAIN FIRST
DAY MOTIONS AND APPLICATIONS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion:

**Relief Requested**[2]

1. The Debtors seek entry of an order (the "Proposed Order")[3] (a) scheduling an expedited hearing on March 26, 2025 at 12:00 p.m. of the First Day Motions filed by the Debtors contemporaneously herewith and (b) granting related relief.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Eastern District of Missouri (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and rule

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe. The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

[2] Capitalized terms used but not defined in this section have the meanings ascribed to such terms elsewhere in this motion.

[3] Copies of the Proposed Order will be made available on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe.

9.01(B) of the Local Rules of the United States District Court for the Eastern District of Missouri. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors consent to a final order with respect to this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-2(A) of the Local Rules of the United States District Court for the Eastern District of Missouri (the "Local Rules").

**Background**

5. 23andMe Holding Co. (collectively with its Debtor subsidiaries and non-Debtor affiliates,[4] the "Company") is a leading human genetics and telehealth company with a mission to help people access, understand, and benefit from the human genome. The Company pioneered direct access to genetic information as the only company with multiple FDA clearances for genetic health reports. Further, through its Lemonaid Health telehealth platform, the Company operates as a national online doctor's office that provides medical care, pharmacy fulfillment, and laboratory testing services.

6. On March 23, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

7. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors have filed

---

[4] Non-Debtor affiliates exclude any controlling shareholder of 23andMe Holding Co.

2

a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) substantially contemporaneously herewith. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated at this time.

8. A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew Kvarda in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed substantially contemporaneously herewith and incorporated herein by reference.[5]

**Basis for Relief**

9. Section 105(a) of the Bankruptcy Code authorizes this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Further, Bankruptcy Rule 9006(c) provides that the Court, for cause shown, may in its discretion reduce the notice period normally required for motions. Lastly, Local Rule 9013-2(A) allows a hearing to be scheduled on an expedited basis "by written motion, setting forth the reason the matter should be considered on an expedited or emergency basis."

10. On the Petition Date, the Debtors filed certain motions requesting first day relief (the "First Day Motions") to be heard by this Court on an expedited basis. As described in detail in each of the First Day Motions and the First Day Declaration, the relief requested in the First Day Motions is essential to maintaining the normal day-to-day operations of the Debtors' business. Such expedited relief is also necessary to preserve and maximize the value of the Debtors' estates,

---

[5] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

3

including with respect to the Debtors' proposed sale process (the "Sale Process"). As described in greater detail in the Bidding Procedures Motion, the Debtors commenced these chapter 11 cases to, among other things, effectuate a value-maximizing sale of all or substantially all of their assets following an extensive prepetition marketing process that did not result in an actionable transaction capable of being implemented within the Debtors' current liquidity runway. In furtherance of the Sale Process, the Debtors filed the Bidding Procedures Motion substantially contemporaneously herewith requesting the Court approve certain bidding procedures to govern the Sale Process, including a proposed timeline with key dates and deadlines (the "Sale Timeline"). The Debtors believe that the Sale Timeline, if approved, will provide sufficient time to conduct an efficient, robust, and value-maximizing process. Given the Debtors' liquidity, and lack of a stalking horse bidder at this time, it is critical that the Debtors commence the Sale Process as soon as possible with the benefit of the bidding procedures to guide interested parties in the submission of bids. Absent the relief requested herein, the Debtors believe that their ability to complete the Sale Process and achieve a value-maximizing outcome for these chapter 11 cases will be significantly diminished to the detriment of all of their stakeholders. Accordingly, the Debtors believe that the First Day Motions involve matters that require an expedited hearing and that cause exists to schedule an expedited hearing (the "First Day Hearing") on each of the First Day Motions, including the Bidding Procedures Motion.

11. The First Day Motions for which Debtors request an expedited hearing are as follows:

    a. *Debtors' Motion for Entry of an Order (I) Directing the Joint Administration of the Debtors' Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 3];

    b. *Debtors' Motion for Entry of Interim and Final Orders (I) Establishing Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock of 23andMe*

4

*Holding Co. Against Debtors and (II) Granting Related Relief* [Docket No. 6];

c. *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Honor and Incur Obligations Related to Non-Debtor Medical Corporations and (II) Granting Related Relief* [Docket No. 7];

d. *Debtors' Application for Appointment of Kroll Restructuring Administration LLC as Claims and Noticing Agent and Administrative Advisor Effective as of the Petition Date* [Docket No. 8];

e. *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Maintain and Administer Their Customer Programs and Honor Certain Prepetition Obligations Related Thereto and (II) Granting Related Relief* [Docket No. 9];

f. *Debtors' Motion for Entry of an Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 10];

g. *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Certain Prepetition Employee Wages and Benefits and (B) Continue Employee Benefits Programs and Pay Related Obligations and (II) Granting Related Relief* [Docket No. 11];

h. *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing (A) Continued Use of Cash Management System, (B) Maintenance of Bank Accounts and Business Forms, (C) Performance of Intercompany Transactions, and (D) Certain Prepetition Obligations to be Honored; (II) Granting Administrative Expense Priority Status to Postpetition Intercompany Claims Against the Debtors; (III) Waiving Strict Compliance with 11 U.S.C. § 345(B) and Certain Operating Guidelines, as Applicable; and (IV) Granting Related Relief* [Docket No. 12];

i. *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Continue Prepetition Insurance Policies and Pay All Prepetition Obligations in Respect Thereof and (II) Granting Related Relief* [Docket No. 13];

j. *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief* [Docket No. 14];

k. *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay Prepetition Claims of (A) Certain Critical Vendors, (B) Lien Claimants, (C) 503(B)(9) Claimants, and (D) Foreign Vendors, (II) Granting Administrative Expense Priority to and Authorizing the Payment*

5

   *of Certain Outstanding Orders, and (III) Granting Related Relief* [Docket No. 15];

l. *Debtors' Motion for Entry of an Order (I) Extending the Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases and Statements of Financial Affairs, (II) Extending the Time to Schedule the Meeting of Creditors, (III) Waiving the Requirement to File Equity Lists and Provide Notice to Equity Security Holders, (IV) Authorizing the Debtors to File (A) A Consolidated List of Counsel Representing Cyber Security Incident Claimants and (B) A Consolidated List of Other Unsecured Creditors of the Debtors, (V) Authorizing the Debtors to Prepare A Consolidated and Redacted List of Creditors in Lieu of Submitting Separate and Reformatted Creditor Matrices for Each Debtor, (VI) Approving the Manner of Notifying Creditors of the Commencement of these Chapter 11 Cases, and (VII) Granting Related Relief* [Docket No. 16];

m. *Debtors' Motion for Entry of Interim and Final Orders (I) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Utility Services, (II) Deeming Utility Companies to Have Adequate Assurance of Future Payment, (III) Establishing Procedures for Determining Adequate Assurance of Payment, and (IV) Granting Related Relief* [Docket No. 25];

n. *Debtors' Motion for Entry of Order (I) Authorizing the Filing Under Seal of Confidential Personal Information and (II) Granting Related Relief* [Docket No. 26];

o. *Debtors' Motion for Entry of (I) an Order Authorizing (A) Entry into and Performance Under the Binding DIP Term Sheet, Including Payment of the Commitment Fee and Work Fee Thereunder, and (B) Granting Related Relief and (II) an Order (A) Authorizing the Debtors to Obtain Postpetition Financing, Grant Liens, and Provide Superpriority Administrative Expense Claims, (B) Modifying the Automatic Stay, and (C) Granting Related Relief* [Docket No. 28].

p. *Debtors' Application for Entry of Interim and Final Orders Authorizing the Employment and Retention of Moelis & Company LLC as Investment Banker for the Debtors and Debtors in Possession Effective as of the Petition Date* [Docket No. 29];

q. *Debtors' Motion for Entry of an Order (I) Approving Bidding Procedures for the Sale of the Debtors' Assets, (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of the Notice Thereof, (IV) Approving Procedures Regarding Entry Into Stalking Horse Agreement(s), if any, (V) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (VI) Authorizing the Sale of the Debtors' Assets Free and Clear of Liens,*

    *Claims, Interests, and Encumbrances, (VII) Approving Procedures for the Sale, Transfer, or Abandonment of De Minimis Assets, and (VIII) Granting Related Relief* [Docket No. 30];

r. *Debtor's Application for Entry of Interim and Final Orders Authorizing the Retention and Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Attorneys for the Debtor and Debtors in Possession Effective as of the Petition Date* [Docket No. 31];

s. *Debtor's Application for Entry of Interim and Final Orders (I) Authorizing the Employment and Retention of Alvarez & Marsal North America, LLC and (II) Designating Matthew E. Kvarda as Chief Restructuring Officer of the Debtors and Certain Additional Personnel, in Each Case, Effective as of the Petition Date* [Docket No. 34];

t. *Debtor's Application for Entry of an Order Authorizing the Employment and Retention of Carmody MacDonald P.C. as Bankruptcy Co-Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date* [Docket No. 35];

u. *Debtor's Application for Entry of an Order Authorizing the Employment and Retention of Goodwin Procter LLP as Special Counsel on Behalf of and at the Sole Discretion of the Special Committee of the Board of Directors of 23andMe Holding Co., Effective as of the Petition Date* [Docket No. 42]; and,

v. *Debtor's Application for Entry of an Order Authorizing the Employment and Retention of Lewis Rice LLC as Special Local Counsel on Behalf of and at the Sole Discretion of the Special Committee of the Board of Directors of 23andMe Holding Co., Effective as of the Petition Date* [Docket No. 43].

12. Courts in this District and elsewhere have granted similar relief concerning expedited consideration of first day motions in other large chapter 11 cases. *See*, *e.g.*, *In re Peabody Energy Corp.*, No. 16-42529 (Bankr. E.D. Mo. Apr. 15, 2016) (Docket No. 115); *In re Noranda Aluminum, Inc.,* No. 16-10083 (Bankr. E.D. Mo. Feb. 9, 2016) (Docket No. 80); *In re Arch Coal, Inc.,* No. 16-40120 (Bankr. E.D. Mo. Jan. 14, 2016) (Docket No. 87); *In re Briggs & Stratton Corp.*, No. 20-43597 (Bankr. E.D. Mo. July 22, 2020) (Docket No. 141); *In re Foresight Energy LP*, No. 20-41308 (Bankr. E.D. Mo. Mar. 13, 2020) (Docket No. 126).

**<u>Notice</u>**

13. The Debtors will provide notice of this motion to the following parties: (a) the Office of the United States Trustee for the Eastern District of Missouri; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the law firms representing claimants who have filed or asserted claims arising out of the Cyber Security Incident as of the Petition Date; (d) the agent/lender under any proposed postpetition financing facility and its counsel, if applicable; (e) the United States Attorney's Office for the Eastern District of Missouri; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; (h) the Federal Trade Commission; (i) the state attorneys general in all 50 states; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). Notice of this motion and any order entered hereon will be served in accordance with rule 9013-3(A)(1) of the Local Rules. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

14. A copy of this motion is available on (a) PACER at https://pacer.uscourts.gov/ and (b) the website maintained by the Debtors' proposed claims and noticing agent, Kroll Restructuring Administration LLC, at https://restructuring.ra.kroll.com/23andMe.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter an order scheduling an expedited hearing for March 26, 2025 at 12:00 p.m. and grant such other relief as the Court deems appropriate under the circumstances.

Dated: March 25, 2025  
St. Louis, Missouri

Respectfully submitted,

**Carmody MacDonald P.C.**
*/s/ Thomas H. Riske*
Thomas H. Riske #61838MO
Nathan R. Wallace #74890MO
Jackson J. Gilkey #73716MO
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
Telephone:  (314) 854-8600
Facsimile:  (314) 854-8660
Email:  thr@carmodymacdonald.com
  nrw@carmodymacdonald.com
  jjg@carmodymacdonald.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Paul M. Basta (*pro hac vice* pending)
Christopher Hopkins (*pro hac vice* pending)
Jessica I. Choi (*pro hac vice* pending)
Grace C. Hotz (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
Email:  pbasta@paulweiss.com
  chopkins@paulweiss.com
  jchoi@paulweiss.com
  ghotz@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in Possession*