## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**23ANDME HOLDING CO.,** *et al.*,[1]<br><br>Debtors. | Case No. 25-40976-357<br>Chapter 11<br><br>(Jointly Administered)<br><br>Hearing Date: March 26, 2025<br>Hearing Time: 12:00 p.m.<br><br>Related Doc. 12 |

### INTERIM ORDER (I) AUTHORIZING (A) CONTINUED USE OF CASH MANAGEMENT SYSTEM, (B) MAINTENANCE OF BANK ACCOUNTS AND BUSINESS FORMS, (C) PERFORMANCE OF INTERCOMPANY TRANSACTIONS, AND (D) CERTAIN PREPETITION OBLIGATIONS TO BE HONORED; (II) GRANTING ADMINISTRATIVE EXPENSE PRIORITY STATUS TO POSTPETITION INTERCOMPANY CLAIMS AGAINST THE DEBTORS; AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the Debtors for entry of an interim order (this "Interim Order") (a) authorizing the Debtors to (i) continue using their existing Cash Management System, (ii) maintain the Bank Accounts and Business Forms, (iii) perform Intercompany Transactions, and (iv) honor certain prepetition obligations related to the Cash Management System; (b) granting administrative expense priority status to postpetition Intercompany Claims against the Debtors; and (c) granting related relief, all as more fully set forth in the Motion; and upon consideration of

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe. The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and rule 9.01(B) of the Local Rules of the United States District Court for the Eastern District of Missouri; and this Court having found that this is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are authorized, in their sole discretion, to: (a) continue operating the Cash Management System (subject to the modifications described herein and in the Motion) and honor any prepetition and postpetition obligations related thereto; (b) maintain existing Bank Accounts and Business Forms; (c) maintain the ability to use debit, wire, and ACH payments; and (d) continue to deposit funds in accordance with their prepetition practices to the extent set forth herein.

3. The Debtors are further authorized, in their sole discretion, to: (a) continue using, with the same account numbers, all of the Bank Accounts in existence as of the Petition Date,

including those accounts identified on **Exhibit C** to the Motion; (b) continue the Corporate Card Program in the ordinary course, including making ordinary course modifications thereto, and timely perform and honor their past and future obligations under the Corporate Card Program (the "Corporate Card Obligations"); (c) use, in their present form, all Business Forms, without reference to the Debtors' status as debtors in possession; (d) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; (e) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers, ACH payments, and other debits; and (f) pay any ordinary course prepetition or postpetition fees, including prepetition Bank Fees in an amount not to exceed $3,500 and outstanding prepetition obligations arising under the Corporate Card Program in an amount not to exceed $10,000, in each case, pending entry of the Final Order, incurred in connection with the Bank Accounts and the Corporate Card Program and to otherwise perform their obligations under the documents governing the Bank Accounts. All postpetition Bank Fees shall have administrative expense priority status pursuant to section 503(b) of the Bankruptcy Code.

4. The Debtors are further authorized to continue to maintain the Collateral Account at JPM for purposes of cash collateralizing the Corporate Card Obligations and obligations under the Letters of Credit (as defined below), and all cash from time to time on deposit in the Collateral Account shall remain subject to the Assignment of Deposits in favor of JPM unless otherwise ordered by this Court. If the Debtors fail to make any timely payment to JPM in respect of the Corporate Card Obligations, JPM is authorized, in its sole discretion, to terminate the Corporate Card Program upon five days written notice to the Debtors; *provided, however*, that any such termination must otherwise be consistent with the terms and provisions of the Corporate Card Agreement.

5. The Debtors and PayPal Holdings, Inc. and its affiliates ("PayPal") are a party to certain PayPal User Agreements (the "User Agreements") for, among other things, the processing of payment transactions in exchange for a processing fee. The Debtors are authorized to continue to operate under the User Agreements and to pay or reimburse PayPal for all obligations owed pursuant to the terms and conditions of the User Agreements, including fees, charges, refunds, chargebacks, reserves, and other amounts due and owing from the Debtors to PayPal, whether such obligations were incurred prepetition or postpetition. PayPal is authorized to receive and obtain payment for such obligations that the Debtors owe to it, as provided under and in the manner set forth in the User Agreements, including without limitation, by way of recoupment or setoff without further order of the Court regardless of whether such obligations arose prepetition or postpetition. Pursuant to the terms and conditions of the User Agreements, PayPal has and shall continue to have the right to setoff any and all obligations that the Debtors owe to it against the sale revenue it processes for the Debtors.

6. The Bank at which the Bank Accounts are maintained is hereby authorized to continue to maintain, service, and administer the Bank Accounts in accordance with prepetition practices as accounts of debtors in possession, without interruption and in the ordinary course of business. In this regard, the Bank is authorized to receive, process, honor, and pay any and all checks, electronic funds transfer requests, and payment orders drawn or issued by the Debtors or other holders, makers, or parties entitled to issue instructions with respect thereto, whether presented or issued before or after the Petition Date to the extent the Debtors have good funds standing to their credit with the Bank; *provided* that any checks, electronic funds transfer requests, and payment orders drawn or issued by the Debtors before the Petition Date may be honored by the Bank only if specifically authorized by order of this Court and identified to the applicable Bank

by the Debtors. The Bank is authorized to rely on representations of the Debtors as to which checks, electronic funds transfer requests, and payment orders are authorized to be paid without any duty of further inquiry and without liability for following the Debtors' instructions.

7. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any amounts owed in connection with the relief granted herein.

8. In the course of providing cash management services to the Debtors, the Bank, without further order of this Court, is authorized, but not directed, to (a) charge, and the Debtors are authorized to pay or honor, both prepetition and postpetition service and other fees, costs, charges, and expenses to which the Bank is entitled under the terms and, in accordance with its contractual arrangements with the Debtors, and (b) charge back any returned items to the Bank Accounts, whether such items are dated before, on, or subsequent to the Petition Date, in the ordinary course.

9. The unexpired prepetition cash management agreements that may exist between the Debtors and JPM shall continue to govern the postpetition cash management relationship between them. Subject to applicable bankruptcy or nonbankruptcy law, all of the provisions of such agreements, including the termination and fee provisions, shall remain in full force and effect absent further order of this Court, except and to the extent otherwise directed by the terms of this Interim Order and except as amended, modified, or supplemented by agreement between the Debtors and the Bank in the ordinary course of business.

10. Notwithstanding any other provision of this Interim Order, the Bank is authorized, but not directed, to rely on the Debtors' representations with respect to whether any check, draft,

wire, or other transfer drawn or issued by the Debtors should be honored pursuant to any order of this Court, whether or not such payments are dated, drawn, or issued prior to, on, or subsequent to the Petition Date. If the Bank honors a prepetition or postpetition check or other item drawn on any account that is the subject of this Interim Order (a) at the direction of the Debtors, (b) in a good-faith belief that this Court has authorized such prepetition or postpetition check or item to be honored, or (c) as a result of an innocent mistake made despite the implementation of reasonable item-handling procedures, the Bank shall neither be deemed to be in violation of this Interim Order nor be liable to the Debtors, their estates, or any other party on account of such prepetition or postpetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Interim Order.

11. The Bank is further authorized, but not directed, to accept and hold the Debtors' funds in accordance with the Debtors' instructions; *provided*, in each case, that the Bank shall not have any liability to any party for relying on such representations.

12. The Debtors are authorized to use their existing Business Forms; *provided* that once the Debtors' existing checks have been used, the Debtors shall, when reordering checks, require the designation "Debtor in Possession" or "DIP" and the lead case number on all checks; *provided*, *further* that within 15 days of entry of this Interim Order, any electronically produced checks shall reflect the designation "Debtor in Possession" or "DIP" and the lead case number.

13. The Administrative Expense Procedures are approved as set forth in the table below and the Debtors are authorized and directed to perform under the Administrative Expense Procedures, including funding amounts into the Administrative Expense Account in accordance with the Administrative Expense Procedures without further notice or hearing:

| Administrative Expense Procedures | |
|---|---|
| **Covered Administrative Expenses** | The funds on deposit in the Administrative Expense Account shall not be available to general creditors of the Debtors' estates and may only be used to fund categories of fees and expenses set forth below in the ordinary course and subject to any applicable Court approvals, except as otherwise ordered by the Court:<br><br>• all fees required to be paid to the Clerk of the Court under section 1930(a) of title 28 of the United States Code plus applicable interest at the statutory rate (the "Bankruptcy Fees");<br><br>• all fees required to be paid to the Office of the U.S. Trustee under section 1930(a) of title 28 of the United States Code plus applicable interest at the statutory rate (the "U.S. Trustee Fees"); and<br><br>• all fees (including success or transaction fees) and expenses incurred during the chapter 11 cases by (a) persons or firms retained by the Debtors (the "Debtor Professionals") and (b) persons or firms retained by any official creditors committee pursuant to section 328 or 1102 of the Bankruptcy Code (the "Committee Professionals" and, together with the Debtor Professionals, the "Professional Persons" and, all fees and expenses incurred by such Professional Persons, the "Professional Fees).<br><br>All Bankruptcy Fees, U.S. Trustee Fees, and Professional Fees shall be paid from the Administrative Expense Account in accordance with and subject to any applicable Court orders. |
| **Weekly Funding Amount** | As soon as practicable following entry of the Interim Order and on a weekly basis thereafter, the Debtors shall fund the Administrative Expense Account with the aggregate amount of Bankruptcy Fees, U.S. Trustee Fees, and Professional Fees for such week as set forth in the Budget (the "Weekly Funding Amount"). |
| **Weekly Reporting** | Starting on the second week after the Petition Date, each Professional Person shall provide the Debtors on weekly basis by no later than 5:00 p.m. (prevailing Central Time) on Monday of each week (the "Weekly Reporting Date") a good faith estimate of the aggregate amount of actual accrued and unpaid fees and expenses incurred by such Professional Person through such Weekly Reporting Date (each, a "Professional Fee Estimate").<br><br>The Professional Fee Estimates shall be submitted to the Debtors' advisors by electronic mail to: nbakke@alvarezandmarsal.com; |

| Administrative Expense Procedures | |
|---|---|
|  | fzepeda@alvarezandmarsal.com; and matt.yoon@alvarezandmarsal.com. |
| **Adjustments to the Weekly Funding Amount** | Following each Weekly Reporting Date, the Debtor Professionals shall calculate an amount (the "Weekly Variance Amount") equal to the difference between (a) the aggregate amount of all accrued and unpaid Professional Fees as reported in the Professional Fee Estimates and (b) the Weekly Funding Amount, in each case as of the applicable Weekly Reporting Date. If the Weekly Variance Amount is a positive number, the Debtors shall transfer cash in an amount equal to the Weekly Variance Amount to the Administrative Expense Account. |
| **Subsequent Transactions** | The Administrative Expense Account and these Administrative Expense Procedures may be modified or replaced in their entirety by a customary "carve out" or similar construct in connection with the approval of any debtor in possession financing subsequently approved in these chapter 11 cases. |

14. The funds in the Administrative Expense Account shall not be available to the Debtors' general creditors and may only be used to pay Bankruptcy Fees, Professional Fees, and U.S. Trustee Fees in the ordinary course and subject to any applicable Court approvals, in each case except as otherwise ordered by the Court; *provided, however*, that the Administrative Expense Account, Administrative Expense Procedures, and related provisions of this Interim Order may be amended, modified, or superseded, in whole or in part, by the DIP Order (as defined below) and the "carve-out" provisions therein.

15. Notwithstanding anything contained herein, despite the Debtors' use of the consolidated Cash Management System, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which Debtor pays those disbursements.

16. Each Bank is authorized to debit the Debtors' accounts in the ordinary course of business without need for further order of this Court for: (a) all checks, automated clearing house

entries, and other items deposited or credited to one of Debtors' accounts with such Bank prior to filing of the petitions which have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to filing of the petitions; and (b) all undisputed prepetition and postpetition amounts outstanding as of the date hereof, if any, owed to any Bank or payment processors as service charges for the maintenance of the Cash Management System.

17. Nothing contained herein shall prevent the Debtors from closing or implementing changes to any Bank Account(s) or opening any additional bank accounts, as they may deem necessary and appropriate, in each case, after one business day's notice to the lender under the Debtors' postpetition financing facility (such lender, the "DIP Lender"), and any relevant Bank is authorized, but not directed, to honor the Debtors' requests and to close, open, or implement changes to such Bank Accounts or additional bank accounts, as the case may be, under the terms of the documents governing the Bank Accounts or otherwise agreed to by the relevant Bank; *provided* that (a) any new bank accounts shall be opened at a bank that is party to a uniform depository agreement with the U.S. Trustee, or at a bank that is willing to immediately execute a uniform depository agreement, in each case, after one business day's notice to the DIP Lender and (b) the Debtors provide notice within ten days to the U.S. Trustee and counsel to any official committee of unsecured creditors of the opening of such account. The Bank shall have no liability to any party for relying on such representations or instructions by the Debtors with respect to the foregoing. For the avoidance of doubt, this Interim Order constitutes the notice required under this paragraph for the opening of the Adequate Assurance Account, the Wages Account, and the Administrative Expense Account.

18. The relief granted in this Interim Order extends to any new bank account opened by the Debtors and, in accordance with the provisions of this Interim Order, such account shall be deemed a Bank Account, and the bank at which such Bank Account is opened, a Bank.

19. The Debtors shall maintain accurate and detailed records of all transfers within the Cash Management System so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions.

20. Notwithstanding anything to the contrary in the Motion or this Interim Order, JPM is authorized to disburse funds in the Collateral Account pursuant to, and subject to the terms of, (a) the Irrevocable Standby Letter of Credit dated April 17, 2024 to and in favor of PayPal, Inc., as beneficiary (as amended and together with all related documentation, including the Application and Agreement for Irrevocable Standby Letter of Credit, dated April 9, 2024, by 23andMe, Inc., as applicant and account party, the "PayPal Letter of Credit"), (b) Irrevocable Standby Letter of Credit dated May 10, 2018, to and in favor of SCG Grove 221, LLC, as beneficiary (as amended and together with all related documentation, including the Application and Agreement for Irrevocable Standby Letter of Credit dated May 4, 2018, by 23andMe, Inc., as applicant and account party, and, together with the PayPal Letter of Credit, the "Letters of Credit"), and (c) the Assignment of Deposits.  To the extent necessary, JPM is hereby granted relief from the stay imposed by Bankruptcy Code section 362 for purposes of this paragraph 20.

21. The Investment Account is dormant and does not hold a balance.  The Debtors shall not fund or utilize the Investment Account for any investment activities during this case.  The Debtors shall provide a monthly statement reflecting the balance of the Investment Account no later than the twenty-first day following the end of the prior month, and such report shall be kept strictly confidential by the U.S. Trustee.  The Bank (other than with respect to the Investment

Account) shall comply with its obligations under its uniform depository agreement entered into with the U.S. Trustee.

22. The Debtors are authorized to continue using the Cash Management System to perform Intercompany Transactions, subject to the terms set forth in this Interim Order, in the ordinary course of business and to honor any prepetition and postpetition Intercompany Claims arising from the same; *provided* that the Debtors shall (a) keep records of any postpetition Intercompany Transactions that occur during these chapter 11 cases such that all Intercompany Transactions may be readily ascertained, traced, and recorded and (b) implement accounting procedures to identify and distinguish between prepetition and postpetition Intercompany Transactions. The Debtors shall provide a report to counsel for any official committee of unsecured creditors, counsel for the DIP Lender, and the U.S. Trustee on a monthly basis describing all transfers of cash constituting Intercompany Transactions (including, for each such transaction, the name of the Debtor transferor, the name of the transferee, and the amount of the transfers).

23. Any Intercompany Claims against the Debtors arising from the Intercompany Transactions are hereby accorded administrative expense status under section 503(b) of the Bankruptcy Code.

24. Notwithstanding anything to the contrary contained in the Motion or herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to and in accordance with any orders, as applicable, authorizing or approving any postpetition debtor-in-possession financing or use of cash collateral for the Debtors (such orders, the "DIP Order") and any budget in connection with any such postpetition debtor-in-possession financing or use of cash collateral authorized therein. To the extent there is any inconsistency between the terms of the

DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

25. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (h) a waiver of the obligation of any party in interest to file a proof of claim; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection of, or seek avoidance of all such liens.

26. The terms and provisions of this Interim Order shall be binding on the Debtors and their estates and any successor thereto, including any trustee appointed in the chapter 11 cases or in any case under chapter 7 of the Bankruptcy Code upon the conversion of any of the chapter 11 cases, or in any other proceedings superseding or related to any of the foregoing.

27. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

28. Notice of the Motion as provided therein is hereby deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

29. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

30. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

31. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

32. No later than two business days after the date of this Interim Order, the Debtors shall serve on the Notice Parties (a) a copy of the Interim Order and (b) a notice scheduling a final hearing on the Motion on April 22, 2025, at 1:30 p.m. (prevailing Central Time), and shall file a certificate of service no later than 24 hours after service. If no objections to entry of a final order on the Motion are timely received, the Court may enter such final order without need for the final hearing.

Dated: March 26, 2025
St. Louis, Missouri
cjs

Brian C. Walsh
United States Bankruptcy Judge

**Order Prepared By:**

**Carmody MacDonald P.C.**
Thomas H. Riske #61838MO
Nathan R. Wallace #74890MO
Jackson J. Gilkey #73716MO
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
Telephone:	(314) 854-8600
Facsimile:	(314) 854-8660
Email:	thr@carmodymacdonald.com
	nrw@carmodymacdonald.com
	jjg@carmodymacdonald.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Paul M. Basta (*pro hac vice* pending)
Christopher Hopkins (*pro hac vice* pending)
Jessica I. Choi (*pro hac vice* pending)
Grace C. Hotz (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone:	(212) 373-3000
Facsimile:	(212) 757-3990
Email:	pbasta@paulweiss.com
	chopkins@paulweiss.com
	jchoi@paulweiss.com
	ghotz@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in Possession*