UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**23ANDME HOLDING CO.,** *et al.*,[1]<br><br>    Debtors. | Case No. 25-40976-357<br>Chapter 11<br><br>(Jointly Administered)<br><br>Hearing Date: March 26, 2025<br>Hearing Time: 12:00 p.m.<br><br>Related Doc. 42 |

**INTERIM ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
OF GOODWIN PROCTER LLP AS SPECIAL COUNSEL ON BEHALF OF
AND AT THE SOLE DISCRETION OF THE SPECIAL COMMITTEE OF
THE BOARD OF DIRECTORS OF 23ANDME HOLDING CO.,
EFFECTIVE AS OF THE PETITION DATE**

Upon the Application[2] of the Debtors requesting entry of an interim order (this "Interim Order") authorizing the retention and employment of Goodwin Procter LLP ("Goodwin Procter") as Special Counsel on behalf of and at the sole discretion of the Special Committee of the Board of Directors of 23andMe Holding Co., effective as of the Petition Date, all as more fully set forth in the Application; and upon consideration of the Lemons Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and rule 9.01(B) of the Local Rules of the United States District Court for the Eastern District of Missouri; and this Court having found that this is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court having

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe. The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Application.

found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Application and at the hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted on an interim basis to the extent set forth herein.

2. Pursuant to Sections 327 and 1107 of the Bankruptcy Code, the Debtors are authorized to employ and retain Goodwin Procter as Special Counsel on behalf of and at the sole discretion of the Special Committee of the Board of Directors of 23andMe Holding Co. on the terms and conditions set forth in the Application and the Engagement Letter.

3. Goodwin Procter is entitled to allowance of compensation and reimbursement of expenses upon the filing and approval of interim and final applications pursuant to the Bankruptcy Rules, the Local Rules, and such other orders as this Court may direct. Goodwin Procter shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Fee Guidelines (both in connection with this Application and the interim and final fee applications to be filed by Goodwin Procter in the Chapter 11 cases).

4. To the extent that Goodwin Procter uses the services of contract attorneys in these cases, Goodwin Procter shall not charge a markup to the Debtors with respect to fees billed by

contract attorneys who are hired by Goodwin Procter to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

5. Goodwin Procter shall review its files periodically during the pendency of the Chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Goodwin Procter shall file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

6. Goodwin Procter shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other Chapter 11 professionals in these Chapter 11 cases.

7. The contents of the Application satisfy the requirements of Bankruptcy Rule 6003(b).

8. To the extent the Application is inconsistent with this Interim Order, the terms of this Interim Order shall govern.

9. The Debtors and Goodwin Procter are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Application.

10. Notice of the Application as provided therein is hereby deemed good and sufficient notice of such Application, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

11. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

13. No later than two business days after the date of this Interim Order, the Debtors shall serve on the Notice Parties (a) a copy of the Interim Order and (b) a notice scheduling a final hearing on the Application, on April 22, 2025, at 1:30 p.m. (prevailing Central Time), and shall file a certificate of service no later than twenty-four hours after service. If no objections to entry of a final order on the Application are timely received, the Court may enter such final order without need for the final hearing.

Dated: March 27, 2025
St. Louis, Missouri
cjs

/s/ Brian C. Walsh
Brian C. Walsh
United States Bankruptcy Judge

Order Prepared by:

**Lawrence E. Parres**
Lewis, Rice et al.
600 Washington Avenue
Suite 2500
St. Louis, MO 63101
(314) 444-7600
Email: lparres@lewisrice.com