# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**23ANDME HOLDING CO.,** *et al.*,[1]<br><br>Debtors. | Case No. 25-40976-357<br>Chapter 11<br><br>(Jointly Administered)<br><br>Hearing Date: March 26, 2025<br>Hearing Time: 12:00 p.m.<br><br>Related Doc. 7 |

### INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO HONOR AND INCUR OBLIGATIONS RELATED TO NON-DEBTOR PROFESSIONAL MEDICAL CORPORATIONS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the Debtors for entry of an interim order (this "Interim Order") (a) authorizing the Debtors to honor, pay, or otherwise satisfy any prepetition and postpetition obligations incurred in relation to the Professional Medical Corporations and (b) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and rule 9.01(B) of the Local Rules of the United States District Court for the Eastern District of Missouri; and this Court having found that this is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe. The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are authorized to honor, pay, or otherwise satisfy any and all prepetition and postpetition obligations incurred in relation to the Professional Medical Corporations, including obligations pursuant to the PMC MSAs, in each case in the ordinary course of business consistent with historical practice; *provided* that, until entry of the final order on the Motion, the Debtors will use commercially reasonable efforts to limit payment of any such prepetition obligations to those where non-payment would cause immediate and irreparable harm.

3. The Debtors are authorized to amend, renew, supplement, or enter into new PMC MSAs in the ordinary course of business consistent with historical practice, without further order of the Court and without notice or hearing.

4. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any

grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (h) a waiver of the obligation of any party in interest to file a proof of claim; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection of, or seek avoidance of, all such liens.

5. The Banks are hereby authorized to receive, process, honor, and pay any and all checks, drafts, wires, check transfer requests, automated clearing house transfers, and other payment orders drawn or issued by the Debtors under this Interim Order, whether presented or issued before or after the Petition Date to the extent the Debtors have good funds standing to their credit with such bank or other financial institution.  Such Banks and financial institutions are authorized to rely on representations of the Debtors as to which checks, electronic funds transfer requests, and payment orders are authorized to be paid pursuant to this Interim Order without any duty of further inquiry and without liability for following the Debtors' instructions.

6. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored

as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any amounts owed in connection with the relief granted herein.

7. Notwithstanding anything to the contrary contained in the Motion or herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to and in accordance with any orders, as applicable, authorizing or approving any postpetition debtor-in-possession financing or use of cash collateral for the Debtors (such orders, the "<u>DIP Order</u>") and any budget in connection with any such postpetition debtor-in-possession financing or use of cash collateral authorized therein.  To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

8. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

9. Notice of the Motion as provided therein is hereby deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

10. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

13. No later than two business days after the date of this Interim Order, the Debtors shall serve on the Notice Parties (a) a copy of the Interim Order and (b) a notice scheduling a final hearing on the Motion, on April 22, 2025, at 1:30 p.m. (prevailing Central Time), and shall file a

certificate of service no later than 24 hours after service. If no objections to entry of a final order on the Motion are timely received, the Court may enter such final order without need for the final hearing.

Dated: March 28, 2025
St. Louis, Missouri
cjs

                         Brian C. Walsh
                         United States Bankruptcy Judge

**Order Prepared By:**

**Carmody MacDonald P.C.**
Thomas H Riske #61838MO
Nathan R. Wallace #74890MO
Jackson J. Gilkey #73716MO
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 854-8600
Facsimile: (314) 854-8660
Email: thr@carmodymacdonald.com
nrw@carmodymacdonald.com
jjg@carmodymacdonald.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Paul M. Basta (*pro hac vice* pending)
Christopher Hopkins (*pro hac vice* pending)
Jessica I. Choi (*pro hac vice* pending)
Grace C. Hotz (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: pbasta@paulweiss.com
chopkins@paulweiss.com
jchoi@paulweiss.com
ghotz@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in Possession*