**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>**23ANDME HOLDING CO., *et al*.**,[1]<br><br>Debtors. | Case No. 25-40976-357<br>Chapter 11<br><br>(Jointly Administered)<br><br>Hearing Date: March 26, 2025<br>Hearing Time: 12:00 p.m.<br><br>Related Doc. 29 |

**INTERIM ORDER AUTHORIZING THE RETENTION OF
MOELIS & COMPANY LLC AS INVESTMENT BANKER FOR THE DEBTORS AND
DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application")[2] of 23andMe Holding Co. and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order") (a) authorizing the Debtors to employ and retain Moelis & Company LLC ("Moelis") as their investment banker, effective as of the Petition Date, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"); (b) approving the provisions of the engagement letter between Moelis and the Debtors, including the compensation arrangements and indemnification, contribution and reimbursement provisions set forth therein; (c) modifying the timekeeping requirements of the Bankruptcy Rules, the Bankruptcy Local Rules, and any other applicable procedures and orders of the Court in connection with Moelis'

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe.  The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Application or the Engagement Letter, as applicable.

engagement; and (d) granting related relief, each as more fully set forth in the Application; and upon the Klein Declaration in support of the Application; and the Court having jurisdiction to consider the Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and rule 9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court having the authority and jurisdiction to enter this Interim Order; and venue of this proceeding and the Application in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Application having been given; and the Court having reviewed the Application; and the Court being satisfied, based on the representations made in the Application and the Klein Declaration, that (a) Moelis does not hold or represent an interest adverse to the Debtors and (b) Moelis is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code as required by section 327(a) of the Bankruptcy Code; and upon the record herein and upon all of the proceedings had before the Court; and all objections, if any, to the Application having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and the relief requested in the Application being in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted on an interim basis as set forth in this Interim Order and the provisions set forth in the Engagement Letter (and all attachments thereto) are hereby

approved, to the extent provided herein and except as otherwise expressly modified herein to the contrary.

2. In accordance with sections 327 and 328 of the Bankruptcy Code, and Bankruptcy Rules 2014(a) and 2016, the Debtors are authorized, to employ and retain Moelis as their investment banker in these chapter 11 cases in accordance with the terms and conditions set forth in the Engagement Letter, as modified herein, to pay fees and reimburse expenses, and to provide indemnification, contribution, and/or reimbursement to Moelis on the terms and at the times specified in the Engagement Letter as modified herein, effective as of the Petition Date.

3. Moelis shall be compensated for fees and reimbursed for out-of-pocket expenses by the Debtors in accordance with the terms of the Engagement Letter, as modified herein, and subject to the entry of a final order granting the Application, all fees and out-of-pocket expense reimbursements to be paid to Moelis, including without limitation the Monthly Fees, Capital Transaction Fee, Sale Transaction Fee, Asset Transaction Fee, Opinion Fee, and the Restructuring Fee, shall be subject to review only pursuant to the standards set forth in Section 328(a) of the Bankruptcy Code, except as set forth herein.

4. Moelis' post-petition compensation, expense reimbursements and payments received pursuant to the provisions of the Engagement Letter (and all attachments thereto) shall be entitled to priority as expenses of administration under sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code, and shall be entitled to the benefits of any "carve-outs" for professional fees and expenses in effect pursuant to one or more financing orders entered by the Bankruptcy Court.

5. Notwithstanding anything to the contrary contained herein or in the Application and/or Engagement Letter, Moelis shall file interim and final fee applications, as applicable, for allowance of compensation and reimbursement of out-of-pocket expenses pursuant to Bankruptcy

Code sections 328(a), 330 and 331, the Bankruptcy Rules, the Local Rules, and any other procedures or orders of the Court, and subject to the entry of a final order granting the Application, Moelis' fees shall be subject only to the standard of review set forth in section 328 of the Bankruptcy Code, and shall not subject to any other standard of review; *provided*, however, that the U.S. Trustee retains all rights to respond or object to Moelis' interim and final applications for compensation and reimbursement of out-of-pocket expenses pursuant to section 330 of the Bankruptcy Code, and the Court retains jurisdiction to consider the U.S. Trustee's response or objection to Moelis' interim and final fees pursuant to section 330 of the Bankruptcy Code; and provided, further, that "reasonableness" shall be evaluated by comparing (among other things) the fees payable in these cases to fees paid to comparable investment banking firms with similar experience and reputation offering comparable services in other chapter 11 cases and shall not be evaluated solely on an hourly or length-of-case based criteria.

6. Moelis is hereby authorized to keep time records in hourly increments and shall not be required to keep time records on a "project category" basis or conform to any schedules of hourly rates, and will submit, with any interim or final fee application, together with the time records, a narrative summary of services rendered and will identify each restructuring professional rendering services and the total amount of compensation requested by Moelis. Moelis's non-restructuring professionals and personnel in administrative departments (including legal) shall not be required to keep time records.

7. In the event that Moelis seeks reimbursement from the Debtors for attorneys' fees and expenses pursuant to the Application and the Engagement Letter, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Moelis' own applications, both interim and final, and these invoices and time records shall be subject to the approval of the

Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Attorneys' fees and/or expenses reimbursed under the Engagement Letter shall be limited to those expended in representing Moelis in retention and fee application matters. For the avoidance of doubt, the preceding sentence does not apply to, and in no way limits, the provisions with respect to reimbursement of attorney's fees and/or expenses set forth in Annex A to the Engagement Letter with respect to indemnification.

8. Moelis shall use its reasonable efforts to coordinate with the Debtors and its other retained professionals to avoid unnecessary duplication of services to the Debtors.

9. Moelis will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Moelis will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

10. To the extent that the Debtors and Moelis wish to expand the scope of Moelis' services beyond those services set forth in the Application or Engagement Letter, the Debtors shall be required to seek further approval from this Court.

11. Subject to the entry of a final order granting the Application, the indemnification, exculpation, contribution, and reimbursement provisions set forth in Annex A to the Engagement Letter are approved, subject during the pendency of these chapter 11 cases to the following modifications:

   a. Subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify, the Moelis Persons (as defined in the Engagement Letter) in accordance with the Engagement Letter and to the extent

      permitted by applicable law, for any claim arising from, related to, or in connection with Moelis' performance of the services described in the Engagement Letter;

   b. Notwithstanding subparagraph (a) above or any provisions of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify Moelis or provide contribution or reimbursement to Moelis (i) for any claim or expense that is judicially determined (the determination having become final and no longer subject to appeal) to have arisen from Moelis' fraud, self-dealing, breach of fiduciary duty (if any), gross negligence, willful misconduct, or bad faith; (ii) for a contractual dispute in which the Debtors allege the breach of Moelis' contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which Moelis should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order; and

   c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this chapter 11 case (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing this chapter 11 case, a Moelis Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, the Moelis Person must file an application therefor in this Court for review by the Court to ensure that payment of such indemnity, contribution and/or reimbursement conforms to the terms of the Engagement Letter, and the Debtors may not pay any such amounts to the Moelis Person before the entry of an order by this Court approving such payment as consistent with the terms of the Engagement Letter. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Moelis Persons for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, the Moelis Persons. All parties in interest shall retain the right to object to any demand by the Moelis Persons for indemnification, contribution or reimbursement.

12. To the extent that there is any inconsistency between the terms of the Application, the Engagement Letter, the Klein Declaration, and this Interim Order, the terms of this Interim Order shall govern.

13. Notice of the Application as provided therein is hereby deemed good and sufficient notice of such Application, and the requirements of the Bankruptcy Rules and the Local Bankruptcy Rules are satisfied by such notice.

14. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Application.

16. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

17. No later than two business days after the date of this Interim Order, the Debtors shall serve on the Notice Parties (a) a copy of the Interim Order and (b) a notice scheduling a final hearing on the Application, on April 22, 2025, at 1:30 p.m. (prevailing Central Time), and shall file a certificate of service no later than 24 hours after service. If no objections to entry of a final order on the Application are timely received, the Court may enter such final order without need for the final hearing.

Dated: March 28, 2025
St. Louis, Missouri
cjs

Brian C. Walsh
United States Bankruptcy Judge

**Order Prepared By:**

**Carmody MacDonald P.C.**
Thomas H. Riske #61838MO
Nathan R. Wallace #74890MO
Jackson J. Gilkey #73716MO
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
Telephone:	(314) 854-8600
Facsimile:	(314) 854-8660
Email:		thr@carmodymacdonald.com
		nrw@carmodymacdonald.com
		jjg@carmodymacdonald.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Paul M. Basta (*pro hac vice* pending)
Christopher Hopkins (*pro hac vice* pending)
Jessica I. Choi (*pro hac vice* pending)
Grace C. Hotz (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone:	(212) 373-3000
Facsimile:	(212) 757-3990
Email:		pbasta@paulweiss.com
		chopkins@paulweiss.com
		jchoi@paulweiss.com
		ghotz@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in Possession*