# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**23ANDME HOLDING CO.**, *et al*.,[1]<br><br>Debtors. | Case No. 25-40976-357<br>Chapter 11<br><br>(Jointly Administered)<br><br>Hearing Date: March 26, 2025<br>Hearing Time: 12:00 p.m.<br><br>Related Doc. 25 |

### INTERIM ORDER (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES, (II) DEEMING UTILITY COMPANIES TO HAVE ADEQUATE ASSURANCE OF FUTURE PAYMENT, (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT, AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the Debtors for entry of an interim order (this "Interim Order") (a) prohibiting the Debtors' utility service providers from altering, refusing, or discontinuing utility services on account of unpaid prepetition invoices, (b) deeming the Debtors' utility service providers to have adequate assurance of future performance, (c) establishing procedures for determining additional adequate assurance of future payment and authorizing the Debtors to provide adequate assurance of future payment to the Debtors' utility service providers, and (d) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe. The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. § 1334 and rule 9.01(B) of the Local Rules of the United States District Court for the Eastern District of Missouri; and this Court having found that this is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are authorized to pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices for Utility Services rendered by the Utility Companies to the Debtors after the Petition Date.

3. Subject to the Adequate Assurance Procedures set forth below, no Utility Company may (a) alter, refuse, terminate, or discontinue Utility Services to, or discriminate against, the Debtors on the basis of the commencement of these chapter 11 cases or on account of outstanding prepetition invoices, or (b) require additional assurance of payment, other than the Adequate Assurance Deposit, as a condition to the Debtors receiving such Utility Services; *provided* that no

Utility Company will be bound by the terms of this Interim Order until such Utility Company receives notice of this Interim Order.

4. Subject to the terms of this Interim Order, as adequate assurance for the payment of Utility Services, the Debtors shall make a cash deposit of an amount of approximately $1,753 which satisfies, on an aggregate basis, the estimated costs for Utility Services provided by each Utility Company on the Utility Company List for 50% of one month, calculated based on the Debtors' estimated average payments over the 12 month period prior to the Petition Date (the "Adequate Assurance Deposit"),[3] into a newly created, segregated account of the Debtors (the "Adequate Assurance Deposit Account") under the Debtors' control for the benefit of Utility Companies, except those Utility Companies that agree in writing to a lesser amount. The Adequate Assurance Deposit shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

5. No liens shall attach to the Adequate Assurance Deposit Account, except as to any reversionary interest of the Debtors.

6. The Adequate Assurance Deposit shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

7. The following Adequate Assurance Procedures are hereby approved on an interim basis:

    (a) If an amount relating to Utility Services provided postpetition by a Utility Company is unpaid, and remains unpaid beyond any applicable grace period, such Utility Company may request a disbursement from the Adequate Assurance Deposit Account by giving notice to (i) the Debtors,

---

[3] The Adequate Assurance Deposit excludes Utility Services associated with certain leased properties (the "Lease Rejection Properties") for which the corresponding leases the Debtors are seeking relief from the Court to terminate pursuant to the *Debtors' Motion for Entry of an Order (I) Authorizing (A) Rejection of Certain Executory Contracts and Unexpired Leases and (B) Abandonment of Certain Personal Property, if Any, Each Effective as of the Petition Date and (II) Granting Related Relief*.

        870 Market Street, Room 415, San Francisco, CA 94102 (Attn: Legal Department (email: legal@23andme.com)); (ii) the Office of the United States Trustee, 111 South 10th Street, Suite 6.353, St. Louis, Missouri 63102; and (iii) proposed co-counsel to the Debtors (1) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019 (Attn: Christopher Hopkins, Jessica Choi and Grace Hotz (emails: chopkins@paulweiss.com, jchoi@paulweiss.com and ghotz@paulweiss.com)) and (2) Carmody MacDonald P.C., 120 S. Central Avenue, Suite 1800, St. Louis, Missouri 63105 (Attn: Thomas Riske and Nathan Wallace (emails: thr@carmodymacdonald.com and nrw@carmodymacdonald.com)) (collectively, the "<u>Notice Parties</u>"). The Debtors will honor such request within 20 days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility Company to resolve any dispute regarding such request without further order of the Court. To the extent a Utility Company receives a disbursement from the Adequate Assurance Deposit Account, the Debtors will replenish the Adequate Assurance Deposit Account in the amount so disbursed.

(b)     If a Utility Company is not satisfied with the Proposed Adequate Assurance and seeks additional assurance of payment in the form of a deposit, letter of credit, prepayment, or otherwise, it must serve a request (an "<u>Additional Assurance Request</u>") upon the Notice Parties within 21 days after the Petition Date.

(c)     Each Additional Assurance Request must (i) be made in writing; (ii) set forth all location(s) for which Utility Services are provided and the relevant account number(s); (iii) include a summary of the Debtors' payment history relevant to the affected account(s); (iv) describe any deposits or other security currently held by the requesting Utility Company; and (v) identify and explain the basis of the Utility Company's proposed adequate assurance requirement under section 366(c)(2) of the Bankruptcy Code;

(d)     Upon the Notice Parties' receipt of an Additional Assurance Request at the addresses set forth in subparagraph (a) above, the Debtors shall promptly negotiate with such Utility Company to resolve such Utility Company's Additional Assurance Request;

(e)     If the Debtors determine that a timely received Additional Assurance Request is not reasonable and are unable to reach an alternative resolution with the applicable Utility Company (each, an "Adequate Assurance Dispute"), the Debtors shall, upon reasonable notice, schedule the matter for the next regularly scheduled omnibus hearing to determine the adequacy of assurance of payment pursuant to section 366(c)(3) of the Bankruptcy Code (a "<u>Determination Hearing</u>");

  (f) Pending resolution of any such Adequate Assurance Dispute, any such Utility Company shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of unpaid charges for prepetition services, the filing of the chapter 11 cases, or any objection to the adequacy of the Proposed Adequate Assurance;

  (g) The Debtors may, in their discretion, resolve any Adequate Assurance Dispute by mutual agreement with the requesting Utility Company without further notice to the Court or any other party-in-interest and may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of future payment, including, but not limited to, a cash deposit, prepayment, letter of credit, or other forms of security, without further order of the Court to the extent the Debtors believe that such additional assurance is reasonable in the exercise of their business judgment and the Debtors may, by mutual agreement with the objecting Utility Company and without further order of the Court, reduce the Adequate Assurance Deposit by an amount not exceeding the requesting Utility Company's estimated two-week utility expense; and

  (h) The portion of the Adequate Assurance Deposit attributable to each Utility Company may be returned to the Debtors, without further order of the Court, on the earlier of (i) the reconciliation and payment by the Debtors of the Utility Company's final invoice following the Debtors' termination of Utility Services from such Utility Company, *provided* that such Utility Company does not dispute that it has been paid in full for post-petition services and (ii) the effective date of any chapter 11 plan in these chapter 11 cases.

8. The Debtors are authorized to add Additional Utility Companies to the Utility Service list; *provided* that promptly upon the discovery of an Additional Utility Company, the Debtors will increase the Adequate Assurance Deposit by an amount equal to approximately 50% of the Debtors' estimated average monthly payment for each Additional Utility Company, unless such Additional Utility Company agrees in writing to a lesser amount or is paid in advance for Utility Services; *provided*, further, that no Additional Utility Company will be bound by the terms of this Interim Order until such Additional Utility Company receives notice of this Interim Order.

9. The inclusion of any entity in, as well as any omission of any entity from, the Utility Service List shall not be deemed an admission by the Debtors that such entity is or is not a utility

within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

10. Notwithstanding anything to the contrary contained in the Motion or herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to and in accordance with any orders, as applicable, authorizing or approving any postpetition debtor-in-possession financing or use of cash collateral for the Debtors (such orders, the "DIP Order") and any budget in connection with any such postpetition debtor-in-possession financing or use of cash collateral authorized therein. To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

11. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (h) a waiver of the obligation of any party in interest to file a proof of claim; or (i) a concession by the Debtors

that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection of, or seek avoidance of, all such liens.

12. The Banks are hereby authorized to receive, process, honor, and pay any and all checks, drafts, wires, check transfer requests, automated clearing house transfers, and other payment orders drawn or issued by the Debtors under this Interim Order, whether presented or issued before or after the Petition Date to the extent the Debtors have good funds standing to their credit with such bank or other financial institution. Such Banks and financial institutions are authorized to rely on representations of the Debtors as to which checks, electronic funds transfer requests, and payment orders are authorized to be paid pursuant to this Interim Order without any duty of further inquiry and without liability for following the Debtors' instructions.

13. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any amounts owed in connection with the relief granted herein.

14. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

15. Notice of the Motion as provided therein is hereby deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

16. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

18. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

19. No later than two business days after the date of this Interim Order, the Debtors shall serve on the Notice Parties (a) a copy of the Interim Order and (b) a notice scheduling a final hearing on the Motion, on April 22, 2025, at 1:30 p.m. (prevailing Central Time), and shall file a certificate of service no later than 24 hours after service.  If no objections to entry of a final order on the Motion are timely received, the Court may enter such final order without need for the final hearing.

Dated:  March 28, 2025
St. Louis, Missouri
cjs

_____
Brian C. Walsh
United States Bankruptcy Judge

**Order Prepared By:**

**Carmody MacDonald P.C.**
Thomas H. Riske #61838MO
Nathan R. Wallace #74890MO
Jackson J. Gilkey #73716MO
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
Telephone:     (314) 854-8600
Facsimile:      (314) 854-8660
Email:            thr@carmodymacdonald.com
                     nrw@carmodymacdonald.com
                     jjg@carmodymacdonald.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Paul M. Basta (*pro hac vice* pending)
Christopher Hopkins (*pro hac vice* pending)
Jessica I. Choi (*pro hac vice* pending)
Grace C. Hotz (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone:     (212) 373-3000
Facsimile:      (212) 757-3990
Email:            pbasta@paulweiss.com
                     chopkins@paulweiss.com
                     jchoi@paulweiss.com
                     ghotz@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in Possession*