**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>**23ANDME HOLDING CO.,** *et al.*,[1]<br><br>Debtors. | Case No. 25-40976-357<br>Chapter 11<br><br>(Jointly Administered)<br><br>Hearing Date: March 26, 2025<br>Hearing Time: 12:00 p.m.<br><br>Related Doc. 16 |

**ORDER (I) EXTENDING THE TIME TO FILE SCHEDULES OF ASSETS AND
LIABILITIES, SCHEDULES OF CURRENT INCOME AND EXPENDITURES,
SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND
STATEMENTS OF FINANCIAL AFFAIRS, (II) WAIVING THE REQUIREMENT TO
FILE EQUITY LISTS AND PROVIDE NOTICE TO EQUITY SECURITY HOLDERS,
(III) AUTHORIZING THE DEBTORS TO FILE (A) A CONSOLIDATED LIST OF
COUNSEL REPRESENTING CYBER SECURITY INCIDENT CLAIMANTS AND (B) A
CONSOLIDATED LIST OF OTHER UNSECURED CREDITORS OF THE DEBTORS,
(IV) AUTHORIZING THE DEBTORS TO PREPARE A CONSOLIDATED AND
REDACTED LIST OF CREDITORS IN LIEU OF SUBMITTING SEPARATE AND
REFORMATTED CREDITOR MATRICES FOR EACH DEBTOR, (V) APPROVING
THE MANNER OF NOTIFYING CREDITORS OF THE COMMENCEMENT
OF THESE CHAPTER 11 CASES, AND (VI) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this "Order") (a) extending the 14-day period to file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired lease and statements of financial affairs (collectively, the "Schedules and Statements") by an additional 22 days; (b) waiving the requirements to file a list of equity security holders (the "Equity List") and to give

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe. The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

[2]  Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

notice of the order for relief to all equity security holders for 23andMe Holding Co.; (c) authorizing the Debtors to file a consolidated list of counsel representing Cyber Security Incident Claimants; (d) authorizing the Debtors to file a consolidated list of other unsecured creditors of the Debtors; (e) authorizing the Debtors to implement certain procedures for mailing the notice announcing the commencement of these chapter 11 cases and the meeting of creditors (the "Notice of Commencement"); (f) authorizing the Debtors to (i) file a consolidated list of creditors in lieu of submitting separate and reformatted creditor matrices for each Debtor and (ii) redact or withhold certain confidential information of customers and personal information of individuals; and (g) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and rule 9.01(B) of the Local Rules of the United States District Court for the Eastern District of Missouri; and this Court having found that this is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing, if any, establish just cause for the relief granted herein; and upon all of the

proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The time within which the Debtors shall file their Schedules and Statements is extended for an additional 22 days, through and including April 28, 2025, without prejudice to the Debtors' right to seek further extensions for cause.

3. The requirement under Bankruptcy Rule 1007(a)(3) for HoldCo to file an Equity List is hereby waived. The Debtors filed with the HoldCo petition on the Petition Date a list of holders of five percent or more of HoldCo's common stock.

4. The requirement under Bankruptcy Rule 2002(d) for HoldCo to give notice to all equity security holders of the Debtors of the orders for relief is hereby waived. As soon as reasonably practicable following entry of this Order, the Debtors will cause the notices required under Bankruptcy Rule 2002(d) to be served on registered record holders of HoldCo's common stock.

5. The Debtors are authorized to file, in lieu of filing a list of individual holders of the 20 largest unsecured claims for each Debtor: (a) a single consolidated list of the law firms representing Cyber Security Incident Claimants who have filed or asserted a claim against the Company as of the Petition Date (the "<u>Cyber Security Incident Counsel List</u>"); and (b) a single consolidated list of creditors holding the 30 largest unsecured claims against the Debtors other than the Cyber Security Incident Claims.

6. The Debtors are authorized to file a redacted copy of the Creditor Matrix on the Petition Date, which consists of a single consolidated list of all the Debtors' creditors in electronic format, and redacted copies of any amended Creditor Matrix.

7. Each Debtor shall comply with the requirements of sections 521(a)(1)(B)(i), (B)(ii), and (B)(iii) of the Bankruptcy Code by filing separate, as opposed to consolidated with any other Debtor(s), Schedules and Statements. The Debtors are authorized to file a redacted copy of the Schedules and Statements on or before April 28, 2025, or any such later date as approved by the Court, and redacted copies of any amended Schedules and Statements.

8. The Debtors shall provide the unredacted Creditor Matrix and the Schedules and Statements (collectively, the "Applicable Redacted Documents") and any unredacted Applicable Redacted Documents to the Clerk of the Court's Office; *provided* that such unredacted Applicable Redacted Documents and any amended Applicable Redacted Documents shall not be filed or otherwise uploaded to the Court's docket.

9. To protect certain Personal Information of their creditors, the following confidentiality procedures (the "Procedures") are hereby approved:

   a. (i) the Debtors will file a redacted copy of the Creditor Matrix on the Petition Date; (ii) within two days after the entry of this Order, the Debtors shall provide an unredacted version of the Creditor Matrix to the Clerk of the Court and provide copies to the U.S. Trustee and any official committee appointed in these chapter 11 cases (the "Committee") and such unredacted Creditor Matrix shall not be filed or otherwise uploaded to the Court's docket; (iii) the Clerk of the Court or, if requested by the Clerk of the Court, the Debtors shall provide the unredacted version of the Creditor Matrix to any party appropriately requesting such unredacted Creditor Matrix for the purpose of noticing parties in these chapter 11 cases (a "Requesting Party") within 36 hours of such Requesting Party or the Clerk of the Court, as the case may be, providing notice to counsel to the Debtors, with copies to the U.S. Trustee, the Clerk of the Court and the Committee, if any, *provided* that nothing herein shall prejudice the rights of the Debtors, the U.S. Trustee, the Clerk of the Court or the Committee, if any, to object to such request; and (iv) for each amended Creditor Matrix, if any, the Debtors shall provide both a redacted and an unredacted electronic copy of the amended Creditor Matrix to the Clerk of the Court, the U.S. Trustee, and the Committee, if any, within two days thereafter.

   b. (i) the Debtors will file a redacted copy of the Schedules and Statements by or before April 28, 2025 or any such later date as approved by the Court; (ii) as soon as reasonably practicable after filing the Schedules and Statements, but no later than 12 hours following filing the Schedules and Statements, the Debtors shall provide

an unredacted version of the Schedules and Statements to the Clerk of the Court and provide copies to the U.S. Trustee and the Committee, if any, and such unredacted Schedules and Statements shall not be filed or otherwise uploaded to the Court's docket; (iii) the Clerk of the Court or, if requested by the Clerk of the Court, the Debtors shall provide the unredacted version of the Schedules and Statements to any party appropriately requesting such unredacted Schedules and Statements for the purpose of noticing parties in these chapter 11 cases (a "Requesting Party") within 36 hours of such Requesting Party or the Clerk of the Court, as the case may be, providing notice to counsel to the Debtors, with copies to the U.S. Trustee, the Clerk of the Court and the Committee, if any, *provided* that nothing herein shall prejudice the rights of the Debtors, the U.S. Trustee, the Clerk of the Court or the Committee, if any, to object to such request; and (iv) for each amended Schedules and Statements, if any, the Debtors shall provide both a redacted and an unredacted electronic copy of the amended Schedules and Statements to the Clerk of the Court, the U.S. Trustee, and the Committee, if any, within two days thereafter.

10. Pursuant to sections 105(a), 107(b) and 107(c) of the Bankruptcy Code, the Debtors are authorized to redact from any paper filed or to be filed with the Court in these chapter 11 cases, including, but not limited to the Creditor Matrix, the Top 30 List, the Schedules and Statements, and any related affidavits of service, the names, home addresses, and email addresses ("Personal Information") of natural persons—including, but not limited to, the Debtors' employees, customers, individual equity holders and Cyber Security Incident Claimants (but excluding, for the avoidance of doubt, the names of counsel reflected in the Cyber Security Incident Counsel List).

11. Notwithstanding anything herein to the contrary, the Debtors are authorized to have the Claims and Noticing Agent serve, no later than two days after such Notice of Commencement is entered by the Court in these chapter 11 cases, the Notice of Commencement in accordance with the following procedures:

    a. send, by electronic mail, to Cyber Security Incident Claimants for whom the Debtors have sufficient contact information as of the Petition Date and who have: (a) filed lawsuits or arbitration claims against the Debtors on account of Cyber Security Incident Claims; (b) entered into any settlement agreement with the Debtors relating to a Cyber Security Incident Claim; or

    (c) received any payment from the Debtors or any of the Debtors' insurers relating to a Cyber Security Incident Claim; and

  b. if any Cyber Security Incident Claimant has known counsel (each a "Represented Cyber Security Incident Claimant"), the Claims and Noticing Agent shall send the Notice of Commencement to such counsel (by electronic mail and/or regular, first-class mail, postage prepaid); *provided* that for counsel representing multiple Represented Cyber Security Incident Claimants, the Debtors shall serve the Notice of Commencement only a single time on such law firms (at each relevant address and/or electronic mail address) on behalf of all such counsel's clients.

12. The Debtors, with the assistance of the Claims and Noticing Agent (upon the Court's approval of the Debtors' retention of the Claims and Noticing Agent), are authorized to undertake all mailings directed by the Clerk of the Court or the U.S. Trustee, including the Notice of Commencement of these chapter 11 cases, and any other correspondence that the Debtors may wish to send to creditors.

13. Pursuant to Bankruptcy Rule 2002(l), the Debtor, with the assistance of the Claims and Noticing Agent, shall (a) cause the Notice of Commencement to be published in *The Wall Street Journal* and (b) post the Notice of Commencement on the Case Website: https://restructuring.ra.kroll.com/23andMe.

14. The Court approves the form and manner of notifying creditors of the commencement of these chapter 11 cases, and the Clerk of Court shall create the Notice of Commencement and transmit it to the Claims and Noticing Agent for mailing.

15. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

16. Notice of the Motion as provided therein is hereby deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

17. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

18. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

19. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

20. No later than two business days after the date of this Order, the Debtors shall serve on the Notice Parties a copy of the Order and shall file a certificate of service no later than 24 hours after service.

Dated: March 28, 2025
St. Louis, Missouri
cjs

Brian C. Walsh
United States Bankruptcy Judge

**Order Prepared By:**

**Carmody MacDonald P.C.**
Thomas H. Riske #61838MO
Nathan R. Wallace #74890MO
Jackson J. Gilkey #73716MO
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
Telephone:     (314) 854-8600
Facsimile:      (314) 854-8660
Email:            thr@carmodymacdonald.com
                     nrw@carmodymacdonald.com
                     jjg@carmodymacdonald.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Paul M. Basta (*pro hac vice* pending)
Christopher Hopkins (*pro hac vice* pending)
Jessica I. Choi (*pro hac vice* pending)
Grace C. Hotz (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone:     (212) 373-3000
Facsimile:      (212) 757-3990
Email:            pbasta@paulweiss.com
                     chopkins@paulweiss.com
                     jchoi@paulweiss.com
                     ghotz@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in Possession*