# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

In re:

**23ANDME HOLDING CO., *et al.*,**[1]

Debtors.

Case No. 25-40976-357
Chapter 11

(Jointly Administered)

Hearing Date: March 26, 2025
Hearing Time: 12:00 p.m.

Related Doc. 8

## INTERIM ORDER AUTHORIZING APPOINTMENT OF KROLL RESTRUCTURING ADMINISTRATION LLC AS CLAIMS AND NOTICING AGENT AND ADMINISTRATIVE ADVISOR EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "Application")[2] of the Debtors for appointment of Kroll Restructuring Administration LLC ("Kroll") as Claims and Noticing Agent and Administrative Advisor effective as of the Petition Date, all as more fully set forth in the Application; and upon consideration of First Day Declaration and the Steele Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and rule 9.01(B) of the Local Rules of the United States District Court for the Eastern District of Missouri; and this Court having found that this is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and this Application in this district is proper pursuant to 28

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe.  The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

[2]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Application.

U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Application and at the hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      Notwithstanding the terms set forth in the Application and in the Engagement Agreement, the Application is GRANTED on an interim basis solely as set forth in this Interim Order, and the Debtors are authorized to retain Kroll as Claims and Noticing Agent and Administrative Advisor effective as of the Petition Date under the terms of the Engagement Agreement. If this Interim Order conflicts with the terms of the Engagement Agreement, this Interim Order shall control.

2.      Kroll is authorized and directed to perform claims and noticing processing services as set forth below and in this Interim Order and in any non-conflicting provisions of the Application. Under the Engagement Agreement, Kroll will perform the following services as the Claims and Noticing Agent pursuant to 28 U.S.C. § 156(c):[3]

   **a.      General Administrative Duties**

            (a)      maintain an official copy of the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the

---

[3]    If any of the services described herein conflict with the terms of any order of the Court establishing a claims bar date, such order shall control.

"Schedules"), listing the Debtors' known creditors and the amounts owed thereto;

(b) maintain (i) a list of all potential creditors, equity holders, and other parties in interest and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j), and (k), and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010;

(c) file with the Court an updated creditor matrix along with a memorandum describing any change(s) thereto, in accordance with Rule 1009 of the Local Rules, and pay any requisite fee;

(d) identify and correct any incomplete or incorrect addresses in any mailing or service lists;

(e) monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed, and make necessary notations on and/or changes to the claims register and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

(f) assist in the dissemination of information to the public and respond to requests for administrative information regarding these chapter 11 cases as directed by the Debtors or the Court, including through the use of a case website at https://restructuring.ra.kroll.com/23andMe and/or call center; and

(g) comply with applicable federal, state, municipal, and local statutes, ordinances, rules, regulations, orders, and other requirements.

**b.    Claims Functions**

(a) maintain a post office box or address for receiving claims and returned mail, and process all mail received;

(b) process all proofs of claim received, including those received by the Clerk of the Court, within three business days of receipt; and reconcile Kroll's records with the Court for all claims received to date for each case; *provided*, that if the time deadline cannot be met due to volume or unforeseen circumstances, Kroll shall promptly notify the Clerk of the Court;

(c) relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of Kroll, not less than weekly;

(d)      except as otherwise ordered by the Court, maintain a duplicate claims register on behalf of each Debtor (collectively, the "Claims Register") and specify in the Claims Register the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the address for payment, if different from the notice address, (v) the amount asserted, (vi) the asserted classification(s) of the claim (e.g., secured, unsecured, priority, etc.), and (vii) any disposition of the claim);

(e)      ensure that the Claims Registers shall be open to the public for examination without charge during regular business hours and on a case-specific website maintained by Kroll;

(f)      implement necessary security measures to ensure the completeness and integrity of the Claims Register and the safekeeping of the original claims;

(g)      File with and pay to the Clerk, any and all transfers of claim and accompanying filing fees received by Kroll;

(h)      within seven days of notice to Kroll of entry of an order closing these chapter 11 cases, provide to the Court the final version of the Claims Register as of the date immediately before the close of the cases;

(i)      with prior approval of the Clerk of the Court, at the close of these chapter 11 cases, address the destruction of proofs of claim as instructed by the Clerk of the Court; and

(j)      Periodically audit the claims information to assure the Clerk's Office that the claims information is being appropriately and accurately recorded in the Claims Register(s), allow the Clerk's Office to independently audit the claims information during regular business hours, and allow the Clerk's Office to inspect Kroll's premises at any time during regular business hours with reasonable advance notice.

**c.      Noticing Functions**

(a)      assist the Debtors with the preparation and distribution of all required notices and documents in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtors and/or the Court, including: (i) notice of the meeting of creditors under section 341 of the Bankruptcy Code;

(ii) notice of any claims bar date, (iii) notice of any proposed sale of the Debtors' assets, (iv) notices of objections to claims and objections to transfers of claims, (v) notices of any hearings on a disclosure statement and confirmation of any plan or plans of reorganization, including under Bankruptcy Rule 3017(d), (vi) notice of the effective date of any plan, and (vii) all other notices, orders, pleadings, publications, and other documents as the Debtors, the Court, or the Clerk of the Court may deem necessary or appropriate for an orderly administration of these chapter 11 cases;

(b)      serve the notice of the commencement of these cases and the initial meeting of the creditors under section 341 of the Bankruptcy Code using the current Official Form 309F notice as modified by the Court.  Kroll shall obtain this form notice from the Clerk of the Court and shall not modify the form notice it receives from the Clerk of the Court without the Clerk of the Court's consent.  Any claims bar date notice must be approved by the Court and the Clerk of the Court prior to being issued by Kroll;

(c)      furnish a notice to all potential creditors of the last date for filing proofs of claim and a form for filing a proof of claim, after such notice and form are approved by the Clerk of the Court and the Court, and notify said potential creditors of the existence, amount, and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

(d)      for all notices, motions, orders, or other pleadings or documents served, prepare and file or cause to be filed with the Clerk of the Court a certificate of service no later than 24 hours after service which includes (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service, and (iv) the date served;

(e)      if these chapter 11 cases are converted to cases under chapter 7 of the Bankruptcy Code, contact the Clerk of the Court immediately upon notice to Kroll of entry of the order converting the cases; and

(f)      30 days prior to the close of these chapter 11 cases, to the extent practicable, request that the Debtors submit to the Court a proposed order dismissing Kroll as Claims and Noticing Agent and terminating its services in such capacity upon completion of its

duties and responsibilities and upon the closing of these chapter 11 cases.

3.      Kroll is authorized and directed to perform administrative advisor services as set forth below and in this Interim Order and in any non-conflicting provisions of the Application. Under the Engagement Agreement, Kroll will perform the following services as the Administrative Advisor pursuant to 11 U.S.C. § 327(a):

(a)      assist the Debtors with plan-solicitation services including, as applicable: (i) balloting, (ii) distribution of applicable solicitation materials, (iii) tabulation and calculation of votes, (iv) determining, with respect to each ballot cast, its timeliness and its compliance with the Bankruptcy Code, Bankruptcy Rules, and procedures ordered by this Court, (v) preparing an official ballot certification and testifying, if necessary, in support of the ballot tabulation results, and (vi) in connection with the foregoing services, processing requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices, and institutional holders;

(b)      assist with the preparation of the Debtors' Schedules, and gather data in conjunction therewith;

(c)      provide a confidential data room, if requested;

(d)      manage and coordinate any distributions pursuant to a chapter 11 plan; and

(e)      provide such processing, solicitation, balloting, and other administrative services described in the Engagement Agreement, but not included pursuant to section 156(c) of title 28 of the United States Code, that may be requested from time to time by the Debtors, the Court, or the Clerk of the Court.

4.      For services rendered under 11 U.S.C. § 327(a), Kroll shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

5.      Kroll shall serve notice of these cases and the initial 11 U.S.C. § 341 meeting of

creditors using the current Official Form 309F notice as modified by the Court.  Kroll shall obtain this form notice from the Clerk of the Court and shall not modify the form notice it receives from the Clerk of the Court without the Clerk of the Court's consent.  Any claims bar date notice must be approved by the Court and the Clerk of the Court prior to being issued by Kroll.

6.     Pursuant to 28 U.S.C. § 156(e), the Clerk of the Court shall perform her normal function as the custodian of Court records and official record-keeper of all information related to these cases.  The Clerk of the Court shall maintain the official case docket and claims register for each of these Debtors.  Kroll shall work cooperatively with, assist, and support the Clerk of the Court in any way consistent with this Interim Order.  If Kroll is unclear as to the application or applicability of any rule or procedure, it is to seek guidance from the Clerk of the Court.

7.     The Clerk of the Court shall provide Kroll with Electronic Case Filing ("ECF") credentials that allow Kroll to receive ECF notifications, file proofs of claim, and file certificates of service.  Kroll is authorized and directed to obtain a post office box or address for the receipt of proofs of claim.

8.     Except as otherwise ordered by the Court, Kroll shall maintain a publicly accessible copy of claims filed in these cases.  Kroll shall not unilaterally remove or alter any incorrect names or addresses from the claims register or mailing lists but shall file with the Court an updated creditor matrix along with a memorandum describing any change(s) thereto in accordance with Local Rule 1009 and pay any requisite fee.

9.     Except as otherwise ordered by the Court, Kroll shall, provide the Clerk of Court on a monthly basis electronic copies transmitted on a physical medium, with all data encrypted, as directed by the Clerk of the Court.  Upon receipt of a proof of claim, Kroll shall stamp the

receipt date and time on the document before filing it in the respective claims register. The Clerk of the Court need not physically transfer to Kroll any claim that she received electronically. The Clerk of the Court may, by using Kroll's overnight express account, transmit to Kroll any paper proof of claim that she receives.

10. The Clerk of the Court shall retain exclusive responsibility to receive all transfers of claims. All transfers of claim shall be filed with the Clerk of the Court. Any and all transfers of claim and accompanying filing fees received by Kroll shall be filed with and paid to the Clerk of the Court.

11. Any contrary provision in the Application notwithstanding, and unless otherwise ordered by the Court, Kroll shall serve any document that it is required to serve pursuant to this Interim Order, the Application, and/or the Engagement Agreement within two business days of the document being entered on the Court's docket. Kroll shall file a certificate of service for any such document no later than 24 hours after the document has been served. Unless otherwise ordered by the Court, notice of any hearing that Kroll is required to serve pursuant to this Interim Order, Application, and/or the Engagement Agreement must be served within two business days of the hearing being set. Kroll shall file a certificate of service for any such notice no later than 24 hours after the notice has been served.

12. Once these cases have been closed, Kroll shall seek permission of the Clerk of the Court to destroy any paper proofs of claim still in its possession that it has received in these cases and that have previously been filed with the Court. Kroll shall file with the Court a certificate of destruction specifying the method of destruction, the date of destruction, and any reference number or other relevant information for the destruction of the paper proofs of claim.

13. Except as otherwise provided in paragraphs 3 and 4, the Debtors are authorized to

compensate Kroll in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Kroll and the rates charged for each invoice, and to reimburse Kroll for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Kroll to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

14.     Kroll shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtors, the Office of the United States Trustee, counsel for the Debtors, the Clerk of the Court, counsel for any official committee monitoring the expenses of the Debtors, and any party in interest who specifically requests service of the monthly invoices.

15.     The Debtors and Kroll shall meet and confer in an attempt to resolve any dispute that may arise relating to the Engagement Agreement or monthly invoices; *provided* that the parties may seek resolution of the matter from the Court if resolution is not achieved.

16.     Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Kroll under this Interim Order shall be an administrative expense of the Debtors' estates.

17.     The following conditions will apply with respect to any indemnification, reimbursement, or contribution pursuant to indemnification provisions governing the engagement of Kroll:

                (a)     All requests of indemnified parties for payment of indemnity, reimbursement or contribution pursuant to the engagement agreement shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity, reimbursement or contribution conforms to the terms of the engagement agreement and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity, reimbursement or

contribution is sought; provided, however, that in no event shall indemnified party be indemnified in the case of its own bad faith, fraud, gross negligence or willful misconduct; and

(b)   In the event that an indemnified party seeks reimbursement from the Debtor for reasonable attorneys' fees in connection with a request by an indemnified party for payment of indemnity, reimbursement or contribution pursuant to the engagement agreement, the invoices and supporting time records from such attorneys shall be included in an indemnified party's own application (both interim and final) and such invoices and time records shall be subject to the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

18.     Kroll may apply its advance to all prepetition invoices, which advance may be replenished to the original advance amount, and thereafter Kroll may hold its advance under the Engagement Agreement during the chapter 11 cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

19.     In the event Kroll is unable to provide the services set out in this Interim Order, Kroll will immediately notify the Clerk of the Court and Debtors' counsel and, upon approval of the Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk of the Court and Debtors' counsel or to the Court directly.

20.     The Debtors shall not be authorized to terminate Kroll's services, nor shall Kroll cease providing claims and noticing processing services during the chapter 11 case(s) for any reason, including nonpayment, without an order of the Court.  If these cases convert to cases under chapter 7 of the Bankruptcy Code, Kroll shall cooperate with the Clerk of the Court to turn over to the Clerk of the Court or another agent any materials that the Clerk of the Court requests

unless Kroll continues as claims and noticing agent following the conversion.

21.    In the event of any inconsistency between the Engagement Agreement, the Application, and this Interim Order, this Interim Order shall govern.  In the event of any inconsistency between this Interim Order and any order of the Court establishing a claims bar date, such order establishing a claims bar date shall govern.

22.    Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

23.    All time periods herein shall be computed pursuant to Bankruptcy Rule 9006.

24.    The contents of the Application satisfy the requirements of Bankruptcy Rule 6003(b).

25.    Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

26.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

27.    No later than two business days after the date of this Interim Order, the Debtors shall serve on the Notice Parties (a) a copy of the Interim Order and (b) a notice scheduling a final hearing on the Application, on April 22, 2025, at 1:30 p.m. (prevailing Central Time), and shall file a certificate of service no later than 24 hours after service.  If no objections to entry of a final order on the Application are timely received, the Court may enter such final order without need for the final hearing.

Dated:  April 1, 2025
St. Louis, Missouri
cjs

Brian C Walsh
_____
Brian C. Walsh
United States Bankruptcy Judge

**Order Prepared By:**

**Carmody MacDonald P.C.**
Thomas H. Riske #61838MO
Nathan R. Wallace #74890MO
Jackson J. Gilkey #73716MO
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
Telephone:    (314) 854-8600
Facsimile:    (314) 854-8660
Email:        thr@carmodymacdonald.com
                nrw@carmodymacdonald.com
                jjg@carmodymacdonald.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
Paul M. Basta (*pro hac vice* pending)
Christopher Hopkins (*pro hac vice* pending)
Jessica I. Choi (*pro hac vice* pending)
Grace C. Hotz (*pro hac vice* pending)
1285 Avenue of the Americas
New York, New York 10019
Telephone:    (212) 373-3000
Facsimile:    (212) 757-3990
Email:        pbasta@paulweiss.com
                chopkins@paulweiss.com
                jchoi@paulweiss.com
                ghotz@paulweiss.com

*Proposed Counsel to the Debtors and Debtors
in Possession*