**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| 23ANDME HOLDING CO., *et al.*,[1] | Case No. 25-40976-357 |
| Debtors. | (Jointly Administered) |

## DEBTORS' STATEMENT IN RESPONSE TO CERTAIN CUSTOMER FILINGS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") remain steadfast in their commitment to be responsible stewards of their customers' personally identifiable information[2] and genetic data (collectively, the "Customer Data"). As the Debtors stated on the record at the first day hearing and elsewhere, they have neither changed nor sought to modify their existing privacy statement (the "Privacy Statement") and terms of service (the "Terms of Service," and together with the Privacy Statement, the "Policies")[3] as result of the commencement of these chapter 11 cases. The Debtors have and remain committed to providing customers and other stakeholders with transparency on how Customer Data is processed and stored throughout this process.

The publicly available Privacy Statement provides that customers can delete their account at any time by accessing account settings from the user profile. As noted in the Privacy Statement, to the extent a customer previously consented to participating in research, the Debtors will automatically opt the customer out of any future research that begins more than 30 days after deletion of the customer's account, and will discard any genetic sample the customer had asked the Debtors to store. Account deletion is permanent and cannot be cancelled, undone, withdrawn, or reversed.

As permitted under applicable privacy laws, following a deletion request, the Debtors retain Customer Data in certain limited circumstances and as required by law. The Privacy Statement provides an overview of these legal requirements, which include obligations to retain certain information in compliance with the federal Clinical Laboratory Improvement Amendments

---

[1]    The Debtors in each of these cases, along with the last four digits of each Debtor's federal tax identification number, are:  23andMe Holding Co. (0344), 23andMe, Inc. (7371), 23andMe Pharmacy Holdings, Inc. (4690), Lemonaid Community Pharmacy, Inc. (7330), Lemonaid Health, Inc. (6739), Lemonaid Pharmacy Holdings Inc. (6500), LPharm CS LLC (1125), LPharm INS LLC (9800), LPharm RX LLC (7746), LPRXOne LLC (3447), LPRXThree LLC (3852), and LPRXTwo LLC (1595).  The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

[2]    For the avoidance of doubt, "personally identifiable information" as used herein shall include "personal information" and "personal data" as defined under applicable laws.

[3]    The Privacy Statement and Terms of Service are publicly available on the Debtors' website at https://23andme.com.

of 1988 (CLIA), California Business and Professions Code Section 1265, and College of American Pathologists (CAP) accreditation requirements.  Other legal requirements include obligations to retain customer email addresses, account deletion request identifiers, and communications related to inquiries or complaints and legal agreements.

The Debtors understand that certain customers have experienced delays in seeking to delete their accounts.  The news of the Debtors' chapter 11 cases caused an increase in traffic to the Debtors' website and deletion requests, which made it difficult for some customers to access Debtors' website, and which has also resulted in delays in the Debtors' ability to provide customer care due to the increase in call volume.

Upon becoming aware of these issues, the Debtors have worked diligently to resolve them and greatly appreciate customers' patience while they do so.  To be clear, the Debtors have not taken any actions to deliberately block any customer account or data deletion requests.  On the contrary, the Debtors have taken various steps to remedy these issues and to optimize the Debtors' ability to process customers' deletion requests.  Among other things, the Debtors have: (a) deployed their engineering team to address the technical issues related to the Debtors' website, (b) worked with the relevant external entities on email delivery issues, including by making updates to the automated control email send methods to improve delivery rates and times for deletion requests, (c) diverted additional resources to help address the increased volume of customer communications, and (d) increased the capacity of the Debtors' call center infrastructure to handle a higher number of calls and increased the number of personnel hours worked to improve response times.

The Debtors recognize the treatment of Customer Data is an issue of paramount importance to their customers, regulators, and other stakeholders.  To that end, the Debtors reaffirm the following:

    a.  *Customer Data remains protected.*  The chapter 11 filing does not change how the Debtors store or process Customer Data.

    b.  *Customer access to data is unchanged.*  Customers continue to have full access to their account, genetic reports, and their stored data.

    c.  *The Debtors' privacy policies will remain in place in connection with any proposed sale of the Debtors' assets.*  Any buyer is required to comply with the Debtors' Policies and applicable law with respect to the treatment of Customer Data, including obtaining any required customer consents, in connection with any future changes to the Policies or how Customer Data is used.

    d.  *Any transaction is subject to court oversight.*  Any transaction involving the transfer of Customer Data will be subject to notice, oversight, and approval by the United States Bankruptcy Court for the Eastern District of Missouri.  Additionally, any such transaction will be subject to customary regulatory approvals, including, as applicable, any required approvals under the Hart-Scott-Rodino Antitrust Improvements Act of 1976 and by the Committee on Foreign Investment in the United States.

The Debtors believe that the foregoing treatment of Customer Data, the continuation of their prepetition Policies during these chapter 11 cases, and the Debtors' recent filing of their Motion to Appoint an Independent Customer Data Representative [Docket No. 169] reflect and effectuate their continued commitment to the appropriate treatment and protection of Customer Data.

Dated: April 8, 2025
St. Louis, Missouri

Respectfully submitted,

**Carmody MacDonald P.C.**
/s/ Thomas H. Riske
Thomas H Riske #61838MO
Robert E. Eggmann #37374MO
Nathan R. Wallace #74890MO
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
Telephone:    (314) 854-8600
Facsimile:    (314) 854-8660
Email:        thr@carmodymacdonald.com
              ree@carmodaymacdonald.com
              nrw@carmodymacdonald.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Paul M. Basta (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Jessica I. Choi (admitted *pro hac vice*)
Grace C. Hotz (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone:    (212) 373-3000
Facsimile:    (212) 757-3990
Email:        pbasta@paulweiss.com
              chopkins@paulweiss.com
              jchoi@paulweiss.com
              ghotz@paulweiss.com

*Counsel to the Debtors and Debtors in Possession*