**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>23ANDME HOLDING CO., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-40976-357<br><br>(Jointly Administered)<br><br>Objection Deadline: April 22, 2025<br>Hearing Date: April 29, 2025<br>Hearing Time: 1:30 p.m. (Central Time)<br>Hearing Location: Courtroom 5 North |

**DEBTORS' MOTION FOR ENTRY
OF AN ORDER (I) AUTHORIZING THE RETENTION
AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN
THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion:

**Relief Requested**[2]

1. The Debtors seek entry of an order (the "Proposed Order")[3] (a) authorizing procedures for the retention and compensation of certain professionals employed by the Debtors in the ordinary course of business (the "Ordinary Course Professionals"), effective as of the Petition Date, including, if necessary, advancing any reasonable postpetition retainer to any

---

[1] The Debtors in each of these cases, along with the last four digits of each Debtor's federal tax identification number, are: 23andMe Holding Co. (0344), 23andMe, Inc. (7371), 23andMe Pharmacy Holdings, Inc. (4690), Lemonaid Community Pharmacy, Inc. (7330), Lemonaid Health, Inc. (6739), Lemonaid Pharmacy Holdings Inc. (6500), LPharm CS LLC (1125), LPharm INS LLC (9800), LPharm RX LLC (7746), LPRXOne LLC (3447), LPRXThree LLC (3852), and LPRXTwo LLC (1595). The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

[2] Capitalized terms used but not defined in this section have the meanings ascribed to such terms elsewhere in this motion.

[3] Copies of the Proposed Order will be made available on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/23andMe.

Ordinary Course Professional, without the necessity of additional Court approval and (b) granting related relief.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the Eastern District of Missouri (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and rule 9.01(B) of the Local Rules of the United States District Court for the Eastern District of Missouri. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors consent to a final order with respect to this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 327, 328, 330, 331 and 362(d)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rules 2014(a) and 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 2014(A) and 4001-1 of the Local Rules of the United States District Court for the Eastern District of Missouri (the "Local Rules").

## Background

5. 23andMe Holding Co. (collectively with its Debtor subsidiaries and non-Debtor affiliates,[4] the "Company") is a leading human genetics and telehealth company with a mission to help people access, understand, and benefit from the human genome. The Company pioneered direct access to genetic information as the only company with multiple FDA clearances for genetic health reports. Further, through its Lemonaid Health telehealth platform, the Company operates

---

[4] Non-Debtor affiliates exclude any controlling shareholder of 23andMe Holding Co.

2

as a national online doctor's office that provides medical care, pharmacy fulfillment, and laboratory testing services.

6. On March 23, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

7. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). On April 3, 2025, the Office of the United States Trustee for the Eastern District of Missouri appointed an official committee of unsecured creditors (the "Committee"). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

8. A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew Kvarda in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") [Docket No. 32].[5]

**Proposed Procedures for Employment of Ordinary Course Professionals**

9. The Debtors employ various Ordinary Course Professionals, who provide a wide range of services to the Debtors in a variety of matters unrelated to these chapter 11 cases, including, litigation, accounting, regulatory law, labor and employment law, general corporate law, tax law, and other matters that have a direct and significant impact on the Debtors' day-to-day operations. Continued employment of these Ordinary Course Professionals is essential to avoid disruption to the Debtors' normal business operations and the cost, expense, and delay of securing

---

[5] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

3

replacement professionals.

10.  The Debtors submit that the proposed employment of the Ordinary Course Professionals and the payment of monthly compensation pursuant to the procedures set forth below (the "Procedures") are in the best interests of the Debtors' estates and creditors. The relief requested herein will save the Debtors substantial time and expense associated with applying separately to retain each Ordinary Course Professional and will prevent the Debtors from incurring additional fees relating to the preparation and prosecution of interim and final fee applications for each Ordinary Course Professional during these chapter 11 cases. Likewise, the Procedures will relieve the Court, the Office of the United States Trustee for the Eastern District of Missouri (the "U.S. Trustee"), and the Committee of the burden of reviewing numerous fee applications involving relatively small amounts of fees and expenses.

11.  Specifically, the Debtors request that the Court approve the following Procedures for retaining and compensating the Ordinary Course Professionals:

A.  Pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, the Debtors will be authorized to employ the Ordinary Course Professionals listed on **Exhibit A** annexed hereto in accordance with the procedures set forth in the Proposed Order, effective as of the Petition Date (the "OCP List").

B.  Each Ordinary Course Professional will provide the Debtors' attorneys, within 20 days after the later of the date (a) of entry of the Proposed Order or (b) on which the Ordinary Course Professional commences postpetition services for the Debtors, a declaration substantially in the form annexed hereto as **Exhibit B** (the "OCP Declaration") certifying that such Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed.

C.  The Debtors' attorneys will file each OCP Declaration with the Court and serve a copy of each upon: (i) the U.S. Trustee, (ii) counsel to the lender under the Debtors' proposed postpetition financing facility, and (iii) counsel to the Committee (collectively, the "Reviewing Parties").

D.  The Reviewing Parties will have ten days after service of each OCP Declaration (the "Objection Deadline") to serve upon the Debtors, the other Reviewing Parties, and the relevant Ordinary Course Professional (the "Service Parties") a

4

written objection to the retention, employment, or compensation of the Ordinary Course Professional based on the contents of the OCP Declaration.

E. If no objection is served on the Service Parties by the Objection Deadline, the retention, employment, and compensation of the Ordinary Course Professional will be deemed approved and effective as of the later of the Petition Date or the date the Ordinary Course Professional commenced work, without the need for a hearing and without further order of the Court; *provided* that if an objection is served on the Service Parties by the Objection Deadline and such objection cannot be resolved within ten days of the Objection Deadline, the Debtors will schedule the matter for a hearing before the Court.

F. No Ordinary Course Professional may be paid any amounts for invoiced fees and expense reimbursement until such Ordinary Course Professional has been retained in accordance with these Procedures.

G. Once an Ordinary Course Professional is retained in accordance with these Procedures, the Debtors may pay such Ordinary Course Professional 100% of the fees and 100% of the expenses incurred by such Ordinary Course Professional upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Debtors' right to dispute any such invoices); *provided* that the Ordinary Course Professional's total compensation and reimbursement, excluding costs and disbursements, will not exceed (i) $400,000 per month on average over a rolling three month period for each Ordinary Course Professional designated as a Tier 1 Ordinary Course Professional on **Exhibit A** hereto (the "Tier 1 Fee Cap"), (ii) $200,000 per month on average over a rolling three month period for each Ordinary Course Professional designated as a Tier 2 Ordinary Course Professional on **Exhibit A** hereto (the "Tier 2 Fee Cap"), (iii) $150,000 per month on average over a rolling three month period for each Ordinary Course Professional designated as a Tier 3 Ordinary Course Professional on **Exhibit A** hereto (the "Tier 3 Fee Cap"), and (iv) $25,000 per month on average over a rolling three month period for each Ordinary Course Professional designated as a Tier 4 Ordinary Course Professional on **Exhibit A** hereto (the "Tier 4 Fee Cap" and collectively with the Tier 1 Fee Cap, Tier 2 Fee Cap, and Tier 3 Fee Cap, the "Ordinary Course Professional Fee Caps").

H. The Debtors reserve the right to retain additional Ordinary Course Professionals from time to time during these chapter 11 cases by: (i) including such Ordinary Course Professionals on an amended version of the OCP List that is filed with the Court and served on the Reviewing Parties; and (ii) having such Ordinary Course Professionals comply with the Procedures.

I. The Debtors may amend the compensation limitations set forth in the Proposed Order upon a duly filed and served motion.

5

    J.    To the extent an Ordinary Course Professional seeks compensation in excess of the Ordinary Course Professional Fee Caps (the "Excess Fees"), the Ordinary Course Professional shall file with the Court a notice of fees in excess of the applicable cap (the "Notice of Excess Fees") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred. The Reviewing Parties shall then have 14 days to file an objection to the Notice of Excess Fees with the Court (the "Excess Fee Objection Deadline"). If after 14 days no objection is filed, the Excess Fees shall be deemed approved, and the Ordinary Course Professional may be paid 100% of its fees and expenses without the need to file a fee application. If an objection is timely filed and such objection cannot be resolved within ten days from the Excess Fee Objection Deadline, the Debtors will schedule the matter for a hearing before the Court.

    K.    At three-month intervals during the pendency of these chapter 11 cases (each, a "Quarter"), beginning with the Quarter ending June 30, 2025, the Debtors will file with the Court and serve on the Reviewing Parties, on the thirtieth day or as soon as practicable after the last day of such Quarter, a statement that includes the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported Quarter; (iii) the aggregate amount of prepetition (if any) and postpetition payments made to that Ordinary Course Professional to date; and (iv) a general description of the services rendered by that Ordinary Course Professional.

12. The foregoing Procedures shall not apply to those professionals for whom the Debtors filed (or will file) separate applications for approval of employment, such as the Debtors' bankruptcy counsel or restructuring advisors.

13. The Debtors reserve their rights to (a) dispute any invoice submitted by an Ordinary Course Professional and (b) retain additional Ordinary Course Professionals from time-to-time as the need arises.

## Payment of Ordinary Course Professionals' Insurance Claims

14. In the ordinary course of business, the Debtors maintain a comprehensive insurance program consisting of approximately 34 insurance policies (collectively, the "Insurance Policies") that are administered by various third-party insurance carriers (collectively, the "Insurance Carriers"). The Insurance Policies provide coverage for, among other things, losses related to the

6

Company's property, automobiles, crime, cargo and stock throughput, cyber and technology liability, directors' and officers' liability (including tail coverage), employers' liability, medical malpractice, workers' compensation, and various other property-related and general liabilities. Historically, certain of the Ordinary Course Professionals have been reimbursed for services provided to the Debtors from the proceeds of certain of the Insurance Policies. Typically, such Ordinary Course Professionals submit an invoice to the applicable Insurance Carrier and, with authorization from the Debtors, the Insurance Carrier issues payment to the Ordinary Course Professional directly from the applicable Insurance Policy proceeds.

15. Consistent with their customary prepetition practice, the Debtors request that the Court allow the Insurance Carriers to continue reimbursing the fees and expenses of certain Ordinary Course Professionals (the "Ordinary Course Professional Insurance Claims"), as authorized and directed by the Debtors, which payments shall be subject to and in compliance with the Procedures.

**Basis for Relief**

A. **The Court Should Authorize the Procedures for the Retention and Compensation of the Ordinary Course Professionals**

16. A debtor is required to obtain bankruptcy court approval before it is permitted to hire certain professionals and compensate them with funds from property of the estate. However, as explained below, the Bankruptcy Code allows a debtor to retain professionals in the ordinary course of business when they are not representing or assisting the debtor in carrying out its duties under title 11. 11 U.S.C. § 327(a). Most, if not all, of the Ordinary Course Professionals may be retained and paid by the Debtors in the ordinary course of business, without Court approval. However, to provide the Court and parties in interest an opportunity to object, and to provide assurance to Ordinary Course Professionals of the Debtors' authority to compensate them for

7

postpetition work, the Debtors have proposed the Procedures set forth herein.

17. Section 327(a) of the Bankruptcy Code provides:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

18. Section 327(e) of the Bankruptcy Code provides that, "with the court's approval," a debtor may employ:

> for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

19. Section 328(a) of the Bankruptcy Code provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment[.]" *See* 11 U.S.C. § 328(a).

20. Under section 330(a)(1) of the Bankruptcy Code:

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a . . . professional person employed under section 327 or 1103—
>
> (A) reasonable compensation for actual, necessary services rendered by the . . . professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

*Id.* 11 U.S.C. § 330(a)(1).

8

21.     Finally, section 105(a) of the Bankruptcy Code allows the Court to issue any order necessary or appropriate to carry out the provisions of the Bankruptcy Code. *See* 11 U.S.C. § 105(a).

22.     Here, in light of the additional costs associated with the potential preparation of employment applications for Ordinary Course Professionals that will receive relatively modest fees, it is impractical and costly for the Debtors to submit individual applications and proposed retention orders for each Ordinary Course Professional as would otherwise be required by Bankruptcy Rules 2014 and 2016.  Accordingly, the Debtors request that this Court implement the streamlined Procedures described herein in lieu of individual employment applications, retention orders, and fee applications for each Ordinary Course Professional.

23.     Other than the Ordinary Course Professionals, all professionals employed by the Debtors to assist in the administration of these chapter 11 cases will be retained by the Debtors pursuant to separate retention applications.  Those professionals will be compensated in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and other orders of this Court.

24.     Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtors for prepetition services provided to the Debtors, the Debtors do not believe that any Ordinary Course Professional has an interest materially adverse to the Debtors, their creditors, or other parties in interest in connection with the matters for which such Ordinary Course Professional is to be retained that should preclude such Ordinary Course Professional from continuing to represent the Debtors.  Further, section 328(c) excludes attorneys retained pursuant to section 327(c) from the requirement that such professional be a "disinterested" person. *See* 11 U.S.C. § 328(c).  Thus, the Ordinary Course Professionals proposed to be retained should meet

9

the special counsel retention requirement under section 327(e) of the Bankruptcy Code.

25. For the foregoing reasons, authority to employ professionals retained in the ordinary course of business is necessary, appropriate, and in the best interests of the Debtors, their estates, and all other parties in interest in these cases. Accordingly, the Court should authorize the Debtors to employ professionals retained in the ordinary course of business, effective as of the Petition Date, without the submission of separate employment applications or the issuance of separate retention orders for each professional.

**B.     The Court Should Grant a Limited Waiver of the Automatic Stay as It Applies to Ordinary Course Professional Insurance Claims**

26. Pursuant to section 362(a) of the Bankruptcy Code, the filing of a petition under chapter 11 of the Bankruptcy Code operates as an automatic stay of, among other things, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). An insurance policy issued to a debtor is "property of the estate" within the meaning of section 541(a) of the Bankruptcy Code. *See, e.g.*, 11 U.S.C. § 541(a); *In re Vitek Inc.*, 51 F.3d 530, 533 (5th Cir. 1995); *In re Louisiana World Exposition*, 832 F.2d 1391, 1399 (5th Cir. 1987); *MacArthur Co.* v. *Johns-Manville Corp.*, 837 F.2d 89, 91-92 (2d Cir. 1988); *In re MF Glob. Holdings Ltd.*, 469 B.R. 177, 190 (Bankr. S.D.N.Y. 2012).

27. Section 362(d)(1) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . such as by terminating, annulling, modifying, or conditioning such stay (1) for cause . . . ." 11 U.S.C. § 362(d)(1). The Bankruptcy Code does not define the term "cause."

28. The Debtors seek authorization, under section 362(d) of the Bankruptcy Code, to permit the Insurance Carriers to reimburse the Ordinary Course Professional Insurance Claims,

10

including any claims for which payments on account of such Ordinary Course Professional Insurance Claims were approved and in process prepetition but remain outstanding and unpaid as of the Petition Date, as authorized and directed by the Debtors, consistent with the Debtors' customary prepetition practice and in all respects subject to and in accordance with the Procedures. Absent an order modifying the automatic stay as requested herein, there may be uncertainty as to whether the Insurance Carriers would be permitted to make payments and/or reimbursements to the Ordinary Course Professionals on behalf of the Debtors in the ordinary course of business. If the Insurance Carriers are unable to pay the Ordinary Course Professional Insurance Claims, there is a significant risk that (a) such Ordinary Course Professionals will refuse to provide services that are critical to the Debtors' business to the detriment of all stakeholders and (b) the Debtors will not realize all of the benefits of their Insurance Policies. Accordingly, the Debtors believe that cause exists to modify the automatic stay as requested herein for the limited purpose of allowing the Ordinary Course Professionals with Ordinary Course Professional Insurance Claims to seek reimbursement from the applicable Insurance Policies.

### Processing of Checks and Electronic Funds Transfers Should Be Authorized

29. In connection with the foregoing, the Debtors respectfully request that the Court (a) authorize the Debtors' banks and other financial institutions (the "Banks") to receive, process, honor, and pay all checks and transfers issued by the Debtors in accordance with this motion, without regard to whether any checks or transfers were issued before or after the Petition Date; (b) provide that all Banks may rely on the Debtors' representations with respect to whether any check or transfer issued made by the Debtors before the Petition Date should be honored pursuant to this motion (such banks and other financial institutions having no liability to any party for relying on such representations by the Debtors provided for herein); and (c) authorize the Debtors to issue

11

replacement checks or transfers to the extent any checks or transfers that are issued and authorized to be paid in accordance with this motion are dishonored or rejected by the Banks.

## Reservation of Rights

30. Nothing contained herein or any actions taken pursuant to such relief requested is intended to be or should be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion or any order granting the relief requested by this motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) a waiver of the obligation of any party in interest to file a proof of claim; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection of, or seek avoidance of, all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

## Waiver of Bankruptcy Rules 6004(a) and 6004(h)

31. Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or

12

lease of property (other than cash collateral) is stayed for 14 days after the order is entered." Fed. R. Bankr. P. 6004(h). As described above, the relief that the Debtors seek in this motion is necessary for the Debtors to operate their business without interruption and to preserve value for their estates through these chapter 11 cases. Accordingly, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## Notice

32. The Debtors will provide notice of this motion to the following parties: (a) the Office of the United States Trustee for the Eastern District of Missouri; (b) counsel to the Committee; (c) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (d) the law firms representing claimants who have filed or asserted claims arising out of the Cyber Security Incident as of the Petition Date; (e) counsel to the lender under the Debtors' proposed postpetition financing facility; (f) the Ordinary Course Professionals; (g) the United States Attorney's Office for the Eastern District of Missouri; (h) the Internal Revenue Service; (i) the Securities and Exchange Commission; (j) the Federal Trade Commission; (k) the state attorneys general in all 50 states; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). Notice of this motion and any order entered hereon will be served in accordance with Local Rule 9013-3(A)(1). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

33. A copy of this motion is available on (a) PACER at https://pacer.uscourts.gov/ and (b) the website maintained by the Debtors' claims and noticing agent, Kroll Restructuring Administration LLC, at https://restructuring.ra.kroll.com/23andMe.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order and grant such other relief as the Court deems appropriate under the circumstances.

Dated: April 8, 2025  
St. Louis, Missouri

Respectfully submitted,

**Carmody MacDonald P.C.**
*/s/ Thomas H. Riske*
Thomas H. Riske #61838MO
Nathan R. Wallace #74890MO
Jackson J. Gilkey #73716MO
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 854-8600
Facsimile: (314) 854-8660
Email: thr@carmodymacdonald.com
nrw@carmodymacdonald.com
jjg@carmodymacdonald.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Paul M. Basta (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Jessica I. Choi (admitted *pro hac vice*)
Grace C. Hotz (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: pbasta@paulweiss.com
chopkins@paulweiss.com
jchoi@paulweiss.com
ghotz@paulweiss.com

*Counsel to the Debtors and Debtors in Possession*

**Exhibit A**

**OCP List**

**OCP List**

| Ordinary Course Professional | Description | Tier |
|---|---|---|
| KPMG LLP | Accounting Services - Auditor | Tier 1 |
| Morgan, Lewis & Bockius LLP | Legal Services - Corporate Counsel | Tier 1 |
| Greenberg Traurig LLP | Legal Services - Cyber Litigation & Regulatory | Tier 1 |
| Deloitte & Touche LLP | Accounting Services - SOX & Tax Services | Tier 2 |
| BDO USA LLP | Accounting Services - Tax Filing Support | Tier 3 |
| Reevemark, LLC | Professional Services - Communications | Tier 3 |
| Scale Strategy Operations LLC | Professional Services - Communications | Tier 3 |
| Captiva Advisory, Inc. | Accounting Services - Technical Accounting | Tier 3 |
| Hintze Law PLLC | Legal Services - Privacy Counsel | Tier 4 |
| Wilson Sonsini Goodrich & Rosati | Legal Services - Transactional Counsel | Tier 4 |
| Duane Morris LLP | Legal Services - Intellectual Property | Tier 4 |
| FisherBroyles, LLP | Legal Services - Intellectual Property | Tier 4 |
| Foley & Lardner LLP | Legal Services - Healthcare Counsel | Tier 4 |
| McDonnell Boehnen Hulbert & Berghoff LLP | Legal Services - Intellectual Property | Tier 4 |
| Sheppard Mullin | Legal Services - Litigation Support | Tier 4 |
| Osler Hoskin & Harcourt LLP | Legal Services - Canadian Litigation Counsel | Tier 4 |
| Quarles & Brady LLP | Legal Services - LMND Pharmacy Counsel | Tier 4 |
| Frank, Rimerman+Co LLP | Accounting Services - 401k Audit | Tier 4 |
| Ryan, LLC | Accounting Services - Property Tax | Tier 4 |
| Bryan Cave Leighton Paisner | Legal Services | Tier 4 |

**Exhibit B**

**OCP Declaration**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| 23ANDME HOLDING CO., *et al.*,[1] | Case No. 25-40976-357 |
| Debtors. | (Jointly Administered) |

**DECLARATION AND DISCLOSURE**
**STATEMENT OF _____**
**ON BEHALF OF _____**

I _____, declare that the following is true to the best of my knowledge, information, and belief:

1. I am a [Title] of [Company], located at [Street, City, State, Zip Code] (the "Firm").

2. 23andMe Holding Co. and its debtor subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm provide [description of type of services] services to the Debtors, and the Firm has consented to provide such services (the "Services").

3. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or

---

[1] The Debtors in each of these cases, along with the last four digits of each Debtor's federal tax identification number, are: 23andMe Holding Co. (0344), 23andMe, Inc. (7371), 23andMe Pharmacy Holdings, Inc. (4690), Lemonaid Community Pharmacy, Inc. (7330), Lemonaid Health, Inc. (6739), Lemonaid Pharmacy Holdings Inc. (6500), LPharm CS LLC (1125), LPharm INS LLC (9800), LPharm RX LLC (7746), LPRXOne LLC (3447), LPRXThree LLC (3852), and LPRXTwo LLC (1595). The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

be claimants or employees of the Debtors, or other parties-in-interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases. In addition, the Firm does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

4. Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

5. Neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates, with respect to the matters on which the Firm is to be retained.

6. The Debtors owe the Firm $_____ for prepetition services.

7. As of March 23, 2025, the Firm held a prepetition retainer of $_____.

8. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this declaration.

9. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____, 2025

_____
[Name]
[Title]
[Firm Name]

2