# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 25-40976-357 |
| | ) | Jointly Administered |
| 23ANDME HOLDING CO., et al., | ) | |
| | ) | Hon. Brian C. Walsh |
| | ) | U.S. Bankruptcy Judge |
| Debtors. | ) | |
| | ) | Hearing Date:   April 29, 2025 |
| | ) | Hearing Time:   1:30 p.m. |
| _____ | ) | Hearing Location: |
| | ) | Thomas F. Eagleton U.S. Courthouse |
| JERRY L. JENSEN, | ) | 111 S. 10th Street |
| Acting United States Trustee, | ) | Courtroom 5 North |
| Movant, | ) | St. Louis, MO 63102 |
| | ) | |
| v. | ) | Response Due:   April 29, 2025 |
| | ) | |
| 23ANDME HOLDING CO., et al., | ) | |
| | ) | |
| Respondents. | ) | |

## UNITED STATES TRUSTEE'S MOTION FOR EXPEDITED HEARING

COMES NOW, Acting United States Trustee, Jerry L. Jensen (the "United States Trustee") and moves this Court under Fed. R. Bankr. P. 9006(c) and Local Rule 9013-2(A) to schedule an expedited hearing on the United States Trustee's United States Trustee's (I) Motion For Appointment Of Consumer Privacy Ombudsman Or, In The Alternative, Appointment Of An Examiner And (II) Objection To Debtors' Motion For Appointment Of Independent Customer Data Representative (the "Motion").

1

1. Fed. R. Bankr. P. 9006(c)(1) provides that the Court may, for cause shown, reduce the time ordinally required for notice. Similarly, Local Rule 9013-2(A) permits expedited consideration upon a party's written request demonstrating good cause.

2. The Debtors seek to sell—on an expedited basis—the personal and genetic data of over 15 million individuals. Under the Order Approving Bidding Procedures, the deadline for binding bids for the Debtors' assets is May 7, 2025, less than one month from today. (Doc. 125 at 5). This expedited process necessitates the earliest possible appointment and involvement of a CPO or examiner.

3. Given the highly sensitive nature of the data to be sold, the early appointment of a CPO or examiner is essential to ensuring adequate review and oversight of the privacy implications of the proposed sale and to allow the CPO or examiner to timely advise the Court and critical stakeholders on those issues.

4. Given the scope and scale of data and the likely technological and financial complexities of transferring it, early involvement of a neutral third party, such as a CPO or an examiner, is essential to ensure that the individual appointed has sufficient time to review crucial details and make a full and reasoned assessment of the privacy implications of a sale. Allowing the CPO or examiner to start review early in the case would help minimize the downstream litigation risks and promote transparency and trust.

5. Public concern and regulatory interest about the sale of the data is high. It is likely that multiple parties, such as federal agencies, consumer advocacy groups, or state attorneys general, may raise objections or seek to be heard. Early appointment of the CPO or examiner allows those concerns to be addressed proactively and efficiently, avoiding last-minute delays.

6. Unlike a sale of physical assets, once sensitive personal or genetic data is transferred to a purchaser, it may be impossible to "claw it back." The risk of irreparable harm to consumers reinforces the need for early oversight.

7. Expedited appointment of a neutral privacy professional would enhance public confidence in the sale process as transparent, accountable, and fair.

8. An expedited hearing is necessary to preserve and maximize the value of the Debtors' estates. Delay in resolving privacy oversight issues could chill bidding or reduce interest from potential purchasers who may fear post-sale challenges. Erosion of consumer trust in the Debtors' and any potential purchaser's ability to safeguard sensitive customer data may lead additional customers to delete their accounts, furthering diminishing the value of the estates.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order scheduling an expedited hearing on the Motion for April 29, 2025 at 1:30 p.m. and for such other relief as the Court deems just and proper.

Respectfully submitted,

JERRY L. JENSEN
Acting United States Trustee

PAUL A. RANDOLPH
Assistant United States Trustee

By: *Joseph R. Schlotzhauer*
JOSEPH R. SCHLOTZHAUER
E.D. Mo #62138MO, MO #62138
United States Department of Justice
Office of the U.S. Trustee
111 South 10th Street, Suite 6.353
St. Louis, MO 63102
(314) 539-2980
Email: joseph.schlotzhauer@usdoj.gov

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was filed electronically on April 10, 2025, with the United States Bankruptcy Court and has been served on the parties in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

I further certify that a true and correct copy of the foregoing document was served on April 10, 2025, on the parties listed in and by the method set forth on the Master Service List attached at Exhibit A.

/s/ Margaret Slaughter
Paralegal Specialist
Office of the United States Trustee