UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: <br><br> 23ANDME HOLDING CO., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 25-40976 <br><br> (Jointly Administered) <br><br> Objection Deadline:  April 29, 2025 <br> Hearing Date:  May 6, 2025 <br> Hearing Time:  1:30 p.m. (Central Time) <br> Hearing Location:  Courtroom 5 North |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) AUTHORIZING MATTHEW KVARDA TO ACT AS FOREIGN
REPRESENTATIVE; AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state as follows in support of this motion:

**<u>Relief Requested</u>[2]**

1. The Debtors seek entry of an order (the "<u>Proposed Order</u>")[3] (a) authorizing Matthew Kvarda, the Debtors' Chief Restructuring Officer to act as the Foreign Representative on behalf of the Debtors' estates in the Canadian Proceeding; and (b) granting related relief.

---

[1] The Debtors in each of these cases, along with the last four digits of each Debtor's federal tax identification number, are:  23andMe Holding Co. (0344), 23andMe, Inc. (7371), 23andMe Pharmacy Holdings, Inc. (4690), Lemonaid Community Pharmacy, Inc. (7330), Lemonaid Health, Inc. (6739), Lemonaid Pharmacy Holdings Inc. (6500), LPharm CS LLC (1125), LPharm INS LLC (9800), LPharm RX LLC (7746), LPRXOne LLC (3447), LPRXThree LLC (3852), and LPRXTwo LLC (1595).  The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

[2] Capitalized terms used but not defined in this section have the meanings ascribed to such terms elsewhere in this motion.

[3] A copy of the Proposed Order will be made available on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/23andMe.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Eastern District of Missouri (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and rule 9.01(B) of the Local Rules of the United States District Court for the Eastern District of Missouri (the "Local Rules"). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors consent to a final order with respect to this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 1107 and 1505 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").

**Background**

5. 23andMe Holding Co. (collectively with its Debtor subsidiaries and non-Debtor affiliates,[4] the "Company") is a leading human genetics and telehealth company with a mission to help people access, understand, and benefit from the human genome. The Company pioneered direct access to genetic information as the only company with multiple FDA clearances for genetic health reports. Further, through its Lemonaid Health telehealth platform, the Company operates as a national online doctor's office that provides medical care, pharmacy fulfillment, and laboratory testing services.

6. On March 23, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

---

[4] Non-Debtor affiliates exclude any controlling shareholder of 23andMe Holding Co.

2

7.  The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). On April 3, 2025, the Office of the United States Trustee for the Eastern District of Missouri appointed an official committee of unsecured creditors (the "Committee"). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

8.  A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew Kvarda in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") [Docket No. 32].[5]

### Appointment of Foreign Representative and Canadian Proceeding

9.  As set forth in the First Day Declaration, these chapter 11 cases were necessitated by, among other things, a cyber security incident that was discovered by the Debtors in October 2023 (the "Cyber Security Incident"), whereby a threat actor downloaded, without authorization, certain information relating to approximately seven million of the Debtors' customers. As a result of the Cyber Security Incident, numerous actions were filed or threatened against the Company, including two class action lawsuits filed in Canadian courts—one in Ontario and another in British Columbia (collectively, the "Canadian Lawsuits").

10. Prior to the Petition Date, counsel to plaintiffs in the Ontario action ("Ontario Counsel") confirmed they had entered into a cooperation agreement with counsel to plaintiffs in the British Columbia action ("BC Counsel," and together with Ontario Counsel, "Canadian Plaintiffs' Counsel") pursuant to which both Ontario Counsel and BC Counsel agreed to coordinate

---

[5] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

3

the sequencing and timing of motions and other litigation-related events in their respective class actions. At the last case management conference on December 13, 2024, the Canadian court scheduled a five-day hearing on various motions to be heard the week of June 16, 2025.

11. Given the ongoing nature of the Canadian Lawsuits, and the necessity for Debtors to be afforded the protections of the automatic stay and relief from ongoing litigation, it is necessary that the chapter 11 cases, as well as the orders of this Court entered herein, are recognized in Canada with respect to Debtors, and that a stay is obtained in Canada for Debtors in connection with the Canadian Lawsuits. The requested relief is particularly warranted here where Canadian Plaintiffs' Counsel have taken the position that the Canadian Lawsuits are not subject to the automatic stay.

12. Accordingly, Mr. Kvarda, as the proposed Foreign Representative (as defined herein), will shortly commence an ancillary proceeding (the "Canadian Proceeding") in the Supreme Court of British Columbia (the "Canadian Court") in Vancouver, British Columbia, pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 (as amended, the "CCAA"). The purpose of the Canadian Proceeding is to request that the Canadian Court recognize the Debtors' chapter 11 cases as a "foreign main proceeding" under Part IV of the CCAA in respect of the Debtors to, among other things, enforce the automatic stay under section 362 of the Bankruptcy Code and give full force and effect in all provinces and territories of Canada to the Proposed Order (once entered) and other orders entered by this Court.[6]

---

[6] The Debtors intend to propose that Alvarez & Marsal Canada Inc. be appointed by the Canadian Court as information officer in the Canadian Proceeding (the "Information Officer"). The Information Officer will serve as an officer of the Canadian Court and will report to the Canadian Court from time to time (including at the hearing on the initial application) on the status of these chapter 11 cases, the Debtors' proposed restructuring, and any other information that may be material to the Canadian Court. The Information Officer and its counsel will be compensated in accordance with the terms to be ordered by the Canadian Court.

4

13. To commence the Canadian Proceeding Mr. Kvarda requires authority to act as the "foreign representative"[7] on behalf of Debtors' estates (the "Foreign Representative"). Therefore, the Debtors request authority to appoint Mr. Kvarda as such Foreign Representative.

14. More specifically, section 46 of the CCAA provides in part:

   a. **Application for recognition of a foreign proceeding.** — A foreign representative may apply to the court for recognition of the foreign proceeding in respect of which he or she is a foreign representative.

   b. **Documents that must accompany application.** — . . . the application must be accompanied by . . . (b) a certified copy of the instrument, however designated, authorizing the foreign representative to act in that capacity or a certificate from the foreign court affirming the foreign representative's authority to act in that capacity . . .

CCAA, R.S.C., 1985, c. C-36, § 46 (1985) (Can.).

15. Accordingly, for Mr. Kvarda to seek recognition as the Foreign Representative in the Canadian Proceeding, and thereby apply to have the chapter 11 cases recognized by the Canadian Court, this Court must enter an order authorizing Mr. Kvarda to act as the Foreign Representative in the Canadian Proceeding. If the Proposed Order is granted, Mr. Kvarda will be able to file such order with the Canadian Court as the instrument authorizing Mr. Kvarda to act as the Foreign Representative pursuant to section 46 of the CCAA.[8]

### Basis for Relief

16. Section 1505 of the Bankruptcy Code provides that "[a] trustee or another entity (including an examiner) may be authorized by the court to act in a foreign country on behalf of an

---

[7] A "foreign representative" is defined in section 45(1) of the CCAA to mean "a person or body, including one appointed on an interim basis, who is authorized, in a foreign proceeding respect of a debtor company, to[:]
   (a) monitor the debtor company's business and financial affairs for the purpose of reorganization; or
   (b) act as a representative in respect of the foreign proceeding."

[8] To the extent the Court requires, the Debtors consent to the use of the "Guidelines for Communication and Cooperation between Courts in Cross-Border Insolvency Matters" issued by the Judicial Insolvency Network and available online at www.jin-global.org (collectively, the "JIN Guidelines").

5

estate created under section 541. An entity authorized to act under this section may act in any way permitted by the applicable foreign law." 11 U.S.C. § 1505. Further, section 1107(a) of the Bankruptcy Code provides, in relevant part, that "a debtor in possession shall have all the rights . . . and powers, and shall perform all the functions and duties . . . of a trustee serving in a case under this chapter." 11 U.S.C. § 1107(a).

17. The Debtors respectfully submit that sections 1107 and 1505 of the Bankruptcy Code confer upon Debtors sufficient rights, powers, and duties to act as a Foreign Representative of its estate in the Canadian Proceeding. To avoid any possible confusion or doubt regarding this authority and to comply with the requirements of section 46 of the CCAA, the Debtors seek entry of an order, pursuant to section 1505 of the Bankruptcy Code, explicitly authorizing Mr. Kvarda to act as the Foreign Representative of the Debtors' estates in the Canadian Proceeding, which will allow for coordination between these chapter 11 cases and the Canadian Proceeding.

18. Accordingly, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of their estates, their creditors, and all parties in interest, and should be granted in all respects.

## **Reservation of Rights**

19. Nothing contained herein or any actions taken pursuant to such relief requested is intended to be or should be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion or any order granting the relief requested by this motion or a finding that any particular claim is an administrative expense claim or other

priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (h) a waiver of the obligation of any party in interest to file a proof of claim; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection of, or seek avoidance of, all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

## Notice

20.     The Debtors will provide notice of this motion to the following parties:  (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the law firms representing claimants who have filed or asserted claims arising out of the Cyber Security Incident as of the Petition Date; (d) the agent/lender under any proposed postpetition financing facility and its counsel, if applicable; (e) the Committee and its counsel; (f) the United States Attorney's Office for the Eastern District of Missouri; (g) the Internal Revenue Service; (h) the Securities and Exchange Commission; (i) the Federal Trade Commission; (j) the state attorneys general in all 50 states; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  Notice of this motion and any order

7

entered hereon will be served in accordance with Local Rule 9013-3(A)(1). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

21. A copy of this motion is available on (a) the Court's website, at https://www.moeb.uscourts.gov, and (b) the website maintained by the Debtors' proposed claims and noticing agent, Kroll Restructuring Administration LLC, at https://restructuring.ra.kroll.com/23andMe.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order and grant such other relief as the Court deems appropriate under the circumstances.

Dated: April 14, 2025  
St. Louis, Missouri

Respectfully submitted,

**Carmody MacDonald P.C.**
/s/ *Thomas H. Riske*
Thomas H. Riske #61838MO
Nathan R. Wallace #74890MO
Jackson J. Gilkey #73716MO
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
Telephone:    (314) 854-8600
Facsimile:     (314) 854-8660
Email:           thr@carmodymacdonald.com
                     nrw@carmodymacdonald.com
                     jjg@carmodymacdonald.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Paul M. Basta (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Jessica I. Choi (admitted *pro hac vice*)
Grace C. Hotz (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone:    (212) 373-3000
Facsimile:     (212) 757-3990
Email:           pbasta@paulweiss.com
                     chopkins@paulweiss.com
                     jchoi@paulweiss.com
                     ghotz@paulweiss.com

*Counsel to the Debtors and Debtors in Possession*

9