IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE:<br><br>23ANDME HOLDING CO., et al,<br><br>Debtors. | Chapter 11<br><br>Case No. 25-40976<br><br>(Jointly Administered)<br><br>(re: doc 28)) |

**LIMITED OBJECTION OF COREWEAVE, INC., TO DEBTORS' MOTION FOR ENTRY OF (I) AN ORDER AUTHORIZING (A) ENTRY INTO AND PERFORMANCE UNDER THE BINDING DIP TERM SHEET, INCLUDING PAYMENT OF THE COMMITMENT FEE AND WORK FEE THEREUNDER, AND (B) GRANTING RELATED RELIEF AND (II) AN ORDER (A) AUTHORIZING THE DEBTORS TO OBTAIN POSTPETITION FINANCING, GRANT LIENS, AND PROVIDE SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (B) MODIFYING THE AUTOMATIC STAY, AND (C) GRANTING RELATED RELIEF**

**COMES NOW** CoreWeave, Inc. ("CoreWeave"), and objects on a limited basis to the *Debtors' Motion for Entry of (I) an Order Authorizing (a) Entry into and Performance Under the Binding DIP Term Sheet, Including Payment of the Commitment Fee and Work Fee Thereunder, and (B) Granting Related Relief, and (II) an Order (A) Authorizing the Debtors to Obtain Postpetition Financing, Grant Liens, and Provide Superpriority Administrative Expense Claims, (B) Modifying the Automatic Stay, and (C) Granting Related Relief* (Docket No. 28) (the "Motion"). In support of its objection to the Motion, CoreWeave states as follows:

1. On March 23, 2025, 23andMe Holding Co. and its debtor subsidiaries ("Debtors") filed voluntary petitions for relief in this Court under chapter 11 of the Bankruptcy Code.

2. On March 24, 2025, the Debtors filed the Motion, in which they, among other things, seek the Court's authorization to grant JMB Capital Partners Lending, LLC and/or its designees or its assignees ("DIP Lender") liens on substantially all of the Debtors' assets. (Docket No. 28, p. 7).

1

3.       CoreWeave is a party to a sublease (the "Sublease") with Debtor 23andMe, Inc. ("Sublandlord"), dated August 15, 2024, for the premises located at 223 N. Mathilda Avenue, Sunnyvale, California (formerly known as 221 N. Mathilda Avenue), consisting of approximately 154,987 square feet (the "Premises"). Pursuant to the Sublease, CoreWeave, as subtenant, provided a security deposit to the Sublandlord in the amount of $224,636.52 (the "Security Deposit") to secure performance of the Sublease.

4.       Under California law, a landlord holds a security deposit for its tenant and may only use it to offset those amounts reasonably necessary to remedy tenant defaults in the payment of rent, to repair damages to the premises caused by the tenant, or to clean the premises upon termination of the tenancy, if allowed by the lease.[1] *See* Cal. Civil Code § 1950.7. If the security deposit is not used for the purposes permitted under § 1950.7, it must be returned to the tenant. *See id.*

5.       Because a security deposit is held by a landlord for the tenant, the landlord does not obtain title to the security deposit. *See In re Wayco, Inc.*, 947 F.2d 1330 (7th Cit. 1991) (holding that title to security deposit remained with tenant, not debtor-landlord). As such, a security deposit is not property of the bankruptcy estate. *See In re Frempong*, 460 B.R. 189 (Bankr.N.D.Ill. 2011) (security deposits are held in trust by the debtor-landlord and are not part of the debtor-landlord's bankruptcy estate).

6.       Since the Security Deposit in this case is not part of the Debtors' bankruptcy estate, the Court may not authorize the Debtors to grant the DIP Lender a security interest in it. Moreover, since the Debtors have moved to reject the Sublease (Docket No. 5), the Court should order that the Security Deposit be returned to CoreWeave.

---

[1] The Sublease purports to waive "the provisions of California Civil Code § 1950.7, and any other provisions of law now in force or that become in force after the date of execution of this Sublease, that provide that Sublandlord may claim from a security deposit only those sums reasonably necessary to remedy defaults in the payment of rent, to repair damage caused by Subtenant, or to clean the Sublease Premises." Sublease, ¶ 6. Even if it were effective, this waiver would pertain only to the scope of what may be offset against the Security Deposit under § 1950.7(c); it would not implicate the question of CoreWeave's title to the Security Deposit under § 1950.7(b).

WHEREFORE CoreWeave requests that the Court exclude the Security Deposit from the collateral under the DIP Loan, order that the Security Deposit be turned over to CoreWeave, and grant such other and further relief as the Court may deem just and proper.

Dated:  April 15, 2025

Respectfully submitted,

DANNA MCKITRICK, P.C.

By:  /s/A. Thomas DeWoskin
A. Thomas DeWoskin, #25320MO
7701 Forsyth Blvd., Suite 1200
St. Louis, MO, 63105
(314) 726-1000/(314) 725-6592 fax
Email:  tdewoskin@dmfirm.com

and

Michael T. Eversden NE #21941
Lauren R. Goodman NE #24645
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, Nebraska 68102
Telephone:  (402) 341-3070
Email:   meversden@mcgrathnorth.com
             lgoodman@mcgrathnorth.com

**ATTORNEYS FOR COREWEAVE, INC.**

Certificate of Service

I hereby certify that on this 15th day of April 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to all registered to receive such notices.

/s/     A. Thomas DeWoskin

4911-5089-5926, v. 1