UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| 23ANDME HOLDING CO., *et al.*,[1] | ) Case No. 25-40976-357 |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Hon. Brian C. Walsh |
| | ) U.S. Bankruptcy Judge |

Hearing Date:  April 29, 2025
Hearing Time:  1:30 p.m.
Hearing Location:
Thomas F. Eagleton U.S. Courthouse
111 S. 10th St.
Courtroom 5 North
St. Louis, MO 63102

**NOTICE OF JOINDER AND STATEMENT IN SUPPORT OF THE UNITED STATES TRUSTEE'S (I) MOTION FOR APPOINTMENT OF CONSUMER PRIVACY OMBUDSMAN OR, IN THE ALTERNATIVE, APPOINTMENT OF AN EXAMINER AND (II) OBJECTION TO DEBTORS' MOTION FOR APPOINTMENT OF INDEPENDENT CUSTOMER DATA REPRESENTATIVE**

**PLEASE TAKE NOTICE** that the State of Alaska hereby joins in the United States Trustee's (I) Motion for Appointment of Consumer Privacy Ombudsman or, in the alternative, Appointment of an Examiner and (II) Objection to Debtor's Motion for Appointment of Independent Customer Data Representative, filed April 10, 2025 (Dkt. No. 195), set for hearing before the Court on April 29, 2025.

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe. The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

# STATEMENT OF SUPPORT

The consolidated cases before this Court involve unique and historical circumstances that implicate some of the most personal information of the Debtors' 15.5 million customers—their genetic and health data. Yet the Debtors propose to sell this information without the oversight of a Consumer Privacy Ombudsman ("CPO") and suggest that a debtor-selected Independent Customer Data Representative ("CDR") will suffice.[2] Although Debtors' claim their current privacy policy allows for the sale of personal identifiable information ("PII"), this policy likely does not apply to users whose accounts were created prior to June 2022. Moreover, the Debtors' proposed sale may run afoul of several states'—including Alaska's—law. Accordingly, a CPO should be appointed.

The Debtors' privacy policy has gone through many iterations since November 2007. At times, the policy stated that "23andMe will not sell, lease, or rent your individual-level information *to any third party* or to a third party for research purposes without your explicit consent."[3] The Debtors have made no indication that they intend to seek this consent before a sale. As such, a CPO is required under 11 U.S.C. section 363(b)(1)(B) and 11 U.S.C. section 332.

And the Court must consider whether the Debtors' proposed sale complies with applicable non-bankruptcy law.[4] A CPO would assist the Court in making this determination. Alaska's laws tightly constrain the conditions under which genetic data

---

[2] *See* Debtors' CDR Motion, Doc. 169
[3] *See, e.g.* 23andMe, Privacy Highlights (July 29, 2019) *https://web.archive.org/web/20190729101349/https://www.23andme.com/en-int/about/privacy/* (last visited on April 14, 2025) (emphasis added).
[4] 11 U.S.C. § 363(b).

may be sold or transferred. Under Alaska law it is illegal—indeed, if done knowingly, a crime—for a person to transfer genetic data without the informed written consent of the person whose genes the data reflects.[5] Accordingly, genetic information can only be disclosed where "informed consent" to the disclosure has been given. "A general authorization for the release of medical records or medical information may not be construed as the informed and written consent" required by Alaska's genetic privacy law.[6]

Should this Court determine that a CPO is not required under 11 U.S.C. section 363(b)(1)(B), the Court may and should still appoint a CPO under 11 U.S.C. section 332. The Debtors' proposed CDR does not ensure the Court will receive unbiased and objective assistance.

WHEREFORE, the State of Alaska joins in the United States Trustee's Motion for Appointment of Consumer Privacy Ombudsman or, in the alternative, Appointment of an Examiner and (II) Objection to Debtor's Motion for Appointment of Independent Customer Data Representative, filed April 10, 2025 and respectfully requests that the Court enter an order directing the appointment of a Consumer Privacy Ombudsman under 11 U.S.C. §§ 332 and 363(b)(1), or, in the alternative, directing the appointment of an examiner under 11 U.S.C. § 1104(c), denying the Debtors' motion for appointment

---

[5]     ALASKA STAT. ANN. §§ 18.13.010 to 18.13.100
[6]     ALASKA STAT. ANN. § 18.13.010(c).

of a CDR, and for such other relief as the Court deems just and proper.

                               Respectfully submitted,

Dated: April 15, 2025

                               TREG TAYLOR
                               ATTORNEY GENERAL

                               By:*/s/ J. Paige Smothers*
                               J. Paige Smothers (E.D. MO #2305063AK)
                               Assistant Attorney General
                               Department of Law
                               1031 W. 4th Avenue, Suite 200
                               Anchorage, AK 99501
                               Telephone: (907) 269-5232
                               Facsimile: (907) 279-2834
                               Email: paige.smothers@alaska.gov

                               Attorney for the State of Alaska

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing document was filed electronically on the 15th day of April 2025, with the United States Bankruptcy Court, and has been served on the parties in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

By:*/s/ J. Paige Smothers*
J. Paige Smothers (E.D. MO #2305063AK)
Assistant Attorney General