UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF MISSOURI

EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>23ANDME HOLDING CO., *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 25-40976-357<br><br>Jointly Administered<br><br>Response Due:   April 29, 2025<br>Hearing Date:   April 29, 2025<br>Hearing Time:   1:30 p.m.<br><br>Hearing Location:<br>   Thomas F. Eagleton U.S. Courthouse<br>   111 S. 10th Street<br>   Courtroom 5 North<br>   St. Louis, MO 63102 |

**THE PEOPLE OF THE STATE OF CALIFORNIA'S JOINDER IN: (1) MOTION FOR APPOINTMENT OF CONSUMER PRIVACY OMBUDSMAN UNDER 11 U.S.C. §§ 105(A), 332, AND 363(B)(1) FILED BY INTERESTED PARTY STATE OF TEXAS; (2) MOTION FOR APPOINTMENT OF CONSUMER PRIVACY OMBUDSMAN OR, IN THE ALTERNATIVE, APPOINTMENT OF AN EXAMINER AND (II) OBJECTION TO DEBTOR'S MOTION FOR APPOINTMENT OF INDEPENDENT CUSTOMER DATA REPRESENTATIVE FILED BY U.S. TRUSTEE OFFICE OF U.S. TRUSTEE; AND (3) MOTION FOR APPOINTMENT OF CONSUMER PRIVACY OMBUDSMAN AND SECURITY EXPERT FILED BY INTERESTED PARTIES NAAG CLIENT STATES, STATE OF MINNESOTA, STATE OF OREGON**

---

[1] The Debtors in each of these cases, along with the last four digits of each Debtor's federal tax identification number, are: 23andMe Holding Co. (0344), 23andMe, Inc. (7371), 23andMe Pharmacy Holdings, Inc. (4690), Lemonaid Community Pharmacy, Inc. (7330), Lemonaid Health, Inc. (6739), Lemonaid Pharmacy Holdings Inc. (6500), LPharm CS LLC (1125), LPharm INS LLC (9800), LPharm RX LLC (7746), LPRXOne LLC (3447), LPRXThree LLC (3852), and LPRXTwo LLC (1595). The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

1

The People of the State of California (the "People"), appearing through its attorney, Rob Bonta, Attorney General of the State of California, join: (1) the State of Texas's Motion for Order Appointing a Consumer Privacy Ombudsman under 11 U.S.C. §§ 105(a), 332, and 363(b)(1) (ECF No. 181); (2) the United States Trustee's (I) Motion for Appointment of Consumer Privacy Ombudsman or, in the Alternative, Appointment of an Examiner and (II) Objection to Debtors' Motion for Appointment of Independent Customer Data Representative (the "UST Motion") (ECF No. 195); and (3) the NAAG Client States', State of Minnesota's, and the State of Oregon's Motion for Appointment of Consumer Privacy Ombudsman and Security Expert (ECF No. 239).

1. Given the already-extensive briefing, the People file this joinder for two purposes: (A) to call attention to 23andMe's California-specific privacy policy, which prevails over the generic privacy policy discussed by 23andMe in its motion (ECF No. 169); and (B) to note the People's interest in having California laws complied with in this bankruptcy.

**A.    23andMe's sale procedures are inconsistent with its California Privacy Notice.**

2. 23andMe disputes that 11 U.S.C. § 363(b) requires appointment of an ombudsperson, arguing that their proposed sale is consistent with their pre-petition privacy statement. (ECF No. 169 at ¶ 12.) 23andMe assumes that its *Privacy Statement* ("Generic Statement") applies to all consumers, wherever situated. That is wrong.

3. *First*, the Generic Statement says it is not universal: "You may have specific privacy rights in your state or region." *See Privacy Statement*, 23andMe, https://www.23andme.com/legal/privacy/full-version/ (last updated Mar. 14, 2025). And the very next sentence states, with a link to a separate privacy policy: "For example, in the United States, *residents of California* and other states have specific privacy rights …." *Id.* (emphasis added).

2

4. *Second*, 23andMe's *Privacy Notice for U.S. State Residents* ("23andMe California Privacy Statement") states that it applies to "residents of California, Washington, Colorado, Virginia, Utah, and Connecticut" and further states that the terms of the 23andMe California Privacy Statement "prevail" over the Generic Statement. *Privacy Notice for U.S. State Residents*, 23andMe, https://www.23andme.com/legal/us-privacy/ (last updated Mar. 15, 2024).

5. Relevant here, the 23andMe California Privacy Statement states: "You have the right to know whether we sell or share your Personal Information and opt-out of a sale or sharing of your Personal Information with a third party." *Id.*; *accord id.* ("You have the right to: … Opt out of: … the sale or sharing of your Personal Information with third parties").

6. The bidding procedures offer no such opt-out process. *See* ECF No. 125.

7. 23andMe's casual disregard for promises made to California residents—not to mention residents of Washington, Colorado, Virginia, Utah, and Connecticut—underscores the appropriateness of an independent estate fiduciary. *Cf.* UST Motion at p. 21 ("the Debtors have not been transparent about prior privacy policies"), *id.* ("That lack of transparency also requires a neutral third party to investigate ….").

8. The inconsistency between the bidding procedures and the 23andMe California Privacy Statement—that is, the lack of notice and opportunity to opt-out—is dispositive for the appointment of an ombudsperson under the bankruptcy code. 11 U.S.C. § 363(b).

**B.    The People's interest in the bankruptcy: 23andMe must comply with California law.**

9. 23andMe is a California-based company with California consumers. Pre-petition, the People were actively investigating 23andMe for, among other things, its failure to reasonably safeguard personal information and genetic data, which then led to a data breach involving such

3

data. During the multistate investigation, California hosted investigative interviews of current and former 23andMe employees.

10. California has a panoply of consumer-protection and privacy laws that protect California consumers, including California's Genetic Information Privacy Act, Cal. Civ. Code § 56.18 *et seq.*, California Consumer Privacy Act, Cal. Civ. Code § 1798.100 *et seq.*, California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, and California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.*

11. In addition to protecting California consumers, these laws impose requirements on 23andMe's collection, use, maintenance, and disclosure of California consumers' personal information and genetic data, as well as biological samples. For example, California's Genetic Information Privacy Act requires direct-to-consumer testing companies, such as 23andMe, to obtain "express consent" for each "transfer or disclosure of the consumer's genetic data or biological sample to a third party … including the *name of the third party* …." Cal. Civ. Code § 56.181(a)(2)(D) (emphasis added). Notably, the Act requires an intentional decision by the consumer because "express consent cannot be inferred from inaction." *Id.* § 56.18(b)(1), (6).

12. The Act also bars direct-to-consumer testing companies from disclosing genetic data to an entity involved in health insurance, life insurance, long-term care insurance, or disability insurance, in addition to others. *Id.* § 56.181(f)(1).

13. 23andMe was subject to California law pre-petition; it remains subject to them post-petition; and any sale in this bankruptcy must comport with them. California law does not evaporate in bankruptcy: Debtors must "manage and operate" their property "according to the requirements of the valid laws of the State in which such property is situated[.]" 28 U.S.C § 959(b).

4

## CONCLUSION

For the foregoing reasons, the People **join** the motions filed by the State of Texas, the United States Trustee, and the States.

Dated:  April 15, 2025                                      Respectfully submitted,

**Rob Bonta**
Attorney General

**Nicklas A. Akers**
Senior Assistant Attorney General

*/s/ Daniel M.B. Nadal*

**Stacey D. Schesser #245735CA**
**Bernard Eskandari #244395CA**
Supervising Deputy Attorneys General
**Yen P. Nguyen #239095CA**
**Daniel M.B. Nadal #299661CA**
Deputy Attorneys General
California Department of Justice
455 Golden Gate Ave., Ste. 11000
San Francisco, CA  94102
Tel.:  415-510-3497
Stacey.Schesser@doj.ca.gov
Bernard.Eskandari@doj.ca.gov
TiTi.Nguyen@doj.ca.gov
Daniel.Nadal@doj.ca.gov

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing document will be filed electronically on April 15, 2025, with the United States Bankruptcy Court for the Eastern District of Missouri and will be served via NEF on parties in interest using the Court's CM/ECF system as listed on the Court's Electronic Mail Notice List.

*/s/ Daniel M.B. Nadal*
Daniel M.B. Nadal
Deputy Attorney General
