UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>23ANDME HOLDING CO., *et al.*, | Chapter 11<br><br>Case Nos. 25-40976 *et seq.*<br><br>(Jointly Administered) |

**DATA BREACH CLASS ACTION PLAINTIFFS' LIMITED OPPOSITION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES AND (II) GRANTING RELATED RELIEF**

Appointed class counsel ("Class Counsel") for the certified class of 23andMe data breach victims in *In re: 23andMe, Inc. Customer Data Security Breach Litigation*, 3:24-md-03098-EMC, pending before the Honorable Edward M. Chen in the Northern District of California ("Data Breach Class Action"), hereby submit this limited opposition to the *Debtors' Motion for Entry of an Order (I) Establishing Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* (the "Notice Motion")[1], and respectfully represent as follows:

In the Data Breach Class Action, pursuant to the *Order Conditionally Granting Motion for Preliminary Approval* dated December 4, 2024 (MDL Docket No. 160) (the "MDL Order"), Judge Chen appointed Class Counsel to represent 31 class representatives ("Class Representatives") and a class of over 6.3 million victims of 23andMe's data breach ("Data Breach Victim Class") as part of a $30 million settlement reached in the Data Breach Class Action filed prior to 23andMe's bankruptcy. Class Counsel, on behalf of the Class Representatives and the Data Breach Victim Class, generally do not oppose the relief sought in the Notice Motion. However, the Notice Motion

---

[1] Capitalized terms and phrases used but not defined herein shall have the meanings ascribed to them in the Notice Motion.

appears to fundamentally misunderstand the role of Class Counsel and their relationship to the Data Breach Victim Class.

First, although Class Counsel represents the Data Breach Victim Class, Class Counsel does not have the contact information for the 6.3 million members of the Data Breach Victim Class, which is currently solely in the possession of the Debtor. Thus, although Class Counsel can accept service of the notice on behalf of the Class Representatives, the Notice Motion suggests incorrectly that notice to Class Counsel can be treated as notice of these bankruptcy proceedings on the Data Breach Victim Class.

Second, the notice procedures contemplated in the *Debtors' Motion for Entry of an Order (I) Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* (the "Bar Date Motion") do not adequately provide for the identification, noticing or solicitation of the Data Breach Victim Class; rather, Judge Chen approved a notice and claims process whereby the Data Breach Victim Class would be fully identified and provided notice of their entitlement to benefits under the settlement and right to opt-out or object to the settlement through an agreed notice program under Rule 23 of the Federal Rules of Civil Procedure. The process approved by Judge Chen is not fully consistent with what the Debtors require for the Bar Date Motion, but it does address critical issues of notice and due process absent from the Bar Date Motion. Class Counsel are optimistic that the parties can negotiate procedures whereby notice of these proceedings can be provided in a manner similar to that approved by Judge Chen and consistent with the Debtor's obligations under the Federal Rules of Bankruptcy Procedure.[2]

---

[2] Class Counsel has initiated discussions with the Debtors and the Committee regarding its desire to file of a class proof of claim on behalf of the Class Claimants and for the employment of noticing procedures consistent with those described in the MDL Order.

2

**WHEREFORE**, to the extent the Notice Motion is granted, unless and to the extent that alternative arrangements are negotiated and approved, the Court should (a) confirm that service on Data Breach Victim Class does not accomplish service on the Class Claimants, and (b) reserve questions regarding the adequacy of notice on the Data Breach Victim Class for the hearing on the Bar Date Motion.

Dated: April 15, 2025

Respectfully submitted,

 */s/ Norman E. Siegel*
Norman E. Siegel (Bar No. 44378)
Jillian R. Dent (*pro hac vice forthcoming*)
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Tel: (816) 714-7100
siegel@stuevesiegel.com

-and-

Tobias S. Keller (*pro hac vice forthcoming*)
Tyler Davis (*pro hac vice forthcoming*)
Keller Benvenutti Kim LLP
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: 415-496-6723
E-mail: tkeller@kbkllp.com
E-mail: tdavis@kbkllp.com

*Counsel for the Data Breach Class Action Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 15, 2025, the foregoing document was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

*/s/   Norman E. Siegel*
