UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| 23ANDME HOLDING CO., *et al.*,[1] | : | Case No. 25-40976-357 |
| | : | |
| Debtors. | : | Jointly Administered |

**NOTICE OF JOINDER BY THE COMMONWEALTH OF PENNSYLVANIA
IN THE UNITED STATES TRUSTEE'S (I) MOTION FOR APPOINTMENT OF
CONSUMER PRIVACY OMBUDSMAN OR, IN THE ALTERNATIVE,
APPOINTMENT OF AN EXAMINER AND (II) OBJECTION TO DEBTOR'S MOTION
FOR APPOINTMENT OF INDEPENDENT CUSTOMER DATA REPRESENTATIVE**

The Commonwealth of Pennsylvania, acting by its Attorney General David W. Sunday, Jr., through the Bureau of Consumer Protection, by and through the undersigned counsel, now gives notice that it joins in the (I) MOTION FOR APPOINTMENT OF CONSUMER PRIVACY OMBUDSMAN OR, IN THE ALTERNATIVE, APPOINTMENT OF AN EXAMINER AND (II) OBJECTION TO DEBTOR'S MOTION FOR APPOINTMENT OF INDEPENDENT CUSTOMER DATA REPRESENTATIVE filed by the United States Trustee, for the reasons stated herein:

**STATEMENT**

1. The sale of the Debtors' assets may result in the transfer of genetic, health, and personal information of its millions of customers and their relatives, many of whom reside within the Commonwealth of Pennsylvania ("Commonwealth").

---

[1] The Debtors in each of these cases, along with the last four digits of each Debtor's federal tax identification number, are: 23andMe Holding Co. (0344), 23andMe, Inc. (7371), 23andMe Pharmacy Holdings, Inc. (4690), Lemonaid Community Pharmacy, Inc. (7330), Lemonaid Health, Inc. (6739), Lemonaid Pharmacy Holdings Inc. (6500), LPharm CS LLC (1125), LPharm INS LLC (9800), LPharm RX LLC (7746), LPRXOne LLC (3447), LPRXThree LLC (3852), and LPRXTwo LLC (1595). The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

1

2. The Commonwealth acts as *parens patriae* on behalf of these individuals to protect their privacy interests within the Commonwealth's statutory framework.

3. The Commonwealth's Unfair Trade Practices and Consumer Protection Law ("Consumer Protection Law"), 73 P.S. § 201-1 *et seq*., declares unlawful certain unfair methods of competition and unfair and deceptive acts or practices in the conduct of any trade or commerce which is defined, in part, to include "engaging in any other fraudulent or deceptive conduct which creates the likelihood of confusion or misunderstanding." 73 P.S. § 201-2(4)(xxi). The Pennsylvania Supreme Court has long recognized that the Consumer Protection Law is to be construed liberally so that unfairness and deception in all consumer transactions be halted. *Commonwealth v. Monumental Properties*, 459 Pa. 450, 461, 329 A.2d 812, 817 (1988). The Consumer Protection Law was designed to promote full disclosure of information to consumers. *Gabriel v. O'Hara*, 368 Pa. Super. 383, 534 A.2d 488, 491, n.6 (1987).

4. Many consumers are laypersons without extensive legal background to be able to understand the bankruptcy process or the intricate privacy policies of the Debtors. As the owners of their own personal genetic information, consumers have every right to their concern for how this sensitive and immutable information is viewed, stored, and transferred.

5. These privacy concerns are shared by the Debtors' 15.5 million customers, their relatives, and the regulatory bodies in the states where they reside. The appointment of a consumer privacy ombudsman under 11 U.S.C. §§ 332 and 363(b)(1), or an examiner under 11 U.S.C. § 1104(c), would allow these numerous privacy interests to be protected by a single set of objective eyes and ears. Not only would a consumer privacy ombudsman or examiner act as an educated third party to ensure compliance with state laws and other nonbankruptcy laws, but he or she would also promote efficiency and trust in the sale process for both consumers, states, and potential buyers.

6. One of the major concerns with the sale is the identification of exactly what assets are being sold. Many consumers have requested deletion of their data, oversight of which is currently under the exclusive control of the Debtors. Paradoxically, the successful deletion of this requested data may result in the devaluation of the Debtors' assets. For these reasons, the Commonwealth believes an independent ombudsman or examiner should be appointed to clearly identify the "assets" and confirm they do not contain information subject to deletion requests. This may assuage privacy concerns while also assuring accurate asset valuation and buyer interest.

WHEREFORE, the Commonwealth respectfully requests that this Court (1) grant the United States Trustee's Motion for appointment of a consumer privacy ombudsman or an examiner, (2) deny the Debtor's Motion for appointment of an independent customer data representative, and such other and further relief as is just and proper.

DATE: April 16, 2025

Respectfully submitted

DAVID W. SUNDAY, JR.
ATTORNEY GENERAL

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222
Tel: (412) 235-9072
E-mail: lmichaels@attorneygeneral.gov

BY: */s/ Lauren A. Michaels*
LAUREN A. MICHAELS
Deputy Attorney General

PA I.D. No. 320686

MELISSA L. VAN ECK
Chief Deputy Attorney General
Financial Enforcement Section

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically filed and served upon all those who receive electronic notifications on April 16, 2025.

>*/s/ Lauren A. Michaels*
>Lauren A. Michaels
>Deputy Attorney General