IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE:<br><br>23ANDME HOLDING CO., et al,<br><br>Debtors. | Chapter 11<br><br>Case No. 25-40976<br><br>(Jointly Administered) |

**LIMITED OBJECTION OF COREWEAVE, INC., TO DEBTORS' MOTION FOR ENTRY OF (I) AN ORDER AUTHORIZING (A) REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (B) ABANDONMENT OF CERTAIN PERSONAL PROPERTY, IF ANY, EACH EFFECTIVE AS OF THE PETITION DATE AND (II) GRANTING RELATED RELIEF**

**COMES NOW** CoreWeave, Inc. ("CoreWeave"), and objects on a limited basis to the *Debtors' Motion for Entry of (I) an Order Authorizing (A) Rejection of Certain Executory Contracts and Unexpired Leases and (B) Abandonment of Certain Personal Property, if any, Each Effective as of the Petition Date and (II) Granting Related Relief* (Docket No. 5) (the "Motion"). In support of its limited objection to the Motion, CoreWeave states as follows:

1. On March 23, 2025, 23andMe Holding Co. and its debtor subsidiaries ("Debtors") filed voluntary petitions for relief in this Court under chapter 11 of the Bankruptcy Code.

2. Also on March 23, 2025, the Debtors filed the Motion, in which they seek, among other things, the Court's authorization to reject a sublease between Debtor 23andMe, Inc. (the "Sublandlord"), and CoreWeave dated August 15, 2024 (the "Sublease") for the premises located at 223 N. Mathilda Avenue, Sunnyvale, California (formerly known as 221 N. Mathilda Avenue), consisting of approximately 154,987 square feet (the "Premises").

1

3. Pursuant to the Sublease, CoreWeave, as subtenant, provided a security deposit to the Sublandlord in the amount of $224,636.52 (the "Security Deposit") to secure performance of the Sublease.

4. Under the § 365 of the Bankruptcy Code, a debtor-in-possession or trustee has the authority to assume or reject executory contracts and unexpired leases. 11 U.S.C. §365. The rejection of a lease is treated as a breach of the lease, occurring immediately before the date of the filing of the bankruptcy petition. 11 U.S.C. § 365(g). While this provision allows the debtor-landlord to relieve itself from future obligations under the lease, it does not absolve the debtor-landlord of pre-existing obligations, such as the refund of a security deposit.

5. Under California law, a landlord holds a security deposit for its tenant and may only use it to offset those amounts reasonably necessary to remedy tenant defaults in the payment of rent, to repair damages to the premises caused by the tenant, or to clean the premises upon termination of the tenancy, if allowed by the lease.[1] *See* Cal. Civil Code § 1950.7. If the security deposit is not used for the purposes permitted under § 1950.7, it must be returned to the tenant. *See id.* Importantly, the statute emphasizes the tenant's right to the return of the security deposit, underscoring the landlord's fiduciary duty to hold the deposit in trust for the tenant.

6. Because a security deposit is held by a landlord for the tenant, the landlord does not obtain title to the security deposit. *See In re Wayco, Inc.*, 947 F.2d 1330 (7th Cit. 1991) (holding that title to security deposit remained with tenant, not debtor-landlord). As such, a security deposit is not property of the bankruptcy estate. *See In re Frempong*, 460 B.R. 189 (Bankr.N.D.Ill. 2011) (security deposits are held in trust by the debtor-landlord and are not part of the debtor-landlord's bankruptcy estate).

---

[1] The Sublease purports to waive "the provisions of California Civil Code § 1950.7, and any other provisions of law now in force or that become in force after the date of execution of this Sublease, that provide that Sublandlord may claim from a security deposit only those sums reasonably necessary to remedy defaults in the payment of rent, to repair damage caused by Subtenant, or to clean the Sublease Premises." Sublease, ¶ 6. Even if it were effective, this waiver would pertain only to the scope of what may be offset against the Security Deposit under § 1950.7(c); it would not implicate the question of CoreWeave's title to the Security Deposit under § 1950.7(b).

7.  Since the Security Deposit in this case is not part of the Debtors' bankruptcy estate, the Court may not authorize the Debtors to reject the lease without returning the security deposit. While CoreWeave does not oppose the rejection of the Sublease *per se*, it does oppose rejection without a return to CoreWeave of the security deposit.

WHEREFORE CoreWeave requests that, in its order approving the rejection of the Sublease, the Court order that the Security Deposit be returned to CoreWeave within five days after the entry of the order, and that the Court grant such other and further relief as it may deem just and proper.

Dated:  April 18, 2025

Respectfully submitted,

/s/    A. Thomas DeWoskin
A. Thomas DeWoskin, #25320MO
Danna McKitrick, P.C.
7701 Forsyth Blvd., Suite 1200
St. Louis, MO 63105
Telephone: (314) 726-1000
Email: tdewoskin@dmfirm.com

and

Michael T. Eversden NE #21941
Lauren R. Goodman NE #24645
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, Nebraska 68102
Telephone:  (402) 341-3070
Email:   meversden@mcgrathnorth.com
             lgoodman@mcgrathnorth.com

**ATTORNEYS FOR COREWEAVE, INC.**

Certificate of Service

I hereby certify that on this 18th day of April 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to all registered to receive such notices.

/s/    *A. Thomas DeWoskin*

4929-2031-7496, v. 1