# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## ST. LOUIS DIVISION

| | |
|---|---|
| IN RE: | Chapter 11 |
| | Case No. 25-40976 |
| 23ANDME HOLDING CO., et al.,[1] | |
| | Joint Administration Requested |
| Debtors. | |

THE STATE OF INDIANA'S JOINDER TO THE UNITED STATES TRUSTEE'S MOTION
FOR APPOINTMENT OF CONSUMER PRIVACY OMBUDSMAN OR, IN THE
ALTERNATIVE EXAMINER AND RESPONSE TO DEBTORS' MOTION FOR ENTRY OF
AN ORDER (I) APPOINTING AN INDEPENDENT CUSTOMER DATA
REPRESENTATIVE AND (II) GRANTING RELATED RELIEF

The State of Indiana, through the Office of the Attorney General, respectfully

submits this Joinder in support of the United States Trustee's (UST) Motion for

Appointment of a Consumer Privacy Ombudsman (CPO), or, alternatively, an

Examiner and Response to Debtors' Motion for Entry of an Order (I) Appointing an

Independent Customer Data Representative (CDR) and (II) Granting Related

Relief.  In doing so, Indiana preserves its authority to act in the public interest

under applicable state law and urges the Court to exercise its statutory discretion

under 11 U.S.C. Section 1107 by appointing a CPO as a functional limitation to the

Debtor-in-Possession's powers, should it determine that a mandatory CPO

appointment is not warranted under Sections 332 and 363(b)(1), before considering

the appointment of an Examiner.

## I.    What Indiana Seeks

Indiana seeks the following:

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the
website of the Debtors' proposed claims and noticing agent at
https://restructuring.ra.kroll.com/23andMe. The Debtors' service address for purposes of
these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

1. Immediate appointment of a CPO under 11 U.S.C. Sections 332 and 363(b)(1) to ensure independent evaluation of privacy risks, including whether proposed data transfers are consistent with the applicable privacy policy for each consumer;

2. If the Court determines the appointment is not mandatory, Indiana urges the Court to exercise its discretion under 11 U.S.C. Section 1107 to impose a functional limitation of the Debtor-in-Possession's (DIP) powers by imposing oversight through appointment of a CPO, before considering appointment of an Examiner;

3. Preservation of Indiana's ability to challenge the sale or transfer of consumer data inconsistent with prior privacy representations and governing state law;

4. A directive that any appointed examiner, if named, transmit a summary of findings under 11 U.S.C. Section 1106(a)(4)(B) to the State of Indiana.

## II.    The Court Has Ample Statutory Authority

The Debtor-in-Possession is empowered to use, sell, or lease property of the estate after notice and a hearing.  Under 11 U.S.C. Section 363(b)(1) and Section 332, a CPO appointment is mandatory where the sale of personally identifiable information may conflict with an applicable privacy policy.  Even if not deemed mandatory, courts may appoint officers or professionals as functional limitations under Section 1107 where it serves the public interest or improves confidence in the estate's administration.

2

The Debtors' stated position is that its current 2022 privacy policy allows retroactive transfer of data including in bankruptcy.  The UST has challenged the Debtors' position creating direct tension with the conflict-of-interest concern the CPO statute was designed to address.

Indiana agrees with the concerns raised by the UST in its Motion.  This case involves unique circumstances and highly sensitive and unique customer information, not just typical customer information but their genetic data and materials. This is the exact type of case where a CPO is necessary to protect that information. As the UST has stated, the appointment of a CPO will not only provide the Debtors necessary guardrails for any sale/transfer of consumer information but will also allow consumers to have the necessary confidence to keep their information in the hands of the Debtors which will, ultimately, bring in higher bids for the assets of the company.  As it stands, the lack of customer confidence in the Debtors is resulting in consumers requesting to delete their accounts, and related data and materials, at levels that have crashed the Debtors' website.  However, if a CPO is appointed, the existence of a neutral third-party professional could result in less deletion requests and former customers returning later.

### III.    Structural Bias and Privacy Risk Demand Neutral Oversight

The DIP, implicated in the 2023 data breach and the 2022 policy change, is now tasked with asserting its own compliance as a fiduciary, defending the Debtors past handling of genetic and health data, and monetizing the very data that was breached under the Debtors' security procedures.  This creates a self-policing conflict.  The DIP cannot efficiently, independently, or properly evaluate whether its

3

data practices are lawful or fair to consumers.  The public interest, particularly the privacy rights of Indiana residents, demands oversight now.

Debtors' motion for a CDR, while acknowledging that there is a benefit to having an "independent" party reviewing procedures and policies, does not actually appear to create a truly independent role and doesn't provide the same level of oversight or protections to consumers. The Debtors seek to name, unilaterally, the CDR rather than have the UST appoint someone.  Further, the role of the CDR would report to the Debtors and would only look to see if a proposed sale meets the same level of privacy policies that the Debtors have.  However, in light of the factors that caused the Debtors to file bankruptcy, chief amongst those being the 2023 data breach, the privacy policy in and of itself is insufficient.  There are larger concerns, including the security of the data and the need to review the sale(s) to determine if they comply with law – both bankruptcy and non-bankruptcy.

### IV.    Indiana's Interest in Protecting Consumer Privacy

The Indiana Attorney General has authority to enforce consumer privacy and data security laws, including the Indiana Deceptive Consumer Sales (Indiana Code 24-5-0.5) and the forthcoming Indiana Consumer Data Protection Act, effective January 1, 2026 (Indiana Code 24-15).

This joinder is procedural in nature and is submitted solely to support the matters referenced herein; it does not constitute a waiver of Indiana's sovereign immunity, consent to jurisdiction, or relinquishment of any regulatory or enforcement authority.

4

## V.     Conclusion and Need for Public Trust

This case presents unprecedented questions relating to individual consumer privacy but also calls into question whether public trust in bankruptcy and privacy law can hold.  Without meaningful oversight and statutory compliance, the bankruptcy process risks becoming a back door mechanism to override public trust and state policy in the name of asset recovery.  Indiana urges this Court to reinforce that trust, and compliance must guide every step of the process.

The Debtors' attempt to appoint a private CDR underscores the need for true independence.  The CPO structure exists to protect the public trust in precisely these circumstances.  If not mandatory, the Court may still appoint a CPO under Section 1107 as a functional limitation, or an Examiner under Section 1104(c).

WHEREFORE, Indiana respectfully joins the United States Trustee's Motion and requests that:

1.  The Court appoint a mandatory CPO pursuant to 11 U.S.C. Section 332 and 363(b)(1),

2.  If a CPO appointment is not mandatory, the Court exercise its authority under 11 U.S.C. Section 105 and 1107 to appoint one as a functional limitation in its discretion finding one is warranted;

3. In the alternative, the Court appoint an Examiner pursuant to Section

1104(c) and the Examiner be directed to provide a summary of findings to

Indiana pursuant to 11 U.S.C. Section 1106(a)(4)(B).

Respectfully submitted,

THEODORE E. ROKITA
Indiana Attorney General
Attorney Number 18857-49

By: /s/ Heather M. Crockett
Heather M. Crockett, #26325-22
Deputy Attorney General
Office of Indiana Attorney General
Indiana Gov. Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Telephone: 317-233-6254
Facsimile: 317-232-7979
Email:  Heather.Crockett@atg.in.gov
ATTORNEY FOR THE STATE OF INDIANA

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served via the Court's Electronic Filing System on all parties requesting notice in this proceeding on April 22, 2025.

/s/ Heather M. Crockett
Heather M. Crockett