**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**ST. LOUIS DIVISION**

| | | |
|---|---|---|
| | § | |
| | § | Chapter 11 |
| | § | Case No. 25-40976-357 |
| | § | |
| | § | (Jointly Administered) |
| 23ANDME HOLDING CO., *et al.*,[1] | § | |
| | § | **Response Deadline**: April 29, 2025 |
| | § | **Hearing Date**: April 29, 2025 |
| Debtors. | § | **Hearing Time**: 1:30 PM CT |
| | § | **Hearing Location**: |
| | § | Thomas F. Eagleton U.S. Courthouse |
| | § | 111 S. 10th Street |
| | § | Courtroom 5 North |
| | § | St. Louis, MO 63102 |
| | § | |
| | § | **Relates to Docket No. 24** |

### THE STATES' (A) OBJECTION TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF (II) GRANTING RELATED RELIEF AND (III) NOTICE OF HEARING *AND* (B) NOTICE OF HEARING
**(*Relates to Docket No. 24*)**

**WARNING: THIS OBJECTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE BY [DATE, MONTH, YEAR].  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. THE DATE IS SET OUT ABOVE.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

(*Remainder of Page Intentionally Left Blank*)

---

[1] A complete list of Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/23andMe. The Debtors' service address for purposes of these chapter 11 cases is:  870 Market Street, Room 415, San Francisco, CA 94102.

COMES NOW, The State of Arizona, *ex rel.* Kristin K. Mayes, the Attorney General; Office of the Attorney General, State of Connecticut; District of Columbia, Office of the Attorney General; State of Florida, Office of the Attorney General, Department of Legal Affairs; Office of the Illinois Attorney General; The State of Kansas, *ex rel.* Kris Kobach; State of Louisiana; State of Maine; Michigan Attorney General, *ex rel.* the People of the State of Michigan; New Hampshire Office of the Attorney General, Consumer Protection Division; New Mexico Department of Justice; New York State Attorney General's Office; State of North Carolina; Ohio Attorney General; The State of South Carolina *ex rel.* Alan Wilson; State of Utah, Office of the Utah Attorney General; State of Vermont; Commonwealth of Virginia, *ex rel.* Jason S. Miyares, Attorney General; Washington Attorney General Nick Brown; Office of the West Virginia Attorney General; State of Wisconsin by and through Abigail R. Ryan, Bankruptcy Counsel, National Association of Attorneys General; and by the State of Alaska, Treg Taylor, Attorney General, by and through Assistant Attorney General J. Paige Smothers; State of Colorado, by and through Senior Assistant Attorney General, Robert Padjen; and by the State of Minnesota, by its Attorney General, Keith Ellison; by the State of Missouri, Andrew Bailey, Attorney General; by the  State of Oregon *ex rel.* Dan Rayfield, Oregon Attorney General, by and through Senior Assistant Attorney General, Justin D. Leonard; by the Commonwealth of Pennsylvania, Office of the Attorney General, by and through Deputy Attorney General Lauren A. Michaels, and files *The States' (A) Objection to the Debtors' Motion for Entry of an Order (I) Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief,*[2] *and (B) Notice of Hearing* and would respectfully show this Court the following:

---

[2] Hereinafter, "Objection" or "States' Objection."

## I.   <u>OVERVIEW</u>

As this Court is aware, the Debtors are multinational companies that collect personally identifiable information, genetic materials, and produce genetic information for fifteen million consumers worldwide.[3] Despite the scope of the Debtors' business, the Debtors propose a twenty-two (22) day General Bar Date, which is only one day longer than the bare minimum date allowed by the Federal Rules of Bankruptcy Procedure. The States are objecting because such a short timeframe is grossly insufficient for its constituents—let alone worldwide customers—to receive, review, and comprehend the Debtors' schedules, identify if they have a claim, and timely respond by filing a proof of claim.

Additionally, it is unclear if the proposed notice of this bar date would provide due process to all of the Debtors' customers. The Debtors are seeking to limit notice to only those entities <u>they</u> will list in their Schedules as having claims or potential claims in this case. Therefore, it seems that Debtors do not intend to schedule all of their customers – only those who the Debtors believe may have claims. However, the Debtors do not know what claims consumers may have. Therefore, limiting notice to only those entities the Debtors "believe" have claims or potential claims is insufficient. While mailing notices to each customer throughout the world would be expensive, the States believe that the Debtors can use alternative methods of service such as current and former customer email addresses and the Debtors' social media accounts, to make a reasonable effort to reach all of its consumers worldwide.

Finally, the Debtors propose a separate mechanism for "Cyber Security Incident Proofs of Claim," which include a special Confidentiality Protocol for those consumers. All consumers should be entitled to the same level of protection of their personal information, not just those claimants who opt to limit their claim to the Cyber Security Incident.

---

[3] *See e.g.* docket no. 32 at paras. 2-3, 19. Declaration of Matthew Kvarda in Support of Chapter 11 Petitions and First Day Motions. Hereinafter, "Kvarda Declaration."

## II.    JURISDICTION AND VENUE

1.    The United States Bankruptcy Court for the Eastern District of Missouri[4] has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and rule 9.01(B) of the Local

Rules of the United States District Court for the Eastern District of Missouri. This matter is a core

proceeding within the meaning of 28 U.S.C. § 157(b) and the Court has the authority to enter a

final order with respect to the States' Motion.

2.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The relief requested herein is based upon sections 102(1) and 105(a) of the

Bankruptcy Code; rules 2002(a)(7), 2002(m), 2002(p), 3003(c), 9007, 9036 of the Federal Rules

of Bankruptcy Procedure, and rule 3003 of the Court's Local Rules of Bankruptcy Procedure.

## III.    BACKGROUND

4.    23andMe is a California-based[5] biotechnology company that specializes in the

collection and monetization of human genetic data. 23andMe collects this data from consumers

through the sale of at-home genetic tests, that can be used to determine ancestry information, lineal

descent, and the presence of risk factors for certain diseases.[6] 23andMe also sells the genetic

information of consumers to pharmaceutical companies and has used this data for pharmaceutical

research and development.[7] 23andMe also has a telehealth arm, Lemonaid, that offers remote

healthcare services and prescription drugs through pharmacy subsidiaries.[8]

5.    23andMe has genetic information for 15 million consumers.[9] In 2023, almost 7

million consumers' personally identifiable information was subject to a serious data breach, and

the multistate investigation into that breach has not been resolved.

---

[4] Hereinafter, the "Court."
[5] Dkt. No. 1 the Petition for 23andMe Holding Co. at number 4.
[6] Dkt. No. 32 at paras. 26-32.
[7] Dkt. No. 32 at paras. 38-41.
[8] Dkt. No. 32 at paras. 34-35.
[9] Dkt. No. 32 at paras. 2-3, 19.

6.      On March 23, 2025, 23andMe Holding Co. and eleven affiliated debtors filed bankruptcy, and on March 24, 2025, the Debtors filed its *Motion for Entry of an Order (I) Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief*,[10] in which, among other things, the Debtors seek approval from this Court to set multiple dates by which creditors must file proofs of claim.

7.      On March 28, 2025, the Court entered an order extending time for the Debtors to file, among other things, their schedules and statement of financial affairs.[11]

8.      On April 3, 2025, the United States Trustee filed its *Notice of Appointment of Creditors' Committee*,[12] and the 341 Meeting of Creditors is set for May 2, 2025.[13]

## IV.      ARGUMENT

*A.      For Due Process to be Fulfilled, Creditors Should be Given 120 Days to File Proofs of Claim.*

9.      A basic and important tenant of bankruptcy law requires that creditors receive reasonable notice of the bankruptcy and reasonable notice of the claims bar date so that the creditors may timely file any claims against the Debtor's estate and have an opportunity to be heard.[14] Moreover, the creditor who does not receive this reasonable notice will not have their claim discharged in the bankruptcy.[15]

10.      As recognized by Bankruptcy Judge Gonzalez in *In re XTO Communications*, this tenant of reasonable notice to creditors is based upon the fundamental requirement of due process.[16] "[T]he Supreme Court found in, *Mullane*, '[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an

---

[10] Dkt. No. 32.
[11] Dkt. No. 132.
[12] Dkt. No. 159.
[13] Dkt. No. 157.
[14] *See In re XO Commc'ns Inc.*, 301 B.R. 782, 792-93 (Bankr. S.D.N.Y. 2003).
[15] *Id*.
[16] *See id*.

opportunity to present their objections.'"[17]

11.     Another important tenant of bankruptcy law is to allow Chapter 11 debtors to identify creditors and effectuate a prompt reorganization of the company.[18] Federal Rule of Bankruptcy Procedure 3003(c)(3) assists the Debtor in timely identifying creditors by having the court set a reasonable bar date for the filing of claims.[19] The Court, however, must balance the need for prompt reorganization and costs with the Federal Due Process rights of potential creditors when setting the manner and timeframe for notice and timely filings of claims.[20]

12.     Under Federal Rule of Bankruptcy Procedure[21] 2002(a)(7), parties in interest are to be given a *minimum* of twenty-one days' notice of the proof of claim bar date, and under Bankruptcy Rule 2002(p)(2), creditors with a foreign mailing address "*shall* be given at least 30 days' notice" of the proof of claim bar date.[22]

13.     In the instant case, the Debtors seek May 20, 2025, as the General Bar Date.[23] Now that the hearing has been extended, this General Bar Date no longer provides the bare minimum 21-days of notice required by Bankruptcy Rule 2002(a)(7), nor does it comply with Bankruptcy Rule 2002(p)(2) 30-day period.

14.     The Debtors have failed to show reasonable cause as to why creditors' notice should be shortened so drastically. In the Motion, the Debtors contend that they need proofs of claim filed expeditiously because the Debtors wish to solicit votes on a chapter 11 plan as soon as possible.[24] However, nowhere in their 36-page motion do the Debtors explain <u>why</u> a plan must be rushed, and

---

[17] *Id.* (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).
[18] *Id*. at 791.
[19] *Id.*
[20] *See id*. at 792-93.
[21] Hereinafter "Bankruptcy Rules."
[22] Bankruptcy Rule 2002(p)(2).
[23] Dkt. No. 24 at para. 16.
[24] Dkt. No. 24 at par. 13. The Debtors explain, "To proceed expeditiously in these chapter 11 cases and be in a position to solicit votes on a chapter 11 plan of reorganization as soon as possible, the Debtors must identify all potential creditors with a right to vote by fixing and sending out notice to potential parties in interest that hold prepetition claims against the Debtors of the Bar Dates (as defined below)."

why this extraordinary relief is warranted to do so. This seems particularly strange when on the same day, the Debtors filed a motion to sell substantially all its assets.[25] If the assets are being sold outside of the Chapter 11 Plan process, then what is the urgency that would justify limiting unrepresented consumers' due process rights through such limited notice?

15.     Currently there is a hearing set on the Debtors' Bar Date Motion for April 29, 2025. If the Court enters an order approving the Bar Date Notice at that hearing, the Debtors will take up to seven days to get the notice in the mail to creditors.[26] Seven days after April 29, 2025, is May 6, 2025 – allowing only 14 days, assuming the notice gets delivered so quickly and does not require forwarding.

16.     The General Bar Date timeframe only gets further shortened because the Debtors will not use the mailbox rule for timely acceptance of claims, but, instead, require that any claims sent by hardcopy must actually be received by 4:59 PM CT on May 20, 2025.[27]

17.     Under this timeframe, creditors are only given a very short time to complete the typical steps for submitting a proof of claim:

1. Review the bar date notice;

2. Download and review the schedules;

3. Read through the documents to determine if they are listed as a creditor and, if not, evaluate whether they have a claim;

4. Collect the proper paperwork to calculate and support their claim;

5. Consult a lawyer (if possible); and

6. Timely mail or otherwise deliver their proofs of claim so that they are actually received by 4:59 PM CT on May 20, 2025.

---

[25] Dkt. No. 30, at para. 11 ("As described in the First Day Declaration, the Debtors commenced these chapter 11 cases to effectuate a value-maximizing sale of substantially all or a portion of their assets…").
[26] Dkt. No. 24 at para. 12.
[27] Dkt. No. 24 at para. 16.

Requiring such responsiveness from consumer creditors is unreasonable.

18.     The Debtors have at least 15 million customers throughout the world,[28] and, if they believe they have a claim against the Debtors, this bankruptcy will be their last opportunity to assert that claim. By creating an extremely short timeline by which consumers are to submit proofs of claim, the Debtors will effectively cut off consumers' ability to participate in this bankruptcy, and, as such, due process is not served.

19.     Longer general bar dates have been granted in cases of this magnitude involving many consumers. For instance, the original bar date for general claims in *In re Celsius* was 175 days from the petition date.[29] The general bar date in *In re Big Lots, Inc.* was 113 days from the petition date and then extended for a total of 145 days.[30] The general bar date in *In re 24 Hour Fitness Worldwide, Inc.* was 110 days from the petition date.[31]

20.     As such, the States request that the General Bar Date be set at 120 days from the date the Debtors file their schedules and statement of financial affairs.

B.     *The Debtors Should be Required to Use Their Email Addresses and Social Media Accounts to Notify Consumers Regarding the Proofs of Claim Bar Date.*

21.     Because "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections[,]"[32] this Court should require that the Debtors post notice of the bar dates as well as a link to the Kroll website for this case (https://restructuring.ra.kroll.com/23andMe) beyond their own

---

[28] Dkt. No. 32 at para. 2. First Day Declaration of Matthew Kvarda.
[29] *See In re Celsius*, Case No. 22-10964, Bankr. S.D.N.Y. 2022, at docket no. 1368 (The order setting the general bar date).
[30] *See In re Big Lots, Inc.*, Case No. 24-11967, Bankr. Dist. Delaware 2024, at docket no. 1195 (The order setting the general bar date) and docket no. 1531 (The order extending the bar date).
[31] *See In re 24 Hour Fitness Worldwide, Inc.*, Case No. 20-11558, Bankr. Dist. Delaware 2020, at docket no. 785 (The order setting the general bar date).
[32] *In re XO Commc'ns Inc.*, 301 B.R. 782, 792-93 (Bankr. S.D.N.Y. 2003) (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

website and the proposed one-day publication in the subscription-based Wall Street Journal[33]—neither

which are expected to reach the vast majority of the Debtors' customers.

22.    Debtors seek to proceed expeditiously in these chapter 11 cases, but consumers'

right to due process should not suffer because of the Debtors' fast pace. To help balance these

issues, in addition to the methods for notice set out in the Debtors' Motion, the Debtors should also

be required to provide notice through the email addresses of all current and former customers.

Additionally, as in other recent bankruptcy cases involving the general public,[34] the Debtors should

be required to post notice of the proof of claim bar date and a link to the Kroll case website through

their social media accounts. Based upon a review of the Debtors' website, the Debtors utilize

Facebook, YouTube, Instagram, X, LinkedIn, and TikTok to reach consumers.

C.    *All consumer claimants should be entitled to the Confidentiality Protocol proposed by the Debtors – not only those who file a "Cyber Security Incident Proofs of Claim."*

23.    The States' constituents are extremely concerned with the security of the vast amounts

of information held by the debtor. The Court should avoid requiring these consumers to make further

information public through the proof of claim process. In fact, the Debtors have already done this work.

The Debtors crafted special confidentiality provisions for "Cyber Security Incident Proofs of Claim,"

which include a special "Confidentiality Protocol" for those consumers, described in pages 24-25 of

their Motion.

24.    Because of the privacy issues inherent in this case, <u>all individuals</u> should be entitled to

the same level of protection of their personal information – not merely those claimants who opt to limit

their claim to the Cyber Security Incident only. Otherwise, general claimants may choose to forgo

filing a claim in fear of further compounding their privacy concerns.

---

[33] The online copy of the Wall Street Journal requires one to purchase a subscription in order to read articles.

[34] Similar procedures have been used in the following cases: *In re Roman Cath. Diocese of Rockvill Ctr.*, 2023 LEXIS 1747, *17 (Bankr. S.D.N.Y. July 12, 2023) (noting Debtors' use of social media as supplemental notice of the Sexual Abuse Bar Date); *In re RML,LLC*, 657 B.R. 709, 717 (Bankr. S.D.N.Y. 2023) (noting Debtors' use of social media to supplement the notice of the bar date); and *In re Paddock Enters., LLC*, 2022 Bankr. LEXIS 1521, *8-9 (Bankr. Del. May 26, 2022) (noting Debtors' use of social media to supplement notice of deadlines.).

Case 25-40976    Doc 285    Filed 04/22/25    Entered 04/22/25 12:21:59    Main Document
Pg 10 of 13

25.     The Debtors' proposed Confidentiality Protocol provides reasonable access to permitted parties. However, it provides privacy and prevents access to personal information by the general public at large (unless a claimant prefers to make their claim public by filing through the CM/ECF system). This is a reasonable mechanism that the Court should provide for all consumers, with the forms revised to provide a mechanism for consumers to utilize more confidential electronic filing through Kroll rather than CM/ECF, which is the only mechanism for electronic filing currently allowed according to the Debtor's proposed instructions (Exhibit B of their Motion).

## V.      NOTICE

26.     As required by docket 131 the *Interim Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures, and (II) Granting Related Relief*, notice is hereby given that copies of the proposed order granting the relief requested herein will be made available on the website of the Debtors' claims and noticing agent at

https://restructuring.ra.kroll.com/23andMe.

## VI.      PRAYER

WHEREFORE, the States respectfully request that the Court set the general bar date at 120 days from the date the Debtors file their schedules and statements of financial affairs, order the Debtors to provide notice of the proofs of claim bar date and a link to the Kroll case-specific website via social media and email, and to enter any further relief to which the Court finds is just.


Date: April 22, 2025,


*(Remainder of the Page Intentionally Left Blank
Signature Pages Follow*)

OBJECTION TO DOCKET NO. 24                                                                              PAGE 10

Respectfully submitted,

/S/ *ABIGAIL R. RYAN*
ABIGAIL R. RYAN
BANKRUPTCY COUNSEL
NATIONAL ASSOCIATION OF ATTORNEYS GENERAL
1850 M Street NW, 12th Floor
Washington, DC 20036
Telephone: (202) 326-6000, Ext. 258
Email: aryan@naag.org

COUNSEL FOR:

THE STATE OF ARIZONA, *EX REL*. KRISTIN K. MAYES, THE
ATTORNEY GENERAL

OFFICE OF THE ATTORNEY GENERAL, STATE OF CONNECTICUT

DISTRICT OF COLUMBIA, OFFICE OF THE ATTORNEY GENERAL

STATE OF FLORIDA, OFFICE OF THE ATTORNEY GENERAL,
DEPARTMENT OF LEGAL AFFAIRS

OFFICE OF THE ILLINOIS ATTORNEY GENERAL

THE STATE OF KANSAS, *EX REL*. KRIS KOBACH

STATE OF LOUISIANA

STATE OF MAINE

MICHIGAN ATTORNEY GENERAL, *EX REL*. THE PEOPLE OF THE
STATE OF MICHIGAN

NEW HAMPSHIRE OFFICE OF THE ATTORNEY GENERAL, CONSUMER
PROTECTION DIVISION

NEW MEXICO DEPARTMENT OF JUSTICE

NEW YORK STATE ATTORNEY GENERAL'S OFFICE

STATE OF NORTH CAROLINA

OHIO ATTORNEY GENERAL

THE STATE OF SOUTH CAROLINA *EX REL*. ALAN WILSON

STATE OF UTAH, OFFICE OF THE UTAH ATTORNEY GENERAL

STATE OF VERMONT

COMMONWEALTH OF VIRGINIA, *EX REL*. JASON S. MIYARES,
ATTORNEY GENERAL

WASHINGTON ATTORNEY GENERAL NICK BROWN

OFFICE OF THE WEST VIRGINIA ATTORNEY GENERAL

STATE OF WISCONSIN

**FOR THE STATE OF ALASKA
TREG TAYLOR, ATTORNEY GENERAL**

/S/ *J. PAIGE SMOTHERS*
J. PAIGE SMOTHERS E.D. MO.
#2305063AK
ASSISTANT ATTORNEY GENERAL
ALASKA DEPARTMENT OF LAW
1031 W. 4th Ave., Ste. 200
Anchorage, Alaska 99501
Telephone: (907) 269-5232
Email: paige.smothers@alaska.gov

**FOR MOVANT STATE OF COLORADO**

/S/ *ROBERT PADJEN*
ROBERT PADJEN, No. 14678CO
SENIOR ASSISTANT ATTORNEY GENERAL
COLORADO DEPARTMENT OF LAW
RALPH L. CARR COLORADO JUDICIAL
CENTER
1300 Broadway, 8th Floor
Denver, Colorado 80203
Direct dial: 720-508-6346
E-mail: robert.padjen@coag.gov

**FOR MOVANT STATE OF MINNESOTA
KEITH ELLISON ATTORNEY GENERAL OF
MINNESOTA**

/S/ *DALILA Z. JORDAN*
DALILA Z. JORDAN, ATTORNEY REG #
0403120
ASSISTANT ATTORNEY GENERAL
CONSUMER PROTECTION DIVISION
445 Minnesota Street, Suite 600
Saint Paul, Minnesota 55101
Telephone: (651) 300-7640
Email: Dalila.Jordan@ag.state.mn.us

COUNSEL FOR THE STATE OF MINNESOTA

FOR THE STATE OF MISSOURI
ANDREW BAILEY, ATTORNEY GENERAL

BY: */S/ CALEB LEWIS*
Caleb M. Lewis, Mo. Bar #61894
   Assistant Attorney General
Michael Schwalbert, Mo. Bar #63119
   Assistant Attorney General
Alison Esbeck, Mo. Bar. #58501
   Assistant Attorney General
Zachary Elam, Mo. Bar #76935
   Assistant Attorney General

Missouri Attorney General's Office
815 Olive Street Suite 200
St. Louis, MO 63101
(314) 340-7883
FAX: (314) 340-7981
Caleb.Lewis@ago.mo.gov
Michael.Schwalbert@ago.mo.gov
Alison.Esbeck@ago.mo.gov
Zachary.Elam@ago.mo.gov
*ATTORNEYS FOR THE OFFICE OF THE MISSOURI ATTORNEY GENERAL*

FOR STATE OF OREGON, DAN RAYFIELD ATTORNEY GENERAL OF OREGON

*/S/ JUSTIN D. LEONARD*
JUSTIN D. LEONARD, E.D. MO. D.C. # 033736OR
SENIOR ASSISTANT ATTORNEY GENERAL
OREGON DEPARTMENT OF JUSTICE
1162 Court Street NE
Salem, Oregon 97301-4096
Telephone: (503) 378-4400
Email: Justin.Leonard@doj.oregon.gov

COUNSEL FOR THE STATE OF OREGON, *EX REL.*, DAN RAYFIELD, ATTORNEY GENERAL OF OREGON

FOR MOVANT THE COMMONWEALTH OF PENNSYLVANIA
OFFICE OF THE ATTORNEY GENERAL

**DAVID W. SUNDAY, JR.
ATTORNEY GENERAL**

BY: */S/LAUREN A. MICHAELS*
LAUREN A. MICHAELS
DEPUTY ATTORNEY GENERAL

PA I.D. NO. 320686

MELISSA L. VAN ECK
CHIEF DEPUTY ATTORNEY GENERAL
FINANCIAL ENFORCEMENT SECTION

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL
1251 WATERFRONT PLACE
MEZZANINE LEVEL
PITTSBURGH, PA 15222
TEL: (412) 235-9072
E-MAIL:
LMICHAELS@ATTORNEYGENERAL.GOV

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 22, 2025, a true and correct copy of the foregoing document was served via the Court's ECF system upon all those who receive electronic notification and as required by the Case Management Procedures at docket number 131.


   /s/ *Abigail R. Ryan*
Abigail R. Ryan
Bankruptcy Counsel
National Association of Attorneys General