## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| 23ANDME HOLDING CO., *et al.*, | Case Nos. 25-40976 *et seq.* |
| | (Jointly Administered) |

### DATA BREACH VICTIM CLASS ACTION PLAINTIFFS' OPPOSITION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF AND (II) GRANTING RELATED RELIEF

Appointed class counsel ("Class Counsel"), on behalf of the certified class of 6.3 million 23andMe data breach victims (the "Data Breach Victim Class") in *In re: 23andMe, Inc. Customer Data Security Breach Litigation*, 3:24-md-03098-EMC, pending before the Honorable Edward M. Chen in the Northern District of California ("Data Breach Class Action"), hereby submit this opposition to the *Debtors' Motion for Entry of an Order (I) Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* (the "Bar Date Motion")[1], and respectfully represent as follows:

### SUMMARY OF ARGUMENT

The Debtors, by their own negligence, compromised the sensitive personal information of the Data Breach Victim Class, which resulted in the release of personal information, including genetic information, on the dark web. Among other things, cyber thieves published data taken from the Debtors' systems, including lists of customers who the Debtors identified as genetic Ashkenazi Jews and Chinese, thereby exposing them to "malicious cyber-enabled activities" and "malign

---

[1]    Capitalized terms and phrases used but not defined herein shall have the meanings ascribed to them in the Bar Date Motion.

foreign influence activities." *See generally The United States of America's Notice Regarding Potential National Security Concerns* filed April 17, 2025 (Docket No. 267) (the "United States' Notice"). Class Counsel, on behalf of the certified Data Breach Victim Class, brought claims against 23andMe, Inc. that were ultimately settled in the Data Breach Class Action for a fraction of their worth. The settlement was widely publicized, and Class Counsel were authorized to provide notice, disclose the right of Data Breach Victim Class members to object or opt-out, and engage in a three-month claims process.

Now, through the Bar Date Motion, the Debtors propose to give a single email notice that gives each individual member of the Data Breach Victim Class less than a month to file a proof of claim and (unlike under the Class Action Settlement), if a Data Breach Victim Class Member does not respond, their claim is extinguished. The proposed process fails to comply both with basic due process requirements and the Bankruptcy Rules. One does not have to be a cynic to conclude that the Bar Date Motion is calculated to destroy the Data Breach Victim Class Settlement and disenfranchise millions of customers that trusted the Debtors to secure their personal genomic data.

In stark contrast to the extinguishment of claims after a singular email as proposed in the Bar Date Motion, under the Rule 23 Class Action Settlement, members of the Data Breach Victim Class do *not* need to take any action to entitle them to certain benefits, and the Class has a full three months after receiving notice to submit a claim for benefits that do require certain actions, such as submitting a claim form. For example, all Data Breach Victim Class members are automatically entitled to three years of state of the art Privacy & Medical Shield + Genetic Monitoring ("Privacy Shield") a customized motoring product designed to alert and protect the Data Breach Victim Class from continued misuse of their compromised data. Data Breach Victim Class Members do not need to make a claim by any deadline: The benefit under the Settlement

2

includes the ability to enroll during the full three years the benefit is active. *In re 23andMe Customer Data Security Breach Litig.*, Case No. 3:24-md-03098-EMC, Doc. 103-1 at 13 (detailing benefits) and 53 (providing three months to submit a claim for benefits for which a claim form is required). Therefore, while the notice procedures approved by the MDL Court are appropriate under Rule 23 (and are more robust than those proposed by the Bar Date Motion), the procedures described in the Bar Date Motion are decidedly *inadequate* here.

As set forth in detail below, the Court should authorize the filing of a Class Proof of Claim on behalf of the Data Breach Victim Class and the Bar Date Motion should be denied without prejudice in order to provide Constitutionally adequate process for the Data Breach Victim Class.

## STATEMENT OF FACTS

On October 6, 2023, 23andMe, Inc. announced that they were the target of a cyber attack that resulted in the compromise and exfiltration of the Data Breach Victim Class's most sensitive personally identifiable information and protected health information (collectively, "Private Information") – including but not limited to name, sex ,date of birth, genetic information, predicted relationships with genetic matches, ancestry reports, ancestors' birth locations and family names, family tree information, profile pictures, and geographic location. *See Consolidated Class Action Complaint* 1, filed June 26, 2024 (MDL Docket No. 78) (the "MDL Complaint"); *Order Conditionally Granting Motion for Preliminary Approval* 2-3, dated December 4, 2024 (MDL Docket No. 160) (the "MDL Order"). Such Private Information appeared for sale on the dark web starting in August 2023.  MDL Complaint at 2; MDL Order; at 2-3.

Following the announcement of the Data Breach, dozens of lawsuits were filed against the 23andMe, Inc., both in federal and state court. *See* MDL Order at 3. In December 2023, 23andMe, Inc. asked the Judicial Panel on Multidistrict Litigation ("JPML") to create centralized multidistrict

litigation ("MDL") for the federal data breach cases. *Id.* In April 2024, the JPML created the MDL, assigning the MDL to the Honorable Edward M. Chen in the Northern District of California (the "MDL Court"). *Id.* On June 5, 2024, Judge Chen appointed Gayle M. Blatt, Cari Campen Laufenberg, and Norman E. Siegel as Class Counsel. *See Pretrial Order no. 2: Order Appointing Counsel; and Setting Initial Deadlines* dated as of June 5, 2024 (MDL Docket No. 62).

In January 2024, Class Counsel, on behalf of the Data Breach Victim Class began mediation with the Debtors. MDL Order at 3. Between January 31, 2024, and June 26, 2024, the Data Breach Victim Class attended three separate mediations with the Debtors, ultimately leading to the acceptance of a mediator's proposal. *Id.* On September 5, 2024, the parties executed a settlement agreement which includes, among other relief, a gross settlement fund of $30 million in exchange for a release of claims (the "Settlement"). *Id.* at 8-9, 14. On September 12, 2024, Class Counsel filed a motion for preliminary approval of the Settlement. *See Notice Mot. and Mot. Prelim. Approval of Class Action Settlement* (MDL Docket No. 103) (the "MDL Settlement Motion"). The Settlement received significant attention from the press, which widely reported the terms of the Settlement throughout September 2024 and beyond.[2]

---

[2]     *See, e.g.*, *23andMe Settles Data Breach Lawsuit for $30 Million*, The HIPAA Journal (Sept. 16, 2024), https://www.hipaajournal.com/23andme-class-action-data-breach-settlement/; *23andMe Data Breach Settlement: Are you eligible for payout?*, Kiro7 (Oct. 16, 2024), https://www.kiro7.com/news/trending/23andme-data-breach-settlement-are-you-eligible-payout/JFSKSZRHOZF4JCWC5HW66JOXYI/; *23andMe Settles Data Breach Lawsuit for $30 Million*, Reuters (Sept. 13, 2024), https://www.reuters.com/technology/cybersecurity/23andme-settles-data-breach-lawsuit-30-million-2024-09-13/; *23andMe To Pay Up To $10,000 To Data Breach Victims—Are You Eligible?*, Forbes (Oct. 15, 2024), https://www.forbes.com/sites/larsdaniel/2024/10/15/23andme-to-pay-up-to-10000-to-data-breach-victims-are-you-eligible/; *23andMe Agrees to $30 Million Settlement Over Data Breach That Affected 6.9 Million Users*, USA Today (Sept. 16, 2024), https://www.usatoday.com/story/money/2024/09/16/23andme-class-action-lawsuit-settlement/75250132007/; *23andMe Agrees to $30M Settlement Over 2023 Data Breach: How Much Could Users Get?*, WGN9 of Chicago (Sept. 23, 2024), https://wgntv.com/news/23andme-agrees-to-30m-settlement-over-2023-data-breach-how-much-could-users-get/; *23andMe Data*

On December 4, 2024, the MDL Court issued an order conditionally granting the MDL Settlement Motion, providing comments as to certain terms, such as the class definition and class notice procedures, that would need to be revised for final approval. *See* MDL Order. Following further settlement negotiations, on March 12, 2025, Class Counsel, on behalf of the Data Breach Victim Class, and the Debtors filed a *Joint Status Update in Response to Order (ECF No. 170)*, notifying the MDL Court that the parties intended to go forward with the Settlement as modified by the Court and on March 24, 2025, Class Counsel filed a *Notice of Settlement*. *See* MDL Docket Nos. 171-72. On March 26, 2025, the Debtors filed notice of this bankruptcy case in the MDL Class Action. *See* Notice (MDL Docket No. 173-75).

## ARGUMENT

### A.  The Proposed Notice to the Data Breach Victim Class Fails as a Matter of Law.

The Eighth Circuit has long acknowledged that creditors have fundamental due process rights in a debtor's assets and that creditors are entitled to "notice [and] an opportunity for a hearing." *Ginsburg v. Lindel,* 107 F.2d 721, 726 (8th Cir. 1939), *citing Ochoa v. Hernandez,* 230 U.S. 139, 141 (1913); *see also Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950) (rejecting publication notice as inadequate on the facts of the case and observing that "when notice is a person's due, process which is a mere gesture is not due process"). "[A]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is

---

*Breach Settlement*, Are You Eligible for Payout, WFTV9 (Oct. 16, 2024), https://www.wftv.com/news/trending/23andme-data-breach-settlement-are-you-eligible-payout/JFSKSZRHOZF4JCWC5HW66JOXYI/; *23andMe Agrees to Pay $30 million to Settle Lawsuit Over Massive Data Breach*, The Verge (Sept. 13, 2024), https://www.theverge.com/2024/9/13/24243986/23andme-settlement-dna-data-breach-lawsuit; *23andMe Agrees to $30 Million Settlement After Data Breach Affected Nearly 7 Million Users*, Scripps News (Sept. 16, 2024), https://www.scrippsnews.com/science-and-tech/data-privacy-and-cybersecurity/23andme-agrees-to-30-million-settlement-after-data-breach-affected-nearly-7-million-users.

notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Sanchez v. Northwest Airlines, Inc.*, 659 F.3d 671, 675 (8th Cir. 2011) *citing Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314-15 (1950).

Rule 2002(a) of the Bankruptcy Rules, cited as authority for the relief requested in the Bar Date Motion, is explicit in its requirement that notice shall be given "*by mail.*" Fed. R. Bankr. Proc. 2002(a) (emphasis added). Rule 9036 of the Bankruptcy Rules permits service by electronic means, but only for registered users of the court's electronic-filing system (Rule 9036(b)(1)) or where the recipient consents in writing (Rule 9036(b)(2)).

Judge Goldblatt recently considered the adequacy of email notice at length in his decision in *In re: Cyber Litigation, Inc.*, 2021 Bankr. LEXIS 2966 *; 2021 WL 5047512 (Bankr. D. Del. 2021). In that case, the debtor sought to disallow a late-filed claim on the ground that, although the mailed notice was defective (it went to an incorrect address), the error was harmless because the debtor had also given the creditor notice by electronic mail. Judge Goldblatt fully understood the rationale for permitting email notice, but ultimately concluded that he did not have authority to find email notice alone adequate:

> In addition to satisfying the requirement of due process, a debtor is also obligated to meet the requirements of the Bankruptcy Rules. As the Third Circuit has explained, the "United States Supreme Court prescribes rules of practice and procedure for bankruptcy cases. 28 U.S.C. § 2075. The rules are not to 'abridge, enlarge, or modify any substantive right.' *Id*. Pursuant to this authority, the Court has promulgated the Federal Rules of Bankruptcy Procedure." When the Supreme Court does promulgate such a procedural rule, those rules "are binding and courts must abide by them unless there is an irreconcilable conflict with the Bankruptcy Code."

*Id.* at *18, *citing Jones v. Flowers*, 547 U.S. 220, 235 (2006). Judge Goldblatt's conclusion: "The clear import of the Bankruptcy Rules, therefore, is that a creditor is entitled to receive notice of

the bar date *by mail*…" *Id.* at *19 (emphasis added). He therefore held that the creditor, who received notice by email but not actual notice, was entitled to allowance of its late-filed claim.

The Debtors will likely argue that they do not have mailing addresses for all 6.3 million members of the Data Breach Victim Class, point out the time and expense the finding mailing addresses will entail, and argue that on these facts they should be permitted to rely entirely and exclusively on the email addresses in their possession. Perhaps they will ask this Court to rely on its equitable powers, or section 105 of the Bankruptcy Code, to override the requirements of the Bankruptcy Rules.

The Court should reject this argument.

*First*, the Debtors' negligence has resulted in disclosure of the most highly sensitive information conceivable. *See United States' Notice* (flagging risks of national importance including those arising from "'malicious cyber-enabled activities and malign foreign influence activities,' and 'track[ing] and build[ing] profiles on U.S. individuals, including members of the military and other Federal employees and contractors, for illicit purposes such as blackmail and espionage.'"). The sheer size of the breach – over six million claimants – does not for a moment mitigate the stakes for the individuals whose information has been disclosed. The significance of their interests requires more than the "mere gesture" that the Debtors offer with a single email (and less than a month's notice). *Cf. Mullane,* 339 U.S. at 314. Because failure to respond by the Bar Date will extinguish these important claims, the Data Breach Victim Class is entitled to far broader notice than currently proposed.

*Second*, a single notice to an email address is not calculated to provide adequate notice to the Data Breach Victim Class under these circumstances wherein failure to respond extinguishes their important claims fully. The notice procedure set forth in the MDL Order provides that class

members are entitled to extended outreach efforts beyond a single email and where, even if they miss the email or wherein the email goes to their spam box, they are still be entitled to benefits if they later discovered the Settlement. Moreover, under the terms of the Class Action Settlement, the Data Breach Victim Class would not only receive notice of the Settlement and benefits as approved in the MDL Order (including with follow up provisions if the initial email does not lead to a response), but would be provided with three months to make a claim, and would be provided (regardless of whether they take any action or not in response to the Class Action Notice) with an enrollment code for Privacy Shield and be entitled to enroll any time within a three-year period. Moreover, the Settlement provides for business practice changes that would benefit the Data Breach Victim Class regardless of whether they took any action at all. Therefore, the notice procedures contained in the MDL Order are appropriate for the Rule 23 Settlement and a marked contrast to the single email notice and procedures contained in the Bar Date Motion.

*Third*, many of the Data Breach Victim Class are aware of the Settlement that has been presented for approval to the MDL Court and widely publicized.[3] *See* MDL Order. The MDL Order authorized Class Counsel to act on behalf of the Data Breach Victim Class and set forth the terms of the Settlement. The Data Breach Victim Class are likely to be confused by, and reasonably excused from attending to, an emailed notice regarding bankruptcy claims when the settlement class has already been established. Indeed, many Data Breach Victim Class Members do not believe they need to take any action with respect to the bankruptcy, but rather are waiting for the Class Action Notice to enroll in the benefits available under the Settlement.

*Finally*, a ready alternative that will not result in a massive disenfranchisement of the Data Breach Victim Class is available – the filing of a claim on behalf of the Data Breach Victim Class

---

[3]         *See* footnote 2, above.

(hereafter, a "Class Proof of Claim") as permitted by Bankruptcy Rule 7023. This will permit Class Counsel and the Data Breach Victim representatives to protect the class from extinguishment of their claims, and, ultimately, engage in the notice, objection, opt-out, and claims process under the Settlement. The MDL Order has already approved a settlement class and, but for the automatic stay imposed in these cases, Class Counsel would now be complying with the MDL Order and the carefully-negotiated notice provisions contained in the MDL Order.[4] Therefore, the issues with the Bar Date Motion can be resolved by permitting Class Counsel to file a Class Proof of Claim, as detailed below.

**B. The Data Breach Victim Class Should Be Permitted to File a Class Proof of Claim.**

The Debtors rejected Class Counsel's suggestion that the Debtors stipulate to the filing of a Class Proof of Claim on behalf of the Data Breach Victim Class in order to assure that the class members' interests are protected.

Unlike in the Rule 23 context, the risk of relying on a single email in the bankruptcy context as proposed in the Bar Date Motion and which provides inadequate disclosures to the Data Breach Victim Class is clear: millions of members of the Data Breach Victim Class will be disenfranchised. The Data Breach Victim Class are unlikely to be sufficiently informed in order to value their claims. The Class Action Settlement set forth a claims process which provides guideposts for class members on how to obtain benefits under the Settlement Agreement and what benefits the members may be entitled to – those guideposts are lacking here. Instead, the claims process here requests that class members assign a dollar value to their harms. Without additional

---

[4]      The MDL Order provides for a comprehensive set of notices and requires outreach far beyond what is contained in the Bar Date Motion. See *In re 23andMe Customer Data Security Breach Litig.*, Case No. 3:24-md-03098-EMC, Doc. 155 (attaching revised notices per Court's direction); Doc. 160 at 33-34 (approving notices filed at Doc. 155 and explaining their adequacy).

guidance, this claims process is likely to contribute to inequities between similarly harmed individuals of the Data Breach Victim Class.

Moreover, Data Breach Victim Class members that do not receive actual notice of the Bar Date, or that receive the notices but contend that the notices are defective because they did not provide actual notice, will be in a limbo of the Debtors' creation: Can they file late claims?  Do they retain rights against a buyer of the Debtors' assets? Can those that did not receive actual notice themselves file a class proof of claim?

Notably, the Debtors themselves seem to acknowledge the problems that class size presents because they included in the Bar Date Order mechanism for "Cyber Security Incident Bulk Claims." Bar Date Motion at ¶ 49. That process will presumably cover some 35,000 arbitration claimants that are not included among the Data Breach Victim Class but is unavailable to the Data Breach Victim Class because it would require Class Counsel to know the identities of these individuals.  While the Class Action Settlement contained procedures for noticing over six million data breach victims, it did not include providing the contact information of those members to Class Counsel. Consistent with that process, Class Counsel is not in possession of the list of class members or of their contact information.

Permitting Class Counsel to file a Class Proof of Claim fairly resolves the due process issues raised by the Debtors' proposed notice, and is an accepted mechanism in bankruptcy proceedings.  *See, e.g., In re Kaiser Grp. Int'l,* 278 B.R. 58, 62 (Bankr. D. Del. 2002) ("[t]he vast majority of courts conclude that class proofs of claims are permissible in a bankruptcy proceeding" and citing cases); *see also Gentry v. Siegel*, 668 F.3d 83, 88–91 (4th Cir. 2012); *Birting Fisheries v. Lane (In re Birting Fisheries, Inc.)*, 92 F.3d 939, 939 (9th Cir. 1996); *In re Charter Co.*, 876 F.2d 866, 869 (11th Cir. 1989); *Reid v. White Motor Corp.*, 886 F.2d 1462, 1469–70 (6th Cir.

10

1989); *In re Am. Reserve Corp.*, 840 F.2d 487, 488 (7th Cir. 1988). Indeed, class proofs of claim were permitted to be filed in *In re Zenith Laboratories, Inc.*, 104 B.R. 659 (D.N.J. 1989) and *In re Retirement Builders, Inc.*, 96 Bankr. 390 (Bankr. S.D. Fla. 1988), where (like here) classes had been certified by non-bankruptcy courts prior to the filing of the bankruptcy. *See Zenith*, 104 B.R. at 660, 662 n.2; *Retirement Builders*, 96 Bankr. at 391. The facts necessary to establish the Data Breach Victim Class and provide the Data Breach Victim Class with adequate notice have all been addressed and resolved by Judge Chen in the MDL Order. Accordingly, Class Counsel should be authorized to file a Class Proof of Claim.

### C.   **If a Notice Is Provided to the Data Breach Victim Class, It Must Be Revised**.

If a Class Proof of Claim is filed, this would obviate the need for millions of Data Breach Victim Class members to file individual proofs of claim.  However, it would not obviate the need to provide notice to the Data Breach Victim Class. Judge Chen's MDL Order approved detailed notice of the rights available to the Data Breach Victims Class, including descriptions of their claims, the risks they face, and permitting class members to "opt out." These issues are nowhere addressed in the form proposed by the Debtors and, for this reason alone, the proffered form should be rejected. If the Court is not yet prepared to authorize Class Counsel to file a Class Proof of Claim, the Court should defer ruling on the Cyber Security Incident Claim Procedures until the issue is determined, and the Data Breach Victim Class request a briefing schedule, accordingly.

\*\*\*

**WHEREFORE**, the Bar Date Motion should be denied without prejudice in order to provide Constitutionally-adequate process for the Data Breach Victim Class, and the Court should authorize the filing of a Class Proof of Claim on behalf of the Data Breach Victim Class.

Alternatively, the Data Breach Victims request a briefing schedule on the availability of a Class Proof of Claim.

Dated: April 22, 2025                            Respectfully submitted,
St. Louis, Missouri

                                          */s/ Norman E. Siegel*
                                          Norman E. Siegel (Bar No. 44378)
                                          Jillian R. Dent (*pro hac vice*)
                                          STUEVE SIEGEL HANSON LLP
                                          460 Nichols Road, Suite 200
                                          Kansas City, MO 64112
                                          Tel: (816) 714-7100
                                          siegel@stuevesiegel.com

                                          -and-

                                          Tobias S. Keller (admitted *pro hac vice*)
                                          Tyler Davis (admitted *pro hac vice*)
                                          Keller Benvenutti Kim LLP
                                          425 Market Street, 26th Floor
                                          San Francisco, California 94105
                                          Telephone: 415-496-6723
                                          E-mail: tkeller@kbkllp.com
                                          E-mail: tdavis@kbkllp.com

                                          *Counsel for the Data Breach Victim Class*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 22, 2025, the foregoing document was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

                                          */s/  Norman E. Siegel*