UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>23ANDME HOLDING CO., *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 25-40976<br><br>(Jointly Administered)<br><br>Response Deadline: April 22, 2025<br>Hearing Date: April 29, 2025<br>Hearing Time: 1:30 PM CT<br>Hearing Location:<br>Thomas F. Eagleton U.S. Courthouse<br>111 S. 10th Street<br>Courtroom 5 North<br>St. Louis, MO 63102 |

**STATE OF TEXAS'S JOINDER TO THE STATES' AMENDED (A) OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER THEREOF (II) GRANTING RELATED RELIEF AND (III) NOTICE OF HEARING AND (B) NOTICE OF HEARING**
(*Relates to Docket Nos 24, 285, 286*)

　　　　The State of Texas, acting by and through the Office of the Texas Attorney General ("Texas"), hereby files this Joinder (the "Joinder") to the States' Amended (A) Objection to Debtors' Motion for Entry of an Order (I) Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner Thereof, (II) Granting Related Relief, and (III) Notice of Hearing and (B) Notice of Hearing (the "Objection") filed at Docket No. 286. In support of the Joinder, Texas respectfully states as follows:

**JOINDER**

　　　　1.　　Texas supports and joins the Objection filed by certain State Attorneys General by and through the National Association of Attorneys General at Docket No 286.[2]

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe. The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

[2] The full list of parties are included in the Objection at Dkt. No. 286.

1

2. In addition to the arguments set forth in the Objection, the facts and circumstances of this case, including the number of and effect on impacted consumer creditors, the nature of the Debtors' business, including the collection and evaluation by the Debtors of genetic materials and information for over fifteen million (15,000,000) consumers worldwide, the data breach in October 2023 that affected at least seven million (7,000,000) consumers, and the Debtors' ongoing attempt to sell unspecified assets on an expedited basis in the present case, Texas asserts that the proposed general bar date that is only fifty-eight (58) days after the petition date and twenty-two (22) days after the Debtors' Schedules and Statements will be filed is unreasonable and deprives affected consumers and creditors of due process. Coupled with the possibility that Debtors will file redacted Schedules and serve unknown numbers of parties with said Schedules by mail, and are requiring proofs of claim to be received back by the proposed abbreviated deadlines instead of being mailed by the deadline, the proposed bar date is not only unreasonable, but untenable.

3. Because the Debtors are attempting to sell said unspecified assets rather than reorganize debts, there is not a sufficient basis for the short amount of time for creditors to file proofs of claim – creditors will likely be paid from the funds received from the sale, and said funds will remain in the bankruptcy estate pending resolution of the claims process. The Debtors have provided insufficient justification for the abbreviated claim bar dates proposed.

4. In light of the number of potential creditors involved in this case, including unsophisticated individual consumers and their family members who may be affected by the data breach and other ramifications of such a specialized and privacy-intensive business, the Court should provide a reasonably scheduled claims bar date and should deny the Debtors' motion as proposed.

## RESERVATION OF RIGHTS

5. Texas reserves the right to supplement this Joinder or to raise additional arguments or objections to the underlying motion as necessary and appropriate.

## **PRAYER**

WHEREFORE, Texas respectfully requests that the Court deny the Debtors' motion and set a reasonably scheduled claims bar date, order the Debtors to provide notice of the proofs of claim bar date and a link to the Kroll case-specific website via mail, social media, and email, and to enter any further relief to which the Court finds is just.

*[Remainder of page left intentionally blank.  Signature page follows.]*

Dated: April 22, 2025

Respectfully submitted,

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**RACHEL R. OBALDO**
Chief for Bankruptcy & Collections Division

*/s/ Layla D. Milligan*
LAYLA D. MILLIGAN
Texas State Bar No. 24026015
ROMA N. DESAI
Texas Bar No. 24095553
STEPHANIE EBERHARDT
Texas Bar No. 24084728
Assistant Attorneys General
Office of the Texas Attorney General
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
P: (512) 463-2173/F: (512) 936-1409
layla.milligan@oag.texas.gov
roma.desai@oag.texas.gov
stephanie.eberhardt@oag.texas.gov

ATTORNEYS FOR THE STATE OF TEXAS

**CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing document was filed electronically on the 22nd day of April 2025, with the United States Bankruptcy Court, and has been served on the parties in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

      */s/ Layla D. Milligan*
      LAYLA D. MILLIGAN
      Texas Bar No. 24026015
      Assistant Attorney General
      Office of the Texas Attorney General
      Bankruptcy & Collections Division
      P. O. Box 12548
      Austin, Texas 78711-2548
      P: (512) 463-2173/F: (512) 936-1409
      layla.milligan@oag.texas.gov