UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**23ANDME HOLDING CO.,** *et al.*,[1]<br>　　　　　Debtors. | Case No. 25-40976-357<br>Chapter 11<br><br>(Jointly Administered)<br><br>Hearing Date: April 22, 2025<br>Hearing Time: 1:30 p.m.<br><br>Related Docs. 34, 117 |

**FINAL ORDER
(I) AUTHORIZING THE EMPLOYMENT
AND RETENTION OF ALVAREZ & MARSAL
NORTH AMERICA, LLC AND (II) DESIGNATING
MATTHEW E. KVARDA AS CHIEF RESTRUCTURING
OFFICER OF THE DEBTORS AND CERTAIN ADDITIONAL
PERSONNEL, IN EACH CASE, EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application")[2] of the Debtors for entry of a final order (this "Final Order") (a) authorizing the Debtors to employ and retain A&M and (b) designating Matthew E. Kvarda as Chief Restructuring Officer of the Debtors, in each case, effective as of the Petition Date, both as more fully set forth in the Application; and upon the Kvarda Declaration in support of the Application; and the Court having jurisdiction to consider the Application and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334 and rule 9.01(B)(1) of the Local

---

[1]   The Debtors in each of these cases, along with the last four digits of each Debtor's federal tax identification number, are: 23andMe Holding Co. (0344), 23andMe, Inc. (7371), 23andMe Pharmacy Holdings, Inc. (4690), Lemonaid Community Pharmacy, Inc. (7330), Lemonaid Health, Inc. (6739), Lemonaid Pharmacy Holdings Inc. (6500), LPharm CS LLC (1125), LPharm INS LLC (9800), LPharm RX LLC (7746), LPRXOne LLC (3447), LPRXThree LLC (3852), and LPRXTwo LLC (1595). The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

Rules of the United States District Court for the Eastern District of Missouri; and consideration of the Application being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having provided notice of the Application and Hearing (as defined below) to the Notice Parties; and the Court having held a hearing to consider the requested relief (the "Hearing"); and the record of the Hearing, and all of the proceedings before the Court, the Court finds and determines that the requested relief is in the best interests of the Debtors, their estates, creditors, and all parties in interest; the Debtors have provided due and proper notice of the Application and Hearing and no further notice is necessary; the legal and factual bases set forth in the Application establish just and sufficient cause to grant the requested relief herein; IT IS HEREBY ORDERED THAT:

      1.      The Application is granted on a final basis as set forth in this Final Order and the provisions set forth in the Engagement Letter (and all attachments thereto), including without limitation, the compensation provisions and the indemnification provisions, as modified by the Application and this Final Order, are reasonable terms and conditions of employment and are hereby approved.

      2.      Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are hereby authorized to retain and employ A&M, to designate Matthew E. Kvarda as the Debtors' Chief Restructuring Officer, and to employ certain Additional Personnel as necessary to assist the Chief Restructuring Officer in the execution of their duties, in each case, effective as of the Petition Date and on the terms set forth in the Engagement Letter; subject to the following terms, which apply notwithstanding anything in the Engagement Letter or the Application or any Exhibits related thereto to the contrary:

(a) A&M and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned cases.

(b) In the event the Debtors seek to have A&M personnel assume executive officer positions that are different than the positions disclosed in the Application, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new executive officers, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

(c) A&M shall file with the Court with copies to the United States Trustee ("U.S. Trustee") and all official committees, a report of staffing on the engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event an objection is filed.

(d) No principal, employee or independent contractor of A&M and its affiliates shall serve as a director of any of the above-captioned Debtors during the pendency of the above-captioned cases.

(e) A&M shall file with the Court, and provide notice to the U.S. Trustee and all official committees, reports of compensation earned and expenses incurred on a quarterly basis. Such reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. All compensation shall be subject to review by the Court in the event an objection is filed.

(f) Notwithstanding the requirements of paragraph (e) above, the Debtors are authorized, but not directed, to pay, in the ordinary course of business, all amounts invoiced by A&M for fees and expenses incurred in connection with A&M's retention.

(g) Completion fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a

reasonableness standard and are not being pre-approved by entry of this Order.  No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause (other than in connection with a sale of all or substantially all of the Debtors' assets upon which A&M will still be paid the Completion Fee in accordance with the terms of the Engagement Letter), or appointment of a trustee.

(h) For a period of three years after the conclusion of the engagement, neither A&M nor any of its affiliates shall make any investments in the Debtors or the Reorganized Debtors.

(i) A&M shall disclose any and all facts that may have a bearing on whether A&M, its affiliates, and/or any individuals working on the engagement have any interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. The obligation to disclose identified in this subparagraph is a continuing obligation.

3. The Debtors are permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' directors and officer policy.  Subject to the foregoing, during these chapter 11 cases, there shall otherwise be no indemnification of A&M or its affiliates.

4. If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (b) the entry of an order closing these chapter 11 cases, A&M believes that it (or its personnel) is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter and as modified by this Final Order, including without limitation the advancement of defense costs, A&M must file an application therefore in this Court, and the Debtors may not pay any such amounts to A&M before

the entry of an order by this Court approving the payment. This subparagraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by A&M for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify A&M's personnel. All parties in interest shall retain the right to object to any demand by A&M (or its personnel) for indemnification, contribution or reimbursement.

5. To the extent there is inconsistency between the terms of the Engagement Letter, the Application, the Kvarda Declaration, and this Final Order, the terms of this Final Order shall govern.

6. Notice of the Application as provided therein is hereby deemed good and sufficient notice of such Application and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

7. Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all such actions as necessary to effectuate the relief granted in this Final Order in accordance with the Application.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

10. No later than two business days after the date of this Final Order, the Debtors shall serve on the Notice Parties a copy of the Final Order and shall file a certificate of service no later than 24 hours after service.

Dated:  April 23, 2025
St. Louis, Missouri
cjs

Brian C. Walsh
United States Bankruptcy Judge

**Order Prepared By:**

**Carmody MacDonald P.C.**
Thomas H. Riske #61838MO
Nathan R. Wallace #74890MO
Jackson J. Gilkey #73716MO
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
Telephone:	(314) 854-8600
Facsimile:	(314) 854-8660
Email:		thr@carmodymacdonald.com
		nrw@carmodymacdonald.com
		jjg@carmodymacdonald.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Paul M. Basta (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Jessica I. Choi (admitted *pro hac vice*)
Grace C. Hotz (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone:	(212) 373-3000
Facsimile:	(212) 757-3990
Email:		pbasta@paulweiss.com
		chopkins@paulweiss.com
		jchoi@paulweiss.com
		ghotz@paulweiss.com

*Counsel to the Debtors and Debtors in Possession*