UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>23ANDME HOLDING CO., *et al.*,[1]<br><br>Debtors. | Case No. 25-40976-357<br>Chapter 11<br><br>(Jointly Administered)<br><br>Hearing Date: April 22, 2025<br>Hearing Time: 1:30 p.m.<br><br>Related Docs. 10 & 131 |

### FINAL ORDER (I) ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the Debtors for entry of a final order (this "Final Order") (a) implementing certain notice, case management, and administrative procedures (the "Procedures") in connection with the administration of these chapter 11 cases and (b) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and rule 9.01(B) of the Local Rules of the United States District Court for the Eastern District of Missouri; and this Court having found that this is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1] The Debtors in each of these cases, along with the last four digits of each Debtor's federal tax identification number, are: 23andMe Holding Co. (0344), 23andMe, Inc. (7371), 23andMe Pharmacy Holdings, Inc. (4690), Lemonaid Community Pharmacy, Inc. (7330), Lemonaid Health, Inc. (6739), Lemonaid Pharmacy Holdings Inc. (6500), LPharm CS LLC (1125), LPharm INS LLC (9800), LPharm RX LLC (7746), LPRXOne LLC (3447), LPRXThree LLC (3852), and LPRXTwo LLC (1595). The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Procedures set forth herein are approved and shall govern all aspects of these chapter 11 cases, except as otherwise ordered by the Court.

3. If the Procedures conflict with the Bankruptcy Rules, the Local Rules, or the Procedures Manual, the Procedures govern and supersede such rules and shall apply to these chapter 11 cases.

**A.      Filing Court Documents**

4. In accordance with Local Rule 5005(A), all (a) motions, applications, and other matters (collectively, the "Motions for Relief") that require notice and/or a hearing, (b) objections and responses to Motions for Relief (collectively, the "Objections"), (c) replies to Objections (the "Replies"), and (d) other documents filed with the Court (collectively with the Motions for Relief, the Objections, and the Replies, the "Court Documents") by parties represented by an

attorney shall be filed electronically with the Court by registered users of the Court's Electronic Case Files system (the "ECF System").[3]

**B.     Service of Court Documents**

5.     Any party in interest who files a notice of appearance or request for service of papers by means other than through the ECF System (each, a "Non-ECF Party") shall be served each Court Document by U.S. mail or email (if an email address has been provided) unless the Non-ECF Party agrees that such service shall not be required.

6.     Each Court Document shall separately be served via U.S. mail or email (in addition to service via the ECF System) on (a) counsel to the Debtors, (i) Paul, Weiss, Rifkind, Wharton & Garrison LLP and (ii) Carmody MacDonald P.C; (b) the Debtors' authorized claims and noticing agent, Kroll Restructuring Administration LLC (the "Claims and Noticing Agent"); (c) the Office of the United States Trustee for the Eastern District of Missouri (the "U.S. Trustee"); (d) counsel to any official committee appointed in these cases; (e) the agent/lender under any proposed postpetition financing facility and its counsel, if applicable; (f) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (g) the law firms representing plaintiffs who have filed or asserted claims arising out of the Cyber Security Incident as of the Petition Date; (h) the United States Attorney's Office for the Eastern District of Missouri; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k) the state attorneys general in all 50 states; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Core Parties").  The Debtors shall maintain a service list of the Core Parties (the "Core Parties List"), which shall replace the Master Service and Master Notice List

---

[3] Information on the ECF System, including how to obtain a login and password, can be found at https://www.moeb.uscourts.gov/cmecf-login-and-password-information.

required under Local Rule 9013-3(D).  The Core Parties List will be available from the Claims and Noticing Agent by request.

7. Each Court Document shall also be separately served (in addition to service via the ECF System) on each person, entity, and governmental agency with a particularized interest in such Court Document (each, a "Particularized Interest Party").  Core Parties (and no other parties) shall be authorized to serve all Court Documents by email on any relevant Particularized Interest Party or counsel thereto, unless any statute or rule requires service by other means.  All other parties shall serve Court Documents on the Particularized Interest Parties in accordance with judicial order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

8. All Court Documents served by a party via email (other than through the ECF System) shall include one or more attachments containing the entire Court Document, including the proposed form of order and any exhibits and attachments thereto, in PDF format or, in the case of the Debtors, a hyperlink copy of such Court Document on the Case Information Website.  Notwithstanding the foregoing, if a Court Document cannot be attached to an email (because of size, technical difficulties, or otherwise) and, in the case of the Debtors, cannot be made available on the Case Information Website, the serving party may, in its sole discretion, (a) serve the entire Court Document by U.S. mail, hand delivery, overnight delivery, or facsimile, including the proposed form of order and any exhibits, attachments, and other relevant materials, or (b) serve a notice by email stating that the Court Document cannot be attached but is available on the Court's ECF System or the Case Information Website (the "Alternate Notice") and will be mailed only if requested by the party receiving the notice.

9. Service of a Court Document through the ECF System shall be effective as of the date such Court Document is posted on the Court's ECF System.  Service on a party by email

(other than through the ECF System) shall be effective as of the date the Court Document or Alternate Notice is transmitted by email to the address provided by such party.

10. Upon the filing of any Court Document, other than a Motion for Relief seeking emergency or expedited relief, the filing party shall file with the Court a certificate of service ("Proof of Service") in accordance with the Local Rules and the Procedures within three business days of the related Court Document being filed. In the case of a Motion for Relief seeking emergency or expedited relief, a Proof of Service must be filed within 24 hours of the related Motion for Relief being filed. Proofs of Service need not be served on any party.

11. The Debtors are authorized to implement the following notice procedures as they relate to the Represented Cyber Security Incident Claimants (the "Represented Cyber Security Incident Claimants Notice Procedures"), except as may otherwise be ordered by the Court:

    a. send via email or U.S. mail (or direct the Claims and Noticing Agent to send via email or U.S. mail) Court Documents, notices, mailings, and other related communications to the counsel of record for the Represented Cyber Security Incident Claimants, in the manner required pursuant to these Procedures; provided that the Debtors will (or direct the Claims and Noticing Agent to) send via email or U.S mail Court Documents, notices, mailings, and other communications directly to any Represented Cyber Security Incident Claimants who so request such direct notice from the Debtors in writing or who file a request for notice under Bankruptcy Rule 2002; and

    b. for counsel representing multiple Represented Cyber Security Incident Claimants, serve each document only a single time on such counsel (at each relevant address or email address) on behalf of all of such counsel's clients.

12. The Represented Cyber Security Incident Claimants Notice Procedures shall not apply to members of the class (the "Cyber Class Action Members") in the settlement preliminarily and conditionally approved in the multidistrict litigation currently pending before the

Honorable Edward M. Chen of the Northern District of California, MDL No. 3098 (the "Cyber Class Action") who are represented by class counsel but whose contact information is known to the Debtors, not class counsel. For the avoidance of doubt, named plaintiffs in the Cyber Class Action shall receive notice pursuant to the Represented Cyber Security Incident Claimants Notice Procedures.[4]

13. Except as relates to notice of the bar date and plan solicitation and voting procedures, both of which are reserved for further determination, or as otherwise provided by subsequent order of this Court, the Debtors are not required to provide further notice to the Represented Cyber Security Incident Claimants beyond the Represented Cyber Security Incident Claimants Notice Procedures set forth herein. All issues surrounding the right of Cyber Security Incident Claimants to file class proofs of claim are reserved.

14. For Cyber Security Incident Claimants who, in their individual capacity and without representation by counsel, have asserted Cyber Security Incident Claims against the Debtors as of the Petition Date (such claimants, the "Pro Se Cyber Security Incident Claimants"), the Debtors are authorized to send via email or U.S. mail Court Documents, notices, mailings, and other related communications directly to such Cyber Security Incident Claimants but only to the extent that the Debtors have reasonable access to such Cyber Security Incident Claimants' contact information (*i.e.*, mailing address or email); *provided* that, for the avoidance of doubt, Pro Se Cyber Security Incident Claimants do not include any Cyber Class Action Members that are represented by class counsel in the Cyber Class Action and have not asserted Cyber Security Incident Claims against the Debtors as of the Petition Date other than through class counsel in the Cyber Class Action.

---

[4] The Debtors reserve all rights with respect to the treatment of the Cyber Class Action in these chapter 11 cases.

15. Subject to the provisions of paragraphs 12 through 14 herein, notice and service accomplished in accordance with the provisions set forth in this Final Order shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

C. **Scheduling of Hearings and Deadlines for Filing Court Documents**

16. The Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings ("Omnibus Hearings") at which Motions for Relief and other requests shall be heard. At least two days before any Omnibus Hearing, the Debtors shall file with the Court an agenda that sets forth each matter to be heard at such Omnibus Hearing. The Debtors may update or amend that agenda from time to time thereafter to the extent necessary. The matters listed on the agenda shall be limited to matters of substance and shall not include administrative filings, such as notices of appearance and Proofs of Service.

17. Unless otherwise ordered by the Court, the following guidelines shall apply to all Omnibus Hearings:

   a. Except for expedited or emergency matters heard under Local Rule 9013-2, Motions for Relief shall not be considered by the Court unless filed and served in accordance with these Procedures at least 21 days before the next available Omnibus Hearing.

   b. Hearings in connection with claims objections, pre-trial conferences, trials related to adversary proceedings, and Motions for Relief on an expedited basis may be scheduled for dates other than the regular Omnibus Hearing dates. However, initial pre-trial conferences scheduled in connection with adversary proceedings shall be set on the next available Omnibus Hearing date that is at least 45 days after the filing of the complaint, except as otherwise ordered by the Court.

   c. Unless the Court directs otherwise, if a Court Document purports to set a hearing date that is inconsistent with the Procedures, the hearing shall be scheduled, without the necessity of Court order, for the next available Omnibus Hearing date in accordance with these Procedures, and the Debtors shall provide the movant with notice of these Procedures.

      d. Subject to Local Rules 9013-2(C) and (D), if a non-Debtor movant or applicant intends to seek emergency or expedited relief, the non-Debtor movant or applicant shall be required to provide the Debtors' attorneys three business days' notice prior to seeking such emergency or expedited relief.

18. The three-day extension for additional time after service by mail as set forth in Bankruptcy Rule 9006(f) shall not apply to parties duly served by email, the ECF System, or other electronic transmission.

19. Notwithstanding any Local Rule, unless otherwise ordered by the Court, the deadline for any party to file an Objection (the "Objection Deadline") to any Motion for Relief, other than a motion seeking relief from the automatic stay filed by a non-Debtor party, shall be by 4:00 p.m. (prevailing Central Time) on the date that is seven days before the date of the hearing on such Motion for Relief. The Objection Deadline may be extended with the consent of the movant or applicant without further order of the Court. No Objection shall be considered timely unless filed with the Court and served on or before the applicable Objection Deadline. All parties filing an Objection shall include their telephone number and email address in the signature block on the last page of the Objection.

20. If an Objection is filed, then, unless otherwise ordered by the Court, any Reply shall be filed with the Court and served in accordance with these Procedures on or before 11:59 p.m. (prevailing Central Time) on the date that is one day before the date of the applicable hearing.

21. The Debtors are permitted to file omnibus responses to Objections.

22. If a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the scheduled hearing, the parties may announce the settlement at the scheduled hearing. If the Court determines that the notice of the dispute and the hearing is an adequate notice of the effects of the settlement (*i.e.*, that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully

litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.

23. Unless otherwise ordered by the Court, these Procedures shall not supersede the requirements for notice of the proceedings described in Bankruptcy Rules 2002(a)(1), (a)(4)–(a)(5) and (a)(7)-(a)(8), 2002(b), 2002(d), and 2002(f).

**D.  Motions for Relief from the Automatic Stay**

24. In accordance with Local Rule 4001-1(B), notwithstanding anything contained herein, unless otherwise ordered by the Court, a motion for relief from the automatic stay (a "Stay Relief Motion") filed by any party other than the Debtors pursuant to section 362 of the Bankruptcy Code shall ordinarily be set for an Omnibus Hearing giving a minimum of 21 days' notice, and the Objection Deadline for such Stay Relief Motion shall be seven days before the scheduled hearing.

25. Notwithstanding section 362(e) of the Bankruptcy Code, if a hearing on a Stay Relief Motion filed by a party other than the Debtors under section 362(d) of the Bankruptcy Code is scheduled for a date that is more than 30 days from the date of such Stay Relief Motion, or if such Stay Relief Motion is adjourned upon the consent of the Debtors and the moving party to a date that is more than 30 days from the date of such Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

**E.  Form of Court Documents**

26. Notwithstanding section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n), notices given by the Debtors shall not be required to contain the address and taxpayer identification numbers of the Debtors.

27. The page limitation set forth in Local Rule 9004(C) shall not apply to Court Documents filed in these cases.

28. Nothing in these Procedures shall prejudice the right of any party to move the Court to order relief under (a) section 107(b) of the Bankruptcy Code or Bankruptcy Rule 9018 to protect any entity with respect to a trade secret or confidential research, development, or commercial information or to protect a person with respect to scandalous or defamatory matter contained in a Court Document filed in these cases or (b) section 107(c) of the Bankruptcy Code to protect any individual with respect to disclosure of any information contained in a Court Document filed in these cases that would create an undue risk of identity theft or other unlawful injury to the individual or such individual's property. If the Debtors seek approval of or authorization from the Court to assume, reject, enter into, approve, honor, or assign any agreement, including contracts, leases, financing agreements, settlement agreements, consent orders, and any other arrangement or instrument of any kind, or if the Debtors are otherwise required to refer to the terms or provisions of any such instrument in a Court Document, and such instrument contains confidential or proprietary information or information that if disclosed would create an undue risk of harm with respect to an individual or such individual's property, the Debtors need not file such instrument with the Court unless requested to do so by the Court or a party in interest, and the Debtors shall be entitled at the time of such request, and before filing such instruments, to seek relief under sections 107(b) or 107(c) of the Bankruptcy Code or Bankruptcy Rule 9018 with respect to such instrument.

F. **Proposed Orders**

29. A proposed order relating to any Court Document shall be emailed to 23andMeTeam@ra.kroll.com immediately after the filing of the applicable Court Document for posting on the Debtors' Case Information Website. The email shall (a) attach the proposed order

and the as-filed Court Document in PDF format, and (b) include the title and ECF docket number of the applicable Court Document. The subject line of the email message shall state "Proposed Order for posting to 23andMe Case Website." The applicable Court Document that seeks entry of such proposed order shall include the following (or a substantially similar) statement: "Copies of the proposed order granting the relief requested herein will be made available on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/23andMe." Proposed orders that have been properly submitted in accordance herewith will be posted on the Debtors' Case Information Website at https://restructuring.ra.kroll.com/23andMe.

30. If such proposed order is not provided to the Debtors' Claims and Noticing Agent for posting on the Case Information Website within two business days of the filing of the applicable Court Document as provided for herein, the Debtors may contact the applicable party requesting such party provide the proposed order as soon as practicable in accordance with this Final Order.

31. Proposed orders shall not be filed on the Court's docket but parties shall email a final version of the proposed order to the Court as provided in the Court's Procedure Manual.[5] The title of any proposed order shall describe the Court Document to which it relates by title and shall indicate whether the order grants or denies the requested relief. The text of the proposed order shall (a) be sufficiently descriptive to clearly state the relief granted or denied, including a description of any property subject to the order, and (b) contain the name and address of the person who prepared the proposed order. Parties shall also email the final version of the proposed order to the Court, as provided in the Court's Procedures Manual. Serving a proposed order in accordance with these Procedures will be deemed to satisfy the requirements of Local Rule 9050.

---

[5] The Court's Procedures Manual is available at https://www.moeb.uscourts.gov/sites/moeb/files/USBC%20EDMO%20Procedures%20Manual%20Rev%20120123.pdf.

Final orders entered in these cases shall be served on Core Parties and Particularized Interest Parties by the party submitting the proposed order.

**G.     Video Conference Appearances**

33. Parties who wish to attend hearings by video conference must contact Judge Brian C. Walsh's Courtroom Deputy at 314-244-4806 or by email at BCW_Matters@moeb.uscourts.gov.

**H.     Noticing and Case Information Website**

33. The Debtors, in cooperation with the Claims and Noticing Agent, are hereby authorized to create and maintain an independent Case Information Website for the posting of certain information regarding the Debtors' chapter 11 cases, including, in the Debtors' sole discretion, certain orders, decisions, or other Court Documents. The Court's website, www.moeb.uscourts.gov, may include a link to the Case Information Website.

34. The Case Information Website shall display a disclaimer substantially similar to the following:

> This website is created and maintained by Kroll Restructuring Administration LLC ("Kroll"), the claims and noticing agent for 23andMe Holding Co. and its Debtor subsidiaries (collectively, the "Debtors"). The information contained on this website is provided for informational purposes only and should not be construed as legal, financial, or other professional advice or, unless expressly stated, as the Debtors' or Kroll's official position on any subject matter. Users of this website should not take or should refrain from taking any action based upon content included in the website without seeking legal counsel on the particular facts and circumstances at issue from a licensed attorney.
>
> The Debtors and Kroll do not guarantee or warrant the accuracy, completeness, or currency of the information that is provided herein, and shall not be liable to you for any loss or injury arising out of, or caused in whole or in part by, the acts, errors, or omissions of the Debtors or Kroll, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained on this website. The Debtors and Kroll expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify you or any third party, should the information be updated, modified, revised, or recategorized. In no event shall the Debtors or Kroll

be liable to you or any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors, or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or Kroll are advised of the possibility of such damages. This website should not be relied on as a substitute for financial, legal, or other professional advice.

It is your sole obligation to maintain accurate records of the documents filed in the chapter 11 cases, based on the Court's dockets relating to the chapter 11 cases, which can be accessed through the Court's website at www.moeb.uscourts.gov (a PACER login and password are needed to view these documents and can be obtained at http://pacer.psc.uscourts.gov). The Debtors' website is being made available merely as a convenience to interested parties and the public.

Electronic mail or other communications through this website, or otherwise, to the Debtors, their counsel, or Kroll in connection with these or other matters will not be treated as privileged or confidential. Transmission and receipt of the information in this website and/or communication with the Debtors or Debtors' counsel via email is not intended to solicit or create, and does not create, an attorney-client relationship between Debtors' counsel and any person or entity. The Debtors and Kroll do not endorse or warrant, and are not responsible for, any third-party content that may be accessed from this website.

The Debtors and Kroll make no claim to original U.S. Government works. None of the Debtors, or any of their respective directors, officers, employees, members, attorneys, consultants, advisors, or agents (acting in such capacity), including Kroll (collectively, the "Exculpated Parties"), shall have or incur any liability to any entity (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code) for any act taken or omitted to be taken in connection with the preparation, dissemination, or implementation of this website; *provided* however, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph that otherwise would result from any such act or omission to the extent that such act or omission is determined in a final, non-appealable order to have constituted a breach of fiduciary duty, gross negligence, or willful misconduct, including fraud and criminal misconduct, or the breach of any confidential agreement or order. Without limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

35. The Claims and Noticing Agent shall maintain a master list containing the name and address of each creditor of the Debtors (the "Creditor Matrix"), which Creditor Matrix will not include Cyber Security Incident Claimants that are not Represented Cyber Security Incident

Claimants or Pro Se Cyber Security Incident Claimants in these cases.  The Debtors shall file with the Court the Creditor Matrix and, on a periodic basis, any amendments thereto.

**I.**     **Amendments and Notice of Order**

36.     The Debtors may seek to amend the Procedures occasionally throughout the chapter 11 cases and shall present such amendments to the Court by a Motion for Relief in accordance with this Final Order.

37.     The Debtors shall make this Final Order available on the Case Information Website, and, within three days after its entry, serve it by U.S. mail, hand delivery, facsimile or email on the Core Parties and all parties that, prior to the date of the entry of this Final Order, have requested notice pursuant to Bankruptcy Rule 2002.

**J.**     **Time**

38.     Any time period prescribed or allowed by these Procedures shall be computed in accordance with Bankruptcy Rule 9006.  Nothing in these Procedures shall prejudice the right of any party to move the Court to request an enlargement or reduction of any time period under Bankruptcy Rules 2002(m), 9006(b), or 9006(c).

**K.**     **Miscellaneous**

39.     Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed:  (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement,

contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (h) a waiver of the obligation of any party in interest to file a proof of claim; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection of, or seek avoidance of, all such liens.

40. Notice of the Motion as provided therein is hereby deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

41. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

42. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

43. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

44. No later than two business days after the date of this Final Order, the Debtors shall serve on the Notice Parties a copy of the Final Order and shall file a certificate of service no later than 24 hours after service.

Dated: April 28, 2025
St. Louis, Missouri
cjs

_____
Brian C. Walsh
United States Bankruptcy Judge

**Order Prepared By:**

**Carmody MacDonald P.C.**
Thomas H. Riske #61838MO
Nathan R. Wallace #74890MO
Jackson J. Gilkey #73716MO
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
Telephone:   (314) 854-8600
Facsimile:   (314) 854-8660
Email:       thr@carmodymacdonald.com
             nrw@carmodymacdonald.com
             jjg@carmodymacdonald.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Paul M. Basta (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Jessica I. Choi (admitted *pro hac vice*)
Grace C. Hotz (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone:   (212) 373-3000
Facsimile:   (212) 757-3990
Email:       pbasta@paulweiss.com
             chopkins@paulweiss.com
             jchoi@paulweiss.com
             ghotz@paulweiss.com

*Counsel to the Debtors and Debtors in Possession*