**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>23ANDME HOLDING CO., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-40976-357<br><br>(Jointly Administered)<br><br>Related Docket Nos.: 169, 181, 195, 239, 244, 246, 248, 254, 282, 284 |

**NOTICE WITH RESPECT TO JOINT STIPULATION
AND AGREED ORDER DIRECTING THE UNITED STATES
TRUSTEE TO APPOINT A CONSUMER PRIVACY OMBUDSMAN**

**PLEASE TAKE NOTICE** that on April 7, 2025, the Debtors filed their *Motion for Entry of an Order (I) Appointing an Independent Customer Data Representative and (II) Granting Related Relief* [Docket No. 169] (the "CDR Motion").

**PLEASE TAKE FURTHER NOTICE** that subsequent to the Debtors filing the CDR Motion, certain governmental parties (the "Governmental Parties") and the United States Trustee (the "UST") filed various motions seeking to appoint a Consumer Privacy Ombudsman in lieu of the Customer Data Representative and seeking related relief (collectively, the "CPO Motions").

**PLEASE TAKE FURTHER NOTICE** that the Debtors engaged in discussions with the Governmental Parties, the UST, and the Official Committee of Unsecured Creditors (the

---

[1] The Debtors in each of these cases, along with the last four digits of each Debtor's federal tax identification number, are: 23andMe Holding Co. (0344), 23andMe, Inc. (7371), 23andMe Pharmacy Holdings, Inc. (4690), Lemonaid Community Pharmacy, Inc. (7330), Lemonaid Health, Inc. (6739), Lemonaid Pharmacy Holdings Inc. (6500), LPharm CS LLC (1125), LPharm INS LLC (9800), LPharm RX LLC (7746), LPRXOne LLC (3447), LPRXThree LLC (3852), and LPRXTwo LLC (1595). The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

"Committee" and collectively, with the Debtors, the UST, and the Governmental Parties, the "Parties"), with the goal of consensually resolving the issues raised by the CPO Motions.

**PLEASE TAKE FURTHER NOTICE** that the foregoing conversations resulted in the Parties reaching an agreement in principle on a consensual resolution of the CDR Motion and the CPO Motion as reflected in a *Joint Stipulation and Agreed Order Directing the United States Trustee to Appoint a Consumer Privacy Ombudsman* (the "Stipulation"),[2] the substantially final form of which is attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that the Parties will file an executed Stipulation by the Parties that have consented to entry of the Stipulation ahead of the hearing on the CDR Motion and CPO Motions, and the Debtors intend to request the Court enter the stipulation in lieu of a ruling on the CDR Motion or CPO Motions at such hearing.

[*Remainder of page intentionally left blank.*]

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Stipulation.

| | |
|---|---|
| Dated: April 28, 2025<br>St. Louis, Missouri | Respectfully submitted,<br><br>**Carmody MacDonald P.C.**<br>/s/ *Thomas H. Riske*<br>Thomas H. Riske #61838MO<br>Nathan R. Wallace #74890MO<br>Jackson J. Gilkey #73716MO<br>120 S. Central Avenue, Suite 1800<br>St. Louis, Missouri 63105<br>Telephone:    (314) 854-8600<br>Facsimile:    (314) 854-8660<br>Email:          thr@carmodymacdonald.com<br>                    nrw@carmodymacdonald.com<br>                    jjg@carmodymacdonald.com<br><br>- and -<br><br>**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**<br>Paul M. Basta (admitted *pro hac vice*)<br>Christopher Hopkins (admitted *pro hac vice*)<br>Jessica I. Choi (admitted *pro hac vice*)<br>Grace C. Hotz (admitted *pro hac vice*)<br>1285 Avenue of the Americas<br>New York, New York 10019<br>Telephone:    (212) 373-3000<br>Facsimile:    (212) 757-3990<br>Email:          pbasta@paulweiss.com<br>                    chopkins@paulweiss.com<br>                    jchoi@paulweiss.com<br>                    ghotz@paulweiss.com<br><br>*Counsel to the Debtors and Debtors in Possession* |

## __Exhibit A__

**Stipulation**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>23ANDME HOLDING CO., *et al.*,[1]<br><br>                         Debtors. | Chapter 11<br><br>Case No. 25-40976<br><br>(Jointly Administered)<br><br>Responses Due: April 22, 2025<br>Hearing Date: April 29, 2025<br>Hearing Time: 1:30 PM CDT<br>Hearing Location:<br>Thomas F. Eagleton U.S. Courthouse<br>111 S. 10th Street<br>Courtroom 5 North<br>St. Louis, MO 63102 |

**JOINT STIPULATION AND AGREED ORDER DIRECTING THE
UNITED STATES TRUSTEE TO APPOINT A CONSUMER PRIVACY OMBUDSMAN**
(*Relates to Docket Nos 169, 181, 195, 239, 244, 246, 248, 254, 282, 284*)

This stipulation and agreed order ("Stipulation") is made this [●]th day of April 2025 by each of the above-captioned debtors in possession (collectively, the "Debtors"), the United States Trustee ("UST"), the Official Committee of Unsecured Creditors (the "Committee") and the state governmental entities signatory hereto (the "Signatory Governmental Parties," and together with the Debtors and UST, the "Parties").

---

[1] The Debtors in each of these cases, along with the last four digits of each Debtor's federal tax identification number, are: 23andMe Holding Co. (0344), 23andMe, Inc. (7371), 23andMe Pharmacy Holdings, Inc. (4690), Lemonaid Community Pharmacy, Inc. (7330), Lemonaid Health, Inc. (6739), Lemonaid Pharmacy Holdings Inc. (6500), LPharm CS LLC (1125), LPharm INS LLC (9800), LPharm RX LLC (7746), LPRXOne LLC (3447), LPRXThree LLC (3852), and LPRXTwo LLC (1595). The Debtors' service address for purposes of these Chapter 11 Cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

**Recitals**

WHEREAS, on March 23, 2025, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Missouri (the "Court");

WHEREAS, the Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on March 28, 2025, the Court entered the *Order (I) Approving Bidding Procedures for the Sale of the Debtors' Assets, (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of the Notice Thereof, (IV) Approving Procedures Regarding Entry into Stalking Horse Agreement(s), If Any, (V) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (VI) Approving Procedures for the Sale, Transfer, or Abandonment of De Minimis Assets, and (VII) Granting Related Relief* [Docket No. 125], which order set forth, among other things, certain procedures governing the sale of all or any portion of the Debtors' assets (the "Bidding Procedures");

WHEREAS, on April 7, 2025, Debtors filed their Motion for Entry of an *Order (I) Appointing an Independent Customer Data Representative and (II) Granting Related Relief* [Docket No. 169];

WHEREAS, on April 9, 2025, the State of Texas filed its Motion for *Order Appointing a Consumer Privacy Ombudsmen Under 11 U.S.C. §§ 105(a), 332, and 363(b)(1) and Notice of Hearing* [Docket No. 181];

WHEREAS, on April 10, 2025, the UST filed its *(I) Motion for Appointment of Consumer Privacy Ombudsman Or, In the Alternative, Appointment of an Examiner and (II) Objection to*

2

*Debtors' Motion for Appointment of Independent Customer Data Representative* [Docket No. 195];

WHEREAS, on April 15, 2025, the State of Arizona, State of Connecticut, District of Columbia, State of Florida, Office of the Illinois Attorney General, State of Louisiana, State of Maine, the Michigan Attorney General, *ex rel.* The People of the State of Michigan, New Hampshire Office of the Attorney General, Consumer Protection Division, New Mexico Department of Justice, New York State Attorney General's Office, State of North Carolina, Ohio Attorney General, the State of South Carolina, State of Utah, State of Vermont, Commonwealth of Virginia, Washington Attorney General, Office of the West Virginia Attorney General, and State of Wisconsin, by and through bankruptcy counsel for the National Association of Attorneys General, together with the State of Colorado, Commonwealth of Kentucky, State of Minnesota, and State of Oregon, filed their *Motion for the Appointment of a Consumer Privacy Ombudsman and a Security Examiner Pursuant to 11 U.S.C. Sections 105(a), 332, 363(b)(1) and Federal Rule of Bankruptcy Procedure 6004(G) and Notice of Hearing* [Docket No. 239];

WHEREAS, on April 15, 2025, the People of the State of California filed its *Joinder to: (1) Motion for Appointment of Consumer Privacy Ombudsman Under 11 U.S.C. §§ 105(A), 332, and 363(B)(1) Filed by Interested Party State of Texas; (2) Motion for Appointment of Consumer Privacy Ombudsman or, In the Alterative, Appointment of an Examiner and (II) Objection to Debtor's Motion for Appointment of Independent Customer Data Representative Filed by U.S. Trustee Office; and (3) Motion for Appointment of Consumer Privacy Ombudsman and Security Expert Filed by Interested Parties NAAG Client States, State of Minnesota, State of Oregon* [Docket No. 244];

3

WHEREAS, on April 15, 2025, the State of Alaska filed its *Notice of Joinder and Statement in Support of the UST's (I) Motion for Appointment of Consumer Privacy Ombudsman or, in the Alternative, Appointment of an Examiner and (II) Objection to Debtors' Motion for Appointment of Independent Customer Data Representative* [Docket No. 246];

WHEREAS, on April 15, 2025, the State of Missouri filed its *Motion for Order Appointing a Consumer Privacy Ombudsman ("CPO") under 11 U.S.C. §§ 105(a), 332 and 365(b)(1) and Notice of Hearing* [Docket No. 248];

WHEREAS, on April 16, 2025, the Commonwealth of Pennsylvania filed its *Notice of Joinder by the Commonwealth of Pennsylvania in the UST's (I) Motion for Appointment of Consumer Privacy Ombudsman or, in the Alternative, Appointment of an Examiner and (II) Objection to Debtors' Motion for Appointment of Independent Customer Data Representative* [Docket No. 254];

WHEREAS, on April 21, 2025, the State of Tennessee filed its *Joinder to NAAG Client States' Motion for the Appointment of a Consumer Privacy Ombudsman and a Security Examiner Pursuant to 11 U.S.C. Sections 105(a), 332, 363(b)(1) and Federal Rule of Bankruptcy Procedure 6004(G)* [Docket No. 282];

WHEREAS, on April 22, 2025, the State of Indiana filed its *Joinder to the United States Trustee's Motion for Appointment of Consumer Privacy Ombudsman or, in the Alternative Examiner and Response to Debtors' Motion for Entry of an Order (I) Appointing an Independent Customer Data Representative and (II) Granting Related Relief* [Docket No. 284];

WHEREAS, hearings on the respective Motions described herein related to the appointment of a consumer privacy ombudsman or customer data representative are scheduled to take place on April 29, 2025, at 1:30 p.m. (Central Time); and

4

WHEREAS, the Parties have determined that it is in their best interests to enter into this Stipulation agreeing to (a) the appointment of a Consumer Privacy Ombudsman ("CPO") pursuant to 11 U.S.C. §§ 105(a), 332, and, solely with respect to the scope of the final report to be submitted by such CPO, 11 U.S.C. § 363(b); and (b) the submission of names of individuals who may qualify to serve as a CPO to the UST for consideration; and (c) cooperate with the CPO to fulfill duties as described herein.

**NOW, IT IS THEREFORE STIPULATED AND AGREED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION AS INDICATED BELOW, IT IS SO ORDERED AS FOLLOWS:**

1. The foregoing recitals are incorporated herein by reference.

2. The UST shall appoint a disinterested person with requisite experience applicable in the present case to serve as CPO.  Requisite experience may include: (a) an understanding of state, federal and foreign privacy laws, including, but not limited to genetic privacy laws and regulations; (b) experience reviewing and assessing the implementation of and compliance with privacy and data protection protocols and processes; (c) experience with cybersecurity, preferably holding recognized certifications in the field, such as the CISSP; (d) experience in the field of medical records and the sale or transfer thereof, including any and all applicable state and federal laws; and (e) ability to evaluate whether proposed purchasers' privacy policies comply with applicable laws.  The CPO may file a motion seeking to employ and retain professionals to assist the CPO in connection with the obligations and protocols set forth herein, with any such retention subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327; *provided* that all parties' rights with respect to any such retention are fully preserved.

3. The CPO shall conduct an examination and present a report to the Court pursuant to 11 U.S.C. §§ 332 and 363(b) to assist the court in its consideration of the facts, circumstances,

5

and conditions of any and all proposed sales or leases of personally identifiable information[2] ("PII") under any proposed sale(s) under the Bidding Procedures, which shall include, but is not limited to: (a) whether such sale or lease is consistent with the Debtors' privacy policies in effect or applicable to any persons or customers as of the Petition Date; (b) whether such sale or lease would not violate applicable nonbankruptcy law; (c) the potential losses or gains of privacy to consumers if such sale or lease is approved by the court; (d) the potential costs or benefits to consumers if such sale or lease is approved by the court; (e) the cybersecurity program and security controls utilized by any potential purchaser; (f) any alternatives or changes required or warranted under federal or state laws or regulations that would mitigate potential privacy losses or potential costs to consumers; and (g) the Debtors' existing cybersecurity program and security controls for the purposes of evaluating any of the items set forth in clauses (a) through (f) of this paragraph.[3] In connection with the CPO's assessment of which of the Debtors' privacy policies were in effect as of the Petition Date, the CPO shall review the historical changes to the Debtors' privacy policies and the effect of those changes, if any, on the applicability of the current policy to current and past customers, as well as any and all potential purchasers' policies regarding privacy and cybersecurity related to PII, including genetic data, research, and materials, and potential purchasers' compliance with applicable state and federal laws related thereto.

4. The CPO shall file a complete report pursuant to 11 U.S.C. §§ 332 and 363(b), including supporting documentation, with the Court no later than **seven (7) days** prior to any hearing involving the sale or lease of PII. To the extent any information contained within the

---

[2] Personally Identifiable Information as defined in 11 U.S.C. § 101(41A), including genetic data as well as health and personal information.

[3] The Parties agree that the CPO report does not constitute legal conclusions or findings of fact and does not bind the Parties or the Court.

report is confidential, describes the cybersecurity protocols utilized by the Debtors or any potential purchaser that might otherwise compromise existing security systems, or is subject to protection as PII, a redacted copy shall be filed with the Court, with an unredacted copy provided to Chambers, the Debtors, and the UST consistent with 11 U.S.C. § 107(c)(3), and to the Committee and the States, subject to a confidentiality agreement or protective order, as appropriate. Further unredacted copies will only be provided upon request and Court approval. For the avoidance of doubt, pursuant to 11 U.S.C. § 332(c), the CPO shall not disclose any PII obtained under Title 11. The CPO may seek additional time as necessary to complete the review contemplated herein, by the filing of a motion with the Court; *provided* that parties' rights to object to such a request are fully reserved.

5. The CPO shall be compensated in accordance with Section 330 of the Bankruptcy Code, and any professional hired by the CPO in accordance with this Stipulation shall be compensated under standards equivalent to those set forth in Section 330 of the Bankruptcy Code upon Court approval of a request for compensation. Any such compensation shall be subject to the allocation set forth in the budget attached as Exhibit 2 to the *Final Order (A) Authorizing the Debtors to Obtain Postpetition Financing, Grant Liens, Provide Superpriority Administrative Expense Claims and Use Cash Collateral, (B) Modifying the Automatic Stay, and (C) Granting Related Relief* [Docket No. 313] (the "DIP Budget"); *provided* that the CPO may request amounts in excess of the allocation set forth in the DIP Budget by filing a motion, with any such request subject to Court approval; *provided further* that all parties' rights with respect to any such request are fully preserved.

6. The Parties agree to use reasonable efforts to cooperate with the CPO in performance of the CPO's duties.

7. Nothing in this Stipulation or the relief sought and granted herein shall constitute or be deemed: (a) an admission by the Debtors or any party in interest of (i) any failure to comply with applicable privacy policies in effect on the date of the commencement of this bankruptcy case and (ii) whether any proposed sale or lease of PII complies with such policies; (b) a waiver of the Debtors' or any other party in interest's right to seek further recourse of the Court should any conflict arise related to the appointment and service of a CPO; (c) a waiver of the CPO's ability to seek remedy of this Court should parties fail to provide information and documentation necessary to complete their duties as provided herein and pursuant to 11 U.S.C. § 332; or (d) a settlement of or conclusion to the outstanding Multistate Investigation related to the data breach that was identified and disclosed by the Debtors in October 2023.

8. This Stipulation may be signed in counterparts and signatures may be delivered by fax or email, each of which shall be deemed original, but all of which together shall constitute one and the same instrument. Each Party who executes this Stipulation on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation on behalf of such Party.

9. This Stipulation constitutes the entire agreement between the Parties in respect of the subject matter hereof and shall not be modified, altered, amended, or vacated without the prior written consent of all Parties hereto.

10. Nothing in the Stipulation constitutes a waiver by any Party hereto of any other rights under the Bankruptcy Code or Rules, including, without limitation, the right to object to the CPO's report, any pending sale transaction, approval of the Disclosure Statement, or confirmation of a Plan of Reorganization.

11. Each Party agrees that this Stipulation shall not be used in any other proceeding for any purpose.

12. Each of the Parties represents and warrants to the other Parties that it has: (a) entered into this Stipulation freely and voluntarily and with full knowledge of its significance; and (b) been represented by counsel of its own choice in the negotiation, drafting, and execution of this Stipulation.

13. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Eastern District of Missouri (the "Local Rules"), or otherwise, the terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry.

14. The Court shall retain exclusive jurisdiction to hear any matters or disputes arising from or relating to this Stipulation. Any request for relief brought before the Court to resolve a dispute arising from or related to this Stipulation, and the matters agreed to herein, shall be brought on proper notice and in accordance with the relevant Bankruptcy Rules and the Local Rules.

Dated: _____

_____
Brian C. Walsh
United States Bankruptcy Judge

9