# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

|  |  |
|---|---|
| In re:<br><br>23ANDME HOLDING CO., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-40976-357<br><br>(Jointly Administered)<br><br>**Hearing Date: June 3, 2025**<br>**Hearing Time: 1:30 p.m. CDT**<br>**Hearing Location: Courtroom 5 North**<br>**Objection Deadline: May 27, 2025 at**<br>**4:00 p.m. CDT** |

## APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF STINSON LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF APRIL 8, 2025

The Official Committee of Unsecured Creditors ("Committee") appointed in the above-captioned jointly-administered chapter 11 cases (collectively, the "Chapter 11 Cases") hereby submits this application ("Application") requesting entry of an order, substantially in the form attached hereto (the "Order"), authorizing and approving the Committee's retention and employment of Stinson LLP ("Stinson") as its co-counsel, effective as of April 8, 2025. In further support of this Application, the Committee represents as follows:

### RELIEF REQUESTED

1.     By this Application, the Committee respectfully requests that the Court enter an order pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and

---

[1] The Debtors in each of these cases, along with the last four digits of each Debtor's federal tax identification number, are: 23andMe Holding Co. (0344), 23andMe, Inc. (7371), 23andMe Pharmacy Holdings, Inc. (4690), Lemonaid Community Pharmacy, Inc. (7330), Lemonaid Health, Inc. (6739), Lemonaid Pharmacy Holdings Inc. (6500), LPharm CS LLC (1125), LPharm INS LLC (9800), LPharm RX LLC (7746), LPRXOne LLC (3447), LPRXThree LLC (3852), and LPRXTwo LLC (1595). The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

Local Rule 2014, (a) authorizing the Committee to employ and retain Stinson as its bankruptcy co-counsel, effective as of April 8, 2025, in this Bankruptcy Case; and (b) granting related relief.

2.      The Committee has selected Stinson and Kelley Drye & Warren LLP ("KDW") to represent its interest in this Bankruptcy Case, effective as of April 8, 2025, as Stinson and KDW began providing services to the Committee as of such date. The Committee believes that such retention is appropriate and necessary in this Bankruptcy Case.

3.      In support of the Application, the Committee respectfully submits (i) the *Declaration of Nicholas Zluticky in Support of Application for Entry of an Order Authorizing the Retention and Employment of Stinson LLP as Co-Counsel to the Official Committee of Unsecured Creditors, Effective as of April 8, 2025* (the "Zluticky Declaration"), which is attached hereto as **Exhibit A**, and (ii) the *Declaration of Whitney S. Grubb in Support of the Application for Entry of an Order Authorizing the Retention and Employment of Stinson LLP as Co-Counsel to the Official Committee of Unsecured Creditors, Effective as of April 8, 2025* (the "Grubb Declaration"), which is attached hereto as **Exhibit B**.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this Application case pursuant to 28 U.S.C. §§ 157 and 1334.  This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

5.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory predicates for the relief requested herein are sections §§ 328, 330 and 1103 of Title 11 of the United States Code ("Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rules 2014 and 9062 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Missouri ("Local Rules").

## BACKGROUND

7.    On March 23, 2025 (the "Petition Date"), the Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code, thereby initiating the above-captioned bankruptcy cases (the "Bankruptcy Cases"). Since the Petition Date, the Debtors have remained in possession of their assets and have continued to operate and manage their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.    On April 3, 2025, the United States Trustee filed the *Notice of Appointment of Official Unsecured Creditors' Committee* [Docket No. 159]. The Committee presently consists of the following voting members:

    a.    Laboratory Corporation of America Holdings and subsidiaries, including National Genetics Institute;

    b.    Workday, Inc.;

    c.    Telus International Services Limited;

    d.    Jellyfish US Limited;

    e.    Whitney S. Grubb, Committee Chair;

    f.    Pamela Zager-Maya; and

    g.    Michelle Igoe.

9.    On April 8, 2025, the Committee selected KDW as its lead counsel and Stinson as co-counsel. On April 10, 2025, the Committee selected FTI Consulting Inc. ("FTI") as its financial advisor.

## STINSON'S QUALIFICATIONS AND SERVICES TO BE RENDERED

10.    The Committee has selected and seeks to retain Stinson as its co-counsel due to Stinson's extensive experience and knowledge in the field of complex business reorganization under Chapter 11 of the Bankruptcy Code. Stinson has expertise, experience, and knowledge practicing before numerous bankruptcy courts, including this Court, and has represented debtors,

trustees, committees, investors, shareholders and purchasers in virtually all aspects of insolvency cases, including representation of debtors-in-possession and committees. Stinson is a full-service law firm with broad experience and expertise in numerous legal practice areas that will be relevant and advantageous to the Committee during this reorganization, in addition to reorganizing and restructuring, including litigation and transactional specialties.

11.    The attorneys from Stinson who will be employed in these Bankruptcy Cases are each members in good standing in the jurisdictions in which such attorneys are admitted.

12.    In preparing for its representation of the Committee, Stinson has become familiar with these cases and the Debtors' businesses, and many of the potential legal issues that may arise in the context of these Bankruptcy Cases.  Based on these facts, the Committee believes Stinson is both well-qualified and uniquely able to represent the Committee in these Bankruptcy Cases in an efficient and timely manner, without duplication of services.

13.    The Committee anticipates that Stinson will render general legal services to the Committee as needed throughout the course of this Chapter 11 proceeding, including bankruptcy/restructuring, corporate, tax and litigation assistance and advice. In particular, it is anticipated that Stinson will provide, among other services, the following legal services to the Committee:

    a.    Assisting and advising the Committee in its consultation with the Debtors regarding administration of these chapter 11 case;

    b.    advising the Committee with respect to its rights, powers, and duties under the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules, as refined and interpreted by applicable caselaw, as they relate to the case;

    c.    leading negotiations and revisions of the Debtors' proposed orders on various motions for relief, including the Debtors' request related to the Debtors' customer programs, the Debtors' request related to the payment of estate professionals, their request regarding the Debtors' cash management system, their request to pay critical vendors and certain other creditors, and

the Debtors' proposed bidding procedures as part of the sale of the Debtors' assets;

d.      assisting in negotiations and revisions of the Debtors' proposed orders on various motions for relief, including the Debtors' request to obtain postpetition financing, their motion seeking relief related to the Debtors' current and future insurance policies, the Debtors' proposed lease and contract rejection procedures, and the Debtors' proposed procedures for filing proofs of claim against the Debtors;

e.      assisting the Committee in analyzing the Debtors' pre-petition and post-petition relationships with its creditors, equity interest holders, employees, and other parties in interest;

f.      assisting and advising the Committee in its examination and analysis of the conduct of the Debtors' affairs;

g.      assisting and advising the Committee in connection with any sale of the Debtors' assets pursuant to section 363 of the Bankruptcy Code;

h.      assisting the Committee in the review, analysis, and negotiation of any chapter 11 plan(s) of reorganization or liquidation that may be filed and assisting the Committee in the review, analysis, and negotiation of the disclosure statement accompanying any such plan(s);

i.      assisting and advising the Committee as to all necessary actions to protect and preserve the interests of the Committee, including: (i) possible prosecution of actions on its behalf; (ii) if appropriate, negotiations concerning all litigation in which the Debtors are involved; and (iii) if appropriate, review and analysis of claims filed against the Debtors' estates;

j.      assisting with, preparing, and filing on behalf of the Committee all necessary motions, applications, answers, orders, reports, replies, responses, and papers in support of positions taken by the Committee;

k.      appearing, as appropriate, before this Court, the appellate courts, and the U.S. Trustee, and protecting the interests of the Committee before those courts and before the U.S. Trustee; and

l.      researching, analyzing, investigating, filing and prosecuting litigation on behalf of the Committee in connection with issues including but not limited to avoidance actions or fraudulent conveyances;

m.      reviewing and analyzing applications, orders, statements of operations, and schedules filed with the Court and advising the Committee regarding all such materials;

5

n.       serving as a contact and resource for creditors and relevant third-party advocacy groups to address questions and hear creditors' concerns about the Bankruptcy Cases, including but not limited to issues involving the claims process, notices to claimants, the automatic stay, motion practice, and insurance issues;

o.       assisting the Committee in advising its constituents of the Committee's decisions, including the collection and filing of acceptances and rejections to any proposed plan;

p.       handling all filings and ensuring all pleadings conform to Local Rules; and

q.       assisting with any other tasks as appropriate or required based on expediency, efficiency, appropriate leverage of favorable professional rates, or other considerations which prompt the Committee or its collaborative professionals to determine the assistance and involvement of Stinson attorneys would be in the best interest of the estate.

14.     The Committee requires knowledgeable and experienced counsel to provide these essential professional services. Stinson has stated its desire and willingness to act on the Committee's behalf to render the foregoing services.

15.     The Committee has informed Stinson, and Stinson understands, that the Committee is planning on filing applications to retain other professionals in these chapter 11 cases. In particular, the Committee has filed, or expects to file shortly, applications to employ KDW and FTI. The Committee may also file applications to employ additional professionals.

16.     The Debtors' bankruptcy proceedings will involve a unique mixture of multiple sectors of law, including but not limited to data privacy, mass tort litigation, federal regulations, and of course bankruptcy law.  Stinson believes serving as co-counsel with KDW will provide the Committee with the expertise necessary to advocate effectively on behalf of unsecured creditors. As summarized above, Stinson has an extensive history of representing statutory committees and debtors in complex bankruptcy proceedings.  Stinson has a nationally recognized data privacy group, and also has experience in recent mass-tort bankruptcies specifically, such as the Tehum Care Service's chapter 11 proceedings and Wellpath Holdings, Inc.'s chapter 11 proceedings.

Additionally, Stinson has offices in Missouri and the lead Stinson attorneys in this case are admitted to the Eastern District of Missouri, which will allow Stinson to act as local counsel in addition to advising and advocating for the Committee as outlined in further detail herein.

17.     To provide high quality and efficient advocacy, Stinson and KDW have agreed to a division of work in a manner that utilizes the relative strengths and experience of both firms, and preserves estate resources by avoiding duplicative work. While tasks are fluid and determining which firm is going to work on such tasks cannot be fully addressed in advance, Stinson and KDW will coordinate in real time to determine the optimal division of labor, personnel, and expertise. Such staffing conversations will not be billed to the Debtors' estate. The joint efforts by and among the Committee's attorneys, and its other professionals, will substantially contribute to the effective and efficient representation of the Committee as a fiduciary to the Debtors' unsecured claimholders in these chapter 11 cases.

## PROFESSIONAL COMPENSATION

18.     Subject to Court approval and in accordance with section 330(a) of the Bankruptcy Code and any applicable orders of this Court, compensation will be payable to Stinson on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Stinson. Stinson's hourly rates charged in this Bankruptcy Case are at or below its standard hourly rates based on its agreement with the Committee:

| | |
|---|---|
| **Partners:** | $620-$965 per hour |
| **Associates:** | $435-$600 per hour |
| **Paralegals:** | $300-$350 per hour |

19.     The rates reflected above may change from time to time in accordance with Stinson's established billing practices and procedures. Stinson will maintain detailed, contemporaneous records of its time and any actual and necessary expenses incurred in connection

with the rendering of the legal services described above by category and nature of the services rendered.

20.     In addition to the hourly rates charged for the services of Stinson's professionals, and consistent with Stinson's policy with respect to their other clients, Stinson will also charge for all other charges, expenses and disbursements incurred during representation of the Committee.

21.     Stinson intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in this Chapter 11 case in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the orders of this Court.

22.     Stinson's hourly rates are set at a level designed to compensate Stinson at market levels for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions.

23.     The Committee respectfully submits such rates and policies are reasonable and market-based.  In reaching this conclusion, the Committee has taken into account several factors, including that the Committee interviewed several law firms before deciding to retain Stinson (and KDW as co-counsel) for this representation. The Committee also reviewed the rates of the Debtors' counsel in their retention application in the Debtors' chapter 11 cases.  Based upon the foregoing, the Committee believes Stinson's proposed rates are reasonable and market-based.

24.     In light of the foregoing, and based on the Zluticky Declaration and the Grubb Declaration, the Committee believes the employment of Stinson, on the terms set forth herein, is necessary, in the best interests of the Debtors' unsecured claimholders, and will enable the Committee to carry out its statutory duties.

8

25.     Stinson has not received any retainer from the Debtors, the Committee, or any other entity in these chapter 11 cases.

26.     Pursuant to Bankruptcy Rule 2016(b) and Local Rule 2016-1, Stinson has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than the partners, associates, and counsel associated with Stinson or (b) any compensation another person or party has received or may receive, other than permitted pursuant to section 504 of the Bankruptcy Code.  Stinson's proposed engagement is not prohibited by Bankruptcy Rule 5002.

### DISINTERESTEDNESS OF STINSON

27.     To the best of the Committee's knowledge, information, and belief, and based on the Zluticky Declaration attached hereto, neither Stinson nor its attorneys have any connection with any party in interest or their attorneys or accountants in this Case, other than as set forth in the Zluticky Declaration.

28.     To the best of the Committee's knowledge, information, and belief, except as provided in the Zluticky Declaration, neither Stinson nor any of its attorneys represent any interest adverse to that of the Committee in the matters on which they are to be retained.

29.     To the best of the Committee's knowledge, information and belief, Stinson qualifies as a "disinterested person" as defined in Bankruptcy Code § 101(14). The Committee further submits that the employment of Stinson would be in the best interest of the Committee, the estate, and its creditors.

30.     As mentioned above, the Committee selected Stinson on April 8, 2025.  Stinson immediately requested and received the Debtors' potential parties in interest list (the "PPII List") on April 8, 2025.  The PPII List contains approximately 230 names and entities, and Stinson has worked since to review.

9

31.     Stinson will periodically review its files during the pendency of this Chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Stinson will use reasonable efforts to identify such further development and will file promptly a supplemental declaration, as required by Bankruptcy Rule 2014.

### BASIS FOR RELIEF

32.     A committee appointed pursuant to section 11 U.S.C. § 1102, with the Court's approval, "may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee."  11 U.S.C. § 1103(a). Section 328(a) further provides that such employment may be "on any reasonable terms and conditions."  *Id.* § 328(a).

33.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

34.     Stinson's services will enable the Committee to faithfully execute its duties as a fiduciary for the Debtors' unsecured claimholders and are necessary to the successful functioning of the Debtors' chapter 11 cases.  Based upon its extensive experience and expertise in the field of debtors' and creditors' rights and with chapter 11 reorganizations and liquidations, Stinson is well qualified to represent the Committee in an efficient, cost-effective, and timely manner.  As stated above, the Committee does not believe that Stinson holds or represents an adverse interest to the interest of the Debtors' estates in connection with these cases and believes that Stinson is a

"disinterested person" under the Bankruptcy Code.  Accordingly, the Committee submits that the retention of Stinson is in the best interests of the Committee and the unsecured creditors of the Debtors and should be approved by the Court.

35.    The Committee further requests approval of the employment of Stinson effective as of April 8, 2025, which was the date Stinson's substantive work on behalf of the Committee commenced.  Stinson has focused its immediate attention on time-sensitive matters and promptly devoted substantial resources to the affairs of this case pending submission and approval of this Application. This Application is being submitted within 21 days after the Committee's retention of Stinson, and thus, *nunc pro tunc* approval is appropriate and required.

36.    The Court has discretion to issue an order approving the employment of an attorney *nunc pro tunc* under its general equity powers. *Lavender v. Wood Law* Firm, 785 F.2d 247, 248-49 (8th Cir. 1986) (citing *In re Triangle Chemicals, Inc.*, 697 F.2d 1280, 1288-89 (5th Cir. 1983)). Stinson had to move expeditiously to advocate for the Committee in connection with ongoing proceedings and imminent deadlines relating to orders for first day relief.  *Nunc pro tunc* approval is appropriate because Stinson has provided significant services and material benefits to the Committee relating to time sensitive matters, including but not limited to advising the Committee on contested matters such as filing a motion for reconsideration of the bidding procedures and sale motion, negotiating a settlement with respect to the Debtor-in-Possession financing order, responding to the Debtors' relief sought in the first and second day motions, negotiating with the Debtors' and JMB Capital Partners Lending, LLC's (the "DIP Lender") advisors regarding such relief, appearing at hearings, and otherwise engaging with the Debtors' professionals on all matters of administration of these chapter 11 cases.  No parties in interest will be prejudiced by the delay in filing because Stinson has been actively involved in this case since it was hired on April 8, 2025, immediately filed notices of appearance on the docket, and appeared at the second day hearing on

April 22, 2025. Stinson understands that it bears responsibility for ensuring that the Application is properly filed with the Court. Stinson has, however, acted reasonably and prudently in this case. No party has been prejudiced.  As a result, *nunc pro tunc* relief is warranted by the circumstances presented by this case.

## NOTICE

37.     The Committee will provide notice of this Application to the following parties and/or their respective counsel, as applicable: (a) the U.S. Trustee; (b) the Debtors; (c) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (d) counsel to the DIP Lender; (e) the Ordinary Course Professionals; (f) the Office of the United States Attorney for the Eastern District of Missouri; (g) the state attorneys general for states in which the Debtors conduct business; (h) the Internal Revenue Service; and (i) the Securities and Exchange Commission; (collectively, the "Notice Parties").  A copy of this Application and the Order approving it will also be made available on the Debtors' case information website located at https://restructuring.ra.kroll.com/23andMe/. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

38.     No previous request for the relief sought herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Committee respectfully requests entry of an order authorizing the Committee to employ and retain Stinson LLP as co-counsel for the Committee, effective as of April 8, 2025, and granting such other and further relief as is just and proper.

Dated: May 5, 2025

Respectfully submitted,
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF 23ANDME HOLDING CO., *et al.*

By: _____
Chairperson of the Official Committee of Unsecured Creditors of 23andMe Holding Co., *et al.*[2]

---

[2]     Under the Bylaws of the Official Committee of Unsecured Creditors of 23andMe Holding Co., *et al.*, Whitney S. Grubb, as Chairperson of the Committee, has authority to sign documents on behalf of the Committee as appropriate to implement decisions of the Committee made in accordance with the Bylaws.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on May 5, 2025 the foregoing document was electronically filed with the court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF System.

*/s/ Nicholas Zluticky*
Proposed Counsel for the Committee

**Exhibit A**

**Zluticky Declaration**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| 23ANDME HOLDING CO., *et al.*,[1] | Case No. 25-40976-357 |
| Debtors. | (Jointly Administered) |

**DECLARATION OF NICHOLAS ZLUTICKY IN SUPPORT OF APPLICATION FOR
ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
STINSON LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, EFFECTIVE AS OF APRIL 8, 2025**

Nicholas Zluticky declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am a partner of the law firm of Stinson LLP ("Stinson"), which maintains offices for the practice of law at, among other locations, 1201 Walnut, Suite 2900, Kansas City, Missouri 64106. I am duly licensed to practice law and am a member of good standing in the State Bar of Missouri and the State Bar of Kansas.  I am also duly licensed to practice law and am a member of good standing in the United States Bankruptcy Court for the Southern District of Texas.  I have no disciplinary proceedings pending against me.

2.      I submit this declaration ("Declaration") pursuant to Fed. R. Bankr. P. 2014 and 2016, and Local Rules 2014 and 2016-1 in support of the *Application for Entry of an Order Authorizing the Retention and Employment of Stinson LLP as Co-Counsel to the Official*

---

[1] The Debtors in each of these cases, along with the last four digits of each Debtor's federal tax identification number, are: 23andMe Holding Co. (0344), 23andMe, Inc. (7371), 23andMe Pharmacy Holdings, Inc. (4690), Lemonaid Community Pharmacy, Inc. (7330), Lemonaid Health, Inc. (6739), Lemonaid Pharmacy Holdings Inc. (6500), LPharm CS LLC (1125), LPharm INS LLC (9800), LPharm RX LLC (7746), LPRXOne LLC (3447), LPRXThree LLC (3852), and LPRXTwo LLC (1595). The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

CORE/3533773.0002/197991403.1

*Committee of Unsecured Creditors, Effective as of April 8, 2025* ("<u>Application</u>") filed concurrently herewith.

3.        I have personal knowledge of the facts set forth herein unless otherwise indicated. To the extend any information disclosed requires amendment or modification, I will submit a supplemental declaration.

4.        The Official Committee of Unsecured Creditors ("<u>Committee</u>") wishes to employ Stinson to serve as attorneys for the Committee under the terms and conditions set forth in the Application.

5.        Neither I nor any other member of Stinson has ever been an officer, director, or employee of the Debtors.  Neither I nor any member of the firm holds an interest materially adverse to the interests of the estates, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason. Stinson is not a creditor, an equity security holder or an insider of the Debtors.

6.        In connection with its proposed retention by the Committee and in preparing this Declaration, Stinson has completed a conflict check of all known potential parties-in-interest ("<u>Parties-in-Interest</u>"), including the list of parties included in Schedule 1 of the *Debtors' Application for Entry of Interim and Final Orders Authorizing the Retention and Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Attorneys for the Debtors and Debtors in Possession Effective as of the Petition Date* [Docket No. 31]. Stinson will promptly supplement this Declaration in the future when, and if, other creditors or other parties-in-interest become known.

7.        The database maintained by Stinson is designed to include every matter on which the firm is now or has been engaged, the person or entity for which the firm is now or has been

CORE/3533773.0002/197991403.1

engaged, and in each instance, the identity of related parties and adverse parties and the attorney

in the firm that is knowledgeable about the matter. It is Stinson's policy that no new matter may

be accepted or opened within the firm without comparing the database against the prospective

client and parties-in-interest.  Accordingly, the database is regularly updated for every new matter

undertaken by Stinson.

8.      Based on the results of the above-referenced conflict check, and to the best of my

knowledge, neither I nor Stinson have any connection with the Debtors, their creditors, or any

other party-in-interest, or any of their respective attorneys or accountants, the United States

Trustee, or any person employed in the Office of the United States Trustee within the meaning of

Bankruptcy Rule 2014, except as stated below:

a.  Stinson is frequently involved in Chapter 11 cases. As such, Stinson is often
adverse to the Office of the United States Trustee and is often adverse to, or
allied with, other law firms and the interests of their clients and other
accountants and the interests of their clients.

b.  Stinson currently represents the Parties-in-Interest listed on the attached
**Exhibit 1** (or an affiliate, subsidiary, or related entity thereof), in matters wholly
unrelated to this Chapter 11 case.  Where there is any uncertainty as to whether
Stinson represents any of the Parties-in-Interest, Stinson has listed such party
on Exhibit 1 out of an abundance of caution.

c.  Stinson further discloses that it formerly represented the Parties-in-Interest
listed on the attached **Exhibit 2** (or an affiliate, subsidiary, or related entity
thereof), in matters wholly-unrelated to this Chapter 11 case. Where there is
any uncertainty as to whether Stinson represented any of the Parties-in-Interest,
Stinson has listed such party on Exhibit 2 out of an abundance of caution.

9.      None of the above relationships constitute actual conflicts, but may be

"connections" within the meaning of Bankruptcy Rule 2014 or are potential conflicts and are

therefore disclosed. The Committee has been advised of the potential conflicts noted above and

has waived any such conflicts.

CORE/3533773.0002/197991403.1

10.     There may be other persons within the scope of Bankruptcy Rule 2014 that, unknown to me, Stinson has represented in particular matters in the past. Stinson agrees not to represent such persons or other parties in interest in this case while representing the Committee, without further disclosure, and we agree to disclose any connections within the meaning of Bankruptcy Rule 2014 that we may discover subsequent to the execution of this Declaration. Stinson reserves the right to amend and supplement Exhibit 1 and Exhibit 2, as necessary.

11.     Insofar as I have been able to ascertain, the partners, counsel, associates, and paraprofessionals of Stinson are "disinterested" parties within the meaning of Section 101(14) of the Bankruptcy Code, and do not represent any other entity having an interest adverse to the Committee in connection with this Chapter 11 case.

## SERVICES TO BE PROVIDED

12.     As is set forth in the Application, legal services to be rendered by Stinson include, but are not limited to:

    a.      Assisting and advising the Committee in its consultation with the Debtors regarding administration of these chapter 11 case;

    b.      advising the Committee with respect to its rights, powers, and duties under the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules, as refined and interpreted by applicable caselaw, as they relate to the case;

    c.      leading negotiations and revisions of the Debtors' proposed orders on various motions for relief, including the Debtors' request related to the Debtors' customer programs, the Debtors' request related to the payment of estate professionals, their request regarding the Debtors' cash management system, their request to pay critical vendors and certain other creditors, and the Debtors' proposed bidding procedures as part of the sale of the Debtors' assets;

    d.      assisting in negotiations and revisions of the Debtors' proposed orders on various motions for relief, including the Debtors' request to obtain postpetition financing, their motion seeking relief related to the Debtors' current and future insurance policies, the Debtors' proposed lease and

CORE/3533773.0002/197991403.1

contract rejection procedures, and the Debtors' proposed procedures for filing proofs of claim against the Debtors;

e. assisting the Committee in analyzing the Debtors' pre-petition and post-petition relationships with its creditors, equity interest holders, employees, and other parties in interest;

f. assisting and advising the Committee in its examination and analysis of the conduct of the Debtors' affairs;

g. assisting and advising the Committee in connection with any sale of the Debtors' assets pursuant to section 363 of the Bankruptcy Code;

h. assisting the Committee in the review, analysis, and negotiation of any chapter 11 plan(s) of reorganization or liquidation that may be filed and assisting the Committee in the review, analysis, and negotiation of the disclosure statement accompanying any such plan(s);

i. assisting and advising the Committee as to all necessary actions to protect and preserve the interests of the Committee, including: (i) possible prosecution of actions on its behalf; (ii) if appropriate, negotiations concerning all litigation in which the Debtors are involved; and (iii) if appropriate, review and analysis of claims filed against the Debtors' estates;

j. assisting with, preparing, and filing on behalf of the Committee all necessary motions, applications, answers, orders, reports, replies, responses, and papers in support of positions taken by the Committee;

k. appearing, as appropriate, before this Court, the appellate courts, and the U.S. Trustee, and protecting the interests of the Committee before those courts and before the U.S. Trustee; and

l. researching, analyzing, investigating, filing and prosecuting litigation on behalf of the Committee in connection with issues including but not limited to avoidance actions or fraudulent conveyances;

m. reviewing and analyzing applications, orders, statements of operations, and schedules filed with the Court and advising the Committee regarding all such materials;

n. serving as a contact and resource for creditors and relevant third-party advocacy groups to address questions and hear creditors' concerns about the Bankruptcy cases, including but not limited to issues involving the claims process, notices to claimants, the automatic stay, motion practice, and insurance issues;

CORE/3533773.0002/197991403.1

o.    assisting the Committee in advising its constituents of the Committee's decisions, including the collection and filing of acceptances and rejections to any proposed plan;

p.    handling all filings and ensuring all pleadings conform to Local Rules; and

q.    assisting with any other tasks as appropriate or required based on expediency, efficiency, appropriate leverage of favorable professional rates, or other considerations which prompt the Committee or its collaborative professionals to determine the assistance and involvement of Stinson attorneys would be in the best interest of the estate.

13.    The Debtors' bankruptcy proceedings will involve a unique mixture of multiple sectors of law, including but not limited to data privacy, mass tort litigation, federal regulations, and of course bankruptcy law.  I believe Stinson serving as co-counsel with Kelley Drye & Warren LLP ("KDW") will provide the Committee with the expertise necessary to advocate effectively on behalf of unsecured creditors. Stinson has an extensive history of representing statutory committees and debtors in complex bankruptcy proceedings. Stinson also has experience in recent mass-tort bankruptcies specifically, such as the Tehum Care Service's chapter 11 proceedings and Wellpath Holdings, Inc.'s chapter 11 proceedings. I also understand that KDW has an extensive history of representing statutory committees and debtors in complex bankruptcy proceedings.

14.    To ensure excellent and efficient advocacy, I understand Stinson and KDW have agreed to a division of work in a manner that utilizes the relative strengths of both firms, and preserves estate resources by avoiding duplicative work. While tasks are fluid and determining which firm is going to work on such tasks cannot be fully addressed in advance, I understand Stinson and KDW will coordinate in real time to determine the optimal division of labor, personnel, and expertise. Such staffing conversations will not be billed to the Debtors' estate.  I believe the joint efforts by and among the Committee's attorneys, and its other professionals, will substantially contribute to the effective representation of the Committee as fiduciary to the Debtors' unsecured claimholders in these chapter 11 cases.

CORE/3533773.0002/197991403.1

15.     No promises have been received by Stinson or any partner, counsel or associate thereof as to compensation in connection with this Chapter 11 case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and orders of this Court.

16.     For the reasons stated herein, Stinson represents no interest adverse to the Debtors' individual creditors or the Committee upon matters which Stinson is to be employed and, therefore, is capable of fulfilling its duties to the Committee and the unsecured creditors that the Committee represents.

17.     Stinson will continue to review any new information regarding Parties-in-Interest and will make further disclosures as may be appropriate at that time.

## PROFESSIONAL COMPENSATION

18.     Stinson will be compensated at or below its standard hourly rates for engagements of this nature.  Such fees are based upon, among other things, the level and sophistication of each professional's experience, the size and complexity of the matter, and each professional's track record for efficiency and effectiveness. Stinson's hourly rates normally charged for matters of this nature are: $620.00 to $965.00 for partners; $435.00 to $600.00 for associates; and $300.00 to $350.00 for paralegals. These hourly rates are subject to periodic adjustments to reflect economic and other conditions, and with respect to those below the level of shareholder, to reflect their increased experience and expertise in this area of law. The professionals and paraprofessionals primarily responsible for this engagement and their respective hourly rates for this engagement are as follows:

| Name | Title | Rate |
|------|-------|------|
| Nicholas Zluticky | Partner | $760 |
| Zachary Hemenway | Partner | $690 |
| Darrell Clark | Partner | $965 |

CORE/3533773.0002/197991403.1

| | | |
|---|---|---|
| Andrew Scavotto | Partner | $675 |
| Anthony Cali | Of Counsel | $620 |
| Luke Sperduto | Associate | $600 |
| Miranda Swift | Associate | $435 |
| Edward Jeong | Associate | $435 |

These persons will be assisted by other professionals at Stinson as necessary.

19.     Stinson's hourly rates are set at a level designed to compensate Stinson at market for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions.

20.     Stinson will also seek reimbursement for all out-of-pocket expenses incurred in rendering services to the Committee, consistent with the rules and guidelines of the Court.  These expenses include, *inter alia*, court reporters, transcription, computerized research, filing fees, photocopying charges (both in-house and outside), long-distance telephone calls, facsimile transmissions, postage and overnight carrier delivery services, messengers, courier mail, and overtime and temporary services.  Some of these services are provided by Stinson, in which case the charges are set by Stinson, and others are provided by third-party service providers, in which case the charges are set by the providers.  Stinson will charge the cost of these expenses in a manner and at rates consistent with charges generally made to the firm's other clients.  All such charges for which Stinson seeks payment are subject to Court approval and/or pursuant to any administrative procedures established by the Court.

21.     Stinson has not received any retainer from the Debtors, the Committee, or any other entity in these chapter 11 cases.

8

22.     No promises have been received by Stinson or any partner, counsel or associate thereof as to compensation in connection with this Chapter 11 case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and orders of this Court.

23.     In accordance with Section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm or any partner or employee thereof, on the one hand, and any other person, on the other hand, for the division of such compensation as my firm may receive from the Court herein, nor will any division of fees prohibited by Section 504 of the Bankruptcy Code be made by me, or any partner or employee of my firm.

## STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

24.     Stinson will apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 328, 330, and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Bankruptcy Local Rules, and any other applicable procedures and orders of the Court.  Stinson also intends to comply with the U.S. Trustee's requests for information and additional disclosures, both in connection with this application and the interim and final fee applications to be filed by Stinson in the chapter 11 cases.

## ATTORNEY STATEMENT PURSUANT TO
## THE U.S. TRUSTEE FEE GUIDELINES

25.     The following is provided in response to the request for additional information set forth in paragraph D.1 of the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "U.S. Trustee Fee Guidelines"):

9

**Question:**   Did the Firm agree to any variations from, or alternatives to, the Firm's standard billing arrangements for this engagement?

**Answer:**   No.  Stinson did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement.

**Question:**   Do any of the Firm professionals included in this engagement vary their rate based on the geographical location of the Debtors' chapter 11 cases?

**Answer:**   No rate for any Stinson professionals included in this engagement varies based on the geographic location of the bankruptcy case.

**Question:**   If the Firm has represented the client in the 12 months prepetition, disclose the Firm's billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.

**Answer:**   Stinson did not represent any member of the Committee in the Debtors' chapter 11 cases prior to its retention by the Committee.

**Question:**   Has your client approved the Firm's budget and staffing plan, and if so, for what budget period?

**Answer:**   Stinson, in conjunction with KDW, expects to develop a prospective budget and staffing plan to reasonably comply with the U.S. Trustee's request for information and additional disclosures, to which Stinson reserves all rights.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED this 5th day of May 2025.


By:   _/s/ Nicholas Zluticky_
Nicholas Zluticky

CORE/3533773.0002/197991403.1

**EXHIBIT 1**

| Parties-in-Interest | Stinson Client or Client Affiliate |
|---|---|
| AbbVie, Inc. | AbbVie, Inc. |
| Cardinal Health Inc. | Cardinal Health Inc. |
| Sanofi US Services, Inc. | Sanofi US/Aventis Pharmaceuticals Inc |
| Old Republic Professional Liability, Inc. | Old Republic National Title Insurance Company |
| Christina Shaw | Tina Shaw and 10Ninety Group, LLC (Potomac, MD) |
| Chubb Group / Chubb Group of Insurance Companies | Chubb Group of Insurance Companies |
| Harold Garrett | Harry E. Garrett Estate (Kenneth Garrett, Executor – Wichita, KS) |
| Matthew A. Smith | Matthew Smith (Bridgeport, CT) |
| Stueve Siegel Hanson LLP | Stueve Siegel Hanson LLP |
| Catalent CTS Singapore Private Limited | Catalent Pharma Solutions, Inc. |
| Google, Inc – Adwords | Google LLC |
| KPMG LLP | KPMG LLP |
| Meta Platforms, Inc. | Meta |
| Metropolitan Life Insurance Company | MetLife Real Estate Lending LLC |
| Moelis & Company | Moelis & Company |
| SteadyMD, Inc. | SteadyMD, Inc. |
| Telus International Services Limited | TELUS Communications / Telus Agriculture Solutions, Inc. |
| UNUM Life Insurance Company of America | Unum Life Insurance Company |
| JPMorgan Chase Bank, N.A. / JPMorgan Securities | JPMorgan Chase Bank / JPM Capital Corporation |
| U.S. Bank Equipment Finance / U.S. Bank National Association | U.S. Bank National Association |

11

**EXHIBIT 2**

| Parties-in-Interest | Former Stinson Client |
|---|---|
| Fedex Corporation | Federal Express |
| Amazon | Amazon.com, Inc. |
| Hudson Insurance Company | Hudson Insurance Company |
| Metropolitan Life Insurance Company | MetLife |

CORE/3533773.0002/197991403.1

**Exhibit B**

**Grubb Declaration**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| 23ANDME HOLDING CO., *et al.*,[1] | Case No. 25-40976-357 |
| Debtors. | (Jointly Administered) |

**DECLARATION OF WHITNEY S. GRUBB IN SUPPORT OF THE APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF STINSON LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF APRIL, 8, 2025**

Whitney S. Grubb declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1.　　I am an unsecured creditor in the above-captioned cases of 23andMe Holding Co. and its debtor affiliates (collectively, the "Debtors") and the current Chair of the Official Committee of Unsecured Creditors (the "Committee"). In such capacity, I was part of the process and involved in selecting and engaging Stinson LLP ("Stinson") as co-counsel to the Committee. I submit this declaration (the "Declaration") solely in my capacity as a member of the Committee.

2.　　I have reviewed and am familiar with the contents of the *Application for Entry of an Order Authorizing the Retention and Employment of Stinson LLP as Counsel to the Official Committee of Unsecured Creditors, Effective as of April 8, 2025* (the "Application").[2] In support

---

[1] The Debtors in each of these cases, along with the last four digits of each Debtor's federal tax identification number, are: 23andMe Holding Co. (0344), 23andMe, Inc. (7371), 23andMe Pharmacy Holdings, Inc. (4690), Lemonaid Community Pharmacy, Inc. (7330), Lemonaid Health, Inc. (6739), Lemonaid Pharmacy Holdings Inc. (6500), LPharm CS LLC (1125), LPharm INS LLC (9800), LPharm RX LLC (7746), LPRXOne LLC (3447), LPRXThree LLC (3852), and LPRXTwo LLC (1595). The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

of the Application, the Committee relies upon the Zluticky Declaration, which is attached to the Application as **Exhibit A**.

3.      On March 23, 2025, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4.      On April 3, 2025, the Office of the United States Trustee for the Eastern District of Missouri (the "U.S. Trustee") appointed the Committee to represent the interests of the Debtors' unsecured claimholders in the Debtors' chapter 11 cases pursuant to section 1102 of the Bankruptcy Code and filed *Notice of Appointment of Official Unsecured Creditors' Committee* [Docket No. 159].  The members appointed to the UCC are: (a) Laboratory Corporation of America Holdings and subsidiaries, including National Genetics Institute; (b) Workday, Inc.; (c) Telus International Services Limited; (d) Jellyfish US Limited; (e) Whitney S. Grubb, Committee Chair; (f) Pamela Zager-Maya; and (g) Michelle Igoe.

5.      On April 8, 2025, the Committee voted to retain Stinson as its co-counsel, along with Kelley Drye & Warren LLP ("KDW"), subject to Court approval.

6.      I submit this Declaration in support of the Application, pursuant to sections 330 and 1103(a) of the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014 and 2016-1 of the Local Bankruptcy Rules for the Eastern District of Missouri (the "Local Rules"), for authority to employ and retain Stinson as attorneys for the Committee *nunc pro tunc* to April 8, 2025.

7.      This Declaration is provided pursuant to Paragraph D.2 of the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013* (the "Fee Guidelines").  Except as otherwise indicated herein, the facts set forth in this Declaration are

based upon my personal knowledge, information provided to me by the Committee's advisors, or my opinion based upon knowledge and experience.  I am authorized to submit this Declaration on behalf of the Committee.

8.     The Committee recognizes that a comprehensive review process is necessary when selecting and managing its counsel to ensure their bankruptcy professionals are subject to the same client-driven market forces, security, and accountability as professionals in non-bankruptcy engagements.  In April 2025, the Committee asked Stinson, along with co-counsel KDW, to serve as the Committee's co-counsel after interviewing several competing law firms, and to assist in analyzing issues pertaining to any potential restructuring of the Debtors. The Committee chose Stinson based upon Stinson's reputation and experience in the restructuring field and following interviews with a number of law firms, which included Stinson and its attorneys who were proposed to work on this matter.  Since April 8, 2025, Stinson has assisted the Committee in evaluating the Debtors' capital structure and business operations, the legal aspects of any potential restructuring, and the effects any such restructuring would have on the Debtors' unsecured claimholders, including recoveries thereunder.

9.     I understand the Debtors' bankruptcy proceedings will involve a unique mixture of multiple sectors of law, including but not limited to data privacy, mass tort litigation, federal regulations, and of course bankruptcy law.  I believe Stinson serving as co-counsel with KDW will provide the Committee with the expertise necessary to advocate effectively on behalf of unsecured creditors.  To ensure excellent and efficient advocacy, I understand Stinson and KDW have agreed to a division of work in a manner that utilizes the relative strengths of both firms, and preserves estate resources by avoiding duplicative work. I understand Stinson and KDW intend on coordinating the division of labor in real time.  I further understand neither Stinson nor KDW will

charge time spent coordinating workflow to the Debtors' estate.  I believe the joint efforts by and among the Committee's attorneys, and its other professionals, will substantially contribute to the effective representation of the Committee as fiduciary to the Debtors' unsecured claimholders in these chapter 11 cases.

10.     As Chair of the Committee, I have carefully reviewed and am familiar with the terms of Stinson's engagement on behalf of the Committee.  Stinson has confirmed to me that it does not vary its billing rates or the material terms of an engagement depending on whether such engagement is a bankruptcy or a non-bankruptcy engagement. Stinson has advised me that its rates for professionals currently expected to work on behalf of the Committee are $620 to $965 for partners, $435 to $600 for associates, and $300 to $350 for paraprofessionals. It is my understanding that Stinson reviews and adjusts its billing rates annually, and that its billing rates were adjusted on December 1, 2024, consistent with its customary practice. Stinson has advised me that it will inform the Committee of any adjustment to its existing rate structure.

11.     I am informed by Stinson that its attorneys' billing rates are aligned each year to ensure that its rates are comparable to the billing rates of its peer firms.  However, to the extent there is any disparity in such rates, I nevertheless believe that Stinson's retention by the Committee is warranted in these cases for the reasons set forth in the Application.

12.     I understand that Stinson's fees and expenses will be subject to periodic review on a monthly, interim, and final basis during the pendency of the Debtors' chapter 11 cases by, among other parties, the Office of the United States Trustee, the Debtors, the Committee, and any other statutory committee appointed in these chapter 11 cases in accordance with the terms of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders of the Court governing the procedures for approval of interim compensation of professionals retained in chapter 11 cases.

13.     The Committee will regularly monitor the fees and expenses of Stinson to ensure that Stinson's professionals are assisting the Committee in the most cost-effective and efficient manner.  This will be done to ensure that all requested fees and expenses are not unreasonable and correspond with necessary or beneficial services rendered on behalf of the Committee. The Committee, or a sub-committee thereof, will coordinate with Stinson and KDW to develop a prospective budget and staffing plan. The Committee will continue to receive and review the invoices that Stinson submits.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on May 5, 2025

_____
Whitney S. Grubb