# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

|  |  |
|---|---|
| In re:<br><br>23ANDME HOLDING CO., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-40979-357<br><br>Jointly Administered<br><br>**Hearing Date: June 3, 2025**<br>**Hearing Time: 1:30 p.m. CDT**<br>**Hearing Location: Courtroom 5 North**<br>**Objection Deadline: May 27, 2025 at 4:00 p.m. CDT** |

## APPLICATION OF THE OFFICIAL
## COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF
## AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF FTI
## CONSULTING, INC. AS FINANCIAL ADVISOR EFFECTIVE AS OF APRIL 10, 2025

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), submits this application (the "Application") for the entry of an order, substantially in the form attached hereto (the "Proposed Order"), authorizing the employment and retention of FTI Consulting, Inc. (together with its wholly owned subsidiaries, "FTI"), as financial advisors for the Committee. In support of this Application, the Committee relies on the Declaration of Andrew Scruton (the "Scruton Declaration"), filed contemporaneously herewith and attached hereto as **Exhibit A**, and respectfully states as follows:

### Jurisdiction and Venue

1.     This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

1       The Debtors in each of these cases are: 23andMe Holding Co., 23andMe, Inc., 23andMe Pharmacy Holdings, Inc., Lemonaid Community Pharmacy, Inc., Lemonaid Health, Inc., Lemonaid Pharmacy Holdings Inc., LPharm CS LLC, LPharm INS LLC, LPharm RX LLC, LPRXOne LLC, LPRXThree LLC, and LPRXTwo LLC.

2.      Venue of these proceedings and this Application is proper in this district pursuant to 28 U.S.C. § 1408.

3.      The predicates for the relief sought herein are sections 327, 328(a) and 1103(a) of the Bankruptcy Code, Rules 2014(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014, 2016, and 9062 of the Local Rules of Bankruptcy Procedure for the Eastern District of Missouri (the "Local Rules").

## A.      General Background

4.      On March 23, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. The Debtors continue to operate their businesses and manage their assets as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request for appointment of a trustee or examiner has been made in these chapter 11 cases.

5.      On April 3, 2025, the Office of the United States Trustee for Region 13 (the "U.S. Trustee") appointed a seven-member Committee consisting of: (i) Laboratory Corporation of America Holdings; (ii) Workday, Inc.; (iii) Telus International Services Limited; (iv) Jellyfish US Limited; (v) Whitney S. Grubb; (vi) Pamela Zager-Maya; and (vii) Michelle Igoe.[2]

6.      On April 8, 2025, the Committee selected Kelley Drye & Warren LLP to serve as lead counsel and Stinson LLP to serve as co-counsel. On April 10, 2025, the Committee selected FTI as its financial advisor.

## B.      FTI's Qualifications

7.      FTI provides services in areas ranging from corporate finance and interim

---

2      Docket No. 159.

management to economic consulting, forensic and litigation consulting, strategic communications, and technology. FTI's clients include many of the world's largest public companies and majorities of the twenty-five largest banks and one-hundred largest law firms in the world. FTI's expertise includes liquidity and capital structure assessment, debt and equity restructuring advice, and identification of reorganization alternatives.

8.    The Committee is familiar with FTI's professional standing and reputation. FTI has considerable experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for the results it has obtained for debtors and creditors in chapter 11 cases throughout the United States. The Committee requires FTI's services to enable it to assess and monitor the efforts of the Debtors and their professional advisors to maximize the value of their estates and to reorganize successfully. Finally, FTI is well qualified and able to represent the Committee in a cost-effective, efficient, and timely manner.

C.    **Services to be Rendered**

9.    FTI will provide such financial advisory services to the Committee and its legal advisors as they deem appropriate and feasible to advise the Committee in the course of these chapter 11 cases, including, but not limited to, the following:

- Assistance in the review of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating Reports;

- Assistance in the preparation of analyses required to assess any proposed Debtor-In-Possession ("DIP") financing or use of cash collateral;

- Assistance with the assessment and monitoring of the Debtors' short term cash flow, liquidity, and operating results;

- Assistance with the review of the Debtors' proposed employee compensation and benefits programs;

- Assistance with the review of the Debtors' potential disposition or liquidation of both core and non-core assets;

3

- Assistance with the review of the Debtors' cost/benefit analysis with respect to the affirmation or rejection of various executory contracts and leases;

- Assistance with the review of the Debtors' identification of potential cost savings, including overhead and operating expense reductions and efficiency improvements;

- Assistance in the review and monitoring of the asset sale process, including, but not limited to an assessment of the adequacy of the marketing process, completeness of any buyer lists, review and quantifications of any bids;

- Assistance with review of any tax issues associated with, but not limited to, claims/stock trading, preservation of net operating losses, refunds due to the Debtors, plans of reorganization, and asset sales;

- Assistance in the review of the claims reconciliation and estimation process;

- Assistance in the review of other financial information prepared by the Debtors, including, but not limited to, cash flow projections and budgets, business plans, cash receipts and disbursement analysis, asset and liability analysis, and the economic analysis of proposed transactions for which Court approval is sought;

- Attendance at meetings and assistance in discussions with the Debtors, potential investors, banks, other secured lenders, the Committee and any other official committees organized in these chapter 11 proceedings, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

- Assistance in the review and/or preparation of information and analysis necessary for the confirmation of a plan and related disclosure statement in these chapter 11 proceedings;

- Assistance in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers;

- Assistance in the prosecution of Committee responses/objections to the Debtors' motions, including attendance at depositions and provision of expert reports/testimony on case issues as required by the Committee; and

- Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in this proceeding.

**D.      FTI's Eligibility for Employment**

10.      FTI has informed the Committee that, to the best of FTI's knowledge, information, and belief, other than as set forth in the Scruton Declaration, FTI: (a) has no connection with the Debtors, their creditors, their equity security holders, or other parties in interest or their respective attorneys or accountants, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any United States district judge or bankruptcy judge in this district in any matter related to the Debtors or their estates; (b) does not hold any interest adverse to the Debtors' estates; and (c) believes that it is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14). FTI has not provided, and will not provide, any professional services to the Debtors, any of the creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any matter related to these chapter 11 cases. If any new material facts or relationships are discovered or arise, FTI will inform the Court as required by Bankruptcy Rule 2014(a).

11.      FTI has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these cases.

**E.      Terms of Retention**

12.      FTI is not owed any amounts with respect to pre-petition fees and expenses.

13.      The Committee understands that FTI intends to apply to the Court for allowances of compensation and reimbursement of expenses for its financial advisory services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, and guidelines established by the United States Trustee.

14.      FTI seeks to be compensated on an hourly-fee basis, plus reimbursement of actual and necessary expenses incurred by FTI. Actual and necessary expenses would include any reasonable legal fees incurred by FTI related to FTI's retention or preparation of fee applications

in these cases, subject to Court approval. FTI understands that interim and final fee awards are subject to approval by this Court.

15.     The customary hourly rates, subject to periodic adjustments, charged by FTI professionals anticipated to be assigned to this case are as follows:

| United States | Per Hour (USD) |
|---|---|
| Senior Managing Directors | $1,185 - 1,525 |
| Directors / Senior Directors / Managing Directors | 890 - 1,155 |
| Consultants/Senior Consultants | 485 - 820 |
| Administrative / Paraprofessionals | 190 - 385 |

16.     FTI will maintain records in support of any actual, necessary costs and expenses incurred in connection with the rendering of its services in these chapter 11 cases. In the event FTI seeks reimbursement for attorneys' fees during the term of the Debtors' chapter 11 cases, FTI will include the applicable invoices and supporting time records from such attorneys (in summary form and redacted for privilege and work product). Such attorneys do not need to have been retained under Bankruptcy Code section 327.

17.     FTI believes that the foregoing fee structure and terms are reasonable and comparable to those generally charged by financial advisors and consultants of similar stature to FTI for comparable engagements, both in and out of chapter 11.

**F.     Indemnification**

18.     In addition to the foregoing, and as a material part of the consideration for the agreement of FTI to furnish services to the Committee pursuant to the terms of this Application, FTI believes that the following indemnification terms are customary and reasonable for financial advisors in chapter 11 cases:

> a.     subject to the provisions of subparagraphs (b) and (c) below and approval of the Court, the Debtors are authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with FTI's engagement under this Application, but not for any claim arising from, related to, or in connection with FTI's performance of any other services

6

other than those in connection with the engagement, unless such services and indemnification therefor are approved by this Court; and

b.      the Debtors shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or fraud, unless the Court determines that indemnification would be permissible pursuant to applicable law, or (ii) settled prior to a judicial determination as to FTI's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or fraud, but determined by this Court, after notice and a hearing, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of this Application; and

c.      if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, FTI believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, FTI must file an application in this Court, and the Debtors may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify FTI.

The Committee believes that indemnification is customary and reasonable for financial advisors in chapter 11 proceedings. *See In re Joan & David Halpern, Inc.*, 248 B.R. 43 (Bankr. S.D.N.Y. 2000).

### **Relief Requested**

19.      By this Application, the Committee seeks entry of the Proposed Order authorizing the Committee to employ and retain FTI as its financial advisor pursuant to Bankruptcy Code section 1103.

### **Basis for Relief Requested**

20.      The Committee seeks approval of the Application pursuant to Bankruptcy Code section 1103. Bankruptcy Code section 1103(a) provides, in relevant part, that a creditors'

committee, with the Court's approval, "may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee." 11 U.S.C. § 1103(a). The employment of FTI and its professionals by the Committee are reasonable and in line with the terms and conditions typical for engagements of this size and character. Because the Committee will require substantial assistance with these chapter 11 cases, it is reasonable for the Committee to seek to employ and retain FTI to serve as its financial advisor on the terms and conditions in this Application.

21.     Bankruptcy Code section 328(a) provides, in relevant part, that the Committee "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

22.     FTI's fee structure is fair and reasonable in light of the services being provided and commensurate with the fee structures generally offered by firms of similar stature to FTI for comparable engagements. In addition, given the numerous issues FTI may need to address during these chapter 11 cases, FTI's commitment to the variable level of time and effort necessary to address all such related issues as they arise, and the market prices for FTI's services for engagements of this nature in an out-of-court context, the Committee has determined that the FTI fee arrangement is fair and reasonable.

23.     Finally, to the best of the Committee's knowledge, information, and belief, FTI does not have any interest materially adverse to the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. Further, the Committee understands that FTI

8

believes it is disinterested because, to the best of FTI's knowledge, information, and belief, FTI has no connection with the Debtors, their creditors, or any other party-in-interest, except as disclosed in the Scruton Declaration.

## No Duplication of Services

24.     The services that FTI will provide to the Committee will be appropriately directed by the Committee and its counsel so as to avoid duplication of efforts among the other professionals retained in these chapter 11 cases and performed in accordance with applicable standards of the profession. FTI will work collaboratively with the Committee and other professionals employed by the Committee to avoid duplication of services. The Committee believes that the services to be provided by FTI will complement and will not be duplicative of any services of the Committee's other professionals.

## No Prior Request

25.     No prior Application for the relief requested herein has been made to this or any other Court.

## Notice

26.     Notice of this Application has been provided to the following parties: (a) counsel to the Debtors; (b) the Debtors' authorized claims and noticing agent, Kroll Restructuring Administration LLC; (c) the U.S. Trustee; (d) JMB Capital Partners Lending, LLC, the lender under the Debtors' postpetition financing facility, along with its counsel; (e) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (f) the law firms representing plaintiffs who have filed or asserted claims arising out of the Cyber Security Incident as of the Petition Date; (g) the United States Attorney's Office for the Eastern District of Missouri; (h) the Internal Revenue Service; (i) the Securities and Exchange Commission; (j) the state attorneys general in all 50 states; and (k) any party that has requested notice pursuant to Bankruptcy

Rule 2002.  Because of the nature of the relief requested, the Committee respectfully submits that

no further notice of the Application is necessary or required.

## CONCLUSION

WHEREFORE, the Committee requests that the Court enter an order: (i) authorizing the Committee to employ FTI as financial advisor effective as of April 10, 2025; (ii) authorizing payment of such compensation to FTI as may be allowed by this Court; and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: May 5, 2025

Respectfully submitted,
THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF 23ANDME HOLDING CO., *et al.*

By: _____
Chairperson of the Official Committee of Unsecured
Creditors of 23andMe Holding Co., *et al.*[3]

---

[3]     Under the Bylaws of the Official Committee of Unsecured Creditors of 23andMe Holding Co., *et al.*, Whitney S. Grubb, as Chairperson of the Committee, has authority to sign documents on behalf of the Committee as appropriate to implement decisions of the Committee made in accordance with the Bylaws.

# **EXHIBIT A**

## **Scruton Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

|  |  |
|---|---|
| In re:<br><br>23ANDME HOLDING CO., *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 25-40979-357<br><br>Jointly Administered |

**DECLARATION OF ANDREW SCRUTON IN SUPPORT OF THE
APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION
AND EMPLOYMENT OF FTI CONSULTING, INC. AS FINANCIAL
ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Pursuant to 28 U.S.C. section 1746, Andrew Scruton, declares as follows:

1.      I am a Senior Managing Director with FTI Consulting, Inc. (together with its wholly owned subsidiaries, "FTI"), an international consulting firm. I submit this declaration (the "Declaration") on behalf of FTI in support of the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order authorizing the employment and retention of FTI as financial advisor to the Committee under the terms and conditions set forth in the Application. I am generally familiar with the Bankruptcy Code and the Bankruptcy Rules. Except as otherwise noted, I have personal knowledge of the matters set forth herein, and, if called as a witness, I would testify thereto.[2]

---

[1]      The Debtors in each of these cases are: 23andMe Holding Co., 23andMe, Inc., 23andMe Pharmacy Holdings, Inc., Lemonaid Community Pharmacy, Inc., Lemonaid Health, Inc., Lemonaid Pharmacy Holdings Inc., LPharm CS LLC, LPharm INS LLC, LPharm RX LLC, LPRXOne LLC, LPRXThree LLC, and LPRXTwo LLC.  The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

[2]      Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at FTI and are based on information provided by them.

## Disinterestedness and Eligibility

2.      In connection with the preparation of this Declaration, FTI conducted a review of its contacts with the Debtors, their affiliates, and certain entities holding large claims against, or equity interests in, the Debtors that were made reasonably known to FTI. A listing of the parties reviewed is reflected on **Exhibit A** to this Declaration. FTI's review, completed under my supervision, consisted of a query of the Exhibit A parties within an internal computer database[3] containing names of individuals and entities that are present or recent former clients of FTI. A listing of such relationships that FTI identified during this process is set forth on **Exhibit B** to this Declaration.

3.      Based on the results of its review, except as otherwise discussed herein, FTI does not have a relationship with any of the parties on Exhibit A in matters related to the Debtors or these proceedings. FTI has provided, and could reasonably expect to continue to provide, services unrelated to the Debtors' cases for the various entities shown on Exhibit B. FTI's assistance to these parties has been related to providing various financial restructuring, litigation support, technology, strategic communications, and economic consulting services. To the best of my knowledge and except as otherwise disclosed herein, no services have been provided to these parties in interest that involve their rights in the Debtors' cases, nor does FTI's involvement in these cases compromise its ability to continue such consulting services.

4.      In addition to the relationships disclosed on Exhibit B, FTI discloses the following:

          a.      For a brief period in March 2024, FTI's forensic and litigation consulting segment ("FTI FLC") was engaged by Greenberg Traurig LLP ("Greenberg") in connection with its representation of Debtor

---

[3]     For the avoidance of doubt, FTI's computer database covers FTI Consulting, Inc. and its wholly owned subsidiaries globally.

2

23andMe, Inc. ("23andMe") to conduct certain "dark web" searches in connection with a 23andMe data breach and provide the results of those searches to Greenberg. FTI believes that this engagement does not (x) compromise its ability to provide services to the Committee in these chapter 11 cases or (y) represent an adverse interest with respect to the Debtors' estates.

b.    From September 2020 until August 2021, FTI Consulting (SC), Inc. ("FTC SC"), a wholly owned subsidiary of FTI, was engaged by VG Acquisition Corp. to provide integrated communications services. On or about June 16, 2021, VG Acquisition Corp. completed a business combination with Debtor 23andMe. FTI did not advise the Company on the merits of the transaction and believes that this engagement does not (x) compromise its ability to provide services to the Committee in these chapter 11 cases or (y) represent an adverse interest with respect to the Debtors' estates.

5.    As part of its diverse practice, FTI appears in numerous cases, proceedings, and transactions that involve many different professionals, including attorneys, accountants, and financial consultants, who may represent claimants and parties-in-interest in the Debtors' chapter 11 cases. Also, FTI has performed in the past, and may perform in the future, advisory consulting services for various attorneys and law firms, and has been represented by several attorneys and law firms, some of whom may be involved in these proceedings. In addition, FTI has in the past, may currently, and will likely in the future be working with or against other professionals involved in these chapter 11 cases in matters unrelated to the Debtors and these cases. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interests adverse to the Debtors' estates and none are in connection with the Debtors' chapter 11 cases.

6.    FTI is not a "creditor" of any of the Debtors within the meaning of Bankruptcy Code section 101(10). Further, neither I, nor any other member of the FTI engagement team serving the Committee, to the best of my knowledge, (a) is a creditor, equity security holder, or insider of the Debtors; (b) is or has been within two years before the Petition Date, a director,

officer, or employee of the Debtors; or (c) has any interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. As such, to the best of my knowledge, and based upon the results of the relationship search described above and disclosed herein, FTI (i) is a "disinterested person" as defined in Bankruptcy Code section 101(14) and (ii) does not hold or represent any interest adverse to the Debtors' estates. Therefore, FTI believes it is eligible to represent the Committee under Bankruptcy Code section 1103(b).

7.      It is FTI's policy and intent to update and expand its ongoing relationship search for additional parties in interest in an expedient manner. If any new material relevant facts or relationships are discovered or arise, FTI will file a supplemental declaration pursuant to Bankruptcy Rule 2014(a).

### Professional Compensation

8.      Subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the local rules of this District, orders of this Court, and applicable U.S. Trustee guidelines, FTI will seek payment for compensation on an hourly basis, plus reimbursement of actual and necessary expenses incurred by FTI, including legal fees related to the preparation of the Application (if any), as approved by the Court. FTI's customary hourly rates as charged in bankruptcy and non-bankruptcy matters of this type by the professionals assigned to this engagement are outlined in the Application. These hourly rates are adjusted periodically, typically on an annual basis. I believe that the fee structure as set forth in the Application is reasonable and comparable to those generally charged by financial advisors and consultants of similar stature to FTI for comparable engagements, both in and out of chapter 11.

4926-6503-5836v.2

9.      To the extent FTI utilizes independent or third party contractors or subcontractors (the "Contractors") in the provision of services to the Committee, FTI will (i) pass through the fees of such Contractors at the same rate that FTI pays the Contractors and (ii) seek reimbursement for actual costs of the Contractors only. In addition, FTI will ensure that each Contractor will file a separate declaration evidencing its disinterestedness in these chapter 11 cases as required by the Bankruptcy Code and Bankruptcy Rules.

10.      According to FTI's books and records, during the ninety days before the Petition Date, FTI did not receive any payments from the Debtors.

11.      To the best of my knowledge, (a) no commitments have been made or received by FTI with respect to compensation or payment in connection with these cases other than in accordance with the provisions of the Bankruptcy Code and (b) FTI has no agreement with any other entity to share with such entity any compensation received by FTI in connection with these chapter 11 cases.

**<u>No Duplication of Services</u>**

12.      The Committee and FTI intend that FTI's services will be appropriately directed by the Committee so as to avoid duplication of efforts among the other professionals retained by the Committee in these chapter 11 cases and performed in accordance with applicable standards of the profession. FTI will work collaboratively with the Committee's other professionals to avoid duplication of services among professionals. I believe that the services to be provided by FTI will complement and will not be duplicative of any services of the Committee's other professionals.

4926-6503-5836v.2

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 5, 2025                     _/s/ Andrew Scruton_____
                                            Andrew Scruton

**EXHIBIT A**

**Parties-in-Interest Reviewed for Current and Recent Former Relationships**

**Debtors**
23andMe Holding Co.
23andme Pharmacy Holdings, Inc.
23andMe, Inc.
Lemonaid Community Pharmacy
Lemonaid Community Pharmacy, Inc.
Lemonaid Health, Inc.
Lemonaid Pharmacy Holdings, Inc.
LPharm CS LLC
LPharm INS LLC
LPharm RX LLC
LPRXOne LLC
LPRXThree LLC
LPRXTwo LLC
VG Acquisition Corp.

**Debtor's Advisors**
Alvarez & Marsal North America, LLC
Carmody MacDonald P.C.
Moelis & Company
Goodwin Procter LLP
Lewis Rice
Paul, Weiss, Rifkind, Wharton & Garrison LLP

**Director/Officer**
Andre Fernandez
Avi Factor
Eland Siddle
Guy Chayoun
Jim Frankola
Joe Selsavage
Mark Jensen
Thomas Walper

**Significant Equity Holder**
ABeeC 2.0, LLC
Anne Wojcicki
Zentree Investments Limited
GSK plc

**Banks/Lender/UCC Lien Parties/Administrative Agents**
Cardinal Health 110 LLC

Smith Drug Company-Division Of JM Smith Corp.
U.S. Bank Equipment Finance

**Official Creditors' Committee Members**
Jellyfish US Limited
Michelle Igoe
Pamela Zager-Maya
Whitney S. Grubb
Laboratory Corporation of America Holdings
Telus International Services Limited
Workday, Inc.

**Top Unsecured Creditors**
221 N Mathilda, LLC
Advanced Chemical Transport
Aganitha AI Inc.
ALOM Technologies
Braintree
Converge Technology Solutions US, LLC
Datasite LLC
Fulgent Therapeutics, LLC
Google, Inc. Adwords
Jellyfish US Limited
Juice Media, Inc.
Kaiser Foundation Health Plan Northern CA
Katie Couric Media, LLC
KR OP Tech LLC
Linkedin Corporation
Migliaccio & Rathod LLP
Movianto
Natinal Genetics Institute
NGI Labcorp
Power Digital Marketing, Inc.
Right Side Up LLC
Surefox North American
Woot Services LLC

**Known Affiliates**
LMND CA
LMND Canada
LMND KS
LMND NJ

1

LMND TX

**Landlords/ Subtenants**
KR Op Tech, LLC
Oyster Point Tech Center LLC

**Lender**
JMB Capital Partners

**Letter of Credit- Beneficiary**
221 N Mathilda, LLC

**Counsel Representing Cyber Security Incident Claimants**
Aron Law Firm
Aylstock, Witkin, Kreis, & Overholtz PLLC
Barnow & Associates P.C.
Berman Tobacco
Bottini & Bottini, Inc.
Bradley Grombacher LLP
Clarkson Law Firm
Clayeo C. Arnold Professional Law Corp.
Cole & Van Note
Cotchett Pitre & McCarthy LLP
Cuneo Gilbert & Laduca
Du Vernet Stewart
Edelsberg Law, P.A.
Employee Justice Legal Group, PC
Falls Law Group
Federman & Sherwood
Gustafson Gluek PLLC
Herman Jones LLP
Kantrowitz, Goldhamer & Graifman, P.C.
Kaplan Fox & Kilsheimer LLP
Kazerouni Law Group
Kleine PC
Kopelitz Ostrow Ferguson Weiselberg Gilbert
KP Law Ltd. (UK)
Laukaitis Law LLC
Law Office Of Courtney Weiner PLLC
Law Offices Of Paul Whalen, Pc
Levi & Korsinsky
Levin Sedran & Berman LLP
Lexington Law Group, LLP
Lieff Cabraser Heimann & Bernstein And Robbins Geller
Loftus & Eisenberg, Ltd.
Longman Law, P.C.
Lynch Carpenter LLP
Mason LLP
McShane & Brady, LLC

Milberg Coleman Bryson Phillips Grossman
Milberg Coleman Bryson Phillips Grossman LLC
Pierce Gore Law Firm
Potter Handy LLP
Poulin  Willey  Anastopoulo, LLC
Reese LLP
Saltz, Mongeluzzi & Bendesky, PC
Schubert Jonckheer & Kolbe LLP
Srourian Law Firm, P.C.
The Grant Law Firm, PLLC
The Mehdi Firm LLP
Tostrud Law Group Pc
Tycko & Zavareei, LLP
Wolf Haldenstein Adler Freeman & Herz LLP
Wucetich & Korovilas LLP
Yanni Law
Zinns Law, LLC

**Customers**
Amazon Woot
Michael J Fox Foundation
Myheritage
Walmart.Com

**Financial Advisor To Potential Buyer**
TD Cowen

**Insurance**
AIG Financial Lines Claims
Berkley Life Sciences
CNA Claims Reporting
Commercial Management Liability
HCC Global Financial Products, LLC.
Lloyd's America, Inc.
Old Republic Professional Liability, Inc.
Resilience Cyber Insurance Solutions
The Hartford Financial Lines
Trium Cyber Us Services, Inc.
Woodruff Sawyer
XL Professional Insurance

**Litigation**
Adriane Farmer
Alex Velarde
Alexandra Hoffman
Almeida Law Group LLC
Alyson Hu
Andez Jones
Antoinette Powell
Bonnie Eden

Brandon Molina
Briana Dube
Brianna Sorensen
Camie Picha
Carlin McGoogan
Caroline Greenberg
Carolyn Rock
Casey Gerry Schenk Francavilla Blatt &
Penfield, LLP
Christina Shaw
Christopher Du Vernet
Claire Paddy
David Melvin
David Tulchinsky
Dhaman Gill
Du Vernet Stewart Barristers And Solicitors
Elaine Fralix
Erik Stanford
Falls Law Group
Haris Mirza
Harold Garrett
Harold Velez
John Diaz
Julie Macmillan
Kathy Vasquez
Katianne Navarro
Kerry Lamons
KND Complex Litigation
KP Law Limited
Kristen Rivers
Laquisha Smith
Leena Yousefi Ylaw Group
Levi &  Korsinsky LLP
Luis Valladares
Marjorie Morgenstern
Matthew A. Smith
Matthew Marden
Max Alperstein
Mcguire Law, P.C.
Melanie Berman
Melissa Ryan
Michael Schutz
Michele Bacus
Michelle Andrizzi
Michelle Igoe
Migliaccio & Rathod LLP
Milberg Coleman Bryson Phillips Grossman
PLC
Monica Santana
Neil Benedict
Nicholas Furia

Nichole Friend
Patrick Capstick
Polina Ioffe
Potter Handy, LLP
Richard Roe
Rudy K. Thompson
Sarah Cantu
Stephen L. Seikel
Steve Siegel Hanson LLP
Thomas Vickery
Tracy Scott
Trisha Wilkus
Tyrell Brown

**Regulators**
Agencia Española De Protección De Datos
Office of Attorney General Todd Rokita
Office of The Attorney General - Connecticut
Office of The Privacy Commissioner Of Canada
United Kingdom Information Commissioner's
Office

**U.S. Trustee Office for the Eastern District of
Missouri**
Barbara J. Dorsey
Carole Ryczek
Joshep Schlotzhauer
Kathy Lickenbrock
Margaret E. Slaughter
Melissa L. Schott
Paul Randolph
Saronda T. Gillespie
Sirena Wilson

**Vendors (Top 85% Of Accounts Payable)**
ACCO Engineered Systems
Aganitha Ai Inc.
AlixPartners, LLC
Alom Technologies Corporation
Andre John Fernandez
Braintree
Catalent CTS Singapore Private Limited
CDW Direct LLC
Cloudflare, Inc.
Coalition For Genetic Data Protection Inc.
Consulting, JW LLC
Converge Technology Solutions US, LLC
DNA Genotek Inc.
Egon Zehnder International, Inc
Folk Devils LLC
Fooda, Inc.

Fulgent Therapeutics, LLC
GlaxoSmithKline Intellectual Property Ltd.
Google Adwords
Healthline Media Inc
IHeartMedia + Entertainment
Integral Rx
Jellyfish Us Limited
Kaiser Foundation Health Plan Northern Ca
Katie Couric Media, LLC
L.E.K. Consulting LLC
Lifebit Biotech Limited
Mark E. Jensen
Medpace Inc.
Movianto
National Genetics Institute
Partnerize
Peter M Lefkowitz
Power Digital Marketing, Inc.
Precision For Medicine, Inc.
Priti Patel Consulting LLC
Rain The Growth Agency
Right Side Up LLC
Santa Clara County Tax Collector
Scale Strategy Operations LLC
SCG Grove 221, LLC
Steadymd, Inc.
Surefox North American
Tango Card, Inc.

Tatari, Inc.
TCWGlobal
Unum Life Insurance Company Of America
Ventana Medical Systems, Inc.
WMBE Payrolling Inc.
Woodruff-Sawyer & Co.
Woot Services LLC
World Archives
Wuxi Biologics (Hong Kong) Limited
Zendesk, Inc

**Bankruptcy Judges and Staff for the Eastern District of Missouri**
Bonnie L. Clair
Brian C. Walsh
Catherine Norwood
Chicquita Greene-Hester
Courtney Kirbis
Hayley Koontz
Kaila Spivey
Kathy A. Surratt-States
Taylor Rowland

**Bankruptcy Professionals - Retained**
Alvarez And Marsal North America, LLC
Carmody Macdonald P.C.
Deloitte Tax LLP
Kroll Restructuring Administration LLC

4926-6503-5836v.2

## **EXHIBIT B**

### **Parties-in-Interest Noted for Court Disclosure**

### **Relationships in Matters Related to These Proceedings**

**None**

### **Relationships in Unrelated Matters - Current**

**Debtor's Advisors**
Goodwin Procter LLP
Lewis Rice
Paul, Weiss, Rifkind, Wharton & Garrison LLP

**Bankruptcy Professionals - Retained**
Goodwin Procter LLP
Lewis Rice LLC
Paul, Weiss, Rifkind, Wharton & Garrison LLP

**Banks/Lender/UCC Lien
Parties/Administrative Agents**
JPMorgan Chase Bank N.A.
JPMorgan Chase Bank N.A. - Toronto Branch
U.S. Bank National Association

**Significant Equity Holder**
GSK plc

**Top Unsecured Creditors**
Allied Universal Security Services
Blue Shield of California
Coreweave, Inc.
Delta Dental of California
Meta Platforms, Inc.
Telus International Services Limited
Wilson Sonsini Goodrich & Rosati, PC
Workday, Inc.

**Counsel Representing Cyber Security
Incident Claimants**
Boni, Zack & Snyder LLC
Freed Kanner London & Millen LLC
Glancy Prongay & Murray LLP
Labaton Keller Sucharow LLP
Lockridge Grindal Nauen P.L.L.P.
Neal & Harwell
Robbins Geller Rudman & Dowd, LLP

Scott+Scott Attorneys At Law LLP

**Customers**
Abbvie Inc.
Amazon
Amazon CA
Amazon UK
Cardinal Health, Inc.
Coreweave, Inc.
GlaxoSmithKline & GlaxoSmithKline LLC
GSK
Sanofi Us Services Inc.

**Potential Buyer**
New Mountain Capital, LLC

**Financial Advisor To Potential Buyer**
JPMorgan Securities LLC

**Legal Counsel To Potential Buyer**
Ropes & Gray LLC
Skadden, Arps, Slate, Meagher & Flom LLP
Paypal, Inc.

**Insurance**
Allied World Specialty Insurance Company
Arch Specialty Insurance Company
Axis Insurance
Beazley USA Services, Inc
Berkley Professional Liability
Chubb Group
Chubb Group Of Insurance Co
Great American Insurance Company
Hiscox USA
Hudson Insurance Company
The Travelers Companies, Inc.

1

**Litigation**
Edelson Pc
Keller Rohrback L.L.P.
Labaton Keller Sucharow LLP

**Official Creditors' Committee Attorneys**
Kelley Drye & Warren LLP
Stinson LLP
Laboratory Corporation of America Holdings
Telus International Services Limited
Workday, Inc.
Hogan Lovells
Keller Rohrback LLP
Labaton Keller Sucharow

**Regulators**
Bureau of Consumer Protection
Federal Trade Commission

**Vendors (Top 85% Of Accounts Payable)**
Allied Universal Security Services

Amazon Web Services
BDO USA LLP
Blue Shield Of California
Dechert LLP
Deloitte & Touche LLP
Delta Dental Of California
FedEx Corp
Goodwin Procter LLP
Google, Inc.
Greenberg Traurig LLP
iHeartMedia
Illumina, Inc.
KPMG LLP
Meta Platforms, Inc.
Metropolitan Life Insurance Company
Morgan, Lewis & Bockius LLP
Pacific Gas And Electric Company
Salesforce.Com
Telus International Services Limited
Wilson Sonsini Goodrich & Rosati, Professional
Corporation


## Relationships in Unrelated Matters - Former

**Debtors**
23 And Me
23andMe, Inc.

**Debtor's Advisors**
Moelis & Company

**Vendors (Top 85% Of Accounts Payable)**
Deloitte Consulting LLP
Kilroy Realty, LP
Moelis & Company, LLC

**Bankruptcy Professionals - Retained**
Moelis & Company LLC

4926-6503-5836v.2