**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| 23ANDME HOLDING CO., *et al.*,[1] | Case No. 25-40976-357 |
| Debtors. | (Jointly Administered) |

**DECLARATION AND DISCLOSURE**
**STATEMENT OF ADAM K. WHITING**
**ON BEHALF OF FISHERBROYLES LLP**

I Adam K. Whiting, declare that the following is true to the best of my knowledge, information, and belief:

1. I am a Partner of FisherBroyles LLP, located at 228 Hamilton Avenue, Third Floor, Palo Alto, CA 94301 (the "Firm").

2. 23andMe Holding Co. and its debtor subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm provide intellectual property legal services to the Debtors, and the Firm has consented to provide such services (the "Services").

3. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or

---

[1] The Debtors in each of these cases, along with the last four digits of each Debtor's federal tax identification number, are: 23andMe Holding Co. (0344), 23andMe, Inc. (7371), 23andMe Pharmacy Holdings, Inc. (4690), Lemonaid Community Pharmacy, Inc. (7330), Lemonaid Health, Inc. (6739), Lemonaid Pharmacy Holdings Inc. (6500), LPharm CS LLC (1125), LPharm INS LLC (9800), LPharm RX LLC (7746), LPRXOne LLC (3447), LPRXThree LLC (3852), and LPRXTwo LLC (1595). The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

be claimants or employees of the Debtors, or other parties-in-interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases and will use best efforts to avoid any duplication of services provided by any of the Debtors' other Ordinary Course Professionals[2]. In addition, the Firm does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

4. Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

5. Neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates, with respect to the matters on which the Firm is to be retained.

6. The Debtors owe the Firm $ 1,216.00 for prepetition services.

7. As of March 23, 2025, the Firm held a prepetition retainer of $ 0.00.

8. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this declaration.

9. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

---

[2] Capitalized terms used herein but not defined shall have the meaning ascribed to them in the *Debtors' Motion for Entry of an Order (I) Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business and (II) Granting Related Relief* [Docket No. __ ].

Date: <u>May 8, 2025</u>

*/s/ Adam K. Whiting*

Adam K. Whiting
Partner
FisherBroyles, LLP