**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                 :
In re:                                           :  Chapter 11
                                                 :
23ANDME HOLDING CO., et al.,                     :  Case No. 25-40976
                                                 :
                Debtors.¹                        :  (Jointly Administered)
                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**TTAM PARTIES' MOTION FOR
ENTRY OF AN ORDER SHORTENING
THE OBJECTION PERIOD AND, IF NECESSARY,
SCHEDULING AN EXPEDITED *IN CAMERA* HEARING ON
THE TTAM PARTIES' MOTION FOR LEAVE TO FILE UNDER
SEAL EXHIBITS TO OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN
ORDER (I) ESTABLISHING PROCEDURES FOR THE SUBMISSION OF FINAL
PROPOSALS FROM THE BACKUP BIDDER AND SUCCESSFUL BIDDER AND (II)
<u>GRANTING RELATED RELIEF</u>**

TTAM Research Institute, a California nonprofit public benefit corporation ("**TTAM**"), as bidder for substantially all of the assets of 23andMe Holding Co. ("**23andMe**") and its debtor affiliates (collectively, and together with 23andMe, the "**Debtors**"), and Anne Wojcicki, ABeeC 2.0, LLC, the Anne Wojcicki Revocable Trust U/A/D 9/2/09, as amended and restated, and The Anne Wojcicki Foundation, in their respective capacities as stockholders of 23andMe (collectively, and together with TTAM, the "**TTAM Parties**"), by and through their undersigned counsel, respectfully state as follows in support of this motion (this "**Motion to Expedite**"):

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/23andMe. The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

## RELIEF REQUESTED

1. By this Motion, and pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002 and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 9013-2(A) of the Bankruptcy Court for the Eastern District of Missouri (the "**Local Rules**"), the TTAM Parties hereby seek entry of an order (a) shortening the objection period and, if necessary, scheduling an expedited *in camera* hearing on *TTAM Parties' Motion for Leave to File Under Seal Exhibits to Objection to Debtors' Motion for Entry of an Order (I) Establishing Procedures for the Submission of Final Proposals from the Backup Bidder and Successful Bidder and (II) Granting Related Relief* [Docket No. 607] (the "**Motion to Seal**")[2], filed contemporaneously herewith, and (b) granting related relief.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Eastern District of Missouri (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Local Rule 9.01(B) of the U.S. District Court for the Eastern District of Missouri. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The TTAM Parties consent to a final order with respect to this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are section 105 of the Bankruptcy Code, Bankruptcy Rules 2002 and 9006(c), and Local Rule 9013-2(A).

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in (a) the Motion to Seal or (b) the Procedures Motion (as defined below), as applicable.

**BACKGROUND**

5. On March 23, 2025 (the "**Petition Date**"), the Debtors commenced their reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

6. On March 28, 2025, the Court entered the *Order (I) Approving Bidding Procedures for the Sale of the Debtors' Assets, (II) Scheduling Certain Dates and Deadlines With Respect Thereto, (III) Approving the Form and Manner of the Notice Thereof, (IV) Approving Procedures Regarding Entry Into Stalking Horse Agreement(s), if Any, (V) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (VI) Approving Procedures for the Sale, Transfer, or Abandonment of De Minimis Assets, and (VII) Granting Related Relief* [Docket No. 125] (the "**Bidding Procedures Order**"), by which the Court approved procedures (the "**Bidding Procedures**") by which the Debtors were authorized to conduct an Auction for a sale of all or substantially all of their assets.

7. On May 19, 2025, the Debtors filed a *Notice of Successful and Backup Bidders with Respect to the Auction and the Debtors' Assets* [Docket No. 420].

8. Contemporaneously herewith, the TTAM Parties have filed their Motion to Seal, pursuant to which the TTAM Parties request permission to file under seal exhibits to the *TTAM Parties' Objection to the Debtors' Motion for Entry of an Order (I) Establishing Procedures for the Submission of Final Proposals from the Backup Bidder and Successful Bidder and (II) Granting Related Relief* (the "**Objection**"). As explained further below, the Objection details various issues with respect to the Auction, culminating in the Debtors' decision to peremptorily close the Auction.

9. On May 31, 2025, the Debtors filed the *Motion for Entry of an Order (I) Establishing Procedures for the Submission of Final Proposals from the Backup Bidder and*

3

*Successful Bidder and (II) Granting Related Relief* [Docket No. 574] (the "**Final Procedures Motion**") requesting entry of an order establishing procedures for the submission of best and final transaction proposals from the Successful Bidder and Backup Bidder for a sale of all or substantially all of the Debtors' assets or some combination thereof.

10. The Sale Hearing is scheduled for June 17, 2025.

**BASIS FOR RELIEF**

11. Pursuant to Local Rule 9037-2, parties in interest may file an objection to a motion to seal within seven days after the motion being filed. Bankr. E.D. Mo. Local Rule 9037-2(D). The Court is permitted to rule on the Motion to Seal without a public hearing and may conduct a hearing *in camera*. Bankr. E.D. Mo. Local R. 9037-2(E). In this case, it is imperative that an order on the Motion to Seal be entered promptly so that the TTAM Parties can file the Objection Exhibits (as defined in the Objection), which contains Confidential Information, under seal.

12. Section 105(a) of the Bankruptcy Code authorizes this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Further, Bankruptcy Rule 9006(c) provides that the Court, for cause shown, may in its discretion reduce the notice period normally required for motions. Fed. R. Bankr. P. 9006(c)(1). Finally, Local Rule 9013-2(A) allows a hearing to be scheduled on an expedited basis "by written motion, setting forth the reason the matter should be considered on an expedited . . . basis." Bankr. E.D. Mo. Local R. 9013-2(A).

13. The TTAM Parties respectfully request that the Court shorten the seven-day objection period under Local Rule 9037-2(D) and, if necessary, conduct an expedited *in camera* hearing so that the TTAM Parties can file the Objection Exhibits promptly. This is important because the Procedures Motion would require the TTAM Parties to submit its best and final offer

4

for the Debtors' assets by June 11, 2025, pursuant to an unfair process that favors the Successful Bidder and does not maximize value for the Debtors' estates. Moreover, shortening the notice period for the Motion to Seal will not harm the Debtors' estates. The information sought to be sealed therein has been deemed confidential by the Debtors pursuant to the Bidding Procedures. Accordingly, expedited relief is warranted.

14. Courts in this district have granted relief concerning expedited consideration in other large chapter 11 cases. *See, e.g.*, Order at 1-2, *In re Payless Holdings LLC*, No. 19-40883 (Bankr. E.D. Mo. Oct. 28, 2019), ECF No. 1714 (granting expedited hearing on debtors' motion to dispose of returned merchandise); Order at 1-2, *In re Abengoa Bioenergy US Holding, LLC*, No. 16-41161 (Bankr. E.D. Mo. June 16, 2016), ECF No. 409 (granting expedited hearing on debtors' motion to pay certain prepetition claims); Order at 1-2, *In re Peabody Energy Corp.*, No. 16-42529 (BSS) (Bankr. E.D. Mo. Dec. 14, 2016), ECF No. 1784 (granting an expedited hearing on DIP repayment motion); Order at 1, *In re Noranda Aluminum, Inc.*, No. 16-10083 (Bankr. E.D. Mo. May 13, 2016), ECF No. 748 (granting expedited hearing to hear debtors' motion approving agreed stipulation and order); Order at 1-2, *In re Arch Coal, Inc.*, No. 16-40120 (Bankr. E.D. Mo. Aug. 11, 2016), ECF No. 1214 (granting expedited hearing on debtors' motion to enter into a new insurance premium finance agreement).

**NOTICE**

15. The TTAM Parties will provide notice of this Motion to the following parties: (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the law firms representing claimants who have filed or asserted claims arising out of the Cyber Security Incident as of the Petition Date; (d) the agent/lender under any proposed postpetition financing facility and its counsel, if applicable; (e) the Committee and its

5

counsel; (f) the United States Attorney's Office for the Eastern District of Missouri; (g) the Internal Revenue Service; (h) the Securities and Exchange Commission; (i) the Federal Trade Commission; (j) the state attorneys general in all 50 states; and (k) any party that has requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002. Notice of this Motion and any order entered hereon will be served in accordance with the Court's Local Rule 9013-3(A)(1). The TTAM Parties submit that, in light of the nature of the relief requested, no other or further notice need be given.

16. A copy of this Motion is available on (a) the Court's website, at https://www.moeb.uscourts.gov, and (b) the website maintained by the Debtors' claims and noticing agent, Kroll Restructuring Administration LLC, at https://restructuring.ra.kroll.com/23andMe.

17. Copies of the proposed order granting the relief requested herein will be made available on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/23andMe.

## NO PRIOR REQUEST

18. No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the TTAM Parties respectfully request that the Court enter an order (a) shortening the objection period with respect to, and, if necessary, scheduling an expedited *in camera* hearing on, the Motion to Seal, and (b) and granting related relief.

Dated:   St. Louis, Missouri
         June 3, 2025

                                                   BRYAN CAVE LEIGHTON PAISNER LLP

                                                   */s/ David M. Unseth*
                                                   David M. Unseth, #48086MO
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, Missouri 63102-2750
Telephone: (314) 259-2000
Fax: (314) 259-2020
Email: david.unseth@bclplaw.com

– and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Joseph O. Larkin (admitted *pro hac vice*)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

– and –

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Susheel Kirpalani (admitted *pro hac vice*)
Daniel Holzman (admitted *pro hac vice*)
Kenneth Hershey (admitted *pro hac vice*)
Emma McCabe (admitted *pro hac vice*)
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Fax: (212) 849-7100

– and –

0

Cameron Kelly (admitted *pro hac vice*)
700 Louisiana Street, Suite 3900
Houston, TX 77002
Telephone: (713) 221-7000
Fax: (713) 221-7100

*Counsel for the TTAM Parties*

1