## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| 23ANDME HOLDING, CO., *et al.*,[1] | ) Case No. 25-40976 |
| | ) |
| Debtors. | ) |
| | ) |
| | ) |

## WORKDAY, INC.'S OBJECTION AND RESERVATION OF RIGHTS TO NOTICE OF (I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) PROPOSED CURE AMOUNTS

Workday, Inc. ("**Workday**") submits this objection and reservation of rights (the "**Objection**") with respect to the potential assumption and/or assignment of Workday contracts as set forth in the *Notice of (I) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (II) Proposed Cure Amounts* ("**Notice**") [Doc. 591].

## BACKGROUND

1.      23andMe, Inc. ("**Debtor**") executed a *Master Services Agreement* (as amended, "**MSA**") with Workday to use payroll, human resource, and other cloud-based enterprise management services provided by Workday. Since entering the MSA, the Debtor has executed Order Form #00425491.0 ("**Order Form**").[2] The Order Form, among other things, added new service applications, extended the terms of use of service applications, and established payment and invoicing schedules for the services to be performed pursuant to the MSA. The MSA and the Order Form, collectively, constitute the "**Workday Contract**."

---

[1]      A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/23andMe. The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

[2]      The term "Order Forms" is defined in the MSA to mean "the separate ordering documents under which Customer subscribes to the Workday Service pursuant to the Agreement that has been fully executed by the parties," and the MSA includes all fully executed order forms.

2.      On June 3, 2025, the Debtors filed the Notice. The Notice included a schedule of executory contracts and unexpired leases that may be assigned to the successful bidder, including the Workday Contract. In the Notice, the cure amount for the Workday Contract was listed as $0.00 ("**Cure Amount**"). *See* Notice, p. 66.

3.      The Cure Amount does not correctly reflect the outstanding balance owed by the Debtor under the Workday Contract.

4.      Prior to March 23, 2025 ("**Petition Date**"), Workday issued invoice number WD-370783 ("**Prepetition Invoice**") under the Order Form, in the amount of $460,834.00. The Prepetition Invoice was issued on January 1, 2025, and was due on January 31, 2025. Workday did not pay the Prepetition Invoice. The Prepetition Invoice is attached as Exhibit A.

5.      Given the amount due under unpaid invoice number WD-3707893, the correct cure amount under the Order form is $460,834.00 ("**Correct Cure Amount**").

6.      Workday continues to provide services to Debtor under the Workday Contract been negotiating with the Debtor in good faith regarding payment for postpetition services. Workday will continue to work with the Debtor and reserves the right to update or revise the Correct Cure Amount.

## **OBJECTION**

7.      Pursuant to Section 365(b)(1) of the Bankruptcy Code, a debtor may assume an executory contract only if it cures (or provides adequate assurance that it will promptly cure) all monetary defaults and provides adequate assurance of future performance.  Specifically, a cure under Section 365(b)(1) includes paying all unpaid amounts due under the contract. *E.g.*, *In re Network Access Sols., Corp.*, 330 B.R. 67, 76 (Bankr. Del. 2005).

182096580.1

8.      Here, the Cure Amount does not correctly reflect the outstanding balance under the Workday Contract. Should the Debtor ultimately assume and assign the Workday Contract, the total amount owed under the Prepetition Invoice must be paid, as it is a prepetition invoice and remains outstanding. Thus, the cure amount listed in the Notice should be $460,834.00, comprising all amounts still due under the Prepetition Invoice.

9.      Accordingly, any order approving assumption and/or assignment of the Workday Contract should reflect the Correct Cure Amount of $460,834.00.

## **RESERVATION OF RIGHTS**

10.      Accordingly, Workday reserves all rights with respect to all pre- and postpetition invoices related to the Workday Contract, including the right to require payment in full of all pre- and postpetition invoices in conjunction with any assumption of the MSA and Order Forms, and the right to require any assignee (if there is one) to provide adequate assurance of future performance. Nothing contained herein shall constitute a waiver or limitation of Workday's rights and remedies under the MSA or any other contract or agreement with the Debtor, including any right to payment for any amounts that are due thereunder. Workday reserves all rights under the MSA and Order Form, as well as all rights with respect to administrative expense claims related to the MSA and Order Forms.

Workday respectfully requests that the Court require that the Debtor amend its Notice to reflect the Correct Cure Amount and grant such other relief as appropriate under the circumstances.

182096580.1

Dated: June 10, 2025.                    Respectfully submitted,

                                         */s/ Peter L. Riggs*
                                         Peter L. Riggs, Esq. (MO Bar No. 57268)
                                         **SPENCER FANE LLP**
                                         1000 Walnut Street, Suite 1400
                                         Kansas City, MO 64106
                                         Telephone: (816) 474-8100
                                         Email: priggs@spencerfane.com

                                         Bradley A. Cosman, Esq (AZ Bar No. 026223)
                                         **PERKINS COIE LLP**
                                         2525 E. Camelback Road, Suite 500
                                         Phoenix, Arizona 85016
                                         Telephone: (602) 351-8205
                                         Email: bcosman@perkinscoie.com

                                         *Attorneys for Workday, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 10th day of June, 2025, a true and correct copy of the foregoing Objection was served via the Court's Electronic Case Filing (ECF) system on all parties registered to receive notices in this case.

                                         */s/ Peter L. Riggs*
                                         Attorneys for Workday, Inc.

182096580.1

## Exhibit A



# INVOICE

**Workday, Inc.**
6110 Stoneridge Mall Road
Pleasanton, CA 94588
United States of America
Federal Tax ID: ▮▮▮▮▮▮
Tel: +1 (925) 951-9522

| | |
|---|---|
| **Invoice Number:** | **WD-370783** |
| Invoice Date: | January 1, 2025 |
| Due Date: | January 31, 2025 |
| Terms: | Net 30 |
| **Amount Due:** | **USD 460,834.00** |

Bill To:
**23andme, Inc.**
223 N Mathilda Ave
Sunnyvale, CA 94086
United States of America

Ship To:
**23andme, Inc.**
223 N Mathilda Ave
Sunnyvale, CA 94086
United States of America

Memo: Order Form 425491  payment 2 of 3

| Item Description | Invoice Line Memo | Amount |
|---|---|---|
| Workday Enterprise Cloud Application Subscription Fee | | 460,834.00 |
| | Net Amount | 460,834.00 |
| | Tax: | 0.00 |
| | **Total** | **USD 460,834.00** |

**PO Number:** 24083

**Please Remit Payments To:**
Via Electronic Funds Transfer (preferred):



Via Mail:
WORKDAY, INC.
P.O. Box 886106
Los Angeles, CA 90088-6106