UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 23ANDME HOLDING CO., *et al.*[1] | ) | Case No. 25-40976 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF LABORATORY CORPORATION OF AMERICA HOLDINGS AND NATIONAL GENETICS INSTITUTE TO NOTICE OF (I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) PROPOSED CURE AMOUNTS**

Laboratory Corporation of America Holdings ("Holdings") and National Genetics Institute ("NGI" and, together with Holdings, "Labcorp") hereby submits this limited objection and reservation of rights (this "Objection") to the *Notice of (I) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (II) Proposed Cure Amounts* [Docket No. 591] (the "Cure Notice") filed by the above-captioned debtors and debtors in possession ("Debtors") and respectfully states as follows in support thereof:

**BACKGROUND**

1. Labcorp provides genotyping services to the Debtors pursuant to a Genotyping Services Agreement dated as of December 1, 2016 (as amended, amended and restated, modified or otherwise supplemented from time to time, the "GSA") and agreements and work orders made under or in connection with the GSA.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/23andMe. The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

1

2. On May 19, 2025, following a sale process and auction, the Debtors announced Regeneron Pharmaceuticals, Inc. ("Regneron") as the successful bidder and TTAM Research Institute ("TTAM") as the backup bidder. Docket No. 420. However, as of the date of this Objection, following a dispute about the conduct of the auction, the identity of the ultimate winning bidder – which will be either Regeneron or TTAM – is not yet known.

3. On June 3, 2025, the Debtors filed the Cure Notice.

4. The Cure Notice lists the following agreements between Labcorp and the Debtors (collectively, the "Agreements")[2] for potential assumption and assignment, listing the Debtor counterparty as 23&Me, Inc., the Labcorp counterparty as Holdings, and an aggregate cure amount of $1,776,273.12.

| # | Description of Contract |
|---|---|
| 900 | REGIONAL PROTOCOL SPECIFICATIONS WORKSHEET DATED: 03/17/2023 |
| 901 | ADDENDUM DATED: 03/16/2023 |
| 902 | GENOTYPING SERVICES AGREEMENT |
| 903 | GENOTYPING SERVICES AGREEMENT AMENDMENT 4 DATED: 02/17/2023 |
| 904 | AMENDMENT 5 TO GENOTYPING SERVICES AGREEMENT DATED: 12/03/2024 |
| 905 | DATA ESCROW AGREEMENT DATED: 09/22/2023 |
| 906 | WORK ORDER NO. 3 DATED: 06/14/2024 |
| 907 | LABORATORY SERVICES AGREEMENT DATED: 09/26/2023 |
| 908 | AMENDMENT 4 TO GENOTYPING SERVICES AGREEMENT DATED: 02/17/2023 |
| 909 | QUALITY AGREEMENT |

---

[2] The Agreements are voluminous, confidential and in the possession of the Debtors.

2

**LIMITED OBJECTION**

5.      Before the Debtors may assume and assign to the proposed purchaser any unexpired executory contracts or leases, the Debtors must (a) cure all defaults under such contracts and leases or provide adequate assurance that such defaults will be cured, (b) compensate, or provide adequate assurance that they will promptly compensate, the counterparty for any actual pecuniary loss resulting from such default, and (c) provide adequate assurance of the proposed assignee's ability to perform under such contracts and leases in the future. See 11 U.S.C. § 365(b)(1).

6.      In connection with the Cure Notice, Labcorp raises three primary objections. *First*, the cure amounts listed by the Debtors are wrong. As of May 31, 2025, Labcorp is owed not less than $2,629,322.88 under the Agreements, which amounts may fluctuate as postpetition invoices are paid and new services are rendered. *Second*, the Debtors may not assume and assign the Agreements unless they assume them in their entirety. *Third*, as to adequate assurance of future performance, Labcorp has not yet received adequate assurance information from either Labcorp or TTAM. Each of these issues must be resolved before the Debtors may assume and assign the Agreements.

7.      **First**, the aggregate cure amount of $1,776,273.12 listed by the Debtors is incorrect. As set forth in the table below, the Labcorp is, in fact, owed not less than $2,629,322.88 under the Agreements as of May 31, 2025.

| Invoice # | NGI Acct # | Date | Amount |
|---|---|---|---|
| 83995712 | NG6075 | May 31, 2025 | $1,185,826.83 |
| 83995691 | NG6162 | May 31, 2025 | $1,441,674.80 |
| 83995707 | NG6167 | May 31, 2025 | $129.25 |
| 83995697 | NG6163 | May 31, 2025 | $1,692.00 |

3

All outstanding amounts owed to Labcorp, including amounts accruing after the date of this Objection and through the date of assumption and assignment, must be paid in order for the Debtors to assume and assign the Agreements, and Labcorp expressly reserves the right to assert additional cure amounts owing under the Agreements if and when it becomes aware of them.

8. **Second**, the Agreements afford Labcorp various rights and protections that must be preserved upon any assumption and assignment, in. including, without limitation, (i) confidentiality obligations, and (ii) indemnification rights, including attorneys' fees. Under well-settled law, an executory contract must be assumed or rejected in its entirety. *See Matter of SteelShip Corp.*, 576 F.2d 128, 132 (8th Cir. 1978) ("It is well settled that the trustee cannot accept the benefits of an executory contract without assuming its burdens as well."). As a result, the Agreements cannot be assumed and assigned unless any purchaser takes them subject to all of Labcorp's rights and protections thereunder. Moreover, this principle requires the Debtors to assume all work orders under the Agreements (including Work Orders No. 1 and No. 2 under the GSA), not just Work Order No. 3, which is the only work order listed in the Cure Notice.[3]

9. **Third**, the Debtors have not yet provided information to demonstrate the ability of Regeneron or TTAM to perform under the Agreements. Labcorp objects to the assumption of its Agreements absent provision of adequate assurance of future performance.

## RESERVATION OF RIGHTS

10. Labcorp reserves all rights to amend or supplement this Objection and to make such

---

[3] Footnote 1 to the Cure Notice states that "The agreements referenced herein include any amendments or modifications thereto." Cure Notice at 64. Presumably, in the case of the GSA, this includes Amendment No. 1, dated August 24, 2018, and Amendment No. 2, dated January 1, 2019, neither of which are expressly listed in the Cure Notice. To be clear, the Debtors must assume these Amendments if they wish to assume the Agreements.

4

other and further objections as it may deem necessary and appropriate, as more information becomes available.

11. Labcorp further reserves all rights and remedies with respect to the assumption, assumption and assignment, and/or rejection of the Agreements, including, without limitation, cure costs and adequate assurance of future performance, and any administrative claim(s) that Labcorp may be entitled to assert related to the Agreements and the Debtors' performance or nonperformance thereunder.

Dated: June 10, 2025.

                                      Respectfully submitted,

                                      */s/ Eric C. Peterson*
                                      **SPENCER FANE LLP**
                                      Eric C. Peterson, 62429MO
                                      1 N. Brentwood Boulevard, Suite 1200
                                      St. Louis, Missouri 63105
                                      Telephone: (314) 333-3937
                                      Facsimile: (314) 862-4656
                                      epeterson@spencerfane.com

                                      -and-

                                      **HOGAN LOVELLS US LLP**
                                      Erin N. Brady (*pro hac vice* pending)
                                      Edward J. McNeilly (*pro hac vice* pending)
                                      1999 Avenue of the Stars, Suite 1400
                                      Los Angeles, CA 90067
                                      Telephone: (310) 785-4600
                                      Facsimile: (310) 785-4601
                                      Email: erin.brady@hoganlovells.com
                                                    edward.mcneilly@hoganlovells.com

                                      *Counsel for Laboratory Corporation of America Holdings and National Genetics Institute*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 10th day of June 2025, a true and correct copy of the foregoing was served on all counsel of record via the Court's ECF system, with notice of case activity generated.

/s/ Eric C. Peterson