IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MISSOURI

In re:
23ANDME HOLDING CO., et al..,
    Debtors.            Case No. 25-40976
                         Chapter 11 (Jointly Administered)

PAMELA NORTON, Pro Se,
    Movant,
v.                MOTION TO COMPEL RESPONSE

    vs.             Hearing Requested:
                     June 17, 2025 at 9:00 AM CDT
23ANDME HOLDING CO., et al..,
    Respondents.

RECEIVED & FILED
JUN 13 2025
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI

I. INTRODUCTION

Pamela Norton ("Movant"), appearing pro se, respectfully moves this Court for an order compelling the Debtors and the Court to respond immediately to her Emergency Motion for Constitutional Intervention and Request for Preliminary Injunction ("Emergency Motion"), filed May 27, 2025, which has remained unanswered for sixteen days :

II. STATEMENT OF FACTS

1. On May 27, 2025, Movant filed her Emergency Motion to protect the constitutional rights of 15 million Americans whose genomic data is subject to imminent sale. This motion detailed Fourth, Fifth, and Thirteenth Amendment violations and requested an emergency hearing before June 17, 2025
2. As of today, June 12, 2025, neither the Debtors nor the Court has taken any action, scheduled any hearing, or entered any order regarding Movant's Emergency Motion.
3. The scheduled sale approval hearing is June 17, 2025, at which point irreversible constitutional violations will occur.

III. ARGUMENT

A. Court's Duty to Address Emergency Motions

While courts have broad discretion, an emergency motion implicating fundamental constitutional rights demands prompt judicial attention. The absence of any ruling or scheduling order for over two weeks constitutes undue delay and threatens irreparable harm.

B. Due Process Violation

Sixteen days of silence on a motion seeking to enjoin a $300 million transaction of private genetic data without constitutional safeguards violates the Movant's right to due process under the Fifth Amendment.

C. Imminent Irreparable Harm

Absent immediate scheduling, the sale will close on June 17, 2025, extinguishing any opportunity for constitutional relief. Money damages cannot remedy the loss of Fourth Amendment privacy or Fifth Amendment just compensation rights.

IV. RELIEF REQUESTED

Movant, therefore, respectfully requests that the Court:
1. Immediately calendar Movant's Emergency Motion for hearing on or before June 17, 2025;
2. Issue an order directing Debtors to file a substantive response within 48 hours;
3. Grant any further relief the Court deems just and proper to protect the constitutional rights at stake.

V. CONCLUSION

Time is of the essence. Movant urges the Court to compel a response and schedule an emergency hearing before June 17, 2025, to avert irreversible constitutional violations.

Respectfully submitted,

*[signature]*

Pamela Norton, Pro Se
9583 W. Olympic Blvd.
Beverly Hills, CA 90212
Email: p_norton@titlechain.world
Dated: June 12, 2025