UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| 23andMe Holding Co., et al., | ) Equity Proceeding |
| | ) Case No. 25-40976 |
| Complainant: | ) (Jointly Administered) |
| Jerry Edward Makin | ) |
| | ) |
| Defendants: | ) |
| 23andMe Holding Co., et al., | ) |

Motion for Declaratory Relief

    The duty of the United States Bankruptcy Court with its, virtually unlimited jurisdiction, is to protect the credit of the nation. It is my sincere belief that the origination of said credit being the living men and women of our great republic. And whose labor gave rise to this nation and the innumerable beneficial constructs that we transact with. The U.S. Bankruptcy Court, by safe guarding that credit, acts as a bulwark to prevent our return to debtor's prisons, slavery, servitude, and more.

    With that in mind, comes now Jerry Edward Makin, Petitioner, pro se, and as Relator of the People, to respectfully petition this Honorable Court for a declaratory judgment in equity, that the Certificate of Title recorded in filing 666 and 667 of this same case, is valid and enforceable.

I. INTRODUCTION
1. Petitioner seeks equitable relief to resolve an actual controversy regarding the validity and enforceability of Certificate of Title to the specified genetic items, which Petitioner lawfully holds and which Defendant disputes.

2. This Motion invokes the Court's equitable jurisdiction to confirm Petitioner's ownership rights, prevent unjust enrichment, and remove any cloud on Petitioner's equitable title to the genetic items.

3. A declaratory judgment is necessary to clarify the parties' rights, protect Petitioner's interest in the genetic items, and prevent ongoing or future disputes.

### III. FACTUAL BACKGROUND

7. On 12 May 1975, Petitioner acquired ownership of all genetic material and items arising from said genetic material, as evidenced first by possessing the body arising from and giving rise the genetic items, reflected by the Certificate of Title issued on 22 April 2025 and recorded with Comal County (Texas) Clerk file number 202506013068 (See filing 666 and 667, Certificate of Title).

8. The Certificate of Title constitutes prima facie evidence as stated by Pomeroy in Equity Jurisprudence section 418 (5th edition).

9. Defendant has challenged the validity of the Certificate of Title, asserting they and their assigns and heirs have the right to sell Petitioner's genetic items as a corporate asset, thereby creating uncertainty and a cloud on Petitioner's equitable title.

10. The genetic material is unique and irreplaceable, making equitable relief appropriate to prevent irreparable harm to Petitioner's rights.

### IV. LEGAL BASIS

13. This Court's equitable jurisdiction may authorize a declaration of the parties' rights in an actual controversy.

14. In equity, Petitioner is entitled to a declaration that the Certificate of Title is valid and enforceable because the Certificate serves as prima facie evidence of ownership. Shifting the burden to Defendant to prove invalidity with clear and convincing evidence, which Defendant has failed to accomplish.

15. Principles of equity favor Petitioner, as the Defendant's challenge threatens unjust enrichment and interference with Petitioner's lawful use of the genetic items. A declaratory judgment will prevent multiplicity of suits and promote judicial efficiency.

16. The unique nature of genetic material warrants equitable relief, as legal remedies are inadequate to address the potential loss of Petitioner's rights.

## V. REQUEST FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

1. Enter a declaratory judgment in equity declaring that the Certificate of Title in filing 666 and 667 of this case is valid and enforceable;

2. Enjoin Defendant from asserting claims or actions that challenge the validity of the Certificate of Title or interfere with Petitioner's rights to the genetic items;

3. Grant such other and further equitable relief as the Court deems just and proper.

## VI. NOTICE OF HEARING

Petitioner waives hearing due to distance.

## VII. CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion was served on all parties or their counsel of record electronic filing in accordance with Federal Rules of Civil Procedure.

Respectfully submitted,
Jerry Edward Makin
c/o PO BOX 310324
New Braunfels, Texas [78131]

*[Signature: Jerry Edward Makin, 6/13/25]*

Date: 13 June 2025

Exhibit A: Certificate of Title (viewable in filing 666 and 667)
Proposed Order: [Attach proposed order for declaratory relief] -forthcoming