UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In re:                                  )
                                        )
23andMe Holding Co., et al.,            ) Equity Proceeding
                                        ) Case No. 25-40976
Complainant:                            ) (Jointly Administered)
Jerry Edward Makin                      )
                                        )
Defendants:                             )
23andMe Holding Co., et al.,            )

## Motion for Tracing in Equity

Comes now Jerry Edward Makin, Petitioner, pro se, and Relator for the People, and pursuant to this Court's inherent equitable jurisdiction, respectfully moves for an order tracing Petitioner's property held by Defendant. Said property being the genetic sequence (in part and in whole) of Petitioner, and any derivation, thereof held by the Defendant or any of it's associates. Said property being covered under the Certificate of Title recorded in this case as filing 666 and 667. And imposing an equitable remedy, including but not limited to an equitable lien, to protect and restore Petitioner's rights and property.

In support of this Motion, Petitioner states:

Introduction:
1. Petitioner seeks equitable relief to trace and recover Petitioner's property, which is believed to have been wrongfully transferred and possibly comingled by the Defendant, resulting in unjust enrichment and deprivation of Petitioner's equitable rights.

2. This Motion invokes the Court's equitable jurisdiction to follow the Property and it's proceeds through any transformations or comingling, ensuring Petitioner's interest is protected against Defendant's wrongful conduct.

3. Equitable tracing is necessary to prevent irreparable harm, resolve the controversy, and promote justice.

Jurisdiction:

4. As the U.S. Bankruptcy Court exists to protect the credit of the nation, it inherently possesses the Original Exclusive Jurisdiction inherited from the Court of Chancery of England.

**Factual Background:**

5. Petitioner holds original ownership and rights to his genetic sequence and all that arises and gives rise since 12 May 1975.

6. Petitioner joined 23andMe in 2017 to explore health and ancestry options advertised by Defendant. Defendant's advertising assured privacy and safeguarding Petitioner's property. Defendant relied on a trust relationship to induce customers.

7. Petitioner discovered this year that multiple agreements had been entered into by Defendant for research and other purposes that were not purely academic but instead for profit. Evidence of this is the GSK plc (previously Glaxo Smith Klein company) agreement which publicly acknowledged in the news.

8. Petitioner filed a Bill in Equity into this case on 6 June 2025 to protect his rights and property.

9. Defendant's actions have unjustly enriched Defendant and their partners and associates. Defendants actions have deprived Petitioner of the use, benefit, and ownership of Property and negatively affected his rights, warranting equitable intervention.

10. Petitioner has no adequate remedy at law, as the genetic sequence is unique, irreplicable, sensitive, private, intimately related to the Petitioner and Petitioner's family, and monetary damages cannot fully make whole Petitioner.

11. Furthermore, standard practice in handling private items of this nature at times required the data be separated from personally identifiable information effectively anonymizing the property and associated databases and accounts. A tracing is required to determine if the property can be identified after such a procedure and recovered.

12. A tracing is required to fully determine all parties granted access and possibly illicitly holding the Petitioner's property, who are not named in this Bankruptcy suit.

**Equitable Basis:**

13. Equity imputed and intention to fulfill and obligation.

14. Equity sees as done that which ought to have been done.

15. Equity will not suffer a wrong without a remedy.

16. Equity abhors a forfeiture.

**Request for Relief:**

WHEREFORE, Petitioner respectfully requests that this Court:

1. Trace Petitioner's Equitable interest in the genetic sequence, personal data, and associated items and derivatives, and declare that property and the proceeds thereof are derived from Petitioner's original property interest;

2. Enforce the Petitioner's Certificate of Title [Docket number 666 and 667] as regards the genetic property;

3. Impose a constructive trust on said property in favor of the Petitioner, requiring Defendant to convey and restore Petitioner's interest;

4. Alternatively, impose an equitable lien on Property to secure Petitioner's interest with an estoppel or injunction to bar the further use of said property;

5. Provide a full report detailing all parties to whom were given access to the property, the nature of the use of the property, the relationship with the Defendant, etc. These must include, but are not limited to individuals, persons, corporations, academic institutions, research facilities, government, law enforcement, entities both private and public, entities both foreign and domestic. This report will be necessary for Petitioner to pursue further recovery of property and rights, as Petitioner expects further legal action will be required. [NOTE: court declaration of valid and enforceable certificate of title would simplify and expedite this process in so far as juridical efficiency is concerned and likely prevent other suits in an equitable manner].

6. Enjoin Defendant from transferring, encumbering, disposing, or dissipating Petitioner property pending resolution of this action.

7. Petitioner respectfully requests Court to order the Defendant to place a Certified Affidavit or Testimony on the record ensuring that Petitioner's property and access to property has not been deliberately obscured or interfered with, nor has any database or contact been removed, hidden, or removed from the records.

8. Petitioner further requests the Court order Defendant to place a Certified Affidavit or Testimony on the record as regards the presence of anonymized records and databases in any format, and whether or not the property records can be extracted from said recordings.

9. Grant such other and further equitable relief as the Court deems just and proper.

**Hearing:**
Petitioner waives hearing due to distance.

**Certificate of Service:**

I hereby certify that a true and correct copy of this Motion was served on all parties or their counsel of record electronic filing in accordance with Federal Rules of Civil Procedure.

Respectfully submitted,
Jerry Edward Makin,
c/o PO BOX 310324
New Braunfels, Texas [78131]
210-868-3010
jerrymakin@protonanmail.com

*Jerry Edward Makin*
6/13/25

Date: 13 June 2025

Exhibit A: Certificate of Title (viewable in filing 666 and 667)
Proposed Order: [Attach proposed order for declaratory relief] -forthcoming