**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>23ANDME HOLDING CO., *et al.*,[1]<br>Debtors. | Chapter 11<br><br>Case No. 25-40976-357<br><br>(Jointly Administered)<br><br>Related Dkt. Nos. 30, 125, 574, 657, 739 & 771 |

**STATEMENT OF JMB CAPITAL PARTNERS LENDING, LLC IN SUPPORT OF THE DEBTORS' PROPOSED SALE AND ENTRY OF THE SALE ORDER**

JMB Capital Partners Lending, LLC ("JMB"), in its capacity as DIP Lender, hereby submits this statement (the "Statement") in support of the entry of the proposed *Order (I) Approving (A) the Debtors' Entry Into the Sale Transaction Documents, (B) the Sale to the Purchaser of the Acquired Assets Free and Clear of all Liens, Claims, Interests, and Encumbrances, and (C) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (II) Authorizing the Debtors to Consummate Transactions in Connection Therewith; and (III) Granting Related Relief* (the "Sale Order"), and the transactions contemplated thereby (the "Proposed Sale"), filed by 23andMe Holding Co. and its affiliated debtors and debtors in possession (each a "Debtor" and, collectively, the "Debtors") in the above-captioned Chapter 11 cases. JMB states the following with respect to the Proposed Sale:

---

[1] The Debtors in each of these cases, along with the last four digits of each Debtor's federal tax identification number, are: 23andMe Holding Co. (0344), 23andMe, Inc. (7371), 23andMe Pharmacy Holdings, Inc. (4690), Lemonaid Community Pharmacy, Inc. (7330), Lemonaid Health, Inc. (6739), Lemonaid Pharmacy Holdings Inc. (6500), LPharm CS LLC (1125), LPharm INS LLC (9800), LPharm RX LLC (7746), LPRXOne LLC (3447), LPRXThree LLC (3852), and LPRXTwo LLC (1595). The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

**STATEMENT IN SUPPORT**

1. JMB has extensive experience lending to distressed borrowers pursuing both out-of-court and in-court solutions, including a range of borrowers in the biotech and healthcare-related industries. JMB, in its capacity as DIP Lender, joined these Chapter 11 cases and the Debtors' capital structure through the $60 million postpetition financing facility (the "<u>DIP Facility</u>"). In consideration of the voluminous briefing submitted to the Court on issues of the Proposed Sale, and out of respect for the Court's busy docket, JMB will not repeat the arguments made in support of the Proposed Sale by the Debtors in this Statement. Instead, JMB files this Statement to support approval of the Proposed Sale and to bolster certain portions of the Omnibus Reply[2] filed by the Debtors that are applicable to JMB.

2. JMB understands that the Debtors' businesses necessarily involve highly sensitive data and personal information provided by their respective customers. As the Debtors and their professionals have demonstrated throughout these cases, and as detailed in the Omnibus Reply, customer rights and privacy protections are paramount. The Debtors' have demonstrated their commitment by not only preserving existing protections but ***enhancing*** them through (among other things) the Enhanced Consumer Safeguards in the TTAM APA.[3] Still, certain parties in interest, including various state attorneys general, have filed objections and other challenges to the Proposed Sale. Those objections, among other things, contest the extent of the Debtors' ownership interest in certain customer-related data, and whether that data can be transferred under applicable non-bankruptcy law absent each customer's "express informed consent" to the Proposed Sale.

---

[2] The Omnibus Reply means that certain *Debtors' Omnibus Reply in Support of Entry of the Sale Order* [Dkt. No. 771].

[3] *See* Omnibus Reply ¶ 26.

- 2 -

3. On April 23, 2025, the Court entered an order approving the DIP Facility[4] and granting to JMB the DIP Liens, including "[p]ursuant to section 364(d)(1) of the Bankruptcy Code, valid, binding, continuing, enforceable, non-avoidable, and automatically and fully perfected first-priority senior priming liens and security interests in all"[5] of the Debtors' property and assets—including, the Acquired Assets (*e.g.*, the Debtors' Personal Information). The DIP Credit Agreement, like the Asset Purchase Agreements, contains representations, warranties, covenants, and other provisions regarding the Debtors' ownership of its assets,[6] as well as JMB's rights and remedies for any breach. No party in interest, including any of the Objectors, filed an objection to the approval of the DIP Facility or entry of the DIP Order. The DIP Order is final and non-appealable (and the DIP Facility and its terms are "entitled to the full protection of section 364(e) of the Bankruptcy Code").[7]

4. As noted in the Omnibus Reply, the Debtors' liquidity is not unlimited. If the objecting parties defeat the Proposed Sale, a "transfer" of the Debtors' Personal Information will likely happen "through foreclosure by [JMB] or into the control of a chapter 7 trustee."[8] The Proposed Sale, on the other hand, maximizes value for the benefit of *all* stakeholders, including

---

[4] *Final Order (A) Authorizing the Debtors to Obtain Postpetition Financing, Grant Liens, Provide Superpriority Administrative Expense Claims and Use Cash Collateral, (B) Modifying the Automatic Stay, and (C) Granting Related Relief* [Dkt. No. 313] (the "DIP Order"). Capitalized terms used but not defined herein shall have the meanings ascribed in the Omnibus Reply, as applicable.

[5] DIP Order ¶ 7.a.

[6] DIP Order at p. 76 ("Title to Properties. Borrowers have (a) good, sufficient, and legal title to, and (b) good and marketable title to (in the case of personal property), all of Borrowers' right, interest, and title in the Collateral, subject to Permitted Liens.").

[7] *Id.* at ¶ h (". . . the DIP Facility, the DIP Liens, the DIP Superpriority Claims, and all terms, conditions, and relief set forth in and otherwise approved by this Final Order shall be entitled to the full protection of section 364(e) of the Bankruptcy Code in the event that this Final Order or any provision thereof or hereof is vacated, reversed, or modified, on appeal or otherwise.").

[8] Omnibus Reply ¶ 15.

customers, while clearing a path toward a confirmable plan and the resolution of all other claims and interests in these cases. The Proposed Sale will yield the exact result that Chapter 11 is meant to achieve.

5. The Debtors ran a comprehensive, multi-month marketing process that culminated in the selection of (i) TTAM as the Winning Bidder, with a bid of $305 million, and (ii) Regeneron as the Backup Bidder, with a bid of $151 million. JMB is confident the Debtors and their professionals have delivered the best-available bid and, as a result, JMB defers to the Debtors and their business judgment with respect to the Proposed Sale, including their election to structure the Proposed Sale to TTAM through the TTAM Equity Sale. Accordingly, JMB supports the Proposed Sale and the relief requested in the Sale Order, which should maximize value for all stakeholders while ensuring affected customers' privacy interests and sensitive genetic data are protected going forward.

## **RESERVATION OF RIGHTS**

6. Under the DIP Facility and other documents, JMB has consent and other rights with respect to the orders and other documents to be entered and/or executed relating to the Proposed Sale. The Debtors, JMB, and their respective professionals will continue to work through comments and open issues as they arise. Accordingly, JMB reserves its rights with respect to the DIP Facility, the DIP Order, the Proposed Sale, the Sale Order, and all related documentation, including the right to supplement this statement and otherwise raise any additional at or before the hearing to consider the relief requested therein.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, JMB respectfully requests that the Court approve the Proposed Sale, enter the Sale Order, and grant such other and further relief as the Court deems just and proper.

Dated: June 17, 2025
      St. Louis, Missouri

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

/s/ *Jeffrey Kalinowski*
Jeffrey Kalinowski (MO 29926)
Joshua Watts (MO 72539)
7676 Forsyth Blvd.
Suite 2230
St. Louis, Missouri  63105
Telephone:     (314) 505-8800
Facsimile:     (314) 505-8899
Email: jeff.kalinowski@nortonrosefulbright.com
      josh.watts@nortonrosefulbright.com

- and -

Robert M. Hirsh (admitted *pro hac vice*)
Kristian W. Gluck (admitted *pro hac vice*)
James A. Copeland (admitted *pro hac vice*)
1301 Avenue of the Americas
New York, New York  10019
Telephone:     (212) 318-3000
Facsimile:     (212) 318-3400
Email: robert.hirsh@nortonrosefulbright.com
      kristian.gluck@nortonrosefulbright.com
      james.copeland@nortonrosefulbright.com

*Counsel to JMB Capital Partners Lending, LLC*