UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re:<br>23andMe Holding Co., *et al.*,<br><br>　　　　　　　　　Debtors. | Case No. 25-40976-357<br>Chapter 11<br>(Jointly Administered)<br>Related Dkt. Nos.: 771, 772, 773, 774, 775, 777, 778 |

**THE PEOPLE OF THE STATE OF CALIFORNIA'S EVIDENTIARY OBJECTIONS
TO DECLARATIONS IN SUPPORT OF ENTRY OF DEBTORS' SALE ORDER**

　　　1.　　The People of the State of California (People) submit the following objections to evidence submitted by Debtors in support of their *Omnibus Reply in Support of Entry of the Sale Order* [Dkt. No. 771]. Debtors filed their reply and supporting evidence just after midnight on June 17, 2025, the day before the start of the sale hearing. Given the incredibly short turnaround, the People reserve all rights to amend or supplement these objections at the sale hearing or as permitted by the Court. The People further reserve all rights to exclude or strike Debtors' evidence to the extent that it could or should have been submitted with Debtors' earlier filings or does not respond to factual claims made by objectors.

**I.　　THE PEOPLE OBJECT TO THE ENTIRETY OF THE CATE DECLARATION AS IMPERMISSIBLE LEGAL CONCLUSIONS THAT WILL NOT ASSIST THE COURT**

　　　2.　　Professor Fred H. Cate is a law professor and lawyer. His declaration [Dkt. No. 772] consists almost entirely of legal conclusions and is therefore inadmissible under Federal Rules of Evidence 702, 704. *See, e.g.*, *S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003) ("[E]xpert testimony on legal matters is not admissible."); *Peterson v. City of Plymouth*, 60 F.3d 469, 475 (8th Cir. 1995) ("The legal conclusions were for the court to make. It was an abuse of discretion to allow the testimony."); *United States v. Scop*, 846 F.2d 135, 139 (2d Cir. 1988) ("Rule 704 was not intended to allow experts to offer opinions embodying legal conclusions.").

1

3. Prof. Cate's declaration is essentially an extended legal brief that, by its own terms, "review[s] and respond[s]" to the final report of the court-appointed Consumer Privacy Ombudsman (CPO). Cate Decl., ¶ 13. Accordingly, Prof. Cate's declaration is necessarily full of legal conclusions (and argument), none of which is admissible—for example:

- "No CPO is required because if the sale is not inconsistent with the privacy policy to which consumers agreed, Congress has concluded no privacy issues under federal or state law need to be considered." *Id.*, ¶ 16.
- "It is important to remember that the Bankruptcy Code does not require that there be explicit (or consistent) notice that personal data may be sold." *Id.*, ¶ 21.
- "[Congress] does not require opt-in consent for collection, use, sharing, or other processing of personal data in connection with financial transactions, health services or payment, credit reporting, direct marketing, or, as noted, bankruptcy." *Id.*, ¶ 35.

4. Prof. Cate's declaration includes 47 footnotes, the vast majority of which are citations to the Bankruptcy Code or other legal sources, including Prof. Cate's own scholarship. The Court does not need expert assistance to interpret, understand, or apply the law—this "lies with the exclusive province of the court . . . ." *Bausch & Lomb, Inc. v. Alcon Lab'ys, Inc.*, 79 F. Supp. 2d 252, 255 (W.D.N.Y. 2000). Indeed, as here, "[t]his concern is further compounded where the purported witness is an attorney." *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1365 n.8 (Fed. Cir. 2008).

5. For these reasons, Prof. Cate's declaration should be excluded.

/ / /

**III. THE PEOPLE OBJECT TO PORTIONS OF THE SWIFT AND LEFKOWITZ DECLARATIONS**

6. The People submit the following specific evidentiary objections to the Andrew Swift Declaration [Dkt. No 773]:

| Debtors' Evidence | People's Objection | Court Ruling |
|---|---|---|
| Swift Decl., ¶ 6 | Lacks foundation/personal knowledge. Rule 602. | _____ Sustained<br>_____ Overruled |
| Swift Decl., ¶ 7 | Lacks foundation/personal knowledge. Rule 602. Hearsay. Rule 801. | _____ Sustained<br>_____ Overruled |
| Swift Decl., ¶ 8 | Lacks foundation/personal knowledge. Rule 602. | _____ Sustained<br>_____ Overruled |
| Swift Decl., ¶ 9 | Lacks foundation/personal knowledge. Rule 602. Hearsay. Rule 801. | _____ Sustained<br>_____ Overruled |
| Swift Decl., ¶ 11 | Lacks foundation/personal knowledge. Rule 602. Hearsay. Rule 801. | _____ Sustained<br>_____ Overruled |
| Swift Decl., ¶ 24 | Lacks foundation/personal knowledge. Rule 602. | _____ Sustained<br>_____ Overruled |
| Swift Decl., ¶ 27 | Lacks foundation/personal knowledge. Rule 602. | _____ Sustained<br>_____ Overruled |
| Swift Decl., ¶ 32 | Lacks foundation/personal knowledge. Rule 602. | _____ Sustained<br>_____ Overruled |
| Swift Decl., ¶ 38 | Lacks foundation/personal knowledge. Rule 602. | _____ Sustained<br>_____ Overruled |
| Swift Decl., ¶ 39 | Lacks foundation/personal knowledge. Rule 602. Irrelevant (improper legal argument). Rules 401, 402. | _____ Sustained<br>_____ Overruled |

/ / /

7. The People submit the following specific evidentiary objections to the Peter Lefkowitz Declaration [Dkt. No 774]:

| Debtors' Evidence | People's Objection | Court Ruling |
|---|---|---|
| Lefkowitz Decl., ¶ 38 | Lacks foundation/personal knowledge. Rule 602. Irrelevant (improper legal argument). Rules 401, 402. | _____ Sustained<br>_____ Overruled |
| Lefkowitz Decl., ¶ 39 | Lacks foundation/personal knowledge. Rule 602. Hearsay. Rule 801. Irrelevant (improper legal argument). Rules 401, 402. | _____ Sustained<br>_____ Overruled |

## CONCLUSION

8. The People respectfully request that the Court sustain these evidentiary objections, in addition to those raised by the People at the sale hearing or as the Court permits.

Dated: June 18, 2025

Respectfully submitted,

Rob Bonta
Attorney General
Nicklas A. Akers
Senior Assistant Attorney General

/s/ Bernard A. Eskandari
Bernard A. Eskandari #244395CA
Stacey D. Schesser #245735CA
Supervising Deputy Attorneys General
Yen P. Nguyen #239095CA
Daniel M.B. Nadal #299661CA
Deputy Attorneys General
CALIFORNIA DEPARTMENT OF JUSTICE
455 Golden Gate Ave., Ste. 11000
San Francisco, California 94102
Telephone:   (415) 510-3497
Facsimile:   (916) 731-2146
Email:       bernard.eskandari@doj.ca.gov
             stacey.schesser@doj.ca.gov
             titi.nguyen@doj.ca.gov
             daniel.nadal@doj.ca.gov

*Counsel for the People of the State of California*

## CERTIFICATE OF SERVICE

    The undersigned certifies that on June 18, 2025, a true and correct copy of the foregoing document was filed with the Clerk of the United States Bankruptcy Court for the Eastern District of Missouri and was served on the parties registered to receive electronic notice via the Court's CM/ECF System.

                                            /s/ Bernard A. Eskandari
                                            An Attorney for the People of the State of California