**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>23ANDME HOLDING CO., *et al.*,[1]<br><br>Debtor. | Case No. 25-40976-357<br>Chapter 11<br><br>(Jointly Administered)<br><br>Related Docs. 42, 43, 89, 90, 125, 305, 306, 319, 484, 600, 788 |

**THE SPECIAL COMMITTEE OF THE BOARD OF DIRECTORS OF 23ANDME HOLDING CO.'S MOTION FOR ENTRY OF ORDER (I) AUTHORIZING THE FILING UNDER SEAL OF CONFIDENTIAL INFORMATION AND (II) GRANTING RELATED RELIEF**

The Special Committee of the Board of Directors of 23andMe Holding Co. (the "Special Committee"), by and through its counsel, Goodwin Procter LLP (the "Goodwin") and Lewis Rice LLP ("Lewis Rice"), respectfully states as follows in support of this motion:[2]

**Relief Requested**

1. The Special Committee seeks entry of an order (the "Proposed Order") (a) authorizing Goodwin and Lewis Rice to file under seal portions of certain supplemental declarations (the "Supplemental Declarations"), including the *Second Supplemental Declaration of Robert J. Lemons in Support of the Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Goodwin Procter LLP as Special Counsel on Behalf of and at the Sole Direction of the Special Committee of the Board of Directors of 23andMe Holding Co.,*

---

[1] The Debtors in each of these cases, along with the last four digits of each Debtor's federal tax identification number, are: 23andMe Holding Co. (0344), 23andMe, Inc. (7371), 23andMe Pharmacy Holdings, Inc. (4690), Lemonaid Community Pharmacy, Inc. (7330), Lemonaid Health, Inc. (6739), Lemonaid Pharmacy Holdings Inc. (6500), LPharm CS LLC (1125), LPharm INS LLC (9800), LPharm RX LLC (7746), LPRXOne LLC (3447), LPRXThree LLC (3852), and LPRXTwo LLC (1595). The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures Order (as defined below).

1

*Effective as of the Petition Date* (the "Second Supplemental Declaration") and any supplemental declaration of Lewis Rice, and (b) granting related relief; *provided* that, the Special Committee will provide unredacted versions of the Second Supplemental Declaration on a strictly confidential basis to (i) the Court; (ii) the United States Trustee for the Eastern District of Missouri; (iii) the Debtors; (iv) the Official Committee of Unsecured Creditors; and (v) any other statutory committee appointed in these chapter 11 cases, in each case, under appropriate confidentiality agreements reasonably satisfactory to the Debtors (collectively, the "Limited Notice Parties").

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Eastern District of Missouri (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and rule 9.01(B) of the Local Rules of the United States District Court for the Eastern District of Missouri. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Special Committee consents to a final order with respect to this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The basis for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9037-2 of the Local Rules of the United States District Court for the Eastern District of Missouri (the "Local Rules").

**Background**

5. On March 23, 2025 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2

6. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On March 28, 2025, the Court entered the *Order (I) Approving Bidding Procedures for the Sale of the Debtors' Assets, (II) Scheduling Certain Dates and Deadlines With Respect Thereto, (III) Approving the Form and Manner of the Notice Thereof, (IV) Approving Procedures Regarding Entry Into Stalking Horse Agreement(s), If Any, (V) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (VI) Approving Procedures for the Sale, Transfer, or Abandonment of De Minimis Assets, and (VII) Granting Related Relief* [Docket No. 125] (the "Bidding Procedures Order"), approving, among other things, Bidding Procedures with respect to the Debtors' proposed sale of Company Assets.

8. On March 24, 2025, the Debtors, on behalf of the Special Committee, filed the *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Goodwin Procter LLP as Special Counsel on Behalf of and at the Sole Direction of the Special Committee of the Board of Directors of 23andMe Holding Co., Effective as of the Petition Date* [Docket No. 42] (the "Goodwin Retention Application") and the *Debtor's Application to Employ Lewis Rice LLC as Special Local Counsel on Behalf of and at the Sole Direction of the Special Committee of the Board of Directors of 23andMe Holding Co.* [Docket No. 43] (the "Lewis Rice Retention Application" and together with the Goodwin Retention Application, the "Retention Applications") seeking approval of Goodwin and Lewis Rice's retention as special counsel to the Special Committee.

9. On March 27, 2025, the Court entered the *Interim Order Authorizing the Retention and Employment of Goodwin Procter LLP as Special Counsel on Behalf of and at the Sole Discretion of the Special Committee of the Board of Directors Of 23andMe Holding Co., Effective*

3

as of the Petition Date [Docket No. 90] and the *Interim Order Authorizing the Retention and Employment of Lewis Rice LLC as Special Counsel on Behalf of and at the Sole Discretion of the Special Committee of the Board Of Directors Of 23andMe Holding Co., Effective as of the Petition Date* [Docket No. 89].

10. On April 23, 2025, the Court entered the *Final Order Authorizing the Retention and Employment of Goodwin Procter LLP as Special Counsel on Behalf of and at the Sole Discretion of the Special Committee of the Board of Directors of 23andMe Holding Co., Effective as of the Petition Date* [Docket No. 305] and the *Final Order Authorizing the Retention and Employment of Lewis Rice LLC as Special Counsel on Behalf of and at the Sole Discretion of the Special Committee of the Board of Directors of 23andMe Holding Co., Effective as of the Petition Date* [Docket No. 306].

11. On April 25, 2025, Goodwin filed the *Supplemental Declaration of Robert J. Lemons in Support of the Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Goodwin Procter LLP as Special Counsel on Behalf of and at the Sole Direction of the Special Committee of the Board Of Directors Of 23andMe Holding Co., Effective as of the Petition Date* (the "Supplemental Declaration") [Docket No. 319].

12. On May 28, 2025, the Court entered the *Order (I) Authorizing the Filing Under Seal of Confidential Information and (II) Granting Related Relief* [Docket No. 484] permitting the Debtors' professionals to file their Supplemental Declarations containing or related to Confidential Information under seal (the "Debtors' Sealing Order").

13. At the hearing conducted on June 3, 2025, the Court directed all professionals employed in this Bankruptcy Case to request to file any Supplemental Declarations regarding

4

Potential Bidders under seal pursuant to the Debtors' Sealing Order. *See* Recording of June 3, 2025 Hearing, 17:50-18:32 [Docket No. 600].

14.     On June 17, 2025, the Court entered the *Order (I) Authorizing the Filing Under Seal of Confidential Information and (II) Granting Related Relief* [Docket No. 788] permitting the Official Committee of Unsecured Creditors to file their supplemental declaration to their retention application under seal to the extent it includes Confidential Information.

## Basis for Relief

15.     The Special Committee seeks leave to file certain confidential information of Potential Bidders who have executed Confidentiality Agreements (the "Confidential Information") with the Debtors under seal. Specifically, the Special Committee is seeking relief to redact the names of those Potential Bidders from the Parties in Interest List and/or Disclosure Schedule attached to any supplemental declaration that may be filed according to each application for retention and employment of any of the Special Committee's professionals.

16.     The Bidding Procedures approved by the Bidding Procedures Order require the Debtors and any of their advisors and representatives to maintain in confidence any Confidential Information in accordance with the applicable Confidentiality Agreement with a Potential Bidder. The Confidentiality Agreements define Confidential Information to include the identity of Potential Bidders as parties to a possible transaction with the Debtors and the fact that any discussions or negotiations have taken place with respect to a possible transaction.

17.     Section 107(b) of the Bankruptcy Code provides courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –

5

> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b). In addition, section 105(a) of the Bankruptcy Code, which codifies the bankruptcy court's inherent equitable powers, empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

18. Bankruptcy Rule 9018, which sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal, states, in pertinent part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information. . . .

Fed. R. Bankr. P. 9018. *See also In re Farmland Indus., Inc.,* 290 B.R. 364, 369 (Bankr. W.D. Mo. 2003) (stating that Bankruptcy Rule 9018 authorizes the court to prohibit disclosures as "necessary to protect the bankruptcy estate").

### Notice

19. Notice of this motion will be provided to the following parties: (a) the Office of the United States Trustee for the Eastern District of Missouri; (b) counsel to the Debtors; (c) counsel to the Official Committee of Unsecured Creditors; (d) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (e) the law firms representing claimants who have filed or asserted claims arising out of the Cyber Security Incident as of the Petition Date; (f) counsel to the lender under the Debtors' postpetition financing facility; (g) the Ordinary Course Professionals; (h) the United States Attorney's Office for the Eastern District of Missouri; (i) the

Internal Revenue Service; (j) the Securities and Exchange Commission; (k) the Federal Trade Commission; (l) the state attorneys general in all 50 states; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). Notice of this motion and any order entered hereon will be served in accordance with Local Rule 9013-3(A)(1). The Special Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

20.     A copy of this motion is available on (a) PACER at https://pacer.uscourts.gov/ and (b) the website maintained by the Debtors' claims and noticing agent, Kroll Restructuring Administration LLC, at https://restructuring.ra.kroll.com/23andMe.

WHEREFORE, the Special Committee respectfully requests that the Court enter the Proposed Order and grant such other relief as the Court deems appropriate under the circumstances.

Dated: June 24, 2025

Respectfully submitted,

**LEWIS RICE LLP**

By: <u>*/s/ Larry E. Parres*</u>
Larry E. Parres, # 35597MO
600 Washington Avenue, Ste 2500
St. Louis, Missouri 63101
Telephone: (314) 444-7660
Facsimile: (314) 612-7660
Email: lparres@lewisrice.com


-and-

**GOODWIN PROCTER LLP**

Robert J. Lemons (*pro hac vice*)
Debora A. Hoehne (*pro hac vice*)
Katherine M. Lynn (*pro hac vice*)
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8925
Facsimile: (212) 355-3333
Email: rlemons@goodwinlaw.com
          dhoehne@goodwinlaw.com
          klynn@goodwinlaw.com

*Co-Counsel to the Special Committee of the Board of Directors of 23andMe Holding, Co.*