Hector Gutierrez
1015 Rosewood Ave
Inglewood CA. 90301
424-200-1504
heg254@aol.com

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF MISSOURI

ST. LOUIS DIVISION

| | |
|---|---|
| HECTOR GUTIERREZ,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>23ANDME, INC.; ANNE WOJCICKI; TTAM RESEARCH INSTITUTE; AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>　　　　Defendant | Case No.: 25-40976 Debtor.<br><br>COMPLAINT FOR DETERMINATION OF NON-DISCHARGEABILITY, FRAUD, CONSTITUTIONAL VIOLATIONS, AND RELIEF FROM STAY |

Plaintiff Hector Gutierrez alleges as follows:

I.　　JURISDICTION AND VENUE

COMPLAINT FOR DETERMINATION OF NON-DISCHARGEABILITY, FRAUD, CONSTITUTIONAL VIOLATIONS, AND RELIEF FROM STAY - 1

1. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (O).

3. Venue is proper pursuant to 28 U.S.C. § 1409(a).

4. This matter arises in connection with 23andMe's Chapter 11 proceeding in Case No. 25-40976.

5. Plaintiff seeks relief from the automatic stay pursuant to 11 U.S.C. § 362(d).

## II.    PARTIES

6. Plaintiff Hector Gutierrez is an individual residing in Inglewood, California.

7. Plaintiff submitted his genetic material and health information to 23andMe based on its representations of privacy and control.

8. Defendant 23andMe, Inc. is a Delaware corporation and debtor in this bankruptcy.

9. Defendant TTAM Research Institute is a third-party entity acquiring assets of 23andMe, including genetic data.

10. DOES 1-50 are unknown parties involved in the breach, monetization, or concealment of Plaintiff's genetic data.

COMPLAINT FOR DETERMINATION OF NON-DISCHARGEABILITY, FRAUD, CONSTITUTIONAL VIOLATIONS, AND RELIEF FROM STAY - 2

### III.  FACTUAL ALLEGATIONS

11. Plaintiff entrusted 23andMe with sensitive genetic data and was assured of confidentiality.

12. In 2023, a breach occurred compromising his genetic and health data.

13. 23andMe failed to notify Plaintiff timely or identify the perpetrators.

14. Defendants have made no effort to retrieve stolen data or mitigate harm.

15. Plaintiff believes Defendants negligently or intentionally allowed unauthorized access.

16. 23andMe filed bankruptcy while moving customer data to TTAM without disclosing the breach.

17. The Chapter 11 filing aims to cut off victims' rights, including Plaintiff's, through judicial shielding.

18. Plaintiff alleges Defendants used arbitration clauses and fine-print language to mislead users and courts.

19. Defendants engaged in fraudulent inducement and concealment.

20. Their conduct amounts to wire fraud under 18 U.S.C. § 1343.

21. The use of bankruptcy to immunize liability constitutes fraud upon the court.

22. Plaintiff suffered emotional, reputational, and dignitary harm as a result.

COMPLAINT FOR DETERMINATION OF NON-DISCHARGEABILITY, FRAUD, CONSTITUTIONAL VIOLATIONS, AND RELIEF FROM STAY - 3

23. Plaintiff does not know where his genetic identity is now stored or being used.

## IV.  CLAIMS TO BE ASSERTED IN FEDERAL COURT

24. Violation of Constitutional Rights (1st, 4th, 5th, 14th Amendments)

25. Violation of 42 U.S.C. § 1983

26. Fraudulent Inducement

27. Constructive Fraud

28. Gross Negligence

29. Negligence

30. Intentional Misconduct

31. Wire Fraud (18 U.S.C. § 1343)

32. Conversion

33. Invasion of Privacy

34. Violation of California Constitution, Art. I, Sec. 1

35. Violation of GIPA (Genetic Information Privacy Act)

36. Violation of GINA (Genetic Information Nondiscrimination Act)

37. Civil Conspiracy

COMPLAINT FOR DETERMINATION OF NON-DISCHARGEABILITY, FRAUD, CONSTITUTIONAL VIOLATIONS, AND RELIEF FROM STAY - 4

38. Intentional Infliction of Emotional Distress

39. Declaratory Judgment

40. Permanent Injunction

## V. CONSTITUTIONAL OBJECTION TO DISCHARGE

41. Plaintiff objects to any discharge, limitation, extinguishment, or preemption of his rights and claims against 23andMe under the current or proposed bankruptcy plan, on the grounds that such discharge would violate Plaintiff's constitutional rights to petition the government for redress, to access the courts, and to pursue unwaivable tort and privacy-based causes of action individually grounded in the U.S. Constitution.

42. Discharge or extinguishment of these claims constitutes a de facto deprivation of constitutional rights without due process, in violation of the Fifth and Fourteenth Amendments, including the right to bodily autonomy and informational privacy.

COMPLAINT FOR DETERMINATION OF NON-DISCHARGEABILITY, FRAUD, CONSTITUTIONAL VIOLATIONS, AND RELIEF FROM STAY - 5

43. Plaintiff specifically challenges any use of the bankruptcy process to obstruct or eliminate claims rooted in violations of the First, Fourth, and Fourteenth Amendments, as well as 42 U.S.C. § 1983.

### VI. APPLICATION OF TRUMP v. CASA (2025)

44. Pursuant to *Trump v. CASA, Inc.* (U.S. 2025), the Supreme Court clarified that courts may no longer issue broad systemic injunctions or classwide remedies unless a plaintiff establishes individualized harm and standing.

45. Plaintiff satisfies the Trump v. CASA threshold for individual constitutional standing. He alleges personal, data-linked, reputational, and psychological injury caused by 23andMe's breach, concealment, and fraudulent use of his genetic data.

46. Under Trump v. CASA, the federal courts may still provide individualized injunctive and declaratory relief where a plaintiff alleges personalized constitutional violations, which Plaintiff does here.

COMPLAINT FOR DETERMINATION OF NON-DISCHARGEABILITY, FRAUD, CONSTITUTIONAL VIOLATIONS, AND RELIEF FROM STAY - 6

47. Therefore, this Court may not discharge or deny adjudication of Plaintiff's constitutional claims under the fiction of class action waiver, arbitration preemption, or global bankruptcy reorganization.

## VII.  REQUEST FOR RELIEF FROM STAY UNDER 11 U.S.C. § 362(d)

48. Plaintiff seeks relief from the automatic stay to pursue claims in the U.S. District Court, Northern District of California.

49. Cause exists due to:  a. Constitutional violations and civil rights claims; b. Post-petition, non-core conduct by non-debtor parties; c. Fraudulent concealment and tortious acts; d. No prejudice to estate administration; e. No alternative remedy under reorganization plan.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

COMPLAINT FOR DETERMINATION OF NON-DISCHARGEABILITY, FRAUD, CONSTITUTIONAL VIOLATIONS, AND RELIEF FROM STAY - 7

Case 25-40976   Doc 1016   Filed 07/17/25   Entered 07/17/25 13:56:52   Main Document
Pg 8 of 8

1. GRANT relief from the stay under 11 U.S.C. § 362(d);

2. DECLARE that Plaintiff's claims are not dischargeable;

3. AUTHORIZE Plaintiff to prosecute said claims in U.S. District Court;

4. DECLARE that Defendants engaged in actionable misconduct, including fraud, conversion, negligence, and constitutional violations;

5. GRANT any other relief deemed just and proper.

Dated: July 16, 2025

Respectfully submitted,

Hector Gutierrez
Pro Se Plaintiff
1015 Rosewood Ave
Inglewood CA. 90301
424-200-1504
heg254@aol.com

COMPLAINT FOR DETERMINATION OF NON-DISCHARGEABILITY, FRAUD, CONSTITUTIONAL VIOLATIONS, AND RELIEF FROM STAY - 8