**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |
|---|---|
| In re:<br><br>CHROME HOLDING CO. (f/k/a 23ANDME HOLDING CO.), *et al.*,[1]<br><br>Debtors. | Case No. 25-40976-357<br>Chapter 11<br><br>(Jointly Administered)<br><br><br>Related Docs. 1418 & 1531 |

**ORDER SUSTAINING THE DEBTORS' FIRST OMNIBUS OBJECTION**
**TO CERTAIN POTENTIALLY FRAUDULENT PROOFS OF CLAIM**

Upon the objection (the "Objection")[2] of the Debtors and the request for entry of an order (this "Order") sustaining the Debtors' first omnibus objection to certain potentially fraudulent proofs of claim, all as more fully set forth in the Objection; and upon consideration of the Steele Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Objection is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Objection and opportunity for a hearing, if any, on the Objection were appropriate and no other notice need be

---

[1] The Debtors in each of these cases, along with the last four digits of each Debtor's federal tax identification number, are: Chrome Holding Co. (0344), ChromeCo, Inc. (7371), Chrome Pharmacy Holdings, Inc. (4690), Lemonaid Community Pharmacy, Inc. (7330), Lemonaid Health, Inc. (6739), Lemonaid Pharmacy Holdings Inc. (6500), LPharm CS LLC (1125), LPharm INS LLC (9800), LPharm RX LLC (7746), LPRXOne LLC (3447), LPRXThree LLC (3852), and LPRXTwo LLC (1595).  The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

provided; and this Court having reviewed the Objection and having heard the statements in support

of the relief requested therein at a hearing, before this Court; and this Court having determined that

the legal and factual bases set forth in the Objection and at the hearing, establish just cause for the

relief granted herein; and upon all of the proceedings had before this Court; and after due

deliberation; and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Objection (Doc. 1418, as amended by Doc. 1531) is SUSTAINED. Pursuant to

section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each Potentially Fraudulent Claim

identified on **Exhibit A** to the Objection, as revised in the Second Notice of Filing Revised Exhibit

A to Debtors' First Omnibus Claims Objection, is disallowed.

2.      Kroll Restructuring Administration LLC is authorized and directed to update the

claims register maintained in these chapter 11 cases to reflect the relief granted in this Order.

3.      This Order is without prejudice to the Debtors' rights to object to any other claims in

these chapter 11 cases or to further object to the Potentially Fraudulent Claims listed on **Exhibit A**

to the Objection (to the extent they are not disallowed pursuant to this Order) on any grounds

whatsoever, at a later date.

4.      The Objection, as it pertains to each Potentially Fraudulent Claim, constitutes a

separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a

separate order with respect to each Potentially Fraudulent Claim.

5.      Notwithstanding the relief granted herein and any actions taken pursuant to such

relief, nothing in this Order shall be deemed:  (a) an admission as to the amount of, basis for,

or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable

non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any

claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or

admission that any particular claim is of a type specified or defined in the Objection, or any order

granting the relief requested by the Objection, or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (h) a waiver of the obligation of any party in interest to file a proof of claim; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Objection are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

6.      Notice of the Objection as provided therein is hereby deemed good and sufficient notice of such Objection, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

8.      This Court retains exclusive jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.

9.      No later than two business days after the date of this Order, the Debtors shall serve on the Notice Parties a copy of the Order and shall file a certificate of service no later than 24 hours after service.

Dated:  November 13, 2025
St. Louis, Missouri
cjs

_____
Brian C. Walsh
United States Bankruptcy Judge

**Order Prepared By:**

**Carmody MacDonald P.C.**
Thomas H. Riske #61838MO
Nathan R. Wallace #74890MO
Jackson J. Gilkey #73716MO
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
Telephone:      (314) 854-8600
Facsimile:      (314) 854-8660
Email:

     thr@carmodymacdonald.com
     nrw@carmodymacdonald.com
     jjg@carmodymacdonald.com


- and -


**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
Paul M. Basta (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Jessica I. Choi (admitted *pro hac vice*)
Grace C. Hotz (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone:      (212) 373-3000
Facsimile:      (212) 757-3990
Email:      pbasta@paulweiss.com
     chopkins@paulweiss.com
     jchoi@paulweiss.com
     ghotz@paulweiss.com

*Counsel to the Debtors and Debtors in
Possession*