**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>CHROME HOLDING CO. (f/k/a 23ANDME HOLDING CO.), *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 25-40976-357<br><br>(Jointly Administered)<br><br>**Hearing Date:  December 3, 2025**<br>**Hearing Time:  1:30 p.m. (prevailing Central Time)**<br>**Hearing Location:  Courtroom 5 North** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) SCHEDULING AN EXPEDITED HEARING ON THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING THE CYBER INSURER SETTLEMENT AND POLICY BUYBACK AGREEMENT UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND (B) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (the "Motion"):

**Relief Requested**

1. The Debtors seek the entry of an order scheduling an expedited hearing on December 3, 2025 at 1:30 p.m. (prevailing Central Time) of the *Debtors' Motion for Entry of an Order (I) Authorizing and Approving the Cyber Insurer Settlement and Policy Buyback Agreement*

---

[1] The Debtors in each of these cases, along with the last four digits of each Debtor's federal tax identification number, are: Chrome Holding Co. (0344), ChromeCo, Inc. (7371), Chrome Pharmacy Holdings, Inc. (4690), Lemonaid Community Pharmacy, Inc. (7330), Lemonaid Health, Inc. (6739), Lemonaid Pharmacy Holdings Inc. (6500), LPharm CS LLC (1125), LPharm INS LLC (9800), LPharm RX LLC (7746), LPRXOne LLC (3447), LPRXThree LLC (3852), and LPRXTwo LLC (1595).  The Debtors' service address for purposes of these chapter 11 cases is: 870 Market Street, Room 415, San Francisco, CA 94102.

*Under Rule 9019 of the Federal Rules of Bankruptcy Procedure and (II) Granting Related Relief* (the "Settlement Motion"),[2] filed contemporaneously herewith.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Eastern District of Missouri (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and rule 9.01(B) of the Local Rules of the United States District Court for the Eastern District of Missouri. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors consent to a final order with respect to this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-2(A) of the Local Rules of the United States District Court for the Eastern District of Missouri (the "Local Rules").

### Background

5. Certain cyber and technology liability and excess liability policies (the "Policies") were issued by, or novated to or assumed by, the Cyber Insurers to Chrome Holding Co. (formerly known as 23andMe Holding Co.) and its subsidiaries. The Policies provide coverage during the May 1, 2023 through May 1, 2024 time frame (the "Policy Period").

6. The Policies contemplate an aggregate limit of liability of $25 million on account of certain cyber and technology related events, including but not limited to, cyber extortion losses

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Settlement Motion.

2

incurred as a result of a cyber extortion event (*i.e.*, any threat directed to steal, disseminate, compromise or use data as a result of unauthorized access or use of the Chrome Releasing Parties' computer system) that is first discovered during the Policy Period and expenses for claims and damages that the Chrome Releasing Parties become legally obligated to pay as a result of a claim for actual or alleged network security and privacy insured events, and breach event management costs, including attorneys' fees, directly incurred as a result of an actual or suspected privacy breach or security breach first discovered during the Policy Period.

7. The Policies are "wasting" or "eroding" policies. Accordingly, the total coverage available under the Policies is reduced on a dollar-for-dollar basis on account of, among other things, defense costs (including attorneys' fees) incurred in connection with lawsuits or claims arising from or related to events covered by the Policies.

8. On June 30, 2023, certain plaintiffs the ("Pixel Plaintiffs"), on behalf of putative class members who visited the website (the "Website") of Debtor Lemonaid Health, Inc. and non-Debtor LMND Medical Group, Inc. A Professional Corporation (California) between June 30, 2019 and July 14, 2025 (the "Pixel Putative Class Members"), commenced the currently pending action titled *A.J., et al.* v. *Lemonaid Health Inc. and LMND Medical Group, Inc. d/b/a Lemonaid Health*, No. 3:23-cv-03288 in the United States District Court for the Northern District of California (the "Pixel Action"). Pursuant to the Pixel Action, the Pixel Plaintiffs are alleging damages and seeking injunctive relief from the Pixel Defendants related to the Pixel Defendants' use of certain "pixels" or tracking technologies on the Website.

9. In October 2023, the Debtors identified and disclosed an incident (the "Cyber Security Incident") whereby a threat actor was able to access a small percentage (0.1%) of user accounts in instances where usernames and passwords that were used on the Debtors' website were

3

the same as those used on other websites that had been previously compromised or were otherwise available (the "Credential Stuffed Accounts").  The information accessed by the threat actor in the Credential Stuffed Accounts varied by user account, and generally included ancestry information, and, for a subset of those accounts, health-related information based upon the user's genetics. Using this access to the Credential Stuffed Accounts, the threat actor accessed files containing information that other users consented to share when opting in to either 23andMe's DNA Relatives, Family Tree or Connections features.[3]  The Debtors determined that as a result of the Cyber Security Incident, the threat actor accessed, without authorization, personal information relating to approximately seven million 23andMe customers worldwide.

10. Following the Debtors' announcement of the Cyber Security Incident, over 40 putative class action lawsuits were filed in the U.S. and Canada against ChromeCo, Inc. and Chrome Holding Co. asserting claims for various common law torts and various statutory claims. In the U.S., the putative class action lawsuits were consolidated and centralized before the Honorable Edward M. Chen of the Norther District of California (the "MDL Proceeding"). In Canada, there are two class action proceedings pending in the Supreme Court of British Columbia (the "BC Class Actions") and a class action proceeding pending in the Ontario Superior Court (the "Ontario Action," and together with the BC Class Actions, the "Canadian Proceedings").

11. Moreover, more than 32,000 claimants in the U.S. represented by three law firms—Labaton Keller Sucharow LLP ("Labaton"), Levi & Korsinsky LLP ("Levi"), and Milberg

---

[3] 23andMe's "DNA Relatives" feature allows customers to find and connect with their genetic relatives, while the "Family Tree" feature automatically predicts a family tree based on the DNA shared by a customer with its relatives in 23andMe.  23andMe's "Connections" feature allows users to share information with another 23andMe user. Connections are established based on mutual agreement of the users—one user sends a Connection invitation and the other user accepts it to initiate the sharing of data between the users.

Coleman Bryson Phillips Grossman PLLC ("Milberg")—asserted or threatened arbitration claims against the Debtors arising from the Cyber Security Incident.

12. To date, Various Underwriters have approved payments of approximately $8,475,064.87 of defense costs incurred in connection with the MDL Proceeding, Canadian Proceedings and the U.S. Data Breach Arbitration Claims. As of the date hereof, approximately $16,524,935.13 in cyber insurance limits remain available under the Policies.

13. During the pendency of the chapter 11 cases, the Debtors executed settlement agreements with (a) the settlement class representatives in the MDL Proceeding (the "U.S. Data Breach Class Settlement Agreement"), (b) the Canadian plaintiffs in the BC Actions (the "Canadian Data Breach Class Settlement Agreement"), (c) the plaintiffs in the Pixel Action (the "Pixel Class Settlement Agreement" and together with the U.S. Data Breach Class Settlement Agreement and Canadian Data Breach Class Settlement Agreement, the "Class Settlement Agreements"), and subsequently filed motions seeking preliminarily approval of the Settlement Agreements.

14. On October 2, 2025, the Court entered orders preliminarily approving the Class Settlement Agreements. *See Order (I) Preliminarily Approving the Canadian Data Breach Settlement Agreement Between the Debtors and the Canadian Plaintiffs; (II) Preliminarily Certifying a Class for Settlement Purposes Only; (III) Approving the Form and Manner of Notice to Class Members of the Class Certification and Settlement; (IV) Scheduling a Fairness Hearing to Consider Final Approval of the Pixel Settlement Agreement; and (V) Granting Related Relief* [Docket No. 1449]; (b) *Order (I) Preliminarily Approving the U.S. Data Breach Settlement Agreement Between the Debtors and the Settlement Class Representatives; (II) Preliminarily Certifying a Class for Settlement Purposes Only; (III) Approving the Form and Manner of Notice*

5

*to Class Members of the Class Certification and Settlement; (IV) Scheduling a Fairness Hearing to Consider Final Approval of the Pixel Settlement Agreement and (V) Granting Related Relief* [Docket No. 1450]; and (c) *Order (I) Preliminarily Approving the Pixel Class Settlement Agreement Between the Debtors and the Pixel Plaintiffs; (II) Preliminarily Certifying a Class for Settlement Purposes Only; (III) Approving the Form and Manner of Notice to Class Members of the Class Certification and Settlement; (IV) Scheduling a Fairness Hearing to Consider Final Approval of the Pixel Settlement Agreement; and (V) Granting Related Relief* [Docket No. 1451].

15. On November 17, the Debtors and certain claimants represented by Labaton, Levi, Milberg and Tycko & Zavareei LLP ("Tycko," and together with Labaton, Levi and Milberg, the "U.S. Data Breach Arbitration Settlement Counsel") executed a settlement agreement (the "U.S. Data Breach Arbitration Agreement") to resolve approximately 32,000 arbitration claims arising from the Cyber Security Incident. On November 25, 2025, the Court entered the *Order (I) Authorizing and Approving the U.S. Data Breach Arbitration Settlement Agreement Under Rule 9019 of the Federal Rules of Bankruptcy Procedure and (II) Granting Related Relief* [Docket No. 1638].

16. The Debtors engaged in post-petition discussions with the Cyber Insurers regarding the disposition of the Policies in these chapter 11 cases. Those discussions resulted in an agreement between the Debtors and the Cyber Insurers pursuant to which the Cyber Insurers would "buy back" the Policies for a purchase price equal to the remaining coverage limits. Subject to this Court's approval, the Settlement will allow the Debtors to receive the remaining proceeds of the Policies for distribution and allocation in accordance with the terms of the Settlement and the Plan without any further involvement from the Cyber Insurers. The Debtors believe that the Settlement is in the best interests of the estates by securing the remaining pecuniary value of the

Policies for the benefit of the applicable stakeholders and expediting distribution of those proceeds in accordance with the Plan.

### Basis for Relief

17. Section 105(a) of the Bankruptcy Code authorizes this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Further, Bankruptcy Rule 9006(c) provides that the Court, for cause shown, may in its discretion reduce the notice period normally required for motions. Lastly, Local Rule 9013-2(A) allows a hearing to be scheduled on an expedited basis "by written motion, setting forth the reason the matter should be considered on an expedited or emergency basis."

18. As further detailed in the Settlement Motion, the Debtors seek an order approving and authorizing the Chrome Releasing Parties to enter into and perform under the Settlement with the Insurers, on the terms and conditions set forth in the Settlement Agreement, and granting related relief.

19. The Debtors seek an expedited hearing date on the Settlement Motion so that the Parties can obtain approval of the Settlement Agreement, which the Debtors believe must occur as quickly as possible. The Debtors' key stakeholders—including the Committees—are familiar with the terms of the Settlement Agreement, have been provided with sufficient time to review the Settlement Agreement's terms and are in support of the Settlement. Approval of the Settlement Agreement will trigger payment to the Debtors or the Plan Administration Trust, as applicable, which in turn will make funds available to pay creditors whose claims are covered by the Policies. Expedited approval of the Settlement Agreement will reduce any delay in securing and bringing into the estate the value remaining under the Policies for the benefit of the Debtors' stakeholders.

For these reasons, the Debtors submit that the Settlement Motion should be heard on an expedited basis at the hearing currently scheduled to take place on December 3, 2025.

## Notice

20. The Debtors will provide notice of this Motion to the following parties: (a) the U.S. Trustee; (b) counsel to the Creditors' Committee; (c) counsel to the Official Equity Committee; (d) U.S. Data Breach Class Counsel (as defined in the Settlement Agreement); (e) Canadian Data Breach Class Counsel (as defined in the Settlement Agreement); (f) Pixel Class Counsel (as defined in the Settlement Agreement); (g) the law firms representing claimants who have filed or asserted claims arising out of the Cyber Security Incident as of the Petition Date; (h) claimants who timely filed proofs of claim on account of their Claims arising from the Cyber Security Incident or related to the Pixel Action; (i) the United States Attorney's Office for the Eastern District of Missouri; (j) the Internal Revenue Service; (k) the state attorneys general in all 50 states; (l) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (m) any other person designated by the Court as requiring notice (collectively, the "Notice Parties"). Notice of this motion and any order entered hereon will be served in accordance with Local Rule 9013-3(E)(1). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

21. A copy of this motion is available on (a) PACER at https://pacer.uscourts.gov/ and (b) the website maintained by the Debtors' claims and noticing agent, Kroll Restructuring Administration LLC, at https://restructuring.ra.kroll.com/23andMe.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter an order scheduling an expedited hearing for December 3, 2025 at 1:30 p.m. (prevailing Central Time) and grant such other relief as the Court deems appropriate under the circumstances.

Dated: December 1, 2025
St. Louis, Missouri

Respectfully submitted,

**Carmody MacDonald P.C.**
*/s/ Thomas H. Riske*
Thomas H. Riske #61838MO
Nathan R. Wallace #74890MO
Jackson J. Gilkey #73716MO
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
Telephone:   (314) 854-8600
Facsimile:   (314) 854-8660
Email:       thr@carmodymacdonald.com
             nrw@carmodymacdonald.com
             jjg@carmodymacdonald.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Paul M. Basta (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Jessica I. Choi (admitted *pro hac vice*)
Grace C. Hotz (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone:   (212) 373-3000
Facsimile:   (212) 757-3990
Email: pbasta@paulweiss.com
       chopkins@paulweiss.com
       jchoi@paulweiss.com
       ghotz@paulweiss.com

*Counsel to the Debtors and Debtors in Possession*