**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **In re:** | **Case No. 25-40976-357** |
| **CHROME HOLDING CO. (f/k/a 23ANDME HOLDING CO.),** | **Chapter 11** |
| **Wind-Down Debtor.** | **Related to Doc. 2212** |

## ORDER REGARDING ADDITIONAL BRIEFING

The Court held a hearing on The Plan Administration Trust's Emergency Motion to Enforce the Plan and the Confirmation Order Against the State of California (Doc. 2212), among other issues, on Monday, June 8, 2026, and took the matter under advisement.

One of the Trust's principal arguments at the hearing was centered on an injunction contained in Article VIII.E of the Modified Fifth Amended Joint Plan of Chrome Holding Co. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Doc. 1655). In relevant part, that injunction reads as follows:

> In addition, as of the Effective Date and subject to the occurrence of the Effective Date, except as otherwise specifically provided in this Plan or the Confirmation Order, all Persons and Entities who have held, hold, or may hold Claims or Interests that are fully satisfied pursuant to the Plan … shall be precluded and permanently enjoined on and after the Effective Date from enforcing, pursuing, or seeking any setoff or relief with respect to such Claims or Interests, except for the receipt of the payments or Distributions that are contemplated by the Plan.

> For the avoidance of doubt, the foregoing relief may include (but is not limited to):

> (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; …

Although the Trust referred to Article VIII.E in its Motion, it did not quote the injunction or explain its application to the facts and circumstances of this case until oral argument on June 8.

In California's written response, it addressed the automatic stay, which is referenced at the beginning of Article VIII.E, and the so-called "gatekeeper" provision, which appears at the end of Article VIII.E, but not the injunction that comprises the middle of the Article.

From the slides presented at the hearing, I understand the Trust's position on the injunction. But I do not have the benefit of California's views on the application or enforceability of the injunction, and I believe it is appropriate to permit the State an opportunity to present them.

IT IS THEREFORE ORDERED AS FOLLOWS:

1.     California may file and serve a supplemental brief addressing the injunctive language quoted above no later than **June 22, 2026**.

2.     If the parties wish to address other issues in supplemental briefing, they should meet and confer about the scope and schedule of any briefs, as well as any extensions that may be appropriate in the state-court litigation, and inform the assigned Courtroom Deputy of their agreement.

Dated:  June 12, 2026
St. Louis, Missouri
cjs

Brian C. Walsh
United States Bankruptcy Judge

Serve:

**Thomas H Riske**
Carmody MacDonald P.C.
120 South Central Ave., Ste. 1800
St. Louis, MO 63105

**Christopher Hopkins**
1285 Avenue of the Americas
New York, NY 10019

**Bernard Ardavan Eskandari**
California Department of Justice
300 South Spring Street
Suite 1702
Los Angeles, CA 90013

**Daniel M Nadal**
Office of The Attorney General
600 W Broadway, Suite 1800
San Diego, CA 92101